JACQUES A. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>    Defendants. | CIVIL CASE NO. 03-00036<br><br>**MOTION FOR ORDER GRANTING HSBC ADDITIONAL TIME TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |

TO: PLAINTIFFS, and their attorneys, Arriola Cowan & Arriola

You are hereby advised that as soon as the matter can be heard at the District Court of Guam, 520 W. Soledad Avenue, 4th Floor, Hagåtña, Guam 96910, Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") will move the Court for an Order granting HSBC additional time within which to answer or otherwise respond to the Complaint filed herein, as more fully explained in the Memorandum attached hereto.

The motion will be based upon this Motion, the Memorandum of Points and

**ORIGINAL**

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Motion for Order Granting HSBC Additional Time to Respond to Complaint; Memorandum of Points and Authorities
Page 2 of 4 pages

Authorities provided below, the papers, records, and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of the Motion.

Dated this 6th day of November, 2003.

>LAW OFFICES OF BRONZE & TANG, P.C.
>Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.
>
>By: _____
>JACQUES A. BRONZE

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 21, 2003, Plaintiffs filed their Complaint for Damages ("Complaint") herein and attempted service of the Complaint and the Summons upon HSBC on the same date. *Declaration of Jacques A. Bronze* ("Bronze Decl."), *attached hereto as Exhibit "A" and incorporated herein by this reference.* The Complaint alleges a banking relationship between the Plaintiffs and HSBC for 25 years wherein HSBC has received deposits from Plaintiffs of $100 million and Plaintiffs have owed HSBC, at one time, total obligations of $12 million. *Complaint at* ¶ 5. Plaintiffs allege obligations they owe to HSBC, as of September 27, 2002, in the amount of $6,821,494.56. *Id. at* ¶ 6.

The Complaint alleges numerous pieces of correspondence and meetings between Plaintiffs and HSBC wherein obligations owed HSBC were discussed including, but not limited to, default, foreclosure, discounts, loan workouts, listing of mortgaged properties for sale, refinancing, and sale of Plaintiffs' loan obligations to a third party. *Id. at* ¶¶ 7

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Motion for Order Granting HSBC Additional Time to Respond to Complaint; Memorandum of Points and Authorities
Page 3 of 4 pages

*thru 24*. The Complaint asserts causes of action against HSBC for breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, breach of contract regarding a promissory note modification, breach of contract regarding an alleged workout agreement, breach of fiduciary duty, and breach of "banking and confidentiality laws". *Id.*, *First thru Sixth Causes of Action*. Without an extension, HSBC would be required to answer or otherwise respond to the Complaint by November 12, 2003. *Bronze Decl.*

The undersigned attorneys were retained by HSBC as of October 30, 2003, and immediately began review of the pleadings and attempts to locate the relevant underlying documentation. *Id.* Counsel has learned that HSBC is in the process of winding down its operations in Guam. *Id.* Further, Plaintiffs' loan obligations were sold to an unrelated third party, Paradise Marine Corporation ("PMC"), on August 11, 2003, and most, if not all, of the remaining documents related to the subject loans and indebtedness were delivered to PMC at the closing of the sale of the loans and notes. *Id.* Accordingly, HSBC and its counsel are not presently in a position to be able to respond to the Complaint. *Id.*

Based upon the above, HSBC and its counsel have not had adequate time to locate, review and study the relevant documentation nor to meet and confer regarding the allegations and claims being asserted by Plaintiffs in the Complaint. *Id.* Further, counsel for HSBC needs more time to research the claims made by Plaintiffs in order to

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Motion for Order Granting HSBC Additional Time to Respond to Complaint; Memorandum of Points and Authorities
Page 4 of 4 pages

prepare an answer or other responsive pleading to the Complaint. *Id*.

On November 3, 2003, co-counsel for HSBC telephoned Plaintiffs' counsel, Joaquin C. Arriola, to request an additional 30 days within which to answer or otherwise respond to the Complaint and to respond to the discovery requests. *Id*. Plaintiffs' counsel responded that he would not consider stipulating to any extension unless HSBC were able to convince PMC to grant certain accommodations to Plaintiffs concerning repayment of the loans sold to PMC. *Id*. HSBC's counsel advised counsel for the Plaintiffs that HSBC would not be in any position to gain favor for Plaintiffs with PMC since the subject loans had long since been sold and this position was confirmed in correspondence to counsel. *Id*.

Since Plaintiffs refuse to grant a reasonable extension to HSBC to answer or otherwise respond to the Complaint, HSBC has no other alternative than to turn to the Court for relief. Accordingly, HSBC moves this Court to issue its Order granting HSBC an additional 30 days within which to answer or otherwise respond to the Complaint.

Dated this 6th day of November, 2003.

          LAW OFFICES OF BRONZE & TANG, P.C.
          Attorneys for Defendant The Hongkong and
          Shanghai Banking Corporation Ltd.

By: _____
      JACQUES A. BRONZE

RAP/nsh

JACQUES A. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>                Plaintiffs,<br><br>    v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br>                Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF JACQUES A. BRONZE** |

I, JACQUES A. BRONZE, do hereby declare as follows:

1. I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

2. I am admitted to practice before this Court and am counsel responsible for the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC").

3. On October 21, 2003, Plaintiffs filed their Complaint for Damages

**EXHIBIT** _A_

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze
Page 2 of 4 pages

("Complaint") herein and attempted service of the Complaint and the Summons upon HSBC on the same date. The Complaint alleges a banking relationship between the Plaintiffs and HSBC for 25 years wherein HSBC has received deposits from Plaintiffs of $100 million and Plaintiffs have owed HSBC, at one time, total obligations of $12 million. *Complaint at* ¶ 5. Plaintiffs allege obligations they owe to HSBC, as of September 27, 2002, in the amount of $6,821,494.56. *Id. at* ¶ 6.

4. The Complaint alleges numerous pieces of correspondence and meetings between Plaintiffs and HSBC wherein obligations owed HSBC were discussed including, but not limited to, default, foreclosure, discounts, loan workouts, listing of mortgaged properties for sale, refinancing, and sale of Plaintiffs' loan obligations to a third party. *Id. at* ¶¶ *7 thru 24*. The Complaint asserts causes of action against HSBC for breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, breach of contract regarding a promissory note modification, breach of contract regarding an alleged workout agreement, breach of fiduciary duty, and breach of "banking and confidentiality laws". *Id., First thru Sixth Causes of Action*. Without an extension, HSBC would be required to answer or otherwise respond to the Complaint by November 12, 2003.

5. My office was retained by HSBC as of October 30, 2003, and immediately began review of the pleadings and attempts to locate the relevant underlying documentation. I have learned that HSBC is in the process of winding down its

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze
Page 3 of 4 pages

operations in Guam. Further, Plaintiffs' loan obligations were sold to an unrelated third party, Paradise Marine Corporation ("PMC"), on August 11, 2003, and most, if not all, of the documents related to the subject loans and indebtedness were delivered to PMC at the closing of the sale of the loans and notes. Accordingly, HSBC and its counsel are not presently in a position to be able to respond to the Complaint.

6. Based upon the above, HSBC and I have not had adequate time to locate, review and study the relevant documentation nor to meet and confer regarding the allegations and claims being asserted by Plaintiffs in the Complaint. Further, as counsel for HSBC, I need more time to research the claims made by Plaintiffs in order to prepare an answer or other responsive pleading to the Complaint.

7. On November 3, 2003, co-counsel for HSBC telephoned Plaintiffs' counsel, Joaquin C. Arriola, to request an additional 30 days within which to answer or otherwise respond to the Complaint and to respond to the discovery requests. Plaintiffs' counsel responded that he would not consider stipulating to any extension unless HSBC were able to convince PMC to grant certain accommodations to Plaintiffs concerning repayment of the loans sold to PMC. HSBC's co-counsel advised counsel for the Plaintiffs that HSBC would not be in any position to gain favor for Plaintiffs with PMC since the subject loans had long since been sold and this position was confirmed in correspondence to counsel.

8. Since Plaintiffs refuse to grant a reasonable extension to HSBC to answer

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze
Page 4 of 4 pages

or otherwise respond to the Complaint, HSBC has no other alternative than to turn to the Court for relief. Accordingly, HSBC moves this Court to issue its Order granting HSBC an additional 30 days within which to answer or otherwise respond to the Complaint.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this \_\_6\_\_ day of November, 2003.

_____
JACQUES A. BRONZE

RAP/nsh