JACQUES A. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>                Defendants. | CIVIL CASE NO. 03-00036<br><br>**ANSWER OF HSBC TO COMPLAINT FOR DAMAGES** |

COMES NOW Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") to answer to the Complaint for Damages filed herein on October 21, 2003 ("Complaint") by Plaintiffs, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, as follows:

    1.    Paragraph 1 of the Complaint is denied.

    2.    HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 2 of the Complaint related to Plaintiffs and, on that basis, denies each such allegation contained

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 2 of 18 pages

in such sentences. The remainder of paragraph 2 of the Complaint is denied, except it is admitted that HSBC is a foreign corporation licensed to do business in Guam.

3.  HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, on that basis, denies each allegation contained in such paragraph.

4.  HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 4 of the Complaint and, on that basis, denies each allegation contained therein. Each and every remaining allegation in paragraph 4 is denied, except it is admitted that HSBC has been in the business of providing limited banking services in Guam.

5.  HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, on that basis, denies each allegation contained in such paragraph.

6.  In response to paragraph 6 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

7.  HSBC admits the allegations contained in paragraph 7 of the Complaint.

8.  Each and every allegation contained in the first two sentences of

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 3 of 18 pages

paragraph 8 of the Complaint is denied, however, HSBC admits that its representatives met with one or more Plaintiffs in 2003. In response to the third sentence in paragraph 8 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

9. In response to paragraph 9 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

10. In response to paragraph 10 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

11. In response to paragraph 11 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

12. In response to paragraph 12 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 4 of 18 pages

part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

13. Each and every allegation contained in the first two sentences of paragraph 13 of the Complaint is denied. In response to the third sentence in paragraph 13 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such sentence is denied.

14. In response to paragraph 14 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

15. In response to paragraph 15 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

16. In response to the first sentence in paragraph 16 of the Complaint, the writing referred to in such sentence is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such sentence is denied. With regard to the second sentence of paragraph 16, HSBC is without sufficient information or

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 5 of 18 pages

knowledge to form a belief as to the truth of the allegations contained in such sentence and, on that basis, denies each allegation contained in such sentence.

17. HSBC admits the allegations contained in paragraph 17 of the Complaint.

18. In response to the first sentence in paragraph 18 of the Complaint, the writing referred to in such sentence is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such sentence is denied. Each and every remaining allegation contained in paragraph 18 of the Complaint is denied.

19. Each and every allegation contained in the first sentence of paragraph 19 of the Complaint is denied and HSBC specifically denies that the referenced letter from First Hawaiian Bank contained a commitment to Plaintiffs for a loan or financing. With regard to the second sentence of paragraph 19 of the Complaint, HSBC admits that sometime in early August, 2003, one of the Plaintiffs provided HSBC with a copy of the referenced letter from First Hawaiian Bank.

20. In response to paragraph 20 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

21. HSBC is without sufficient information or knowledge to form a belief as

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 6 of 18 pages

to the truth of the allegations contained in paragraph 21 of the Complaint and, on that basis, denies each allegation contained in such paragraph, except it is admitted that HSBC refused to provide Plaintiffs with a copy of the referenced note purchase agreement and refused to divulge the purchase price.

22. In response to paragraph 22 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

23. Each and every allegation contained in paragraph 23 of the Complaint is denied.

24. HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first five sentences of paragraph 24 of the Complaint and, on that basis, denies each allegation contained in such sentences. Each and every remaining allegation contained in paragraph 24 of the Complaint is denied.

25. In response to paragraph 25 of the Complaint, HSBC incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 24 of the Complaint.

26. Each and every allegation contained in paragraph 26 of the Complaint is denied.

27. In response to paragraph 27 of the Complaint, the writing referred to in

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 7 of 18 pages

such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

28. Each and every allegation contained in paragraph 28 of the Complaint is denied.

29. Each and every allegation contained in paragraph 29 of the Complaint is denied.

30. Each and every allegation contained in paragraph 30 of the Complaint is denied.

31. In response to paragraph 31 of the Complaint, HSBC incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 30 of the Complaint.

32. Each and every allegation contained in paragraph 32 of the Complaint is denied.

33. Each and every allegation contained in paragraph 33 of the Complaint is denied.

34. Each and every allegation contained in paragraph 34 of the Complaint is denied.

35. Each and every allegation contained in paragraph 35 of the Complaint is denied.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 8 of 18 pages

36. Each and every allegation contained in paragraph 36 of the Complaint is denied.

37. Each and every allegation contained in paragraph 37 of the Complaint is denied.

38. In response to paragraph 38 of the Complaint, HSBC incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 37 of the Complaint.

39. In response to paragraph 39 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

40. Each and every allegation contained in paragraph 40 of the Complaint is denied.

41. Each and every allegation contained in paragraph 41 of the Complaint is denied.

42. Each and every allegation contained in paragraph 42 of the Complaint is denied.

43. Each and every allegation contained in paragraph 43 of the Complaint is denied.

44. In response to paragraph 44 of the Complaint, HSBC incorporates herein

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 9 of 18 pages

by reference as if fully set forth herein its answers to paragraphs 1 through 43 of the Complaint.

45. Each and every allegation contained in paragraph 45 of the Complaint is denied.

46. Each and every allegation contained in paragraph 46 of the Complaint is denied.

47. Each and every allegation contained in paragraph 47 of the Complaint is denied.

48. In response to paragraph 48 of the Complaint, HSBC incorporates herein by reference as if fully set forth herein its answers to paragraphs 1 through 47 of the Complaint.

49. Each and every allegation contained in paragraph 49 of the Complaint is denied.

50. Each and every allegation contained in paragraph 50 of the Complaint, and each of its subparts, is denied.

51. Each and every allegation contained in paragraph 51 of the Complaint is denied.

52. Each and every allegation contained in paragraph 52 of the Complaint is denied.

53. In response to paragraph 53 of the Complaint, HSBC incorporates herein

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 10 of 18 pages

by reference as if fully set forth herein its answers to paragraphs 1 through 52 of the Complaint.

54. Each and every allegation contained the first two sentences of paragraph 54 of the Complaint is denied, except it is admitted that various Federal and territorial laws and regulations may be applicable to HSBC. With regard to the remaining allegations contained in paragraph 54, HSBC is without sufficient information or knowledge to form a belief as to the truth of such allegations and, on that basis, denies each remaining allegation contained in such paragraph.

55. In response to paragraph 55 of the Complaint, HSBC admits that Paradise Marine Corporation purchased the subject note(s) and indebtedness of Plaintiffs, however, with regard to the remaining allegations contained in paragraph 55, HSBC is without sufficient information or knowledge to form a belief as to the truth of such allegations and, on that basis, denies each remaining allegation contained in such paragraph.

56. HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, on that basis, denies each allegation contained in such paragraph.

57. Each and every allegation contained in paragraph 57 of the Complaint is denied.

58. Each and every allegation contained in Complaint not specifically admitted

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 11 of 18 pages

herein is denied.

## AFFIRMATIVE DEFENSES

59. By alleging the matters set forth below under this heading "Affirmative Defenses," HSBC does not thereby allege, admit, concede, or imply that HSBC has the burden of proof with respect to all or any part of any such matters.

### FIRST AFFIRMATIVE DEFENSE

60. The Complaint, and each purported cause of action therein, fails to state a cause of action against HSBC upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

61. Plaintiffs breached the subject agreements and are, therefore, barred from the relief requested in the Complaint including, but not limited to, attorneys fees.

### THIRD AFFIRMATIVE DEFENSE

62. HSBC has fully performed any and all duties and obligations required to be performed by it and has satisfied any and all conditions required to be satisfied by it pursuant to the terms of any and all agreements with Plaintiffs, except such duties, obligations, and conditions the performance or satisfaction of which was waived or excused by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

63. Plaintiffs are estopped by their conduct from claiming that HSBC is in any way at fault as alleged in the Complaint.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 12 of 18 pages

### FIFTH AFFIRMATIVE DEFENSE

64. If there has been any event entitling Plaintiffs to relief against HSBC as pleaded in the Complaint, which HSBC denies, Plaintiffs have, by reason of their conduct and/or by reason of the provisions of the alleged agreements between the parties, waived any claims against HSBC that they might otherwise have.

### SIXTH AFFIRMATIVE DEFENSE

65. Plaintiffs are barred from obtaining any relief as pleaded in the Complaint by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

66. The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against HSBC.

### EIGHTH AFFIRMATIVE DEFENSE

67. Plaintiffs are barred from obtaining any relief as pleaded in the Complaint because of Plaintiffs' failure to take reasonable, necessary, appropriate, and feasible steps to mitigate their damages, if any.

### NINTH AFFIRMATIVE DEFENSE

68. Plaintiffs are barred from obtaining any relief as pleaded in the Complaint because of the nonperformance by Plaintiffs of a condition or conditions precedent.

### TENTH AFFIRMATIVE DEFENSE

69. HSBC did not breach any of the terms and conditions of the alleged

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 13 of 18 pages

agreements as pleaded in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

70. No valid and enforceable "workout agreement" existed between Plaintiffs and HSBC, as pleaded in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

71. Plaintiffs are not entitled to any damages under the causes of action plead in the Complaint and, therefore, the Complaint must be dismissed in its entirety.

### THIRTEENTH AFFIRMATIVE DEFENSE

72. Plaintiffs are barred from obtaining any relief as pleaded in the Complaint because of the doctrine of preemption.

### FOURTEENTH AFFIRMATIVE DEFENSE

73. Any recovery by Plaintiffs by way of the Complaint does not satisfy the standard for recovery by Plaintiffs of attorneys fees and costs and the same must be denied.

### FIFTEENTH AFFIRMATIVE DEFENSE

74. Any alleged conduct of HSBC does not satisfy the standard for recovery by Plaintiffs of punitive or exemplary damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

75. All or part of any award of punitive or exemplary damages against HSBC would violate HSBC's rights under the Fourteenth Amendment to the United States

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 14 of 18 pages

Constitution and Section 5(u) of the Guam Organic Act, codified as amended at 48 U.S.C. § 1421b(u).

### SEVENTEENTH AFFIRMATIVE DEFENSE

76. If any injury or damage occurred as alleged in the Complaint, which HSBC denies, such injury or damage was caused or contributed to, in whole or in part, by the actions, omissions, or fault of Plaintiffs or parties other than HSBC.

### EIGHTEENTH AFFIRMATIVE DEFENSE

77. Plaintiffs have failed to state a claim for special damages, pursuant to Rule 9(g) of the Federal Rules of Civil Procedure, upon which relief can be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

78. Plaintiffs are barred from obtaining any relief on their causes of action in the Complaint for breach of contract because Plaintiffs have defaulted on their contractual obligations to HSBC.

### TWENTIETH AFFIRMATIVE DEFENSE

79. HSBC owed no fiduciary duty to Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

80. In its sale of Plaintiffs' note and indebtedness to Paradise Marine Corporation, HSBC did not breach or violate any banking or "confidentiality" laws.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

81. The note and indebtedness of Plaintiffs consisted of negotiable

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 15 of 18 pages

instruments which may be freely sold or traded.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

82. Plaintiffs are barred from obtaining any relief on their causes of action in the Complaint because Plaintiffs have breached and violated their implied duty of good faith and fair dealing in the performance of the alleged agreements.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

83. Plaintiffs' claims as alleged in the Complaint are barred, in whole or in part, by the doctrine of equitable estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

84. The damages allegedly suffered by Plaintiffs, if any, were not caused by any action or inaction on the part of HSBC.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

85. HSBC's actions with respect to Plaintiffs were at all times taken in the good faith exercise of HSBC's reasonable business judgment, were motivated by HSBC's asssessment of its own reasonable business interest, and were taken for valid business reasons.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

86. On or before the causes of action arose, as alleged in the Complaint, Plaintiffs were in default of the alleged agreements, were insolvent, or were failing to pay their debts as they became due.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 16 of 18 pages

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

87. Plaintiffs' alleged damages, if any, are the result, in whole or in part, of Plaintiffs' own negligence in the manner in which they conducted their business affairs with others who are not parties to this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

88. In the event HSBC is held liable to Plaintiffs for damages, which HSBC specifically denies, those such damages should be reduced by the amount attributable to Plaintiffs' comparative or relative fault.

### THIRTIETH AFFIRMATIVE DEFENSE

89. To the extent that HSBC, after a trial, is found to have breached any of its contractual obligations to the Plaintiffs, such breach is excused and/or justified by the Plaintiffs' prior material breaches of their contractual obligations to HSBC.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

90. Plaintiffs have sustained no legally cognizable damage by virtue of any matter alleged in the Complaint, and no damage alleged by Plaintiffs was proximately caused by any conduct of HSBC.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

91. HSBC is not liable to Plaintiffs for any breach of fiduciary duty because the transaction challenged by Plaintiffs as a breach of HSBC's alleged fiduciary duties was entirely fair to Plaintiffs.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 17 of 18 pages

### THIRTY-THIRD AFFIRMATIVE DEFENSE

92. HSBC made no material factual misrepresentation to Plaintiffs which Plaintiffs justifiably relied upon.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

93. Plaintiffs have waived any right to a jury trial they may have had and their demand for a jury trial must be stricken.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

94. HSBC is not liable to Plaintiffs for any alleged breach of fiduciary duty because HSBC's acts as alleged in the Complaint did not exercise undue influence and/or control over Plaintiffs nor did Plaintiffs justifiably place any special trust or confidence in HSBC by reason of the relationship between the parties.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

95. HSBC is not liable to Plaintiffs for any alleged breach of fiduciary duty because Plaintiffs had no right to rely upon HSBC to protect their interests.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

96. HSBC is not liable to Plaintiffs for any alleged breach of fiduciary duty because Plaintiffs' alleged reliance was neither known by HSBC nor should it have reasonably been known by HSBC.

WHEREFORE, HSBC prays as follows:

1. That the Complaint of Plaintiffs be dismissed with prejudice and that

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer of HSBC to Complaint for Damages
Page 18 of 18 pages

Plaintiffs take nothing thereby;

  2. That HSBC recover from Plaintiffs its reasonable attorneys fees and costs incurred by HSBC in this matter; and

  4. That HSBC recover such other and further relief as this Court deems just and proper even though not requested herein.

  Dated this 12th day of November, 2003.

> LAW OFFICES OF BRONZE & TANG, P.C.
> Attorneys for Defendant The Hongkong and
> Shanghai Banking Corporation Ltd.
>
> By: _____
>   JACQUES A. BRONZE

RAP/nsh