JACQUES A. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

FILED
DISTRICT COURT OF GUAM
NOV 19 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**MOTION FOR ORDER GRANTING LEAVE TO HSBC TO EXCEED PAGE LIMITS IN MEMORANDA**<br>**[L. R. 7.1(g)]** |

TO: PLAINTIFFS, and their attorneys, Arriola Cowan & Arriola

You are hereby advised that as soon as the matter can be heard at the District Court of Guam, 520 W. Soledad Avenue, 4th Floor, Hagåtña, Guam 96910, Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") will move the Court for an Order granting HSBC leave to exceed the page limits in its memoranda in support of the motion to dismiss the Complaint, in whole or in part, filed herein, pursuant to Local Rule 7.1.(g), as more fully explained in the Memorandum attached hereto.

**ORIGINAL**

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Motion for Order Granting Leave to HSBC to Exceed Page Limits in Memoranda [L. R. 7.1.(g)]
Page 2 of 4 pages

The motion will be based upon this Motion, the Memorandum of Points and Authorities provided below, the papers, records, and files in this action, and upon such oral and documentary evidence as may be presented at the hearing of the Motion.

Dated this ___ day of November, 2003.

LAW OFFICES OF BRONZE & TANG, P.C.
Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

By: _____
JACQUES A. BRONZE

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 21, 2003, Plaintiffs filed their Complaint for Damages ("Complaint") in the Superior Court of Guam and attempted service of the Complaint and the Summons upon HSBC on the same date. *Declaration of Jacques A. Bronze* ("Bronze Decl."), *attached hereto as Exhibit "A" and incorporated herein by this reference.* The action was thereafter removed by HSBC to this Court on November 5, 2003. *Id.* The Complaint alleges a banking relationship between the Plaintiffs and HSBC for 25 years wherein HSBC has received deposits from Plaintiffs of $100 million and Plaintiffs have owed HSBC, at one time, total obligations of $12 million. *Complaint at* ¶ 5. Plaintiffs admit they owed HSBC, as of September 27, 2002, the amount of $6,821,494.56. *Id. at* ¶ 6.

The Complaint purports to assert six separate causes of action: breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, breach

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Motion for Order Granting Leave to HSBC to Exceed Page Limits in Memoranda [L. R. 7.1.(g)]
Page 3 of 4 pages

of contract relating to an alleged promissory note modification, breach of contract related to an alleged workout agreement, breach of fiduciary duty, and breach of alleged "banking and confidentiality laws".

The Complaint alleges numerous pieces of correspondence and meetings between Plaintiffs and HSBC wherein obligations owed HSBC were discussed including, but not limited to, default, foreclosure, discounts, loan workouts, listing of mortgaged properties for sale, refinancing, and sale of Plaintiffs' loan obligations to a third party. *Id.* at ¶¶ 7 *thru 24*. The Complaint asserts a twenty-five year banking relationship with transactions of $100 million between the parties. *Id.* at ¶ 5. In essence, the Complaint alleges an elaborate scheme on the part of HSBC to defraud Plaintiffs, act in bad faith, breach contractual obligations, breach an alleged workout agreement, breach its purported fiduciary duty to Plaintiffs, and violate unidentified "banking and confidentiality laws" by selling the subject note and indebtedness to an unrelated third party.

The attorneys for HSBC are in the process of researching and preparing a motion to dismiss most, if not all, of the causes of action alleged in the Complaint. *Bronze Decl.* Local Rule 7.1(g) limits supporting memoranda for a motion to twenty (20) pages and reply memoranda to ten (10) pages unless the Court grants leave to exceed the page limitations. Because of the number of causes of action, length of time and number of transactions covered in the Complaint, and the complexity of the issues raised in the Complaint, HSBC must exceed the page limits imposed by Local Rule in order to

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Motion for Order Granting Leave to HSBC to Exceed Page Limits in Memoranda [L. R. 7.1.(g)]
Page 4 of 4 pages

adequately and fully support its proposed motion to dismiss. *Bronze Decl.* Counsel for HSBC has requested Plaintiffs' attorneys to agree to a stipulation for an order to exceed the page limits, but counsel for Plaintiffs refused the request without explanation. *Id.* Accordingly, HSBC has no other alternative than to request this Court for relief. *Id.* Counsel for HSBC, in good faith, believe that they can adequately present points and authorities in support of the motion if granted leave to file an initial supporting memorandum not to exceed forty-five (45) pages and a reply memorandum not to exceed twenty (20) pages. *Id.* HSBC asserts that, based upon the above, extraordinary and compelling reasons support its Motion for leave to exceed the page limits imposed for supporting motions and good cause has been shown therefore.

Dated this 19 day of November, 2003.

                                        LAW OFFICES OF BRONZE & TANG, P.C.
                                        Attorneys for Defendant The Hongkong and
                                        Shanghai Banking Corporation Ltd.

By: _____
          JACQUES A. BRONZE

JACQUES A. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF JACQUES A. BRONZE** |

I, JACQUES A. BRONZE, do hereby declare as follows:

1. I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

2. I am admitted to practice before this Court and am counsel responsible for the representation of Defendant The Hongkong and Shanghai Banking Corporation

EXHIBIT ___A___

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze
Page 2 of 4 pages

Limited ("HSBC").

3.  On October 21, 2003, Plaintiffs filed their Complaint for Damages ("Complaint") in the Superior Court of Guam and attempted service of the Complaint and the Summons upon HSBC on the same date. The action was thereafter removed by HSBC to this Court on November 5, 2003. The Complaint alleges a banking relationship between the Plaintiffs and HSBC for 25 years wherein HSBC has received deposits from Plaintiffs of $100 million and Plaintiffs have owed HSBC, at one time, total obligations of $12 million. *Complaint at* ¶ 5. Plaintiffs admit they owed HSBC, as of September 27, 2002, the amount of $6,821,494.56. *Id. at* ¶ 6.

4.  The Complaint alleges numerous pieces of correspondence and meetings between Plaintiffs and HSBC wherein obligations owed HSBC were discussed including, but not limited to, default, foreclosure, discounts, loan workouts, listing of mortgaged properties for sale, refinancing, and sale of Plaintiffs' loan obligations to a third party. *Id. at* ¶¶ 7 thru 24. The Complaint asserts a twenty-five year banking relationship with transactions of $100 million between the parties. *Id. at* ¶ 5. In essence, the Complaint alleges an elaborate scheme on the part of HSBC to defraud Plaintiffs, act in bad faith, breach contractual obligations, breach an alleged workout agreement, breach its purported fiduciary duty to Plaintiffs, and violate unidentified "banking and confidentiality laws" by selling the subject note and indebtedness to an unrelated third party.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze
Page 3 of 4 pages

5.  My office is in the process of researching and preparing a motion to dismiss most, if not all, of the causes of action alleged in the Complaint. Local Rule 7.1(g) limits supporting memoranda for a motion to twenty (20) pages and reply memoranda to ten (10) pages, unless the Court grants leave to exceed the page limitations. Because of the number of causes of action, length of time and number of transactions covered in the Complaint, and the complexity of the issues raised in the Complaint, HSBC must exceed the page limits imposed by Local Rule in order to adequately and fully support its proposed motion to dismiss. A request was made on November 13, 2003, of Plaintiffs' attorneys to agree to a stipulation for an order to exceed the page limits, but counsel for Plaintiffs refused the request without explanation.

6.  Accordingly, HSBC has no other alternative than to request this Court for relief. As counsel for HSBC, I believe that my office can adequately present points and authorities in support of the motion to dismiss if granted leave to file an initial supporting memorandum not to exceed forty-five (45) pages and a reply memorandum not to exceed twenty (20) pages. Based on the above, extraordinary and compelling reasons exist to support HSBC's Motion for leave to exceed the page limits imposed for supporting motions and good cause has been shown therefore.

//

//

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze
Page 4 of 4 pages

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this 19 day of November, 2003.

_____
JACQUES A. BRONZE