JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs
 Alan Sadhwani, et al.



IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>DISAGREEMENT RE SCHEDULING ORDER AND DISCOVERY PLAN |

Pursuant to Local Rule 16.2(b), Plaintiffs Alan Sadhwani, et al. ("Plaintiffs") and Defendant HongKong and Shanghai Banking Corporation, Ltd. ("Defendant") jointly submit this mutual statement re: Disagreement of Scheduling Order. The parties have been unable to agree upon the terms of the Scheduling Order and Discovery Plan despite good faith efforts to do so.

/ / /

/ / /

Attached hereto as Exhibit A is the [Proposed] Scheduling Order and Discovery Plan submitted by the Plaintiffs. Attached hereto as Exhibit B is the [Proposed] Scheduling Order and Discovery Plan submitted by the Defendant.

**ARRIOLA, COWAN & ARRIOLA**

DATED: 12/9/03

*/s/ Anita P. Arriola*
ANITA P. ARRIOLA
Attorneys for Plaintiffs

**LAW OFFICES OF BRONZE & TANG**

DATED: 12/9/03

*/s/ Jerry J. Tang*
JERRY J. TANG
Attorneys for Defendant

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
**Arriola, Cowan & Arriola**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

**Counsel for Plaintiffs**
  Alan Sadhwani, et al.

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>                  Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>                  Defendants. | CIVIL CASE NO. 03-00036<br><br>**[PROPOSED] SCHEDULING ORDER AND DISCOVERY PLAN** |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1 for the District Court of Guam, the parties hereby submit the following Proposed Scheduling Order and Discovery Plan:

A.    **The nature of the case is as follows**:

Plaintiffs Alan Sadhwani, Laju Sadhwani and K. Sadhwani's, Inc. (collectively "plaintiffs") allege that they had a long-term banking relationship with defendant HongKong Shanghai Banking

-1-

EXHIBIT A

Corporation, Ltd. ("HSBC") for over 25 years. Plaintiffs allege that in November 2002, entered into a loan agreement entitled "Amendment to Credit Facility/Lease" with HSBC ("the Loan") for over $6 million, secured by several valuable pieces of Guam real estate. Plaintiffs further allege that when they had difficulty making payments on the loan, the parties entered into a loan workout agreement. Plaintiffs allege that pursuant to that loan workout agreement, plaintiffs sought replacement financing and attempted to sell some of their properties. Plaintiffs allege that notwithstanding the loan workout agreement, HSBC sold the Loan to a non-bank, Paradise Marine Corporation. Plaintiffs allege that HSBC breached the loan agreement; breached its duty of good faith and fair dealing; breached the loan workout agreement; committed intentional misrepresentation; and breached banking and confidentiality laws, all to plaintiffs' detriment. Plaintiffs seek compensatory and punitive damages. HSBC denies all of Plaintiffs' allegations and claims for relief and asserts affirmative defenses to all claims in the complaint.

B. **The posture of the case is as follows:**

Plaintiffs filed their complaint in the Superior Court of Guam on October 21, 2003. On November 5, 2003, HSBC filed a Notice of Removal Pursuant to 28 U.S.C. § 1332 and 48 U.S.C. § 1424 (Diversity Jurisdiction) to the U.S. District Court of Guam.

HSBC filed an ex parte application for an Order granting HSBC additional time to respond to complaint on November 6, 2003. HSBC filed its Answer on November 12, 2003.

HSBC filed an ex parte application for an Order allowing HSBC to exceed page limits in Memoranda on November 19, 2003. The application was granted by Order dated November 25, 2003. HSBC will be filing a motion to dismiss the Complaint, in whole or in part. HSBC will be filing a motion to strike the jury demand.

-2-

Case 1:03-cv-00036    Document 23    Filed 12/09/2003    Page 4 of 13

The parties have met and conferred as required by the Rules of Court. **Plaintiffs and Defendant will exchange the initial disclosures required by Rules 26(a) and 26(e) on December 12, 2003.**

C. **Discovery Plan:**

The following is a description and schedule of all pretrial discovery each party intends to initiate prior to the close of discovery:

(i) Each party will propound interrogatories and requests to produce and request for admissions within the limits set by the Federal Rules of Civil Procedure. If either party determines that it needs to propound more discovery than permitted by the Rules, the parties will confer in good faith to accommodate reasonable discovery requests.

(ii) The parties anticipate taking the depositions of at least fifteen (15) individuals. Included in this list are the parties themselves and individuals who have information or knowledge about the facts and circumstances of the case. If additional witnesses are discovered, it is anticipated that the parties may request leave of court to allow the depositions of additional individuals.

D. **Scheduling Order: Not applicable**.

E. **The parties agree upon the following dates:**

(i) The date for limiting the joinder of parties and claims is: **May 3, 2004;**

(ii) The date for the filing of motions to amend the pleadings is: **May 3, 2004;**

(iii) The Scheduling Conference shall be held on: **To be scheduled by the Court.**

(iv) The discovery cut-off date defined as the last day to file responses to

discovery is: **June 8, 2004.**

(v) The discovery and dispositive motion cut-off date is: **June 18, 2004.**

(vi) The preliminary pretrial conference date is: **July 30, 2004.**

(vii) The date for filing the trial brief is: **July 29, 2004**.

(viii) The date for filing exhibit lists, witness lists, and the joint pretrial order as required by L.R. 16.7 is: **August 16, 2004**

(ix) The final pretrial conference date is: **August 23, 2004.**

(x) The trial date is: **August 30, 2004.**

F. **The parties are agreeable to discussing settlement but have not made any arrangements to do so.**

G. **Plaintiffs have filed a demand for jury trial. HSBC will be filing a motion to strike the jury demand.**

H. **The parties anticipate that the number of trial days will be seven (7).**

I. **The names of trial counsel are:**

Counsel for Plaintiffs:

Joaquin C. Arriola
Anita P. Arriola

Counsel for Defendant:

Jacques Bronze

J. **The parties desire to submit the case early in the litigation to a settlement conference.**

K. **The parties' suggestions for shortening trial are as follows:**

-4-

The parties anticipate that they will stipulate to the authenticity and admissibility of many key documents and that they may stipulate to some of the facts in the case. In addition, some of the persons plaintiffs will call as witnesses at trial may also be called by defendant.

L. **Other issues affecting the status or management of the case:**

Plaintiffs anticipate that the witnesses will be divided among each of its trial counsel for examination and cross-examination, resulting in a more efficient and streamlined trial.

Defendant anticipates that because some of its witnesses do not reside in Guam, this may affect discovery and the order of witnesses at trial.

Dated this _____ day of December, 2003.

**HONORABLE JOHN S. UNPINGCO**
**Chief Judge, District Court of Guam**

IT IS SO STIPULATED.

**ARRIOLA, COWAN & ARRIOLA**

DATED: 12/9/03

JOAQUIN C. ARRIOLA
Attorneys for Plaintiffs

**LAW OFFICES OF BRONZE & TANG**

DATED:_____

JACQUES G. BRONZE
Attorneys for Defendant

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>    Defendants. | CIVIL CASE NO. 03-00036<br><br>**HSBC's [PROPOSED] SCHEDULING ORDER AND DISCOVERY PLAN** |

Pursuant to Rule 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1 for the District Court of Guam, the parties hereby submit the following Proposed Scheduling Order and Discovery Plan;

A. **The nature of the case is as follows:**

Plaintiffs Alan Sadhwani, Laju Sadhwani and K. Sadhwani's, Inc. (collectively "plaintiffs") allege that they had a long-term banking relationship with defendant HongKong Shanghai Banking Corporation, Ltd. ("HSBC") for over 25 years. Plaintiffs allege that in November 2002, entered into a loan agreement entitled "Amendment to Credit Facility/Lease" with HSBC ("the Loan") for over

EXHIBIT B

$6 million, secured by several valuable pieces of Guam real estate. Plaintiffs further allege that when they had difficulty making payments on the loan, the parties entered into a loan workout agreement. Plaintiffs allege that pursuant to that loan workout agreement, plaintiffs sought replacement financing and attempted to sell some of their properties. Plaintiffs allege that notwithstanding the loan workout agreement, HSBC sold the Loan to a non-bank, Paradise Marine Corporation. Plaintiffs allege that HSBC breached the loan agreement; breached its duty of good faith and fair dealing; breached the loan workout agreement; committed international misrepresentation; and breached banking and confidentiality laws, all to plaintiffs' detriment. Plaintiffs seek compensatory and punitive damages. HSBC denies all of Plaintiffs' allegations and claims for relief and asserts affirmative defenses to all claims in the complaint.

**B.     The posture of the case is as follows:**

Plaintiffs filed their complaint in the Superior Court of Guam on October 21, 2003. On November 5, 2003, HSBC filed a Notice of Removal Pursuant to 28 U.S.C. § 1332 and 48 U.S.C. § 1424 (Diversity Jurisdiction) to the U.S. District Court of Guam.

HSBC filed an ex parte application for an Order granting HSBC additional time to respond to complaint on November 6, 2003. HSBC filed its Answer on November 12, 2003 and its Counterclaim on December 2, 2003.

HSBC filed an ex parte application for an Order allowing HSBC to exceed page limits in Memoranda on November 19, 2003. The application was granted by Order dated November 25, 2003. HSBC will be filing a motion to dismiss the Complaint, in whole or in part. HSBC will be filing a motion to strike the jury demand.

/ / /

/ / /

The parties have met and conferred as required by the Rules of Court. **Plaintiffs and Defendant will exchange the initial disclosures required by Rules 26(a) and 26(e) on December 12, 2003.**

C. **Discovery Plan:**

The following is a description and schedule of all the pretrial discovery each party intends to initiate to the close of discovery:

(i) Each party will propound interrogatories and requests to produce and request for admissions within the limits set by the Federal Rules of Civil Procedure. If either party determines that it needs to propound more discovery than permitted by the Rules, the parties will confer in good faith to accommodate reasonable discovery requests.

(ii) The parties anticipate taking the depositions of at least fifteen (15) individuals. Included in this list are the parties themselves and individuals who have information or knowledge about the facts and circumstances of the case. If additional witnesses are discovered, it is anticipated that the parties may request leave of court to allow the depositions of additional individuals.

D. **Scheduling Order: Not applicable.**

E. **The parties agree upon the following dates:**

(i) The date for limiting the joinder of parties and claims is **June 22, 2004.**

(ii) The date for the filing of motions to amend the pleadings is: **June 22, 2004.**

(iii) The Scheduling Conference shall be held on: **To be scheduled by the Court.**

(iv) The discovery cut-off date defined as the last day to file responses to discovery is: **June 8, 2004.**

3

(v) The discovery and dispositive motion cut-off date is: **July 9, 2004.**

(vi) The preliminary pretrial conference date is: **September 27, 2004.**

(vii) The date for filing the trial brief is: **September 20, 2004.**

(viii) The date for filing exhibits lists, witness lists, and the joint pretrial order as required by L.R. 16.7 (d) is: **October 4, 2004.**

(ix) The pretrial order submission date is: **October 4, 2004**, and the final pretrial conference date is: **October 11, 2004.**

(x) The trial date is: **October 18, 2004.**

F. **The parties are agreeable to discussing settlement but have not made any arrangements to do so.**

G. **Plaintiffs have filed a demand for jury trial. HSBC will be filing a motion to strike the jury demand.**

H. **The parties anticipate that the number of trial days will be ten (10).**

I. **The names of trial counsel are:**

Counsel for Plaintiffs:

Joaquin C. Arriola
Anita P. Arriola

Counsel for Defendant:

Jacques G. Bronze
Jerry J. Tang

J. **The parties desire to submit the case early in the litigation to a settlement conference.**

/ / /

K.  **The parties' suggestions for shortening trial are as follows:**

The parties anticipate that they will stipulate to the authenticity and admissibility of many key documents and that they may stipulate to some of the facts in the case. In addition, some of the persons plaintiffs will call as witnesses at trial may also be called by defendant.

L.  **Other issues affecting the status or management of the case:**

Plaintiffs anticipate that the witnesses will be divided among each of its trial counsel for examination and cross-examination, resulting in a more efficient and streamlined trial.

Defendant anticipates that because some of its witnesses do not reside in Guam, this may affect discovery and the order of witnesses at trial.

**DATED** at Hagatna, Guam on _____.


_____
**HONORABLE JOHN S. UNPINGCO**
**Chief Judge, District Court of Guam**

**IT IS SO STIPULATED.**

LAW OFFICES OF BRONZE & TANG, P.C.
*Attorneys for Defendant*
*HongKong and Shanghai Banking Corporation, Ltd.*

Dated: 12/8/03               By: _____
                                  JACQUES G. BRONZE

ARRIOLA, COWAN & ARRIOLA
*Attorneys for Plaintiffs*

Dated: _____         By: _____
                                  ANITA P. ARRIOLA

5

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Prop.SchedOrder.doc

Case 1:03-cv-00036   Document 23   Filed 12/09/2003   Page 12 of 13

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on December 9, 2003, I caused to be served via hand delivery, **DISAGREEMENT RE SCHEDULING ORDER AND DISCOVERY PLAN** to:

> Jacques A. Bronze
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 9th day of December, 2003.

_signature_
ANITA P. ARRIOLA