McCULLY & BEGGS, P.C.
Suite 200, 139 Murray Blvd.
Hagatna, Guam 96910
Tel: 671-477-7418
Fax: 671-472-1201
Attorneys specially appearing for
Paradise Marine Corporation

FILED
DISTRICT COURT OF GUAM
DEC 24 2003
MARY L. M. MORAN
CLERK OF COURT

# IN THE DISTRICT COURT OF GUAM

ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,

Plaintiffs,

v.

HONGKONG AND SHANGHAI BANKING CORPORATION, LTD. A foreign corporation, JOHN DOE I through JOHN DOE X,

Defendants.

CIVIL CASE NO. 03-00036

**OBJECTION OF PARADISE MARINE CORPORATION TO THE PLAINTIFF'S SUBPOENA FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45(b)(2)(B) of the Federal Rules of Civil Procedure ("FRCP"), Paradise Marine Corporation ("Paradise Marine") hereby objects to the Plaintiff's Subpoena In A Civil Case dated December 17, 2003. Paradise Marine is not a party to this civil action.

## PRELIMNARY STATEMENT AND GENERAL OBJECTIONS

1. These objections are made solely for the purpose of Paradise Marine's special.

ORIGINAL



appearance in this action, without wavier of, and with preservation of:

    a.    The right to object to all requested documents as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

    b.    The right to object to the use of any document or response, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

    c.    The right to object on any ground at any time to a future deposition, subpoena, request, or a demand or document request or other discovery proceeding; and

    d.    The right at any time to revise, correct, and to supplement or clarify any objection, testimony, or response.

2.    The following objections (and any further objections or responses to the Subpoena or to its subject matter) are made expressly without acknowledgement of the materiality of information or of the documents sought by the Subpoena, or that the documents commanded by the Subpoena are in any way reasonably calculated to lead to the discovery of admissible evidence.

3.    Deponent objects to the Subpoena to the extent it purports to require production of information or documents incorporating or containing information that is

protected by the attorney-client privilege, work product, or other privileges or exemptions, or that is material prepared in anticipation of litigation within the meaning of the FRCP, upon the grounds that these matters are exempt from discovery, and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the FRCP, which prerequisites have not been satisfied. If one or more responses or documents are produced that violate the attorney-client privilege or any other privilege, such testimony, response, or production is inadvertent and is not intended as a waiver of such privilege.

4. Except for explicit facts admitted herein, no incidental or implied admissions are intended. The fact that Paradise Marine responds or objects to the Subpoena or any part of thereof should not be taken as an admission that it accepts or admits the existence of any facts set forth or assumed by the Subpoena, that such response or objection constitutes admissible evidence. The fact that Paradise Marine responds to part or all of the Subpoena is no intended and shall not be construed to be a waiver by it of all or any part of any objection made herein or hereafter made by it.

5. Paradise Marine does not concede that the documents sought by Subpoena are relevant to the subject matter of this proceeding, or are reasonably calculated to lead to the discovery of admissible evidence. Paradise Marine expressly reserves the right to object to any discovery in the subject matters listed in the Subpoena, and reserves the right to object to the introduction into evidence of any documents produced in response to the

Subpoena.

## OBJECTIONS TO THE SUBPOENA

**1. The Subpoena Has Not Been Served On Paradise Marine.**

As of the date of this Objection, the Subpoena has not been served on Paradise Marine as required by FRCP 45(b)(1) and FRCP 4(h)(1). The Subpoena was not delivered to an officer, managing or general agent or to any other agent authorized by appointment or by law to receive the service of the Subpoena or of process.

**2. The Subpoena Requests Privileged And Confidential Business Documents Of Paradise Marine.**

The Subpoena commands Paradise Marine to disclose and produce confidential and privileged documents concerning its business activities. Paradise Marine is engaged in the business making and/or acquiring private commercial loans. Paradise Marine is not a party to this litigation. It should not be required to divulge information concerning its confidential business activities.

Paradise Marine notes that HSBC has requested that the Plaintiffs enter into a Stipulated Protective Order Governing Discovery, which if signed by the court, would in part protect Paradise Marine from the negative consequences of divulging its confidential documents and information. Rather than agreeing to the reasonable request of HSBC, the Plaintiffs are attempting to obtain the same documents they requested from HSBC through the Subpoena of Paradise Marine. The court should protect the confidentiality of Paradise

Marine's business documents by issuing a protective order before requiring the documents be produced.

The courts have long recognized that serious embarrassment or harm is possible where a subpoena would result in disclosure of one's private, confidential thoughts or private affairs, particularly where the subpoenaed person is not a party to the action. See, Hecht v. Pro – Football, Inc., 46 F.R.D. 605, 607 (D.C. Col. 1969). The Subpoena also requests documents which reflect communications between Paradise Marine and its attorneys which are protected by the attorney-client privilege. Paradise Marine is entitled to have the Subpoena quashed to the extent that it seeks trade secrets, especially because the Plaintiffs have failed to show a necessity for the documents. Litton Industries, Inc. v. Chesapeake & O.R. Co., 129 F.R.D. 528 (E.D. Wis. 1990).

3. **The Subpoena Places An Undue Burden On Paradise Marine As The Requested Documents Are Otherwise Available To Plaintiffs.**

In determining whether a subpoena duces tecum imposes an undue burden or expense under Rule 45, many courts have considered the need of the serving party for the requested materials. United States vs. International Business Machines Corp., 83 F.R.D. 97 (S.D.N.Y. 1979). Because a party to litigation cannot expect an adverse party to do his work for him, a subpoena duces tecum served on an adverse party, seeking material readily available elsewhere, need not be complied with nor the materials produced. Keogh v. Pearson, 35 F.R.D 20 (D.C. Col. 1964). Furthermore, to prevent undue burden and

expense to non-party witnesses, subpoena duces tecum served on a non-party will be denied insofar as the documents requested are available from the opposing party in the litigation or are otherwise obtainable by the serving party's own on efforts. <u>Bada Co. v. Montgomery Ward & Co.</u>, 32 F.R.D. 208 (D.C. Cal. 1963). ("These witnesses are not parties to the action, and they should not be burdened with the annoyance and expense of producing the documents sought unless the plaintiff is unable to discover them from the defendant"); <u>In re Penn Cent. Commercial Paper Litigation</u> 61 F.R.D. 453, 467 (S.D.N.Y. 1973).

In this case, the Plaintiffs are attempting to command the production of documents which should be discoverable from HSBC. Plaintiffs have shown no reason why it cannot obtain those documents from HSBC. Paradise Marine, a non-party, should not be subjected to the undue burden and expense of producing documents which are otherwise obtainable by the Plaintiffs. Further, the 1991 amendments to FRCP 45 make it mandatory that the parties seeking discovery relieve the non-party of any significant cost of inspection and copying. See, <u>In Re Letters Rogatory</u>, 144 F.R.D. 272, 278 (E.D. Pa. 1992); <u>In Re Exxon Valdez</u>, 142 F.R.D. 380, 383 (D.D.C. 1992). Even prior to the 1991 amendments to Rule 45, courts had discretion to require the party seeking discovery to pay the costs of compliance incurred by the non-party. See, <u>Badman v. Stark</u>, 139 F.R.D. 601, 605 (M.D. Pa. 1991).

Because the documents are available to the Plaintiffs from other sources, they should be required to pay all of the costs of Paradise Marine efforts to comply with the Subpoena,

including, but not limited to its time spent in searching for and compiling the requested documents, its reasonable attorney fees and expenses and all expenses associated with preparing, labeling and copying the requested documents. Absent the Plaintiff's agreement to pay such costs, the Subpoena will impose an undue burden on Paradise Marine.

**4. The Subpoenaed Documents Are Not Relevant To The Pending Action.**

When determining whether a subpoena imposes an undue burden and expense on the person to whom it is directed, courts may consider whether the materials or things requested are relevant to the subject matter of the action. While some courts have held that a non-party witness, because it arguably has no interest in the case, cannot properly object to a subpoena duces tecum on the ground that the information it seeks is not relevant or material, that view is not supported by the law in this Circuit. If the sought after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed on a non-party would by definition be "undue". Thus a non-party has standing to assert that the subpoenaed information or documents are irrelevant. <u>Compaq Computer Corp. v. Packard Bell Electronics, Inc.</u>, 163 F.R.D. 329, 335-6 (N.D. Cal. 1995).

Accordingly, Paradise Marine objects to the production of the requested documents at paragraphs 4 and 12 of the Subpoena. In addition to those paragraphs requesting documents protected by the attorney-client privilege, they ask for documents not relevant

to any claims asserted by the Plaintiffs against HSBC in this litigation. Those paragraphs request documents setting forth communications between Paradise Marine and other non-parties which way be related to the Plaintiffs' loan from HSBC or to this litigation. Paradise Marine should not be required to divulge its confidential communications if the same are not relevant to this litigation.

DATED this 24th day of December, 2003.

                         **McCULLY & BEGGS, P.C.**
                         Attorneys specially appearing for
                         Paradise Marine Corporation

By: _____
       **DUNCAN G. McCULLY**

DMC/nsa:F#3776