# Issued by the
# UNITED STATES DISTRICT COURT

──────── DISTRICT OF ────────

ALAN SADHWANI, et al.,

V.

HONGKONG AND SHANGHAI BANKING
CORPORATION, LTD., et al.,

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 03-00036

FILED
DISTRICT COURT OF GUAM
DEC 29 2003
MARY L. M. MORAN
CLERK OF COURT

TO: FIRST HAWAIIAN BANK
MAIN BRANCH, MAITE
PRESIDENT OR CUSTODIAN OF RECORDS

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See, Attachment A, which is incorporated by reference. Arrangements should be made with the undersigned counsel in advance of production date, to discuss inspection and copying.

| PLACE Law Offices of Bronze & Tang<br>BankPacific Bldg., Ste. 201, 825 South Marine Drive<br>Tamuning, Guam 96913 | DATE AND TIME<br>January 19, 2004<br>9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/ Bronze* JACQUES G. BRONZE, ATTORNEY FOR DEFENDANT | DATE<br>12/23/03 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Law Office of Bronze & Tang
BankPacific Bldg., Ste. 201, 825 South Marine Drive Tamuning, Guam 96913

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 12/24/03 | FIRST HAWAIIAN BANK, MAITE BRANCH |
| IRENE MAFNAS | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| WILLIAM N. CRUZ | PROCESS SERVER |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  DECEMBER 29, 2003
DATE

SIGNATURE OF SERVER
BankPacific Bldg., 2nd Floor
825 S. Marine Dr.
Tamuning, Guam 96913
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A TO SUBPOENA DUCES TECUM

A. The words "document" and "documents" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure which shall include the original (or if the original is not available, then a copy) and each copy a draft of all written, printed, typed, reported or recorded materials, however produced, reproduced, now or formerly with in your actual or constructive possession, custody or control of which you have knowledge. Without limitation of the term "control," a document is deemed to be in your control if you have the right to secure the document or copy therefrom from another person.

B. The terms "you" or "your" refers to First Hawaiian Bank.

C. The time period encompassed by this Subpoena Duces Tecum and the following document(s) request is January 1, 2003 to date.

**DOCUMENT REQUEST**

1. All documents in your possession, custody or control relating or referring in any way relating to any application and accompanying documents submitted by Plaintiffs, notes of your loan officers, correspondences between your loan officers in Guam and Hawaii, including without limitation copies of any letters of commitment, letters of indication or letters of denial issued by you to Plaintiffs.

2. All documents relating to or referring to or referring in any way to or evidence of any financial activity or relationship between you and Plaintiffs.

3. All documents comprising, referring to, containing, or reflecting any communication at any time between your representative, officer, director, or employee and Plaintiffs.