LAW OFFICES OF BRONZE & TANG
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671



*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE JURY TRIAL DEMAND |

## JURISDICTION

This action is before this Court for federal diversity jurisdiction pursuant to 28 USC §1322 and 48 USC §1424.

## FACTS

Plaintiffs are alleged to have had a long-term borrower/lender relationship with Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC"). Although the party's relationship predated 1997, for the limited purposes of HSBC's motion to strike the jury trial

ORIGINAL

demand, HSBC's timeline of events begins on June 27, 1997. On that date, the parties mutually executed that certain Renewal and Amendment of Credit Facilities ("the Loan"), which was subject to review by October 31, 1997. A true and correct copy of the Renewal and Amendment of Credit Facilities is attached as Exhibit "1" of the Declaration of I. C. Underwood and is incorporated by reference herein. Shortly thereafter, the Guarantors of K. Sadhwani's Inc.'s ("KSI") loan executed that certain Unlimited Continuing Guaranty whereby they ". . . unconditionally guarant[ied] full and prompt payment to bank when due, whether by acceleration or otherwise, for any and all indebtedness . . . of K. Sadhwani's Inc. . . . to bank." A true and correct copy of the Unlimited Continuing Guaranty is attached as Exhibit "2" to the Declaration of I. C. Underwood and is incorporated by reference herein. By executing the Unlimited Continuing Guaranty, Alan Sadhwani aka Ashok Sadhwani and Laju Sadhwani, explicitly waived their right to a jury trial. See, Section 10(m), Exhibit "2" attached to the Declaration of I. C. Underwood.

Again, on December 29, 1997, the parties mutually executed that certain Renewal and Amendment of Credit Facilities totaling $9,775,000.00 with a renewal date of October 31, 1998. A true and correct copy of the Renewal and Amendment of Credit Facilities dated December 29, 1997 is attached as Exhibit "3" to the Declaration of I. C. Underwood, and is incorporated by reference herein. The parties then memorialized the terms of the Renewal and Amendment of Credit Facilities by executing that certain Business Loan Agreement which took effect as of December 31, 1997. A true and correct copy of the Business Loan Agreement is attached as Exhibit "4" to the Declaration of I. C. Underwood and is incorporated by reference herein.

Specifically, in the "**applicable law**" section of the Agreement, KSI waived "... **the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other**." See, page 6 of the Business Loan Agreement.

The Loan Facilities were subsequently renewed and on August 11, 2003, HSBC assigned all of its right, title and interest of said Loan to Paradise Marine Corporation.

## ANALYSIS

### I.

**PLAINTIFFS ARE BARRED FROM ASSERTING ANY DEMAND FOR JURY TRIAL PURSUANT TO THE BUSINESS LOAN AGREEMENT AND GUARANTY.**

By virtue of 48 U.S.C. sec 1421b(u), the right to a jury trial applies to Guam, however, the right to a jury trial is governed by federal law. See, Simler v. Conner, 372 U.S. 221, 221-22, 83 S.Ct. 609 (1963).

In the "**applicable law**" provision of the Business Loan Agreement, it explicitly provides that "**[l]ender and borrower hereby waive the right to jury trial in any action, proceeding, ... brought by either Lender or Borrower against the other.**" See, Exhibit "4" to the Declaration of I. C. Underwood. In addition, in the Unlimited Continuing Guaranty, Guarantors Alan aka Ashok and Laju Sadhwani and HSBC waived their right to a jury trial. Section 10(m) of the Guaranty provides, in part, "**Guarantor and Bank hereby knowingly, voluntarily and intentionally waive any right to trial by jury, guarantor and bank may have in any action or proceeding, ... in connection with this guaranty or the transactions related thereto.**" See, Exhibit "2" attached to the Declaration of I. C. Underwood.

No abstract public policy disfavors or limits contractual waivers of right to civil jury trial. See, J. Moore, W. Taggart & J. Wicker, Moores Federal Practice, Section 38.46 (2d ed. 1985). Waivers of jury trial have been upheld by various courts. See, Okura & Co. (America), Inc. v. Carreau Group, 783 F. Supp. 482, 488 (C.D. Cal. 1991); K.M.C. Co. v. Irving Trust Co., 757 F.2d 752, 758 (6th Cir. 1985) (burden is on party seeking to avoid contractual waiver to show consent was not voluntary and knowing); National Westminster Bank, U.S.A. v. Ross, 130 BR 656, 667 (S.D.N.Y. 1991); In re Reggie Packing Co., 671 F.Supp. 571 (ND. Ill. 1987); Chemical Bank v. Summers, 413 N.Y.S.2d 148 (1979); Chase Commercial Corp. v. Owen, 588 N.E.2d 705 (1992).

In the instant case, the jury trial waiver provisions contained in both agreements were conspicuous since they were highlighted in bold and the language itself was in capital letters, whereas the body of the documents was not. The language was certainly not buried in fine print. It is abundantly clear from the Complaint that Plaintiffs were not novices. Based on ¶ 24 of the Complaint, K. Sadhwani's Inc., whose principals were Alan and Laju Sadhwani, owned "prime properties on Guam," of which several are "Guam landmarks," which at one time was worth "much more than $12 million." Moreover, Plaintiffs claim they "…deposited about $100 million with the Defendant Bank during these 25 years." See, ¶ 5 of the Complaint.

There is no doubt that based on the above admissions the Plaintiffs were sophisticated business persons. Although one can always argue that when taking loans from any large bank, there would be some inequality of bargaining power that, by itself, should not invalidate an otherwise valid contractual waiver. See, Bonfield v. AAMCO Transamissions, Inc., 717 F.Supp.

589, 596 (N.D. Ill. 1989). Even the absence of counsel does not destroy the validity of the waiver or create an unequal bargaining position. See, Orfix Credit Alliance, Inc. v. Better Built Corp., 1990 WL 96992.

## CONCLUSION

For the foregoing reasons, Plaintiffs jury trial demand should be stricken.

*Respectfully submitted* on this 29th day of December 2003.

LAW OFFICES OF BRONZE & TANG
A Professional Corporation

By: _____
JACQUES G. BRONZE
*Attorneys for Defendant*
Hongkong and Shanghai Banking
Corporation, Ltd.