Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

FILED
DISTRICT COURT OF GUAM
DEC 31 2003
MARY L. M. MORAN
CLERK OF COURT

ALAN SADHWANI, LAJU SADHWANI, and K.
SADHWANI'S INC., a Guam corporation,

Plaintiffs,

vs.

HONGKONG AND SHANGHAI BANKING
CORPORATION, LTD., a Foreign corporation, JOHN
DOE I through JOHN DOE X,

Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:' 03-00036

TO:   **Custodian of Records**
      **Paradise Marine Corporation**
      **P.O. Box 8246, Tamuning, Guam 96931**
      **Lot 4 1052 Cabras Highway, Piti, Guam**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   **See Attached Exhibit A**

| PLACE<br>Arriola, Cowan & Arriola<br>259 Martyr Street, Ste. 201, Hagatna, Guam | DATE AND TIME<br>January 6, 2004<br>9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OF DEFENDANT<br>*[signature]* Anita P. Arriola , **Attorney for Petitioner** | DATE AND TIME<br>December 17, 2003 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER<br>**Anita P. Arriola**<br>Arriola, Cowan & Arriola, 259 Martyr Street, Ste. 201, Hagatna, Guam, (671) 477-9730~33 ||

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

'If action is pending in district other than district of issuance, state district under case number.

ORIGINAL

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | December 17, 2003, 2:00 p.m. | #1052 Cabras Highway, Piti, Guam<br>Guam United Warehouse Corp.<br>For Paradise Marine Corp. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Mr. Terrence Chang, who identified himself as the son of the president of Paradise Marine Corporation, and who asserted he is the "owner's representative". | Hand Delivered |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel T. Muna | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on **December 17, 2003**

SIGNATURE OF SERVER

**ARRIOLA, COWAN & ARRIOLA**
ADDRESS OF SERVER

**259 MARTYR STREET, SUITE 201**

**HAGATNA, GUAM 96910**

# EXHIBIT A
(Subpoena *Duces Tecum* Directed to the Custodian of Records of Paradise Marine Corporation)

*Alan Sadhwani, et al. v. HongKong and Shanghai Banking Corporation, Ltd.*
U.S. District Court, Territory of Guam
Civil Case No. 03-00036

## Definitions

As used herein, the word "documents" shall have the meaning provided in Rule 34(a) of the Federal Rules of Civil Procedure and shall include, but not be limited to, handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any written, recorded, or graphic matter however produced or reproduced, including, but not limited to, documents stored in or retrievable by computer, memoranda, reports, studies, analyses, contracts, agreements, checks, charts, graphs, indices, data sheets, computer disks, data processing cards or tapes, notes, post-its, work papers, entries, letters, telegrams, telecopies (including facsimiles), internal memoranda, advertisements, brochures, circulars, catalogs, tapes, records, bulletins, papers, books, pamphlets, accounts, calendars, diaries, electronic mail (or "e-mail"), and instant messaging. The term "document" or "documents" shall also include any carbon or photographic or any other copies, reproductions, or facsimiles of any original, and shall mean the original and any copy or reproduction or facsimile that is in any way different from the original.

"Plaintiffs" means Alan Sadhwani, Laju Sadhwani and K. Sadhwani's, Inc.

"Defendant" means HongKong and Shanghai Banking Corporation, Ltd.

## Documents to be Produced

1. All documents that relate to, refer to, or evidence the sale of Plaintiffs' loan(s) from Defendant to Paradise Marine Corporation.

2. All documents that relate to, refer to, or evidence the consideration that Paradise Marine Corporation received in exchange for the sale of Plaintiffs' loan(s).

3. All documents comprising, referring to, containing, or reflecting any communication at any time between Defendant and Paradise Marine Corporation concerning, relating to, or mentioning the sale of Plaintiffs' loan(s) from Defendant to Paradise Marine Corporation.

4. All documents comprising, referring to, containing, or reflecting any communication at any time between Paradise Marine Corporation and any person or entity concerning, relating to, or mentioning the sale of Plaintiffs' loan(s) from Defendant to Paradise Marine Corporation.

5.  All documents comprising, referring to, containing, or reflecting Plaintiffs' loan files that were provided by or transmitted from Defendant to Paradise Marine Corporation.

6.  All documents comprising, referring to, containing, or reflecting Plaintiffs' financial or credit information that were provided by, or transmitted from, Defendant to Paradise Marine Corporation.

7.  All documents comprising, referring to, containing, or reflecting loans received by Plaintiffs from Defendant.

8.  All documents comprising, referring to, containing, or reflecting Plaintiffs' account and deposit information, loan payment history, and other banking transactions between Plaintiffs that Defendant that were provided by, or transmitted from, Defendant to Paradise Marine Corporation.

9.  All documents that relate to, refer to, or evidence the sale of any and all loans (other than Plaintiffs' loan(s)), from Defendant to Paradise Marine Corporation.

10. All documents comprising, referring to, containing, or reflecting Defendant's offer to sell, transfer or assign Plaintiffs' loan(s) to any bank, financial institution, person, or entity.

11. All documents comprising, referring to, containing, or reflecting responses from any bank, financial institution, person, or entity to Defendant's offer to sell, transfer or assign Plaintiffs' loan(s).

12. All documents comprising, referring to, containing, or reflecting any communication at any time between any representative, officer, director, or employee of Paradise Marine Corporation, on the one hand, and any person or entity, on the other hand, concerning, relating to, or mentioning the action entitled *Alan Sadhwani, et al. v. HongKong and Shanghai Banking Corporation, Ltd.*, U.S. District Court, Territory of Guam, Civil Case No. 03-00036.