JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730/33
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>            Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>            Defendants. | CIVIL CASE NO. 03-00036<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND |

## INTRODUCTION

COME NOW the Plaintiffs, Alan Sadhwani, Laju Sadwani, and K. Sadhwani's, Inc. (hereinafter "Plaintiffs") and files this opposition to the Defendant Hong Kong and Shanghai Banking Corporation, Ltd.'s (hereinafter "HSBC") Motion to Strike the Jury Trial Demand on the grounds that plaintiffs did not knowingly or intentionally waive their fundamental right to a jury trial.

## BACKGROUND

On October 21, 2003, the plaintiffs filed their Complaint and asserted their right to a jury trial. On December 30, 2003, the defendant filed its motion to strike the jury trial demand asserting a waiver of the right to jury in a loan agreement and guaranty executed by the Plaintiffs.

The Guaranty, which was executed by Laju Sadhwani and Alan Sadhwani on July 24, 1997, purports to waive the right to jury trial by including the provision in a pre-printed and non-negotiable form provided by the Defendant. Decl. A. Sadhwani; Decl. L. Sadhwani. The waiver provision is not conspicuously located above the signature line, but is buried in the "Miscellaneous" provisions of paragraph 10, section (m), which is located towards the bottom of page 4 of a 5-page document. Id.

The Business Loan Agreement, which was executed by Alan Sadhwani, President of K. Sadhwani's Inc. on December 31, 1997, also purports to waive the jury trial provision by including it in a pre-printed and non-negotiable form provided by HSBC. Id. The waiver provision is buried on page 6 of a 7-page document, and is contained in the "Applicable Law" section.

## LEGAL ARGUMENT

Plaintiffs oppose HSBC's motion to strike jury demand on the grounds that the jury waiver clause was not a knowing or intentional waiver. The right to a jury trial is fundamental and can only be relinquished "knowingly and intentionally." National Equip. Rental, Ltd. v. Hendrix, 565 F.2d 255, 258 (2d Cir.1977); Phoenix Leasing Inc. v. Sure Broadcasting, Inc., 843 F.Supp. 1379, 1384 (D. Nev. 1994), aff'd, 89 F.3d 846 (9th Cir., 1996). A presumption exists against the waiver of a jury trial. National Equip. Rental, 565 F.2d at 258.; See Aetna Insurance Co., v Kennedy, 301 US 389, 393, 57 S.Ct. 809, 812 (1937).

In determining the validity of contractual jury trial waiver clauses, trial courts have consistently examined the following factors: (1) conspicuousness of the waiver provision, (2) whether the parties were represented by counsel, (3) whether there was gross disparity in bargaining power between the parties, (4) the business or professional experience of party opposing waiver, and (5) whether party opposing waiver had opportunity to negotiate contract terms. L&R Realty v.

Connecticut Nat'l Bank, 699 A2d 291, 297 (Conn.App. 1997); see Sullivan v. Ajax Navigation Corp., 881 F.Supp. 906, 911 (S.D.N.Y.1995); Whirlpool Financial Corp. v. Sevaux, 866 F.Supp. 1102 (D.Ill. 1994). *The mere fact that a party executed a document containing a jury trial waiver provision does not per se constitute a valid waiver of the right to a jury trial.* L&R Realty, 699 A.2d at 297.

Although HSBC contends that the burden of proof rests on the party seeking to avoid the waiver, the Defendant utterly fails to advise the Court that there is a recognized split in the circuits on the issue of burden. While the Sixth Circuit Court of Appeals holds that the burden is on the party seeking to avoid a waiver to show that it was not voluntary and knowing, K.M.C., Co., 757 F.2d 722, 758 (6th Cir. 1985), another circuit holds that the party seeking enforcement of the waiver has the burden of showing that the consent of the party objecting to the waiver was knowing, voluntary and intelligent. Leasing Service Corp. v. Crane, 804 F.2d 828, 832 - 833 (4th Cir., 1986) citing National Equip. Rental, Ltd. v. Hendrix, supra; Acosta, Inc. v. Citibank, N.A., 920 F.Supp. 15, 18 (D. P.R., 1996); L&R Realty, 699 A.2d at 297 (citations omitted.) The Ninth Circuit Court of Appeals has not ruled on this issue. The Plaintiffs submit that the more reasoned approach is that the party seeking enforcement of the waiver bears the burden in light of the constitutional rights involved and because there exists a presumption against waiver of a jury trial. But even if the Sixth Circuit standard applies, the Court should find that there was no knowing or intelligent waiver of the right to a jury trial.

The Guaranty provides: "Guarantor and Bank hereby knowingly, voluntarily, and intentionally waive any right to trial by jury Guarantor and Bank may have in any action or proceeding, in law or in equity, in connection with this Guaranty or the transactions related hereto

-3-

. . ." The Business Loan Agreement provides: "Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other." However, the purported waivers were neither knowing nor intentional.

First, the waivers are not conspicuous. A jury trial waiver is considered conspicuous when located above the signature line, Nat'l Westminster Bank, U.S.A. v. Ross, 130 B.R. 656 (D.N.Y. 1991), but inconspicuous when buried at the end of a contract. Acosta, 920 F.Supp. at 19; see National Equip. Rental, Ltd., supra. Moreover, the fact that a waiver is printed in capital letters or is in bolder type than the remainder of the documents is not evidence of a knowing and voluntary waiver. Sevaux, 866 F.Supp. 1102, 1106 (D.Ill. 1994). The waiver provision in the Guaranty is located on the bottom of page 4 of a 5-page document, and provided in the "Miscellaneous" provisions of paragraph 10, section (m). Likewise, the waiver provision in the Business Loan Agreement is buried on page 6 of a 7-page document, and is contained in the "Applicable Law" section.

Second, the Plaintiffs were neither represented by counsel nor given the opportunity to have counsel review the documents prior to execution. Decl. A. Sadhwani; Decl. L. Sadhwani.

Third, there was a gross disparity in the bargaining power between parties. Mr. Sadhwani's position as a successful businessman does not evince irrefutable proof that he was not in a disparate bargaining position. Id. In Seveaux, Seveaux was a successful businessman. However, Seveaux's company desperately needed the cash, which was provided for by the note. The district court held that this circumstance amounted to a disparate bargaining position which weighed against waiver. Id. Similarly in National Equip. Rental, Ltd., the Second Court of Appeals held that where a party is in need of funds and signs a form contract containing a jury trial waiver provision, the inequality of the bargaining power suggests that the waiver was neither knowing or intentional. National

-4-

Equip. Rental, Ltd., supra., 565 F.2d at 258. Mr. and Mrs. Sadhwani were likewise in a disparate bargaining power when they executed the Guaranty and Business Loan Agreement. Without execution of the form contracts provided by the Defendant, the Plaintiffs would have been without the necessary funds for the operation of their business. Decl. A. Sadhwani; Decl. L. Sadhwani. Moreover, the Plaintiffs would have been unable to make full payments on the loan without the execution of the Business Loan Agreement and the Guaranty, which would have lead to the foreclosure of the properties which secured their loans to HSBC. Id. Thus, the Sadhwanis, by virtue of the indisparate bargaining power, were compelled to execute the form documents without the ability to modify or negotiate any of the terms.

Laju Sadhwani had no bargaining position when she executed the Guaranty, which purported to waive her right to jury trial. Laju Sadhwani is not a sophisticated business person and was not involved in the day-to-day operations of K. Sadhwani's Inc. Decl. L. Sadhwani. At the time Laju Sadhwani executed the Guaranty, she understood that she was unable to negotiate any terms of the loans or refuse to sign the Guaranty because K. Sadhwani's Inc. was not in the financial position to repay its outstanding loans to HSBC. Id. When Laju Sadhwani executed the Guaranty, she felt compelled to guarantee the loans of K. Sadhwani's Inc. due to her disparate bargaining position.

Fourth, although the Sadhwanis have transacted business on Guam, Laju Sadhwani, particularly, was at a distinct disadvantage because of her lack of business acumen. Because of her lack of expertise and because of her 25-year long relationship with HSBC, Laju Sadhwani trusted and relied on representatives of HSBC to advise her of the terms and provisions of the Guaranty. Likewise, Alan Sadhwani, as a result of his long-standing relationship with HSBC trusted and relied on representatives of HSBC to advise him of the terms and provisions of the Guaranty and Business Loan Agreement.

Finally, the waiver provision and the contract were non-negotiable. Where the waiver provisions are set forth in a form contract that is not subject to negotiation, there is a presumption that there is no knowing waiver of the right to jury trial. Sevaux, 866 F.Supp. at 1106. Additionally, a knowing and intelligent waiver of the right to a jury trial requires discussion between the parties specifically related to the waiver. Id. Notably, in this case, the waiver of jury trial right located in both the Guaranty and the Business Loan Agreement are on pre-printed and non-negotiable forms provided by HSBC. Without execution of the non-negotiable forms, the plaintiffs would have been unable to attain the necessary financing to keep their business operable. Decl. A. Sadhwani. Moreover, during the review and execution of the documents, there was no discussion of the jury trial waiver. Id.; Decl. L. Sadhwani. Based on all the foregoing considerations, the Court should determine that there was no knowing or intentional waiver of plaintiffs' right to a jury trial, and deny HSBC's motion to strike the jury trial demand.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny HSBC's motion to strike the jury trial demand and determine that there was no knowing or intentional waiver of the plaintiffs' fundamental right to a jury trial.

Respectfully submitted on January 16, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs

By: *[signature]*
    **ANITA P. ARRIOLA**