JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

IN THE UNITED STATES

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>    Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>    Defendants. | CIVIL CASE NO. 03-00036<br><br>DECLARATION OF ALAN SADHWANI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND |

ALAN SADHWANI hereby deposes and states as follows:

1. I am one of the Plaintiffs in the above-captioned matter and I have personal knowledge of the facts contained herein. I submit this declaration in support of plaintiffs' opposition to Defendant Honk Kong and Shanghai Banking Corporation, Ltd. (hereinafter "HSBC") motion to strike the jury trial demand.

2. On July 24, 1997, I executed a Guaranty for K. Sadhwani's Inc.. The Guaranty was presented to me on a pre-printed and non-negotiable form. I did not have the opportunity to take the Guaranty

and review the terms carefully. At the time I executed the Guaranty, I felt I had no other choice to sign it because HSBC required me to personally guarantee the loans of K. Sadhwani's Inc. Based on my conversations with HSBC representatives, I understood that without the Guaranty, HSBC would not give me or my company, K. Sadhwani's Inc., any loans, and this would have resulted in the foreclosure and loss of my properties.

3. I did not knowingly or intentionally waive my right to a jury trial by signing the Guaranty. Upon execution of the Guaranty, I did not notice or read the jury trial waiver provision. I understood only that I had to sign it or I wouldn't get any loans. After the inception of this case, it was brought to my attention that there was a jury trial waiver provision in the "Miscellaneous" provisions of paragraph 10, section (m). This is the first time I became aware of this provision. The waiver provision is located on a page with twelve other provisions in a difficult-to-read font.

4. At the time I signed the Guaranty, I was not represented by counsel and I did not have the opportunity to have counsel review the Guaranty.

5. I did not have the opportunity to negotiate any of the terms of the Guaranty. Because the Guaranty resulted in the renewal of K. Sadhwani's Inc.'s line of credit, which incorporated all previous loans obtained by the company, absent the Guaranty and renewal of the credit, K. Sadhwani's Inc. would have been unable to pay the principal balance on the loans, and the consequence would have been the foreclosure and loss of the properties which secured the loans. Thus, I felt compelled to execute the Guaranty. Nor did I have the ability to negotiate any of the terms of the loans because my hands were tied. Without the renewal, both K. Sadhwani's Inc. and I would have lost everything.

6. The jury trial waiver provision was not pointed out to me by any HSBC representatives, nor

was there any discussion of the jury trial waiver.

7. On December 31, 1997, as President of K Sadhwani's Inc., I executed a Business Loan Agreement on behalf of K. Sadhwani's Inc. The Business Loan Agreement was presented to me on a pre-printed and non-negotiable form. I did not have the opportunity to take the Business Loan Agreement and review the terms carefully. At the time I executed the Business Loan Agreement, K. Sadhwani's Inc. was experiencing financial difficulties, and execution of the Business Loan Agreement provided the much-needed funds for the business. K. Sadhwani's Inc., at the time, was in desperate need of cash, and the execution of the Business Loan Agreement provided the necessary funds. As was the case with the Guaranty, without execution of the Business Loan Agreement, K. Sadhwani's Inc. would have been unable to pay its existing obligations which would have resulted in the foreclosure of the properties which secured loans from HSBC.

8. I did not knowingly or intentionally waive my right to a jury trial by signing the Business Loan Agreement. Upon execution of the Business Loan Agreement, I did not notice or read the jury trial waiver provision. I understood only that I had to sign it or I wouldn't get any loans. After the inception of this case, it was brought to my attention that there was a jury trial waiver provision in the "Applicable Law" section. This is the first time I became aware of this provision. The waiver provision is located towards the end of a 7-page document, and is in a difficult-to-read font.

9. At the time I signed the Business Loan Agreement, I was not represented by counsel and I did not have the opportunity to have counsel review the Business Loan Agreement.

10. I did not have the opportunity to negotiate any of the terms of the Business Loan Agreement. Because the Guaranty resulted in the renewal of K. Sadhwani's Inc.'s line of credit, which incorporated all previous loans obtained by the company, absent the Business Loan Agreement and

3

renewal of the credit, K. Sadhwani's Inc. would have been unable to pay the principal balance on the loans, and the consequence would have been the foreclosure and loss of the properties which secured the loans. Thus, I felt compelled to execute the Business Loan Agreement. Nor did I have the ability to negotiate any of the terms of the loan because my hands were tied. Without the loan, both K. Sadhwani's Inc. and I would have lost everything.

11. The jury trial waiver provision was not pointed out to me by any HSBC representatives, nor was there any discussion of the jury trial waiver.

12. Because of my lengthy 25-year relationship with HSBC, I trusted and relied on representatives of HSBC to advise me of the terms and provisions of the Guaranty and Business Loan Agreement. At the time that I executed the Guaranty and the Business Loan Agreement, I did not understand that the effect of the waiver provisions was that I would not be able to have a jury trial as guaranteed by the laws of the United States and Guam.

I declare under penalty of the laws of Guam and the United States that the foregoing is true and correct to the best of my ability.

Dated this 15th day of January, 2004.

*[signature]*
ALAN SADHWANI