JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

IN THE UNITED STATES

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>DECLARATION OF LAJU SADHWANI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY TRIAL DEMAND |

LAJU SADHWANI hereby deposes and states as follows:

1. I am one of the Plaintiffs in the above-captioned matter and I have personal knowledge of the facts contained herein. I submit this declaration in support of plaintiffs' opposition to Defendant Honk Kong and Shanghai Banking Corporation, Ltd. (hereinafter "HSBC") motion to strike the jury trial demand.

2. On July 24, 1997, I executed a Guaranty for K. Sadhwani's Inc.. The Guaranty was presented to me on a pre-printed and non-negotiable form. I did not review the terms carefully. At the time

ORIGINAL

I executed the Guaranty, I was not involved in the day-to-day operations of the company. The only direct involvement I had with the company in 1997 was the occasional day where I would fill-in as a cashier when there was a staff shortage. When I was informed that HSBC required me to personally guarantee the loans of K. Sadhwani's Inc., along with my husband, I felt I had no other choice to sign it. Based on conversations my husband, Alan Sadhwani, had with HSBC representatives, I understood that without the Guaranty, HSBC would not give us or our company, K. Sadhwani's Inc., any loans. This would have resulted in the foreclosure and loss of our properties because K. Sadhwani's Inc. was not in the financial position to satisfy all its outstanding loans to HSBC.

3. I did not knowingly or intentionally waive my right to a jury trial by signing the Guaranty. Upon execution of the Guaranty, I did not notice or read the jury trial waiver provision. I understood only that I had to sign it or our company would not get any loans. After the inception of this case, it was brought to my attention that there was a jury trial waiver provision in the "Miscellaneous" provisions of paragraph 10, section (m). This is the first time I became aware of this provision. The waiver provision is located on a page with twelve other provisions in a difficult-to-read font.

4. At the time I signed the Guaranty, I was not represented by counsel and I did not have the opportunity to have counsel review the Guaranty.

5. I did not have the opportunity to negotiate any of the terms of the Guaranty. Because the Guaranty resulted in the renewal of K. Sadhwani's Inc.'s line of credit, which incorporated all previous loans obtained by the company, absent the Guaranty and renewal of the credit, K. Sadhwani's Inc. would have been unable to pay the principal balance on the loans, and the consequence would have been the foreclosure and loss of the properties which secured the loans.

2

Case 1:03-cv-00036   Document 39   Filed 01/16/2004   Page 2 of 3

Thus, I felt compelled to execute the Guaranty. Without the guarantee and renewal, both K. Sadhwani's Inc. and I would have lost everything.

6. The jury trial waiver provision was not pointed out to me by any HSBC representatives, nor was there any discussion of the jury trial waiver. None of the terms of the Guaranty were discussed nor negotiated, but simply placed before me for signature.

7. Because of my lack of business expertise, and because of my lengthy 25-year relationship with HSBC, I trusted and relied on representatives of HSBC to advise me of the terms and provisions of the Guaranty. At the time that I executed the Guaranty, I did not understand that the effect of the waiver provisions was that I would not be able to have a jury trial as guaranteed by the laws of the United States and Guam.

I declare under penalty of the laws of Guam and the United States that the foregoing is true and correct to the best of my ability.

Dated this 15th day of January, 2004.

_Sadhwani_
LAJU SADHWANI