FILED
DISTRICT COURT OF GUAM
FEB 0 3 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign Corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | Civil Case No. 03-00036<br><br>SCHEDULING ORDER<br>and<br>DISCOVERY PLAN |

Because the parties are unable to agree upon the terms of the Scheduling Order and Discovery Plan despite good faith efforts to do so, the Court hereby issues the following Scheduling Order and Discovery Plan:

**A.     The nature of the case is as follows:**

Plaintiffs Alan Sadhwani, Laju Sadhwani and K. Sadhwani's, Inc. (collectively "plaintiffs") allege that they had a long-term banking relationship with defendant HongKong Shanghai Banking Corporation, Ltd. ("HSBC") for over 25 years. Plaintiffs allege that in November 2002, entered into a loan agreement entitled "Amendment to Credit Facility/Lease" with HSBC ("the Loan") for over $6 million, secured by several valuable pieces of Guam real estate. Plaintiffs further allege that when they had difficulty making payments on the loan, the parties entered into a loan workout agreement. Plaintiffs allege that pursuant to that loan workout agreement, plaintiffs sought replacement financing and attempted to sell some of their

properties. Plaintiffs allege that notwithstanding the loan workout agreement, HSBC sold the Loan to a non-bank, Paradise Marine Corporation. Plaintiffs allege that HSBC breached the loan agreement; breached its duty of good faith and fair dealing; breached the loan workout agreement; committed intentional misrepresentation; and breached banking and confidentiality laws, all to plaintiffs' detriment. Plaintiffs seek compensatory and punitive damages. HSBC denies all of Plaintiffs' allegations and claims for relief and asserts affirmative defenses to all claims in the complaint.

**B.   The posture of the case is as follows:**

Plaintiffs filed their complaint in the Superior Court of Guam on October 21, 2003. On November 5, 2003, HSBC filed a Notice of Removal Pursuant to 28 U.S.C. § 1332 and 48 U.S.C. § 1424 (Diversity Jurisdiction) to the U.S. District Court of Guam.

HSBC filed an ex parte application for an Order granting HSBC additional time to respond to complaint on November 6, 2003. HSBC filed its Answer on November 12, 2003, and its Counterclaim on December 2, 2003.

HSBC filed an ex parte application for an Order allowing HSBC to exceed page limits in Memoranda on November 19, 2003. The application was granted by Order dated November 25, 2003. HSBC filed a motion to dismiss on December 30, 2003. HSBC also filed a motion to strike the jury trial demand on December 30, 2003.

The parties have met and conferred as required by the Rules of Court. Plaintiffs and Defendant have indicated that they exchanged the initial disclosures required by Rules 26(a) and 26(e) on December 12, 2003.

**C.   Discovery Plan:**

The following is a description and schedule of all pretrial discovery each party intends to initiate prior to the close of discovery:

(i)   Each party will propound interrogatories and requests to produce and request for admissions within the limits set by the Federal Rules of Civil Procedure. If either party determines that it needs to propound more discovery than permitted by the Rules, the parties will confer in good

faith to accommodate reasonable discovery requests.

    (ii) The parties anticipate taking the depositions of at least fifteen (15) individuals. Included in this list are the parties themselves and individuals who have information or knowledge about the facts and circumstances of the case. If additional witnesses are discovered, it is anticipated that the parties may request leave of court to allow the depositions of additional individuals.

**D. Scheduling Order:**

The Court establishes the following deadlines since the parties are unable to agree to said terms:

    (i) The date for limiting the joinder of parties and claims is: May 26, 2004;

    (ii) The date for the filing of motions to amend the pleadings is: May 26, 2004;

    (iii) The discovery cut-off date defined as the last day to file responses to discovery is: June 8, 2004;

    (iv) The discovery and dispositive motion cut-off date is: June 30, 2004;

    (v) The preliminary pretrial conference date is: August 31, 2004;

    (vi) The date for filing the trial brief is: August 20, 2004;

    (vii) The date for filing exhibit lists, witness lists, and the joint pretrial order as required by L.R. 16.7 is: September 7, 2004;

    (viii) The final pretrial conference date is: September 14, 2004 at 3:00 p.m.;

    (ix) The trial date is: September 21, 2004 at 9:30 a.m.

**E. The parties are agreeable to discussing settlement but have not made any arrangements to do so.**

**F. Plaintiffs have filed a demand for jury trial. HSBC has filed a motion to strike the jury demand.**

**G. Length of Trial:**

The Plaintiffs anticipate seven (7) trial days, and HSBC anticipate the trial lasting ten

3

(10) days. The Court hereby allocates eight (8) days to try this matter.

**H.  The names of trial counsel are:**

<u>Counsel for Plaintiffs</u>:

Joaquin C. Arriola

Anita P. Arriola

<u>Counsel for HSBC</u>:

Jacques Bronze

Jerry J. Tang

**I.  The parties desire to submit the case early in the litigation to a settlement conference.**

**J.  The parties' suggestions for shortening trial are as follows:**

The parties anticipate that they will stipulate to the authenticity and admissibility of many key documents and that they may stipulate to some of the facts in the case. In addition, some of the persons plaintiffs will call as witnesses at trial may also be called by defendant.

**K.  Other issues affecting the status or management of the case:**

Plaintiffs anticipate that the witnesses will be divided among each of its trial counsel for examination and cross-examination, resulting in a more efficient and streamlined trial.

Defendant anticipates that because some of its witnesses do not reside in Guam, this may affect discovery and the order of witnesses at trial.

Dated this 3rd day of February, 2004.

HONORABLE JOHN S. UNPINGCO
Chief Judge, District Court of Guam

4