**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

FILED
DISTRICT COURT OF GUAM
FEB 1 1 2004
MARY L. M. MORAN
CLERK OF COURT

55

IN THE DISTRICT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Pursuant to stipulation by and among counsel for all parties,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.     PURPOSE AND SCOPE OF PROTECTIVE ORDER**

A.     SUBJECT TO THE FURTHER ORDER OF THIS COURT, A PARTY OR WITNESS MAY DESIGNATE INFORMATION TO BE PROTECTED BY THIS ORDER AS FOLLOWS:

1.     A party or witness may designate as "CONFIDENTIAL" any information that: (a) he or she in good faith believes is proprietary business information which is unavailable to the

public and not readily determinable from other sources; (b) is treated by that party or witness as confidential and is not disclosed to others; and (c) might be of value to a competitor of the designating party, whether party or non-party. For purposes of this Stipulation, the word "witness" shall include, but not be limited to, any person or entity served a subpoena, deposition notice or other discovery request in this litigation, and any person retained as a consultant or expert by any of the parties. Without limiting the generality of the foregoing, the following information, for example may be designated as "CONFIDENTIAL": corporate minutes; internal memoranda; tax returns or other tax information; or any other form of non-public corporate information that a party or witness might treat as CONFIDENTIAL.

2. As a general guideline, the following material may not be designated as "CONFIDENTIAL" under this Order:

(a) information that was, is, or becomes public knowledge in such form that is readily available to the public, not in violation of this Order;

(b) information that is acquired by the non-designating party from a third party having the right to disclose such information or material and owing no duty of confidentiality to the designating party; or

(c) information that was lawfully possessed by the non-designating party prior to entry by the Court of this Order and not obtained from any person owing a duty of

confidentiality to the designating party.

Where appropriate, information designated as "CONFIDENTIAL" under this Order, is referred to collectively in this Protective Order as "Confidential Business Information." If information is designated as "CONFIDENTIAL" under this Order, the restrictions applicable to that information shall apply equally to any copies of that information, including but not limited to any notes, excerpts, summaries, or other transcriptions made therefrom.

B.  The provisions of this Order shall apply to all Confidential Business Information subsequently produced by a party or witness during the course of this litigation, including without limitation, any Confidential Business Information produced prior to the execution of this Order.

## II. DESIGNATION OF CONFIDENTIAL BUSINESS INFORMATION

Prior to the production of documents designated "CONFIDENTIAL" pursuant to Section I, or within such time period as the parties may agree, said documents shall be conspicuously stamped as "CONFIDENTIAL" or "Confidential." Should Confidential Business Information be disclosed or discussed at a deposition, counsel for any party or deponent may designate the entire transcript of the deposition including any exhibits thereto as "Confidential". If counsel designates the transcript as "CONFIDENTIAL," the entire transcript shall be held as CONFIDENTIAL until fourteen calendar days after the designating counsel receives the official transcript. Upon receipt of the official transcript, designating counsel may preserve as CONFIDENTIAL those portions of the transcript entitled to be held CONFIDENTIAL under the terms of this Protective Order by designating by page

and line number those portions of the transcript or by exhibit number those exhibits that shall remain CONFIDENTIAL. If the designating party fails to provide specific designations of material entitled to be treated as CONFIDENTIAL within fourteen days after receipt of the official transcript of a deposition, the entire transcript shall be treated as non-CONFIDENTIAL. However, the parties may agree to extend the time allowed to make any designation under this paragraph. The parties agree that they will only designate as "CONFIDENTIAL" those portions of a deposition that contain Confidential Business Information, and only those portions of a deposition transcript that contain Confidential Business Information shall be treated as CONFIDENTIAL.

### III. DISCLOSURE TO DESIGNATED PERSONS ONLY

A. Except as provided for herein, Confidential Business Information disclosed in accordance with this Protective Order may only be used in the above captioned litigation. If the parties to this Protective Order, or their successors or assigns, are involved in other litigation with one or all of the parties to this Protective Order or if such other litigation raises issues related to the issues in the above-captioned litigation ("Related Litigation"), any such party may move the Court to allow the use of the Confidential Business Information produced in this litigation in connection with the Related Litigation under the terms and conditions of this Protective Order. Such information may be disclosed to the following persons only:

    1. Outside counsel for the parties, and employees of such counsel assigned to and

necessary to assist such counsel in the preparation of the litigation;

2. Any expert or consultant expressly retained by any attorney described in paragraph III(A)(1) to work in this or a related action, with disclosure only to the extent necessary to perform such work;

3. Any director, officer, or employee of a party to this Order who is working directly on this or a related litigation, with disclosure only to the extent necessary to perform such work;

4. Any person whose testimony is taken or to be taken, either at trial, motions or depositions, except that (a) such person may only be shown copies of Confidential Business Information during his testimony and in preparation therefor, (b) such person may not retain any Confidential Business Information, and (c) such person must execute Exhibit A attached to this Protective Order before any CONFIDENTIAL Information is disclosed;

5. The Court and Court personnel; and

6. Mock jurors engaged by any attorney or consultant in preparation for trial, excluding, however, individuals who are or have been officers, directors, agents, representatives, or employees of a named party or any company engaged in the business of banking, loans, or other similar financial transactions, or owner of more than a ten-percent interest in a named party. Any potential mock juror shall first sign a confidentiality agreement in the form of Exhibit A hereto, and such confidentiality agreements shall be retained under the control of counsel until the termination of

this action. Upon final termination of the action and at the written request of the person designating or producing such disclosed Designated Material, all such agreements executed by such mock jurors to whom such material has been disclosed shall be provided to counsel for the person that designated or produced such Designated Material.

      B.    If any information designated as "CONFIDENTIAL" by any party shall have been disclosed to any person not authorized to receive such information under this Stipulation, then within twenty (20) days after receipt of notice that such information has been disclosed, the parties to this Agreement shall make a good faith effort to determine how such information was disclosed and by whom and to report such findings to the other party. If the parties are unable to determine how and by whom such information was disclosed, to the satisfaction of both parties, within such twenty (20) day period, then the party designating such information as "CONFIDENTIAL" shall have the right to immediate production from all other parties of true and complete copies of all signed Agreements of confidentiality as shown in Exhibit "A" attached hereto. Failure to timely produce copies of such Agreements upon proper demand shall constitute a breach of this Stipulation and subject the offending party to sanctions as shall be determined by the Court, unless the non-producing party has legitimate grounds for refusing to produce the Agreements, as determined by the Court with the non-producing party bearing the burden of proof for the non-disclosure of any Agreements. This Section is not intended to allow any party to obtain copies of signed Agreements of confidentiality for any improper purpose, such as determining the identity of experts or consultants employed by any party

or obtaining information protected by attorney-client or work product privileges. This section is intended to protect the parties' right to have information designated "CONFIDENTIAL" kept confidential and not disseminated to persons not authorized by this Agreement to have such information. The parties agree that, in the event of an unauthorized disclosure, the designating party has a legitimate right to determine how and by whom such disclosure was made and this section should be interpreted by the Court with that purpose in mind.

C. Documents designated "CONFIDENTIAL" may be disclosed to any person who appears as an author or addressee on the face of the document, or to any person who in fact previously and lawfully received the document, except if that person received the document in violation of this stipulation, or to any officer, director, regular employee or attorney (including legal assistants and regularly employed office staff) of the party producing the document.

D. If the information designated as 'CONFIDENTIAL" is to be used, quoted, described, and/or referred to, in whole or in part, in any deposition, the parties retain the right to restrict the attendees at any such proceeding to persons to whom disclosure of CONFIDENTIAL information is permitted under this Order.

E. Any person being given access to Confidential Business Information shall, prior thereto, be provided with a copy of this Order. Persons described in paragraphs III(A)(2), (3), (4), and (6) must also sign the confidentiality agreement attached as Exhibit A hereto prior to being given access to Confidential Business Information. Copies of the signed agreements shall be maintained by

*Alan Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation, Ltd., et al.*
*Civil Case No. CV03-00036*
*STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY*
*Page 8*

the counsel of record for the disclosing party.

F. All persons except the Court are enjoined from disclosing Confidential Business Information to any other person, except in conformance with this Order. Confidential Business Information shall be stored and maintained in a manner to preserve its confidentiality and to prevent all persons, other than those provided in paragraph III(A) above, from having access to or obtaining disclosure of Confidential Business Information.

G. Copies, extracts and translations may be made by or for the foregoing persons, provided that all copies, extracts and translations are appropriately marked. All copies, extracts and translations are subject to Section VI of this Order.

## IV. DISPUTE RESOLUTION PROCEDURE

Within ten calendar days after production of information designated as "CONFIDENTIAL," the non-producing party may object to such designation by giving written notice to the designating party or witness and to all other parties. Such notice shall identify with reasonable specificity the information to which the objection is directed and the basis of the objection. If the dispute cannot be resolved consensually, it shall be the obligation of the party objecting to the "CONFIDENTIAL" designation, upon at least twenty calendar days notice to the designating party or witness, to request that the matter be heard, along with any other pending discovery disputes, at an expedited hearing. The party making the "CONFIDENTIAL" designation shall bear the burden of showing that the information sought to be protected is entitled to the designation. The disputed information shall be

C:\My Documents\HSBC STIPULATED PROTECTIVE ORDER REV. 30.1.04..doc

Case 1:03-cv-00036   Document 57   Filed 02/11/2004   Page 8 of 13

treated as CONFIDENTIAL pending a ruling from the Court.

### V. PLACEMENT UNDER SEAL

Subject to further order of this Court, any Confidential Business Information submitted, presented to, or filed with this Court shall be placed under seal and not made available to persons other than the Court and persons authorized by this Order. In applications and motions to the Court, all submissions of Designated Material shall be filed with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material shall be ~~held in camera~~ sealed. [handwritten initials]

If a non-producing party fails to do so, the producing party may request that such Confidential Business Information be placed under seal and restricted to the Court and those persons authorized by this Order. In the event that any Confidential Business Information is used in any court proceeding herein, it shall not lose its protected status through such use, subject to the Court's approval [handwritten initials] and the parties and their attorneys shall

take all steps reasonably required to protect its confidentiality during such use.

## VI. RETURN OF DISCOVERY MATERIAL

Within sixty days of the termination of this litigation, each party and its attorneys whose signature is attached hereto shall return all Confidential Business Information and all copies thereof. Counsel for each party may keep one copy of any pleadings, transcripts of hearings and trial, containing Confidential Business Information. All additional copies of such materials shall be destroyed.

## VII. EFFECT ON ADMISSIBILITY

This Order shall have no effect on, and is completely neutral regarding, the admissibility of Confidential Business Information. This Order will not act as a waiver of any privilege by the parties producing Confidential Business Information.

## VIII. CONTINUING JURISDICTION OF THE COURT

This Court shall have continuing jurisdiction to modify, amend, or rescind this Order throughout the course of this action and any related action or appeals of this action.

## IX. THIRD PARTIES

A. Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is held by a party under an obligation of confidentiality to an individual, entity, or entities not party to this action (a "third party"), the party to whom the discovery request is

directed may, prior to the time that production or a response is due, move the Court for an Order directing that the party not be required to respond to such discovery request.

B. Should any party to this action seek discovery from a third party, the third party shall be notified of the existence of the order and provided with a copy upon the third party's request. Such third party may designate documents in accordance with the provisions of this Order and the parties agree to treat designated documents in the same manner as documents designated by the parties to this action.

C. If any party to this action receives a subpoena from a third party that potentially calls for the production of documents designated "CONFIDENTIAL" in this action, the party receiving the subpoena shall notify and provide a copy of the subpoena to the designating party within seven calendar days of receipt of the subpoena and, in any event, sufficiently in advance of the time for producing the documents to allow the designating party to seek relief from this or another Court of competent jurisdiction.

## X. COMPUTATION OF TIME

In computing any period of time contemplated by this Protective Order, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, a Federal or Government of Guam holiday, or a day on which weather or other conditions have made the office of the Clerk of the District Court of Guam inaccessible, in which event, the period runs until the end of the next business day which is not one of the aforementioned days.

**SO ORDERED.**

**DATED** this 11th day of February, 2004.

_____
**HONORABLE JOHN S. UNPINGCO**
**Judge, District Court of Guam**

**SO STIPULATED AND**
**AGREED TO BY:**

Dated: 2/3/04

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
**JACQUES G. BRONZE**
*Attorneys for Defendant*
*Hongkong and Shanghai Banking*
*Corporation, Ltd.*

Dated: 2/3/04

**ARRIOLA, COWAN & ARRIOLA**

By: _____
**ANITA A. ARRIOLA**
*Attorneys for Plaintiffs*

# EXHIBIT "A"

## AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED BY THE DISTRICT COURT OF GUAM
### *ALAN SADHWANI, et al. v. HONGKONG and SHANGHAI BANKING CORPORATION, LTD., et al.*
### DISTRICT COURT CASE NO. CV03-00036

I acknowledge and agree that any information provided to me which a party or witness to this action has designated as "CONFIDENTIAL" shall be used solely for the purposes of conducting this litigation, and for no other purposes, and that I may not disclose such information to anyone other than pursuant to the terms of the Protective Order entered in this action by the District Court of Guam. I acknowledge that I have read the Protective Order, I understand its terms, and I agree to be bound thereby.

Signed this _____ day of _____, 200__, at _____.

[Signature]

Name (Printed):_____

Relationship to or Interest in this
Action:_____

Business/Work Address and Phone:_____
_____
_____