JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:    (671) 477-9734
Email: acalaw@netpci.com



FILED
DISTRICT COURT OF GUAM
MAR 2 9 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) CIVIL CASE NO. 03-00036 ) ) |
| Plaintiffs, | ) PLAINTIFFS' EX PARTE ) APPLICATION FOR ISSUANCE OF ) LETTER OF REQUEST TO TAKE |
| vs. | ) DEPOSITIONS OF MAGNUS MONTAN ) AND CHRISTOPHER PAGE IN HONG |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) KONG; MEMORANDUM OF POINTS ) AND AUTHORITIES ) ) Discovery Deadline: June 8, 2004 |
| Defendants. | ) Trial Date: September 21, 2004 ) ) ) |

**TO:   DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS
COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that Plaintiffs Alan Sadhwani, et al. will bring on for hearing their

Ex Parte Application for a Letter of Request to take the depositions of Magnus Montan and

Christopher Page in Hong Kong, on March ____, 2004, at _____ ___.m., or as soon as the Court

may schedule the matter to be heard, in the U.S. District Court of Guam, 4th Floor, U.S. Courthouse,

520 West Soledad Avenue, Hagatna, Guam 96910.

ORIGINAL

This ex parte application is based on Local Rule 7.1(j) of the Local Rules of the U.S. District Court of Guam, Rules 26 and 28(b) of the Federal Rules of Civil Procedure, and all of the pleadings and files in this matter.

Dated this 29th day of March, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

BY: _Anita P. Arriola_
**ANITA P. ARRIOLA**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR LETTER OF REQUEST

Plaintiffs Alan Sadhwani, Laju Sadhwani and K. Sadhwani's, Inc. (collectively "plaintiffs") had a long-term banking relationship with defendant HongKong Shanghai Banking Corporation, Ltd. ("HSBC") for over 25 years. In November 2002, plaintiffs entered into a loan agreement entitled "Amendment to Credit Facility/Lease" with HSBC ("the Loan") for over $6 million, secured by several valuable pieces of Guam real estate. When plaintiffs had difficulty making payments on the loan, the parties entered into a loan workout agreement on March 21, 2003. Pursuant to that loan workout agreement, plaintiffs sought alternate financing and attempted to sell some of their properties. Notwithstanding its obligations under the loan workout agreement, and in violation of that agreement, HSBC sold the Loan to a non-bank, Paradise Marine Corporation.

Plaintiffs filed a complaint alleging that HSBC breached the loan agreement; breached its duty of good faith and fair dealing; breached the loan workout agreement; committed intentional misrepresentation; and breached banking and confidentiality laws, all to plaintiffs' detriment. Plaintiffs seek compensatory and punitive damages.

-2-

This proceeding is scheduled for trial beginning on September 21, 2004 in the United States District Court of Guam. The discovery deadline (the date for completion of all discovery, including depositions) in the case is June 8, 2004. The evidence sought herein is essential to the trial in this proceeding, is intended to be given at trial, and will be admissible at trial.

One of the central issues in the case is whether HSBC, by and through its employees, breached the loan workout agreement with plaintiffs by selling the Loan to Paradise Marine Corporation. Magnus Montan and Christopher Page are employees at HSBC Hong Kong who were involved in the decision to sell the Loan to Paradise Marine Corporation and were also involved in the negotiations for the sale of the Loan. Messrs. Montan and Page will be examined on, among other things, their education and employment background, their actions and course of conduct in the decision to sell the Loan to Paradise Marine Corporation, and their negotiations in the sale of the Loan.

Although all of the above-mentioned relate directly to issues and disputes in this proceeding, and HSBC identified both men as persons who are "known or believed to have substantial relevant information," (see A. P. Arriola Decl., Exh.1), HSBC has declined to produce Mr. Montan or Mr. Page voluntarily for their depositions, either in Guam or in Hong Kong. See A. P. Arriola Decl., Exhs. 2 and 3.

Accordingly, plaintiffs seek a letter of request and the assistance of the Chief Justice of the Hong Kong Special Administrative Region to direct the taking of the depositions of Magnus Montan and Christopher Page on oral examination.

/ / /

/ / /

-3-

F.R.C.P. Rule 28(b) provides:

> Depositions may be taken in a foreign country (1) pursuant to any
> applicable treaty or convention, or (2) pursuant to a letter of request
> (whether or not captioned a letter rogatory), or (3) on notice before a
> person authorized to administer oaths in the place where the
> examination is held, either by the law thereof or by the law of the
> United States, or (4) before a person commissioned by the court, and
> a person so commissioned shall have the power by virtue of the
> commission to administer any necessary oath and take testimony. A
> commission or a letter of request shall be issued on application and
> notice and on terms that are just and appropriate . . .

Here, a letter of request is necessary for the depositions of Messrs. Montan and Page to be
taken in Hong Kong where they reside and work. Under the Hague Convention on the Taking of
Evidence Abroad in Civil or Commercial Matters (to which Hong Kong is a signatory), a letter of
request from this Court is the appropriate procedure for requesting that the appropriate judicial
authority in Hong Kong direct the taking of Messrs. Montan and Page's depositions. At the same
time, there is no reason that such a letter of request should not issue: Messrs. Montan and Page have
highly pertinent information directly relevant to essential issues and disputes in this proceeding.
In re: The Matter of Central Gulf Lines, Inc., 2000 WL 713185 *3 (E.D. La. 2000) (granting motion
for issuance of letters of request to Kingdom of Norway to depose certain witnesses, after
recognizing mandatory language of Rule 28(b) that letter of request "shall" be issued on application
and notice on terms that are just and appropriate).

HSBC refuses to stipulate to the issuance of a letter of request for the depositions of Messrs.
Montan and Page. Based upon the foregoing, and on the attached Declaration of Anita P. Arriola,
plaintiffs Alan Sadhwani, et al. respectfully request that this Court issue a letter of request
authorizing and appointing the Chief Justice of the Hong Kong Special Administrative Region to

-4-

direct the taking of the depositions of Magnus Montan and Christopher Page on oral examination in the form of the [Proposed] Letter Of Request For Taking the Depositions of Magnus Montan and Christopher Page in Hong Kong.[1]

Dated this 29th day of March, 2003.

ARRIOLA COWAN & ARRIOLA

By: _____
ANITA P. ARRIOLA
Counsel for Plaintiffs Alan Sadhwani, et al.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

---

[1] The deposition questions for Magnus Montan and Christopher Page and attached exhibits are subject to a Stipulated Protective Order Governing Discovery in this case and are therefore filed separately and under seal with the Court.

-5-

# CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on March 29, 2004, I caused to be served via

hand delivery, a **PLAINTIFFS' EX PARTE APPLICATION FOR ISSUANCE OF LETTER**

**OF REQUEST TO TAKE DEPOSITIONS OF MAGNUS MONTAN AND CHRISTOPHER**

**PAGE IN HONG KONG; MEMORANDUM OF POINTS AND AUTHORITIES** to:

> **Jacques A. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 29th day of March, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-6-