LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

**FILED**
DISTRICT COURT OF GUAM
MAR 31 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF EX PARTE APPLICATION FOR ORDER STAYING ALL DEPOSITIONS PENDING DETERMINATION OF HSBC's MOTION TO DISMISS** |

I, JACQUES G. BRONZE, do hereby declare as follows:

1. I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

2. I am admitted to practice before this Court and am counsel responsible for the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC"). A good faith effort has been made by counsel to advise counsel for Plaintiffs of the substance of HSBC's Ex Parte Application for Order Staying All

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze in Support of Ex Parte Application for Order Staying All Depositions
Pending Determination of HSBC's Motion to Dismiss
Page 2 of 3 pages

Depositions Pending Determination of HSBC's Motion to Dismiss ("Ex Parte Application"). Copies of all pleadings relating to the Ex parte Application and Motion will be served upon Plaintiffs' counsel upon filing with this Court. The date and time the Court will consider the Ex parte Application is not yet known. However, as soon as such information is made available to my office we will advise Plaintiffs' attorneys.

3. It is expected that counsel for Plaintiffs will oppose the Ex Parte Application and will desire to be present if and when the Ex parte Application is either presented to or entertained by the Court.

4. It is important and urgent that the Motion be heard as soon as possible because HSBC's Motion to Dismiss all causes of action in the Complaint was heard by the Court on February 13, 2004, and was taken under advisement by the Court. As more fully described in the Motion, Plaintiffs are attempting to notice and conduct as many as ten (10) depositions, some of which will take place in foreign countries at great expense to the parties. In the event that this Court grants HSBC's Motion to Dismiss in its entirety, none of the depositions will be necessary. In the event the Court grants the Motion to Dismiss in part, the Court may simply dismiss certain causes of action from the Complaint or allow the Plaintiffs leave to file an amended complaint. Under either circumstance, the scope and nature of Plaintiffs' claim will be altered which may drastically effect the scope of discovery permissible in this case.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze in Support of Ex Parte Application for Order Staying All Depositions
Pending Determination of HSBC's Motion to Dismiss
Page 3 of 3 pages

5. HSBC has requested that counsel for Plaintiffs stipulate to the entry of an Order staying all depositions pending a decision on the Motion to Dismiss but Plaintiffs have refused. The first scheduled depositions are set to commence in Guam on May 3, 2004, and it is anticipated that Plaintiffs will notice depositions for the latter part of April, 2004. Further, this Court has issued letters of request for depositions to be conducted in Hongkong on dates presently unknown. Accordingly, HSBC has no other alternative than to apply to this Court for ex parte relief.

6. This Declaration is made in compliance with Local Rule 7.1(j)(1).

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this 31st day of ~~April~~ Mar, 2004.

JACQUES G. BRONZE