**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*



FILED
DISTRICT COURT OF GUAM
MAR 3 1 2004
MARY L. M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ALL DEPOSITIONS PENDING DETERMINATION OF ITS MOTION TO DISMISS |

### JURISDICTION

This action is before this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1322 and 48 U.S.C. § 1424. This Court has jurisdiction to hear this motion pursuant to FRCP 26(c).

### FACTS

On or about October 21, 2003, Plaintiffs filed a Complaint asserting various lender liability claims against Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC"). On December 30, 2003, pursuant to FRCP 12(b)(6), HSBC filed its Motion to Dismiss Plaintiffs' entire Complaint. See, Declaration of Jacques G. Bronze. Oral arguments have already been

heard on HSBC's Motion and this Court reserved decision on February 13, 2004. See, Declaration of Jacques G. Bronze. To date, no decision has been issued. Although both parties have propounded interrogatories and requests to produce on each other, Plaintiffs now seek to depose various witnesses including various officers of First Hawaiian Bank, Joseph K. Fang, as well as depositions of officers of HSBC, more specifically, Messrs. Fred Granillo and I.C. Underwood, whose depositions are scheduled for May 3 and May 5, 2004, respectively. See, Declaration of Jacques G. Bronze. Due to the pending decision to be issued by the Court, moving forward on these proposed depositions would be a gross waste of time and resources.

Moreover, in a letter dated March 23, 2004, to Plaintiffs' counsel, HSBC advised Plaintiffs that it reserved its rights to conduct future depositions of the same witnesses should this Court rule in Plaintiffs' favor permitting Plaintiffs to file an Amended Complaint. See, Declaration of Jacques G. Bronze.[1] In response, Plaintiffs' counsel in a letter dated March 26, 2004, stated "[r]egarding HSBC's reservation of its right to conduct future depositions of the same deposition depending upon the filing of Amended Complaint, Plaintiffs dispute that such right exists." See, Exhibit "1" attached to the Declaration of Jacques G. Bronze.

## ANALYSIS

### UNTIL THIS COURT RULES ON HSBC's MOTION TO DISMISS, THIS COURT IS AUTHORIZED TO STAY ALL DEPOSITIONS PURSUANT TO FRCP 26(c)(4).

FRCP 26(c)(4) provides that the court may limit discovery so "that certain matters [may] not be inquired into, or that the scope of disclosure or discovery be limited to certain matters"

---

[1] On p. 7 of Plaintiffs' Memorandum filed on January 16, 2004, Plaintiffs argued that they have found newly discovered evidence which would ". . . warrant allowing Plaintiffs to amend their complaint to provide further support for their claim of breach of the covenant of good faith and fair dealing."

upon a showing of good cause or where ". . . justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

A stay of discovery is appropriate when the motion appears to have substantial grounds or, stated in another way, does not "appear to be without foundation in law." See, Johnson v. New York University School of Education, 205 FRD 433, 434 (S.D.N.Y. 2002) (District Court granted stay of discovery pending outcome of Defendant's motion to dismiss); see, also, GTE Wireless, Inc. v. Qualcomm, Inc., 192 FRD 284 (S.D. Cal. 2000) (Magistrate Court reversed since it committed clear error and failed to more fully balance the harm of allowing discovery against the harm of a stay as Defendant had met its burden to show good cause and reasonableness to stay discovery pending the adjudication of Defendant's motion); Golden Gate Audubon Society, Inc. v. U.S. Army Corps of Engineers, 717 F. Supp. 1417, 1424 (N.D. Cal., 1988).

In a determination of whether to stay discovery, a court must consider the following factors, none of which is singly dispositive:

(a)  The type of motion or whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations;

(b)  The nature and complexity of the action;

(c)  Whether the counterclaims or crossclaims have been interposed;

(d)  Whether some or all of the defendants join in the request for the stay, the posture or stage of litigation;

(e)  The expected extent of discovery in light of the number of parties; and

(f)  The complexity of the issues in the case.

See, 6 MOORE'S FEDERAL PRACTICE, 3D, § 26.105(3)(C), P. 26-268.5-269.

In the instant case, HSBC's Motion to Dismiss was filed with this Court on December 30, 2003. The Motion to Dismiss was based on FRCP 12(b)(6), which in its nature challenges all the counts of Plaintiffs' Complaint as a matter of law. Plaintiffs' action is in the nature of a lender liability action. The Complaint consists of six (6) counts asserting various causes of action with varied complexity. HSBC has asserted a counterclaim for all its attorney's fees for defending this action.

Since there are only two (2) parties in this matter, there are no other defendants necessary to join in the request for the stay. With regard to the expected extent of discovery, Plaintiffs have already noticed three (3) depositions including one for Joseph K. Fang, and are intending to depose various officers from First Hawaiian Bank, and potentially, HSBC's former employee, Lawrence Zhang. See, Declaration of Jacques G. Bronze. In addition, Plaintiffs have recently filed an *Ex Parte* Application for Letters of Request to depose two (2) of HSBC's officers in Hongkong. See, Declaration of Jacques G. Bronze. In total, Plaintiffs are intending to depose between five (5) to ten (10) potential witnesses. See, Declaration of Jacques G. Bronze.

In regards to the complexity of the issues, Plaintiffs' Complaint is based on a breach of covenant of good faith and fair dealing, intentional misrepresentation, breach of contract, breach of workout agreement, breach of fiduciary duty and breach of banking and confidentiality laws. There is no dispute regarding the complexity of some of these issues notwithstanding that the Guam Supreme Court has not previously ruled on any of these legal issues being raised against a lender.

In considering the above factors, the Court must balance the harm produced by delaying discovery against the possibility that the Motion will be granted and entirely eliminate the need for such discovery.

Even if staying the depositions would extend the time necessary to conduct discovery and potentially vacate the trial date,[2] the harm to HSBC is greater since it could be foreclosed from conducting additional depositions after Plaintiffs file their proposed Amended Complaint, which HSBC denies. See, Declaration of Jacques G. Bronze. Moreover, if the Court decides the legal issues presented in HSBC's Motion to Dismiss in favor of Defendant, all or most of the depositions and further discovery would be meaningless and result in substantial waste of time and money of both parties. Even if only a few counts of the Complaint are dismissed, the proposed depositions would have a much narrower scope, thus reducing the length of the depositions. Even if Plaintiffs would stipulate to permitting HSBC to conduct follow-up depositions should it be permitted to amend its Complaint, it would be a gross waste of time and money since some of the deponents are in foreign countries. See, Declaration of Jacques G. Bronze.

Notwithstanding that the potential prejudice to HSBC outweighs the delay, HSBC's motion on its face raises purely legal issues which have a clear possibility of being granted. Although there may be some delay if all depositions are stayed, Plaintiffs are not severely prejudiced since they still can continue to use other discovery methods in preparation of their case.

HSBC has in good faith attempted to obtain Plaintiffs' agreement to a Stipulation regarding a stay of these depositions so as to avoid the need to file this *Ex Parte* Motion, but such effort was unproductive, as is more fully shown by the Declaration of Jacques G. Bronze.

For the foregoing reasons, HSBC requests this Court to enter a protective order limiting discovery as follows:

---

[2] It is to be noted that under the current trial date, this would have been pending for less than a year. A few months delay would not prejudice Plaintiffs since Plaintiffs' obligations under its loan owned by Paradise Marine Corporation are no greater than when HSBC owned the loan. See, Declaration of Jacques G. Bronze.

- 5 -

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Pts & Auth.Mtn to Stay Depo.doc

Case 1:03-cv-00036　　Document 70　　Filed 03/31/2004　　Page 5 of 6

1. Ordering that no depositions be conducted until this Court has an opportunity to rule on HSBC's Motion to Dismiss; and

2. To the extent that the parties need additional time to conduct discovery, the parties can file an Amended Scheduling Order as soon as this Court issues its Decision on HSBC's Motion to Dismiss.

*Respectfully submitted* this 31st day of March 2004.

LAW OFFICES OF BRONZE & TANG
A Professional Corporation

By: _____
JACQUES G. BRONZE
*Attorneys for Hongkong and Shanghai Banking Corporation, Ltd.*
