JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734
Email: acalaw@netpci.com

FILED
DISTRICT COURT OF GUAM
APR - 2 2004
MARY L. M. MORAN
CLERK OF COURT

69

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES DISTRICT
## COURT OF GUAM

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>        **Plaintiffs,**<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>        **Defendants.** | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO STAY ALL DEPOSITIONS PENDING DETERMINATION OF ITS MOTION TO DISMISS** |

## INTRODUCTION

Plaintiffs Alan Sadhwani, et al. file this Opposition to defendant HongKong and Shanghai Banking Corporation Ltd.'s ("HSBC") Ex Parte Motion to Stay All Depositions Pending Determination of its Motion to Dismiss. HSBC's motion to stay depositions is based solely on the fact that its Rule 12(b)(6) Motion to Dismiss, submitted to the Court after oral argument, is still pending and has not yet been determined by the Court. HSBC fails to disclose that the motion is completely at odds with it's recent agreements with plaintiffs to take the depositions of certain witnesses in late April and early May, 2004. HSBC should not be allowed to renege from its

ORIGINAL

agreements, particularly where notices of depositions have been served, and arrangements and schedules of counsel have been cleared to take those depositions. HSBC provides no compelling reason that it should not be required to abide by its agreement.

Further, as discussed more fully below, a stay of depositions is inappropriate merely because a motion to dismiss has been filed. Plaintiffs would suffer extreme hardship and severe prejudice by a stay of discovery. Plaintiffs are greatly burdened by the monthly $75,000 loan payments that they can ill afford yet are required to make to Paradise Marine Corporation ("PMC"), the purported purchaser of plaintiffs' Loan. These are payments that they would not have been required to make had HSBC not breached the workout agreement and the loan agreement. PMC has already demanded the principal and interest of the Loan to be paid in full and has threatened foreclosure of plaintiffs' valuable properties. Any delay in resolution of this case would have disastrous consequences for plaintiffs.

In addition, HSBC is closing its office in Guam and several former employees with pertinent knowledge of the issues in this case have already moved off-island. Failure to allow plaintiffs to take the depositions of HSBC employees who remain in Guam would likely result in those witnesses moving off-island and requiring plaintiffs to take their depositions later outside of Guam, at great expense. Failure to allow the depositions of all witnesses now will result in faded or inaccurate memories of matters and events that occurred just last year (from March through August 2003), the critical time period alleged in the complaint when HSBC's wrongful acts occurred.

Finally, HSBC has engaged in a strategy of "stall and delay" in discovery in this case. Plaintiffs submit that HSBC's motion to stay all depositions is yet another tactic to avoid its discovery obligations, delay discovery, and continue the trial date.

For all of these reasons, HSBC's motion for stay of depositions should be denied.

## ARGUMENT

### I. HSBC AGREED TO THE TAKING OF CERTAIN DEPOSITIONS AND SHOULD BE BOUND BY ITS AGREEMENT.

HSBC's motion for stay of depositions is completely at odds with its prior conduct and agreements in this case. HSBC's counsel Jacques Bronze informed plaintiffs' counsel that he would be off-island the first part of April and requested the availability of plaintiffs' counsel in March for the deposition of Chris Felix. A. Arriola Decl., Exh. 1. Ms. Arriola provided available dates in March for Mr. Felix's deposition and requested whether HSBC Guam employees Chris Underwood and Fred Granillo would be produced voluntarily for their depositions or whether plaintiffs would be required to subpoena them. Id., Exh. 2. In consideration of Mr. Bronze's personal travel schedule, Ms. Arriola agreed to hold off taking the depositions of Underwood and Granillo until the week of April 19, 2004. Id. Mr. Bronze wrote and confirmed that he would be off-island from April 7 to 23, 2004 and requested that Ms. Arriola amend the dates for the Underwood and Granillo depositions. Id., Exh. 3. In addition, Mr. Bronze stated that with regard to any "stateside witnesses", he would prefer to conduct those depositions in March. Id.

Ms. Arriola agreed to take the Underwood and Granillo depositions on April 26, 2004. Id., Exh. 4. However, by telephone conversation of March 12, 2004, and at his request, Ms. Arriola and Mr. Bronze expressly agreed to plaintiffs' taking the depositions of Chris Underwood and Fred Granillo the week of May 3, 2004. A. Arriola Decl., Exh. 5. In order to accommodate Mr. Bronze's schedule, Mr. Bronze and Ms. Arriola agreed that plaintiffs would take the depositions of other Guam witnesses beginning April 28, 2004. Id. Mr. Bronze also requested Ms. Arriola's agreement to take the deposition of Chris Felix on March 22, 2004; Ms. Arriola agreed. Id. Mr. Bronze requested the specific dates for the Underwood and Granillo depositions, see A. Arriola Decl., Exh.

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

6, and Ms. Arriola scheduled the deposition of Fred Granillo for May 3, 2004 and the deposition of Chris Underwood for May 5, 2004. Id., Exh. 7. Ms. Arriola served Notices of Depositions for the Underwood and Granillo depositions on March 13, 2004. Id., Exhs. 8 and 9.

In the meantime, plaintiffs served a deposition subpoena on Joseph K. Fang, the owner of PMC, to take his deposition on April 28, 2004. A. Arriola Decl., Exh. 10. Mr. Fang's counsel Duncan McCully requested that the deposition be continued to May 7, 2004. A. Arriola Decl. Ms. Arriola agreed, as did Mr. Bronze. Id., Exh. 11. Ms. Arriola served an amended notice of deposition for Mr. Fang's deposition on March 25, 2004. Id., Exh. 12.

During all of the discussions and negotiations for the taking of the depositions, at no time did Mr. Bronze indicate that a stay of depositions was necessary or desirable for his client. A. Arriola Decl. Mr. Bronze also did not indicate that he would reserve the right to re-depose the same witnesses whose depositions had already been scheduled until after the agreement regarding the taking of the depositions was already reached. Id.

It was not until after plaintiffs filed their ex parte application for a Letter of Request to take the depositions of Magnus Montan and Christopher Page in Hong Kong that HSBC's counsel all of a sudden decided that his client needed a stay of depositions. Yet, HSBC did not object to issuance of the Letter of Request sought by plaintiffs. A. Arriola Decl., Exh. 13. These actions are directly contrary to the position it now seeks, which is to stay the depositions.

Having stipulated to the depositions of Underwood, Granillo, Fang and other Guam witnesses, HSBC offers no compelling reason why it should be able to disengage from its obligations under that agreement. For this reason alone, the Court should deny HSBC's motion for stay of depositions.

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## II. HSBC HAS NOT MET ITS BURDEN OF PROVING THAT A STAY OF DEPOSITIONS IN THIS CASE IS WARRANTED.

Imposition of a stay of discovery is not appropriate simply on the basis that a motion to dismiss has been filed. *See* In re Chase Manhattan Corp. Sec. Litig., No. 90 Civ. 6092 (LMM), 1991 WL 79432, at *1 (S.D.N.Y. May 7, 1991). The Court has discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. Transunion Corp. v. Pepsico, Inc., 811 F.2d 127, 130 (2d Cir. 1987). A stay of discovery is appropriate pending resolution of a potentially dispositive motion only where there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive. Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991); F.H. Krear & Co. v. 19 Named Trustees, 91 F.R.D. 497, 498 (S.D.N.Y. 1981); Technograph, Inc. v. Texas Instruments Inc., 43 F.R.D. 416, 417 (S.D.N.Y. 1967); *see also* Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987); Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984); Flores v. Southern Peru Copper Corp., 00 Civ. 9812 (CSH), 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001) (power to stay initial disclosures "pending resolution of [a] motion to dismiss, if the defendant makes a strong showing that the plaintiffs' claim is unmeritorious"). In considering whether a stay of discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. Hachette, 136 F.R.D. at 358.

The circumstances of this case and a balancing of interests weighs heavily in favor of plaintiffs and against a stay of depositions pending determination of HSBC's motion to dismiss.

### A. The Type of Motion or Whether it is a Challenge as a "Matter of Law" or to the Sufficiency" of the Allegations.

In discussing this factor, HSBC contends summarily that its motion to dismiss was based on

FRCP 12(b)(6), "which in its nature challenges all the counts of Plaintiffs' Complaint as a matter of law." (HSBC Memo. at 4; *see id.* at 5 "HSBC's motion on its face raises purely legal issues") HSBC is being less than candid with the Court, since nothing could be further from the truth.

HSBC challenged plaintiffs' claim for breach of the covenant of good faith and fair dealing both as a matter of fact, (HSBC Motion to Dismiss at 1-6), and as a matter of law. (<u>Id.</u> at 7-9). HSBC's motion to dismiss plaintiffs' claim for intentional misrepresentation was based exclusively on the sufficiency of plaintiffs' allegations. *See, e.g.*, HSBC Motion to Dismiss at 10-14 (challenging plaintiffs' factual allegations that HSBC agreed to accept replacement financing for Plaintiffs' Loan, promised to give plaintiffs a "hairline discount" and agreed to allow the sale of plaintiffs' properties).

On plaintiffs' claim for breach of contract relating to the Promissory Note Modification Agreement, HSBC argued that plaintiffs had not made any allegations as to when and how HSBC had breached the terms of the Agreement. (HSBC Motion to Dismiss at 14) and that therefore this claim should be dismissed. HSBC's challenge to plaintiffs' cause of action for breach of the loan workout agreement is exclusively factual - HSBC argued that plaintiffs failed to fulfill express conditions precedent contained in the workout agreement, thereby terminating HSBC's obligation to perform under the agreement. (HSBC Motion to Dismiss at 16-18). HSBC moved to dismiss plaintiffs' claim for breach of fiduciary duty both as a matter of law (<u>Id.</u> at 19-21) and as a matter of fact. (<u>Id.</u> at 21-23). HSBC's final attack on plaintiffs' claim for breach of banking and confidentiality laws was primarily procedural or technical - plaintiffs failed to specify the banking and confidentiality laws that were breached and further failed to allege damages (<u>Id.</u> at 24-25) - both of which can be cured with amendments to the complaint.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

In sum, HSBC does not challenge plaintiffs' complaint solely on pure questions of law, but on the sufficiency of the facts alleged to support the claims. HSBC's motion should therefore be denied. *See* Hachette, 136 F.R.D. at 358 (denying motion to stay discovery due to pending motion to dismiss and noting that discovery should be stayed only where issues are "purely questions of law that are potentially dispositive", such as jurisdictional challenges); 6 Moore's Federal Practice, § 16-105[3][c] (Matthew Bender 3d ed.) (factors relevant in stay application include "whether it is a challenge as a matter of law *or to the sufficiency of the allegations*") (Emphasis added).

## B. The Nature and Complexity of the Action and The Complexity of the Issues in the Case.

HSBC argues in a conclusory fashion that "[t]here is no dispute regarding the complexity of some of these issues," (HSBC Memo. at 4), without ever discussing the facts of the case or the issues involved. The facts of this case are quite simple. Plaintiffs had a virtually exclusive banking relationship with HSBC for over 25 years. In September 2002, plaintiffs had an outstanding loan balance of over $6.8 million with HSBC ("the Loan"). Apparently because it was not making sufficient profits on Guam to satisfy its management in Hong Kong, HSBC decided to abandon its operations in Guam. HSBC subsequently began to place undue pressure on plaintiffs to pay off their Loan. On March 5, 2003 the parties entered into a Promissory Note Modification Agreement which extended the maturity date of the Note to August 31, 2003. (Exh. C to Complaint) On March 21, 2003, HSBC and plaintiffs entered into a workout agreement to pay off plaintiffs' Loan, where plaintiffs would either sell their properties or obtain alternate financing. (Exhs G and H to Complaint) Relying upon this workout agreement and HSBC's representations, plaintiffs took all necessary steps to either sell their properties or try to obtain alternate financing from March 2003 through August 2003. It came as a total surprise to plaintiffs to receive from HSBC, in July 2003,

-7-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

HSBC's notice of intent to sell their Loan. Yet even during July 2003, HSBC represented that so long as plaintiffs obtained alternate financing HSBC would try to stop sale of the Loan.

As evidence produced in discovery by HSBC and PMC shows, HSBC never intended to work out plaintiffs' Loan, as it sold plaintiffs' Loan to PMC on June 25, 2003. HSBC lied to plaintiffs about intending to perform on the workout agreement. HSBC reneged on the workout agreement by refusing to consider plaintiffs' attempts to sell the securing real properties and obtain alternate financing. And HSBC lied about its agreement to try to stop the sale of the Loan if plaintiffs obtained alternate financing.

Plaintiffs' Complaint sufficiently establishes that all of their six causes of action are based upon the <u>same</u> foregoing facts and circumstances occurring in a narrow time period from February through August of 2003. Consequently, application of these same facts and circumstances to the six different causes of action will not be unduly complex.

**C.      Whether Counterclaims or Cross-Claims have been Interposed.**

HSBC has filed a counterclaim for attorneys fees.

**D.      Whether Some or All of the Defendants Join in the Request for a Stay, the Posture and Stage of Litigation**

HSBC is the only defendant in this case at this stage, although plaintiffs have named defendants Does I through X in the event they discover additional defendants.

Plaintiffs have served a first set of interrogatories and three sets of requests for production of documents. Based upon the documents produced by HSBC and PMC, plaintiffs are now in a position to commence depositions in the case. Plaintiffs are actively litigating their case and they are pursuing discovery expeditiously. HSBC served a first set of interrogatories and first set of requests for production of documents just last week.

Pursuant to the Scheduling Plan and Discovery Order in this case, the discovery cut-off is June 8, 2004. Discovery and dispositive motions must be filed by June 30, 2004. The trial date is September 21, 2004. Because of these impending deadlines, and pursuant to L.R. 16.1 (a),[1] it is critical and appropriate that plaintiffs take the depositions of witnesses in the case.

### E.     The Expected Extent of Discovery In Light of the Number of Parties.

There are only two parties in the case. The parties exchanged Rule 26 and L.R. 26.2 Initial Disclosures on December 12, 2003. HSBC served Supplemental Disclosures on February 11, 2004. HSBC's Supplemental Disclosures listed ten (10) individuals "known or believed might have substantial relevant discoverable information" who reside off-island. A. Arriola Decl., Exh. 14. Two individuals reside in Hong Kong; three in California; one in New Zealand; one in Texas; one in Massachusetts; one in South Africa; and one in Pakistan. Of the ten individuals identified by HSBC, seven (7) are former HSBC employees who worked closely with plaintiffs on their accounts and loans and no longer live in Guam. Plaintiffs do not intend to take the depositions of all of these former HSBC employees, as apparently not all of them were involved in the events of last year concerning the workout agreement and the sale of plaintiffs' Loan.     Based upon the number of individuals identified in HSBC's Supplemental Disclosures, plaintiffs anticipate that they may take up to ten depositions. HSBC's counsel has indicated that he wanted to take the deposition of Chris Felix this week, the plaintiffs during the second week of May, and First Hawaiian Bank officials. The number of depositions sought by each party is not unusual and falls well within the ten-deposition limit in F.R.C.P. 30 (a)(2)(A).

---

[1]  L.R. 16.1 (a) provides that "[c]ounsel are expected to complete pretrial discovery in the shortest time reasonably possible with the least expense."

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

### III. PLAINTIFFS WILL SUFFER EXTREME HARDSHIP AND PREJUDICE IF A STAY IS GRANTED.

In addition to consideration of all of the above factors, the Court should consider the respective interests and hardships to the parties. HSBC devotes a short paragraph in aid of its argument that it will suffer "greater" harm than plaintiffs if a stay of depositions is not granted. (HSBC Memo. at 5) This paragraph is woefully inadequate to meet the burden of establishing "annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c). Moreover, all of HSBC's demonstrations of "harm" are predicated on what would happen "if" the Court ruled this way or that way on its motion to dismiss. Such arguments are purely speculative and, more importantly, do not weigh in favor of a stay of depositions.[2] For example, HSBC argues that "if" the Court decides the "legal" issues in its favor, "all or most of the depositions and further discovery would be meaningless and result in substantial waste of time and money of both parties." This is simply untrue. As established above in Part II(B) and (F), HSBC challenged only two causes of action (breach of good faith and fair dealing and breach of fiduciary duty) both as a matter of law and as a matter of fact. The four remaining causes of action were challenged only as to the sufficiency of the factual allegations. Because discovery will focus on the <u>same</u> set of facts and circumstances relating to the relevant time period of February 2003 through August 2003 for all of the causes of action, depositions of all the same witnesses are relevant, appropriate, and inevitable.

HSBC also contends that even "if" a few counts of the complaint are dismissed, the proposed depositions would have a "much narrower scope, thus reducing the length of the depositions."

---

[2] HSBC's argument is similar to that rejected in <u>In re Chase Manhattan Corp. Securities Litigation</u>, 1991 WL 79432 (S.D.N.Y. 1991) and <u>Howard v. Galesi</u>, 107 F.R.D. 348, 350 (S.D.N.Y. 1985), where the courts pointed out that "the defendant has assumed that the underlying motion to dismiss will be successful."

-10-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

(HSBC Memo. at 5). This is not supported by the facts of this case or the Rules of Civil Procedure. Because the same facts and circumstances apply to all of the causes of action, the depositions cannot possibly be "narrower" in scope. For example, all of the witnesses will be questioned about the same facts and circumstances whether or not certain claims are dismissed. In addition, Rule 26 makes it clear that all matters are discoverable so long as they are relevant or appear "reasonably calculated to lead to the discovery of admissible evidence." Moreover, since F.R.C.P. 30(d)(2) has a mandatory 7-hour time limitation for all depositions,[3] HSBC's concern about the length of the depositions is unjustified.

Plaintiffs will suffer extreme hardship if a stay is imposed.[4] Plaintiffs' monthly payments of $75,000 to PMC, the purported purchaser of plaintiffs' Loan, are extremely onerous. Plaintiffs are having a very difficult time making ends meet. Id. Plaintiffs' retail business has been very slow since the Guam economy took a sluggish turn. Id. Plaintiffs' rental properties, which comprise a large portion of the monthly $75,000 payments, are not earning the money necessary to make the payments, since plaintiffs have lost a number of commercial tenants (including HSBC), tenants are slow in payment, and prospective renters are looking for the best deals in the market Id. PMC has already declared that payment in full of the principal and interest of the Loan is due in full and has also threatened to foreclose on plaintiffs' mortgages if they do not make the monthly Loan payments. Id., Exh. 1. Plaintiffs' properties are worth much more than the amount of the Loan.

---

[3] As the Court is aware, plaintiffs' ex parte application for a Letter of Request to take the depositions of Christopher Page and Magnus Montan in Hong Kong was accompanied by the deposition questions and exhibits for each witness, as required by the Hong Kong judicial authority. The number of deposition questions for each witness shows that each deposition will certainly not last seven hours and will likely take only a few hours each.

[4] By contrast, Johnson v. N.Y. Univ. School of Educ., 205 F.R.D. 433 (S.D.N.Y. 2002) , cited by HSBC, is inapposite, since the court found that the plaintiff there did not demonstrate prejudice by a stay of discovery.

-11-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

competent judicial authority in a foreign country to issue an order allowing the depositions to proceed. A. Arriola Decl. If the witnesses object to their depositions, this will result in further delay Id. Consequently, if a stay is granted, the depositions of witnesses in foreign countries will likely be delayed indefinitely.

Based on the totality of circumstances and the balance of inconveniences, plaintiffs would be severely prejudiced by a stay of depositions. The most practical, cost-efficient and expedient means of securing the "just, speedy, and inexpensive determination" (F.R.C.P. 1) of this action would be to allow all depositions to proceed immediately.

## IV. HSBC HAS CONSISTENTLY AVOIDED ITS DISCOVERY OBLIGATIONS IN THIS CASE AND IS ATTEMPTING TO DO SO AGAIN BY MOVING FOR A STAY OF DEPOSITIONS.

From the inception of this case, HSBC's tactic in discovery has been to stall and delay, and to avoid its discovery obligations unless plaintiffs threaten to file motions to compel. Plaintiffs therefore view HSBC's motion with great skepticism and submit that the motion is filed in order to delay discovery and continue the trial date. Indeed, HSBC explicitly alludes to this prospect: "[e]ven if staying the depositions would extend the time necessary to conduct discovery and potentially vacate the trial date, the harm to HSBC is greater . . . " (HSBC Memo. at 5)

HSBC's Initial Disclosures served on December 12, 2003 failed to provide the addresses and phone numbers of persons who had substantial information about the case and failed to provide a summary of the information possessed by such individuals, in violation of F.R.C.P. 26(a)(1). A. Arriola Decl. After demands by plaintiffs, HSBC finally served Supplemental Initial Disclosures on February 11, 2004 with the required information. Id.

HSBC refused to answer plaintiffs' first set of interrogatories and first set of requests for

-13-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

production of documents unless plaintiffs stipulated to a protective order. A. Arriola Decl. After months of wrangling about the terms of the protective order, the parties submitted a Stipulated Protective Order Governing Discovery to the Court. Id. Even after the Court signed the Protective Order, HSBC delayed until plaintiffs demanded responses to their first set of discovery requests. Id. In addition, it was not until plaintiffs' counsel pointed out that numerous documents were missing or not provided after receiving HSBC's first supplemental responses and objections that HSBC provided second supplemental responses and objections. Id.

Plaintiffs also challenged HSBC's answers and objections to plaintiffs' second set of requests for production of documents, as HSBC did not reference specific documents in their responses but merely pointed plaintiffs to numerous documents that had been previously produced. A. Arriola Decl. As a result of plaintiffs' insistence, HSBC served amended responses to the second set of discovery requests. Id.

More recently, HSBC refused to produce voluntarily the two individuals residing in Hong Kong, Magnus Montan and Christopher Page, who were intimately involved in the sale of plaintiffs' Loan. A. Arriola Decl., Exh. 1. HSBC demanded that plaintiffs obtain a Letter of Request to take the depositions of such individuals. Id. Plaintiffs therefore went to great trouble and expense in obtaining the Letter of Request, (including retaining Hong Kong counsel), and now HSBC is demanding a stay of all depositions.

Given all of HSBC's dilatory tactics in this case, plaintiffs submit that HSBC's motion to stay all depositions is merely another tactic to stall and delay the resolution of this case. The Court should not countenance such behavior and should deny the motion.

-14-

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny HSBC's motion to stay all depositions pending determination of its motion to dismiss.

Dated this 2nd day of April, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: _____
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-15-

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on April 2, 2004, I caused to be served via hand

delivery, a **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN**

**OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING**

**CORPORATION, LTD.'S MOTION TO STAY ALL DEPOSITIONS PENDING**

**DETERMINATION OF ITS MOTION TO DISMISS** to:

> **Jacques A. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 2nd day of April, 2004.

**ANITA P. ARRIOLA**

-16-