**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671



FILED
DISTRICT COURT OF GUAM
APR - 6 2004
MARY L. M. MORAN
CLERK OF COURT
74

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., )<br><br>Defendants. ) | **CIVIL CASE NO. 03-00036**<br><br>**SUPPLEMENTAL DECLARATION OF JACQUES G. BRONZE** |

**I, JACQUES G. BRONZE,** hereby declare and state as follows:

1.    All matters herein are based on my own personal knowledge.

2.    I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

3.    I am the counsel of record for Hongkong and Shanghai Banking Corporation, Ltd., ("HSBC"), in the above-entitled matter.

4.    I did not discuss a stay of the potential depositions since HSBC has been hoping that a ruling on the pending Motion to Dismiss will be forthcoming.

5. Attached as Exhibit "1" is a true and correct copy of the letter dated August 18, 2003, from First Hawaiian Bank denying Plaintiffs' application for a $3.5 million loan.

6. The alleged delay in filing the motion to stay the depositions has nothing to do with Plaintiffs' filing of their *Ex Parte* Application for Letters of Request, but rather that HSBC has chosen to wait as long as possible to see if a Court decision would be forthcoming on the Motion to Dismiss.

7. With the proposed depositions to commence sometime around April 28, 2004, and Plaintiffs' opposition to HSBC's right to re-depose these witnesses, should the Court permit Plaintiffs to amend their complaint, HSBC is left with no choice but to file the instant motion.

8. Plaintiffs argue that HSBC's failure to provide addresses and telephone numbers in their initial disclosures should be viewed as an attempt to avoid its discovery obligations. Since HSBC did not have all the pertinent information, it served Plaintiffs its initial disclosures with the information it had.

9. Attached as Exhibit "2" is a true and correct copy of the letter dated January 23, 2004.

10. Attached as Exhibit "3" is a true and correct copy of the letter dated January 6, 2004.

11. HSBC concedes that, due to the large volume of documents, there were documents that were missed, such as attachments to emails. It was certainly not HSBC's intent to evade its discovery obligations.

12. On December 16, 2003, HSBC forwarded a letter to Plaintiffs notifying them that they have failed to disclose and produce documents in their possession, which HSBC may use to support its claims of defenses as required by Rule 26(a)(1)(B).

- 2 -

13. Specifically, the letter notified Plaintiffs that they have not provided any documents relating to the listing of the properties with Century 21 as well as all loan applications and other loan documents from First Hawaiian Bank.

14. In addition, on January 5, 2004, HSBC forwarded a letter to Plaintiffs objecting to Plaintiffs conduct which it issued a Subpoena on the Custodian of Records of Paradise Marine Corporation, the third-party buyer of Plaintiffs' loan which was not served on HSBC's counsel's office until December 31, 2003. Based on Plaintiffs' conduct, HSBC had effectively one day to review and object, if necessary, to the Subpoena.

15. HSBC's conduct has not been dilatory and has acted within the ambit of the Federal Rules of Civil Procedure, notwithstanding, it has complied with all of Plaintiffs' requests. HSBC's motion to stay discovery is not propounded for purposes of delay, but to minimize the expenses of all parties and to protect HSBC from any prejudice that may arise should Plaintiffs be permitted to amend their complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this 5th day of April 2004.

JACQUES G. BRONZE


**First Hawaiian Bank**

# NOTICE OF ACTION TAKEN AND
# STATEMENT OF REASONS (BUSINESS CREDIT)

August 18, 2003

Mr. Ashok Sadhwani, President
K. Sadhwani's, Inc.
371 South Marine Drive, Suite A
Tamuning, Guam 96913-3911

**LOAN AMOUNT REQUESTED:**     **$3,500,000**
**TYPE OF LOAN REQUESTED:**     **Term Loan**

Dear Mr. Sadhwani:

Thank you for applying to us for credit. We have given your request careful consideration, and regret that we are unable to extend credit to you at this time for the following reasons:

- **Borrower is highly leveraged;**
- **Declining Profit Trend;**
- **Short term leases on rental propertly compared to term of the proposed loan;**

Please call me at 475-7853 if you have any questions.

Sincerely,

PATRICK B. OLIVA
Assistant Vice President

**Notice:** The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Deposit Insurance Corporation, Consumer Response Center, 2345 Grand Boulevard, Suite 100, Kansas City, Missouri 64108.

NOT-ACTN (7/1/02) BANCNET

**EXHIBIT 1**

LAW OFFICES
# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

January 23, 2004

**VIA: FACSIMILE**
**(671) 477-9734**

CONFIRMED

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

Re: *Sadhwani, et al. v. HSBC, et al.*; Civil Case No. 03-00036

Dear Anita:

I am in receipt of your letter dated January 20, 2004. Unfortunately, I cannot give you a response to your letter by today's date, however, I will provide a response addressing the issues surrounding the Stipulated Protective Order no later than Tuesday, January 27, 2004. In reference to the addresses of the persons identified in HSBC's initial disclosures, I have provided it to my client for a response. As you well know, quite a few of these former officers of HSBC Guam are now scattered all over the world. Only the HSBC's Hongkong office can provide an adequate response and thus, I have forwarded it to Hongkong for a response. Since it is Chinese New Year in Hongkong, we do not expect any response until the middle of next week. I will do my best to get this information to you no later than Friday, January 30, 2004.

I apologize for any inconvenience this may have caused you, however, due to the fact that HSBC's reply memorandum was due today, I was not able to address the issues surrounding the Stipulated Protective Order.

Best regards,

JACQUES G. BRONZE

cc: *Mr. Chris Underwood

JGB tc

D:\CLIENTS FILE\HSBC-Sadhwani\Ltrs\A.Arriola-Ltr.12.doc

LAW OFFICES
# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

TELEPHONE NO.: (671) 646-2001                                              FACSIMILE NO.: (671) 647-7671

## ~ ~ FACSIMILE TRANSMITTAL SHEET ~ ~

*Date*:          January 23, 2004

*To*:            Mr. Chris Underwood

*Firm:*          **HSBC - GUAM OFFICE**        **CONFIRMED**

*Fax No*:        646-3767

*From*:          Jacques G. Bronze, Esq.

*Subject*:       **Alan Sadhwani, et al. v. Hongkong Shanghai Banking Corporation, Ltd., et al.; Civil Case No. 03-00036**

                 Sending __2__ page(s) including cover sheet.

**[X] Original will not follow**          [ ] Original will follow by:
                                          Regular Mail: _____ Other: _____

---

### MESSAGE:

**PLEASE SEE ATTACHED DOCUMENT(S) IN CONNECTION WITH THE ABOVE-REFERENCED MATTER:**

Copy of letter of even date addressed to Attorney Anita P. Arriola for your files.

**Fax Sent By: Tony Camacho**

---

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE AND THE DOCUMENTS WHICH ACCOMPANY IT ARE CONFIDENTIAL COMMUNICATIONS SUBJECT TO THE ATTORNEY-CLIENT WORK PRODUCT PRIVILEGES. They are intended exclusively for the use of the addressee named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication or the accompanying document is strictly prohibited. If you have received this communication in error, please immediately notify the Law Offices of Bronze & Tang, P.C. by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

LAW OFFICES
# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

TELEPHONE NO.: (671) 646-2001                                    FACSIMILE NO.: (671) 647-7671

## ~   ~   FACSIMILE TRANSMITTAL SHEET   ~   ~

*Date*:           January 23, 2004

*To*:             Anita P. Arriola, Esq.

*Firm:*           **ARRIOLA, COWAN & ARRIOLA**          CONFIRMED

*Fax No*:         477-9734

*From*:           Jacques G. Bronze, Esq.

*Subject*:        ***Sadhwani, et al. v. HSBC, et al.***

                  Sending __2__ page(s) including cover sheet.

[X] Original will not follow              [ ] Original will follow by:
                                              Regular Mail: _____ Other: _____

| MESSAGE: |
|---|
| **PLEASE SEE ATTACHED DOCUMENT(S) IN CONNECTION WITH THE ABOVE-REFERENCED MATTER:** |
| Letter of even date. |
| **Fax Sent By:   Tony Camacho** |

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE AND THE DOCUMENTS WHICH ACCOMPANY IT ARE CONFIDENTIAL COMMUNICATIONS SUBJECT TO THE ATTORNEY-CLIENT WORK PRODUCT PRIVILEGES. They are intended exclusively for the use of the addressee named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication or the accompanying document is strictly prohibited. If you have received this communication in error, please immediately notify the Law Offices of Bronze & Tang, P.C. by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

## Transmission Report

Date/Time                        1-23-04: 3:35PM
Local ID                           671 6477671
Local Name               BRONZE /PIPES LAW
Company Logo     BRONZE/PIPES LAW OFFICES

his document was confirmed.
  (reduced sample and details below)
  Document Size  Letter-S

---

LAW OFFICES
### BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

TELEPHONE No.: (671) 646-2001                    FACSIMILE No.: (671) 647-7671

~ ~ FACSIMILE TRANSMITTAL SHEET ~ ~

| | |
|---|---|
| Date: | January 23, 2004 |
| To: | Anita P. Arriola, Esq. |
| Firm: | ARRIOLA, COWAN & ARRIOLA |
| Fax No: | 477-9734 |
| From: | Jacques G. Bronze, Esq. |
| Subject: | Sadhwani, et al. v. HSBC, et al. |

Sending **2** page(s) including cover sheet.

[X] Original will not follow      [ ] Original will follow by:
                                 Regular Mail: _____ Other: _____

**MESSAGE:**

PLEASE SEE ATTACHED DOCUMENT(S) IN CONNECTION WITH THE ABOVE-REFERENCED MATTER:

Letter of even date.

**Fax Sent By:** Tony Camacho

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE AND THE DOCUMENTS WHICH ACCOMPANY IT ARE CONFIDENTIAL COMMUNICATIONS SUBJECT TO THE ATTORNEY-CLIENT WORK PRODUCT PRIVILEGES. They are intended exclusively for the use of the addressee named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication or the accompanying document is strictly prohibited. If you have received this communication in error, please immediately notify the Law Offices of Bronze & Tang, P.C. by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

---

Total Pages Scanned : 2' Total Pages Confirmed : 2'

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|---|---|---|---|---|---|---|---|---|
| 1 | 217 | 4779734 | 1-23-04: 3:33PM | 1'46" | 2/  2 | EC | | CP 4800 |

** Notes **

| | | | |
|---|---|---|---|
| :: Error Correct | RE: Resend | PD: Polled by Remote | MB: Receive to Mailbox |
| :: Broadcast Send | MP: Multi-Poll | PG: Polling a Remote | PI: Power Interruption |
| >: Completed | RM: Receive to Memory | DR: Document Removed | TM: Terminated by user |
| :: Local Scan | LP: Local Print | FO: Forced Output | WT: Waiting Transfer |

## Transmission Report

Date/Time        1-23-04; 3:36PM
Local ID        671 6477671
Local Name      BRONZE /PIPES LAW
Company Logo   BRONZE/PIPES LAW OFFICES

his document was confirmed.
   (reduced sample and details below)
   Document Size   Letter-S

LAW OFFICES
### BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

Telephone No.: (671) 646-2001                    Facsimile No.: (671) 647-7671

~ ~ **FACSIMILE TRANSMITTAL SHEET** ~ ~

*Date:*     January 23, 2004

*To:*       Mr. Chris Underwood

*Firm:*     HSBC - GUAM OFFICE

*Fax No:*   646-3767

*From:*     Jacques G. Bronze, Esq.

*Subject:*  Alan Sadhwani, et al. v. Hongkong Shanghai Banking Corporation,
            Ltd., et al.; Civil Case No. 03-00836

            Sending   2   page(s) including cover sheet.

[X] Original will not follow          [ ] Original will follow by:
                                          Regular Mail: _____  Other: _____

**MESSAGE:**

PLEASE SEE ATTACHED DOCUMENT(S) IN CONNECTION WITH THE ABOVE-REFERENCED MATTER:

Copy of letter of even date addressed to Attorney Anita P. Arriola for your files.

**Fax Sent By: Tony Camacho**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE AND THE DOCUMENTS WHICH ACCOMPANY IT ARE CONFIDENTIAL
COMMUNICATIONS SUBJECT TO THE ATTORNEY-CLIENT WORK PRODUCT PRIVILEGES. They are intended exclusively for the use of the
addressee named above. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you
are hereby notified that any dissemination, distribution, or copy of this communication or the accompanying document is strictly prohibited. If you have
received this communication in error, please immediately notify the Law Offices of Bronze & Tang, P.C., by telephone and return the original message to us
at the above address via the U.S. Postal Service. Thank you.

---

Total Pages Scanned  :  2' Total Pages Confirmed :  2'

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|-----|-----|----------------|------------|----------|-------|------|----------|---------|
| 1 | 219 | 6463767 | 1-23-04; 3:35PM | 57" | 2/ 2 | EC | | CP 14400 |

Notes **
:: Error Correct      RE: Resend              PD: Polled by Remote     MB: Receive to Mailbox
:: Broadcast Send     MP: Multi-Poll          PG: Polling a Remote     PI: Power Interruption
:: Completed          RM: Receive to Memory   DR: Document Removed     TM: Terminated by user
:: Local Scan         LP: Local Print         FO: Forced Output        WT: Waiting Transfer

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

January 6, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques A. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

> **Re:** **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is in response to your letter dated December 24, 2003. In that letter you indicated that you would not produce any documents in response to the plaintiff's discovery requests unless the plaintiffs agree to entry of the protective order as proposed by you.

I have reviewed your proposed stipulated protective order governing discovery and it is overbroad and burdensome. In particular, we have the following objections:

1.      The stipulated protective order allows any "witness" to designate information as being confidential, regardless of whether or not that "witness" testifies at trial or is required to participate in the litigation during the discovery process. There is no definition as to what a "witness" is.

2.      The provisions regarding disclosure of confidential information to an expert or consultant contained in paragraph III (B) (1) and (2) are ambiguous and overbroad and effectively prevent the plaintiffs from retaining an expert or consultant of their choice.

3.      The dispute resolution procedure contained in paragraph IV is confusing and inconsistent in its terms. On one hand, you require the party <u>objecting</u> to the confidential designation to request that the matter be heard along with other pending discovery disputes at an expedited hearing. On the other hand, you require the party <u>making</u> the confidential designation to bear the burden of showing that the information sought to be protected is entitled to the designation. Under

**EXHIBIT** `"3"`

*Arriola, Cowan & Arriola*
Page 2

Jacques A. Bronze, Esq.
Bronze & Tang, P.C.
**Re:**    **Sadhwani et al. v. Hongkong Shanghai**
**Banking Corporation, Ltd., et.al, District Court**
**of Guam, Civil Case No. CV03-00036**
January 6, 2004

the Federal Rules of Civil Procedure, the party designating any information as being confidential bears the burden of proving that information is confidential, and not the party who is objecting to such designation.

     4.      Paragraph VI allows a party several opportunities to designate information as being confidential. We believe that the producing party has the burden of establishing that such information is confidential at the time of production and not several days later. There should only be one opportunity in which the party designates such information as confidential.

     5.      Paragraph X, which relates to third parties, imposes obligations upon the parties to this litigation which go above and beyond the requirements of the rules of discovery. The Federal Rules of Civil Procedure adequately protect any third party from burdensome discovery.

For all the foregoing reasons, we object to your proposed stipulated protective order. We enclose a draft of a Stipulation and Order for Entry of Protective Order, which we believe addresses all of your client's concerns. Please review the proposed protective order and provide a response at your earliest convenience.

                 Very truly yours,

                 **ANITA P. ARRIOLA**

Enclosure

APA/ctt

| DRAFT |
|-------|

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**Arriola, Cowan & Arriola**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

**Counsel for Plaintiffs**
 Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,      ) ) ) ) | CIVIL CASE NO. 03-00036 |
|     Plaintiffs,     ) ) | **STIPULATION AND ORDER FOR** |
| vs.     ) ) | **PROTECTIVE ORDER** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,    ) ) ) ) ) | |
|     Defendants.     ) ) | |

        IT IS HEREBY STIPULATED and AGREED, by and between the parties through their

undersigned counsel, for entry of a protective order in this action. The terms of the protective order

are as follows:

        1.        "Confidential Information", as used herein, means any information of any type, kind

or character which is designated as "Confidential" by either of the parties to the above-entitled

## DRAFT

proceeding, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or admission or otherwise. In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information, as set out in this paragraph and in paragraph 9. A party may designate any material produced or information revealed by a third party as Confidential Information within fourteen (14) days of receipt. In addition, a third party that is subject to discovery in this action may designate any materials, documents, or information produced by such third party as Confidential Information. Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be designated as "Confidential Information." "Confidential Information" includes any information that: (a) one in good faith believes is proprietary business information which is unavailable to the public and not readily determinable from other sources; (b) is treated by that party as confidential and is not disclosed to others; and (c) might be of value to a competitor of the designating party, whether party or non-party. Without limiting the generality of the foregoing, the following information, for example may be designated as "Confidential": corporate minutes; internal memoranda; tax returns or other tax information; or any other form of non-public corporate information that a party might treat as Confidential.

2.      "Qualified Persons," as used herein means:

(a)      The parties' respective attorneys of record in this proceeding and employees of such attorneys to whom the material is shown for purposes of such litigation;

-2-

**DRAFT**

(b)    The parties' respective in-house counsel, if any, who, prior to any disclosure of "Confidential" information to them, shall be designated in writing by the party, shall agree to be bound by the terms of this Order, and shall sign Exhibit A attached to this protective order;

(c)    Actual or potential independent experts or technical consultants, who, prior to any disclosure of "Confidential" or information to them, shall agree to be bound by the terms of this Order and shall sign Exhibit A;

(d)    Three (3) "in house" officers or employees of each party, who, prior to any disclosure of "Confidential" information to them, shall be designated in writing by the party, shall agree to be bound by the terms of this Order, and shall sign Exhibit A; and

(e)    Any other person who may be designated as a Qualified Person by Order of this Court, after notice to all parties.

3.    All Confidential Information produced or exchanged in the course of the litigation of this proceeding shall be used solely for purposes of such litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof; provided, however, that this Order shall not prohibit the disclosing party from making use of its own Confidential Information.

4.    Documents produced in this proceeding may be designated by any party as "Confidential" information by marking each page of the documents so designated with a stamp stating "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be

-3-

**DRAFT**

preserved for inspection.

5.    Information disclosed (a) at the depositions of a party's present or former officers, directors, employees, or agents or of independent experts retained by counsel for purposes of the litigation of this proceeding, or (b) at the deposition of a third party may be designated by any party or by such third party as "Confidential" information by indicating on the record at the deposition that the testimony is "'Confidential" and is subject to the provisions of this Order.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" from the main transcript. The separate transcript containing "Confidential," information shall have page numbers that correspond to the blank pages in the main transcript.

6.    (a)    "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

        (b)    Any documents produced in this proceeding, which are provided to Qualified Persons described in Paragraph 2(c) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents.

        (c)    Copies of documents produced under this Protective Order may be made, and exhibits comprised of such documents may be prepared, by independent copy services, printers, or illustrators for purposes of the litigation of this proceeding.

7.    Nothing herein shall prevent disclosure beyond the terms of this Order if the party designating the information as "Confidential" consents to such disclosure or if this Court, after notice

-4-

DRAFT

to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross-examination at trial or deposition of any person who is indicated on the document as being an author, source, recipient, or subject of the "Confidential" information, irrespective of which party produced such information.

If the parties to this Protective Order , or their successors or assigns, are involved in other litigation with one or all of the parties to this Protective Order or if such other litigation raises issues related to the issues in the above-captioned litigation ("Related Litigation"), any such party may move the Court to allow the use of the Confidential Business Information produced in this litigation in connection with the Related Litigation under the terms and conditions of this Protective Order

8.      If the receiving party believes that the designation of particular information as "Confidential" by the disclosing party is not proper or reasonable, the receiving party shall give notice of such within ten (10) days of the disclosing party's designation of such information as "Confidential". Such notice shall specify the information as to which the receiving party objects to the designation and shall concisely state the basis for the objection. The parties shall then promptly seek to resolve such objection in good faith, on an informal basis, such as by the production of redacted copies of documents by the disclosing party. The disclosing party shall have twenty (20) days from receipt of the receiving party's objection to make a motion before the Court seeking confirmation of the "Confidential" designation challenged by the objection, and the designated status shall remain (and the receiving party shall treat the information accordingly) until the Court has issued an Order to the contrary.

-5-

**DRAFT**

The parties may, by stipulation, provide for exceptions to this Order and any party may seek an Order of this Court modifying this Protective Order.

9.      Nothing shall be regarded as "Confidential' information if it is information that:

(a)      Is in the public domain at the time of disclosure, as evidenced by a written document;

(b)      Becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c)      The receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)      The receiving party lawfully obtains such information from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

10.      In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in this proceeding, such "Confidential" information used therein shall be filed under seal with the Clerk of this Court.

11.      The Clerk of this Court is directed to maintain under seal all transcripts of deposition testimony, answers to interrogatories, admissions, pleadings, and other documents filed under seal in this proceeding which have been designated, in whole or in part, as "Confidential" information.

12.      Except as this Court may otherwise Order or to the extent such information was admitted - unsealed - into evidence at the trial of this proceeding, within sixty (60) days after final

-6-

**DRAFT**

termination of this proceeding, whether by appeal or otherwise, counsel for the receiving party shall either return to counsel for the producing party all documents, including all reproductions thereof, that contain "Confidential" information, or destroy such documents and reproductions and certify their destruction to counsel for the producing party. To the extent a Protective Order entered in this proceeding restricts the communication and use of "Confidential" information or the use of documents produced thereunder, such Order shall continue to be binding after the termination of this proceeding, except as follows: (a) There shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed, or admitted into evidence, under seal; and (b) A party may seek the written permission of the producing party or Order of this Court with respect to dissolution or modification of any such Protective Order.

13.     This Order shall not bar any attorney of record in this proceeding from conveying in a general way to his or her client herein an evaluation of "Confidential" information produced or exchanged herein; provided, however, that in so communicating with his or her client, the attorney shall not disclose the specific contents of any "Confidential" information produced by the other party, which disclosure would be contrary to the terms of this Protective Order.

14.     Any party designating any Person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

15.     The entry of this Protective Order shall not be deemed a waiver of any right to object

-7-

**DRAFT**

to the furnishing of information in response to discovery or to object to a requested inspection of documents or facilities, and shall not relieve any party or third party of the obligation of producing information in the course of discovery.

16.     Entering into, agreeing to, producing or receiving material under, or otherwise complying with the terms of this Protective Order shall not be deemed an admission by any party or third party that any particular material contains and/or reflects trade secrets proprietary commercial information, or other confidential matter.

17.     If any material designated as Confidential Information is sought or requested by a third party (by a subpoena, discovery request, or otherwise), any Qualified Person in possession of responsive Confidential Information who receives such a request must give sufficient notice to the original designee of the material as Confidential Information to seek appropriate relief.

        IT IS SO STIPULATED.

                                        ARRIOLA, COWAN & ARRIOLA

DATED:_____          _____

                                        **ANITA P. ARRIOLA**
                                        Attorneys for Plaintiffs

                                        **LAW OFFICES OF BRONZE & TANG**

DATED:_____          _____

                                        **JACQUES G. BRONZE**
                                        Attorneys for Defendant

                                -8-

JAN-06-2004 16:57 FROM:ARRIOLACOWAN&ARRIOLA 6714779734     TO:671 6477671     P.12/13

**DRAFT**

IT IS SO ORDERED:_____.


_____
**HONORABLE JOHN S. UNPINGCO**
Chief Judge, District Court of Guam

-9-

Case 1:03-cv-00036     Document 76     Filed 04/06/2004     Page 20 of 21

## EXHIBIT "A"

## AGREEMENT CONCERNING MATERIAL COVERED BY
## A PROTECTIVE ORDER ENTERED BY
## THE DISTRICT COURT OF GUAM
## *ALAN SADHWANI, et al. v. HONGKONG and SHANGHAI*
## *BANKING CORPORATION, LTD., et al.,*
## DISTRICT COURT CASE NO. CV03-00036

I acknowledge and agree that any information provided to me which a party or witness to this action has designated as "CONFIDENTIAL" shall be used solely for the purposes of conducting this litigation, and for no other purposes, and that I may not disclose such information to anyone other than pursuant to the terms of the Protective Order entered in this action by the District Court of Guam. I acknowledge that I have read the Protective Order, I understand its terms, and I agree to the be bound thereby.

Signed this _____ day of _____. 2004, at _____.

_____
[Signature]

Name (Printed):_____

Relationship to or Interest in this Action:_____

Business/Work Address and Phone:_____

_____