FILED
DISTRICT COURT OF GUAM
APR - 9 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI<br>BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | Civil Case No. 03-00036<br><br><br><br>MEMORANDUM ORDER |

On February 13, 2004, this case came before the Court for hearing on a Motion to Strike Jury Trial Demand filed by defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC"). Present at the hearing were Attorneys Anita P. Arriola and Joaquin C. Arriola for the Plaintiffs. Attorney Jacques A. Bronze appeared on behalf of HSBC. At the conclusion of the hearing, the Court denied the Motion to Strike Jury Trial Demand. The Court now issues this written Memorandum Order memorializing its ruling and further setting forth the bases for its ruling herein.

**FACTS**

The Plaintiffs have had a lengthy[1] banking relationship with HSBC. On June 27, 1997, HSBC issued a commitment letter addressed to Alan Sadhwani (Mr. Sadhwani"), president of

---

[1] According to the Complaint, the Plaintiffs have been customers of HSBC for about 25 years. Plaintiffs first went into business as Tick Tock in 1978. Mr. Sadhwani met the then Manager of HSBC in 1978 and has since then banked exclusively with HSBC (with the exception for credit card deposits to Citibank because HSBC, a foreign corporation, did not accept credit card deposits from merchants). Plaintiffs claim that over the 25 years, they have deposited about $100 million with HSBC. The Plaintiffs also socialized with the bank managers (who changed every 3 years) at Mr. Sadhwani's home, at the home of the bank managers, or in restaurants. See Complaint at ¶5.

K. Sadhwani's Inc. ("KSI"). The commitment letter was in regard to the renewal and amendment of certain credit facilities. On July 2, 1997, the Plaintiffs executed a duplicate copy of the letter, indicating their understanding and acceptance of the terms and conditions of the Renewal and Amendment of Credit Facilities.

Thereafter, on July 24, 1997, Laju and Alan Sadhwani (collectively referred to as the "Sadhwanis"), guarantors of KSI, executed the Unlimited Continuing Guaranty. Said Guaranty is a five (5) page document. Paragraph 10(m) on page 4 of the Guaranty contains a provision which purportedly waives any right to trial by jury either party may have in any action or proceeding, whether in law or in equity, in connection with the Guaranty or the transactions related thereto.

On December 31, 1997, the Plaintiffs executed another Renewal and Amendment of Credit Facilities. Additionally, Mr. Sadhwani, as president of KSI, executed a Business Loan Agreement. The Business Loan Agreement is seven (7) pages in length. On the top of page 6 of the Business Loan Agreement, there appears a provision which purportedly waives the right to any jury trial in any action or proceeding brought by either party against the other.

The provisions relating to the waiver of the right to a jury trial are at issue here.

## ANALYSIS

HSBC contends that the Plaintiffs have waived their right to a jury trial as evidenced by their signatures on the July 24, 1997 Guaranty and the December 31, 1997 Business Loan Agreement. The Plaintiffs oppose on the grounds that the waiver was not a knowing or intentional waiver.[2]

The right to a jury trial in federal court is governed by federal law. Simler v. Conner, 372 U.S. 221, 221-22, 83 S. Ct. 609-610 (1963). Although the right to a civil jury trial in federal courts is constitutionally protected by the Seventh Amendment, it may be waived by a contract

---

[2] At the February 13, 2004 hearing, the Plaintiffs raised for the first time the argument that HSBC did not have standing to assert any purported rights or waivers under the July 24, 2997 Guaranty or December 31, 1997 Business Loan Agreement since HSBC had assigned all of its rights under the Loan to Paradise Marine Corporation. The Court will not address this issue since (1) it has ruled that the Plaintiffs did not knowingly and voluntarily waive their right to a jury trial, and (2) HSBC did not have an opportunity to research and brief the matter.

that is knowingly and voluntarily executed. Okura & Co. (America), Inc. v. Careau Group, 783 F. Supp. 482, 488 (C.D. Cal. 1991) (citing Leasing Service Corp. v. Crane, 804 F.2d 828, 832-33 (4th Cir. 1986). However, "as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver." Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393, 57 S. Ct. 809, 811-12 (1937).

There is a split in circuits over who carries the burden of proving the validity of a contractual jury trial waiver provision. The Second Circuit and the Fourth Circuit hold that in the context of an express contractual waiver of a jury trial, the party seeking to enforce the waiver has the burden of demonstrating that the objecting party's consent to the provision was knowing and voluntary. See National Equipment Rental, Ltd. V. Hendrix, 565 F.2d 255 (2d Cir. 1977) and Leasing Service, 804 F.2d 828 (4th Cir. 1986). The Sixth Circuit is of the view that the party seeking to avoid the waiver has the burden of demonstrating that its consent to the provision was not knowing and voluntary. K.M.C. Co. V. Irving Trust Co., 757 F.2d 752 (6th Cir. 1985). The Ninth Circuit has not ruled on this issue, however, a district court within this circuit has followed the approach of the Second and Fourth Circuits. See Phoenix Leasing Inc. v. Sure Broadcasting, Inc., 843 F. Supp. 1379 (D. Nev. 1994). As stated previously, the right to a jury trial even in civil cases is a constitutionally protected right. Thus, the Court believes that the better approach is to adopt the position of the Second and Fourth Circuits which places the burden on the party seeking enforcement of the contractual waiver – here, on HSBC – to prove that consent to the waiver was knowing and voluntary.

Factors used by courts in determining whether a waiver was knowing and voluntary include: (1) the relative bargaining power of the parties; (2) the business or professional experience of the party opposing the waiver; (3) the negotiability of the contract terms; (4) the conspicuousness of the waiver; and (5) whether the parties were represented by counsel. See Bank of China, New York Branch v. NBM LLC, 2002 WL 1072235, *2 (S.D.N.Y.) and Phoenix Leasing, 843 F. Supp. at 1384.

In evaluating these factors, the Court finds that there was no knowing and voluntary waiver of the Plaintiffs' right to a jury trial. It is uncontroverted that the Plaintiffs were not

represented by counsel at the time the documents were executed. Mrs. Sadhwani was not a sophisticated business person. She was not involved in the day-to-day operations of the company. Rather, her only direct involvement was the occasional time she would fill in as a cashier when there was a staff shortage. Mr. Sadhwani, on the other hand, was the President of KSI. He was clearly more experienced than his wife. While the Sadhwanis were running a multi-million dollar business, it was not unreasonable for Mr. Sadhwani to expect the HSBC representatives to treat him fairly and to advise him of certain provisions because of the long-standing business and personal relationship between them. Up to that point, the Plaintiffs had dealt almost exclusively with HSBC, with the exception of Citibank. The Sadhwanis claim that they did not have an opportunity to carefully review the documents' terms. Additionally, the jury trial waiver provisions were not pointed out to them by any HSBC representative, nor was there any discussion of the jury trial waiver.

Additionally, there was a marked inequity in the bargaining power of the two parties. The Plaintiffs contend that they were in desperate need of cash when they executed the Guaranty and the Business Loan Agreement. If they did not execute the form contracts provided by HSBC, the Plaintiffs sincerely believed that they would have been without the necessary funds for the operation of their business.

Furthermore, the terms were non-negotiable and are on pre-printed forms. These documents, drafted by HSBC, contained several "boiler-plate" provisions. The pre-printed nature of the forms evidence the non-negotiability of the terms.

Finally, the waiver provisions are inconspicuous – buried in the middle of lengthy documents printed in small, difficult-to-read font. The waiver provision in the Guaranty is located on the bottom of page 4 of a 5-page document, in the "Miscellaneous" provisions of paragraph 10, subparagraph (m). Aside from being pre-printed and being in difficult-to-read font, there was also minimal spacing separating the different lines and provisions. Thus, although the waiver provision is printed in all capital letters, it clearly does not make the provision stand out on the page or from the rest of the document. Accordingly, the Court finds the waiver provision in the Guaranty to be inconspicuous.

As for the Business Loan Agreement, the waiver provision is tucked away at the top of page 6 in a 7-page document, and is contained in the "Applicable Law" section. It is not printed in all capital letters, as was the case with the Guaranty. Like the Guaranty, however, the printing is just as small and just as hard to read. The Business Loan Agreement contains many boilerplate language in addition to the jury trial waiver provision. Thus, the Court also finds the waiver provision in the Business Loan Agreement to be inconspicuous.

Although previously stated, it cannot be emphasized enough that the right to a jury trial is a constitutionally protected right. Thus, courts indulge every reasonable presumption against waiver. Given these premises and the facts discussed above, the Court concludes that HSBC has failed to meet its burden of proving that the waivers were knowing and voluntary. Accordingly, HSBC's motion to strike the Plaintiffs' jury trial demand must be and is hereby denied.

SO ORDERED this 9th day of April, 2004.

/s/ JOHN S. UNPINGCO
District Judge

Notice is hereby given that this document was entered on the docket on APR 1 2 2004. No seperate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: /s/ Deputy Clerk   APR 1 2 2004   Date