**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:    (671) 477-9734
Email: acalaw@netpci.com



FILED
DISTRICT COURT OF GUAM
APR 19 2004
MARY L. M. MORAN
CLERK OF COURT

80

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>　　　　　Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION TO COMPEL ANSWERS TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; CERTIFICATE OF COUNSEL**<br>**(L.R. 16(j)(1) and 37.1)**<br><br>Discovery Deadline: June 8, 2004<br>Trial Date: September 21, 2004 |

ANITA P. ARRIOLA declares:

1.      I am an attorney for plaintiffs Alan Sadhwani, et al. in the above-captioned matter. I make this Declaration in support of Plaintiffs' Ex Parte Motion to Compel Answers to Third Set of Requests for Production of Documents. I have personal knowledge of the facts contained herein.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Third Set of Requests for Production of Documents, which were served on HongKong and Shanghai Banking Corporation, Ltd. ("HSBC") on March 8, 2004.

ORIGINAL

3. Attached hereto as Exhibit 2 is a true and correct copy of HSBC's Objections and Responses to the Third Set of Requests for Production of Documents, which were served on plaintiffs on April 2, 2004. HSBC failed to produce a single document in response to the Third Set of Requests for Production of Documents.

4. On April 5, 2004 I telephoned HSBC's counsel Jacques Bronze and requested that HSBC provide the documents requested in the Third Set of Requests for Production of Documents. Mr. Bronze stated that as to those bank documents concerning Mr. Joseph Fang and his family members, Mr. Fang had instructed HSBC not to provide such documents. As to those bank documents concerning HSBC's customers' accounts, Mr. Bronze stated that HSBC would "absolutely not" produce such documents. He indicated, however, that he was going off-island and his co-counsel Richard Pipes would discuss the matter further with Mr. Fang's counsel and that I should follow up with Mr. Pipes.

5. On April 6, 2004 I wrote a letter to Messrs. Bronze and Pipes confirming the telephone conversation of April 5, 2004. A true and correct copy of that letter is attached hereto as Exhibit 3. By letter dated April 9, 2004, Mr. Pipes stated that "there is no change in HSBC's objections or position with respect to the Third Request for Production of Documents propounded by your clients." A true and correct copy of that letter is attached hereto as Exhibit 4.

6. On April 12, 2004, I wrote a letter informing Mr. Pipes that plaintiffs would file a motion to compel, and requesting HSBC's contentions and points and authorities for the filing of a stipulation pursuant to L.R. 37.1(b). A true and correct copy of that letter is attached hereto as Exhibit 5. Mr. Pipes responded with a letter dated April 16, 2004. A true and correct copy of that letter is attached hereto as Exhibit 6.

-2-

7.    In compliance with L.R. 37.1(a), Mr. Pipes, Jerry Tang and I met and conferred about HSBC's refusal to provide documents in response to the document requests on April 14, 2004. At the meeting Mr. Pipes indicated that HSBC would not provide any documents in response to the discovery requests, notwithstanding the fact that a Stipulated Protective Order Governing Discovery has been executed in this case. Mr. Pipes further stated that HSBC would not produce any documents unless compelled by a court order.

8.    Requests Nos. 1 through 7 of plaintiffs' Third Set of Requests for Production of Documents seek information that is relevant to the subject matter of this action and is reasonably calculated to lead to admissible evidence. Mr. Joseph K. Fang is the principal of Paradise Marine Corporation, the company that purchased plaintiffs' loan from HSBC. Plaintiffs seek to discover the means by which Mr. Fang acquired the funds to purchase plaintiffs' loan, specifically if Mr. Fang or any of the above individuals or entities obtained a loan from HSBC to finance the purchase of plaintiffs' loan. In particular, plaintiffs want to know if Mr. Fang or any of the above individuals or entities obtained any financial benefit or consideration from HSBC as a result of PMC''s purchase of plaintiffs' loan, such as letters of credit or other credit facilities. Plaintiffs are requesting documents from January 1999 to the date of the document requests in order to determine if any pre-existing HSBC loans to any of the above individuals or entities were re-financed or if such loans were discounted or sold in conjunction with PMC's purchase of plaintiffs' loan. All of these matters are relevant to this case, particularly to plaintiffs' claims for breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of the workout agreement; and for breach of fiduciary duty.

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

9. Requests Nos. 9 through 12 seek documents that address, refer to, or relate to any discounts on loan balances extended by HSBC to any of HSBC's bank customers, other than Plaintiffs, from January 1, 2002 through the date of the request; documents that address, refer to, or relate to any "friendly foreclosures", as that term is used by HSBC in Exhibit G attached to Plaintiffs' Complaint, between HSBC and any of HSBC's customers, other than Plaintiffs, from January 1, 2002 through the date of the request; and all documents that address, refer to, or relate to the refinancing of loan balances by any of HSBC's bank customers, other than Plaintiffs, from January 1, 2002 through the date of the request.

10. Information regarding how other HSBC clients' loan balances were handled as a result of HSBC's closure of its office in Guam will aid in the determination of whether HSBC violated the covenant of good faith and fair dealing and breached its fiduciary duty to plaintiffs. For example, if HSBC gave discounts on loan balances or engaged in "friendly foreclosures" or agreed to refinance the loan balances of its other customers, but failed to do so with plaintiffs - this information may tend to prove that HSBC provided favorable terms to or engaged in workout agreements with other bank customers but reneged on its workout agreement with plaintiffs. Alternatively, the information may tend to prove that HSBC offered to resolve other bank customers' loans but failed to do so, as they did with plaintiffs.

11. HSBC objects to Request Nos. 1-7 and 9-12 "as seeking materials already produced." HSBC has not produced any documents requested in the Third Set of Requests for Production of Documents. Further, HSBC did not specify which documents it had already produced that were responsive to any of the requests.

-4-

12.     The Stipulated Protective Order Governing Discovery in this case was negotiated extensively by me and HSBC's attorneys Jacques Bronze and Richard Pipes. The Protective Order was drafted by HSBC's counsel, with a few revisions by me. HSBC's refusal to provide many documents until a Protective Order was stipulated by the parties. HSBC's counsel specifically represented to me in our discussions and communications that they wanted a Protective Order in place in order to protect (1) its commercial, proprietary information and (2) third party information specifically its customers' account information.

13.     Plaintiffs have noticed the depositions of the following individuals in this case: Fred Granillo - May 3, 2004; Chris Underwood - May 5; and Joseph Fang - May 7. True and correct copies of the notices of depositions are attached hereto as Exhibits 7 through 9. Messrs. Granillo and Underwood are still currently employed by HSBC. The documents sought by plaintiffs are highly relevant to plaintiffs' claims and are necessary for the depositions of all of the above witnesses.

14.     In addition, the discovery deadline in this case is June 8, 2004 and the documents sought by plaintiffs may lead to additional documents, information, and witnesses who have discoverable information about the case. Because of the impeding discovery deadline, I respectfully request, on behalf of the plaintiffs, that this Court act expeditiously in hearing and granting Plaintiffs' Ex Parte Motion to Compel Answers to plaintiffs' Third Set of Requests for Production of Documents.

15.     The opposing counsel in this case is Jacques Bronze, Richard Pipes and Jerry Tang. I advised Messrs. Pipe and Tang of this ex parte application by letter dated April 15, 2004. A true and correct copy of the letter is attached hereto as Exhibit 10. Mr. Bronze is off-island, his co-

-5-

counsel Richard Pipes and Jerry Tang indicated that they oppose the motion and they have requested to be present when the application is presented to the court.

I declare under penalty of perjury under the laws of Guam and the United States that the foregoing is true and correct.

Dated this 19th day of April, 2004.


**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-6-

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on April 19, 2004, I caused to be served via hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION TO COMPEL ANSWERS TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; CERTIFICATE OF COUNSEL (L.R. 16(j)(1) and 37.1)** to:

> **Jacques A. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 19th day of April, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-7-

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

**Counsel for Plaintiffs Alan Sadhwani, et al.**

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

> **BRONZE & TANG, P.C.**
> Date: 3/8/04
> Time: 4:00
> Received:

**TO:   DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION, LTD. AND ITS COUNSEL OF RECORD JACQUES A. BRONZE**

Plaintiffs Alan Sadhwani, et al. request that defendant produce and permit plaintiffs to inspect and to copy each of the following documents.

The place of inspection shall be Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam 96910. The date and time for inspection shall be April 7, 2004, at 9 a.m., and continuing so long as is reasonably required.

## DEFINITIONS

As used herein, the following definitions shall apply:

a.      YOU and YOUR means HongKong Shanghai Banking Corporation, Ltd. ("HSBC"), its predecessors, agents, employees, representatives, attorneys, officers, assistants, directors, and consultants, including any experts YOU expect to call as witnesses in this action.

b.      "DOCUMENTS" includes, but not to be limited to, handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any written, recorded, or graphic matter however produced or reproduced, including, but not limited to, electronic files, documents, records or data, documents stored in or retrievable by computer, memoranda, reports, studies, analyses, contracts, agreements, checks, charts, graphs, indices, data sheets, computer disks, data processing cards or tapes, notes, post-its, work papers, entries, letters, telegrams, telecopies (including facsimiles), internal memoranda, advertisements, brochures, circulars, catalogs, tapes, records, bulletins, papers, books, pamphlets, accounts, calendars, or diaries. The term"document" or "documents" shall also include any carbon or photographic or any other copies, reproductions, or facsimiles or any original, and shall mean the original an any copy or reproduction or facsimile that is in any way different from the original.

-2-

c. "Plaintiffs' Loan" means Installment Loan No. 10003-361, with HSBC as Lender and the plaintiffs as Borrower/Guarantors.

d. "PMC" means Paradise Marine Corporation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

The documents to be produced are:

1. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to Joseph K. Fang from January 1, 1999 through the date of this request.

2. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any member of Joseph K. Fang's family (wife, children, siblings or parents) from January 1, 1999 through the date of this request.

3. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which Joseph K. Fang has any ownership interest, from January 1, 1999 through the date of this request.

4. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) has any ownership

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

interest, from January 1, 1999 through the date of this request.

5. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to PMC from January 1, 1999 through the date of this request.

6 All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which Joseph K. Fang is an officer or director, from January 1, 1999 through the date of this request.

7 All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) is an officer or director, from January 1, 1999 through the date of this request.

8. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities, other than Plaintiffs' Loan, which were sold, transferred or assigned by YOU to PMC from January 1, 2002 through the date of this request

9. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities, other than Plaintiffs' Loan, which were sold, transferred or assigned by YOU to parties other than

-4-

PMC, from January 1, 2002 through the date of this request.

10.    All DOCUMENTS that address, refer to, or relate to any discounts on loan balances extended by YOU to any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

11.    All DOCUMENTS that address, refer to, or relate to any "friendly foreclosures", as that term is used by YOU in Exhibit G attached to Plaintiffs' Complaint, between YOU and any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

12.    All DOCUMENTS that address, refer to, or relate to the refinancing of loan balances by any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

13.    All DOCUMENTS concerning, relating to, or comprising communications between YOU and any bank, savings and loan, or financial institution regarding the sale, transfer or assignment of Plaintiffs' Loan, from January 1, 2000 through August 11, 2003.

Dated: March 8, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: _Anita P. Arriola_
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**LAW OFFICES OF BRONZE & TANG**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

*Law Offices*
ARRIOLA, COWAN, ARRIOLA

APR 0 2 2004

RECEIVED

BY: _Coo_ TIME: _9:40am_

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., )<br>)<br>)<br>)<br>Defendants. )<br>)<br>) | CIVIL CASE NO. 03-00036<br><br><br><br>**OBJECTIONS AND RESPONSES OF HONGKONG AND SHANGHAI BANKING CORPORATION, LTD. TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

PROPOUNDING PARTY:   K. Sadhwani's Inc., Alan and Laju Sadhwani ("Plaintiffs").

RESPONDING PARTY:    Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC").

HSBC submits these Objections and Responses to the Third Set of Requests for

Production of Documents of Plaintiffs served herein.



## GENERAL OBJECTIONS

1.    HSBC objects to each and every Instruction, Definition, and Request for Production to the extent that it purports to impose any requirement or discovery obligation on HSBC greater or different than those imposed by the Federal Rules of Civil Procedure and the applicable Local Rules of this Court.

2.    HSBC objects to the entire set of Requests to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any applicable privileges. HSBC further objects to the Requests to the extent that they seek information protected from discovery by federal, territorial, or applicable international law. Any production, inadvertent or otherwise, of any information protected by any privilege or protection shall not be deemed a waiver of that privilege or protection, and shall not prejudice HSBC's right to object to any subsequent use of such information.

3.    HSBC objects to the entire set of Requests to the extent that it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. HSBC further objects to the entire set of Requests to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, and other applicable statutes, rules, and authorities.

4.    HSBC objects to each and every Request insofar and to the extent that they seek the divulgence of confidential or proprietary information of HSBC. HSBC will produce, if at all, such information only under the terms of an appropriate protective order.

5.    HSBC objects to each Request to the extent that it seeks production of "any and all documents" responsive to the Request on the grounds that such Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Subject to this general objection, HSBC will use reasonable diligence to locate documents in HSBC's possession, custody, or control based upon an examination of those files reasonably expected to yield responsive documents. HSBC's Responses should not be construed as a representation that each and every document in the possession of HSBC has been examined in connection with these Responses or with any production pursuant thereto.

6.    HSBC has not yet completed his investigation of the facts relating to this case, has not yet completed discovery in this action, and has not yet completed preparation for trial. The following Responses and Objections are given without prejudice to HSBC's right to revise his Responses based on any subsequent investigation.

7.    HSBC objects to each and every Request to the extent that it purports to require HSBC to produce private information about individual non-parties.

8.    HSBC objects to each and every Request to the extent that it purports to require HSBC to produce documents not in his possession, custody or control or the extent that it purports to require HSBC to produce the documents of another entity or person.

9.    HSBC objects to each and every Request to the extent that it purports to require HSBC to produce documents which HSBC has already produced in this litigation.

## OBJECTIONS TO DEFINITIONS

1.    HSBC objects to this Definition to the extent that it attempts to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules. HSBC further objects to this Definition to the extent that it purports to include documents which are no longer or have never been within the control of HSBC and to the extent that it purports to include persons not within the control of HSBC.

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\HSBC-Objects.Resp.3rd.Req.Prod.KSI.doc

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST NO. 1:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 2:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 3:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant

nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 4:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 5:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 6:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action.

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\HSBC-Objects.Resp.3rd.Req.Prod.KS1.doc

HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

## REQUEST NO. 7:

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

## REQUEST NO. 8:

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad. Without waiving the foregoing, HSBC responds that it does not have any such documents.

## REQUEST NO. 9:

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\HSBC-Objects.Resp.3rd.Req.Prod.KSI.doc

the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 10:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 11:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 12:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

**REQUEST NO. 13:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad. Without waiving the foregoing, HSBC responds that it does not have any such documents.

**DATED** this ___1st___ day of April 2004.

LAW OFFICES OF BRONZE & TANG
**A Professional Corporation**

By: _____
**JACQUES G. BRONZE**
*Attorneys for Defendant Hongkong and*
*Shanghai Banking Corporation, Ltd.*

Law Offices

# Arriola, Cowan & Arriola

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

April 6, 2004

**VIA FACSIMILE: (671) 647-7671**

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

**VIA FACSIMILE: (671) 647-7671**

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
Guam Savings & Loan Building
Suite 201, 825 S. Marine Drive
Tamuning, Guam 96911

> **Re:** **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Counsel:

This is to confirm my telephone conversation with Jacques Bronze yesterday.

By letter dated April 5, 2004, I had requested that Mr. Bronze contact me to discuss HSBC's Objections and Responses to Plaintiffs' Third Set of Requests for Production of Documents pursuant to L.R. 37.1. Mr. Bronze telephoned me yesterday.

I asked whether HSBC would produce any documents in response to the requests. Mr. Bronze informed me that he had received a communication from Mr. Joseph Fang to the effect that Mr. Fang did not want HSBC to produce any documents relating to him that had been requested by the plaintiffs. He also indicated that HSBC would "absolutely not" produce any documents concerning HSBC's other customers.

2                 Jacques G. Bronze, Esq.
Richard A. Pipes, Esq.
Re: **Sadhwani et al. v. Hongkong Shanghai
Banking Corporation, Ltd., et.al, District Court
of Guam, Civil Case No. CV03-00036**
April 6, 2004

     Mr. Bronze informed me that in his absence he would ask Mr. Pipes to discuss the matter with Mr. Fang's attorney Duncan McCully to see if a resolution could be reached concerning the bank records of Mr. Fang.

     Please contact me by Friday, April 9, 2004 to inform me if you will provide the documents requested by plaintiffs in the Third Set of Requests for Production of Documents concerning Mr. Fang.

                       Very truly yours,

                       **ANITA P. ARRIOLA**

APA/asm

**Law Offices Of**
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

April 9, 2004

**VIA FACSIMILE**
Amita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

In accordance with the request in your letter of April 6, 2004, please be advised that there is no change in HSBC's objections or position with respect to the Third Request for Production of Documents propounded by your clients.

On another matter, we have previously advised you that the various deposition notices issued by your office were deficient because they fail to specifically identify the method by which the depositions will be taken, as required by Rule 30(b)(2). Instead, the notices incorrectly list several methods, including videotape, by which the depositions may be taken.

If you have not advised our office by the close of business on April 12, 2004, of the specific method by which each deposition will be taken we will be forced to take action to either have the deposition notices stricken as not being in conformity with Rule 30 or interpose other procedural objections as we see fit. Your attention to these matters will be appreciated.

Sincerely,

Richard A. Pipes

*RAP/nsb/HSBC/cor*

*CC: APA & JCA*

Law Offices
# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

April 12, 2004

**VIA FACSIMILE:** (671) 647-7671

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
Guam Savings & Loan Building
Suite 201, 825 S. Marine Drive
Tamuning, Guam 96911

Re:     **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**
        **District Court of Guam, Civil Case No. CV03-00036**

Dear Richard:

This is in response to your letter of April 9, 2004.

Pursuant to L.R. 37.1(b), I am preparing the Stipulation of the parties for the filing of a motion to compel responses to plaintiffs' Third Set of Requests for Production of Documents. The contentions and points and authorities for the plaintiffs for Requests Nos. 1-7, 9-12, are as follows:

P:     The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of, confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

Please provide defendant's contentions and points and authorities by Thursday, April 15, 2004. If you fail to provide such contentions and points and authorities, I will file a declaration referring to the non-cooperation of HSBC's counsel.



2                                     Richard A. Pipes, Esq.
                                      **Re:  Sadhwani et al. v. Hongkong Shanghai**
                                      **Banking Corporation, Ltd., et.al.**
                                      April 12, 2004


Regarding the notices of depositions, the depositions of all of the witnesses will be taken by stenographic means, except that the depositions of Chris Underwood and Joseph Fang will be taken by videotape and by stenographic means.

Please contact me if you have any questions regarding the foregoing.


                                      Very truly yours,


                                      **ANITA P. ARRIOLA**

APA/asm

Law Offices Of
Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

April 16, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

In accordance with the request in your letter dated April 12, 2004, and L.R. 37.1, HSBC provides the following contentions and points and authorities with regard to the Third Set of Requests for Production of Documents dated March 8, 2004:

<u>Third Set of Requests for Production of Documents Nos. 1 thru 7 and 9 thru 12:</u>

P:   The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. *Rosenblatt v. Northwest Airlines, Inc.,* 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:   Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the



claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes.*

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id.; Moore's Fed. Prac. 3d § 26.41[2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has also objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in

*Letter to Anita P. Arriola, Esq.*
*Arriola, Cowan & Arriola*
*April 16, 2004*

this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require the production of voluminous records of unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that an amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

Pursuant to the request in your letter, and in accordance with L. R. 37.1, HSBC's contentions and points and authorities on the discovery requests identified in your letter are provided above for insertion into the required stipulation. Should you desire to make any changes or amendments to the contentions as recited in your letter after review of the above, you are obligated to provide us with all such changes so that we may respond accordingly and have our responses to such changes, if any, incorporated into the stipulation. Please advise when the final draft of the stipulation is available as it will be reviewed and signed by Mr. Tang in the absence of Mr. Bronze.

Finally, by your letter of April 15, 2004, you advise that you have changed your mind and that the Plaintiffs will now be filing an *ex parte* application to shorten time in conjunction with the contemplated motion to compel. You are hereby advised that HSBC opposes any such *ex parte* application and desires to be present in Court at the time the application is presented and state its objections for the record.

//

*Letter to Anita P. Arriola, Esq.*
*Arriola, Cowan & Arriola*
*April 16, 2004*

Should you have any questions, please feel free to contact Mr. Tang or myself.

Sincerely,



Richard A. Pipes

cc:   Chris Underwood
       Jerry Tang, Esq.
       Jacques Bronze, Esq.

*RAP/ush/HSBC/cor*

Page 5 of 5

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:  (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

### IN THE UNITED STATES
### DISTRICT COURT OF GUAM

ALAN SADHWANI, LAJU
SADHWANI, and K. SADHWANI'S
INC., a Guam corporation,

          Plaintiffs,

    vs.

HONGKONG AND SHANGHAI
BANKING CORPORATION, LTD., a
Foreign corporation,
JOHN DOE I through JOHN DOE X,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. 03-00036

**NOTICE OF DEPOSITION**

TO:   **DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS
COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **FRED GRANILLO on
the 3rd day of May, 2004 at 9:00 a.m.**   The deposition will be taken at the law offices of

ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer

oaths. The deposition will be recorded by videotape, audiotape, and/or stenographic means.

DATED:  **3/19/04**



         **ARRIOLA, COWAN & ARRIOLA**

By: *Anita P. Arriola*
    **ANITA P. ARRIOLA**
    Attorneys For Plaintiffs

BRONZE & TANG, P.C.
03/19/04
Date: _____
Time: 4:88p
Received _____

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on March 19, 2004, I caused to be served via

hand delivery, a **NOTICE OF DEPOSITION** to:

>**Jacques A. Bronze, Esq.**
>**Bronze & Tang, P.C.**
>**2nd Floor, BankPacific Building**
>**825 S. Marine Drive**
>**Tamuning, Guam 96913**

Dated this 19th day of March, 2004.

**ANITA P. ARRIOLA**

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:    (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> **NOTICE OF DEPOSITION** |

TO:    **DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **CHRIS UNDERWOOD** on the 5th day of May, 2004 at 9:00 a.m.    The deposition will be taken at the law offices of ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer oaths. The deposition will be recorded by videotape, audiotape, and/or stenographic means.

DATED: March 19, 2004

ARRIOLA, COWAN & ARRIOLA

By: _Anita P. Arriola_
ANITA P. ARRIOLA
Attorneys For Plaintiffs

BRONZE & TANG, P.C.
Date: 03/19/04
Time: 4:35p
Received: CB

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on March 19, 2004, 2004, I caused to be served

via hand delivery, a **NOTICE OF DEPOSITION** to:

**Jacques A. Bronze, Esq.**
**Bronze & Tang, P.C.**
**2nd Floor, BankPacific Building**
**825 S. Marine Drive**
**Tamuning, Guam 96913**

Dated this 19th day of March, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | AMENDED NOTICE OF DEPOSITION |
| vs. | ) ) | |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**TO:    DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION AND ITS COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **JOSEPH K. FANG on the 7th day of May, 2004 at 9:00 a.m.**   The deposition will be taken at the law offices of ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer oaths. The deposition will be recorded by videotape, audiotape, and/or stenographic means.

DATED:  March 25, 2004.

ARRIOLA, COWAN & ARRIOLA

By: *Anita P. Arriola*
ANITA P. ARRIOLA
Attorneys For Plaintiffs

BRONZE & TANG, P.C.
Date: 3-25-04
Time: 1:00
Received: ᵥₑ

# CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on March 25, 2004, I caused to be served via

hand delivery, a **AMENDED NOTICE OF DEPOSITION** to:

> **Jacques A. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 25th day of March, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Law Offices

# Arriola, Cowan & Arriola

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

April 15, 2004

**VIA FACSIMILE:** (671) 647-7671

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911

Jerry J. Tang, Esq.
Bronze & Tang, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911

Re:     **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**
        **District Court of Guam, Civil Case No. CV03-00036**

Dear Richard and Jerry:

This is to follow up on our meeting of yesterday.

Due to the upcoming depositions in the case and the need for the documents sought by the plaintiffs in their Third Set of Requests for Production of Documents, I will be filing the motion to compel answers to the documents on an *ex parte* basis in order to obtain a speedier resolution of the motion.

I will send you the motion to compel and supporting documents as soon as you provide me with the contentions and points and authorities required by L.R. 37.1, which you indicated you would provide by tomorrow, April 16.

Please contact me if you have any questions regarding this matter.

Very truly yours,

*Anita P. Arriola*

**ANITA P. ARRIOLA**

APA/asm

**FAXED** By: ___ Date: ___