JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
**Arriola, Cowan & Arriola**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs
Alan Sadhwani, et al.

FILED
DISTRICT COURT OF GUAM
APR 19 2004
MARY L. M. MORAN
CLERK OF COURT

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ANSWERS TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS (F.R.C.P. 37(a); L.R. 37.1) |
| vs. | ) ) ) | |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) | |
| Defendants. | ) ) | Discovery Deadline: June 8, 2004
Trial Date: September 21, 2004 |

### INTRODUCTION

Plaintiffs Alan Sadhwani, et al. file this motion to compel production of documents pursuant to their Third Set of Requests for Production of Documents and for sanctions. Defendant HongKong and Shanghai Banking Corporation, Ltd. ("HSBC") has failed and refused to produce certain document requests. Plaintiffs are therefore forced to file this motion to compel.

### STATEMENT OF FACTS

Plaintiffs had a virtually exclusive banking relationship with HSBC for over 25 years. In September 2002, plaintiffs had an outstanding loan balance of over $6.8 million with HSBC ("the Loan"). Apparently because it was not making sufficient profits on Guam to satisfy its management

in Hong Kong, HSBC decided to abandon its operations in Guam. HSBC subsequently began to place undue pressure on plaintiffs to pay off their Loan. On March 5, 2003 the parties entered into a Promissory Note Modification Agreement which extended the maturity date of the Note to August 31, 2003. (Exh. C to Complaint) On March 21, 2003, HSBC and plaintiffs entered into a workout agreement to pay off plaintiffs' Loan, where plaintiffs would either sell their properties or obtain alternate financing. (Exhs G and H to Complaint) Relying upon this workout agreement and HSBC's representations, plaintiffs took all necessary steps to either sell their properties or try to obtain alternate financing from March 2003 through August 2003. It came as a total surprise to plaintiffs to receive from HSBC, in July 2003, HSBC's notice of intent to sell their Loan. Yet even during July 2003, HSBC represented that so long as plaintiffs obtained alternate financing HSBC would try to stop sale of the Loan.

As evidence produced in discovery by HSBC and PMC shows, HSBC never intended to work out plaintiffs' Loan, as it sold plaintiffs' Loan to PMC on June 25, 2003. HSBC lied to plaintiffs about intending to perform on the workout agreement. HSBC reneged on the workout agreement by refusing to consider plaintiffs' attempts to sell the securing real properties and obtain alternate financing. And HSBC lied about its agreement to try to stop the sale of the Loan if plaintiffs obtained alternate financing.

Plaintiffs filed their Complaint in this matter alleging six causes of action: breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of contract under the Promissory Note Modification Agreement; breach of contract under the workout agreement; breach of fiduciary duty; and violation of banking and confidentiality laws.[1]

---

[1] By Order dated April 9, 2004, the Court granted in part and denied in part HSBC's motion to dismiss plaintiff's Complaint. Plaintiffs will file an amended complaint pursuant to the Order.

## PROCEDURAL HISTORY RELATING TO THIS MOTION

Plaintiffs served their Third Set of Requests for Production of Documents on HSBC on March 8, 2004. (A. Arriola Decl., Exh. 1) In response, HSBC served Objections and Responses on April 2, 2004. (Id., Exh. 2) HSBC failed to produce a single document in response to the Third Set of Requests for Production of Documents. (A. Arriola Decl.)

On April 5, 2004 plaintiffs' counsel Anita P. Arriola telephoned HSBC's counsel Jacques Bronze and requested that HSBC provide the documents requested in the Third Set of Requests for Production of Documents. (A. Arriola Decl.) Mr. Bronze stated that as to those bank documents concerning Mr. Joseph Fang and his family members, Mr. Fang had instructed HSBC not to provide such documents. (Id., Exh. 3) As to those bank documents concerning HSBC's customers' accounts, Mr. Bronze stated that HSBC would "absolutely not" produce such documents. (Id.) He indicated, however, that he was going off-island and his co-counsel Richard Pipes would discuss the matter further with Mr. Fang's counsel and that I should follow up with Mr. Pipes. (Id.)

On April 6, 2004 Ms. Arriola wrote a letter to Messrs. Bronze and Pipes confirming the telphone conversation of April 5, 2004. (A. Arriola Decl., Exh. 3) By letter dated April 9, 2004, Mr. Pipes stated that "there is no change in HSBC's objections or position with respect to the Third Request for Production of Documents propounded by your clients." (Id., Exh. 4)

On April 12, 2004, Ms. Arriola wrote a letter informing Mr. Pipes that plaintiffs would file a motion to compel, and requesting HSBC's contentions and points and authorities for the filing of a stipulation pursuant to L.R. 37.1(b). (A. Arriola Decl., Exh. 5) Mr. Pipes responded with a letter dated April 16, 2004. (Id., Exh. 6)

Case 1:03-cv-00036 Document 85 Filed 04/19/2004 Page 3 of 12

In compliance with L.R. 37.1(a), Ms. Arriola, Mr. Pipes and Jerry Tang met and conferred about HSBC's refusal to provide documents in response to the document requests on April 14, 2004. (A. Arriola Decl.) At the meeting Mr. Pipes indicated that HSBC would not provide any documents in response to the discovery requests, notwithstanding the fact that a Stipulated Protective Order Governing Discovery has been executed in this case. (Id.) Mr. Pipes further stated that HSBC would not produce any documents unless compelled by a court order. (Id.)

Pursuant to L.R. 37.1 (b), the parties executed a Stipulation Regarding Plaintiffs' Motion to Compel Responses to Plaintiffs' Third Set of Requests for Production of Documents, which is filed contemporaneously with this motion.

## ARGUMENT

Plaintiffs move for an order compelling discovery pursuant to Rules 34(b) and 37(a) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure ("FRCP") create a broad right of discovery because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993). Discovery is proper where it is "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'" Fed. R. Civ. P., Rule 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2390 (1978).

**A.  The Discovery Sought by Plaintiffs is Relevant to the Claims of Plaintiffs and to Subject Matter of this Action.**

Plaintiffs' Third Set of Requests for Production of Documents seek documents that are relevant to plaintiffs' claims or are reasonably calculated to lead to the discovery of admissible evidence. A. Arriola Decl. Requests Nos. 1 through 7 seek all documents concerning, relating to,

or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by HSBC, from January 1999 to the date of the request, to the following:

1. Joseph K. Fang;

2. Joseph K. Fang's family (wife, children, siblings or parents);

3. Any corporation, partnership, sole proprietorship, company or entity in which Joseph K. Fang has any ownership interest;

4. Any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) has any ownership interest;

5. Paradise Marine Corporation;

6 Any corporation, partnership, sole proprietorship, company or entity in which Joseph K. Fang is an officer or director; and

7 Any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) has any ownership interest.

Mr. Joseph K. Fang is the principal of Paradise Marine Corporation, the company that purchased plaintiffs' loan from HSBC. Plaintiffs seek to discover the means by which Mr. Fang acquired the funds to purchase plaintiffs' loan, specifically if Mr. Fang or any of the above individuals or entities obtained a loan from HSBC to finance the purchase of plaintiffs' loan. (A. Arriola Decl.) In particular, plaintiffs want to know if Mr. Fang or any of the above individuals or entities obtained any financial benefit or consideration from HSBC as a result of PMC"s purchase of plaintiffs' loan, such as letters of credit or other credit facilities. (Id.) Plaintiffs are requesting documents from January 1999 to the date of the document requests in order to determine if any pre-existing HSBC loans to any of the above individuals or entities were re-financed or if such loans were discounted or sold in conjunction with PMC's purchase of plaintiffs' loan. (Id.)

All of these matters are relevant to this case, particularly to plaintiffs' claims for breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of the workout agreement; and for breach of fiduciary duty. For example, HSBC's duty of good faith and fair dealing requires that the bank exercise that discretion "reasonably, not arbitrarily, capriciously, or in a manner inconsistent with the expectations of the parties." Haroco, Inc. v. American Nat'l Bank and Trust Co. Of Chicago, 38 F.3d 1429, 1436 (7th Cir. 1994), *quoting* First Nat'l Bank of Cicero v. Sylvester, 196 Ill.App.3d 902, 910-11 (1st Dist. 1990). If HSBC provided any funding, loans or other credit facilities to Mr. Fang, his family members or his companies in order to purchase plaintiffs' loan, plaintiffs submit that this would constitute evidence of HSBC's bad faith and unfair dealing.

Requests Nos. 9 through 12 seek documents that address, refer to, or relate to any discounts on loan balances extended by HSBC to any of HSBC's bank customers, other than Plaintiffs, from January 1, 2002 through the date of the request; documents that address, refer to, or relate to any "friendly foreclosures", as that term is used by HSBC in Exhibit G attached to Plaintiffs' Complaint, between HSBC and any of HSBC's customers, other than Plaintiffs, from January 1, 2002 through the date of the request; and all documents that address, refer to, or relate to the refinancing of loan balances by any of HSBC's bank customers, other than Plaintiffs, from January 1, 2002 through the date of the request.

Information regarding how other HSBC clients' loan balances were handled as a result of HSBC's closure of its office in Guam will aid in determining whether HSBC violated the covenant of good faith and fair dealing and breached its fiduciary duty to plaintiffs. For example, if HSBC gave discounts on loan balances or engaged in "friendly foreclosures" or agreed to refinance the loan

-6-

Case 1:03-cv-00036    Document 85    Filed 04/19/2004    Page 6 of 12

balances of its other customers, but failed to do so with plaintiffs - this information may tend to prove that HSBC provided favorable terms to or engaged in workout agreements with other bank customers but reneged on its workout agreement with plaintiffs. *See, e.g.*, Laufman v. Oakley Building and Loan Co., et al., 72 F.R.D. 116, 120 (S.D. Ohio) (holding that loan applications of other building and loan company customers were relevant since plaintiffs entitled to discover facts relating to defendant's policies and practices with respect to transactions similar to plaintiffs'). Alternatively, the information may tend to prove that HSBC offered to resolve other bank customers' loans but failed to do so, as they did with plaintiffs.

HSBC failed to provide a single document in response to Requests Nos. 1 through 7 and 9 through 12.[2] Instead, HSBC asserted a form objection and response to each of those Requests:

> HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

HSBC's objections and responses are refuted below.

### B. HSBC Has Not Provided Any of the Requested Documents.

HSBC objects to Request Nos. 1-7 and 9-12 "as seeking materials already produced." This is false. HSBC has not produced any documents requested in the Third Set of Requests for Production of Documents. (A. Arriola Decl.) Moreover, HSBC cannot refuse to produce

---

[2] Plaintiffs do not seek further responses to Request Nos. 8 and 13, as HSBC has stated that it does not have documents responsive to those requests.

documents on the ground that information requested had already been provided where HSBC has not specified what information had already been produced. <u>Laufman v. Oakley Building and Loan Co.</u>, 72 F.R.D. 116, 119-20 (S.D. Ohio) (finding no merit in defendants' objection that information had already been provided where defendants failed to specify what they had provided.

      **C.    There is no Banker-Client Privilege; Any Confidential or Proprietary Information May be Protected by the Stipulated Protective Order Governing Discovery in this Case.**

HSBC objects to Requests Nos. 1-7 and 9-12 because they seek "confidential and proprietary information of a third-party unrelated to this action." HSBC's objections are without merit. There is no banker-client privilege that precludes disclosure of information relating to HSBC's clients. <u>Rosenblatt v. Northwest Airlines, Inc.</u>, 54 F.R.D. 21, 22-23 (S.D.N.Y.). In <u>Rosenblatt</u>, the court held that a corporate defendant's documents, which were in the custody of the bank, were subject to discovery notwithstanding the confidential relationship between the corporation and the bank and that the bank was not a party to the action. <u>Id.</u> Further, the court held that the duties of confidentiality which a banker may owe a customer during their course of dealings do not overcome those duties of relevant disclosure which the customer and his bank may owe another litigant under the discovery rules. <u>Id.</u> at 23. Unlike this case, the bank in <u>Rosenblatt</u> was a non-party and the corporate defendant had filed a motion for a protective order to prevent disclosure of certain bank documents; the motion was denied. Here, HSBC is party and the information requested by plaintiffs, as established above, is highly relevant to their claims.

Further, F.R.C.P. 26(c)(7) provides that a protective order may be obtained to protect "a party or person" and may provide that "a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way." HSBC has

already obtained, by stipulation with plaintiffs, a Stipulated Protective Order Governing Discovery. That Order is an "umbrella" protective order that authorizes HSBC or any third party, including HSBC's customers, to designate information as confidential and to allow such information to be protected under the terms of the Order. (A. Arriola Decl.) See, e.g., Dubai Islamic Bank v. Citibank, N.A., 211 F.Supp.2d 447, 449 (S.D.N.Y. 2001) (bank's client account records, anti-money laundering compliance policies and procedures, documents dealing with bank-to-bank wire transfer security procedures, and employee personnel records subject to protective order); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 11-12 (U.S.D.C. 1987) (defendants required to respond to requests for production of documents, subject to protective order requirements); United States v. Provident Nat'l Bank, 41 F.R.D. 209, 210 (E.D. Pa. 1966) (bank examiner reports would be ordered produced, subject to implementation of protective measures). In fact, HSBC specifically included the "Third Party" provisions of the Order to protect information and documents concerning its customers, particularly Mr. Fang. (A. Arriola Decl.) Under these circumstances, HSBC's refusal to provide such documents under the ambit of a protective order is unjustified and constitutes a wilful refusal to provide such information.

### D. The Discovery Requests are not Overbroad.

HSBC has not met its burden of making a specific showing of why the document requests should not be answered, or why the documents in question should not be produced. HSBC has merely made conclusory objections that the document requests are "overbroad." There is no litmus paper test for judging the sufficiency of a desigation. Laufman, 72 F.R.D. at 122. Under Rule 34(b), designation by category is sufficient, and the categories themselves need be defined only with reasonable particularity. 4A Moore's Federal Practice ¶ 34.07. Here, all of the document requests

are defined with sufficient particularity. Plaintiffs requests documents relating to two categories of information: (1) HSBC documents relating to Mr. Fang, members of his family and companies in which Mr. Fang or members of his family have any ownership interest and (2) HSBC documents relating to bank customers other than plaintiffs whose loans with HSBC were given "discounts"; "friendly foreclosures"; or where alternative financing was accepted to resolve such loans. The question is whether a reasonable person would know what documents or things are called for. 4A Moore's Federal Practice ¶ 34.07. Plaintiffs' document requests clearly meet that test. *Compare* plaintiffs' document requests *with* those in Laufman, 72 F.R.D. 116, 123-24 (holding that plaintiffs' document requests relating to five categories of information, including board and committee meetings, rejected loan applications, and active loan files were sufficiently particular under Rule 34(b)).

### E.  Plaintiffs are Entitled to Attorney's Fees Necessitated by the Filing of this Motion.

Rule 37(a)(4)(A) provides that if a motion to compel further discovery is granted, the court shall require the party whose conduct necessitated the motion to pay to the moving party reasonable expenses incurred in making the motion, including attorney's fees. "The great operative principle of Rule 37(a)(4) is that the loser pays." Wright & Miller, 8 Federal Practice and Procedure § 2288 at 787 (1970). This fee-shifting rule encourages voluntary resolution of discovery disputes and curtails the ability of litigants to frustrate the purposes of the discovery rules. Rickels v. City of South Bend, Indiana, 33 F.3d 785, 786 (7th Cir. 1994).

The delay in obtaining HSBC's answers to the document requests has impeded the prosecution of plaintiffs' case. A. Arriola Decl. Plaintiffs have noticed the depositions of four

individuals in Guam and is attempting to take the depositions of two individuals in Hong Kong. The documents sought by plaintiffs would greatly assist them in these depositions, yet HSBC has failed to comply with the discovery rules and in their responsibility to provide relevant evidence before trial. For these reasons, HSBC should be required to pay plaintiffs' reasonable expenses, including attorneys' fees, necessitated by the filing of this motion.

## CONCLUSION

For all of the foregoing reasons, plaintiffs Alan Sadhwani, et al. respectfully requests that the Court issue an Order compelling HSBC to produce documents pursuant to plaintiffs Third Set of Requests for Production of Documents and requiring HSBC to pay plaintiffs' reasonable expenses, including attorney's fees, necessitated by the filing of this motion.

Respectfully submitted on April 19, 2003.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: _____
JOAQUIN C. ARRIOLA

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on April 19, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ANSWERS TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS (F.R.C.P. 37(a); L.R. 37.1)** to:

> Jacques A. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 19th day of April, 2004.

_____
ANITA P. ARRIOLA