JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:    (671) 477-9734
Email: acalaw@netpci.com

FILED
DISTRICT COURT OF GUAM
APR 21 2004
MARY L. M. MORAN
CLERK OF COURT

82

Attorneys for Plaintiffs Alan Sadhwani, et al.

### IN THE UNITED STATES
### DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br>**(L.R. 37.1(b))** |

Pursuant to L.R. 37.1(b), plaintiffs and defendant submit the following Stipulation containing the document requests, defendant's Objections and Responses, and the parties' contentions and points and authorities regarding plaintiffs' Motion to Compel Responses to Plaintiffs' Third Set of Requests for Production of Documents. "P" indicates plaintiffs' contentions and points and authorities; "D" indicates defendant Hongkong and Shanghai Banking Corporation, Ltd.'s contentions and points and authorities.

**REQUEST NO. 1:** All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to Joseph K. Fang from January 1, 1999 through the date of this request.

ORIGINAL

**ANSWER TO REQUEST NO.1:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is over broad.

P: The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D: Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1]*. A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes*.

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b]*. The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001)*.

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979)*.

-3-

ARRIOLA, COWAN & ARRIOLA, HAGÅTÑA, GUAM 96910

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation.

-4-

Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 2:** All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any member of Joseph K. Fang's family (wife, children, siblings or parents) from January 1, 1999 through the date of this request.

-5-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**ANSWER TO REQUEST NO. 2:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

P:    The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:    Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden

-6-

is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1]*. A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes*.

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b]*. The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id*. The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001)*.

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979)*.

-7-

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation.

-8-

Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 3:** All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which Joseph K. Fang has any ownership interest, from January 1, 1999 through the date of this request.

-9-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**ANSWER TO REQUEST NO. 3:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

P:    The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:    Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden

-10-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1]*. A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes*.

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b]*. The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

-11-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation.

-12-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 4:** All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) has any ownership interest, from January 1, 1999 through the date of this request.

-13-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**ANSWER TO REQUEST NO. 4:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

P:    The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:    Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-14-

is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1]*. A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes*.

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b]*. The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001)*.

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979)*.

-15-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation.

-16-

Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 5:** All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to PMC from January 1, 1999 through the date of this request.

**ANSWER TO REQUEST NO. 5:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this

-17-

request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

P: The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D: Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed.*

-18-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

*Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes.*

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of

-19-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine

-20-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 6:**  All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which  Joseph K. Fang is an officer or director,  from January 1, 1999 through the date of this request.

**ANSWER TO REQUEST NO. 6:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the

-21-

control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

P:    The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. <u>Rosenblatt v. Northwest Airlines, Inc.</u>, 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:    Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must,

-22-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes.*

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses

-23-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be

-24-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 7:** All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) is an officer or director, from January 1, 1999 through the date of this request.

**ANSWER TO REQUEST NO. 7:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the

-25-

control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information of a third-party unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

P:     The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:     Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must,

-26-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes.*

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses

-27-

asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be

-28-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 9:** All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities, other than Plaintiffs' Loan, which were sold, transferred or assigned by YOU to parties other than PMC, from January 1, 2002 through the date of this request.

**ANSWER TO REQUEST NO. 9:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it

-29-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

requests confidential and proprietary information unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC farther objects on the ground that this request is overbroad.

P:     The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:     Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings.

-30-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

*FRCP Rule 26(b)(1); Advisory Committee's Notes.*

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request

-31-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not

-32-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 10:** All DOCUMENTS that address, refer to, or relate to any discounts on loan balances extended by YOU to any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

**ANSWER TO REQUEST NO. 10:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information unrelated to this action. HSBC further objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to

-33-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

lead to discovery of admissible evidence. HSBC further objects on the ground that this request is overbroad.

P:    The documents requested by plaintiffs are relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. Rosenblatt v. Northwest Airlines, Inc., 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:    Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes.*

The limitation of the scope of party-controlled discovery is designed to control sweeping or

contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999,

-35-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

-36-

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 11:** All DOCUMENTS that address, refer to, or relate to any "friendly foreclosures", as that term is used by YOU in Exhibit G attached to Plaintiffs' Complaint, between YOU and any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

**ANSWER TO REQUEST NO. 11:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information unrelated to this action. HSBC farther objects on the ground that this request seeks information that is neither relevant nor reasonablycalculated to lead to discovery of admissible evidence. HSBC farther objects on the ground that this request is

-37-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

over broad.

P:   The documents requested by plaintiffs are relevant to the subject matter of this action and
     are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1).
     There is no banker-client privilege. <u>Rosenblatt v. Northwest Airlines, Inc.</u>, 54 F.R.D. 21,
     22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be
     subject to the Stipulated Protective Order Governing Discovery filed in this matter on
     February 11, 2004.

D:   Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule
     that a party may obtain discovery regarding any nonprivileged matter relevant to the subject
     matter of the action was changed effective December 1, 2000. In what is one of the most
     significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended,
     restricts the scope of discovery to matters that are "relevant to the claim or defense of any
     party". A showing of "good cause" is required to expand the scope of discovery to the
     subject matter involved in the action. *Id.*

     The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery
     without a court order to matters "relevant to the claim or defense of any party." The burden
     is on the party requesting discovery to expand the scope of discovery beyond matters
     relevant  to the parties' claims and defenses by seeking court intervention. *Moore's Fed.*
     *Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must,
     under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings.
     *FRCP Rule 26(b)(1); Advisory Committee's Notes.*

     The limitation of the scope of party-controlled discovery is designed to control sweeping or
     contentious discovery by focusing the attention of the parties and the court on the actual

-38-

claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims

-39-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad.

-40-

Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

**REQUEST NO. 12**. All DOCUMENTS that address, refer to, or relate to the refinancing of loan balances by any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

**ANSWER TO REQUEST NO. 12:**

HSBC incorporates by reference the all Objections as set forth above. HSBC objects to this request as seeking materials already produced, equally likely to be in the possession of or in the control of third-parties in which HSBC has no control of. HSBC objects to this request since it requests confidential and proprietary information unrelated to this action. HSBC farther objects on the ground that this request seeks information that is neither relevant nor reasonably calculated to lead to discovery of admissible evidence. HSBC farther objects on the ground that this request is over broad.

P:     The documents requested by plaintiffs are relevant to the subject matter of this action and

-41-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

are reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). There is no banker-client privilege. <u>Rosenblatt v. Northwest Airlines, Inc.</u>, 54 F.R.D. 21, 22 (S.D.N.Y. 1971). Any disclosure of , confidential or proprietary information may be subject to the Stipulated Protective Order Governing Discovery filed in this matter on February 11, 2004.

D:     Plaintiffs have cited the incorrect standard for the scope of discovery. The longstanding rule that a party may obtain discovery regarding any nonprivileged matter relevant to the subject matter of the action was changed effective December 1, 2000. In what is one of the most significant changes to discovery practice in the last fifty years, Rule 26(b)(1), as amended, restricts the scope of discovery to matters that are "relevant to the claim or defense of any party". A showing of "good cause" is required to expand the scope of discovery to the subject matter involved in the action. *Id.*

The 2000 amendments to Rule 26(b) narrowed the scope of party-controlled discovery without a court order to matters "relevant to the claim or defense of any party." The burden is on the party requesting discovery to expand the scope of discovery beyond matters relevant to the parties' claims and defenses by seeking court intervention. *Moore's Fed. Prac. 3d § 26.41[1].* A court resolving a discovery dispute on the ground of relevance must, under the 2000 amendments, focus on the specific claim or defense alleged in the pleadings. *FRCP Rule 26(b)(1); Advisory Committee's Notes.*

The limitation of the scope of party-controlled discovery is designed to control sweeping or contentious discovery by focusing the attention of the parties and the court on the actual claims and defenses involved in the action and increasing the availability of judicial officers to resolve discovery disputes and securing more active involvement of the court in managing

-42-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

discovery. *Id; Moore's Fed Prac. 3d § 26.41 [2][b].* The 2000 amendments are consistent with the 1993 amendment to Rule 1, which requires the courts not only to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," but also "to administer" them to secure those goals. *Id.* The 2000 amendments are designed to involve the court more actively in regulating discovery, and the courts should more vigorously apply the principles of Rule 26(b) in doing so. *Thompson v. Dep't of Housing and Urban Devel., 199 F.R.D. 168 (D.C. Md. 2001).*

To this end, the Supreme Court has stated, the requirement of FRCP 26(b)(1) that the material sought in discovery be relevant should be firmly applied, and the district courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Supreme Court has advised that, with this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process. *Herbert v. Lando, 441 U.S. 153, 99 S. Ct. 1635 (1979).*

Accordingly, HSBC has objected to all of the subject Requests on the ground that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. None of the subject Requests are relevant to the claims or defenses asserted by the parties to this action. For example, and not by way of limitation, Request No. 1 demands production of all documents concerning any loans, notes, or other credit facilities extended by HSBC to a person not a party to this litigation from January 1, 1999, through the date of the Request. Clearly, this Request is not relevant to any of the claims and defenses asserted by the parties in this litigation. Similarly, the remainder of the subject Requests demand production of documents which are irrelevant to the claims and defenses

-43-

asserted by the parties in this case.

HSBC has objected to the subject Requests on the ground that the documents are equally likely to be in the possession of or in control of third parties over which HSBC has no control. The subject Requests demand documents related to Joseph K. Fang, a non-party, members of Mr. Fang's family, and a company which Mr. Fang and others own, Paradise Marine Corporation. Plaintiffs have noticed the videotape deposition of Mr. Fang for May 7, 2004. Plaintiffs have the right to issue a subpoena duces tecum in association with the deposition, if they have not already done so, to obtain the documents they have requested from HSBC. Since all of the documents described in the subject Requests may be obtained from Mr. Fang when he is deposed, there is no "good cause" for requiring HSBC to search for and produce such documents, should HSBC have possession, custody, or control of such documents, when they are readily available from Mr. Fang.

HSBC has also objected to the subject Requests on the ground that they request confidential and proprietary information of third parties which are not parties to this litigation. Specifically, the subject Requests demand the production of banking, financial, and loan information and documents related to Mr. Fang, his family members, and Paradise Marine Corporation. Through his attorneys, Mr. Fang has demanded that no such information be produced to the Plaintiffs in this case. As discussed above, the documents requested do not relate to the claims and defenses asserted by the parties in this case, are not relevant, and are confidential.

HSBC has also objected to the subject Requests on the ground that they are overbroad. Specifically, the Requests demand the production of documents which predate and antedate the claims and defenses asserted by the parties in this case. The Requests are so broad and

-44-

sweeping that they would require production of voluminous records or unrelated third parties which, as noted above, are not relevant to the claims and defenses asserted by the parties in this action. For these reasons, the Requests are clearly overbroad.

Finally, pursuant to this Court's Order issued and filed on April 9, 2004, the Court granted HSBC's motion to dismiss the Third and Sixth Causes of Action in the Complaint. The Order allowed the Plaintiffs leave to amend and Plaintiffs, through their counsel, have indicated an intent to file an amended complaint. HSBC objects to the subject Requests as premature in that amended complaint will be filed which may alter the scope of discovery allowed under Rule 26(b).

DATED this 19th day of April, 2004.

**ARRIOLA, COWAN & ARRIOLA**

**ANITA P. ARRIOLA**
Counsel for Plaintiffs

**BRONZE & TANG, P.C.**

**JERRY J. TANG**
Counsel for Defendants HSBC

-45-

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on April 21, 2004, I caused to be served via hand delivery, a **STIPULATION REGARDING PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS L.R. 37.1(b))** to:

> **Jacques A. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 21st day of April, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910