JERRY J. TANG
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>  Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>  Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER CERTIFYING THE DENIAL OF HSBC'S MOTION TO STRIKE JURY DEMAND FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS PENDING APPEAL** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") submits this memorandum in support of its Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal to the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings in this Court Pending Appeal ("Motion").

## I. INTRODUCTION

On April 9, 2004, this Court issued its Memorandum Order ("Order") which denied HSBC's Motion to Strike Jury Trial Demand ("Jury Trial Motion"). In the Order,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 2 of 10 pages

the Court recited certain facts alleged in the Complaint and found that the Plaintiffs had variously signed an Unlimited Continuing Guaranty and a Business Loan Agreement which contain provisions which waive any right to trial by jury in any action or proceeding relating to the subject loans with HSBC. *Order at 1-2.*

The Court held that even though the right to a civil jury trial in federal courts is constitutionally protected by the Seventh Amendment, it may be waived by a contract that is knowingly and voluntarily executed. *Id.* at 2-3. However, the Court concluded that as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver. *Id.* at 3.

In the Order, the Court found that there exists a split in Circuits over who carries the burden of proving the validity of a contractual jury trial waiver provision and acknowledged that the Ninth Circuit has not ruled on this issue. *Id.* The Court determined that the Sixth Circuit holds that the party seeking to avoid the waiver has the burden of demonstrating that its consent to the provision was not knowing and voluntary but that the Second and Fourth Circuits place the burden of proving that the consent to the provision was knowing and voluntary on the party seeking to enforce the waiver. *Id.* This Court adopted the position of the Second and Fourth Circuits and held that HSBC had the burden of proving that the jury trial waiver provisions were executed knowingly and voluntarily by the Plaintiffs. *Id.*

In denying HSBC's Jury Trial Motion, the Court held that "HSBC has failed to

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 3 of 10 pages

meet its burden of proving that the waivers were knowing and voluntarily". *Id. at 5.*

## II. ARGUMENT

### A. The Criteria for Certification

The certification statute, 28 U.S.C. § 1292(b), provides as follows:

> "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge therof shall so order."

The Order is classically appropriate for appellate review pursuant to 28 U.S.C. § 1292(b). The Order clearly implicates a "controlling question of law" as to which there is "substantial ground for difference of opinion." It is also equally certain that " an immediate appeal from the order may materially advance the ultimate termination" of this action. In practice, the courts treat the statutory criteria as a unitary requirement and the decisions granting and discussing interlocutory appeals under 28 U.S.C. § 1292(b) uniformly cite all three elements as being present in any particular case. *Moore's Federal Practice 3d § 203.31[1].*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings
Pending Appeal
Page 4 of 10 pages

### B. The Controlling Question of Law

HSBC submits that the following questions should be certified for immediate appeal to the Ninth Circuit pursuant to 28 U.S.C. § 1292(b):

> As a matter of law, does the party seeking to avoid a contractual jury trial waiver which it admittedly signed have the burden of proving that its consent to the provision was not knowing and voluntary?
>
> Under the circumstances of this case, did the Plaintiffs knowingly and voluntarily waive their right to a jury trial?

A question of law is "controlling" if resolution of the issue on appeal **could** materially effect the outcome of the litigation in the district court. *In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash grove Cement Co., 459 U.S. 1190 (1983)*. Thus, an issue is "controlling" if "interlocutory reversal might save time for the district court, and time and expense for the litigants." *16 Fed. Prac. & Proc. § 3930, at 426 (1996); see also, Johnson v. Burken, 930 F.2d 1202, 1205-06 (7th Cir. 1991)* ("controlling" means serious to the conduct of the litigation, either practically or legally).

The phrase "controlling question of law", in the context of 28 U.S.C. § 1292(b), has a much broader meaning than the determination of an issue which will resolve the action entirely. *Moore's Federal Practice 3d § 203.31[2]*. Under the statutory framework, a question of law need not completely dispose of the litigation in order to be "controlling". *Id. at § 203.31[3]*. The controlling question need not be directly related to the substance of the controversy between the parties. *Id.; In re Cement Antitrust Litig.,*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings
Pending Appeal
Page 5 of 10 pages

*supra*, *673 F.2d at 1027 n. 5* ("issues collateral to the merits" may be the proper subject of an interlocutory appeal). A controlling question of law has routinely been found to exist regarding the right to a jury trial. *See, Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563 (1990)* (interlocutory appeal permitted from order denying motion to strike jury demand); *Lehman v. Nakshian, 453 U.S. 156, 158-160 (1981)* (same); *KLK, Inc. v. U. S. Dept. of the Interior, 35 F.3d 454, 455 (9th Cir. 1994)* (same); *Standard Oil Co. Of California v. Arizona, 738 F.2d 1021, 1022 (9th Cir. 1984)* (same); *Fabrikant v. Weinberg, 609 F.2d 412, 423 (9th Cir. 1979)* (interlocutory appeal permitted from order striking demands for jury trial); *Franquez v. U.S., 604 F.2d 1239, 1241 (9th Cir. 1979)* (interlocutory appeal permitted from order issued by District Court of Guam denying motion to strike demand for jury trial).

As framed in the questions above, whether Plaintiffs in this case have the burden to prove that they did not knowingly and voluntarily waive their right to a jury trial in this case is a "controlling question of law".

## C. There are Substantial Grounds for Differences of Opinion on the Controlling Question of Law.

As acknowledged by this Court in its Order, there exists a split in Circuits over who carries the burden of proving the validity of a contractual jury trial waiver provision and the Ninth Circuit has not ruled on this issue. *Order at 3*. This Court determined that the Sixth Circuit holds that the party seeking to avoid the waiver has the burden of

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings
Pending Appeal
Page 6 of 10 pages

demonstrating that its consent to the provision was not knowing and voluntary but that the Second and Fourth Circuits place the burden of proving that the consent to the provision was knowing and voluntary on the party seeking to enforce the waiver. *Id.* This Court adopted the position of the Second and Fourth Circuits and held that HSBC had the burden of proving that the jury trial waiver provisions were executed knowingly and voluntarily by the Plaintiffs. *Id.* Plaintiffs frankly admit that there is "a recognized split in the circuits on the issue of burden" and that the "Ninth Circuit Court of Appeals has not ruled on this issue." *Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs" Opposition to Defendant's Motion to Strike Jury Demand, filed herein on January 16, 2004, at 3.*

Substantial grounds for difference of opinion exist when there are conflicting and contradictory decisions addressing the same issue. *See, Chauffers, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. *supra* at 563 (interlocutory appeal permitted to resolve conflict among circuits on issue of right to jury trial); *Lorillard, A Division of Loew's Theatres, Inc. v. Pons,* 434 U.S. 575, 576-7 (1978) (interlocutory appeal of order denying motion to strike jury demand; certiorari granted to resolve conflict in Circuits); *McLaughlin v. Owens Plastering Co.,* 841 F. 2d 299, 300 (9th Cir. 1988) (interlocutory appeal permitted to resolve conflicting district court opinions on right to jury trial); *Matter of Grabill,* 967 F.2d 1152, 1153 (7th Cir. 1992) (interlocutory appeal permitted when circuits were divided on issue of whether bankruptcy court has authority to conduct jury trial in

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings
Pending Appeal
Page 7 of 10 pages

core proceeding); *Zenith Radio Corp. v. Matsushita Electric Ind. Co.*, 478 F. Supp. 889, 926, 944 (E. D. Pa. 1979) (interlocutory appeal certified from order denying motion to strike jury demand when various courts render conflicting opinions on right to jury trial).

As noted above, the Circuits are split on the issue of which party has the burden of proof regarding a contractual waiver of the right to a jury trial and the Ninth Circuit has not ruled on this issue. Clearly, substantial grounds for difference of opinion exist on the questions determined by this Court in the Order.

### D. An Appeal May Materially Advance the Termination of this Litigation.

The issue under this prong of Section 1292(b) is whether an appeal may avoid the need for trial proceedings, or at least curtail and simplify pretrial or trial, and is closely tied to the requirement that the Order involve a controlling question of law. *See, In re Cement Antitrust Litig., supra*, 673 F.2d at 1026 (controlling question of law is present when resolution of issue on appeal could materially affect outcome of litigation in district court); *Fed. Prac. & Proc.* § 3930 (1996). The Ninth Circuit has ruled that an issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig., supra*, 673 F.2d at 1026. This prong is clearly satisfied here.

Numerous courts have found that an interlocutory appeal may materially advance the termination of the litigation when the right to a jury trial is at issue. *See, e.g., Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, supra*, 494 U.S. at 563 (Supreme

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings
Pending Appeal
Page 8 of 10 pages

Court granted petition for certiorari); *Lehman v. Nakshian, supra, 453 U.S. at 160* (same); *KLK, Inc. v. U.S. Dept. of the Interior, supra, 35 F.3d at 455* (appeal permitted); *Standard Oil Co. Of California v. Arizona, supra, 738 F.2d at 1022* (interlocutory appeal certified); *Franquez v. U.S., supra, 604 F.2d at 1241* (interlocutory appeal certified by district court and permitted by circuit court).

The requirement of "material advancement of the ultimate termination of the litigation" is well met where the litigation involved is expensive and the probability of retrial is decreased by interlocutory review. *Zenith Radio Corp. v. Matsushita Electric Ind. Co., supra, 478 F. Supp. at 945* (appeal certified of order granting jury trial); *see also, Rosen v. Dick, 83 F.R.D. 540, 547 (S.D.N.Y. 1979)* (immediate appeal of right to jury trial would materially advance untimate termination of litigation); *In re Lee Way Holding Co., 115 B.R. 586, 591 (S.D. Ohio 1990)* (same). This is especially true when the right to a jury trial is at issue because jury and bench trials necessitate different litigation strategies, allocations of court time, and expense to the parties. *Zenith Radio Corp. v. Matsushita Electric Ind. Co., supra, 478 F. Supp. at 944*.

In this case, if this Court's Order denying HSBC's motion to strike the jury demand were to be reversed on appeal, it would necessitate a new trial and all of the attendant delay and expense to the parties and the Court such a reversal would entail. Conducting discovery, researching and filing pretrial motions, and trying this case is time-consuming and expensive for both parties. Plaintiffs have recently had this Court

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 9 of 10 pages

issue a Letter of Request for conducting depositions in Hong Kong and both parties have indicated in pretrial filings that they can be expected to notice up to ten (10) depositions each. The expense of preparing for and trying this case is obviously significant. As noted above, jury and bench trials necessitate different litigation strategies, allocations of Court time, and expense to the parties. Generally, a bench trial should be considerably less expensive and time-consuming than a jury trial. An immediate appeal of the Order will materially advance the ultimate termination of the litigation, especially if an appeal will forclose the possibility of a reversal on appeal on the right to a jury trial and subsequent retrial.

### E. This Court Should Stay Proceedings in this Court Pending Appeal.

Section 1292(b) authorizes this Court to stay proceedings in this Court pending appellate review by the Ninth Circuit of the Order and questions certified. As discussed above, permitting this case to proceed during an interlocutory appeal would be counterproductive since different litigation strategies, allocations of Court time, and expense to the parties are involved in a trial to the Court as opposed to a jury trial.

Further, pursuant to the Scheduling Order and Discovery Plan filed herein on February 3, 2004, this Court has ordered this case to progress relatively quickly considering that the alleged acts of HSBC which Plaintiffs complain of occurred in 2003. Staying proceedings in this case for the short time it takes to hear the interlocutory appeal will not prejudice Plaintiffs and may ultimately save this Court and the parties the

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings
Pending Appeal
Page 10 of 10 pages

additional expense of a retrial in the event that the Order is reversed by the Ninth Circuit.

Courts have frequently stayed proceedings during an appeal to determine the right to a jury trial under 28 U.S.C. § 1292(b). *See, e.g., West v. Pelican Management Services Corp.*, 788 F. Supp. 897, 900 (M.D. La. 1992) (proceedings stayed during interlocutory appeal of order denying jury trial); *In re Lee Way Holding Co.*, 115 B.R. 586, 591 (S.D. Ohio 1990) (proceedings stayed during interlocutory appeal of order refusing to deny petitioners jury trial).

### III. CONCLUSION

For the reasons stated herein, this Court should issue an amended memorandum order certifying the denial of HSBC's Motion to Strike Jury Demand for immediate appeal pursuant to 28 U.S.C. § 1292(b) and staying proceedings in this case pending appeal and consideration by the Ninth Circuit. A proposed amended memorandum order is contemporaneously submitted for the Court's consideration.

Dated this 23 day of April, 2004.

LAW OFFICES OF BRONZE & TANG, P.C.
Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

By: _____
JERRY J. TANG