LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF EX PARTE APPLICATION ON MOTION FOR AN ORDER CERTIFYING THE DENIAL OF HSBC'S MOTION TO STRIKE JURY DEMAND FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS PENDING APPEAL |

I, JACQUES G. BRONZE, do hereby declare as follows:

1. I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

2. I am admitted to practice before this Court and am counsel responsible for the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC"). A good faith effort has been made by counsel to advise counsel for

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze in Support of Ex Parte Application on Motion for an Order Certifying the denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 2 of 3 pages

Plaintiffs of the substance of HSBC's Ex Parte Application on Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal ("Ex Parte Application"). Copies of all pleadings relating to the Ex Parte Application and underlying Motion have been or will be served upon Plaintiffs' counsel on filing with this Court. The date and time the Court will consider the Ex Parte Application is not yet known. However, as soon as such information is made available to my office we will advise Plaintiffs' attorneys.

3. It is expected that counsel for Plaintiffs will oppose the Ex Parte Application and will desire to be present if and when the Ex Parte Application is either presented to or heard by the Court.

4. It is important and urgent that the Ex Parte Application and underlying Motion be heard as soon as possible because the issue of whether Plaintiffs' have the right to a jury trial, notwithstanding the written waivers they admittedly signed, is a fundamental question that needs to be resolved before this action proceeds any further, and certainly before trial of this case, which is now set to commence on September 21, 2004. As noted in the pleadings supporting the Ex Parte Application, there exists a split in the Circuits over which party has the burden of proving the validity or invalidity of contractual jury trial waivers and the Ninth Circuit has not yet ruled on this issue. This

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques A. Bronze in Support of Ex Parte Application on Motion for an Order Certifying the denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 3 of 3 pages

Court has denied the motion to strike and ruled that HSBC had the burden of proving that the jury trial waivers were both voluntary and knowing and that HSBC did not carry its burden of proof. Certifying this issue for immediate appeal may avoid the need for trial proceedings, or at least curtail and simplify pretrial proceedings or trial. This is especially true when the right to jury trial is at issue because jury and bench trials necessitate different litigation strategies, allocations of court time, and expense to the parties. In the event the Court's Order denying HSBC's Motion to strike the Plaintiffs' jury demand is reversed upon appeal, a new trial will be ordered. An immediate appeal under 28 U.S.C. § 1292(b) can avoid the expense and delay that such a retrial would entail.

5. This Declaration is made in compliance with Local Rule 7.1(j)(1).

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this 28th day of April, 2004.

_____
JACQUES G. BRONZE