**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION TO STAY ALL DEPOSITIONS PENDING DETERMINATION OF ITS MOTION TO STRIKE FIRST AMENDED COMPLAINT IN WHOLE OR IN PART OR, IN THE ALTERNATIVE, MOTION TO DISMISS THIRD AND SIXTH CAUSES OF ACTIONS AND SANCTIONS** |

## JURISDICTION

This action is before this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1322 and 48 U.S.C. § 1424. This Court has jurisdiction to hear this motion pursuant to FRCP 26(c).

## FACTS

On or about October 21, 2003, Plaintiffs filed a Complaint asserting various lender liability claims against Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC"). On December 30, 2003, pursuant to FRCP 12(b)(6), HSBC filed its Motion to Dismiss Plaintiffs'

Complaint. On April 9, 2004, District Judge John S. Unpingco, granted HSBC's Motion to Dismiss as it relates to the Third and Sixth cause of action, subject to Plaintiff's right to "… amend their complaint to reassert the dismissed causes of action." See, Conclusion of District Court Order dated April 9, 2004.

On April 27, 2004, Plaintiffs' filed their First Amended Complaint for Damages amending Counts III and VI as permitted by this Court's Order, however, Plaintiffs surreptitiously, without leave of court, asserted new facts in paragraphs 5 and 7, a new paragraph 16, new facts to paragraph 18, a new paragraph 21 and new facts to paragraph 26. Paragraph 24 from the original Complaint was deleted. In addition, Plaintiffs' asserted new facts to paragraph 30, a complete new paragraph 31A-D and deleted paragraph 28 to its First Cause of Action. As to the Second Cause of Action, Plaintiffs' asserted a new paragraph 36, and asserted new facts to paragraphs 38 and 39. As it relates to the Fourth Cause of Action, Plaintiffs added additional language to paragraph 49 and as well as additional allegations to paragraph 50. Lastly, Plaintiffs' asserted new facts to paragraphs 54C and F to its Fifth Cause of Action. See, Exhibit 1 attached to Motion to Strike to review the unauthorized amendments. Plaintiffs undertook all those amendments surreptitiously, in violation of this Court's April 9, 2004, Order and without leave of court.

HSBC then filed its Motion to Strike the First Amended Complaint in Whole and in Part or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions ("Motion to Strike"). HSBC has not been able to file an answer to these unauthorized amendments since it is the subject of HSBC's Motion to Strike.

In addition, on April 23, 2004, HSBC also filed an Ex Parte Motion for an Order Certifying the Denial of HSBC's Motion to Strike the Jury Demand for Immediate Appeal pursuant to 28 USC § 1292(b) and to Stay Proceedings Pending Appeal. No hearing date has

been set as of the date of filing of this Ex Parte Application. Moreover, on April 23, 2004, HSBC sent a letter to Plaintiff's counsel seeking a Stipulation of Guidelines for the taking of the proposed videotape depositions. See, Exhibit "4" to Declaration of Jacques G. Bronze. On April 28, 2004, Plaintiffs forwarded a letter to HSBC objecting for the need to enter into a Stipulation of Guidelines for the taking of the videotape depositions. See, Exhibit "5" to Declaration of Jacques G. Bronze.

Although both parties have propounded interrogatories and requests to produce on each other, Plaintiffs now seek to depose various witnesses including various officers of First Hawaiian Bank, Joseph K. Fang, Stephen Grantham, as well as depositions of officers of HSBC, more specifically, Messrs. Fred Granillo and I.C. Underwood, whose depositions are scheduled for May 3 and May 5, 2004, respectively. See, Declaration of Jacques G. Bronze. Due to the pending motions to be decided by the Court, moving forward on these proposed depositions would be a gross waste of time and resources.

Moreover, in a letter dated March 23, 2004, to Plaintiffs' counsel, HSBC advised Plaintiffs that it reserved its rights to conduct future depositions of the same witnesses should this Court rule in Plaintiffs' favor permitting Plaintiffs to file an Amended Complaint. See, Declaration of Jacques G. Bronze.[1] In response, Plaintiffs' counsel in a letter dated March 26, 2004, stated "[r]egarding HSBC's reservation of its right to conduct future depositions of the same deposition depending upon the filing of Amended Complaint, Plaintiffs dispute that such right exists." See, Exhibit "1" attached to the Declaration of Jacques G. Bronze.

/ / /

/ / /

/ / /

---

[1] This Court's April 9, 2004, Order permitted Plaintiffs to amend Counts III and VI of their Complaint.

# ANALYSIS

## I.

**UNTIL THIS COURT RULES ON HSBC's MOTIONS TO STRIKE AND FOR AN ORDER FOR INTERLOCUTORY APPEAL OF THE DENIAL OF HSBC's MOTION TO STRIKE THE JURY DEMAND, THE PARTIES CAN WORKOUT A GUIDELINE FOR THE VIDEOTAPE DEPOSITIONS, THIS COURT IS AUTHORIZED TO STAY ALL DEPOSITIONS PURSUANT TO FRCP 26(c)(4).**

FRCP 26(c)(4) provides that the court may limit discovery so "that certain matters [may] not be inquired into, or that the scope of disclosure or discovery be limited to certain matters" upon a showing of good cause or where ". . . justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

A District Court has discretion to deny or restrict discovery. <u>See, Chen Chi Wan v. U.S.</u>, 757 F.2d 1000, 1004 (9th Cir. 1985). A stay of discovery is appropriate when the motion appears to have substantial grounds or, stated in another way, does not "appear to be without foundation in law." <u>See, Johnson v. New York University School of Education</u>, 205 FRD 433, 434 (S.D.N.Y. 2002) (District Court granted stay of discovery pending outcome of Defendant's motion to dismiss); <u>see, also, GTE Wireless, Inc. v. Qualcomm, Inc.</u>, 192 FRD 284 (S.D. Cal. 2000) (Magistrate Court reversed since it committed clear error and failed to more fully balance the harm of allowing discovery against the harm of a stay as Defendant had met its burden to show good cause and reasonableness to stay discovery pending the adjudication of Defendant's motion); <u>Golden Gate Audubon Society, Inc. v. U.S. Army Corps of Engineers</u>, 717 F. Supp. 1417, 1424 (N.D. Cal., 1988).

In a determination of whether to stay discovery, a court must consider the following factors, none of which is singly dispositive:

(a) The type of motion or whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations;

(b) The nature and complexity of the action;

(c) Whether the counterclaims or crossclaims have been interposed;

(d) Whether some or all of the defendants join in the request for the stay, the posture or stage of litigation;

(e) The expected extent of discovery in light of the number of parties; and

(f) The complexity of the issues in the case.

See, 6 MOORE'S FEDERAL PRACTICE, 3D, § 26.105(3)(C), P. 26-268.5-269.

On April 9, 2004, District Judge John S. Unpingco, granted HSBC's Motion to Dismiss as it relates to the Third and Sixth cause of action, subject to Plaintiff's right to "... amend their complaint to reassert the dismissed causes of action." See, Conclusion of District Court Order dated April 9, 2004.

On April 27, 2004, Plaintiffs' filed their First Amended Complaint for Damages amending Counts III and VI as permitted by this Court's Order, however, Plaintiffs surreptitiously, without leave of court, asserted new facts in paragraphs 5 and 7, a new paragraph 16, new facts to paragraph 18, a new paragraph 21 and new facts to paragraph 26. Paragraph 24 from the original Complaint was deleted. In addition, Plaintiffs' asserted new facts to paragraph 30, a complete new paragraph 31A-D and deleted paragraph 28 to its First Cause of Action. As to the Second Cause of Action, Plaintiffs' asserted a new paragraph 36, and asserted new facts to paragraphs 38 and 39. As it relates to the Fourth Cause of Action, Plaintiffs added additional language to paragraph 49 and as well as additional allegations to paragraph 50. Lastly, Plaintiffs' asserted new facts to paragraphs 54C and F to its Fifth Cause of Action. See, Exhibit 1 to Motion to Strike to review the unauthorized amendments. Plaintiffs undertook all those

amendments surreptitiously, in violation of this Court's April 9, 2004, Order and without leave of court.

HSBC then filed its Motion to Strike the First Amended Complaint in Whole or in Part, or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions. HSBC has not been able to file an answer to these unauthorized amendments since it is the subject of HSBC's Motion to Strike and this Court has not given leave to Plaintiffs to file the additional amendments.

In addition, on April 23, 2004, HSBC also filed an Ex Parte Motion for an Order Certifying the Denial of HSBC's Motion to Strike the Jury Demand for Immediate Appeal pursuant to 28 USC § 1292(b) and to Stay Proceedings Pending Appeal. No hearing date has been set as of the date of filing of this Ex Parte Application. Moreover, on April 23, 2004, HSBC sent a letter to Plaintiff's counsel seeking a Stipulation of Guidelines for the taking of the proposed videotape depositions. See, Exhibit "4" to Declaration of Jacques G. Bronze. On April 28, 2004, Plaintiffs' forwarded a letter to HSBC objecting for the need to enter into a Stipulation of Guidelines for the taking of the videotape depositions. See, Exhibit "5" to Declaration of Jacques G. Bronze.

HSBC will now address the determinative factors *seriatim*:

(a) The Motion to Strike is based on FRCP 15(a) and 12(f), which in its nature challenges all the counts of Plaintiffs' Complaint as a matter of law. Failure to seek leave of court under FRCP 15(a) before filing an amended complaint leaves the amended complaint without legal effect. See, Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988). Even should this court strike only part of the amended complaint, HSBC has also in the alternative filed a Motion to Dismiss Counts III and VI under FRCP 12(b)(6) which in its nature tests the formal sufficiency of the statements of relief.

(b) and (c)  Plaintiffs' action is in the nature of a lender liability action. The Complaint consists of six (6) counts asserting various causes of action with varied complexity. HSBC has asserted a counterclaim for all its attorney's fees for defending this action.

(d)  Since there are only two (2) parties in this matter, there are no other defendants necessary to join in the request for the stay. With regard to the expected extent of discovery, Plaintiffs have already noticed four (4) depositions including one for Joseph K. Fang and Stephen Grantham, and are intending to depose various officers from First Hawaiian Bank, and potentially, HSBC's former employee, Lawrence Zhang. See, Declaration of Jacques G. Bronze. In addition, Plaintiffs have recently received an Order of Letters of Request to depose two (2) of HSBC's officers in Hongkong. See, Declaration of Jacques G. Bronze. In total, Plaintiffs are intending to depose between five (5) to ten (10) potential witnesses. See, Declaration of Jacques G. Bronze.

(f)  In regards to the complexity of the issues, Plaintiffs' original Complaint is based on a breach of covenant of good faith and fair dealing, intentional misrepresentation, breach of contract, breach of workout agreement, breach of fiduciary duty and breach of banking and confidentiality laws. There is no dispute regarding the complexity of some of these issues notwithstanding that the Guam Supreme Court has not previously ruled on any of these legal issues being raised against a lender.

In considering the above factors, the Court must balance the harm produced by delaying discovery against the possibility that HSBC's Motion to Strike will be granted and entirely eliminate or narrow the need for such discovery. In addition, since the federal rules do not provide any rules regarding the recording and editing of videotape depositions, ground rules needs to be established. Plaintiff's counsel's objection to a Stipulation of Guidelines for the taking of the proposed videotape depositions will cause serious problems in the eventual use of

the deposition at trial. For example, if no reference log/index is kept on the videotape during recordation, it will present time-consuming problems when the videotape is edited for admission into evidence at trial.

Even if staying the depositions would extend the time necessary to conduct discovery and potentially vacate the trial date,[2] the harm to HSBC is greater since it could be foreclosed from conducting additional depositions after Plaintiffs receive leave to amend its complaint from this court. See, Declaration of Jacques G. Bronze. Moreover, if the Court decides the legal issues presented in HSBC's Motion to Strike and/or Dismiss in favor of HSBC, all or some of the depositions and further discovery would be meaningless and result in substantial waste of time and money of both parties. Even if only a few counts of the Complaint are dismissed, some of the proposed depositions would not be needed or may have a much narrower scope, thus reducing the length of the depositions. Even if Plaintiffs would stipulate to permitting HSBC to conduct follow-up depositions should it be permitted to amend its Complaint, it would be a gross waste of time and monies since depositions should address all the issues once rather than in piecemeal fashion and, in addition, some of the deponents are in foreign countries. See, Declaration of Jacques G. Bronze.

Notwithstanding that the potential prejudice to HSBC outweighs the delay, HSBC's motion on its face raises purely legal issues which have a clear possibility of being granted. Although there may be some delay if all depositions are stayed, Plaintiffs are not severely prejudiced since they still can continue to use other discovery methods in preparation of their case.

---

[2] It is to be noted that under the current trial date, this would have been pending for less than a year. A few months delay would not prejudice Plaintiffs since Plaintiffs' obligations under its loan owned by Paradise Marine Corporation are no greater than when HSBC owned the loan. See, Declaration of Jacques G. Bronze.

HSBC has in good faith attempted to obtain Plaintiffs' agreement to a Stipulation regarding a stay of these depositions so as to avoid the need to file this *Ex Parte* Motion, but such effort was unproductive, as is more fully shown by the Declaration of Jacques G. Bronze.

For the foregoing reasons, HSBC requests this Court to enter a protective order limiting discovery as follows:

1. Ordering that no depositions be conducted until this Court has an opportunity to rule on HSBC's Motion to Strike; and

2. To the extent that the parties need additional time to conduct discovery, the parties can file an Amended Scheduling Order as soon as this Court issues its Decision on HSBC's Motion to Strike.

*Respectfully submitted* this 30th day of April 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
JACQUES G. BRONZE
*Attorneys for Hongkong and Shanghai Banking Corporation, Ltd.*