# LAW OFFICES OF BRONZE & TANG

A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671



FILED
DISTRICT COURT OF GUAM
APR 3 0 2004
MARY L. M. MORAN
CLERK OF COURT

95

*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>        Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF MOTION TO STRIKE THE FIRST AMENDED COMPLAINT IN WHOLE OR IN PART, OR, IN THE ALTERNATIVE, MOTION TO DISMISS THE THIRD AND SIXTH CAUSES OF ACTION AND SANCTIONS** |

**I, JACQUES G. BRONZE,** hereby declare and state as follows:

1.    All matters herein are based on my own personal knowledge.

2.    I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

3.    I am the counsel of record for Hongkong and Shanghai Banking Corporation, Ltd., ("HSBC"), in the above-entitled matter.

4.    On or about October 21, 2003, Plaintiffs filed a Complaint asserting various lender liability claims against Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC").

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Decl.Mtn to Str.Amd.Cplt. (JGB).doc

Case 1:03-cv-00036   Document 102   Filed 04/30/2004   Page 1 of 22   ORIGINAL

On December 30, 2003, pursuant to FRCP 12(b)(6), HSBC filed its Motion to Dismiss Plaintiffs' entire Complaint.

5.     On December 30, 2003, Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC") filed its Motion to Dismiss Plaintiffs' entire Complaint pursuant to FRCP 12(b)(6).

6.     On April 9, 2004, District Judge John S. Unpingco, granted HSBC's Motion as it relates to the Third and Sixth Cause of Action subject to Plaintiffs' right to ". . . to amend their complaint to reassert the dismissed causes of action." See, Conclusion of District Court Order dated April 9, 2004.

7.     On April 23, 2004, HSBC sent a letter to Plaintiffs' counsel seeking a Stipulation of Guidelines for the taking of the proposed videotape depositions. A true and correct copy of the April 23, 2004, letter is attached as Exhibit "4."

8.     On April 28, 2004, Plaintiffs forwarded a letter to HSBC objecting for the need to enter into a Stipulation of Guidelines for the taking of the videotape depositions. A true and correct copy of said April 28, 2004, letter is attached as Exhibit "5."

9.     On April 27, 2004, Plaintiffs' filed their First Amended Complaint for Damages amending Counts III and VI as permitted by this Court's Order, however, Plaintiffs surreptitiously, without leave of court, asserted new facts in paragraphs 5 and 7, a new paragraph 16, new facts to paragraph 18, a new paragraph 21 and new facts to paragraph 26. Paragraph 24 from the original Complaint was deleted. In addition, Plaintiffs' asserted new facts to paragraph 30, a complete new paragraph 31A-D and deleted paragraph 28 to its First Cause of Action. As to the Second Cause of Action, Plaintiffs' asserted a new paragraph 36, and asserted new facts to paragraphs 38 and 39. As it relates to the Fourth Cause of Action, Plaintiffs added additional language to paragraph 49 and as well as additional allegations to paragraph 50. Lastly,

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Decl.Mtn to Str.Amd.Cplt. (JGB).doc

Plaintiffs' asserted new facts to paragraphs 54C and F to its Fifth Cause of Action. Plaintiffs undertook all those amendments surreptitiously, in violation of this Court's April 9, 2004, Order without leave of court, and without consent of HSBC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this 30th day of April 2004.

_____
**JACQUES G. BRONZE**

- 3 -

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Decl.Mtn to Str.Amd.Cplt. (JGB).doc

Case 1:03-cv-00036    Document 102    Filed 04/30/2004    Page 3 of 22

Law Offices

# Arriola, Cowan & Arriola

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
–
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

March 26, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

> Re:  Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.
> District Court of Guam, Civil Case No. CV03-00036

Dear Jacques:

This is in response to your letter dated March 23, 2004.

I am available the afternoon of April 1 for Chris Felix's deposition, but I am not available April 2.

Regarding HSBC's reservation of its "right" to conduct future depositions of the same depositions depending upon the filing of an Amended Complaint, plaintiffs dispute that such a right exists.

Very truly yours,

ANITA P. ARRIOLA

**EXHIBIT** ___/___

LAW OFFICES
# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

March 29, 2004

**VIA: FACSIMILE**
**(671) 477-9734**

CONFIRMED

Anita P. Arriola, Esq.
ARRIOLA, COWAN & ARRIOLA
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

Re:     *Sadhwani, et al. v. HSBC, et al.*; Civil Case No. 03-00036

Dear Anita:

Based on your letter dated March 26, 2004, objecting to HSBC's reservation of its right to conduct future depositions should your clients file an Amended Complaint and the fact that HSBC has filed a Motion to Dismiss your clients' entire Complaint, HSBC is left no choice, but to file an *Ex Parte* Motion to Stay Discovery, which shall be limited to the proposed depositions pursuant to FRCP 26(c). Notwithstanding the prejudice to HSBC based on your noted objection, it is a gross waste of resources to conduct depositions of witnesses which may not be necessary should the Court dismiss even a few counts of your clients' Complaint. It is HSBC's position that the costs and burdens of proceeding with the depositions are not outweighed by a delay of this case.

In order to comply with District Court Local Rule 7.1(j), please advise whether your clients would stipulate to stay of all depositions pending a ruling on HSBC's Motion to Dismiss.

If I fail to hear from you by 5:00 p.m. on Tuesday, March 30, 2004, I will assume that you will not agree to such Stipulation and I will proceed with filing my *Ex Parte* Application for the Court's consideration. Of course, I will provide you notice and copies of my application.

Please feel free to contact me if you have any questions regarding the above matter.

Best regards,

JACQUES G. BRONZE

cc:     Mr. Chris Underwood
JGB tc
D:\CLIENTS FILE\HSBC-Sadhwani\Ltrs\A.Arriola-Ltr 26.doc

**EXHIBIT** *2*

LAW OFFICES
# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

TELEPHONE NO.: (671) 646-2001

FACSIMILE NO.: (671) 647-7671

## ~   ~   FACSIMILE TRANSMITTAL SHEET   ~   ~

*Date*:        March 29, 2004

*To*:          Anita P. Arriola, Esq.

*Firm:*        **ARRIOLA, COWAN & ARRIOLA**

*Fax No*:      477-9734

*From*:        Jacques G. Bronze, Esq.

*Subject*:     <u>*Sadhwani, et al. v. HSBC, et al.*</u>; Civil Case No. 03-00036

               Sending **2** page(s) including cover sheet.

[X] **Original will not follow**                    [ ] Original will follow by:
                                                         Regular Mail: _____ Other: _____

---

### MESSAGE:

PLEASE SEE ATTACHED DOCUMENT(S) IN CONNECTION WITH THE ABOVE-REFERENCED MATTER:

Letter of even date.

---

**Fax Sent By:  Tony Camacho**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE AND THE DOCUMENTS WHICH ACCOMPANY IT ARE CONFIDENTIAL COMMUNICATIONS SUBJECT TO THE ATTORNEY-CLIENT WORK PRODUCT PRIVILEGES. They are intended exclusively for the use of the addressee named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication or the accompanying document is strictly prohibited. If you have received this communication in error, please immediately notify the Law Offices of Bronze & Tang, P.C. by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT ___*2*___

# Transmission Report

Date/Time
Local ID
Local Name
Company Logo

3-29-04;12:41PM
671 6477671
BRONZE /PIPES LAW
BRONZE/PIPES LAW OFFICES

This document was confirmed.
(reduced sample and details below)
Document Size    Letter-S

LAW OFFICES
**BRONZE & TANG**
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

TELEPHONE No.: (671) 646-2001                          FACSIMILE No.: (671) 647-7671

~ ~ **FACSIMILE TRANSMITTAL SHEET** ~ ~

Date:       March 29, 2004

To:         Anita P. Arriola, Esq.

Firm:       ARRIOLA, COWAN & ARRIOLA

Fax No.     477-9734

From:       Jacques G. Bronze, Esq.

Subject:    _Sadhwani, et al. v. HSBC, et al._; Civil Case No. 03-00036

Sending __2__ page(s) including cover sheet.

[X] Original will not follow          [ ] Original will follow by:
                                          Regular Mail: _____ Other: _____

| MESSAGE: |
| --- |
| PLEASE SEE ATTACHED DOCUMENT[S] IN CONNECTION WITH THE ABOVE-REFERENCED MATTER: |
| Letter of even date. |
| **Fax Sent By: Tony Camacho** |

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE AND THE DOCUMENTS WHICH ACCOMPANY IT ARE CONFIDENTIAL COMMUNICATIONS SUBJECT TO THE ATTORNEY-CLIENT WORK PRODUCT PRIVILEGES. They are intended exclusively for the use of the addresses named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication or the accompanying document is strictly prohibited. If you have received this communication in error, please immediately notify the Law Offices of Bronze & Tang, P.C. by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

Total Pages Scanned   : 2' Total Pages Confirmed :  2'

| o. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 519 | 4779734 | 3-29-04;12:39PM | 1'54" | 2/ 2 | EC | | CP 4800 |

Notes ' *
: Error Correct          RE: Resend              PD: Polled by Remote        MB: Receive to Mailbox
: Broadcast Send         MP: Multi-Poll          PG: Polling a Remote         PI: Power Interruption
: Completed              RM: Receive to Memory   DR: Document Removed          TM: Terminated by user
:   tal Scan             LP: Local Print         FO: Forced Output            WT: Waiting Transfer

**EXHIBIT** _2_

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@nctpci.com

March 30, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

> Re:   Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,
>       District Court of Guam, Civil Case No. CV03-00036

Dear Jacques:

This is in response to your letter of March 29, 2004.

Your letter is extremely vague and unclear. You state that HSBC has no choice but to file an Ex Parte Motion to Stay Discovery, "which shall be limited to the *proposed* depositions pursuant to FRCP 26(c)." (Emphasis added) Does this mean that any stay of discovery will not apply to depositions not yet proposed by either party? Or does it mean that the stay of discovery will apply only to depositions and not to other forms of discovery?

Notwithstanding the ambiguity of your proposed motion for stay of discovery, please be informed that my clients will not stipulate to a stay of discovery pending a ruling on HSBC's motion to dismiss. Please provide me with copies of your ex parte application as soon as possible.

Very truly yours,

**ANITA P. ARRIOLA**

Law Offices Of
Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

April 23, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

In accordance with our telephone discussion several days ago, enclosed please find a draft Stipulation for the taking of the videotape depositions for your review and comment. We would appreciate your comments no later than the close of business on April 26, 2004, so that we may determine whether any further action may be necessary. Please be advised that by submitting the draft Stipulation for your consideration HSBC is not waiving any of its rights or objections to the taking of the depositions.

Should you have any questions, please feel free to contact Mr. Bronze or myself.

Sincerely,

Richard A. Pipes

Enclosure

cc:    Chris Underwood
       Jacques G. Bronze
       Duncan McCully

*RAP/nsh/HSBC/cor*

JACQUES A. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

### IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU<br>SADHWANI, and K. SADHWANI'S<br>INC., a Guam corporation,<br><br>                      Plaintiffs,<br><br>          v.<br><br>HONGKONG AND SHANGHAI<br>BANKING CORPORATION, LTD.,<br>et al.,<br>                     Defendants. | CIVIL CASE NO. 03-00036<br><br>**STIPULATION FOR TAKING<br>DEPOSITIONS BY<br>VIDEOTAPE [Rule 30(b)(2),(4)]** |

COMES NOW Plaintiffs and Defendant Hong Kong and Shanghai Banking Corporation, Ltd., by and through counsel, to stipulate, pursuant to Rule 30(b)(2) and (4), that the depositions of Chris Underwood and Joseph Fang shall be recorded on videotape as follows:

    1.    The video depositions will be taped on VHS format by __(Insert name)__ ____, a professional experienced in taking depositions by videotape;

    2.    Transcripts of the depositions will be stenographically transcribed contemporaneously with the videotaping;

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation for Taking Depositions By Videotape [Rule 30(b)(2),(4)]
Page 2 of 4 pages

3.     During the video depositions the video camera will remain on the witness utilizing a "head shot" at all times although all attorneys participating in the depositions will be provided with a microphone or other recording device;

4.     The depositions will be timed by means of a digital clock, recording hours, minutes, and seconds and at all times during the taking of the depositions appearing in an appropriate corner of the videotape screen;

5.     The depositions will begin with a statement on camera of the date, time, and place at which the recordings are being made, the title of the case, and the identification of counsel at the depositions. The person being deposed shall be sworn as a witness on camera by the authorized person;

6.     The videotape shall run continuously throughout the depositions from beginning to end, and should not be discontinued during colloquy among counsel. If necessary, later editing can be ordered, if the videotapes are admitted into evidence at trial;

7.     The party conducting the videotape depositions shall prepare a log/index that includes the subject matter being explored, cross-referenced to the reading on the digital counter of the videotape equipment, a list of exhibits, and the names of all persons present at the depositions. A copy of all exhibits identified during the deposition shall be provided to each

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation for Taking Depositions By Videotape [Rule 30(b)(2),(4)]
Page 3 of 4 pages

counsel and the marked exhibits shall be annexed to the original of the stenographic recording;

8. Only the witnesses, the parties, their counsel, and persons necessary to conduct the depositions or persons necessary to assist the parties and counsel shall be permitted to attend the depositions;

9. After the depositions are taken, the deponents will be provided an opportunity to review and make corrections to the stenographic transcripts;

10. The originals of the videotapes and the originals of the stenographic recordings will be filed with the court; and

11. Prior to the trial, the parties' attorneys shall meet to edit the videotape depositions. All physical editing shall be done by the video professional on copies of the original videotapes. To the extent that the parties cannot agree on the editing, the parties will move for an order from the court ruling on all objections. In moving for an order, the parties will specifically delineate each objectionable portion by transcript line and video-frame number. After the court's ruling, the video professional will edit out all subsequent changes in accordance with the court's order.

//

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation for Taking Depositions By Videotape [Rule 30(b)(2),(4)]
Page 4 of 4 pages

SO STIPULATED this _____ day of April, 2004.

ARRIOLA COWAN & ARRIOLA
Attorneys for Plaintiffs


By: _____
ANITA P. ARRIOLA


BRONZE & TANG
Attorneys for Defendant HSBC


By: _____
JACQUES G. BRONZE

Law Offices Of
# Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (671)646-3767

To:            Chris Underwood, Deputy Chief Executive Officer
Of:            The Hongkong and Shanghai Banking Corporation Limited
From:          Richard A. Pipes
Client/Matter: *Sadhwani, et al. v. HSBC*
Date:          April 23, 2004

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter to Attorney Arriola, enclosure as specified | 6 |
| | |
| | |
| | |

COMMENTS:
Original will not follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT
(671)646-2001.

Law Offices Of
# Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@kuentos.guam.net*

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (671)472-1201

To:              Duncan G. McCully, Esq.
Of:              McCully & Beggs, P.C.
From:            Richard A. Pipes
Client/Matter:   *Sadhwani, et al. v. HSBC*
Date:            April 23, 2004

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter to Attorney Arriola, enclosure as specified | 6 |
|  |  |
|  |  |
|  |  |

COMMENTS: Original will not follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (671)646-2001.

## Law Offices Of
# Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (671)477-9734

| | |
|---|---|
| To: | Anita P. Arriola, Esq. |
| Of: | Arriola Cowan & Arriola |
| From: | Richard A. Pipes |
| Client/Matter: | *Sadhwani, et al. v. HSBC* |
| Date: | April 23, 2004 |

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter, enclosure as specified | 6 |
| | |
| | |
| | |

COMMENTS:
   Original will not follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

\* COUNTING COVER SHEET. IF YOU DO NOT RECEIVE **ALL** PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (671)646-2001.

| | |
|---|---|
| Date/Time | 4-23-04; 4:17PM |
| Local ID | 671 6477671 |
| Local Name | BRONZE /PIPES LAW |
| Company Logo | BRONZE/PIPES LAW OFFICES |

## This document was confirmed.
### (reduced sample and details below)
## Document Size   Letter-S

Law Offices Of
### Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

### FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (671)646-3767

| | |
|---|---|
| To: | Chris Underwood, Deputy Chief Executive Officer |
| Of: | The Hongkong and Shanghai Banking Corporation Limited |
| From: | Richard A. Pipes |
| Client/Matter: | *Sadhwani, et al. v. HSBC* |
| Date: | April 23, 2004 |

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter to Attorney Arriola, enclosure as specified | 6 |

COMMENTS:
Original will not follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (671)646-2001.

Total Pages Scanned  :  6' Total Pages Confirmed :  6'

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|---|---|---|---|---|---|---|---|---|
| 1 | 669 | 6463767 | 4-23-04; 4:15PM | 2'00" | 6/  6 | EC | | CP 14400 |

** Notes **
| | | | |
|---|---|---|---|
| EC: Error Correct | RE: Resend | PD: Polled by Remote | MB: Receive to Mailbox |
| BC: Broadcast Send | MP: Multi-Poll | PG: Polling a Remote | PI: Power Interruption |
| CP: Completed | RM: Receive to Memory | DR: Document Removed | TM: Terminated by user |
| LS: Local Scan | LP: Local Print | FO: Forced Output | WT: Waiting Transfer |

## Transmission Report

Date/Time       4-23-04; 4:20PM
Local ID       671 6477671
Local Name       BRONZE /PIPES LAW
Company Logo       BRONZE/PIPES LAW OFFICES

This document was confirmed.
(reduced sample and details below)
Document Size   Letter-S

Law Offices Of
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@kuentos.guam.net*

### FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (671)472-1201

To:      Duncan G. McCully, Esq.
Of:      McCully & Beggs, P.C.
From:      Richard A. Pipes
Client/Matter: *Sadhwani, et al. v. HSBC*
Date:      April 23, 2004

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter to Attorney Arriola, enclosure as specified | 6 |
| | |
| | |
| | |

COMMENTS: Original will not follow.

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (671)646-2001.

Total Pages Scanned : 6' Total Pages Confirmed : 6'

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|---|---|---|---|---|---|---|---|---|
| 1 | 671 | 4721201 | 4-23-04; 4:18PM | 1'57" | 6/ 6 | EC | | CP 14400 |

\* Notes \*\*
C: Error Correct     RE: Resend      PD: Polled by Remote     MB: Receive to Mailbox
C: Broadcast Send    MP: Multi-Poll     PG: Polling a Remote    PI: Power Interruption
P: Completed      RM: Receive to Memory   DR: Document Removed   TM: Terminated by user
S: Local Scan      LP: Local Print     FO: Forced Output     WT: Waiting Transfer

# Transmission Report

Date/Time      4-23-04; 4:33PM
Local ID      671 6477671
Local Name      BRONZE /PIPES LAW
Company Logo      BRONZE/PIPES LAW OFFICES

This document was confirmed.
(reduced sample and details below)
Document Size    Letter-S

Law Offices Of
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: piperlaw@guam.net

**FAX COVER SHEET**

FAX NUMBER TRANSMITTED TO: (671)477-9734

To:      Anita P. Arriola, Esq.
Of:      Arriola Cowan & Arriola
From:      Richard A. Pipes
Client/Matter:    Sadhwani, et al. v. HSBC
Date:      April 23, 2004

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter, enclosure as specified | 6 |
| | |
| | |
| | |

COMMENTS:
Original will not follow.

The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.

* COUNTING COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (671)646-2001.

Total Pages Scanned : 6' Total Pages Confirmed : 6'

| No. | Doc | Remote Station | Start Time | Duration | Pages | Mode | Comments | Results |
|---|---|---|---|---|---|---|---|---|
| 1 | 676 | 4779734 | 4-23-04; 4:29PM | 4'15" | 6/ 6 | EC | | CP 4800 |

\* Notes \*\*
C: Error Correct    RE: Resend    PD: Polled by Remote    MB: Receive to Mailbox
C: Broadcast Send    MP: Multi-Poll    PG: Polling a Remote    PI: Power Interruption
P: Completed    RM: Receive to Memory    DR: Document Removed    TM: Terminated by user
S: Local Scan    LP: Local Print    FO: Forced Output    WT: Waiting Transfer

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

April 28, 2004

**VIA FACSIMILE:** (671) 647-7671

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam  96911

**Re:**   **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**
**District Court of Guam, Civil Case No. CV03-00036**

Dear Richard:

This is in response to your letter of April 23, 2004 regarding your draft Stipulation for the taking of the videotape depositions.

In our telephone conversation concerning the Stipulation, you indicated that wanted to send over a Stipulation because the rules do not provide for any guidelines concerning videotaped depositions. Conversely, because the rules do not provide for them, there is no reason for plaintiffs to sign such a Stipulation. I have reviewed your draft and many of the provisions are already governed by the Federal Rules of Civil Procedure. Other provisions appear to be unnecessary, burdensome or unjustifiably add to the cost of the deposition. In my years of practice and experience, I have taken and attended many videotaped depositions and I have never executed a stipulation concerning any of those depositions, even in very complicated cases involving witnesses from all over the world. I have not had any problems concerning the manner in which the videotaped depositions were taken or the use of videotaped depositions at trial.

My comments to the specific provisions are as follows and track the same numbers contained in the Stipulation:

1.    Of course the video depositions will be taped on VHS format. A professional experienced in taking depositions by videotape has already been scheduled for the depositions.

2.    The amended notices of deposition already provide for this.

**EXHIBIT**   *5*

*Arriola, Cowan & Arriola*                    Richard A. Pipes, Esq.
Page 2                                        **Re:** *Alan Sadhwani et al. v. Hongkong Shanghai*
                                              *Banking Corporation, Ltd., et.al*, **District Court of**
                                              **Guam, Civil Case No. CV03-00036**
                                              April 28, 2004

    3.     What does "head shot" mean - just the head of the witness and no other body part? What is the purpose of limiting a witness' video deposition to a "head shot" at all times? Please provide authority for limiting the videotaped deposition of a witness to a "head shot" only. In my practice and experience, attorneys participating in the depositions are always provided with a microphone or other recording device.

    4.     What is the purpose of timing the deposition, with the recording of hours, minutes and seconds appearing on the corner of the videotape screen? Please provide authority for this provision.

    5.     In my practice and experience, these are always done at videotaped depositions. There is no need for a stipulation for this.

    6.     What is the purpose of having the videotape run continuously? Do you mean that if the attorneys agree that a matter should be off the record that the videotape should still be running? If the attorneys are discussing matters unrelated to the deposition, such as how long to recess, lunch plans, other matters relating to the case, that the videotape should still be running? Please provide authority for this provision.

    7.     I will not agree to prepare a log/index of anything relating to the videotaped deposition, a list of exhibits, or the names of all persons present at the deposition. If you wish to so, be my guest. The court reporter who will be conducting the deposition by stenographic means will have the names of all persons present at the deposition and will have all of the exhibits. It is the practice of all court reporters to mark the exhibits and attach them to the original of the stenographic recording.

    8.     The Federal Rules of Civil Procedure and the Federal Rules of Evidence specifically identify who is entitled to attend the depositions. They do not allow for "persons necessary to conduct the depositions" or "persons necessary to assist the parties." The Local Rules also prohibit persons who are not admitted to the bar of the U.S District Court of Guam from participating in the depositions.

    9.     This is already provided for in the Federal Rules of Civil Procedure.

    10.    These are not to be filed with the court unless they are submitted in accordance with the Local Rules.

Richard A. Pipes, Esq.
**Re:** *Alan Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,* **District Court of Guam, Civil Case No. CV03-00036**
April 28, 2004

11.     I do not agree that the parties' attorneys shall meet to edit the videotape.  If videotaped depositions are to be used at trial in the U.S. District Court, the parties are required to designate the deposition excerpts, as well as any objections to excerpts designated by the other party, as required by the Local Rules. When the court rules on all objections, the videotapes are then edited by each party that has designated deposition excerpts and each party has the opportunity to present their videotaped deposition excerpts during their cases.  Your provisions in paragraph 11 are burdensome and create an unnecessary waste of time for the parties and the court.  If you have any authority for these provisions, please provide them.

I look forward to receiving your authorities for the provisions contained in your draft Stipulation.

Very truly yours,

ANITA P. ARRIOLA