LAW OFFICES OF BRONZE & TANG
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* ) MOTION TO RECONSIDER ORDER DENYING STAY OF ALL DEPOSITIONS PENDING DETERMINATION OF ITS MOTION TO STRIKE FIRST AMENDED COMPLAINT IN WHOLE OR IN PART OR, IN THE ALTERNATIVE, MOTION TO DISMISS THIRD AND SIXTH CAUSES OF ACTIONS AND SANCTIONS** |

## JURISDICTION

This action is before this Court on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1322 and 48 U.S.C. § 1424. This Court has jurisdiction to hear this motion pursuant to FRCP 54(b), 59(e) and 26(c).

## FACTS

On or about October 21, 2003, Plaintiffs filed a Complaint asserting various lender liability claims against Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC"). On

December 30, 2003, pursuant to FRCP 12(b)(6), HSBC filed its Motion to Dismiss Plaintiffs' Complaint. On April 9, 2004, District Judge John S. Unpingco, granted HSBC's Motion to Dismiss as it relates to the Third and Sixth cause of action, subject to Plaintiff's right to "... amend their complaint to reassert the dismissed causes of action." See, Conclusion of District Court Order dated April 9, 2004.

On April 27, 2004, Plaintiffs' filed their First Amended Complaint for Damages amending Counts III and VI as permitted by this Court's Order, however, Plaintiffs surreptitiously, without leave of court, asserted new facts in paragraphs 5 and 7, a new paragraph 16, new facts to paragraph 18, a new paragraph 21 and new facts to paragraph 26. Paragraph 24 from the original Complaint was deleted. In addition, Plaintiffs' asserted new facts to paragraph 30, a complete new paragraph 31A-D and deleted paragraph 28 to its First Cause of Action. As to the Second Cause of Action, Plaintiffs' asserted a new paragraph 36, and asserted new facts to paragraphs 38 and 39. As it relates to the Fourth Cause of Action, Plaintiffs added additional language to paragraph 49 and as well as additional allegations to paragraph 50. Lastly, Plaintiffs' asserted new facts to paragraphs 54C and F to its Fifth Cause of Action. See, Exhibit 1 attached to Motion to Strike to review the unauthorized amendments. Plaintiffs undertook all those amendments surreptitiously, in violation of this Court's April 9, 2004, Order and without leave of court.

HSBC then filed its Motion to Strike the First Amended Complaint in Whole and in Part or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions ("Motion to Strike"), which will be heard on May 28, 2004. HSBC has not been able to file an answer to these unauthorized amendments since it is the subject of HSBC's Motion to Strike.

In addition, on April 23, 2004, HSBC also filed an Ex Parte Application for an Order Certifying the Denial of HSBC's Motion to Strike the Jury Demand for Immediate Appeal

pursuant to 28 USC § 1292(b) and to Stay Proceedings Pending Appeal. On or about 1.30p.m., on April 30, 2004, HSBC filed its Ex Parte Motion to Stay all Depositions Pending Determination of its Motion to Strike. On April 30, 2004, which was the last day for Judge Unpingco to be on the bench, he issued an Order which was received by HSBC on the afternoon of May 3, 2004, without Plaintiffs having to file opposition papers and without hearing denying HSBC's Ex Parte Motion to Stay. In its Order, the Court found that it had "…already denied HSBC's first Motion to Dismiss the Complaint and its previous Motion to Stay," and that delaying the discovery process "… is just a waste of time and would needlessly postpone the trial."

Although both parties have propounded interrogatories and requests to produce on each other, Plaintiffs now seek to depose various witnesses including various officers of First Hawaiian Bank, Joseph K. Fang, Stephen Grantham, as well as depositions of officers of HSBC, more specifically, Messrs. Fred Granillo and I.C. Underwood, whose depositions are scheduled for May 5, 2004, respectively. See, Declaration of Jacques G. Bronze. Due to the pending motions to be decided by the Court, moving forward on these proposed depositions would be a gross waste of time and resources.

Moreover, on April 23, 2004, HSBC sent a letter to Plaintiff's counsel seeking a Stipulation of Guidelines for the taking of the proposed videotape depositions. See, Exhibit "4" to Declaration of Jacques G. Bronze. On April 28, 2004, Plaintiffs forwarded a letter to HSBC objecting for the need to enter into a Stipulation of Guidelines for the taking of the videotape depositions. See, Exhibit "5" to Declaration of Jacques G. Bronze.

Moreover, in a letter dated March 23, 2004, to Plaintiffs' counsel, HSBC advised Plaintiffs that it reserved its rights to conduct future depositions of the same witnesses should this Court rule in Plaintiffs' favor permitting Plaintiffs to file an Amended Complaint. See,

Declaration of Jacques G. Bronze.[1] In response, Plaintiffs' counsel in a letter dated March 26, 2004, stated "[r]egarding HSBC's reservation of its right to conduct future depositions of the same deposition depending upon the filing of Amended Complaint, Plaintiffs dispute that such right exists." See, Exhibit "1" attached to the Declaration of Jacques G. Bronze.

## ANALYSIS

### I.

**THIS COURT'S ERROR IN FINDING THAT IT PREVIOUSLY DENIED HSBC'S MOTION TO DISMISS AND TO GIVE LEGAL EFFECT TO A FIRST AMENDED COMPLAINT FILED IN PART WITHOUT LEAVE OF COURT, IS GROUNDS FOR THIS COURT TO RECONSIDER ITS ORDER, AND STAY ALL DEPOSITIONS PENDING HSBC'S MOTION TO STRIKE.**

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F3d 1185, 1198 (9th Cir. 1994). Courts have considered Motion for Reconsiderations under FRCP 54(b) and 59(e). See, Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 887 (9th Cir. 2001); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984). The primary grounds warranting reconsideration include: (1) an intervening change in controlling law; (2) the presentation of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. School Dist No. 1J, Multnomah County, Oregon v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994); All Hawaii Tours Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D.Haw. 1987), rev'd in part on other grounds, 855 F.2d 860 (9th Cir. 1988). It is to be noted that Local Rule 7.1(i) purports to severely limit the grounds upon which a motion for reconsideration may be made, however, pursuant to FRCP

---

[1] This Court's April 9, 2004, Order permitted Plaintiffs to amend Counts III and VI of their Complaint.

83(a), Local Rules adopted by the District Court must be consistent with the Acts of Congress and FRCP. The Ninth Circuit has interpreted the Federal Rules to allow motions for reconsideration on the grounds described above. Local Rules may not be adopted which are inconsistent with the FRCP and which contravene the interpretation of those Rules by the Ninth Circuit. See, Local Rule GR 1.1(c).

HSBC relies on the third ground for its motion. HSBC has been denied a fair hearing in this matter. HSBC then filed its Motion to Strike the First Amended Complaint in Whole and in Part or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions ("Motion to Strike"), which will be heard on May 28, 2004. HSBC has not been able to file an answer to these unauthorized amendments since it is the subject of HSBC's Motion to Strike. On or about 1.30p.m., on April 30, 2004, HSBC filed its Ex Parte Motion to Stay all Depositions Pending Determination of its Motion to Strike. On April 30, 2004, which was the last day for Judge Unpingco to be on the bench, he issued an Order which was received by HSBC on the afternoon of May 3, 2004, **without Plaintiffs having to file opposition papers and without a hearing,** the Judge denied HSBC's Ex Parte Motion to Stay. In its Order, the Court found that it had "…already denied HSBC's first Motion to Dismiss the Complaint and its previous Motion to Stay," and that delaying the discovery process "… is just a waste of time and would needlessly postpone the trial."

The Order is riddled with factual and legal errors. First and foremost, Judge Unpingco did not completely deny HSBC's Motion to Dismiss. The Court's April 9, 2004, Order dismissed Counts III and IV, with the right to amend those two specific counts. Moreover, it is uncertain whether the Court ever formally denied [2] HSBC's first Ex Parte Motion to Stay, but

---

[2] The Court scribbled denied on the Proposed Order of April 9, 2004, but never executed the Order on the signature line.

rather it was rendered moot because the Court thereafter ruled on HSBC's FRCP 12(b)(6) motion which was the basis of its first ex parte motion. In addition, HSBC's second Ex Parte Motion to Stay did not seek to stay all discovery, but all depositions pending determination of its Motion to Strike.

Judge Unpingco's Order permits Plaintiffs to benefit from their own violation of his April 9, 2004, and FRCP 15(a). The Motion to Strike is based on FRCP 15(a) and 12(f), which in its nature challenges all the counts of Plaintiffs' Complaint as a matter of law. Failure to seek leave of court under FRCP 15(a) before filing an amended complaint leaves the amended complaint without legal effect. See, Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988). Even should this court strike only part of the amended complaint, HSBC has also in the alternative filed a Motion to Dismiss Counts III and VI under FRCP 12(b)(6) which in its nature tests the formal sufficiency of the statements of relief. One is entitled to discovery under FRCP 26, as long as Plaintiffs state a valid claim for relief. In the instant case, two of the counts are subject to the FRCP 12(b)(6) motion and all the other counts have been amended without leave of court. To allow Plaintiffs to conduct depositions with a complaint that has no legal effect is a clear error of law and should be stayed to prevent a manifest injustice against HSBC.

Moreover, HSBC is being forced to defend depositions when it has not even been able to file an answer since it does not know which amendments will be permitted by the court and Plaintiffs are not even aware of HSBC's affirmative defenses. Moreover, HSBC is being forced to conduct its own depositions when it does not know which of the factual allegations of the ever-evolving first complaint will be permitted and which will be dismissed. That would of a significant prejudice to HSBC due to the fast approaching discovery cut-off period of June 7, 2004. The goal of Plaintiffs is to litigate this case by ambush which is not sanctioned by the federal rules. Thus, this Court should prevent such manifest injustice. The Court in its Order of

April 30, 2004, is more concerned about Plaintiffs trial date than the prejudice against HSBC. It is to be noted that Plaintiff's case has pending for about 7 months and the current trial date is set for September 2004, and a slight delay would not prejudice Plaintiffs.

FRCP 26(c)(4) provides that the court may limit discovery so "that certain matters [may] not be inquired into, or that the scope of disclosure or discovery be limited to certain matters" upon a showing of good cause or where ". . . justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ."

A District Court has discretion to deny or restrict discovery. See, Chen Chi Wan v. U.S., 757 F.2d 1000, 1004 (9th Cir. 1985). A stay of discovery is appropriate when the motion appears to have substantial grounds or, stated in another way, does not "appear to be without foundation in law." See, Johnson v. New York University School of Education, 205 FRD 433, 434 (S.D.N.Y. 2002) (District Court granted stay of discovery pending outcome of Defendant's motion to dismiss); see, also, GTE Wireless, Inc. v. Qualcomm, Inc., 192 FRD 284 (S.D. Cal. 2000) (Magistrate Court reversed since it committed clear error and failed to more fully balance the harm of allowing discovery against the harm of a stay as Defendant had met its burden to show good cause and reasonableness to stay discovery pending the adjudication of Defendant's motion); Golden Gate Audubon Society, Inc. v. U.S. Army Corps of Engineers, 717 F. Supp. 1417, 1424 (N.D. Cal., 1988).

In a determination of whether to stay discovery, a court must consider the following factors, none of which is singly dispositive:

(a) The type of motion or whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations;

(b) The nature and complexity of the action;

(c) Whether the counterclaims or crossclaims have been interposed;

(d) Whether some or all of the defendants join in the request for the stay, the posture or stage of litigation;

(e) The expected extent of discovery in light of the number of parties; and

(f) The complexity of the issues in the case.

See, 6 MOORE'S FEDERAL PRACTICE, 3D, § 26.105(3)(C), P. 26-268.5-269.

HSBC has already addressed these determinative factors in its previous motion and need not rehash again. Although there may be some delay if all depositions are stayed, Plaintiffs are not severely prejudiced since they still can continue to use other discovery methods in preparation of their case.

HSBC has in good faith attempted to obtain Plaintiffs' agreement to a Stipulation regarding a stay of these depositions so as to avoid the need to file this *Ex Parte* Motion, but such effort was unproductive, as is more fully shown by the Declaration of Jacques G. Bronze filed on even date.

For the foregoing reasons, HSBC requests this Court to enter an Order vacating the April 30, 2004, Order, as well as issuing a protective order limiting discovery as follows:

1. Ordering no depositions be conducted until this Court has an opportunity to rule on HSBC's Motion to Strike; and

2. To the extent that the parties need additional time to conduct discovery, the parties can file an Amended Scheduling Order as soon as this Court issues its Decision on HSBC's Motion to Strike.

*Respectfully submitted* this 4th day of May, 2004.

                         LAW OFFICES OF BRONZE & TANG
                         **A Professional Corporation**

By: _____
            JACQUES G. BRONZE
            *Attorneys for Hongkong and Shanghai*
            *Banking Corporation, Ltd.*