LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br>**NOTICE OF EX PARTE APPLICATION TO RECONSIDER ORDER DENYING HSBC'S MOTION FOR AN ORDER CERTIFYING THE DENIAL OF HSBC'S MOTION TO STRIKE JURY DEMAND FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS PENDING APPEAL** |

TO: PLAINTIFFS, and their attorneys, Arriola Cowan & Arriola

NOTICE IS HEREBY GIVEN that on _____, 2004, at the hour of _____.m., Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") will bring the following Ex Parte Application before the Court.

Concurrently with this Ex Parte Application, HSBC has filed a Motion to Reconsider Order Denying HSBC's Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal ("Motion"). It is important and

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Notice of Ex Parte Application to Reconsider Order Denying HSBC's Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 2 of 3 pages

urgent that the Ex Parte Application and Motion be heard as soon as possible because the issue of whether Plaintiffs' have the right to a jury trial, notwithstanding the written waivers they admittedly signed, is a fundamental question that needs to be resolved before this action proceeds any further, and certainly before trial of this case, which is now set to commence on September 21, 2004. As noted in the pleadings supporting the Ex Parte Application, there exists a split in the Circuits over which party has the burden of proving the validity or invalidity of contractual jury trial waivers and the Ninth Circuit has not yet ruled on this issue. This Court has denied the motion to strike and ruled that HSBC had the burden of proving that the jury trial waivers were both voluntary and knowing and that HSBC did not carry its burden of proof. This Court also denied, in one paragraph, HSBC's motion for certification under 28 U.S.C. § 1292(b) and HSBC now requests that this Court reconsider such denial as being clear error and manifest injustice to HSBC. Certifying this issue for immediate appeal may avoid the need for trial proceedings, or at least curtail and simplify pretrial proceedings or trial. This is especially true when the right to jury trial is at issue because jury and bench trials necessitate different litigation strategies, allocations of court time, and expense to the parties. In the event the Court's Order denying HSBC's Motion to strike the Plaintiffs' jury demand is reversed upon appeal, a new trial will be ordered. An immediate appeal under 28 U.S.C. § 1292(b) can avoid the expense and delay that such a retrial would entail.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Notice of Ex Parte Application to Reconsider Order Denying HSBC's Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 3 of 3 pages

This Ex Parte Application is supported by the pleadings previously filed in this case and by the record before this Court. Further grounds are also set forth in the Motion filed concurrently herewith, the Memorandum of Points and Authorities in support of said Motion, and the documents on file herein all being incorporated herein by this reference. This Ex Parte Application is further supported by the Declaration of Jacques G. Bronze concurrently filed herewith.

Dated this ____ day of May, 2004.

        LAW OFFICES OF BRONZE & TANG, P.C.
        Attorneys for Defendant The Hongkong and
        Shanghai Banking Corporation Ltd.

By: _____
     JACQUES G. BRONZE