JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER ORDER DENYING MOTION FOR AN ORDER CERTIFYING THE DENIAL OF HSBC'S MOTION TO STRIKE JURY DEMAND FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS PENDING APPEAL** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") submits this memorandum in support of its Motion to reconsider this Court's Order denying its Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal to the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings in this Court Pending Appeal.

//

**ORIGINAL**

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 2 of 10 pages

## I. INTRODUCTION

On April 9, 2004, this Court issued its Memorandum Order ("Motion Denial Order") which denied HSBC's Motion to Strike Jury Trial Demand ("Jury Trial Motion"). The Court held that even though the right to a civil jury trial in federal courts is constitutionally protected by the Seventh Amendment, it may be waived by a contract that is knowingly and voluntarily executed. *Id.* at 2-3. However, the Court concluded that as the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver. *Id.* at 3.

In the Motion Denial Order, the Court found that there exists a split in Circuits over who carries the burden of proving the validity of a contractual jury trial waiver provision and acknowledged that the Ninth Circuit has not ruled on this issue. *Id.* The Court determined that the Sixth Circuit holds that the party seeking to avoid the waiver has the burden of demonstrating that its consent to the provision was not knowing and voluntary but that the Second and Fourth Circuits place the burden of proving that the consent to the provision was knowing and voluntary on the party seeking to enforce the waiver. *Id.* This Court adopted the position of the Second and Fourth Circuits and held that HSBC had the burden of proving that the jury trial waiver provisions were executed knowingly and voluntarily by the Plaintiffs. *Id.*

In denying HSBC's Jury Trial Motion, the Court held that "HSBC has failed to meet its burden of proving that the waivers were knowing and voluntarily". *Id.* at 5.

On April 23, 2004, HSBC filed its Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 3 of 10 pages

Stay Proceedings Pending Appeal ("Appeal Motion"). On April 29, 2004, HSBC filed its ex parte application and supporting declaration requesting that the Appeal Motion be heard on an expedited basis. On April 30, 2004[1], after only one day, this Court filed its Order ("Appeal Denial Order"), without the benefit of a hearing or additional briefing by either party, denying the Appeal Motion. The Appeal Denial Order contains no analysis of the issues presented by the Appeal Motion and, instead, simply recites a portion of the statute which authorizes interlocutory appeals and indicates that the Appeal Motion is denied, all in one paragraph.

## II. ARGUMENT

District Courts have the discretion to reconsider and vacate a prior order. *Barber v. Hawaii, 42 F. 3d 1185, 1198 (9th Cir. Cir. 1994)*. Courts have considered motions to reconsider under FRCP 54(b) and 59(e). See, *Los Angeles v. Santa Monica Baykeeper, 254 F. 3d 882, 887 (9th Cir. 2001); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F. 2d 1415, 1419 (9th Cir. 1984)*. The primary grounds warranting reconsideration include: (1) an intervening change in controlling law; (2) the presentation of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *School Dist. No. 1J, Multnomah County, Oregon v. AC and S, Inc., 5 F. 3d 1255, 1263 (9th Cir. 1993), cert den., 512 U.S. 1236 (1994); All Hawaii Tours Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D. Hi. 1987), rev'd in part on other grounds, 855 F. 2d 860 (9th*

---

[1] The District Judge that signed the Appeal Denial Order, Judge John Unpingco, resigned from the bench effective April 30, 2004, the same date as the Appeal Denial Order, and has since returned to private practice in Guam.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to
Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 4 of 10 pages

Cir. 1988).[2]

The Appeal Denial Order concluded, without analysis, that HSBC's Appeal Motion did not involve a "controlling question of law" as to which there is substantial ground for difference of opinion. The Appeal Denial Order even failed to acknowledge that there is a split in Circuits on the issue of who has the burden to prove that a contractual jury trial waiver was not knowing or voluntary and that the Ninth Circuit has yet to rule on this issue, even though the Court discussed such holdings in the Motion Denial Order. This unsupported conclusion by the Court was clear error and merits reconsideration.

A question of law is "controlling" if resolution of the issue on appeal **could** materially effect the outcome of the litigation in the district court. *In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd sub nom. Arizona v. Ash grove Cement Co., 459 U.S. 1190 (1983).* Thus, an issue is "controlling" if "interlocutory reversal might save time for the district court, and time and expense for the litigants." *16 Fed. Prac. & Proc. § 3930, at 426 (1996); see also, Johnson v. Burken, 930 F.2d 1202, 1205-06 (7th Cir. 1991)* ("controlling" means serious to the conduct of the litigation, either practically or legally).

The phrase "controlling question of law", in the context of 28 U.S.C. § 1292(b), has a much broader meaning than the determination of an issue which will resolve the action entirely.

---

[2] HSBC is aware that Local Rule 7.1(i) purports to severely limit the grounds upon which a motion for reconsideration may be made. However, pursuant to FRCP 83(a), Local Rules adopted by the District Court must be consistent with Acts of Congress and the FRCP. The Ninth Circuit has interpreted the Federal Rules to allow motions for reconsideration on the grounds described above. Local Rules may not be adopted which are inconsistent with the FRCP and which contravene the interpretation of those Rules by the Ninth Circuit. Further, the Local Rules must be construed so as to be consistent with the Federal Rules. *See, Local Rule GR 1.1(c).*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to
Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 5 of 10 pages

*Moore's Federal Practice 3d § 203.31[2]*. Under the statutory framework, a question of law need not completely dispose of the litigation in order to be "controlling". *Id. at § 203.31[3]*. The controlling question need not be directly related to the substance of the controversy between the parties. *Id.; In re Cement Antitrust Litig., supra, 673 F.2d at 1027 n. 5* ("issues collateral to the merits" may be the proper subject of an interlocutory appeal).

A controlling question of law has routinely been found to exist regarding the right to a jury trial. *See, Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563 (1990)* (interlocutory appeal permitted from order denying motion to strike jury demand); *Lehman v. Nakshian, 453 U.S. 156, 158-160 (1981)* (same); *KLK, Inc. v. U. S. Dept. of the Interior, 35 F.3d 454, 455 (9th Cir. 1994)* (same); *Standard Oil Co. Of California v. Arizona, 738 F.2d 1021, 1022 (9th Cir. 1984)* (same); *Fabrikant v. Weinberg, 609 F.2d 412, 423 (9th Cir. 1979)* (interlocutory appeal permitted from order striking demands for jury trial); *Franquez v. U.S., 604 F.2d 1239, 1241 (9th Cir. 1979)* (interlocutory appeal permitted from order issued by District Court of Guam denying motion to strike demand for jury trial). Whether Plaintiffs in this case have the burden to prove that they did not knowingly and voluntarily waive their right to a jury trial in this case is a "controlling question of law".

As acknowledged by this Court in its Motion Denial Order, there exists a split in Circuits over who carries the burden of proving the validity of a contractual jury trial waiver provision and the Ninth Circuit has not ruled on this issue.

Substantial grounds for difference of opinion exist when there are conflicting and

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to
Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 6 of 10 pages

contradictory decisions addressing the same issue. *See, Chauffers, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. *supra at 563* (interlocutory appeal permitted to resolve conflict among circuits on issue of right to jury trial); *Lorillard, A Division of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 576-7 (1978) (interlocutory appeal of order denying motion to strike jury demand; certiorari granted to resolve conflict in Circuits); *McLaughlin v. Owens Plastering Co.*, 841 F. 2d 299, 300 (9th Cir. 1988) (interlocutory appeal permitted to resolve conflicting district court opinions on right to jury trial); *Matter of Grabill*, 967 F.2d 1152, 1153 (7th Cir. 1992) (interlocutory appeal permitted when circuits were divided on issue of whether bankruptcy court has authority to conduct jury trial in core proceeding); *Zenith Radio Corp. v. Matsushita Electric Ind. Co.*, 478 F. Supp. 889, 926, 944 (E. D. Pa. 1979) (interlocutory appeal certified from order denying motion to strike jury demand when various courts render conflicting opinions on right to jury trial).

Clearly, substantial grounds for difference of opinion exist on the questions determined by this Court in the Appeal Denial Order and by concluding there was no substantial ground for difference of opinion the Court committed clear error.

Finally, the Court concluded in the Appeal Denial Order that an immediate appeal would not materially advance the ultimate termination of the litigation. The issue under this prong of Section 1292(b) is whether an appeal may avoid the need for trial proceedings, or at least curtail and simplify pretrial or trial, and is closely tied to the requirement that the Order involve a controlling question of law. *See, In re Cement Antitrust Litig., supra*, 673 F.2d at 1026 (controlling question of law is present when resolution of issue on appeal could materially affect outcome

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to
Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 7 of 10 pages

of litigation in district court); *Fed. Prac. & Proc. § 3930 (1996)*. The Ninth Circuit has ruled that an issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig., supra, 673 F.2d at 1026*. This prong is clearly satisfied here.

Numerous courts have found that an interlocutory appeal may materially advance the termination of the litigation when the right to a jury trial is at issue. *See, e.g., Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, supra, 494 U.S. at 563* (Supreme Court granted petition for certiorari); *Lehman v. Nakshian, supra, 453 U.S. at 160* (same); *KLK, Inc. v. U. S. Dept. of the Interior, supra, 35 F.3d at 455* (appeal permitted); *Standard Oil Co. Of California v. Arizona, supra, 738 F.2d at 1022* (interlocutory appeal certified); *Franquez v. U.S., supra, 604 F.2d at 1241* (interlocutory appeal certified by district court and permitted by circuit court).

The requirement of "material advancement of the ultimate termination of the litigation" is well met where the litigation involved is expensive and the probability of retrial is decreased by interlocutory review. *Zenith Radio Corp. v. Matsushita Electric Ind. Co., supra, 478 F. Supp. at 945* (appeal certified of order granting jury trial); *see also, Rosen v. Dick, 83 F.R.D. 540, 547 (S.D.N.Y. 1979)* (immediate appeal of right to jury trial would materially advance untimate termination of litigation); *In re Lee Way Holding Co., 115 B.R. 586, 591 (S.D. Ohio 1990)* (same). This is especially true when the right to a jury trial is at issue because jury and bench trials necessitate different litigation strategies, allocations of court time, and expense to the parties. *Zenith Radio Corp. v. Matsushita Electric Ind. Co., supra, 478 F. Supp. at 944*.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 8 of 10 pages

In this case, if this Court's Motion Denial Order which denied HSBC's motion to strike the jury demand were to be reversed on appeal, it would necessitate a new trial and all of the attendant delay and expense to the parties and the Court such a reversal would entail. Conducting discovery, researching and filing pretrial motions, and trying this case is time-consuming and expensive for both parties. Plaintiffs have recently had this Court issue a Letter of Request for conducting depositions in Hong Kong and both parties have indicated in pretrial filings that they can be expected to notice up to ten (10) depositions each. Plaintiffs' responses to Interrogatories and allegations in the First Amended Complaint ("FAC") filed on April 27, 2004, reveal additional persons with relevant knowledge of Plaintiffs' claims which reside in Dubai and the Philippines. The expense of preparing for and trying this case is obviously significant.

As noted above, jury and bench trials necessitate different litigation strategies, allocations of Court time, and expense to the parties. Generally, a bench trial should be considerably less expensive and time-consuming than a jury trial. An immediate appeal of the Order will materially advance the ultimate termination of the litigation, especially if an appeal will foreclose the possibility of a reversal on appeal on the right to a jury trial and subsequent retrial.

Section 1292(b) authorizes this Court to stay proceedings in this Court pending appellate review by the Ninth Circuit of the Order and questions certified. As discussed above, permitting this case to proceed during an interlocutory appeal would be counterproductive since different litigation strategies, allocations of Court time, and expense to the parties are involved

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 9 of 10 pages

in a trial to the Court as opposed to a jury trial.

Further, pursuant to the Scheduling Order and Discovery Plan filed herein on February 3, 2004, this Court has ordered this case to progress relatively quickly considering that the alleged acts of HSBC which Plaintiffs complain of occurred in 2003. Staying proceedings in this case for the short time it takes to hear the interlocutory appeal will not prejudice Plaintiffs and may ultimately save this Court and the parties the additional expense of a retrial in the event that the Order is reversed by the Ninth Circuit. Additionally, HSBC has filed a motion to strike and dismiss the FAC which this Court has not yet set a hearing on and it is counterproductive to continue full bore with depositions in foreign countries when the legal effect of the FAC is at issue.

Courts have frequently stayed proceedings during an appeal to determine the right to a jury trial under 28 U.S.C. § 1292(b). *See, e.g., West v. Pelican Management Services Corp.*, 788 F. Supp. 897, 900 (M.D. La. 1992) (proceedings stayed during interlocutory appeal of order denying jury trial); *In re Lee Way Holding Co.*, 115 B.R. 586, 591 (S.D. Ohio 1990) (proceedings stayed during interlocutory appeal of order refusing to deny petitioners jury trial).

### III. CONCLUSION

For the reasons stated herein, this Court should grant HSBC's motion for reconsideration of the Appeal Denial Order and issue an amended memorandum order certifying the denial of HSBC's Motion to Strike Jury Demand for immediate appeal pursuant to 28 U.S.C. § 1292(b) and staying proceedings in this case pending appeal and consideration

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal
Page 10 of 10 pages

by the Ninth Circuit.

Dated this 4th day of May, 2004.

                                  LAW OFFICES OF BRONZE & TANG, P.C.
                                  Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

            By:         _____
                            JACQUES G. BRONZE