LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

FILED
DISTRICT COURT OF GUAM
MAY 07 2004
MARY L. M. MORAN
CLERK OF COURT

108

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF EX PARTE APPLICATION ON MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES** |

I, JACQUES G. BRONZE, do hereby declare as follows:

1. I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

2. I am admitted to practice before this Court and am counsel responsible for the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC"). A good faith effort has been made by counsel to advise counsel for Plaintiffs of the substance of HSBC's Ex Parte Application on Motion to Vacate

ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques G. Bronze in Support of Ex Parte Application on Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates
Page 2 of 4 pages

Scheduling Order and Continue Discovery and Trial Dates ("Ex Parte Application"). Copies of all pleadings relating to the Ex parte Application and Motion will be served upon Plaintiffs' counsel upon filing with this Court. The date and time the Court will consider the Ex parte Application is not yet known. However, as soon as such information is made available to my office we will advise Plaintiffs' attorneys.

3. It is expected that counsel for Plaintiffs will oppose the Ex Parte Application and will desire to be present if and when the Ex Parte Application is either presented to or entertained by the Court.

4. It is important and urgent that the Motion be heard as soon as possible because the discovery cut-off date set by the scheduling Order in this case is June 8, 2004, which requires the parties to serve written discovery requests no later than May 8, 2004. Further, the discovery and dispositive motion cut-off date is June 30, 2004 and trial is scheduled to commence on September 21, 2004. On April 27, 2004, Plaintiffs filed their First Amended Complaint ("FAC"). HSBC contends that the FAC is in violation of this Court's Order of April 9, 2004, which granted only limited leave to Plaintiffs to amend their complaint. HSBC has filed a motion to strike the FAC and, in the alternative, dismiss the third and sixth causes of action in the FAC which is scheduled to be heard by this Court on May 28, 2004. Because of the pendency of the motion to strike and dismiss, HSBC has not answered the FAC and it is unreasonable

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques G. Bronze in Support of Ex Parte Application on Motion to Vacate Scheduling Order
and Continue Discovery and Trial Dates
Page 3 of 4 pages

for discovery and other deadlines to expire before HSBC has even been called upon to answer the FAC and before HSBC's motion to strike and dismiss is determined which may effect the scope of any remaining allegations of the Plaintiffs. It is impossible for HSBC to conduct and complete further discovery when it is unknown what form the claims of Plaintiffs will take and whether the FAC will be sustained, stricken, or dismissed. Further, in response to Interrogatories propounded by HSBC, Plaintiffs advised HSBC on April 30, 2004, for the first time, that there were potential witnesses with relevant information pertaining to the claims raised by Plaintiffs that are located in Dubai and the Philippines. HSBC intends on deposing these witnesses and it will be impossible to do so given the parameters of the existing Scheduling Order. Also pending are HSBC's motion to reconsider HSBC's motion to stay all depositions pending determination of the motion to strike or dismiss the FAC and HSBC's motion to reconsider this Court's Order denying HSBC's motion for an order certifying the denial of HSBC's motion to strike the jury demand for immediate appeal pursuant to 28 § 1292(b) and to stay proceedings pending appeal. These matters and others are more fully explained in the memorandum of points and authorities in support of the Motion to Vacate the Scheduling Order and Continue Discovery and Trial Dates filed herein.

5. Plaintiffs, through their counsel, have repeatedly refused to stipulate to continue the dates imposed in the Scheduling Order and trial date. Accordingly, HSBC

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Jacques G. Bronze in Support of Ex Parte Application on Motion to Vacate Scheduling Order
and Continue Discovery and Trial Dates
Page 4 of 4 pages

has no other alternative than to apply to this Court for ex parte relief.

6. This Declaration is made in compliance with Local Rule 7.1(j)(1).

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this 7th day of May, 2004.

_____
JACQUES G. BRONZE