LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



Attorneys for HongKong & Shanghai Banking Corporation, Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES |

### JURISDICTION

This action is before this Court under federal diversity jurisdiction pursuant to 28 U.S.C. 1322 and 48 U.S.C. 1424. This Court has jurisdiction to hear this motion pursuant to FRCP 16(b) and LR 16.5.

### FACTS

On or about October 21, 2003, Plaintiffs filed a Complaint asserting various lender liability claims against Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC"). On December 30, 2003, pursuant to FRCP 12(b)(6), HSBC filed its Motion to Dismiss Plaintiffs' Complaint. On April

ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC.
Civil Case No. 03-00036
HONGKONG AND SHANGHAI BANKING CORPORATION, LTD MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE
DISCOVERY AND TRIAL DATES
Page - 2 -
========================================================================

9, 2004, District Judge John S. Unpingco, granted HSBC's Motion to Dismiss as it relates to the Third and Sixth cause of action, subject to Plaintiff's right to "… amend their complaint to reassert the dismissed causes of action." See, Conclusion of District Court Order dated April 9, 2004.

On April 27, 2004, Plaintiffs' filed their First Amended Complaint for Damages amending Counts III and VI as permitted by the Court's Order, however, Plaintiffs surreptitiously, without leave of court, asserted new facts in paragraphs 5 and 7, a new paragraph 16, new facts to paragraph 18, a new paragraph 21 and new facts to paragraph 26. Paragraph 24 from the original Complaint was deleted. In addition, Plaintiffs' asserted new facts to paragraph 30, a complete new paragraph 31A-D and deleted paragraph 28 to its First Cause of Action. As to the Second Cause of Action, Plaintiffs' asserted a new paragraph 36, and asserted new facts to paragraphs 38 and 39. As it relates to the Fourth Cause of Action, Plaintiffs added additional language to paragraph 49 and as well as additional allegations to paragraph 50. Lastly, Plaintiffs' asserted new facts to paragraphs 54C and F to its Fifth Cause of Action. See, Exhibit 1 attached to the Memorandum of Points & Authorities in Support of Motion to Strike the First Amended Complaint filed on April 30, 2004, to verify the unauthorized amendments. Plaintiffs undertook all those amendments surreptitiously, in violation of this Court's April 9, 2004, Order and without leave of court.

HSBC then filed its Motion to Strike the First Amended Complaint in Whole and in Part or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions ("Motion

ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC.
Civil Case No. 03-00036
HONGKONG AND SHANGHAI BANKING CORPORATION, LTD MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE
DISCOVERY AND TRIAL DATES
Page - 3 -
===========================================================================

to Strike") which will be heard on May 28, 2004. Until this Court decides HSBC's Motion to Strike, HSBC will not be obligated to file an Answer.

On April 23, 2004, HSBC also filed an Ex Parte Motion for an Order Certifying the Denial of HSBC's Motion to Strike the Jury Demand for Immediate Appeal pursuant to 28 USC § 1292(b) and to Stay Proceedings Pending Appeal. In addition, on or about 1:30 p.m., on April 30, 2004, HSBC filed its Ex Parte Motion to Stay all Depositions Pending Determination of its Motion to Strike. On April 30, 2004, which was the last day for Judge Unpingco to be on the bench, he issued an Order which was received by HSBC on the afternoon of May 3, 2004, without Plaintiffs having to file opposition papers and without a hearing, denying both of HSBC's ex parte motions. See, Declaration of Jacques G. Bronze. The two page Order denying both ex parte motions found that the Court had "…already denied HSBC's first Motion to Dismiss the Complaint and its previous Motion to Stay," and that delaying the discovery process "… is just a waste of time and would needlessly postpone the trial."

As a result on May 4, 2004, HSBC filed two Ex Parte Motions to Reconsider the Court's Order Denying Stay of all Depositions and its Order Denying HSBC's Motion for an Order Certifying the Denial of HSBC's Motion to Strike the Jury Demand for Immediate Appeal. No dates of hearing have been set.

Both parties have propounded interrogatories and requests to produce on each other. Plaintiffs now seek to depose various witnesses including various officers of First Hawaiian Bank,

ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC.
*Civil Case No. 03-00036*
HONGKONG AND SHANGHAI BANKING CORPORATION, LTD MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES
Page - 4 -
===========================================================================

Joseph K. Fang, Stephen Grantham, as well as depositions of officers of HSBC, more specifically, Messrs. Fred Granillo and I.C. Underwood from HSBC Guam and Messrs. Montan and Page from HSBC in Hong Kong. See, Declaration of Jacques G. Bronze.

HSBC needs additional time because until the Court rules on its Motion to Strike it will not be obligated to file an Answer. In addition, HSBC needs additional time to conduct further discovery including its own depositions and Plaintiffs have objected to a stipulated continuance, thus necessitating this motion. See, Declaration of Jacques G. Bronze.

## ANALYSIS

Pursuant to FRCP Rule 16(b), HSBC may file a motion with the Court for modification of the joint scheduling order. Modification of the joint scheduling order will be granted by leave of the District Court upon showing of good cause. Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, (9th Cir. 1992). The Rule 16(b) "good cause" standard primarily considers the diligence of the party seeking the modification. See, Hawaii Carpenters' Trust Funds v. Henry, 906 F.2d 1349 (9th Cir. 1990) (no continuance granted where during eleven month discovery period party made one attempt to contact employees, received a response, and failed to follow up); U.S. v. Bob Stofer Oldsmobile Cadillac, 766 F.2d 1147, 1152-53 (7th. Cir 1985) (denial of continuance appropriate where appellant does not seek continuance until one month after discovery cut off and fails to explain his dilatoriness); In re Imperial Credit industries, Inc. Securities

ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC.
Civil Case No. 03-00036
HONGKONG AND SHANGHAI BANKING CORPORATION, LTD MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE
DISCOVERY AND TRIAL DATES
Page - 5 -
==========================================================================

Litigation, 252 F.Supp2d 1005 ( C.D. Cal 2003) ( continuance denied for failure to pursue discovery for more than one year). The District Court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." FRCP 16 Advisory Committee's notes (1983 amendment). The focus of Rule 16(b) is upon the moving party's reasons for seeking the modification. Johnson, supra at 609.

The Local Rules of the District Court of Guam, in particular, LR 16.5 provides in part:

> A motion to extend the deadline in the scheduling order must demonstrate a specific need for the requested extension, and should be accompanied by a detailed proposed amendment to the previously entered scheduling order.

## BASIS FOR VACATING SCHEDULING ORDER

Plaintiff's Complaint which was originally filed in the Superior of Guam on October 21, 2003, and was subsequently removed to this Court on November 5, 2003. Discovery cut-off and the trial date is currently set for June 8, 2004 and September 21, 2004, respectively. As of the day of filing of this motion, HSBC has conducted the following discovery:

1. HSBC's FRCP 26(a) Disclosures served on December 12, 2003;

2. HSBC's FRCP 26(a) Supplemental Disclosures served on January 29, 2004 and February 11, 2004;

3. HSBC's Supoena to First Hawaiian Bank dated December 29, 2003;

4. HSBC's First Request to Produce dated December 23, 2003; and

5. HSBC's First Set of Interrogatories served on Plaintiffs on March 25, 2004. See, Declaration of Jacques G. Bronze.

Based on the above, there is no question that HSBC has been diligent in conducting its discovery. Notwithstanding, the above, HSBC's hearing on its Motion to Strike the First Amended Complaint in Whole and in Part or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions ("Motion to Strike") is currently scheduled for May 28, 2004, ten days before Discovery Cut-Off.

Furthermore, in response to HSBC's First Set of Interrogatories, Plaintiffs on April 30, 2004, identified two individuals, namely Vashi Jadwani from the Philippines and Haresh Mukhi from Dubai, none of which was ever disclosed to HSBC in Plaintiffs initial and supplemental disclosures or any other discovery responses. See, Exhibit "1" attached to the Declaration of Jacques G. Bronze. Based on Plaintiffs new allegations in paragraph 37 of their First Amended Complaint that it had applied for "… alternative financing with various banks **and others**," HSBC can only guess that the word "others" is referring to the above two individuals, namely Mr. Vashi Jadwani and Mr. Mukhi who were sought to support paragraph 21 of their First Amended Complaint that Mr. Sadhawni "had an oral agreement with two individuals that in the event bank financing was unavailable, he could borrow up to $3.5 Million from both individuals in order to buy his loan from HSBC." [1]

---

1 On May 3, 2004, HSBC forwarded a letter to Plaintiffs requesting that they file their Supplemental Disclosures providing information regarding these two new individuals so as to comply with the requisites of FRCP 26(a)(1)(A).

HSBC intends to depose Mr. Jadwani amongst others, and it will be impossible to do so given the parameters of the existing Scheduling Order. HSBC contacted HSBC Philippines General Counsel, Mr. Gerry Licup for information regarding the procedure and length of time it would take to compel the testimony of an unwilling Philippine witness and indicated that since the Philippines is not a member of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, it would take three to four months to process a Letter Rogatory. See, Declaration of Gerry Licup attached to the Declaration of Jacques G. Bronze as Exhibit "2." However, the length of time estimated by Gerry Licup deviates with the time estimate posted on a U.S. Department of State website regarding judicial assistance matters which provides that it can take more than a year. See, Exhibit "3" attached to the Declaration of Jacques G. Bronze.

Similarly, HSBC intends to depose Mr. Mukhi from Dubai. On May 5, 2004, HSBC's counsel contacted Mohammed Hijazi, a HSBC counsel in Dubai, for information regarding the procedure and length of time it would take to compel the testimony of an unwilling Dubai witness and he indicated that Dubai which is part of the United Arab Emirates is not a member of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters, and it would take a significant time to process a Letter Rogatory. See, Declaration of Jacques G. Bronze. Mr. Hijazi has referred HSBC to a Dubai litigation counsel however as of the

ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC.
Civil Case No. 03-00036
HONGKONG AND SHANGHAI BANKING CORPORATION, LTD MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE
DISCOVERY AND TRIAL DATES
Page - 8 -
==================================================================

time of filing this motion HSBC has not been successful in getting a hold of the litigation counsel. See, Declaration of Jacques G. Bronze.

Plaintiffs are likely going to argue that HSBC has delayed conducting its depositions until close to the discovery cut-off. Like many lawyers, HSBC have prudently delayed depositions until it received the responses to its paper discovery. That way it knows what questions to ask. Depositions are expensive. They can often be more focused, shorter, cheaper and fewer, as well as more productive of truth, if they are preceded by paper discovery. Sometimes the paper discovery facilitates settlement or dismissal without expense of depositions. Professor Keeton explains why depositions are often best delayed:

> Another reason often relied upon in delaying the deposition of an adverse party or witness is the desire for completion of all practical investigation before the deposition is taken, so that the lawyer taking it for discovery purposes will be better informed as to matters concerning which it would be wise for him to question the adverse witness or party. See, Robert E. Keeton, Trial Tactics and Methods, Section 382 (1954).

///

///

///

To force a lawyer to notice up all possible depositions as soon as they get the case is likely to increase the expenses and reduce the truth seeking value of the depositions.

Federal Rules of Civil Procedure 1 specifically states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Sometimes serving one purpose tends to disserve another. Because the Federal Rules of Civil Procedure builds pretrial practice around discovery, one cannot go too far toward one of the aforementioned factors, i.e., "just, speedy, and inexpensive," without sacrificing one or two of the others. Ever since Roscoe Pound said "justice delayed is justice denied" and some people are inferred that faster is always better. But too much speed as well as too much delay can deny justice. Speed of the litigation process should be managed so that the truth, not deny justice. Speed of the litigation process should be managed so that the truth, not the speed, determines the outcome. Plaintiffs continuing evolving complaint and persistent refusal to stipulate to stays speaks volume of its intent to avoid the truth and rather litigate by ambush. One reason why "the law's delay" is an ancient phrase is that fair resolution of a dispute takes time. Thus, HSBC respectfully requests this Court to vacate the current Scheduling Order and continue the trial.

///

///

///

ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC.
Civil Case No. 03-00036
HONGKONG AND SHANGHAI BANKING CORPORATION, LTD MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE
DISCOVERY AND TRIAL DATES
Page - 10 -
==================================================================================

## CONCLUSION

For the foregoing reasons, HSBC requests for the vacating of the current Scheduling Order and the continuance of the trial date.

*Respectfully submitted* this \_\_\_7th\_\_\_ day of May, 2004.

        **LAW OFFICES OF BRONZE & TANG, P.C.**
        A Professional Corporation

By:_____
        **JACQUES G. BRONZE**
        *Attorneys for HSBC*