**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*



## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>DECLARATION OF OF JACQUES G. BRONZE IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL |

**I, JACQUES G. BRONZE,** hereby declare and state as follows:

1. All matters herein are based on my own personal knowledge.

2. I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

3. I am the counsel of record for Hongkong and Shanghai Banking Corporation, Ltd., ("HSBC"), in the above-entitled matter.

4. Attached as Exhibit "1" is a true and correct copy of Plaintiffs Third Request to Produce propounded on HSBC.



5. Attached as Exhibit "2" is a true and correct copy of the Declaration of Jerry K. Tang. Due to the fact that Mr. Fang's deposition was only taken on May 7, 2004, HSBC had to resort to Mr. Fang's declaration since the deposition transcripts are not yet available. Mr. Fang's original Declaration will be filed with this Court once it is received via DHL.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this _____ day of May 2004.

_____
JACQUES G. BRONZE

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

**Counsel for Plaintiffs Alan Sadhwani, et al.**

IN THE UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

BRONZE & TANG, P.C.
Date: 3/8/04
Time: 4:00
Received:

TO: DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION, LTD. AND ITS COUNSEL OF RECORD JACQUES A. BRONZE

Plaintiffs Alan Sadhwani, et al. request that defendant produce and permit plaintiffs to inspect and to copy each of the following documents.

The place of inspection shall be Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam 96910. The date and time for inspection shall be April 7, 2004, at 9 a.m., and continuing so long as is reasonably required.

EXHIBIT 1

## DEFINITIONS

As used herein, the following definitions shall apply:

a. YOU and YOUR means HongKong Shanghai Banking Corporation, Ltd. ("HSBC"), its predecessors, agents, employees, representatives, attorneys, officers, assistants, directors, and consultants, including any experts YOU expect to call as witnesses in this action.

b. "DOCUMENTS" includes, but not to be limited to, handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any written, recorded, or graphic matter however produced or reproduced, including, but not limited to, electronic files, documents, records or data, documents stored in or retrievable by computer, memoranda, reports, studies, analyses, contracts, agreements, checks, charts, graphs, indices, data sheets, computer disks, data processing cards or tapes, notes, post-its, work papers, entries, letters, telegrams, telecopies (including facsimiles), internal memoranda, advertisements, brochures, circulars, catalogs, tapes, records, bulletins, papers, books, pamphlets, accounts, calendars, or diaries. The term "document" or "documents" shall also include any carbon or photographic or any other copies, reproductions, or facsimiles or any original, and shall mean the original an any copy or reproduction or facsimile that is in any way different from the original.

Case 1:03-cv-00036   Document 121   Filed 05/11/2004   Page 4 of 10

c.   "Plaintiffs' Loan" means Installment Loan No. 10003-361, with HSBC as Lender and the plaintiffs as Borrower/Guarantors.

d.   "PMC" means Paradise Marine Corporation.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

The documents to be produced are:

1.   All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to Joseph K. Fang from January 1, 1999 through the date of this request.

2.   All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any member of Joseph K. Fang's family (wife, children, siblings or parents) from January 1, 1999 through the date of this request.

3.   All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which Joseph K. Fang has any ownership interest, from January 1, 1999 through the date of this request.

4.   All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) has any ownership

-3-

interest, from January 1, 1999 through the date of this request.

5. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to PMC from January 1, 1999 through the date of this request.

6 All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which Joseph K. Fang is an officer or director, from January 1, 1999 through the date of this request.

7 All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by YOU to any corporation, partnership, sole proprietorship, company or entity in which any member of Joseph K. Fang's family (wife, children, siblings or parents) is an officer or director, from January 1, 1999 through the date of this request.

8. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities, other than Plaintiffs' Loan, which were sold, transferred or assigned by YOU to PMC from January 1, 2002 through the date of this request

9. All DOCUMENTS concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities, other than Plaintiffs' Loan, which were sold, transferred or assigned by YOU to parties other than

PMC, from January 1, 2002 through the date of this request.

10. All DOCUMENTS that address, refer to, or relate to any discounts on loan balances extended by YOU to any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

11. All DOCUMENTS that address, refer to, or relate to any "friendly foreclosures", as that term is used by YOU in Exhibit G attached to Plaintiffs' Complaint, between YOU and any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

12. All DOCUMENTS that address, refer to, or relate to the refinancing of loan balances by any of YOUR bank customers, other than Plaintiffs, from January 1, 2002 through the date of this request.

13. All DOCUMENTS concerning, relating to, or comprising communications between YOU and any bank, savings and loan, or financial institution regarding the sale, transfer or assignment of Plaintiffs' Loan, from January 1, 2000 through August 11, 2003.

Dated: March 8, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: /s/ Anita P. Arriola
**ANITA P. ARRIOLA**

**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br><br><br>DECLARATION OF JOSEPH K. FANG IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL |

I, JOSEPH K. FANG, do hereby declare and state as follows:

1. All matters herein are based on my own personal knowledge.

2. I am a resident of Guam.

3. I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

4. I am a shareholder of various companies located in California, Alaska, Hong Kong and Guam. I am a shareholder and the President of Paradise Marine Corporation, ("PMC") a Guam corporation. In June of 2003 PMC entered into a Loan Purchase Agreement

EXHIBIT 2

*Alan Sadhwuni, et al. v. Hongkong and Shanghai Banking Corporation, Ltd., et al.*
Civil Case No. CV03-00036

with HSBC and on August 11, 2003 PMC acquired all of the right, title and interest to the Plaintiffs loans previously owned by HSBC. At the time of closing, none of my companies, including PMC, nor I had any loans or credit facilities with HSBC Guam. All our loan, as well as deposit accounts, with HSBC Guam had been closed as of July, 2002.

5. I was served a deposition subpoena and on May 7, 2004 I attended the deposition which lasted over six hours.

6. I testified that I had been a management employee of HSBC (Hong Kong) from about 1979 to 1989.

7. I also testified in some detail how the acquisition of the Plaintiffs loans from HSBC had been an arms-length transaction. Although it was originally agreed that the purchase price would be $2.25 million, HSBC subsequently raised the purchase price to $2.75 million. No part of the purchase price was financed by HSBC Guam or any other branch of HSBC. In my deposition I testified that I received no accommodation, adjustment or other benefit to my credit facilities with HSBC USA, San Francisco branch, or any other branch of HSBC, as part of the transaction. I did not obtain a loan from HSBC anywhere to finance the purchase price. The funds for the purchase of the Plantiff's Loan with HSBC Guam originally came from the sale of a building I had owned in Anchorage, Alaska during the early part of 2003. The proceeds of the sale were deposited into a Wells Fargo Bank account in Anchorage, Alaska. We had wired $4.0 million from Wells Fargo Bank in June, 2003 to finance future investments, and a portion of this sum was used in August of 2003 to pay HSBC the full purchase price of the Plaintiff's loan.

Alan Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation, Ltd., et al.
Civil Case No. CV03-00036

8. I object to the Plaintiffs obtaining copies of HSBC's documents related to the credit facilities between HSBC and me, my several businesses and my extended family over the last five years. The requested documents would disclose confidential and proprietary information which the Plaintiffs have no valid reason for knowing. The provision of this information would be a great intrusion of my privacy, and my civil rights. Further, I have had no involvement with or knowledge of any loan facilities between HSBC and my siblings, parents and children.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 10th day of May 2004.



JOSEPH K. FANG