JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734
Email: acalaw@netpci.com



Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO RECONSIDER ORDER DENYING STAY OF ALL DEPOSITIONS PENDING DETERMINATION OF ITS MOTION TO DISMISS |

### INTRODUCTION

Plaintiffs Alan Sadhwani, et al. file this Opposition to defendant HongKong and Shanghai Banking Corporation Ltd.'s (hereinafter "HSBC") Motion to Reconsider Order Denying Stay of All Depositions Pending Determination of its Motion to Dismiss. HSBC's motion fails to set forth any sound justification under Local Rule 7.1(i) or under the Federal Rules of Civil Procedure warranting reconsideration of the court's order denying the motion to stay of all depositions pending determination of its motion to dismiss.

The District Court properly denied HSBC's motion to stay all depositions in this case. The Court in denying HSBC's motion to stay all depositions observed that HSBC is attempting to delay this case by frustrating plaintiff's right to discovery. Order filed April 30, 2004. HSBC is clearly attempting to delay this matter by filing this motion for reconsideration. HSBC has also filed a Motion to Reconsider Order Denying Certification of Appeal and an Ex Parte Motion to Vacate Scheduling Order and Reschedule Trial. When considering the fact that the Plaintiffs have filed a Motion to Compel Answers to Third Set of Requests for Production of Documents, and the plethora of motions filed by HSBC, HSBC's intent to avoid its discovery obligations become clear. Plaintiffs submit that HSBC's motion for reconsideration is merely another tactic to avoid its discovery obligations, delay discovery, and continue the trial date.

Furthermore, a stay of depositions in this case is moot as depositions have already begun. The depositions of Joseph K. Fang and Stephen J. Grantham have already been taken. Additionally, a stay is inappropriate because Plaintiffs would suffer extreme hardship and severe prejudice. For the foregoing reasons, the Court should deny the motion for reconsideration.

## ARGUMENT

It is within the discretion of the district court to deny a motion for reconsideration. Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); Le v. University of Pennsylvania, 321 F.3d 403, 405 (3rd Cir. 2003); Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir.1988). Motions for reconsideration are disfavored. Northwest Acceptance Corp. v. Lynnwood Equip. Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Moreover, motions for reconsideration are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been

presented originally. <u>Cotracom Commodity Trading Co. v. Seaboard Corp.</u>, 193 F.R.D. 696, 697 (D.Kan.,2000) citing <u>Van Skiver v. United States</u>, 952 F.2d 1241, 1243 (10th Cir.1991).

HSBC contends that the Order filed April 30, 2004 (hereinafter "Order") denying the Stay of All Depositions was in clear error because HSBC was denied hearing on its motion. *See* p. 5, HSBC Memorandum of Points and Authorities in Support of Motion to Reconsider Order Denying Stay of All Depositions Pending Determination of Its Motion to Strike First Amended Complaint in Whole or In Part or, In the Alternative, Motion to Dismiss Third and Sixth Causes of Actions and Sanctions. However, as set forth below under both standards, HSBC fails to set forth any proper basis for reconsideration.

**(I)  HSBC FAILS TO COMPLY WITH LOCAL RULES REQUIRING HSBC TO SET FORTH A PROPER BASIS FOR RECONSIDERATION**

The Local Rules of the District Court of Guam require the movant to meet the requirements of L.R. 7.1(i) for reconsideration. L.R. 7.1(i) provides:

> (i) Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> <u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u> (Emphasis added.)

The proper standard of review for motions to reconsider orders of the court is the local rules promulgated the district court. <u>Motorola, Inc. v. J.B. Rodgers Mechanical Contractor's, Inc.</u>, 215 F.R.D. 581 (D. Ariz., 2003).

-3-

HSBC avoids any proffer that it has complied with Local Rule 7.1. Rather, HSBC advocates a complete disregard of Local Rule 7.1. Without any citation of authority in support of its position, HSBC alleges that Local Rule 7.1 is in contravention of the Federal Rules of Civil Procedure. HSBC, however, is remiss in its review of the Federal Rules of Civil Procedure because Rule 78 clearly contemplates the determination of motions without oral argument, and specifically grants the district court authority to formulate its rules. Rule 78 provides:

> Unless local conditions make it impracticable, each district court shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of business, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as the judge considers reasonable may make orders for the advancement, conduct, and hearing of actions.
>
> To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition. Fed. Rul. Civ. Pro., Rule 78

Additionally, the Local Rules grant the court discretion to deny and cancel any oral argument on the motion. Rule 7.1(e) provides:

> (1) <u>Oral Argument Not Automatic</u>. Oral argument must be requested by the parties, and <u>may be denied in the discretion of the judge</u>, except where oral argument is required by statute or the Federal Rules of Civil Procedure . . .
>
> 3) Court's Cancellation of Oral Argument. In cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file. (Emphasis added.)

The fact that oral hearing was denied prior to the issuance of the Order is immaterial.

More importantly, the denial of oral hearing does not state any proper basis for reconsideration, i.e. a material difference in fact or law, the emergence of new material facts or a

change of law, or a manifest showing of a failure to consider material facts presented to the Court before such decision. In Motorola, Inc., the District Court of Arizona considered a motion for reconsideration of an order directing the production of discovery. In applying standards for motions for reconsideration substantially similar to the District Court of Guam, the court held that the regurgitation of prior arguments does not meet the standard under its local rules for reconsideration. Motorola, Inc., 215 F.R.D. at 586. The court denied the motion for reconsideration for failing to comply with local rules.

Similarly, in this case, HSBC does not assert any new information to the Court for reconsideration of its motion. HSBC cannot assert compliance with Local Rule 7.1 because there exists no basis for reconsideration. Therefore, HSBC's Motion to Reconsider Order Denying Stay of All Depositions Pending Determination of Its Motion to Strike First Amended Complaint in Whole or In Part or, In the Alternative, Motion to Dismiss Third and Sixth Causes of Actions and Sanctions should be denied for failure to comply with local rules.

**(II) HSBC FAILS TO SET FORTH ANY BASIS FOR RECONSIDERATION UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.**

The Ninth Circuit has set forth the appropriate standard in evaluation motions for reconsideration under F.R.C.P. 59(e) and 60. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). The rules, however, offer an extraordinary remedy and must be used sparingly. Carroll v. Nakatani, supra.

HSBC contends that the Court committed clear error because the court did not grant an oral hearing on HSBC's motion and because it has not filed an answer to the amended complaint. HSBC's arguments are without merit. The failure to have oral argument before acting upon a motion does not constitute error. Morrow v. Topping, 437 F.2d 1155, 1156 (9th Cir. 1971); *See* United States v. Alexander, 106 F.3d 874, 877 (9th Cir.,1997)(refusal to grant evidentiary hearing not clear error). As previously discussed above, Local Rules of court permit the court to make a determination on a motion without hearing. *See* § I. The mere fact that the Court in this case did not hold a hearing does not amount to an error of law warranting reconsideration.

HSBC contends that it is required to answer the amended complaint prior to any discovery proceeding. However, HSBC's conclusory statements are absurd as Rule 15 permits the court to allow amendment of a complaint up to and including trial. To adopt the position of HSBC would necessitate a stay of discovery each time a party sought to amend its complaint. HSBC fails to cite any legal authority that such a result is required. Moreover, the amendments to the Complaint do not add any new causes of action. *See* Amended Complaint. Nor does the Amended Complaint change the substantive claims or theories. Rather, the Amended Complaint merely adds factual allegations. HSBC's misplaced reliance on an unsound and unsupported theory has no merit. Plaintiffs submit that this is merely a further egregious attempt by HSBC to further delay discovery.

**(III) THE COURT PROPERLY DENIED THE MOTION TO STAY AS HSBC FAILED TO PROVE THAT A STAY OF DEPOSITIONS IN THIS CASE IS WARRANTED.**

A stay of all depositions in this case is not warranted. First and foremost, a stay of depositions in this case is moot as depositions have already begun. The depositions of Joseph K. Fang and Stephen J. Grantham have already been taken. Second, a stay of all depositions purely

because there is an outstanding motion to dismiss two of six causes of action is not appropriate. Additionally, a stay is inappropriate because Plaintiffs would suffer extreme hardship and severe prejudice. Plaintiffs will refrain from reiterating arguments already set forth in the original motion to stay all depositions in compliance with Local Rule 7.1(i).

Considering all of HSBC's dilatory tactics in this case, plaintiffs submit that HSBC's conduct in moving for reconsideration of the motion to stay all depositions is tantamount to forum shopping in attempt to find a court in agreement with its position, which is clearly prohibited by the Federal Rules of Civil Procedure. *See* <u>Cotracom Commodity Trading Co. v. Seaboard Corp.</u>, <u>supra</u>. Plaintiffs further submit that HSBC's motion to stay all depositions is merely another tactic to stall and delay the resolution of this case. The Court recognized HSBC's obvious attempts in denying the motion. The Court should not sanction such behavior and should deny the motion to reconsider.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny HSBC's motion to reconsider order denying HSBC's motion to stay all depositions pending determination of its motion to dismiss.

Dated this 13th day of May, 2004.

           **ARRIOLA, COWAN & ARRIOLA**
           Attorneys for Plaintiffs Alan Sadhwani, et al.

           By: _____
                JOAQUIN C. ARRIOLA

## CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May 13, 2004, I caused to be served via hand delivery, the **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO RECONSIDER ORDER DENYING STAY ALL DEPOSITIONS PENDING DETERMINATION OF ITS MOTION TO DISMISS** to:

>Jacques A. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 13th day of May, 2004.

_____
JOAQUIN C. ARRIOLA

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910