JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>　　　　Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>　　　　Defendants. | CIVIL CASE NO. 03-00036 |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING
CORPORATION LTD.'S MOTION TO RECONSIDER ORDER DENYING HSBC'S
MOTION FOR AN ORDER CERTIFYING THE DENIAL OF HSBC'S MOTION TO
STRIKE JURY DEMAND FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C.
§1292(b) AND TO STAY PROCEEDINGS PENDING APPEAL

## INTRODUCTION

COME NOW the Plaintiffs and file this memorandum in opposition to Hong Kong Shanghai Banking Corporation, Ltd.'s (hereinafter "HSBC") motion to reconsider order denying HSBC's motion for an order certifying the denial of HSBC's motion to strike jury demand for immediate appeal pursuant to 28 U.S.C. §1292(b) and to stay proceedings pending appeal.

The Court properly denied the motion for certification because the denial of the motion to strike the plaintiffs' jury demand is not an extraordinary case of exceptional circumstance warranting certification for appellate review under 28 U.S.C. §1292(b). Moreover, HSBC did not request oral argument as required by Local Rules of the Court and cannot now complain of error based on the court's determination without oral hearing. Furthermore, there is no basis under either Local Rule 7.1(i) or the Federal Rules of Civil Procedure warranting reconsideration of the court's order denying HSBC's motion for certification of appeal.

## ARGUMENT

It is within the discretion of the district court to deny a motion for reconsideration. Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003); Le v. University of Pennsylvania, 321 F.3d 403, 405 (3rd Cir. 2003); Hancock v. City of Oklahoma City, 857 F.2d 1394, 1395 (10th Cir.1988). Motions for reconsideration are disfavored. Northwest Acceptance Corp. v. Lynnwood Equip. Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Moreover, motions for reconsideration are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. Cotracom Commodity Trading Co. v. Seaboard Corp., 193 F.R.D. 696, 697 (D.Kan. 2000) citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991).

## (I) HSBC FAILED TO COMPLY WITH THE LOCAL RULES OF THE COURT FOR RECONSIDERATION OF THE DENIAL TO STRIKE JURY DEMAND

The Local Rules of the District Court of Guam require the movant to meet the requirements of L.R. 7.1(i) for reconsideration. L.R. 7.1(i) provides:

> (i) Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> <u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u>
> (Emphasis added.)

HSBC makes no attempt to meet the criteria set forth in Local Rule 7.1(i)(1), (2) or (3). HSBC merely regurgitates its original motion to strike jury demand. It is improper to repeat arguments previously made in the original motion. L.R. 7.1(i); <u>Motorola, Inc. v. J.B. Rodgers Mechanical Contractor's, Inc.</u>, 215 F.R.D. 581 (D. Ariz., 2003). In <u>Motorola, Inc.</u>, the District Court of Arizona considered a motion for reconsideration of an order directing the production of discovery. In applying standards for motions for reconsideration substantially similar to the District Court of Guam, the court held that the regurgitation of prior arguments does not meet the standard under its local rules for reconsideration. <u>Motorola, Inc.</u>, 215 F.R.D. at 586. The court denied the motion for reconsideration.

In this case, HSBC offers nothing new requiring the Court to reconsider its motion. Rather, HSBC recites the authority previously provided in its original motion in contravention of local rules.

-3-

On this basis alone, HSBC's motion for reconsideration should be denied.

Additionally, HSBC complains that the Court did not hold a hearing to determine the motion prior to issuance of the Order. However, HSBC did not seek oral argument pursuant to local rules, which requires a party seeking oral argument to request a hearing. Rule 7.1(e) provides:

> (1) <u>Oral Argument Not Automatic</u>. <u>Oral argument must be requested by the parties</u>, and may be denied in the discretion of the judge, except where oral argument is required by statute or the Federal Rules of Civil Procedure. (Emphasis added.)

HSBC now attempts to allege that the Court committed error because it did not conduct a hearing. Based on HSBC's failure to comply with local rules requiring the moving party to seek oral argument, HSBC cannot now be permitted to seek reconsideration merely because the Court exercised its duties in ruling on the motion, albeit against HSBC. Furthermore, there exists no grounds for reconsideration on the basis that the Court did not grant oral argument on the hearing. <u>Morrow v. Topping</u>, 437 F.2d 1155, 1156 (9th Cir. 1971); *See* <u>United States v. Alexander</u>, 106 F.3d 874, 877 (9th Cir.,1997)(refusal to grant evidentiary hearing not clear error). Plaintiffs submit that HSBC's motion for reconsideration on this basis is an apparent attempt to circumvent the Local Rules of Court. The Court should not sanction HSBC's attempts to misuse these procedures merely because it does not like the decisions of the Court.

**(II) RECONSIDERATION OF THE ORDER MUST BE DENIED BECAUSE HSBC IS UNABLE TO ESTABLISH ANY CLEAR ERROR OR MANIFEST INJUSTICE WARRANTING RECONSIDERATION.**

The appropriate standard for reconsideration under the Federal Rules of Civil Procedure, Rules 59(e) and 60 have been set forth by the Ninth Circuit. "[A] motion for reconsideration *should not be granted, absent highly unusual circumstances,* unless the district court is presented with

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)(Emphasis added.) Reconsideration is an extraordinary remedy and must be used sparingly. Carroll v. Nakatani, supra.

HSBC asserts that the Court committed clear error by failing to specifically articulate the basis of its denial of certification for appeal. HSBC has cited no authority that the court is required to make specific findings under 28 U.S.C. § 1292. 28 U.S.C. § 1292 provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. (Emphasis added.)

Clearly, the court is not obligated to provide specific findings where it is of the opinion that there is no controlling issue of law. 28 U.S.C. § 1292 only requires that the court reduce its opinion to writing when the court is of the opinion that a controlling question of law exists. This is not the case here. As set forth below, the Court's findings that there is no controlling issue of law and that an interlocutory appeal would not advance the ultimate termination of this litigation was not clearly erroneous warranting reconsideration.

The denial of the motion to strike the plaintiffs' jury demand was proper as the motion to strike is not an extraordinary case of exceptional circumstance warranting certification for interlocutory appeal under 28 U.S.C. §1292(b). The test in determining whether the court should exercise its discretion for certification under 28 U.S.C. §1292(b) is (1) whether a decision involves a controlling issue of law; (2) whether there exists a substantial ground for difference of opinion; and

(3) whether immediate appeal may speed ultimate resolution of the case. In Re Cement Antitrust Litigation, 173 F.2d 1020, 1026 (9th Cir. 1982); Environmental Protection Information Center v. Pacific Lumber Co., Slip Opinion April 19, 2004, WL838160 (D. Cal., 2004). The Court considered and applied the proper standard, as it made a clear determination that there was no controlling issue of law and that an immediate appeal would not speed the resolution of this case. Order filed April 30, 2004.

Importantly, the Ninth Circuit in assessing whether an interlocutory appeal is appropriate has cautioned that interlocutory appeals are not appropriate "merely to provide review of difficult rulings in hard cases." United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir.1966). Instead, interlocutory appeals under section 1292(b) are to be permitted "sparingly" and only in "exceptional" and "extraordinary" circumstances. Id.; James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n. 6 (9th Cir.2002) (noting that such certification is appropriate only "in rare circumstances"). It is the burden of the moving party to persuade the Court that there exists an exceptional circumstances warranting a departure from the basic policy of postponing appellate review until after the entry of a final judgment. Coopers & Lybrand, 437 U.S. 463, 475, 98 S.Ct. 2454, 2461 (1978)(citations omitted). Clearly, the defendant failed to meet its burden, as the Court was not persuaded.

a. **The order finding no controlling question of law was proper.**

The Court properly denied the motion for certification of the order denying the motion to strike jury demand, as a contractual interpretation of the right to jury trial does not implicate a controlling question of law. The Ninth Circuit expressly rejects the view that an issue is controlling if interlocutory reversal may "appreciably shorten the time, effort, or expense of conducting a lawsuit." In Re Cement Antitrust, 173 F.2d at 1027. Order filed April 30, 2004. In this case, the

-6-

contractual right to a jury will not shorten the time, effort, or expense of conducting the litigation because the denial of the motion to strike the jury demand does not affect the ultimate termination of the lawsuit, i.e. this litigation would continue irrespective of the jurist to which the case would be tried.

      **b.**    **No substantial ground for difference of opinion exists in this case.**

Although HSBC correctly points out that there is a difference in opinion in the circuits on the burden of proof on a contractual provision for the waiver of the right to jury trial, reliance on decisions from outside this circuit is misplaced. The Plaintiffs concede that the Ninth Circuit has not rule directly on the issue of which party bears the burden of proof in a contractual waiver of jury trial provision. However, at least one court in the Ninth Circuit adopted the same standard that the Court applied in this case. Phoenix Leasing Inc. v. Sure Broadcasting, Inc., 843 F.Supp. 1379, 1384 (D. Nev. 1994), aff'd, 89 F.3d 846 (9th Cir., 1996). No other court in this circuit appears to have ruled on this issue. Thus, there is no disagreement *in this circuit* that it is the party moving to enforce the waiver who bears the burden of proof in a contractual jury trial waiver case. A disagreement among courts outside this circuit does not establish a substantial ground for difference of opinion. Ryan, Beck & Co., LLC v. Fakih, 275 F.Supp.2d 393, 398 (D.N.Y.,2003). The fact that the court disagreed with HSBC's position does not evince a substantial ground for difference of opinion. Wausau Business Ins. Co. v. Turner Const. Co., 151 F.Supp.2d 488, 491 (D.N.Y.,2001).

      **c.**    **The Court correctly held that an interlocutory appeal on a denial of a motion to strike jury demand would not speed ultimate resolution of the case.**

The denial of a motion to strike jury demand would not speed ultimate resolution of this case because the case would proceed to trial whether it be before the court or to a jury. Moreover, this

-7-

case is hardly the "protracted and expensive litigation" proffered by HSBC. Rather, this matter involves a simple case of breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of contract; breach of fiduciary duty; and violation of banking and confidentiality laws. When imposing the exceptional case standard for protracted and expansive litigation, Congress did not intend this provision to apply to simple contract disputes. *See* United States Rubber Co. V. Wright, 359 F.2d at 785 (citing to report of the Committee on Appeals from Interlocutory Orders of the District Courts, which was made a part of the Senate Report on section 1292(b).)

Although HSBC proposes that courts "routinely" grant interlocutory appeal where the right to a jury trial is at issue, HSBC fails to cite one case granting interlocutory appeal in a contractual interpretation of the right to jury trial. All the cases cited by the defendant supporting the proposition that interlocutory appeal is proper involved antitrust litigation or statutory interpretation of the right to a jury trial.

In Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558 (1990), the case involved a question of whether a class of employees were entitled to a jury trial under the Labor-Management Relations Act for breach of the duty of fair representation. The trial court certified the issue for appeal finding that the statutory interpretation of the Labor-Management Relations Act constituted a controlling issue of law.

In Standard Oil Company of California v. Arizona, 738 F.2d 1021 (9th Cir.1983), the states demanded a jury trial of the legal issues in its anti-trust action. The states brought suit against major oil companies alleging that the companies had conspired to fix prices of refined petroleum products. The trial court held that the states were entitled to a jury trial of legal issues. The court certified

appeal to determine whether states have the right to a jury trial under federal statute of the Seventh Amendment.

In KLK, Inc. v. United States Department of Interior, 35 F.3d 454 (9th Cir. 1994), an inverse condemnation action, the trial court determined that the landowner was entitled to a jury trial under the Mining in the Parks Act. In reversing the trial court's determination, the Ninth Circuit explored the doctrine of sovereign immunity due to the silence in the statute. Similarly, in Lehman v. Nakshian, 453 U.S. 156, 101 S.Ct. 2698 (1981), the court explored the doctrine of sovereign immunity in determining whether the right to jury trial existed under the Age Discrimination in Employment Act. Likewise, in Franquez v. United States, 604 F.2d 1239 (9th Cir. 1979), the court in addressing the waiver of sovereign immunity, held that there is no right to a jury trial in just compensation actions.

In In re U. S. Financial Securities Litigation, 609 F.2d 411 (9th Cir. 1979), a complex securities litigation wherein 18 cases had been consolidated for trial and five classes certified, the court stuck the jury trial demand finding that there was no Seventh Amendment right to a jury.

These cases are the type of litigation envisioned by Congress as "protracted and expensive litigation." This case neither involves anti-trust litigation or a statutory interpretation of the right to a jury trial. This case rather is a simple case involving breach of contract, breach of fiduciary duties, and breach of the implied covenant of good faith and fair dealing. None of the cases cited by HSBC in support of its motion to strike the plaintiffs' jury demand addressed the contractual interpretation of the right to jury trial.

Based on the foregoing, there is no ground warranting reconsideration of the Court's finding denying certification of appeal of the order denying the motion to strike jury demand.

-9-

Case 1:03-cv-00036  Document 126  Filed 05/13/2004  Page 9 of 11

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court deny HSBC's motion to reconsider the order denying the motion for certification pursuant to 28 U.S.C. §1292(b).

Respectfully submitted on May 13, 2004.

ARRIOLA, COWAN & ARRIOLA<br>
Attorneys for Plaintiffs

By: _____<br>
JOAQUIN C. ARRIOLA

## CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May 13, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION LTD.'S MOTION TO RECONSIDER ORDER DENYING HSBC'S MOTION FOR AN ORDER CERTIFYING THE DENIAL OF HSBC'S MOTION TO STRIKE JURY DEMAND FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. §1292(b) AND TO STAY PROCEEDINGS PENDING APPEAL** to:

>Jacques A. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 13th day of May, 2004.

_____
JOAQUIN C. ARRIOLA