**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**Arriola, Cowan & Arriola**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.



## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO HONG KONG SHANGHAI BANKING CORPORATION'S OPPOSITION TO MOTION TO COMPEL ANSWERS TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS |

### INTRODUCTION

The documents requested in the plaintiff's Third Set of Requests for Production of Documents are relevant. HSBC attempts to distract the Court with its discussion of the 2000 Amendments to Rule 26(b)(1). However, the test for relevancy has not changed. Moreover, even with the 2000 Amendments, the broad scope of discovery is still applicable.

HSBC further ignores the legal standards imposed for relevancy in its tunnel vision view of the transferability of negotiable instruments. The proper standard applied in this case is whether the documents are relevant, and where documents are relevant, it is the burden of the party opposing discovery to set forth a basis for why the document are not relevant.

Additionally, HSBC further attempts to persuade the Court that plaintiffs are required to prove that the documents requested are relevant to each and every claim in order for the documents to be relevant. Plaintiffs would submit that where documents are relevant to the subject matter and to at least one claim of the plaintiffs, the broad sweep of discovery is still applicable. Thus, plaintiffs request that the Court compel HSBC to respond to the Plaintiffs' Third Set of Requests for Production of Documents, and award plaintiffs attorney's fees for bringing this motion.

## ARGUMENT

HSBC alleges that the standard for discovery in this case based on the 2000 Amendments to the Federal Rules of Civil Procedure is "good cause." However, the amendment to Rule 26(b)(1) from "relevant to the subject matter" to "relevant to a claim or defense" is not a dramatic change and broad discovery remains the same under the new amendment. Thompson v. Dept. Housing and Urban Development, 199 F.R.D. 168 (Md. 2001); Sanyo Laser Products, Inc. v. Arista Records, Inc., 214 F.R.D. 496 (D.Ind. 2003). The court in Thompson addressing the impact of the amendment to Rule 26(b)(1) stated:

> Lest litigants and the court become consumed with the philosophical exercise of debating the difference between discovery relevant to the "claims and defenses" as opposed to the "subject matter" of the pending action--the juridical equivalent to debating the number of angels that can dance on the head of a pin–

Thompson v. Dept. Housing and Urban Development, 199 F.R.D. at 173. Moreover, the 2000 Committee Advisory Notes provide:

> Under the amended provisions, *if there is an objection that discovery goes beyond material relevant to the parties' claims or defenses*, the court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action. *The good-cause standard warranting broader discovery is meant to be flexible.* (Emphasis added.)

Federal Rules of Civil Procedure Rule 26, Advisory Committee Notes 2000 Amendments.

The amendments to Rule 26(b)(1) do not change the relevancy analysis in this case as the documents requested are relevant to the claims of plaintiffs, in addition to the subject matter of the pending litigation. Notably, HSBC continues to rely on pre-2000 Amendments cases despite its assertions. HSBC cannot meet it burden, as the party resisting discovery, to establish that the requests for production lack relevancy. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385 (1945)(broad right of discovery); Sanyo Laser Products, Inc. v. Arista Records, Inc., 214 F.R.D. at 499. Because HSBC fails to meet its burden, the motion to compel should be granted and sanctions against HSBC should be imposed. Fed. Rul. Civ. Pro., Rule 37(a)(4)(A).

## I. REQUESTS FOR PRODUCTION NO. 1 THROUGH 7 AND 9 THROUGH 12 ARE RELEVANT TO THE SUBJECT MATTER AND THE CLAIMS AND DEFENSES OF PLAINTIFFS

Requests 1-7 seek to discover the means by which Mr. Fang acquired the funds to purchase plaintiffs' loan from HSBC. Requests 9-12 seek to discovery documents that address, refer to, or relate to any discounts, friendly foreclosures, or refinancing on loan balances extended by HSBC to any HSBC customers, other than plaintiffs from January 1, 2002 through the date of the request. These documents are relevant to the subject matter and the claims or defenses of plaintiffs because they are relevant to the subject matter involved in the pending action, they are reasonably calculated to lead to the discovery of admissible evidence, and they are relevant to the plaintiffs claim for breach of good faith and fair dealing, intentional misrepresentation, breach of the workout agreement, and for breach of fiduciary duty.

HSBC claims that the financial relationship between HSBC and the Fangs and the documents related to the sale of its other loans to third parties are not relevant because HSBC had the discretion

to sell its loan. Whether or not the loan was negotiable is not an issue in this case. The negotiability of the loan is irrelevant. Furthermore, for purposes of discovery, whether or not an instrument is negotiable does not speak to the conduct of HSBC in determining good faith and fair dealing. Clearly, requests 1-7 and 9-12 are discoverable as they relate to the claim for breach of good faith and fair dealing and they are relevant to the subject matter. Additionally, requests 1-7 and 9-12 are also relevant because such documents may lead to admissible evidence of the course of conduct, motive and intent of HSBC in breaching the workout agreement and in breaching the duty of good faith and fair dealing. The documents directly addresses the plaintiffs claims.

HSBC urges the Court to reject <u>Haroco, Inc. v. American National Bank and Trust Co. of Chicag</u>, 38 F.3d 1429 (7th Cir. 1994) because the plaintiffs in that case were not claiming a breach of the covenant of good faith. In <u>Haroco, Inc.</u>, the borrowers brought suit against the bank for breach of the loan agreement requiring the bank to set a prime rate estimate. A careful review of <u>Haroco, Inc.</u> reveals that the court was requiring bank to exercise its contract obligations "reasonably, not arbitrarily, capriciously, or in a manner inconsistent with the expectations of the parties," as required by the common law duty of good faith and fair dealing. <u>Id</u>. 38 F.3d at 1436.

Similarly, in this case, the documents requested are relevant to determine whether HSBC was acting in good faith when it entered into the workout agreement. The documents would evince whether HSBC acted reasonably in complying with its contractual obligations to plaintiffs. The documents will also reveal whether HSBC breached its fiduciary duty to plaintiffs.

## II. IRRESPECTIVE OF THE DEPOSITION TESTIMONY OF JOSEPH FANG, HSBC SHOULD BE COMPELLED TO PRODUCE THE REQUESTED DOCUMENTS.

HSBC asserts that the production of documents is no longer necessary as Mr. Fang's deposition has been taken. HSBC's assertions here are inapposite to its position in its Ex Parte

Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates. *See* HSBC Memorandum of Points and Authorities in Support of Ex Parte Application on Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates, p. 8. On one hand HSBC argues that documents should not be turned over because a deposition is completed. Where on the other hand, HSBC argues that it is necessary to have documents prior to the deposition. HSBC should not be permitted to assert contrary views in the same matter.

Plaintiffs submit that it is irrelevant whether Mr. Fang has testified about the financial relationship between HSBC and Mr. Fang, his family and his companies. If there are documents in existence as requested in Requests 9-12, HSBC has an obligation under the discovery rules to make the documents available. Although Mr. Fang testified at deposition regarding the source of funds for the purchase of the plaintiffs loans, the documents are essential to preparation for depositions of other witnesses and trial. Moreover, because there is a stipulated protective order in this case, the release of the requested documents does not implicate confidentiality concerns.

### III. HSBC WAIVED THE RIGHT TO OBJECT TO REQUESTS NO. 9-12 WHEN IT MADE NO OBJECTION AT THE DEPOSITION OF STEPHEN GRANTHAM

HSBC waived any and all objections to requests 9-12. Requests 9-12 seek to discovery documents that address, refer to, or relate to any discounts, friendly foreclosures, or refinancing on loan balances extended by HSBC to any HSBC customers, other than plaintiffs from January 1, 2002 through the date of the request. HSBC's counsel failed to object to the testimony at Mr. Grantham's deposition. Decl. A. Arriola. Without objection by HSBC, Mr. Grantham disclosed information related to the discounts, friendly foreclosure, and refinancing of loans at his deposition on May 10, 2004. Id. Based on HSBC's waiver on the issue, the Court should order the production of documents 9 - 12.

## IV. PLAINTIFFS FILING OF THE STIPULATION AS REQUIRED BY LOCAL RULE 37 WAS NOT AN INTENTIONAL VIOLATION OF THE RULE

Plaintiffs inadvertently filed the stipulation on April 21, 2004, one business day following the filing of the motion to compel. Decl. A. Arriola. This does not constitute a willful or intentional violation of the local rules.

## V. LABOR AND EXPENSE ARE NOT JUSTIFIABLE GROUNDS FOR FAILING TO COMPLY WITH A DISCOVERY REQUEST.

The mere fact that compliance with an inspection order will cause great labor and expense, or even considerable hardship does not of itself justify a failure to respond to a discovery request. Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486 (W.D.N.C. 1998); Butler v. Denovan, 103 F.R.D. 456, 452 (D. D.C. 1984)(addressing non-party compliance); Cantaline v. Raymark Industries, et al. 103 F.R.D. 447, 450 (D.S.D.F., 1984); Snowden By and Through Victor v. Connaught Laboratories, Inc., 137 F.R.D. 325 (D. Kan. 1991). HSBC contends that it will have to review 190 banker boxes to determine whether any of the documents are responsive to the requests for production. HSBC fails to be candid with the court as the testimony of Mr. Grantham clearly provided that HSBC has a list which it may refer to determine which customers and their corresponding documents are responsive to the requests. *See* Decl. A. Arriola. Moreover, because HSBC has made no attempts to narrow its review of banker boxes, the court should reject its speculative assertions of burden and expense. *See* International Business Machines Corp., 70 F.R.D. 700, 702 (S.D.N.Y. 1976) (rejecting nonparty's conclusory assertions that sorting and designating documents in response to subpoena would be time-consuming and burdensome).

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court order HSBC to produce all documents responsive to requests 1-7 and 9-12. Plaintiffs further request and award of attorney's fees for bringing this motion.

Respectfully submitted on May 14, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs

By: /s/ Joaquin C. Arriola
JOAQUIN C. ARRIOLA

## CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May 14, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO HONG KONG SHANGHAI BANKING CORPORATION'S OPPOSITION TO MOTION TO COMPEL ANSWERS TO THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS** to:

> Jacques A. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 14th day of May, 2004.

_____
JOAQUIN C. ARRIOLA

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910