JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.



FILED
DISTRICT COURT OF GUAM
MAY 1 7 2004
MARY L. M. MORAN
CLERK OF COURT

124

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

<table>
<tr><td>
ALAN SADHWANI, LAJU<br>
SADHWANI, and K. SADHWANI'S<br>
INC., a Guam corporation,<br><br>
     Plaintiffs,<br><br>
vs.<br><br>
HONGKONG AND SHANGHAI<br>
BANKING CORPORATION, LTD., a<br>
Foreign corporation,<br>
JOHN DOE I through JOHN DOE X,<br><br>
     Defendants.
</td><td>
) CIVIL CASE NO. 03-00036<br>
)<br>
) <b>DECLARATION OF ANITA P.</b><br>
) <b>ARRIOLA IN SUPPORT OF</b><br>
) <b>PLAINTIFFS' EX PARTE MOTION TO</b><br>
) <b>COMPEL DEPOSITIONS OF FRED</b><br>
) <b>GRANILLO AND CHRIS</b><br>
) <b>UNDERWOOD; CERTIFICATE OF</b><br>
) <b>COUNSEL</b><br>
) <b>(L.R. 16(j)(1) and 37.1)</b><br>
)<br>
) <b>Discovery Deadline: June 8, 2004</b><br>
) <b>Trial Date: September 21, 2004</b><br>
)
</td></tr>
</table>

ANITA P. ARRIOLA declares:

1. I am an attorney for plaintiffs Alan Sadhwani, et al. in the above-captioned matter.

I make this Declaration in support of Plaintiffs' Ex Parte Motion to Compel Depositions of Fred

Granillo and Chris Underwood. I have personal knowledge of the facts contained herein.

2. On March 8, 2004, I wrote to defendant Hongkong and Shanghai Banking

Corporation, Ltd.'s counsel Jacques Bronze and requested whether HSBC Guam employees Chris

Underwood and Fred Granillo would be produced voluntarily for their depositions or whether

plaintiffs would be required to subpoena them. A true and correct copy of the letter dated March 8,

ORIGINAL

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

2004 is attached hereto as **Exhibit 1**. In consideration of Mr. Bronze's personal travel schedule, I agreed to hold off taking the depositions of Underwood and Granillo until the week of April 19, 2004.

3.      Mr. Bronze wrote and confirmed that he would be off-island from April 7 to 23, 2004 and requested that I amend the dates for the Underwood and Granillo depositions. A true and correct copy of the letter dated March 9, 2004 is attached hereto as **Exhibit 2**.

4.      By letter dated March 10, 2004, I agreed to take the Underwood and Granillo depositions on April 26, 2004. A true and correct copy of the letter is attached hereto as **Exhibit 3**. However, by telephone conversation of March 12, 2004, and at his request, Mr. Bronze and I expressly agreed to plaintiffs' taking the depositions of Chris Underwood and Fred Granillo the week of May 3, 2004. A true and correct copy of the letter is attached hereto as **Exhibit 4**. Mr. Bronze requested the specific dates for the Underwood and Granillo depositions, and I scheduled the deposition of Fred Granillo for May 3, 2004 and the deposition of Chris Underwood for May 5, 2004. True and correct copies of the letters we exchanged are attached hereto as **Exhibits 5 and 6**. I served Notices of Depositions for the Underwood and Granillo depositions on March 19, 2004. True and correct copies of the Notices of Depositions are attached hereto as **Exhibits 7 and 8**.

5.      I later sent Amended Notices of Deposition, amending only the manner in which the depositions were to be taken. All other pertinent elements of the notice, such as date, time and place of the depositions, remained unchanged. True and correct copies of the Amended Notices of Deposition are attached hereto as Exhibits **9 and 10**.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-2-

6.     On March 31, 2004, HSBC filed a motion to stay all depositions pending the Court's decision on HSBC's motion to dismiss the complaint. The motion to stay all depositions was denied by the Court on April 9, 2004. A true and correct copy of the Order is attached hereto as **Exhibit 11**.

7.     On April 23, 2004, HSBC filed a Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. section 1292(b) and to Stay Proceedings Pending Appeal. By Order dated April 30, 2004, the Court denied HSBC's motion. A true and correct copy of the Order is attached hereto as **Exhibit 12**.

8.     On April 30, 2004, Mr. Bronze informed me that Mr. Granillo would not appear at his deposition on May 3, 2004. A true and correct copy of the letter is attached hereto as **Exhibit 13**.

9.     On May 3, 2004, the date scheduled for the deposition of Fred Granillo, Mr. Granillo and Mr. Bronze failed to appear at the deposition. Mr. Granillo is the Assistant Vice President, Credit Control at HSBC and is a party in this case. A true and correct copy of the transcript of the deposition is attached hereto as **Exhibit 14**.

10.     On May 4, 2004, Mr. Bronze informed me that he would be filing an Ex Parte Motion for Reconsideration of the Court Order denying HSBC's Application for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. section 1292(b) and to Stay Proceedings Pending Appeal. A true and correct copy of the letter is attached hereto as **Exhibit 15**. HSBC filed its motion on May 4, 2004. In the letter, he also informed me that Mr. Underwood would not appear at his deposition the next day.

11.     On May 5, 2004, Mr. Underwood and Mr. Bronze did not appear at the previously scheduled deposition. A true and correct copy of the transcript of the deposition is attached hereto as **Exhibit 16**. Mr. Underwood is the Manager of HSBC Guam and is therefore a party in the case.

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

12. Messrs. Granillo and Underwood are still currently employed by HSBC and are two of the last remaining employees at the HSBC Guam office. They are critical witnesses in the case, as it is their actions and conduct that form the gravamen of plaintiffs' claims in this case. Specifically, Mr. Granillo authored the letter that forms the basis of the workout agreement between HSBC and the plaintiffs. He also was involved in several meetings involving discussions relating to the resolution of plaintiffs' loan. Mr. Underwood is the person who intentionally misrepresented that he would try to stop the sale of plaintiffs' loan if plaintiffs were able to come up with $3.5 million. Mr. Underwood was also involved in the negotiations and discussions concerning the sale of plaintiffs' loan to Paradise Marine Corporation. To date, the depositions of Joseph Fang, the president of Paradise Marine Corporation, and Stephen Grantham, a former employee at HSBC, have been taken. Those depositions yielded extremely useful and important information about HSBC and its conduct in this case.

13. The discovery deadline in this case is June 8, 2004 and the depositions of Granillo and Underwood may lead to additional documents, information, and witnesses who have discoverable information about the case. Because of the impeding discovery deadline, I respectfully request, on behalf of the plaintiffs, that this Court act expeditiously in hearing and granting Plaintiffs' Ex Parte Motion to Compel Depositions of Fred Granillo and Chris Underwood.

14. By letter, I attempted to schedule meetings with Mr. Bronze concerning the depositions of Granillo and Underwood, as required by L.R. 37.1. True and correct copies of those letters are attached hereto as **Exhibits 17 and 18**. Mr. Bronze never responded.

-4-

I declare under penalty of perjury under the laws of Guam and the United States that the foregoing is true and correct.

Dated this **17ᵗʰ** day of May, 2004.

_____
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May 17, 2004, I caused to be served via

hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS'**

**EX PARTE MOTION TO COMPEL DEPOSITIONS OF FRED GRANILLO AND CHRIS**

**UNDERWOOD; CERTIFICATE OF COUNSEL(L.R. 16(j)(1) and 37.1)** to:

> **Jacques A. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 17th day of May, 2004.

_____
**JOAQUIN C. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

March 8, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

Re:     **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
          **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is in response to your letter of February 27, 2004.

I waited to respond to your letter because I had arranged with Duncan McCully to inspect and copy certain documents at his office last Friday relating to this matter. My review of those documents confirms my suspicions that you and your client have not provided all documents responsive to plaintiffs' first and second set of requests for production of documents. There is correspondence in the files that indicates you reviewed the files at Mr. McCully's office and that you copied certain documents in order to respond to the plaintiffs' document requests. Thus, your objection that HSBC does not have any "control" of the bank's documents is groundless.

It is also clear that you selected only certain documents, and not others, despite their clear relevance and responsiveness to plaintiffs' document requests. For example, there is an exchange of correspondence between Chris Underwood and Carol Gogue on July 8, 2003 regarding another interested purchaser in the plaintiffs' loan, which is responsive to plaintiffs' first document requests (No. 9), yet was not produced by you. There is also correspondence between Joseph Fang and Chris Underwood as late as November 10, 2003 regarding PMC's purchase of the loan, which was never produced by HSBC.

In your letter you stated that most of the problems I referenced in my letter of February 24, 2004 could be resolved among counsel "with a simple letter." It is not my responsibility to send you letters reminding you and your client to comply with your discovery obligations. More importantly,



Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
**Re:** <u>Sadhwani et al. v. Hongkong Shanghai</u>
<u>Banking Corporation, Ltd., et.al</u>, **District Court**
**of Guam, Civil Case No. CV03-00036**
March 8, 2004

the matters I have written about are not merely "discrepancies", they are utter failures of you and your client to produce what has already been appropriately requested in a Rule 34 discovery request. In my conversation with Richard Pipes shortly after he received my February 24 letter, he admitted that HSBC had miraculously found additional correspondence prior to June 12, 2003. It appears that if I had not written to you regarding the lack of communication prior to June 12, HSBC might never have produced these additional documents. Yet these documents are critical communications concerning PMC's purchase of the plaintiffs' loan, and not mere "discrepancies."

Regarding your contention that I am incorrect in stating that HSBC failed to provide any responses to certain discovery requests, it is important to note that even in your lengthy letter, you make the distinction between "objections" and "responses." While HSBC may have provided numerous objections, the Bank did not, in certain instances, provide responses.

I conducted a cursory examination of the documents produced by PMC last week and am awaiting copies of about three boxes of documents. Please let me know if you want copies of these documents, as they were produced in response to plaintiffs' subpoena duces tecum. If you do, I will make copies of the documents at your expense. In addition, because it appears that many documents provided by PMC are also responsive to certain of plaintiffs' discovery requests to HSBC, we will not pursue a motion to compel at this time. We reserve, however, the right to file a motion to compel upon closer examination of the documents produced by PMC.

You have also asked my availability for the deposition of Chris Felix. I am available the weeks of March 22 (except March 24) and March 29. Regarding depositions, please let me know if you will produce HSBC employees in Guam (Chris Underwood and Fred Granillo) voluntarily or if I will be required to subpoena them for their depositions. In consideration of your being off-island the first part of April, I will hold off taking their depositions until the week of April 19, 2004.

Finally, I have not received any documents from you concerning the subpoena duces tecum you issued to First Hawaiian Bank. If you received any documents, please provide copies of such documents immediately.

Please do not hesitate to contact me if you have any questions or concerns regarding this matter.

Very truly yours,

ANITA P. ARRIOLA

LAW OFFICES

# BRONZE & TANG

A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

March 9, 2004

**VIA: FACSIMILE**
**(671) 477-9734**

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

> Re: *Sadhwani, et al. v. HSBC, et al.*; **Civil Case No. 03-00036**

Dear Anita:

I am in receipt of your letter dated March 8, 2004. I will address the first seven paragraphs of your letter in another letter to be forwarded to your office no later than Monday, March 15, 2004. In regards to copies of the banker boxes delivered by HSBC to PMC, I have already indicated to Duncan McCully that he should go ahead and make copies of the documents at HSBC's expense. If it is your office that is making the copies, then proceed in making a copy of all the documents in the boxes at my client's expense. I will need a copy of all receipts in order to promptly pay your clients' expense.

In regards to the deposition of Chris Felix, I will be contacting Mr. Felix to check his availability based on your proposed dates of availability. In regards to producing Messrs. Underwood and Granillo, please be advised that HSBC will make them available for your depositions. Please advise if you're amendable to have Mr. Granillo's deposition also on the latter part of March or early April.

In regards to your consideration of me being off-island, please be advised that I now have concrete dates which I will be away - - that will be between April 7-23, 2004. Due to the available flight schedules, that is the time that I will be away. Thus, I respectfully request amending your proposed date for taking depositions. In addition, please advise who you will be deposing so that I can ensure the availability of the witnesses assuming that they are HSBC officers. In regards to any stateside witnesses, I will prefer to do these depositions this month if you are available. Please advise.

In regards to the First Hawaiian Bank subpoenaed documents, I will provide you copies of these documents at your clients' expense. Please advise if your clients will pay for these expenses.

I look forward to hearing from you.

Best regards,

JACQUES G. BRONZE

cc:     Mr. Chris Underwood

JGB:tc

D:\CLIENTS FILE\HSBC-Sadhwani\LtrvA.Arriola-Ltr 25.doc

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

March 10, 2004

<u>**VIA FACSIMILE:**</u> (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

> **Re:** <u>**Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**</u>
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is in response to your letter of March 9, 2004.

Due to the large volume of documents I reviewed at Paradise Marine Corporation last week which refer to Mr. Granillo and certain of the stateside witnesses, I am unable to take the depositions of those witnesses in the latter part of March or early April.

Based on your flight schedule, I can take the depositions of Mr. Underwood and Mr. Granillo the week of April 26, 2004. Thank you for your agreement to produce these witnesses voluntarily for their depositions without my having to subpoena them. I anticipate taking the depositions of other Guam witnesses (e.g., First Hawaiian Bank employees) that week and the first week of May. In the event that I need to take the depositions of other Guam witnesses while you are off-island, please advise if Richard Pipes is available to cover those depositions.

This is to confirm that my clients will pay for the copies of documents produced by First Hawaiian Bank in response to your subpoena duces tecum.

Please contact me if you have any questions or concerns regarding this matter.

Very truly yours,

**ANITA P. ARRIOLA**

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

March 16, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

> **Re:** **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is to confirm our telephone conversation of Friday, March 12, 2004.

You agreed to produce Chris Underwood and Fred Granillo for their depositions the week of May 3, 2004 without the necessity of my subpoenaing them. You also indicated that you may take the depositions of my clients the second week of May, 2004.

In order to accommodate your schedule, I agreed to take the depositions of certain witnesses residing in Guam beginning on April 28, 2004 through the next week of May 3, 2004.

You also indicated that you would take Chris Felix's deposition on Monday, March 22, 2004. Please provide me with a Notice of Deposition and any subpoena you served on him.

Finally, you indicated that Richard Pipes is unavailable to defend any depositions while you are off-island because he is not a member of the bar of the United States District Court.

Please contact me immediately if the foregoing does not conform to your understanding of our agreement.

Very truly yours,

**ANITA P. ARRIOLA**

LAW OFFICES

# BRONZE & TANG

A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

March 17, 2004

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

## VIA: FACSIMILE
**(671) 477-9734**

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

**Re:**     *Sadhwani, et al. v. HSBC, et al.*; Civil Case No. 03-00036

Dear Anita:

I am in receipt of your letter dated March 16, 2004. In regards to the proposed depositions of Mr. Chris Underwood and Mr. Fred Granillo, please advise on the specific dates in early May you will be deposing these individuals. In regards to the proposed deposition of Mr. Chris Felix proposed for March 22, 2004, please be advised that I am attempting to reschedule this deposition for March 25 or March 29, 2004, due to unforeseen scheduling conflicts. Mr. Felix is currently off-island, however, I have forwarded a letter notifying him of the proposed dates and I will be contacting him on March 22, 2004, to confirm the new proposed dates contained in this letter. The letter of March 8, 2004, indicated that you were available on the new proposed dates. If not, please advise.

Again, I apologize for any inconvenience the change in Mr. Felix's deposition schedule may have caused you. Please feel free to contact me if you have any questions regarding the above matter.

Best regards,

**JACQUES G. BRONZE**

JGB:tc

D:\CLIENTS FILE\HSBC-Sadhwani\Ltr\A.Arriola-Ltr.22.doc



# Arriola, Cowan & Arriola

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

March 17, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

Re:     **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
        **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is in response to your letter dated March 17, 2004.

The deposition of Fred Granillo will be taken on May 3, 2004.  The deposition of Chris Underwood will be taken on Wednesday, May 5, 2004.  I am still available on March 25 or March 29 for the deposition of Mr. Chris Felix.  Please let me know as soon as you know when his deposition will be taken.

The address and the phone number that you provided in HSBC's Supplemental Initial Disclosures for Mr. Lawrence R. Zhang are no longer correct.  Please provide an updated address or phone number.

Very truly yours,

**ANITA P. ARRIOLA**

APA/ctt

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | NOTICE OF DEPOSITION |
| vs. | ) ) | |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**TO:   DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **FRED GRANILLO on the 3rd day of May, 2004 at 9:00 a.m.** The deposition will be taken at the law offices of ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer oaths. The deposition will be recorded by videotape, audiotape, and/or stenographic means.

DATED: **3/19/04**

ARRIOLA, COWAN & ARRIOLA

By: _____
ANITA P. ARRIOLA
Attorneys For Plaintiffs

BRONZE & TANG, P.C.
Date: 03/19/04
Time: 4:38 p
Received: 2

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:    (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>           Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>           Defendants. | CIVIL CASE NO. 03-00036<br><br>**NOTICE OF DEPOSITION** |

**TO:  DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **CHRIS UNDERWOOD** on the 5th day of May, 2004 at 9:00 a.m.   The deposition will be taken at the law offices of ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer oaths.  The deposition will be recorded by videotape, audiotape, and/or stenographic means.

DATED: March 19, 2004

ARRIOLA, COWAN & ARRIOLA

By: _Anita P. Arriola_
ANITA P. ARRIOLA
Attorneys For Plaintiffs

BRONZE & TANG, P.C.
Date: 03/19/04
Time: 4:35 D
Received: G



JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:   (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU<br>SADHWANI, and K. SADHWANI'S<br>INC., a Guam corporation,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>HONGKONG AND SHANGHAI<br>BANKING CORPORATION, LTD., a<br>Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>　　　　　Defendants. | CIVIL CASE NO. 03-00036<br><br><br>**AMENDED NOTICE**<br>**OF DEPOSITION** |

BRONZE & TANG, P.C.
Date: 4/20/04
Time: 3:45p
Received: 3-1

**TO:    DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS
COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **CHRIS UNDERWOOD**

**on the 5th day of May, 2004 at 9:00 a.m.**   The deposition will be taken at the law offices of

ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer

oaths. The deposition will be recorded by videotape and stenographic means.

DATED: April 20, 2004.

　　　　　　　　　　　　　　　　　　　　ARRIOLA, COWAN & ARRIOLA

APR 2004
Law Offices
Of
Richard A. Pipes

　　　　　　　　　　　　　　By: _Anita P. Arriola_
　　　　　　　　　　　　　　**ANITA P. ARRIOLA**
　　　　　　　　　　　　　　Attorneys For Plaintiffs

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | **AMENDED NOTICE** |
| vs. | ) ) ) | **OF DEPOSITION** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**TO: DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **FRED GRANILLO on the 3rd day of May, 2004 at 9:00 a.m.** The deposition will be taken at the law offices of ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer oaths. The deposition will be recorded by stenographic means.

DATED: April 20, 2004

ARRIOLA, COWAN & ARRIOLA

By: _Anita P. Arriola_
ANITA P. ARRIOLA
Attorneys For Plaintiffs

BRONZE & TANG, P.C.
Date: 4/20/04
Time: 3:45
Received:



LAW OFFICES OF BRONZE & TANG, P.C. *Law Offices*
BankPacific Building, Suite 201    ARRIOLA, COWAN, ARRIOLA
825 South Marine Drive
Tamuning, Guam 96913                       APR 1 4 2004
Telephone No.: (671) 646-2001         RECEIVED
Facsimile No.: (671) 647-7671    BY: Cassandra TIME: 2:23pm

FILED
DISTRICT COURT OF GUAM
APR - 9 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

ALAN SADHWANI, LAJU           )    CIVIL CASE NO. 03-00036
SADHWANI, and K. SADHWANI'S   )
INC., a Guam corporation,      )
                               )
                               )    ~~PROPOSED~~
              Plaintiffs,      )    ORDER STAYING ALL
                               )    DEPOSITIONS PENDING
         v.                    )    DETERMINATION OF
                               )    HSBC's MOTION TO DISMISS
HONGKONG AND SHANGHAI          )
BANKING CORPORATION, LTD.,     )
et al.,                        )
              Defendants.      )
_____)

The Ex Parte Application and Motion of Defendant The Hongkong and

Shanghai Banking Corporation Limited ("HSBC") for Order Staying All Depositions

Pending Determination of HSBC's Motion to Dismiss ("Motion"), having been

presented to this Court and the Court having considered the pleadings filed in relation

thereto and the relative positions of the parties in this matter, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED that:**

1.    The Motion is GRANTED. The taking of any depositions by the parties

      in this case shall be stayed pending the determination by this Court of

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. CV1560-03
Proposed Order Staying All Depositions Pending Determination of HSBC's Motion to Dismiss
Page 2 of 2 pages

HSBC's Motion to Dismiss. To the extent that the parties need additional time to conduct discovery, the parties may file an amended scheduling order after this Court issues its decision on the Motion to Dismiss.

**SO ORDERED** this _____ day of April, 2004.

_____
JUDGE, DISTRICT COURT OF GUAM

Presented By:

LAW OFFICES OF BRONZE & TANG, P.C.
Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

By: _____
JACQUES G. BRONZE

RECEIVED
MAR 31 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Law Offices
ARRIOLA, COWAN, ARRIOL

MAY 0 3 2004

RECEIVED
BY: TIME: 2:00 pm

FILED
DISTRICT COURT OF GUAM

APR 3 0 2004

MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI *et al.*, | Civil Case No. 03-00036 |
| Plaintiffs, | |
| vs. | |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., *et al.*, | ORDER |
| Defendants. | |

The Court has pending before it two *ex parte* applications filed by defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC"). On April 29, 2004, HSBC filed an *Ex Parte Application for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal* ("Application for Interlocutory Appeal"). Additionally, on April 30, 2004, HSBC filed an *Ex Parte Application for Order Staying All Depositions Pending Determination of HSBC's Motion to Strike the First Amended Complaint in Whole or in Part, or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions* ("Application to Stay Depositions").

As for the Application for Interlocutory Appeal, the Court DENIES said application. The Court is not of the opinion that its Order which denied HSBC's Motion to Strike Jury Demand" "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Nor does the Court believe that "an immediate appeal from the [O]rder [will] materially advance the ultimate termination of the litigation." Id.

1   As to HSBC's Application to Stay Depositions, HSBC seeks to preclude further

2   depositions until the Court rules on HSBC's Motion to Strike. HSBC argues that its motion has

3   the potential of altering the scope and nature of the Plaintiffs' claims, which in turn would affect

4   the scope of permissible discovery. Thus, HSBC urges the Court to preclude further depositions

5   which it contends would be a "gross waste of time and monies."

6   The Court disagrees with HSBC's assertion as it is too speculative. Instead, the Court

7   views the Application to Stay Depositions as a delay tactic. The Court has already denied

8   HSBC's first Motion to Dismiss the Complaint and its previous Motion to Stay. The Court

9   determined that the Plaintiffs have presented valid causes of action which should proceed to trial.

10  Further delay in the discovery process is just a waste of time and would needlessly postpone the

11  trial. Accordingly, the Court DENIES the Application to Stay Depositions.

12  SO ORDERED this 30th day of April, 2004.

13

14                                              JOHN S. UNPINGCO

15                                                District Judge

16

17

18

19

20

21

22  Notice is hereby given that this document was
    entered on the docket on MAY 0 3 2004 .

23  No separate notice of entry on the docket will
    be issued by this Court.

24          Mary L. M. Moran
        Clerk, District Court of Guam

25  By: _____        MAY 0 3 2004
        Deputy Clerk              Date

26

27

28

# BRONZE & TANG

A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

April 30, 2004

**VIA: FACSIMILE**
**(671) 477-9734**

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

Re:    *Proposed Depositions of May 3 and May 5, 2004*

Dear Anita:

We are in receipt of your First Amended Complaint. As we expected from you, you have taken the liberty to amend the entire Complaint in direct contravention from Judge Unpingco's Order of April 9, 2004. Nor did you bother to comply with FRCP 15(a) which leads me to conclude that you were attempting to sneak the amendments in the First Amended Complaint with the hope that it would not be discovered.

As you well know, HSBC will be filing its Motion to Strike the First Amended Complaint in Whole or in Part, or, in the alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions tomorrow. In addition, HSBC will be filing an *Ex Parte* Application to Stay all Depositions Pending its hearing on the Motion to Strike, its *Ex Parte* Motion for Interlocutory Order Appealing HSBC's Motion to Strike the Jury Trial Demand as well as a resolution on the guidelines necessary for a videotape deposition. HSBC hopes that the Court would make a ruling on it *Ex Parte* Application for the Motion to Stay as soon as possible. Thus, please be advised that since HSBC is seeking a protective order to stay your proposed depositions, this letter serves to constitute notice that the deponents will not be attending the depositions on May 3 and May 5, 2004.



This letter serves to give you sufficient advance notice to notify the court reporters of the cancellation of the depositions. HSBC finds it unfortunate that your client will not stipulate to the staying of these depositions which serves both parties best interest and, thus, it is left with no choice but to seek the Court's remedy.

Best regards,

JACQUES G. BRONZE

cc:     Mr. C. Underwood

JGB:tc

D:\CLIENTS FILE\HSBC-Sadhwani\Ltrs\A.Arriola-Ltr.31.doc

IN THE UNITED STATES

DISTRICT COURT OF GUAM

ALAN SADWHANI, LAJU SADWHANI, ) CIVIL CASE NO. 03-00036
and K. SADWHANI'S INC., a )
Guam Corporation, )
)
              Plaintiffs, )
)
HONGKONG AND SHANGHAI )
BANKING CORPORATION, LTD., a )
Foreign corporation, )
JOHN DOE I through JOHN DOE X, )
)
              Defendants. )
_____)

Hagatna, Guam:   ss.

        I, the undersigned, Veronica A. Flores, a

Registered Professional Reporter, do hereby certify:

        That pursuant to the Notice of Deposition, I

appeared at the law offices of Arriola, Cowan & Arriola, 259

Martyr Street, Suite 201, Hagatna, Guam, at 9:00 a.m. on

Monday, May 3, 2004, at which time and place there also

appeared Anita Arriola, counsel for Plaintiffs Alan Sadwhani,

et al., and Mr. Alan Sadwhani.

        That at said time, there was no appearance made by

the witness, Fred Granillo, named in the Notice of

Deposition, either in person, by counsel, or otherwise.

        I certify that Anita Arriola stated for the record,

as follows:

        MS. ARRIOLA:  "Okay.  We're on the record.  This is

Anita Arriola.  It's 9:15 and I want to attach as Exhibit 1



to this deposition the amended notice of deposition which we served on Jacques Bronze's office on April 20, 2004. The amended notice of deposition scheduled the deposition of Fred Granillo on today's date at 9:00 a.m. I called Mr. Bronze's office this morning at 9:00 o'clock. He was on another telephone line and his office has just called to inform us that he will not be showing up at the deposition today.

I also wanted to attach as Exhibit 2, a letter I wrote to Mr. Bronze on April 30, 2004. Mr. Bronze and his client have filed an Ex Parte application to stay all depositions in the case. This is their third attempt to stay depositions, and like the other motions, is a blatant effort to obstruct and delay discovery and the trial in this case. We will take all appropriate action for the defendant's failure to attend this deposition today. And so I'll terminate it at this time."

I further certify that my per diem for this appearance is One Hundred ($100.00) Dollars.

Witness my hand and seal of Court this 3rd day of May, 2004.

Veronica A. Flores, CSR, RPR
Certified Shorthand Reporter
Tel: (671) 734-1041 * Fax: (671) 734-1045
E-mail: floresroni@hotmail.com

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

ALAN SADHWANI, LAJU            )     CIVIL CASE NO. 03-00036
SADHWANI, and K. SADHWANI'S    )
INC., a Guam corporation,      )
                               )
                 Plaintiffs,   )     AMENDED NOTICE
          vs.                  )     OF DEPOSITION
                               )
HONGKONG AND SHANGHAI          )
BANKING CORPORATION, LTD., a   )
Foreign corporation,           )
JOHN DOE I through JOHN DOE X, )
                               )
                 Defendants.   )
_____ )

**TO: DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **FRED GRANILLO on the 3rd day of May, 2004 at 9:00 a.m.** The deposition will be taken at the law offices of ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer oaths. The deposition will be recorded by stenographic means.

DATED: April 20, 2004

                                    ARRIOLA, COWAN & ARRIOLA

                                    By: _____
                                         ANITA P. ARRIOLA
                                         Attorneys For Plaintiffs

PLAINTIFF'S
EXHIBIT P.G.
5/3/04

BRONZE & TANG, P.C.
Date: 4/20/04
Time: 3:45
Received:

# Arriola, Cowan & Arriola

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

~

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

April 30, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

Re: **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
**District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is in response to your letter of today.

We deny that plaintiffs' First Amended Complaint is "in direct contravention from [sic] Judge Unpingco's Order of April 9, 2004," nor is it an attempt to "sneak" amendments "with the hope that it would not be discovered." To the contrary, the amendments to the First Amended Complaint are well within the terms of the Order, if only you would read it.

Your clients must have something to hide. The Ex Parte Application to Stay all Depositions constitutes your <u>third</u> attempt to stay depositions in this case and, like the other motions, is a blatant effort to obstruct and delay discovery and the inevitable trial of this case. Further, the motion is facially and substantively defective.

Your last-minute motion to stay the depositions does not automatically operate to stay the depositions, since, under the Rules, only a court order may relieve your clients of their duty to appear. The only existing Order in this case is the Court's Order of April 9, 2004, denying your motion to stay all depositions. Therefore, your clients are clearly required to appear at their depositions next week.

If you and your clients fail to appear at the depositions, you do so at your peril, as we will seek all available sanctions against both you personally and your client.

Nothing contained herein shall be deemed a waiver of any other right or remedy my clients may have, all of which are hereby expressly reserved.

Very truly yours,

**ANITA P. ARRIOLA**

PLAINTIFF'S
EXHIBIT
2

FAXED
4/30/04

LAW OFFICES
# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

May 4, 2004

**VIA: FACSIMILE**
(671) 477-9734

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

> Re: *Sadhwani, et al. v. HSBC, et al.*; Civil Case No. 03-00036

Dear Anita:

Your office has been served with HSBC's Ex Parte Motion for Reconsideration of the Court's Order Denying HSBC's Motion to Strike Jury Demand for Immediate Appeal ("Motion") pursuant to 28 U.S.C. § 1292(b). In addition, HSBC has also filed an Ex Parte Motion for Reconsideration of the Court's Order Denying HSBC's Motion to Stay All Depositions Pending its Motion to Strike. As a result, please be advised that pursuant to FRCP 37(d), Mr. Underwood is under no obligation to appear at the deposition set for May 5, 2004. Thus, you are advised to cancel the depositions until Court resolves this matter.

In regards to your threat of sanctions, please be advised that I am not losing sleep over it. HSBC's motions are warranted and they are supported by the facts and the law. You should also note that cross-motion for sanctions would also be served for filing frivolous sanction motions.

Please feel free to contact me if you have any questions regarding the above matter.

Best regards,

**JACQUES G. BRONZE**

JGB:cgb

D:\CLIENTS FILE\HSBC-Sadhwani\Ltrs\A.Arriola-Ltr.33.doc



IN THE UNITED STATES

DISTRICT COURT OF GUAM

ALAN SADWHANI, LAJU SADWHANI,     ) CIVIL CASE NO. 03-00036
and K. SADWHANI'S INC., a          )
Guam Corporation,                  )
                                   )
              Plaintiffs,          )        Affidavit
                                   )  In Re Nonappearance of
HONGKONG AND SHANGHAI              )        Witness
BANKING CORPORATION, LTD., a       )
Foreign corporation,               )
JOHN DOE I through JOHN DOE X,     )     **ORIGINAL**
                                   )
              Defendants.          )
_____  )

Hagatna, Guam:    ss.

        I, the undersigned, Veronica A. Flores, a

Registered Professional Reporter, do hereby certify:

        That pursuant to the Notice of Deposition, I

appeared at the law offices of Arriola, Cowan & Arriola, 259

Martyr Street, Suite 201, Hagatna, Guam, at 9:00 a.m. on

Wednesday, May 5, 2004, at which time and place there also

appeared Anita Arriola, counsel for Plaintiffs Alan Sadwhani,

et al.

        That at said time, there was no appearance made by

the witness, Chris Underwood, named in the Notice of

Deposition, either in person, by counsel, or otherwise.

        I certify that Anita Arriola stated for the record,

as follows:

        MS. ARRIOLA:  "It is 9:15 on May 5, 2004.  The

deposition of Chris Underwood was scheduled for today by



agreement of counsel and also upon an amended notice to take deposition. I am attaching as Plaintiff's Exhibit 1, the amended notice of deposition, which required Chris Underwood to appear at my office on May 5, 2004 at 9:00 o'clock a.m. for his deposition.

Also attached hereto as Exhibit 2 is an order from the Court dated April 14, 2004 denying the defendant's motion to stay all depositions pending determination of HSBC's motion to dismiss. Attached hereto is Exhibit 3 is another order from the Court dated April 30, 2004 denying HSBC's application to stay depositions. Attached hereto is Exhibit 4 is a letter dated May 4 from Jacques Bronze indicating that he and his client, Chris Underwood, would not be appearing at the deposition today. And attached hereto is Exhibit 5 is a letter from me to Jacques Bronze of today's date, which was sent to him early this morning informing him that he would be in violation of the two previous court orders marked as Exhibits 2 and 3.

I am making this as a record in order to let the Court know that Chris Underwood and his attorney failed to appear at the deposition today and I will be seeking all appropriate sanctions and filing appropriate motions to compel the deposition for Mr. Underwood at a later time."

I further certify that my per diem for this appearance is One Hundred ($100.00) Dollars.

Veronica A. Flores, CSR, RPR
Certified Shorthand Reporter
Tel: (671) 734-1041 * Fax: (671) 734-1045
E-mail: floresroni@hotmail.com
Case 1:03-cv-00036   Document 133   Filed 05/17/2004   Page 31 of 41

Witness my hand and seal this 5th day of May, 2004.

Veronica A. Flores, CSR, RPR
Certified Shorthand Reporter
Tel: (671) 734-1041 * Fax: (671) 734-1045
E-mail: floresroni@hotmail.com

Case 1:03-cv-00036     Document 153     Filed 05/17/2004     Page 32 of 41

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

### IN THE UNITED STATES
### DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | **AMENDED NOTICE** |
| vs. | ) | **OF DEPOSITION** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

BRONZE & TANG, P.C.
Date: 4/20/04
Time: 3:45 p
Received: BT

**TO:   DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION AND ITS COUNSEL OF RECORD JACQUES G. BRONZE:**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **CHRIS UNDERWOOD**

on the 5th day of May, 2004 at 9:00 a.m.   The deposition will be taken at the law offices of

ARRIOLA, COWAN & ARRIOLA, 259 Martyr Street, Suite 201, Hagatna, Guam.

The deposition shall be taken before a notary public or other authorized by law to administer

oaths.  The deposition will be recorded by videotape and stenographic means.

DATED: April 20, 2004.

ARRIOLA, COWAN & ARRIOLA

By: _Anita P. Arriola_
**ANITA P. ARRIOLA**
Attorneys For Plaintiffs

APR 2004
Law Offices
Of
Richard A. Pipes

PLAINTIFF'S
EXHIBIT CU
1
5/5/04

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Law Offices
ARRIOLA, COWAN, ARRIOLA
APR 1 4 2004
RECEIVED
BY: Cassandra TIME: 2:23pm

FILED
DISTRICT COURT OF GUAM
APR - 9 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

|  |  |  |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) ) | ~~PROPOSED~~ ORDER STAYING ALL DEPOSITIONS PENDING |
| v. | ) ) ) | DETERMINATION OF HSBC's MOTION TO DISMISS |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., | ) ) ) ) |  |
| Defendants. | ) ) |  |

The Ex Parte Application and Motion of Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") for Order Staying All Depositions Pending Determination of HSBC's Motion to Dismiss ("Motion"), having been presented to this Court and the Court having considered the pleadings filed in relation thereto and the relative positions of the parties in this matter, and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that:

1.     The Motion is GRANTED.  The taking of any depositions by the parties in this case shall be stayed pending the determination by this Court of



PLAINTIFF'S
EXHIBIT
2

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. CV1560-03
Proposed Order Staying All Depositions Pending Determination of HSBC's Motion to Dismiss
Page 2 of 2 pages

HSBC's Motion to Dismiss. To the extent that the parties need additional time to conduct discovery, the parties may file an amended scheduling order after this Court issues its decision on the Motion to Dismiss.

**SO ORDERED** this _____ day of April, 2004.

_____
JUDGE, DISTRICT COURT OF GUAM

Presented By:

LAW OFFICES OF BRONZE & TANG, P.C.
Attorneys for Defendant The Hongkong
and Shanghai Banking Corporation Ltd.

By: _____
JACQUES G. BRONZE

RECEIVED
MAR 31 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Law Offices
ARRIOLA, COWAN, ARRIOLA

MAY 0 3 2004

RECEIVED
BY: _____ TIME: 2:00 p.m.

FILED
DISTRICT COURT OF GUAM

APR 3 0 2004

MARY L. M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

ALAN SADHWANI *et al.*,

Plaintiffs,

vs.

HONGKONG AND SHANGHAI
BANKING CORPORATION, LTD., *et al.*,

Defendants.

Civil Case No. 03-00036

ORDER

The Court has pending before it two *ex parte* applications filed by defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC"). On April 29, 2004, HSBC filed an *Ex Parte* Application for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal ("Application for Interlocutory Appeal"). Additionally, on April 30, 2004, HSBC filed an *Ex Parte* Application for Order Staying All Depositions Pending Determination of HSBC's Motion to Strike the First Amended Complaint in Whole or in Part, or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions ("Application to Stay Depositions").

As for the Application for Interlocutory Appeal, the Court DENIES said application. The Court is not of the opinion that its Order which denied HSBC's Motion to Strike Jury Demand" "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Nor does the Court believe that "an immediate appeal from the [O]rder [will] materially advance the ultimate termination of the litigation." Id.

PLAINTIFF'S
EXHIBIT
3

1    As to HSBC's Application to Stay Depositions, HSBC seeks to preclude further

2  depositions until the Court rules on HSBC's Motion to Strike. HSBC argues that its motion has

3  the potential of altering the scope and nature of the Plaintiffs' claims, which in turn would affect

4  the scope of permissible discovery. Thus, HSBC urges the Court to preclude further depositions

5  which it contends would be a "gross waste of time and monies."

6    The Court disagrees with HSBC's assertion as it is too speculative. Instead, the Court

7  views the Application to Stay Depositions as a delay tactic. The Court has already denied

8  HSBC's first Motion to Dismiss the Complaint and its previous Motion to Stay. The Court

9  determined that the Plaintiffs have presented valid causes of action which should proceed to trial.

10  Further delay in the discovery process is just a waste of time and would needlessly postpone the

11  trial. Accordingly, the Court DENIES the Application to Stay Depositions.

12    SO ORDERED this 30th day of April, 2004.

                                                JOHN S. UNPINGCO
                                                District Judge

Notice is hereby given that this document was
entered on the docket on  MAY 0 3 2004    .
No separate notice of entry on the docket will
be issued by this Court.
        Mary L. M. Moran
    Clerk, District Court of Guam

By: _____        MAY 0 3 2004
    Deputy Clerk        Date

LAW OFFICES

# BRONZE & TANG

A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE DRIVE
TAMUNING, GUAM 96913

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

JACQUES G. BRONZE
JERRY J. TANG

May 4, 2004

**VIA: FACSIMILE**
(671) 477-9734

Anita P. Arriola, Esq.
ARRIOLA, COWAN & ARRIOLA
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

Re:  *Sadhwani, et al. v. HSBC, et al.;* Civil Case No. 03-00036

Dear Anita:

Your office has been served with HSBC's Ex Parte Motion for Reconsideration of the Court's Order Denying HSBC's Motion to Strike Jury Demand for Immediate Appeal ("Motion") pursuant to 28 U.S.C. § 1292(b). In addition, HSBC has also filed an Ex Parte Motion for Reconsideration of the Court's Order Denying HSBC's Motion to Stay All Depositions Pending its Motion to Strike. As a result, please be advised that pursuant to FRCP 37(d), Mr. Underwood is under no obligation to appear at the deposition set for May 5, 2004. Thus, you are advised to cancel the depositions until Court resolves this matter.

In regards to your threat of sanctions, please be advised that I am not losing sleep over it. HSBC's motions are warranted and they are supported by the facts and the law. You should also note that cross-motion for sanctions would also be served for filing frivolous sanction motions.

Please feel free to contact me if you have any questions regarding the above matter.

Best regards,

JACQUES G. BRONZE

JGB:cgb

D:\CLIENTS FILE\HSBC-Sadhwani\Ltr\A.Arriola-Ltr.33.doc



PERIGAD—Bayonne, N. J.

**PLAINTIFF'S EXHIBIT**
4

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

May 5, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

Re:  Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,
      District Court of Guam, Civil Case No. CV03-00036

Dear Jacques:

This is in response to your letter of yesterday concerning Mr. Underwood's failure to appear at his noticed deposition.

You are sadly mistaken in relying upon FRCP 37(d) as a basis for Mr. Underwood's failure to appear for his deposition. Nothing in Rule 37(d) permits you or your client to deliberately violate two (2) Court Orders mandating that the depositions in this case proceed as scheduled.

If your client does not appear by 9:15 a.m. today I will make a record to that effect.

Very truly yours,

*Anita P. Arriola*

**ANITA P. ARRIOLA**



PLAINTIFF'S
EXHIBIT
5

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

May 3, 2004

**VIA FACSIMILE:** **(671) 647-7671**

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

Re:  **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
**District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is written pursuant to L.R. 37.1, prior to our filing a motion to compel the deposition of Fred Granillo and a motion for sanctions.

Please let me know if you are available to meet before or after the deposition of Chris Underwood on May 5, 2004 in order to discuss the foregoing.

Very truly yours,

*Anita P. Arriola*

**ANITA P. ARRIOLA**



Law Offices

# Arriola, Cowan & Arriola

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail:  acalaw@netpci.com

May 6, 2004

**VIA FACSIMILE:**  (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

Re:   **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
      **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

Pursuant to L.R. 37.1 I am requesting a meeting with you concerning your clients' failure to appear at their depositions on May 3 and May 5, prior to the filing of a motion to compel.  I suggest we meet during a recess of, or after the deposition of Mr. Fang on May 7 at my office.

Let me know if you will agree to meet regarding this matter.

Very truly yours,

**ANITA P. ARRIOLA**

FAXED
5/6/04