Joaquin C. Arriola
Anita P. Arriola
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.



## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br><br><br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (F.R.C.P. 37(d); L.R. 37.1) |

### INTRODUCTION

Defendant Hongkong Shanghai Banking Corporation, Ltd. ("HSBC"), agreed to produce for the taking of their depositions Chris Underwood on Monday, May 3, 2004, at 9:00 a.m., and Fred Granillo on Wednesday, May 5, 2004, at 9:00 a.m. *See* Declaration of Anita P. Arriola.

Accordingly, an Amended Notice of Deposition was served upon HSBC's counsel on April 20, 2004, for Mr. Underwood and an Amended Notice of Deposition was served upon Defendant's counsel on April 20, 2004, for Mr. Granillo. *See* Declaration of Anita P. Arriola.

Plaintiffs made arrangements for the taking of these two depositions on May 3 and May 5, respectively. Neither counsel for HSBC nor Chris Underwood appeared at the scheduled date, time and hour of the deposition, Monday, May 3, 2004. Neither counsel for HSBC nor Fred Granillo appeared for the scheduled deposition on Wednesday, May 5, 2004, at 9:00 a.m. *See* Declaration of Anita P. Arriola.

Chris Underwood is an officer or managing agent of HSBC. *See* Plaintiffs' Exhibits "K" and "O" attached to Plaintiffs' Complaint, copy enclosed. Fred Granillo is an officer of HSBC. *See* Plaintiffs' Exhibits "C", "E", "F" and "G" attached to Plaintiffs' Complaint, copy enclosed.

## ARGUMENT

Plaintiffs move for an Order of this Court compelling discovery pursuant to Rule 37, Federal Rules of Civil Procedure. Specifically, the Plaintiffs move for an Order directing Chris Underwood and Fred Granillo to appear at a date, day and time, at the law office of Plaintiffs' counsel, for the taking of their depositions upon oral examination.

Rule 37(d), Federal Rules of Civil Procedure provides:

> **(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(d) is triggered when a Notice to Take Deposition upon Oral Examination is served upon a party. No court order or action is required. Guidry v. Continental Oil Co., 650 F.2d 523, 533, *cert. denied*, 70 L.Ed.2d 87 (CCA 5th, 1981); Fox v. Studebaker-Worthington, 516 F.2d 989, 993 (CCA 8th, 1975). *See* WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE (Civil 2d) § 2291, p. 714.

Sanctions against HSBC in the form of attorney's fees, costs and other expenses are warranted. HSBC agreed to the date, day, and time of the depositions of these two officers of HSBC. Proper Notices were served on HSBC's counsel. At the scheduled dates, times, and place, they, HSBC counsel, and Messrs. Underwood and Granillo, Officers of HSBC, failed to appear. *See* Declaration of Anita P. Arriola. Precision Flow

3

Technologies v. CVD Equipment, 140 F. Supp. 2d 195, 198 (9th, 1993); <u>Atlantic Cape Fisheries v. Hartford Fire Ins. Co.</u>, 509 F.2d 577, 578 (CCA 1, 1975) (District Court dismissed the action for failure of the president of the plaintiff corporation to appear at a deposition; Ninth Circuit affirmed); <u>Diaz v. Southern Drilling Corp.</u>, 427 F.2d 1118, (CCA 5th, 1970) (corporate officer failed to appear for deposition; default judgment entered; affirmed. "While it is true that the courts should impose sanctions no more drastic than those actually required to protect the rights of other parties, the language of Rule 37(d) makes it clear that the application of sanctions is entrusted to the discretion of the trial judge, and overleniency is to be avoided where it results in inadequate protection of discovery."; *citing* C. WRIGHT, FEDERAL COURT § 90).

## CONCLUSION

This Court denied the request of HSBC to stay deposition--not once, but TWICE! On May 3, 2004, the date scheduled for Mr. Underwood's deposition, there was no Motion to Stay pending in this Court. On May 5, 2004, the date scheduled for Mr. Granillo's deposition, there was no Motion to Stay pending in this Court, although, not surprisingly, on May 4, 2004, HSBC filed its Motion for Reconsideration--another delay tactic. In its April 30, 2004 Order, the Court described HSBC's application to stay deposition as "a delay tactic." and further noted, "Further delay in the discovery process is just a waste of time and would needlessly postpone the trial. . . ."

"These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1.

It appears Hongkong Shanghai Banking Corporation could care less about the mandate of Rule 1, Federal Rules of Civil Procedure. Plaintiffs' motion for an order granting their Motion for Discovery and for Sanctions should be granted.

Dated: May _____, 2004.

                                                ARRIOLA, COWAN & ARRIOLA
                                                Attorneys for Plaintiffs Alan Sadhwani, *et al.*

By: _____
                                                 Joaquin C. Arriola

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

# CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May **17**, 2004, I caused to be served, via hand delivery, **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (F.R.C.P. 37(d); L.R. 37.1)** upon:

> Jacques A. Bronze, Esq.
> BRONZE & TANG, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this **17** day of May, 2004.

_____
Joaquin C. Arriola

(G:\MemoP&A.CompelDiscvy)

6



PRIVATE AND CONFIDENTIAL					15th July 2003

K. Sadhwani Inc.
371 South Marine Drive
Tamuning, Guam 96911

Attn.: Mr. Alan Sadhwani, President

Dear Alan,

## NOTICE OF INTENT TO SELL LOAN

Notice is hereby given that the Hongkong & Shanghai Banking Corporation Limited ("HSBC") has entered into a loan purchase agreement with Paradise Marine Corporation (the "Buyer") whereby HSBC has agreed to sell, transfer and assign to the Buyer all of HSBC's right, title and interest in and to HSBC's loan with K. Sadwani Inc., including all mortgages, security agreements, promissory notes and any investments securing such loan, and together with any liens, security interests, charges and other rights related thereto (the "Loan") provided the Buyer complies with the requirements of the agreement upon closing. The Closing for the sale is currently scheduled for 11th August 2003 or such other date as agreed by the parties. Should the Closing occur, the Buyer shall be a party to the Loan and any related loan documents and HSBC shall be absolutely released from any obligation, covenants, and agreements under said Loan and any related loan documents. Further, in the event that the Closing shall occur, you will receive further notice regarding the manner in which all further loan payments shall be paid.

Yours faithfully,

I.C. Underwood
Manager Guam.

The Hongkong and Shanghai Banking Corporation Limited
Post Office Box 27-C, Hagåtña, Guam 96932 U.S.A.
436 South Marine Drive, Tamuning, Guam 96913
Tel: (671) 647-8588  Fax: (671) 646-3767

Incorporated in Hong Kong SAR with limited liability.

Exhibit "K"



11 August 2003

K.Sadhwani's Inc.
371 South Marine Drive
Tamuning, Guam 96911

Dear Mr. Sadhwani

I refer to my letter of 15 July 2003.

I am pleased to inform you that on Monday 11th August 2003 your loan was sold to Paradise Marine Corporation. The terms and conditions of your loan remain unchanged, but Paradise Marine Corporation will contact you shortly and let you know where to make your payments.

Yours sincerely

I.C. Underwood
Manager Guam

The Hongkong and Shanghai Banking Corporation Limited
Post Office Box 27-C, Hagåtña, Guam 96932 U.S.A.
436 South Marine Drive, Tamuning, Guam 96913
Tel: (671) 647-8588  Fax: (671) 646-3767

Incorporated in Hong Kong SAR with limited liability.

Exhibit "O"

# PROMISSORY NOTE MODIFICATION AGREEMENT

## INSTALLMENT LOAN NO.100023-361

This Promissory Note Modification Agreement ("Agreement") is entered into this ___5___ day of ___MARCH___, 2003, by and among THE HONGKONG AND SHANGHAI BANKING CORPORATION LTD., a foreign corporation ("Lender") and K. SADHWANI'S, INC. ("Borrower"), and ALAN SADHWANI and LAJU SADHWANI, (THE "Guarantors").

On _08 November 2002_ Borrower executed an Amendment To Credit Facility/Lease (the "Note") in the amount of _SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS AND NO CENTS ($7,500,000.00)_ payable to the order of the Bank. The outstanding balance of the Note as of December 31, 2002 is SIX MILLION FIVE HUNDRED SEVENTY ONE THOUSAND NINE HUNDRED THREE AND FORTY TWO CENTS (USD6,571,903.42).

NOW, THEREFORE, in consideration of the premises and the covenants herein contained, the parties agree to amend as follows:

1. **Extension of Maturity Date.** The Maturity Date of the Note is hereby extended for a period of time up to and including August 31, 2003. The Lender will review the note every six months, and reserves the right in its sole discretion to call for repayment of principal and interest then outstanding and unpaid. Default on the terms of the Note will supercede this review process, and entitle the Lender to call for immediate repayment of principal and interest then outstanding and unpaid.

2. **Effective date.** This Agreement and the regular payment modification provided in 11/6/0 herein shall be deemed effective as of December 31, 2002.

3. **General.** The terms, conditions, and covenants of the Note, the guarantees, the security agreement, and all other loan documents which may secure the Note or which may have been executed in relation to the Note or to the loan transaction which the Note evidences remain in full force and effect except as amended by the express terms of this Agreement, and none other.

IN WITNESS WHEREOF, the parties have executed this Modification Agreement the day and date first above written.

Exhibit "C"

## PROMISSORY NOTE MODIFICATION AGREEMENT
## INSTALLMENT LOAN NO. 100023-381

LENDER:

THE HONGKONG AND SHANGHAI
BANKING CORPORATION LIMITED

By: _____

Name: FREDERICK GRANILLO

Its: ASSISTANT VICE-PRESIDENT - CREDIT CONTROL


"BORROWER"

K. SADHWANI'S, INC.

By: _____

Name: A.H. SADHWANI

Its: PRESIDENT


"GUARANTORS"

_____
ALAN SADHWANI

_____
LAJU SADHWANI




# HSBC

**The Hongkong and Shanghai Banking Corporation Limited**
Post Office Box 37-C
Hagatna, Guam 96932

| | | | |
|---|---|---|---|
| To | K. Sadhwani's Inc. | Date | 13 March 2003 |
| | Attn: A.H. Sadhwani | File Ref: | |
| | Fax No: 687-1555/646-6917 | Total no of pages = cover +0 | |
| From | Frederick Granillo | If you do not receive all pages, please | |
| | Assistant Vice President Credit Control | telephone or telex immediately | |
| | Fax No: 646-3767   Telephone/Telex | Urgent | [X] Yes  [ ] No |
| Subject | Written Plan | Confidential | [X] Yes  [ ] No |

*This facsimile is intended for the named recipient only and may contain privileged and confidential information. If you have received this facsimile in error, please notify us immediately. Please do not disclose the contents to anyone or copy of the facsimile. Thank you*

Message:

Dear Mr. Sadhwani:

The deadline for the requested plan was yesterday as stated in a letter dated 6 March 2003 referenced GUM CCU 030021. Please provide the written plan today, as we have agreed upon, so that we understand how you intend on repaying the loan by the revised maturity date. Please also consider our recommended approach under "friendly foreclosure."

In addition to the above, in review of our files we have noted that the last appraisals done on the mortgaged properties were performed during 2000. As such, given significant market changes, we request that updated appraisals be done on all mortgaged properties to determine the actual current values. We will have Captain and Co. provide an appraisal quotation for your review. The appraisals are to be completed no later than 15 April 2003.

If you have any questions, please feel free to contact me at 647-8528.

Regards,

Frederick Granillo

Exhibit "E"

# K. Sadhwani's Inc.

371 South Marine Drive • Tamuning, Guam 96913
Phone 671-649-5948/49/50 • Fax 671-646-6917 • Email ticktock@guamcell.net

March 14 2003

Dear Mr. Granillo

I am working with a bank to pay off our out standing loan with you.

As for friendly foreclosure I do not understand what you want exactly.
Please give me more details.

You were talking about discounting, please explain how that will happen.

In future please fax me at 671 649 5938 this is direct fax to my office

Thanking you

Regards

*Sadhwani*

Alan Sadhwani.

Exhibit "F"



Our Ref: GUM CCU 030030

21 March 2003

Mr. Sadhwani
c/o K. SADHWANI INC.
371 South Marine Drive
Tamuning, Guam 96911

RE: **PAYOFF PLAN**

Dear Mr. Sadhwani:

    We are concerned that you have not taken seriously the Bank's notice to K. Sadhwani Inc. that it will not be able to renew or extend its loan facility when it becomes due for repayment on August 31, 2003. You have previously negotiated an extension of your loan facility and the liquidation of several parcels of real property assets sufficient to reinstate the loan facility not two years ago. In fact, you executed several deeds in lieu of a foreclosure via the private power of sale contained in the mortgages to secure an extension of your loan facility with the bank.

    Your recent fax on March 14, 2003 requested the details of a friendly foreclosure. As stated above, I believe that you are familiar with the process that the Bank used to liquidate the real property. It is possible that the bank may accept deeds in lieu of foreclosure at a negotiated release price in order to reduce the balance of your loan facility. This process provides certainty to the winding down of your business and satisfaction of its debt to the Bank. The Bank cannot guarantee that there will not be a resulting deficiency from the liquidation process. However, you have the control and discretion to reduce the exposure to a deficiency to a minimum by negotiating such an agreement.

    You represented that you have listed your property with Century 21 Realtors. We request a copy of the listing agreements or a written authorization allowing Century 21 to provide copies to the Bank immediately. If you are able to sell your property at market price and have such listing agreements, the Bank may consider tolling collection efforts pending the closing in escrow of written accepted purchase offers with net proceeds paid to the Bank. The tolling of collection efforts would have to be part of a general liquidation or refinancing agreement. The Bank does not wish to negotiate with you on a parcel by parcel basis.

    In the event that you cannot sell the properties through the efforts of Century 21, the Bank may consider accepting deeds in lieu of foreclosure at negotiated values. If you are not willing to negotiate a liquidation agreement, then the Bank may be forced to foreclose via the private power of sale contained in the bank's mortgages. You may assist the Bank in this process by providing interested buyers and cooperate through the foreclosure process. The

The Hongkong and Shanghai Banking Corporation Limited
Post Office Box 27-C, Hagåtña, Guam 96932 U.S.A.
436 South Marine Drive, Tamuning, Guam 96913
Tel: (671) 647-8588 Fax: (671) 646-3767

*Incorporated in Hong Kong SAR with limited liability.*

Exhibit "G"

foreclosure process does, however, add costs, expenses and attorneys' fees to the amount secured by your mortgages and could result in an increased deficiency amount.

If you are seriously making an effort to refinance your loan facility, you may avoid this entire process. We request immediate confirmation of your loan application and efforts to obtaining refinancing. The Bank is ready, able and willing to assist your negotiation of replacement financing.

If you do not respond to this letter with the required information by close of business, April 4, 2003, the Bank will refer this matter to its attorneys at Klemm, Blair, Sterling & Johnson. The firm will contact you thereafter to address the issues in this letter.

I look forward to your response.

Yours sincerely,

Frederick Granillo
Assistant Vice President, Credit Control