JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734
Email: acalaw@netpci.com

Attorneys for Plaintiffs Alan Sadhwani, et al.



IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>　　　　　　Plaintiffs,<br>vs.<br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>　　　　　　Defendants. | ) CIVIL CASE NO. 03-00036<br>)<br>)<br>) DECLARATION OF ANITA P.<br>) ARRIOLA IN SUPPORT OF<br>) PLAINTIFFS' REPLY MEMORANDUM<br>) OF POINTS AND AUTHORITIES<br>) REGARDING EX PARTE MOTION TO<br>) COMPEL ANSWERS TO THIRD SET<br>) OF REQUESTS FOR PRODUCTION OF<br>) DOCUMENTS<br>)<br>)<br>) |

ANITA P. ARRIOLA declares:

1. I am an attorney for plaintiffs Alan Sadhwani, et al. in the above-captioned matter. I make this Declaration in support of Plaintiffs' Reply Memorandum of Points and Authorities in Support of Ex Parte Motion to Compel Answers to Third Set of Requests for Production of Documents. I have personal knowledge of the facts contained herein.

2. On May 7, 2004, I took the deposition of Joseph K. Fang, President of Paradise Marine Corporation, the purchaser of the Sadhwani loan that is the subject of this lawsuit. At Mr. Fang's deposition, he testified that prior to the deposition, he and his attorney Duncan McCully had met with Hongkong Shanghai Banking Corporation, Ltd. Manager Chris Underwood and HSBC's

attorneys Jacques Bronze and Richard Pipes. During the meeting, Mr. Pipes questioned Mr. Fang and reviewed the sequence of events concerning the negotiations and discussions leading up to Mr. Fang's purchase of the Sadhwani loan. In addition, Mr. Pipes also questioned him regarding the source of funds Mr. Fang used to purchase the Sadhwani loan. This "practice deposition" lasted approximately one hour. At the deposition, Mr. Fang was evasive and changed his testimony concerning the source of funds used to purchase the Sadhwani loan. Initially, Mr. Fang testified that the funds used to purchase the Sadhwani loan came from the sale of an office building in Anchorage, Alaska. The office building was sold for $6 Million dollars. He testified that from the $6 Million dollar proceeds he receives, $4 Million dollars was deposited at Wells Fargo Bank in Achorage, Alaska and then wired to the Hongkong Shanghai Banking Corporation branch in San Francisco. Upon further questioning, Mr. Fang testified that he could not be sure that the $4 Million dollars that was wired to the HSBC branch in San Francisco actually came from the $6 Million dollars sale proceeds of the office building in Achorage, since, he testified, the money had been commingled with his other funds. Due to the obvious coaching of the witness by HSBC's attorneys and representative, and the evasiveness of his testimony, Mr. Fang's testimony is suspicious. Accordingly, it is necessary to obtain the documents requested by the plaintiffs in order to ascertain the true source of funds from which Mr. Fang purchased the Sadhwani loan.

3.   On May 10, 2004, I took the deposition of Stephen Grantham, a former Credit Administrator and Vice President of Corporate Banking at HSBC Guam. Mr. Grantham testified that in May 2002, he received instructions that the HSBC Guam office would be closing. Guy Priestley, HSBC Guam Manager at the time, informed him that he would attempt to package the HSBC Guam loans and sell them. Mr. Grantham testified to that end, Mr. Priestley developed a list of loans with the customers names and the total balance of each loan and sent the listing of loans to certain banks to determine if those banks wanted to purchase such loans. Mr. Grantham testified that

between May 2002 and December 31, 2002 (when he left the Bank) he contacted various bank customers in order to assist them obtaining alternate financing or converting their loans to terms loans. He testified that he was not aware of any "friendly foreclosures", discounts on loans, or customers obtaining alternate financing before he left the Bank in December 2002. He stated that he was not aware of what happened to his customers loans after he left the Bank.

4. Mr. Grantham testified that certain HSBC loans were sold to Citizens Security Bank but he did not know whether other loans had been sold to other banks or other entities or individuals after he left the Bank.

5. Mr. Grantham further testified that he knew of at least one HSBC loan (Triple J) which continues to be serviced by HSBC today and had not been sold to any bank, entity or individual. According to Mr. Grantham. Triple J continues to make monthly payments on the loan.

6. During the deposition, HSBC's counsel did not object to the testimony of Mr. Grantham. HSBC's counsel Jacques Bronze did state at the beginning of Mr. Grantham's deposition that he wanted the entire deposition to be subject to the Protective Order in this case. For this reason, I have filed this declaration under seal pursuant to the terms of the Protective Order.

7. Based on Mr. Grantham's testimony, it is clear that HSBC took steps to sell many of its loans and that its customers were trying to find alternate financing or other ways to pay off their loans. Because Mr. Grantham left the Bank in December 2002, it is important to obtain information subsequent to his departure concerning how the Bank sold or otherwise got rid of its loans.

8. On April 19, 2004, I caused to be filed a Motion to Compel. By inadvertence, I did not file the Stipulation Regarding Plaintiffs Motion to Compel Responses to Plaintiffs' Third Set of Requests for Production of Documents on the same day. Upon receipt of the stipulation from HSBC's counsel, I immediately caused the Stipulation to be filed.

-3-

I declare under penalty of perjury under the laws of Guam and the United States that the foregoing is true and correct.

Dated this __14__ day of May, 2004.

_____
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910