JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734
Email: acalaw@netpci.com



FILED
DISTRICT COURT OF GUAM
MAY 19 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES |

### INTRODUCTION

There is no good cause to continue the scheduled trial date. However, Plaintiffs submit that it would be appropriate to modify the existing discovery and motion schedule based on information obtained at the depositions of Stephen Grantham. Namely, that it will be necessary to depose other HSBC employees subsequent to Mr. Grantham's departure from HSBC related to how the Bank sold or otherwise got rid of its loans. Decl. A. Arriola. Additionally, it will be necessary to conduct the deposition of Fred Granillo and Chris Underwood who refused to appear for noticed depositions on May 3, 2004 and May 5, 2004, respectively. Id. Although Plaintiffs are unable to conduct the

additional depositions prior to the discovery cut-off of June 8, 2004, Plaintiffs will be able to complete depositions prior to the scheduled trial date. Because it is plausible that discovery may be completed prior to the trial date, there is no good cause for modification of the trial date ordered herein for September 21, 2004. Scheduling Order filed February 3, 2004.

HSBC seeks to extend all the deadlines, including the trial date, based on the uncertain return of potential Letters of Request. However, the Court should take note that there is no pending proposed Letters of Request by HSBC. At the inception of this case, the parties became aware of the possibility of deposing witnesses outside of Guam, including foreign countries, as many of HSBC's former employees are no longer on Guam. HSBC, however, delayed its seeking of any Letters of Request until close to the discovery cut-off date and now seeks to have the Court extend the trial date indefinitely without even attempting to move forward with its discovery obligations. Plaintiffs oppose an extension of the trial date on the basis that an extension is counter to the goals and purpose of the Court in moving cases to their final determination. Moreover, Plaintiffs submit that depositions and motions can be resolved prior to the scheduled trial date.

## ARGUMENT

Rule 16 of the Federal Rules of Civil Procedure authorizes the court to enter pretrial scheduling orders, which set dates for the completion of discovery, the hearing of dispositive motions, trial, and other matters. Fed. R. Civ. Proc., Rule 16(b). Rule 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." Fed.R.Civ.Proc. 16(b). The purpose of scheduling orders and the broad authority for the court to set time limits is to "prevent undue delay, waste of time or needless presentation of cumulative evidence." Navellier v. Sletten, 262 F.3d 923, 941 (9th Cir. 2001).

-2-

Case 1:03-cv-00036    Document 138    Filed 05/19/2004    Page 2 of 5

The initial inquiry upon a motion to continue the dates set by the court, is whether the moving party has shown "good cause" for modification of the scheduling order. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.1992). The "good cause" standard primarily considers the diligence of the party seeking the modification. Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 671 (D.Cal. 2003). For purposes of determining "good cause," extraordinary circumstances is a close correlate. Johnson, 975 F.2d at 610. HSBC must demonstrate that it exercised due diligence, i.e. that there are extraordinary circumstances warranting a continuance of the trial date. Id. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087 (citation omitted); See also Johnson, 975 F.2d at 609 (the focus of the inquiry is upon the moving party's reasons for seeking modification).

Plaintiffs do not oppose an extension of the discovery and motion deadlines. Because it is necessary to re-notice and conduct the depositions of Fred Granillo and Chris Underwood, an extension is necessary. Decl. A. Arriola. Additionally, based on the deposition testimony of Stephen Grantham, Plaintiffs have identified additional persons for which depositions are necessary. Id. HSBC asserts that a continuance of the trial date is necessary so that it may seek Letters Rogatory for depositions in the Phillippines and Dubai. Notably, Mr. Bronze neglects to advise the Court when he sought information related to the issuance of Letters Rogatory. As the Court is well aware, Plaintiffs in the exercise of diligence have already obtained Letters Rogatory from this Court for the deposition of several witnesses. See Letters Rogatory filed March 30, 2004. HSBC has not

-3-

exercised similar diligence. To date, Plaintiffs have not received any request to take the depositions of these persons, nor have Plaintiffs received any proposed Letters of Request by HSBC for the depositions of these witnesses. Decl. A. Arriola. Plaintiffs would submit that based on HSBC's conduct that an appropriate remedy would be to continue the discovery and motion cut-off, and retain the scheduled trial date.

## CONCLUSION

Based on the foregoing, Plaintiffs submit that no good cause exists to extend the trial date of September 21, 2004. However, an extension of the discovery and motion deadlines are necessary based on the information gathered to date.

Dated this 19th day of May, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: _____
JOAQUIN C. ARRIOLA

## CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May 19, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES** to:

> Jacques A. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 19th day of May, 2004.

_____
JOAQUIN C. ARRIOLA