JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734
Email: acalaw@netpci.com

Attorneys for Plaintiffs Alan Sadhwani, et al.



## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES |

ANITA P. ARRIOLA declares:

1. I am an attorney for plaintiffs Alan Sadhwani, et al. in the above-captioned matter. I make this Declaration in support of Plaintiffs' Opposition to Defendant Hong Kong Shang Hai Banking Corporation, Ltd.'s (hereinafter "HSBC") Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates. I have personal knowledge of the facts contained herein.

2. On March 19, 2004, I noticed the deposition of Fred Granillo for May 3, 2004. Neither Mr. Granillo, nor counsel for HSBC appeared for the deposition. As a result, I will have to re-notice this deposition. Although I will be unable to notice the deposition prior to the discovery cut-off date of June 8, 2004, I will be able to conduct the deposition prior to the scheduled trial date.

**ORIGINAL**

3. On March 19, 2004, I noticed the deposition of Chris Underwood for May 5, 2004. Neither Mr. Underwood, nor counsel for HSBC appeared for the deposition. As a result, I will have to re-notice this deposition. Although I will be unable to notice the deposition prior to the discovery cut-off date of June 8, 2004, I will be able to conduct the deposition prior to the scheduled trial date.

4. On May 18, 2004, Plaintiffs' Motion to Compel Answers to Third Set of Requests for Production of Documents was heard and the Court took the matter under advisement. It is unknown when the Court will rule on the Motion. However, the documents are necessary prior to conducting any depositions of HSBC employees. Additionally, Plaintiffs filed their Motion to Compel Discovery (depositions of Messrs. Underwood and Granillo) which is scheduled for hearing on May 27, 2004. Although I conducted the deposition of Stephen Grantham, a former Credit Administrator and Vice President of Corporate Banking at HSBC Guam, on May 10, 2004, he was not aware of any facts after December 2002. As the facts of this case stem from conduct between February 2003 through August 2003, I will have to conduct the depositions of at least two other employees, who were revealed in Mr. Grantham's deposition. Those two employees are on Guam and located in the HSBC Guam office. Although I will be unable to conduct their depositions prior to the discovery cut-off date of June 8, 2004, I will be able to conduct the depositions prior to the scheduled trial date.

5. The testimony of Mr. Grantham also revealed another potential witness, Guy Priestley, a former HSBC Guam Manager. Mr. Grantham testified that when he was informed that HSBC would be closing their Guam office, Mr. Priestly also informed him that he would attempt to package the HSBC Guam loans and sell them. Mr. Grantham testified that Mr. Priestley developed a list of loans with the customers names and the total balance of each loan and sent the listing of loans to certain banks to determine if those banks wanted to purchase such loans. Upon information and belief, Mr. Priestley is currently located in Pakistan. Although I will be unable to

conduct his depositions prior to the discovery cut-off date of June 8, 2004, I will be able to conduct the depositions prior to the scheduled trial date.

6. I also intend to take the deposition of Lawrence Zang. On May 7, 2004, I took the deposition of Joseph Fang. During the deposition of Joseph Fang, it was disclosed that Mr. Zang is located in California. Although I will be unable to conduct his depositions prior to the discovery cut-off date of June 8, 2004, I will be able to conduct the depositions prior to the scheduled trial date.

7. I have had a great deal of experience in obtaining Letters of Request to take the depositions of witnesses in foreign countries. From this experience, I am aware that each country has its own peculiarities and requirements for the depositions of its residents. As such, upon receiving information that it would be necessary to conduct depositions of persons located in foreign countries, I diligently sought Letters Rogatory from the Court. I successfully obtained Letters Rogatory for witnesses located in Hong Kong on March 30, 2004. Counsel for HSBC, however, has failed to similarly pursue diligent efforts to secure Letters Rogatory for witnesses identified and now seek to continue the trial date for this purpose. More importantly, HSBC has given no indication that it intends to depose these witnesses. To date, I have not received any request to make these persons available, nor have I received any proposed Letters of Request to take these depositions. HSBC assertions that it intends to take these depositions are disingenuous. In March 2004, HSBC indicated that it intended to take the deposition of Chris Felix. HSBC has failed to do so and has failed to notice the deposition. Thus, HSBC's assertions should be viewed with skepticism.

8. Although counsel for HSBC complains that they did not receive notice of the two witnesses until April 30, 3004, HSBC did not seek the information until March 25, 2004 in its First Set of Interrogatories. Because HSBC waited until near the close of discovery to seek the identity of these persons, it cannot now complain that it did not have the information sooner.

I declare under penalty of perjury under the laws of Guam and the United States that the foregoing is true and correct.

Dated this 19th day of May, 2004.

_____
ANITA P. ARRIOLA

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May 19, 2004, I caused to be served via hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES** to:

>Jacques A. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 19th day of May, 2004.

JOAQUIN C. ARRIOLA