JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



FILED
DISTRICT COURT OF GUAM
MAY 20 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>          Plaintiffs,<br><br>      v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>          Defendants. | CIVIL CASE NO. 03-00036<br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER ORDER DENYING MOTION FOR AN ORDER CERTIFYING THE DENIAL OF HSBC'S MOTION TO STRIKE JURY DEMAND FOR IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS PENDING APPEAL** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC")

submits this reply memorandum in support of its Motion to reconsider this Court's Order

denying its Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand

for Immediate Appeal to the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. §

1292(b) and to Stay Proceedings in this Court Pending Appeal ("Motion").

//



Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 2 of 12 pages

## I. LOCAL RULE 7.1(i) IS INCONSISTENT WITH THE FEDERAL RULES OF CIVIL PROCEDURE AS INTERPRETED BY THE NINTH CIRCUIT.

On April 23, 2004, HSBC filed its Motion for an Order Certifying the Denial of HSBC's

Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to

Stay Proceedings Pending Appeal ("Appeal Motion"). On April 29, 2004, HSBC filed its ex

parte application and supporting declaration requesting that the Appeal Motion be heard on an

expedited basis. On April 30, 2004, this Court filed its Order ("Appeal Denial Order"), without

the benefit of a hearing or additional briefing by either party, denying the Appeal Motion. The

Appeal Denial Order contains no analysis of the issues presented by the Appeal Motion and,

instead, simply recites a portion of the statute which authorizes interlocutory appeals and

indicates that the Appeal Motion is denied, all in one paragraph. On May 4, 2004, HSBC filed

its Motion to Reconsider Order Denying Motion for an Order Certifying the Denial of HSBC's

Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to

Stay Proceedings Pending Appeal ("Reconsideration Motion").

District Courts have the discretion to reconsider and vacate a prior order. *Barber v.*

*Hawaii, 42 F. 3d 1185, 1198 (9th Cir. Cir. 1994).* Courts have considered motions to reconsider

under FRCP 54(b) and 59(e). See, *Los Angeles v. Santa Monica Baykeeper, 254 F. 3d 882, 887 (9th*

*Cir. 2001); Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F. 2d 1415, 1419 (9th Cir. 1984).* The

primary grounds warranting reconsideration include: (1) an intervening change in controlling

law; (2) the presentation of newly discovered evidence; and (3) the need to correct clear error

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 3 of 12 pages

or prevent manifest injustice. *School Dist. No. 1J, Multnomah County, Oregon v. AC and S, Inc.*, 5
F. 3d 1255, 1263 (9th Cir. 1993), cert den., 512 U.S. 1236 (1994); *All Hawaii Tours Corp. v. Polynesian
Cultural Center*, 116 F.R.D. 645, 648 (D. Hi. 1987), rev'd in part on other grounds, 855 F. 2d 860 (9th
Cir. 1988).

On May 13, 2004, Plaintiffs filed their Opposition to the Reconsideration Motion
("Opposition Memo") in which they argue that HSBC has failed to comply with Local Rule
7.1(i). *Opposition Memo at 3-4.* Plaintiffs claim that HSBC has repeated arguments made in its
original motion and the reconsideration should, therefore, be denied. *Id.*

Unfortunately, since Judge Unpingco in his Appeal Denial Order did not provide any
analysis for the decision made or cite to any authority, other than to paraphrase 28 U.S.C. §
1292(b), it is impossible to determine the reasoning or basis for the decision made in the Appeal
Denial Order. HSBC asserts that the Court committed clear error when it denied certification
for an interlocutory appeal on the waiver of jury trial issue and that failure to grant the
certification results in manifest injustice to HSBC. Out of necessity, HSBC must reiterate some
of its arguments because it does not know the basis for the decision in the Appeal Denial Order
or how the Court concluded that HSBC did not, apparently, meet any of the three criteria
required under 28 U.S.C. § 1292(b).

The problem with Rule 7.1(i) is that it attempts to prohibit a motion for reconsideration
based upon "clear error" committed by the Court or to prevent "manifest injustice" to a party,
both recognized by the Ninth Circuit as being grounds for the bringing of a motion for

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 4 of 12 pages

reconsideration under Rules 54 or 59. Pursuant to Rule 83(a), Local Rules adopted by the District Court must be consistent with Acts of Congress and the Federal Rules. The Ninth Circuit has interpreted the Federal Rules to allow motions for reconsideration on the grounds described above. Local Rules may not be adopted which are inconsistent with the FRCP and which contravene the interpretation of those Rules by the Ninth Circuit. Further, the Local Rules must be construed so as to be consistent with the Federal Rules. *See, Local Rule GR 1.1(c); Marshall v. Gates, 44 F.3d 722, 724-5 (9th Cir. 1994)* (Local Rule which was inconsistent with Rule 56 not followed); *Pradier v. Elespuru, 641 F.2d 808, 810-812 (9th Cir. 1981)* (Local Rule which placed additional requirement on demand for jury trial and was inconsistent with Rule 38(b) was ignored); *Williams v. U. S. Dist. Court, 658 F.2d 430, 434-5 (6th Cir. 1981)* ( Local Rule declared invalid which was inconsistent with Rule 23); *Markham v. F/V Borland Drive, 741 F. Supp. 188, 190 (Alaska 1989)* (Local Admiralty Rule which was inconsistent with Supplemental Rules was suspended); *Kinder v. Carson, 127 F.R.D. 543, 545 (S. D. Fla. 1989)* (Local Rule was inconsistent with Rule 56; summary judgment by Magistrate Judge not adopted).

Since Local Rule 7.1(i) omits grounds upon which a motion for reconsideration may be asserted under Rule 59, the Local Rule is inconsistent with Rule 59 and must be ignored, suspended, or found to be invalid.[1]

Next, Plaintiffs claims that it is HSBC's position that clear error was committed because

---

[1] Plaintiffs apparently agree that a motion for reconsideration may be granted under Rule 59 if either "clear error" or "manifest injustice" is shown. *See, Opposition Memo at 4-5.*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 5 of 13 pages

the Court did not hold a hearing before issuing the Appeal Denial Order. *Opposition Memo at 4.*

However, this is a claim that HSBC does not make. HSBC simply pointed out that the Court

issued its one paragraph denial of the Appeal Motion without the benefit of any argument or

additional briefing by the parties only one week after the Appeal Motion was filed. The Court

committed clear error because it incorrectly ruled, for reasons that are unknown, that all three

of the requisite conditions for the certification of an interlocutory appeal under 28 U.S.C. §

1292(b) were absent.

## II. THE COURT COMMITTED CLEAR ERROR WHEN IT DENIED THE

## MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b).

### a. A Controlling Issue of Law Exists.

The Appeal Denial Order concluded, without analysis, that HSBC's Appeal Motion did

not involve a "controlling question of law" as to which there is substantial ground for difference

of opinion. The Appeal Denial Order even failed to acknowledge that there is a split in Circuits

on the issue of who has the burden to prove that a contractual jury trial waiver was not knowing

or voluntary and that the Ninth Circuit has yet to rule on this issue, even though the Court

discussed such holdings in the Motion Denial Order. Further, the Appeal Denial Order

indicates that the Court "believed" that an immediate appeal would not "materially advance the

ultimate termination of the litigation". These unsupported conclusions by the Court amounted

to clear error and merit reconsideration.

Plaintiffs argue that it is HSBC's position that the Court was obligated "to provide

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 6 of 13 pages

specific findings" when it denied HSBC's Appeal Motion. *Opposition Memo at 5.* However, once

again, Plaintiffs intentionally misconstrue the issues advanced by HSBC. Since the Appeal

Denial Order provides no explanation of its one paragraph ruling, HSBC is left to speculate as

to why the Appeal Motion was denied when, in HSBC's opinion, all three requirements

specified in 28 U.S.C. § 1292(b) were clearly met.

The first prong of the test requires that the order denying HSBC's motion to strike the

Plaintiffs' jury demand involve a "controlling question of law". A question of law is

"controlling" if resolution of the issue on appeal **could** materially effect the outcome of the

litigation in the district court. *In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9ʰ Cir. 1982), aff'd*

*sub nom. Arizona v. Ashgrove Cement Co., 459 U.S. 1190 (1983)*[2]. Thus, an issue is "controlling"

if "interlocutory reversal might save time for the district court, and time and expense for the

litigants." *16 Fed. Prac. & Proc. § 3930, at 426 (1996); see also, Johnson v. Burken, 930 F.2d 1202,*

*1205-06 (7ʰ Cir. 1991)* ("controlling" means serious to the conduct of the litigation, either

practically or legally).

A controlling question of law has routinely been found to exist regarding the right to a

jury trial. *See, Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 563 (1990)*

(interlocutory appeal permitted from order denying motion to strike jury demand); *Lehman v.*

*Nakshian, 453 U.S. 156, 158-160 (1981)* (same); *KLK, Inc. v. U. S. Dept. of the Interior, 35 F.3d 454,*

---

[2] Plaintiffs' citation to this case in their Opposition Memorandum is incorrect.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 7 of 13 pages

455 (9th Cir. 1994) (same); *Standard Oil Co. Of California v. Arizona*, 738 F.2d 1021, 1022 (9th Cir. 1984) (same); *Fabrikant v. Weinberg*, 609 F.2d. 412, 423 (9th Cir. 1979) (interlocutory appeal permitted from order striking demands for jury trial); *Franquez v. U.S.*, 604 F.2d 1239, 1241 (9th Cir. 1979) (interlocutory appeal permitted from order issued by District Court of Guam denying motion to strike demand for jury trial).

Plaintiffs make no attempt to address the authorities cited by HSBC which find the right to a jury trial to be a controlling issue of law and, instead, argue generally that an interlocutory appeal in this case would not shorten the time or expense involved in trying the case. *Opposition Memo at 6-7.* In addition to failing to address the specific cases holding to the contrary, this argument actually relates to another prong of the test and overlooks the fact that if the Appeal Denial Order is reversed on appeal this case would be sent back to the District Court for retrial. Such a reversal would certainly delay resolution and increase the time and expense to all parties and the Court. Clearly, whether Plaintiffs in this case have the burden to prove that they did not knowingly and voluntarily waive their right to a jury trial in this case is a "controlling question of law".

### b. A Substantial Ground for Difference of Opinion Exists.

The second prong of the test requires that there be a "substantial ground for difference of opinion" as to the issue involved in the order. Importantly, this Court has acknowledged that there exists a split in Circuits over which party carries the burden of proving the validity of a contractual jury trial waiver provision **and** that the Ninth Circuit has not ruled on this issue.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 8 of 13 pages

*See, Motion Denial Order, filed herein on April 9, 2004, at 3.*

Substantial grounds for difference of opinion exist when there are conflicting and contradictory decisions addressing the same issue. *See, Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. supra at 563* (interlocutory appeal permitted to resolve conflict among circuits on issue of right to jury trial); *Lorillard, A Division of Loew's Theatres, Inc. v. Pons, 434 U.S. 575, 576-7 (1978)* (interlocutory appeal of order denying motion to strike jury demand; certiorari granted to resolve conflict in Circuits); *McLaughlin v. Owens Plastering Co., 841 F. 2d 299, 300 (9th Cir. 1988)* (interlocutory appeal permitted to resolve conflicting district court opinions on right to jury trial); *Matter of Grabill, 967 F.2d 1152, 1153 (7th Cir. 1992)* (interlocutory appeal permitted when circuits were divided on issue of whether bankruptcy court has authority to conduct jury trial in core proceeding); *Zenith Radio Corp. v. Matsushita Electric Ind. Co., 478 F. Supp. 889, 926, 944 (E. D. Pa. 1979)* (interlocutory appeal certified from order denying motion to strike jury demand when various courts render conflicting opinions on right to jury trial); *APCC Services, Inc. v. AT & T Corp., 297 F. Supp. 2d 101, 107 (D.D.C. 2003)* ("A substantial ground for dispute [] exists where a court's challenged decision conflicts with decisions of several other courts.").

In response, Plaintiffs concede that the Ninth Circuit has not ruled on the issue[3] but argue that there must be a disagreement within the Ninth Circuit in order for there to be a "substantial ground for difference of opinion", citing *Ryan, Beck & Co., LLC v. Fakih, 275 F.*

---

[3] Plaintiffs have already conceded that there exists a split in the Circuits over which party has the burden to prove the validity of a contractual jury trial waiver. *See, Opposition to Defendant's Motion to Strike Jury Trial Demand, filed herein on January 16, 2004, at 3.*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 9 of 13 pages

*Supp. 393 (E.D.N.Y. 2003). Opposition Memo at 7.* Unfortunately for Plaintiffs, the *Ryan* case

provides no support. The Court in *Ryan* specifically found that the law in the Second Circuit,

the Circuit in which the *Ryan* court was located, was "clearly settled" by a decision of the Second

Circuit and that the party moving for certification was "attempting to manufacture a ' substantial

ground for difference of opinion'" by relying upon decisions from outside the Second Circuit.

*Ryan, supra at 397.* The *Ryan* court found that because the law was settled in the Second Circuit,

disagreement among courts outside the Second Circuit does not establish a substantial ground

for difference of opinion. *Id. at 398.* Plaintiffs have misconstrued the holding in the *Ryan* case

and have conceded that the Ninth Circuit has **not** ruled upon the issue presented in this case.

Next, Plaintiffs argue that another District Court in the Ninth Circuit has adopted the

same standard, citing *Phoenix Leasing Inc. v. Sure Broadcasting, Inc., 843 F. Supp. 1379 (D. Nev.*

*1994),* but concedes that no other court in the Ninth Circuit has ruled on the issue. *Opposition*

*at 7.* However, a review of the *Phoenix* case reveals that in concluding that the motion to strike

the jury demand should be granted, the court relied upon authority from the Fourth Circuit, not

the Ninth Circuit, and the court acknowledged there was a split among the Circuits on the issue.

*Phoenix, supra at 1384.*

Finally, Plaintiffs argue that just because HSBC disagrees with the ruling in the Appeal

Denial Order no substantial ground for difference for opinion exists, citing *Wausau Business Ins.*

*Co. v. Turner Const. Co., 151 F. Supp. 2d 488 (S.D.N.Y. 2001).* Again, Plaintiffs are attempting to

set up a "straw man" by creating arguments that HSBC has not made. As shown above, it is

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 10 of 13 pages

HSBC's position that a substantial ground for difference for opinion exists because there is a conceded split in authority among the Circuits on this issue and it is conceded that the Ninth Circuit has yet to rule upon this issue. In the *Wausau* case, the court found that the proponent for certification failed to either present evidence or court rulings showing any difference of opinion on the issues presented and the motion was denied. *See, Wausau, supra at 492-5.* The *Wausau* case is inapplicable.

A substantial ground for difference of opinion will be found where the issues are difficult and of first impression. *Eagan v. CSX Transportation, Inc., 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003)* (issue not previously addressed by Sixth Circuit was found to be a substantial ground for difference of opinion); *Baker v. Latham Sparrowbush Assoc., 808 F. Supp. 992, 1013 (S.D.N.Y. 1992).* Clearly, substantial grounds for difference of opinion exist on the questions determined by this Court in the Appeal Denial Order and, by concluding there was no substantial ground for difference of opinion, the Court committed clear error.

**c. An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation.**

The last prong of Section 1292(b) is whether an appeal may avoid the need for trial proceedings, or at least curtail and simplify pretrial or trial, and is closely tied to the requirement that the Order involve a controlling question of law. *Fed. Prac. & Proc. § 3930 (1996).* The Ninth Circuit has ruled that an issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.,*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 11 of 13 pages

*supra, 673 F.2d at 1026.* Numerous courts have found that an interlocutory appeal may materially advance the termination of the litigation when the right to a jury trial is at issue. *See, e.g., Chauffers, Teamsters and Helpers, Local No. 391 v. Terry, supra, 494 U.S. at 563* (Supreme Court granted petition for certiorari); *Lehman v. Nakshian, supra, 453 U.S. at 160* (same); *KLK, Inc. v. U. S. Dept. of the Interior, supra, 35 F.3d at 455* (appeal permitted); *Standard Oil Co. Of California v. Arizona, supra, 738 F.2d at 1022* (interlocutory appeal certified); *Franquez v. U.S., supra, 604 F.2d at 1241* (interlocutory appeal certified by Guam district court and permitted by circuit court).

The requirement of "material advancement of the ultimate termination of the litigation" is well met where the litigation involved is expensive and the probability of retrial is decreased by interlocutory review. *Zenith Radio Corp. v. Matsushita Electric Ind. Co., supra, 478 F. Supp. at 945* (appeal certified of order granting jury trial); *see also, Rosen v. Dick, 83 F.R.D. 540, 547 (S.D.N.Y. 1979)* (immediate appeal of right to jury trial would materially advance ultimate termination of litigation); *In re Lee Way Holding Co., 115 B.R. 586, 591 (S.D. Ohio 1990)* (same). This is especially true when the right to a jury trial is at issue because jury and bench trials necessitate different litigation strategies, allocations of court time, and expense to the parties. *Zenith Radio Corp. v. Matsushita Electric Ind. Co., supra, 478 F. Supp. at 944.*

In opposition, Plaintiffs quaintly argue that interlocutory appeals should not be granted in "simple contract disputes", citing *U. S. Rubber Co. v. Wright, 359 F.2d 784 (9th Cir. 1966).* However, the *U. S. Rubber* case provides little support. The court specifically found that the order appealed from failed to indicate which issues involved controlling questions of law and

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 12 of 13 pages

the appeal should not have been granted. *Id. at 785.* Further, without a recitation of any of the facts of the case, the court determined that there was no disposition on appeal it could make that could "materially affect the course of the litigation in the district court". *Id.* That is not the situation in this case. If the Appeal Denial Order were reversed by the Ninth Circuit, then this case would be tried to the Court and not to a jury.

This is not a simple contract dispute. Plaintiffs have alleged six, separate causes of action sounding in contract, fraud, implied contract, bad faith, lender liability, and implied duty of confidentiality and have requested compensatory and punitive damages. Letters of request have been issued for depositions in Hong Kong and it appears that depositions will be taken in Dubai, Pakistan, and the Philippines. This is a complicated and expensive case to litigate. Obviously, an appeal on the issue of whether the Plaintiffs are entitled to a jury trial may materially affect the course of litigation in this Court.

### III. CONCLUSION

For the reasons stated herein and HSBC's earlier supporting memorandum, this Court should grant HSBC's motion for reconsideration of the Appeal Denial Order and issue an amended memorandum order certifying the denial of HSBC's Motion to Strike Jury Demand for immediate appeal pursuant to 28 U.S.C. § 1292(b) and staying proceedings in this case

//

//

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for an Order Certifying the Denial of HSBC's
Motion to Strike Jury Demand for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending
Appeal
Page 13 of 13 pages

pending appeal and consideration by the Ninth Circuit.

Dated this __20th__ day of May, 2004.

LAW OFFICES OF BRONZE & TANG, P.C.
Attorneys for Defendant The Hongkong and
Shanghai Banking Corporation Ltd.

By: _____

JACQUES G. BRONZE