**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*



FILED
DISTRICT COURT OF GUAM
MAY 20 2004
MARY L. M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 03-00036<br><br><br><br>HSBC'S OPPOSITION TO PLAINTIFFS' EX PARTE MOTION TO COMPEL DISCOVERY AND SANCTIONS |

## INTRODUCTION

Plaintiffs purported Ex Parte Motion to Compel Discovery and For Santions ("Motion") was served on HSBC on May 17, 2004.

## ANALYSIS

### I

### PLAINTIFFS' EX PARTE MOTION SHOULD BE STRICKEN DUE TO PLAINTIFFS' FAILIURE TO COMPLY WITH LOCAL RULES OF COURT 7.1(J)(1).

Local Rule 7.1(j)(1) requires Plaintiffs to "make a good faith effort to advise counsel for all the parties...," of the substance of the application and "advise the court in writing of efforts to contact other counsel... ." No where in their motion including the Declaration of Anita P. Arriola in support of the Motion is there any statement that HSBC's counsel was advised regarding the substance of this motion. HSBC's counsel did not receive any correspondence, oral or written, prior to the filing of the instant motion by Plaintiffs'. See, Declaration of Jacques G. Bronze.

### II

### THIS MOTION SHOULD BE STAYED PENDING A RULING ON HSBC'S TWO MOTIONS REQUESTING A STAY OF THE CASE AND OF THE DEPOSITIONS.

HSBC has filed a Motion to Reconsider the Denial of the Interlocutory Appeal and Stay of the case. The Motion will be heard before Judge Dean. D. Pregerson on May 27, 2004. HSBC has also filed a Motion to Reconsider the Denial of the Order Denying Stay of all Depositions Pending the Determination of HSBC's Motion to Strike which will be heard on May 27, 2004, before Magistrate Judge Manibusan. It would be unfair and prejudicial to HSBC for this Court to hear this motion before a ruling on the aforementioned motions. Moreover, HSBC has no

problem making Mr. Underwood and Mr. Granillo available for their depositions once HSBC files its Answer to Plaintiff's Amended Complaint or if otherwise ordered by the Court. See, Declaration of Jacques G. Bronze.

## III

## SANCTIONS ARE NOT WARRANTED SINCE HSBC SOUGHT PROTECTION UNDER FRCP 26(c).

Plaintiffs' conveniently ignores the last paragraph of FRCP 37(d) which states that "[t]he failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." In the case of <u>U.S. v. Wilfley et. al.</u>, 1997 WL 759581 (D.Or.) the district court in weighing the factors about whether Wilfleys actions were in bad faith or willful, found that their failure to ignore "...proper notices of depositions on several occasions without obtaining a protective order," was a factor in finding willful discovery abuse. See also, <u>Lee v. Walters</u>, 172 F.R.D. 421 (D. Or.,1997); <u>Crocker Nat. Bank v. M.F. Securities (Bahamas) Ltd.</u>, 104 F.R.D. 123 (C.D. Cal, 1985).

None of the cases cited by Plaintiffs addresses the above exception to Rule 37(d), thus are inapplicable. The case of <u>Fox v. Studebaker-Worthington, Inc.</u>, 516 F.2d 989, 995 (1975) cited by Plaintiffs makes it clear that "... Rule 37(d) sanctions only apply where there is a total non-compliance with discovery." That is not the case here. Neither does the case of <u>Diaz v. Southern Drilling Corp.</u> 427 F2d 1118, 1126-27 (1970) apply here, since in that case the party failed to seek protection and the court found that the appellant's excuses were without merit and

the failure to appear was willful. Lastly the case of Precisionflow Technologies v. CVD Equipment, 140 F.Supp.2d 195, 200, (N.D.N.Y. 2001) is also inapplicable since in that case Precisionflow's counsel gave CVD every reason to believe that it was going to produce the witnesses. However, on the day of the deposition, Precisionflow's counsel refused to place a telephone call to his client's employees to ask them to appear nor explain to CVD that he had instructed the deponents to remain at their office. Id. The court found that Precisionflow's failure to produce the deponents was "...mean-spirited and combative in nature, and not substantially justified." Id. The facts of the instant case are a far cry from the facts in Precisionflow.

It is important to note that FRCP 37(d) states, in part that "... the court shall require the party failing to act ... to pay the reasonable expenses, including attorney fees, caused by the failure *unless* the court finds that the failure was *substantially justified or that the other circumstances make an award of expenses unjust.*" (emphasis added). The drafters of Rule 37 does not offer a definition of the term "substantial justification," but some cases have interpreted it to mean a "genuine dispute." See, Nguyen v. IDP, Inc. 162 F.R.D. 675, 680 (D.Kan. 1995) (court refused to find substantial justification for plaintiffs failure to satisfy expert witness disclosure requirements when Plaintiff offered no explanation for failure); Hinton v. Patnaude, 162 F.R.D. 435, 439-440 (N.D.N.Y. 1995).

In the instant case, HSBC's action were authorized and "substantially justified." HSBC concedes that there was an agreement for the deposition of Messrs.Underwood and Granillo as of April 20, 2004. However, on April 27, 2004, Plaintiffs filed their First Amended Complaint

asserting an extensive number of factual allegations without leave of court.

On April 30, 2004, HSBC responded by filing a Motion to Strike the Complaint and/or in the Alternative Dismiss Counts 3 and 6, which will be heard on May 28, 2004. Being forced to defend and conduct depositions without having HSBC's Answer to the First Amended Complaint filed is tantamount to litigating by ambush. It is to be noted that Plaintiffs refused to agree to re-depose any deponent necessary, if they were permitted to amend their complaint. See, Exhibit 1 to the Declaration of Jacques G. Bronze in Support of Motion to Strike filed on April 30, 2004. Such basis is a specific demonstration of fact as distinguished from conclusory statements. The harm to HSBC is significant, not trifle. See, Cipollone v. Ligett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986).

Due to the fast approaching discovery cut-off and the fact that the Motion to Strike was not going to be heard until May 28, 2004, HSBC at or about 1.43 p.m. on April 30, 2004, filed an Ex Parte Motion to Stay All Depositions Pending Determination of its Motion to Strike pursuant to FRCP 26(c ). On or about 9.34 a.m. on April 30, 2004, HSBC in writing advised Plaintiffs' that due to the fact that it was seeking protection under FRCP 26(c), it would not be appearing at the depositions scheduled for May 3 and May 5. See, Exhibit 1 attached to the Declaration of Jacques G. Bronze. In response Plaintiffs' faxed a letter stating that the HSBC deponents were required to appear. See, Exhibit 2 attached to the Declaration of Jacques G. Bronze. On May 3, 2004, at about 2.26 p.m. HSBC's counsel received a fax from Plaintiffs' containing the Court's Order denying HSBC's request for a stay. See, Exhibit 3 attached to the Declaration of Jacques G. Bronze. It is to be noted that the Order although filed on April 30, 2004, was not

docketed until sometime on May 3, 2004. Moreover, the fax made no representation that Plaintiffs' were ready to begin the deposition at 2.26p.m.

On May 4, 2004, HSBC filed its Ex Parte Motion to Reconsider its Denial of its Motion to Stay all the Depositions which was served on Plaintiffs. Again at or about 4.02 p.m., HSBC faxed a letter to Plaintiffs counsel informing her that Mr. Underwood will not be appearing at the May 5, deposition due to HSBC's filing of its Ex Parte Motion to Reconsider. See, Exhibit 4 attached to the Declaration of Jacques G. Bronze. Plaintiffs' responded by forwarding a letter dated May 5, 2004, to HSBC objecting to the ex parte motion and intending to go through with the deposition, even if she was informed that Mr. Underwood will not be appearing. See, Exhibit marked as Plaintiffs' Exhibit 5 to the Declaration of Anita Arriola.

Plaintiff's counsel's statement in her declaration that she attempted to schedule meetings with HSBC's counsel and that he "never responded" is incorrect. Since no deposition of Mr. Underwood was held on May 5, 2004, HSBC's counsel was under the impression that the meeting was cancelled. See, Declaration of Jacques G. Bronze. In reference to the proposed meeting set after Mr. Fang's deposition which lasted for over six hours, Plaintiffs counsel failed to mention about the meeting after the deposition concluded and HSBC's counsel had forgotten about Plaintiff's request. See, Declaration of Jacques G. Bronze. It is to be noted that in its letter dated May 4, 2004, HSBC made it clear that it will make the deponents available until the Court's resolution of its Motions. See, Exhibit 4 attached to the Declaration of Jacques G. Bronze.

Notwithstanding that HSBC'c counsel have valid reasons for his failure to attend the proposed meeting, LR 37.1 does not authorize the filing of this ex parte motion even when counsel cannot settle their differences. LR 37.1 calls for the formulation of a written stipulation specifying "…each issue that remains to be determined at the hearing and the contentions and points and authorities of each party." Plaintiffs have flagrantly violated this rule to seek a tactical advantage. It should be noted that FRCP 1 requires that the rules be "construed and administered to secure," "just" and "speedy," not an unjust and "speedy" trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Ex Parte Motion to Compel discovery should de denied for their violation of L.R. 37.1. Should the Court be inclined to permit the Motion in its current form, HSBC requests a stay of the Motion pending the ruling on its motions pending before Judge Pregerson and Magistrate Judge Manibusan. Should the Court be inclined not to grant a stay, then HSBC respectfully requests that the parties be ordered to mutually agree to dates mutually convenient to all the parties within thirty days of its Order for the taking of the deposition of Messrs. Granillo and Underwood. HSBC requests that the proposed dates be at the availability of all the parties due to Plaintiffs' pattern of noticing depositions without any courtesy to the other party's schedule.

Executed on the 19th day of May, 2004.

BRONZE & TANG P.C.

Attorneys for HSBC