**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671



*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL CASE NO. 03-00036<br><br>**HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S REPLY MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION TO RECONSIDER ORDER DENYING STAY OF ALL DEPOSITIONS PENDING DETERMINATION OF ITS MOTION TO STRIKE FIRST AMENDED COMPLAINT IN WHOLE OR IN PART OR, IN THE ALTERNATIVE, MOTION TO DISMISS THIRD AND SIXTH CAUSES OF ACTIONS AND SANCTIONS** |

## ANALYSIS

### I.

**THIS LOCAL RULES OF COURT CANNOT CONTRAVENE THE FEDERAL RULES OF CIVIL PROCEDURE AND NINTH CIRCUIT PRECEDENTS.**

The primary grounds warranting reconsideration include: (1) an intervening change in controlling law; (2) the presentation of newly discovered evidence; or (3) the need to correct



clear error or prevent manifest injustice. School Dist No. 1J, Multnomah County, Oregon v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994); All Hawaii Tours Corp. v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D.Haw. 1987), rev'd in part on other grounds, 855 F.2d 860 (9th Cir. 1988).

The problem with Rule 7.1(i) is that it attempts to prohibit a motion for reconsideration based upon "clear error" committed by the Court or to prevent "manifest injustice" to a party, both recognized by the Ninth Circuit as being grounds for the bringing of a motion for reconsideration under Rules 54 or 59. Pursuant to Rule 83(a), the Local Rules adopted by the District Court must be consistent with Acts of Congress and the Federal Rules. The Ninth Circuit has interpreted the Federal Rules to allow motions for reconsideration on the grounds described above. Local Rules may not be adopted which are inconsistent with the FRCP and which contravene the interpretation of those precedents set by the Ninth Circuit. Further, the Local Rules must be construed so as to be consistent with the FRCP. *See, Local Rule GR 1.1(c); Marshall v. Gates, 44 F.3d 722, 724-5 (9th Cir. 1994)* (Local Rule which was inconsistent with Rule 56 not followed); *Pradier v. Elespuru, 641 F.2d 808, 810-812 (9th Cir. 1981)* (Local Rule which placed additional requirement on demand for jury trial and was inconsistent with Rule 38(b) was ignored); *Williams v. U. S. Dist. Court, 658 F.2d 430, 434-5 (6th Cir. 1981)* ( Local Rule declared invalid which was inconsistent with Rule 23); *Markham v. F/V Borland Drive, 741 F. Supp. 188, 190 (Alaska 1989)* (Local Admiralty Rule which was inconsistent with Supplemental Rules was suspended); *Kinder v. Carson, 127 F.R.D. 543, 545 (S. D. Fla. 1989)* (Local Rule was inconsistent with Rule 56; summary judgment by Magistrate Judge not adopted).

Since Local Rule 7.1(i) omits grounds upon which a motion for reconsideration may be asserted under Rule 59, the Local Rule is inconsistent with Rule 59 and must be ignored, suspended, or found to be invalid. Plaintiffs appear to agree that a motion for reconsideration may be granted under Rule 59 if either "clear error" or "manifest injustice is shown. See, Opposition Memo at p. 4-5.

## III

**IT IS PERMISSIBLE UNDER LOCAL RULE 7.1(i)(3) FOR THIS COURT TO CONSIDER HSBC'S MOTION TO RECONSIDER WERE THE COURT HAS FAILED TO CONSIDER FACTUAL ARGUMENTS RAISED.**

Even assuming arguendo, that the Guam Local Rules of Court can contravene Ninth Circuit precedents, the Local rule 7.1(i)(3) permits reconsideration when the court has failed to consider factual arguments. The Court only considered the argument that stay the depositions pending determination of HSBC's Motion to Strike was a "gross waste of time and monies." See, April 30, 2004, Order. The Court's Order found that HSBC's assertion was "too speculative." Id. No where in the Court's Order did it consider HSBC's concern that by denying the stay HSBC is being forced to conduct its own depositions when it does not know which of the factual allegations of the ever-evolving first amended complaint will be permitted and which will be dismissed. See, p. 3 and 8 of HSBC's Ex Parte Motion to Stay all Depositions filed on April 30, 2004. Moreover, the Court failed to consider evidence HSBC provided to the court that Plaintiffs in a letter dated March 26, 2004, declined to permit it to re-depose any deponents in the future should the Court permit them to amend their complaint. See, Exhibit 1 attached to the Declaration of Jacques G. Bronze in support of Motion to Strike filed on April 30, 2004.

Due to the fast approaching discovery cut-off period of June 7, HSBC would be forced to conduct depositions without a filed Answer. For example, not knowing what affirmative

defense it may have to assert, HSBC would not be in a position to seek facts from adverse witnesses such as Plaintiffs in support of its affirmative defenses. Permitting Plaintiffs to continue with the depositions would be a significant prejudice to HSBC. Although a motion to amend should be freely granted when there is no prejudice to the other party or justice so requires, whether to grant such a motion is entrusted to the discretion of the court, which Plaintiff have failed to seek. See, Avatar Exploration Inc. v. Chevron USA, Inc., 933 F.2d 314 (5th Cir. 1991). The goal of Plaintiffs is to litigate this case by ambush which is not permissible under the federal rules. Thus, this Court's prior Order is a clear error which would operate to create a manifest injustice.

### III

### THE COURT'S FAILURE TO BALANCE THE INTERESTS OF THE PARTIES IS A CLEAR ERROR OF LAW.

In evaluating a Motion for Protective Order under FRCP 26(c), the court must balance the interests of allowing discovery against the relative burdens to the moving party. See, Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981); In re Coordinated Pretrial Proceedings, 669 F.2d 620, 623 (10th Cir. 1982); see also, GTE Wireless, Inc. v. Qualcomm, Inc., 192 FRD 284 (S.D. Cal. 2000) (Magistrate Court reversed since it committed clear error and failed to more fully balance the harm of allowing discovery against the harm of a stay as Defendant had met its burden to show good cause and reasonableness to stay discovery pending the adjudication of Defendant's motion). No where in the Court's Order is the burden on HSBC considered or mentioned. It is to be noted that Plaintiffs did not file any opposition to HSBC's motion. Nevertheless, the Court in its Order of April 30, 2004, was more concerned about Plaintiffs trial date than the prejudice against HSBC. No balancing was performed by the Court. It is to be noted that Plaintiff's case has been pending for about 7 months and the current trial date is set for

September 2004, and a slight delay would not prejudice Plaintiffs. Other than the conclusory assertions of Plaintiffs that any delay would cause "severe prejudice" to them, Plaintiffs have not provided any concrete facts to demonstrate such. The burden on Plaintiffs is no different from that routinely faced by litigants. The slight delay is not a greater burden than the prejudice faced by HSBC. Plaintiffs have a right to depose HSBC officers, but not to the detriment of HSBC.

## CONCLUSION

For the foregoing reasons, HSBC requests this Court to enter an Order vacating the April 30, 2004, Order, as well as issuing a protective order limiting discovery as follows:

1. Ordering no depositions be conducted until this Court has an opportunity to rule on HSBC's Motion to Strike and HSBC has had an opportunity to file its Amended Answer to Plaintiffs Amended Complaint once leave of Court is granted; and

2. To the extent that the parties need additional time to conduct discovery, the parties can file an Amended Scheduling Order within fifteen days from the Court's issuance of its Decision on HSBC's Motion to Strike.

*Respectfully submitted* on this 21st day of May, 2004.

> **LAW OFFICES OF BRONZE & TANG**
> **A Professional Corporation**
>
> By: _____
> **JACQUES G. BRONZE**
> *Attorneys for HongKong and Shanghai Banking Corporation, Ltd.*

- 5 -
C:\Documents and Settings\Jacques Bronze\My Documents\HSBC\Reply.Memo to Oppo.to Motion to Recon.Stay.doc
Case 1:03-cv-00036    Document 143    Filed 05/21/2004    Page 5 of 5