LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



Attorneys for HongKong & Shanghai Banking Corporation, Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU, SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD REPLY MEMORANDUM IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES |

## ANALYSIS

### GOOD CAUSE EXISTS TO VACATE THE SCHEDULING ORDER SINCE DISCOVERY CANNOT BE COMPLETED BFORE SEPTEMBER 2004.

Modification of the joint scheduling order will be granted by leave of the District Court upon showing of good cause. Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, (9th Cir. 1992). "Good cause" exists when the schedule cannot be met despite diligence. See, 6A Wright, Miller & Kane, Fed, Prac.& Proc., section 1522.1 at 231 (2d ed. 1990).

Plaintiffs concede that that "good cause" exists to extend the discovery and motion cut-off period, but

not the September 21, 2004, trial date. See, Plaintiffs' Memo at p.3. Plaintiffs claim that HSBC knew that it had to take depositions in foreign countries at the inception of this case is patently false. See, Plaintiffs Memo at p. 2. Although HSBC was aware that it may have to defend depositions in foreign countries, it did not know it may have to take foreign depositions until in response to HSBC's First Set of Interrogatories, Plaintiffs on April 30, 2004, identified two individuals, namely Vashi Jadwani from the Philippines and Haresh Mukhi from Dubai, none of which was ever disclosed to HSBC in Plaintiffs initial and supplemental disclosures or any other discovery responses. See, Exhibit "1" attached to the Declaration of Jacques G. Bronze filed on May 7, 2004. Typical of Plaintiffs counsel, she now places the burden on HSBC to meet her FRCP 26(a)(1)(A).

Plaintiffs further argue that the trial date should not be vacated because HSBC has failed seeking any Letters of Request. See, Plaintiffs Memo on p.2. As stated above, HSBC did not become aware of Messrs. Jadwani and Mukhi until April 30, 2004, and no amount of diligence could the deposition be taken based on HSBC Philippines General Counsel statement that the procedure for compelling testimony in the Philippines could take three to four months and the US State Department website regarding judicial assistance matters indicating it could take a year. See, Declaration of Gerry Licup. About a week ago, HSBC retained litigation counsel in the Philippines and will be pursuing its Letters of Request once the Court rules on its Motion to Stay. See, Declaration of Jacques G. Bronze.

Nor is the procedure in Dubai any shorter and Plaintiffs have not provided this Court any reliable

facts that it would even take three to four months. Applying for Letters of Request are not as simple as Plaintiffs is attempting to make this Court believe. The requesting party must retain an experienced litigation counsel who must provide guidance in the drafting of the application before attempting to enforce in the foreign jurisdiction's courts. Plaintiffs conveniently fail to mention that they have not even filed their Letters of Request with the Hong Kong court in order to enforce their deposition order against Messrs. Montan and Page. See, Declaration of Jacques G. Bronze.

Plaintiffs' counsel coyly states that she has not received any request to make these individuals available. It is to be noted that Plaintiffs counsel does not affirmatively state that she would make these individuals available, but places the burden for asking on HSBC. HSBC will use FRCP 28 to accomplish the task of deposing these two individuals. It is HSBC's experience dealing with Plaintiffs' counsel that she does not stipulate to anything, even a page limit extension. See, Declaration of Jacques G. Bronze.

Plaintiffs claim that she could complete the deposition of HSBC's CEO in Pakistan, Mr. Priestly by September 2004, is baseless and a mere wish. Pakistan is not a party to the Hague Evidence Convention, but only to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters which means that the diplomatic channel may be the only avenue.. See, Declaration of Jacques G. Bronze. Plaintiffs claim that they can compel testimony of a witness in Pakistan in three months is not grounded in reality. No where in Plaintiffs' counsel's declaration does she state she was so advised by a Pakistan lawyer of such time line, other than her baseless statement. Since Plaintffs claim that they intend to depose Mr. Priestley in Pakistan, HSBC is in the process of retaining Mr. S. Zahid, a senior partner at a

reputable law firm in Karachi, Pakistan. See, Declaration of Jacques G. Bronze.

Plaintiffs also attempt to claim that HSBC has not acted with diligence because it failed to schedule the proposed deposition of Mr. Chris Felix is as usual, contrary to what the true facts are. Although Mr. Felix's deposition was proposed for March 22, 2004, due to unforeseen scheduling conflicts, HSBC informed Plaintiffs' in a letter dated March 17, 2004, that it would attempt to reschedule the deposition for March 25 or the 29th. See, Declaration of Jacques G. Bronze. HSBC's counsel contacted Mr. Felix who indicated that that he is available on April 1 or 2 only. See, Declaration of Jacques G. Bronze. HSBC then decided to wait until the Court ruled on its Motion to Dismiss before proceeding with the deposition and due to subsequent developments in the case including HSBC's Motion to Stay the Depositions, it would be disingenuous for HSBC to pursue depositions when it is seeking to stay depositions temporarily. See, Declaration of Jacques G. Bronze.

Plaintiffs conveniently fails to explain how based on the necessity to enforce Letters of Request in four foreign jurisdictions, discovery will be completed in even three months time, assuming June through August is set aside for discovery only. It is to be noted that under the above assumption, it gives HSBC no time to prepare for any Motion for Summary Judgment nor does it give the Court any time to consider the Motion(s). Moreover, LR 16.7 specifically requires each party to file a trial brief **thirty days prior to trial**. That means that by August 20 either all discovery and/or motions have been filed and resolved. Based on the above, Plaintiffs' request that the current trial date not be vacated, is simply unrealistic and nonsensical. HSBC notes that its counsel previously objected to the current very short period for discovery, however,

Plaintiffs insisted on such a short period and Judge Unpingco granted Plaintiffs proposed Scheduling Order with slight amendments to the trial date. See, Declaration of Jacques G. Bronze. Now, HSBC finds itself having to litigate an issue which Plaintiff partly concedes, due to the unrealistic timelines of Plaintiffs'. Not much credence should be put Plaintiffs' new unrealistic request that the trial date not be vacated.

Thus, HSBC respectfully requests this Court to vacate the current Scheduling Order and continue the trial.

## CONCLUSION

For the foregoing reasons, HSBC requests for the vacating of the current Scheduling Order and the continuance of the trial date. Discovery should be continued for nine months, and an additional forty-five days as the motion cut-off period. Trial should be schedule thereafter at the court's convenience.

*Respectfully submitted* this 21st day of May, 2004.

                                        **LAW OFFICES OF BRONZE & TANG, P.C.**
                                        A Professional Corporation

                                        By:_____
                                             **JACQUES G. BRONZE**
                                             *Attorneys for HSBC*