LAW OFFICES OF BRONZE & TANG
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671



*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> SUPPLEMENTAL DECLARATION OF OF JACQUES G. BRONZE IN SUPPORT OF MOTION TO VACATE SCHEDULING ORDER AND CONTINUE DISCOVERY AND TRIAL DATES |

**I, JACQUES G. BRONZE,** hereby declare and state as follows:

1. All matters herein are based on my own personal knowledge.

2. I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

3. I am the counsel of record for Hongkong and Shanghai Banking Corporation, Ltd., ("HSBC"), in the above-entitled matter.

4. About a week ago, HSBC retained litigation counsel in the Philippines and will be pursuing its Letters of Request once the Court rules on its Motion to Stay. Plaintiffs conveniently

fail to mention that as of May 17, 2004, they have not even filed their Letters of Request with the Hong Kong court in order to enforce their deposition order against Messrs. Montan and Page. The undersigned was informed of this information by its counsel Brian Gilchrist and Anita Lam from the firm of Johnson, Stokes & Master in Hong Kong.

5. It is HSBC's experience dealing with Plaintiffs' counsel that she does not stipulate to anything, even a page limit extension. Plaintiffs claim that she could complete the deposition of HSBC's CEO in Pakistan, Mr. Priestly by September 2004, is baseless. Based on the undersigned research on the U.S. State Department website Pakistan is not a party to the Hague Evidence Convention, but only to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters which means that the diplomatic channel may be the only avenue. Since Plaintiffs claim that they intend to depose Mr. Priestley in Pakistan, HSBC is in the process of retaining Mr. S. Zahid, a senior partner at a reputable law firm in Karachi, Pakistan. HSBC is also in the process of retaining litigation counsel in Dubai.

6. Although Mr. Felix's deposition was proposed for March 22, 2004, due to unforeseen scheduling conflicts, I informed Plaintiffs' in a letter dated March 17, 2004, that it would attempt to reschedule the deposition for March 25 or the 29th. I contacted Mr. Felix who indicated that that he is available on April 1 or 2 only. HSBC then decided to wait until the Court ruled on its Motion to Dismiss before proceeding with the deposition and due to subsequent developments in the case including HSBC's Motion to Stay the Depositions, it would

be disingenuous for HSBC to pursue depositions when it is seeking to stay depositions temporarily. HSBC's conduct has not been dilatory and has acted within the ambit of the Federal Rules of Civil Procedure.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this 21st day of May, 2004.

_____
JACQUES G. BRONZE