JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.

FILED
DISTRICT COURT OF GUAM
MAY 21 2004 mba
MARY L. M. MORAN
CLERK OF COURT
139

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, Plaintiffs, vs. HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, Defendants. | CIVIL CASE NO. 03-00036 **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO HONG KONG SHANGHAI BANKING CORPORATION'S OPPOSITION TO MOTION TO COMPEL AND FOR SANCTIONS** |

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## INTRODUCTION

In response to the Plaintiffs' Motion to Compel and for Sanctions, HSBC and its counsel allege that they were not aware of the order denying its motion to stay depositions as justification for its failure to appear. HSBC conveniently ignores the fact that they previously agreed to the taking of these depositions. The Court should disregard HSBC's various attempts to explain away their failure to comply with their discovery obligations. When considering HSBC's explanations for its actions coupled with their numerous motions to avoid discovery, and the necessity of Plaintiffs to file motions to compel to obtain discovery, it becomes patently clear that there is a pattern of conduct by HSBC to inhibit discovery, and this behavior should not be countenanced by

ORIGINAL

the Court. HSBC has an obligation to fully comply with discovery obligations by appropriately answering interrogatories, producing relevant documents in a timely manner, and properly conducting oneself during depositions. These matters are important to the smooth and efficient operation of the judicial system. HSBC continues to fail to comply with their discovery obligations, and as noted by counsel they will only comply upon court order. Therefore, the filing of this motion to compel was necessary and sanctions should be imposed for HSBC's flagrant disregard of its discovery obligations.

## ARGUMENT

**PLAINTIFFS NUMEROUS ATTEMPTS TO REQUEST HSBC TO COMPLY WITH THEIR DISCOVERY OBLIGATIONS SUBSTANTIALLY COMPLIES WITH LOCAL RULE 7.1, AND IN THE INTERESTS OF JUSTICE THE MOTION TO COMPEL MUST BE HEARD**

Local Rule 7.1(j)(2) provides, "If the judge to whom the [Ex parte] application is made finds that the interests of justice require that the ex parte application be heard without notice, the judge may waive the notice requirement of subpart (1) of this section." As exhibited by the Declaration of Anita P. Arriola in support of the Motion to Compel and for Sanctions, Plaintiffs have repeatedly attempted to resolve the discovery disputes. Moreover, HSBC were on notice that Plaintiffs would file their Motion to Compel Discovery. *See* Decl. A. Arriola, Exh. 2 and 4 to Decl. J. Bronze in Support of Opposition to Motion to Compel Discovery and for Sanctions. Additionally, as the parties have been informed of the scheduling of the Motion to Compel, to coincide with all other pending motions, HSBC has had adequate notice of this Motion to Compel. Because HSBC cannot dispute that it has notice of this Motion to Compel and based on the pattern of conduct by HSBC, the Court in exercise of its discretion should hear this Motion to Compel and for Sanctions.

**NO PROTECTIVE ORDER WAS ISSUED STAYING ALL DEPOSITIONS; HSBC WAS REQUIRED TO ATTEND THE SCHEDULED DEPOSITIONS; FAILURE TO APPEAR FOR THE DEPOSITIONS WARRANTS SANCTIONS**

HSBC asserts that it was not required to appear at the May 3 deposition because it Motion to Stay All depositions was pending before the Court. Similarly, HSBC asserts that it was likewise not required to attend the May 5 deposition because a motion for reconsideration was pending before the Court. HSBC's assertions are meritless and sanctionable.

In Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257 (9th Cir. 1964), counsel and the deponent failed to appear at a properly noticed deposition alleging that a motion to quash the subpoena was pending. The court in rejecting this proposition stated:

> Counsel's view seems to be that a party need not appear if a motion under Rule 30(b), F.R.Civ.P. is on file, even though it has not been acted upon. Any such rule would be an intolerable clog upon the discovery process. Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard. He might also appear and seek to adjourn the deposition until an order can be obtained. (Rule 30(d)). But unless he has obtained a court order that postpones or dispenses with his duty to appear, that duty remains. Otherwise, as this case shows, a proposed deponent, by merely filing motions under Rule 30(b), could evade giving his deposition indefinitely. Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear. (Emphasis added.)

Id. 333 F.2d at 269. The same premise applies for protective orders under Rule 37(b). A party must seek and obtain a protective order in order to avoid sanctions under Rule 37.

It is important to note that as of May 3, 2004, regardless of HSBC's awareness of this motion, there was no pending motion for protective order. HSBC filed its Motion to Stay All Depositions ("Motion to Stay") on Friday, April 30, 2004. If that Motion had been pending on Monday, May 3,



ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

2004, this Motion to Compel would not have been necessary. Irrespective of the Motion to Stay, on Friday, April 30, 2004, this Court entered an Order denying HSBC's Motion to Stay, stating:

> . . . Instead, the Court views the Application to Stay Depositions as a delay tactic. The Court has already denied HSBC's first Motion to Dismiss the Complaint and its previous Motion to Stay . . . Further delay in the discovery process is just a waste of time and would needlessly postpone the trial. Accordingly, the Court DENIES the Application to Stay Depositions.

In another delaying tactic, HSBC on Tuesday, May 4, 2004, filed its Motion for Reconsideration. HSBC now contends that a motion for reconsideration is justification for failure to appear at a scheduled deposition. As this Court noted in its April 30 Order, the Bank's Motion for Stay was denied, not once, but **twice**.

There is not dispute that as of Monday May 3, the date scheduled for the deposition of Mr. Granillo, although there was no pending Motion to Stay, neither counsel nor Mr. Granillo appeared. There further is no dispute that as of Wednesday, May 5, the date scheduled for the deposition of Mr. Underwood, likewise there was no pending protective order and Mr. Underwood and HSBC counsel failed to appear. The failure of Messrs. Granillo and Underwood to appear on their scheduled deposition dates, as previously agreed by HSBC counsel, is not "substantially justified."

HSBC offered no "other circumstances" which would make the award of expenses unjust. HSBC on page 2, last sentence of their Memorandum stated: "... Moreover, HSBC has no problem making Mr. Underwood and Mr. Granillo available for their depositions once HSBC files its Answer . . . or if otherwise ordered by the Court . . ." If the Court were to accept HSBC assertion that it is willing to produce Messrs. Granillo and Underwood for their depositions, then sanctions are warranted as HSBC clearly failed to do so. HSBC's disingenuous proffers to make the witnesses available in the event that the Court rules on the outstanding motions flies in the face of good faith compliance with a party's discovery obligations.



ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

> Two related changes made to Rule 37(d) in 1970 clarify the operation of what portion of the rule, though in large measure they simply codify what the courts in fact were doing under the old rule. Until 1970 the rule applied only if a failure by a party was willful. This limitation is eliminated.

Wright, Miller & Marcus, Federal Practice & Procedure, Civil 2d, §2291, P. 722.

Based on the various motions pending before this Court, it is painfully clear that HSBC in flagrant violation of the discovery rules will continue to refuse to produce documents and appear for depositions, unless ordered by this Court. This attitude wreaks of wilfulness and bad faith on the part of the Bank. Therefore, sanctions are warranted. *See* Kakuwa v. Sanchez, 498 F.2d 1223 (9th Cir. 1974)(sanctions appropriate, but dismissal not appropriate); Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958)(default may be warranted where there is willful or bad faith failure to comply with discovery).

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court compel HSBC to produce the deponents Chris Underwood and Fred Granillo for deposition. Plaintiffs further request that they be awarded costs and attorney's fees for bringing this motion.

Respectfully submitted on May 21, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs

By: ______________________
**JOAQUIN C. ARRIOLA**



ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, JOAQUIN C. ARRIOLA, hereby certify that on May 21, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO HONG KONG SHANGHAI BANKING CORPORATION'S OPPOSITION TO MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** to:

**Jacques A. Bronze, Esq.**
**Bronze & Tang, P.C.**
**2nd Floor, BankPacific Building**
**825 S. Marine Drive**
**Tamuning, Guam 96913**

Dated this 21st day of May, 2004.

**JOAQUIN C. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910