1

2

3

FILED
DISTRICT COURT OF GUAM

MAY 2 6 2004

4

MARY L. M. MORAN
CLERK OF COURT

5                    DISTRICT COURT OF GUAM

6                        TERRITORY OF GUAM

141

7

8  ALAN SADHWANI; et al.,           )  Case No. CV 03-00036 DDP
                                    )
9                    Plaintiffs.    )  **ORDER DENYING DEFENDANT'S MOTION**
                                    )  **TO RECONSIDER ORDER DENYING**
10     v.                           )  **APPLICATION FOR AN ORDER**
                                    )  **CERTIFYING FOR INTERLOCUTORY**
11 HONGKONG AND SHANGHAI            )  **APPEAL THE DENIAL OF DEFENDANT'S**
   BANKING CORP., LTD; et al.,      )  **MOTION TO STRIKE JURY TRIAL**
12                                  )  **DEMAND**
                                    )
13                   Defendants.    )  [Motion filed on 05/04/04]
                                    )
14 _____ )

15

16         This matter comes before the Court on the defendant Hongkong

17 and Shanghai Banking Corporation's ("HSBC") motion to reconsider

18 order denying application for an order certifying for interlocutory

19 appeal the denial of the defendant's motion to strike jury trial

20 demand.    Pursuant to Local Civil Rule 7.1(e)(3), the Court finds

21 this matter appropriate for decision without oral argument.  See

22 Local Civ. R. 7.1(e)(3).   After reviewing and considering the

23 materials submitted by the parties, the Court denies the motion and

24 adopts the following order.

25 **I.    Background**

26         On April 9, 2004, Judge Unpingco issued a memorandum order

27 denying HSBC's motion to strike jury trial demand.   The Court found

28 that while the right to a civil jury trial in federal court is

ORIGINAL

constitutionally protected by the Seventh Amendment, it may be waived by a contract that is knowingly and voluntarily executed. (04/09/04 Order at 2:23-3:1.) The Court acknowledged that the circuit courts are divided on the issue of which party bears the burden of proving the validity, or invalidity, of a contractual jury trial waiver provision, and that the Ninth Circuit has not ruled on this issue. (Id. at 3:6-20.) The Court adopted the position of the Second and Fourth Circuits, which places the burden on the party seeking enforcement of the contractual waiver to prove that consent to the waiver was knowing and voluntary. (Id. at 3:17-20.) After analyzing the factors used by courts in determining whether a waiver was knowing and voluntary (id. at 3:21-5:6), the Court found that HSBC failed to meet its burden of proving that the plaintiffs' contractual waivers were knowing and voluntary (id. at 5:7-11).

Thereafter, on April 29, 2004, HSBC filed an *ex parte* application for an order certifying the denial of HSBC's motion to strike jury trial demand for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay proceedings pending appeal. On April 30, 2004, Judge Unpingco issued an order denying HSBC's *ex parte* application. The Court found that its April 9, 2004 Order denying HSBC's motion to strike jury trial demand did not "involve a controlling question of law as to which there is substantial ground for difference of opinion." (04/30/04 Order at 1:26-27 (citing 28 U.S.C. § 1292(b)). The Court also found that an immediate appeal from the April 9, 2004 Order would not materially advance the ultimate termination of this litigation. (Id.) On May 4, 2004,

2

HSBC filed the instant motion to reconsider Judge Unpingco's April 30, 2004 Order.

## II. Discussion

### A. Legal Standard

Local Civil Rule 7.1(i) provides that:

> A motion for reconsideration of the decision on any motion may be made <u>only on the grounds of</u> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or, (2) the emergence of new material facts or a change of law occurring after the time of such decision, or, (3) a manifest showing of a failure to consider material facts presented to the Court before such decision. <u>No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.</u>

Local Civ. R. 7.1(i) (emphasis added).

Local Rules are enforceable only to the extent that they are consistent with the Federal Rules of Civil Procedure. <u>Marshall v. Gates</u>, 44 F.3d 722, 724-25 (9th Cir. 1995). The Court is obligated to construe local rules so that they do not conflict with the federal rules. <u>Id.</u> at 725. Here, Local Civil Rule 7.1(i) allows for motions for reconsideration on more limited terms than does Federal Rule of Civil Procedure 60(b). However, the local rule is not inconsistent with the federal rule. Instead, the local rule qualifies what grounds justify relief from the operation of an order under Federal Rule of Civil Procedure 60(b). Therefore, Local Civil Rule 7.1(i) is enforceable.

### B. Analysis

The Court finds that HSBC's motion for reconsideration is not supported by any of the grounds identified in Local Civil

3

1  7.1(i).  The Rule allows motions for reconsideration where the
2  moving party shows "(1) a material difference in fact or law from
3  that presented to the Court before such decision . . ., or, (2) the
4  emergence of new material facts or a change of law occurring after
5  the time of such decision, or, (3) a manifest showing of a failure
6  to consider material facts presented to the Court before such
7  decision."  Local Civ. R. 7.1(i).

8       HSBC does not base its arguments in its current motion on the
9  grounds identified in Local Civil Rule 7.1(i).  It has not
10 demonstrated material differences in fact or law, the emergence of
11 new facts or a change in law, or provided a manifest showing of a
12 failure to consider material facts presented to the Court.
13 Instead, HSBC's arguments are essentially the same as the arguments
14 it made when its *ex parte* application was before Judge Unpingco.
15 However, as set forth above, Local Civil Rule 7.1(i) expressly
16 forbids a party from repeating arguments already presented to the
17 Court.  Accordingly, the Court denies HSBC's motion to reconsider
18 Judge Unpingco's April 30, 2004 Order denying HSBC's *ex parte*
19 application for an order certifying for interlocutory appeal the
20 denial of HSBC's motion to strike jury trial demand and to stay
21 proceedings pending appeal.
22 ///
23 ///
24 ///
25
26
27
28

4

## III. Conclusion

For the foregoing reasons, the Court denies HSBC's motion for reconsideration.

IT IS SO ORDERED.

Dated: _____5-26-04_____

_____
DEAN D. PREGERSON*
United States District Judge

Notice is here~~ given that this document was entered on the docket on MAY 2 7 2004 ____.
No separate notice of entry on the docket will be issued by this Court.
        Mary L. M. Moran
     Clerk, District Court of Guam

By: _____        MAY 2 7 2004
    Deputy Clerk              Date

* Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

5