FILED
DISTRICT COURT OF GUAM
MAY 28 2004
MARY L. M. MORAN
CLERK OF COURT

144

# DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI; et al., | Case No. CV 03-00036 DDP |
| Plaintiffs. | **ORDER (1) GRANTING DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT IN ITS ENTIRETY, (2) VACATING AS MOOT DEFENDANT'S MOTION TO DISMISS THIRD AND SIXTH CAUSES OF ACTION, AND (3) DENYING DEFENDANT'S MOTION FOR SANCTIONS** |
| V. | |
| HONGKONG AND SHANGHAI BANKING CORP., LTD; et al., | |
| Defendants. | [Motion filed on 04/30/04] |

This matter comes before the Court on the defendant Hongkong and Shanghai Banking Corporation's ("HSBC") motion to strike the First Amended Complaint ("FAC") in whole or in part, or, in the alternative, to dismiss the third and sixth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] HSBC also moves the Court to impose sanctions on the plaintiffs pursuant to Rule 11(c)(1)(B). After reviewing and considering the materials submitted by the parties, the Court grants the motion to strike the FAC in its entirety, vacates as moot the motion to dismiss the third and sixth causes of action, and denies the motion for sanctions.

---

[1] All further references to "Rule" shall refer to the Federal Rules of Civil Procedure.

## I. Background

On October 21, 2003, the plaintiffs filed a complaint against HSBC and doe defendants, alleging causes of action for: (1) breach of the covenant of good faith and fair dealing; (2) intentional misrepresentation; (3) breach of contract on the promissory note modification agreement; (4) breach of contract on the "work out agreement;" (5) breach of fiduciary duty; and (6) breach of duty not to divulge the plaintiffs' confidential banking information. On November 5, 2003, the defendants removed this action to federal court on the basis of diversity jurisdiction. One week later, on November 12, 2003, HSBC filed an answer to the complaint. HSBC filed a first amended answer and counterclaim on December 2, 2003. Thereafter, on December 30, 2003, HSBC filed a motion to dismiss the entire complaint under Rule 12(b)(6). On April 9, 2004, Judge Unpingco denied the motion as to the first, second, fourth, and fifth causes of action, and granted the motion as to the third and sixth causes of action. Judge Unpingco expressly provided that the dismissal of the third and sixth causes of action was "without prejudice," and that the plaintiffs were "permitted to amend their Complaint <u>to re-assert the dismissed causes of action</u>." (04/09/04 Order at 13:18-19 (emphasis added).)

On April 27, 2004, the plaintiffs timely filed the FAC, amending the third and sixth causes of action as permitted by the Court's April 9, 2004 Order. However, despite not having sought and obtained leave of court or the consent of HSBC, the plaintiffs inserted new paragraphs and alleged additional facts in the first, second, fourth, and fifth causes of action. HSBC now moves the Court to strike the entire FAC as being without legal effect, or,

2

in the alternative, to strike all new amendments except those contained in the third cause of action.[2] Should the Court strike only the new amendments unrelated to the third cause of action, HSBC moves the Court to dismiss the third and sixth causes of action for failure to state a claim upon which relief can be granted.

**II. Discussion**

    A.    <u>Motion to Strike</u>

        1.    <u>Legal Standard</u>

Rule 15(a) provides in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

        2.    <u>Analysis</u>

Pursuant to the plain language of Rule 15(a), after a responsive pleading has been filed, a party may amend the party's pleading "only by leave of court or by written consent of the adverse party." <u>Id.</u> An answer to a complaint constitutes a responsive pleading. <u>Crum v. Circus Circus Enters.</u>, 231 F.3d 1129, 1130 (9th Cir. 2000). Here, HSBC filed an answer to the complaint on November 12, 2003, and a first amended answer to the complaint

---

[2] HSBC asserts that, while the Court's April 9, 2004 Order granted the plaintiffs limited leave to amend their sixth cause of action by "specify[ing] what law(s) HSBC allegedly violated" (04/09/04 Order at 13:13-14), the plaintiffs, without leave of court or the consent of HSBC, alleged an entirely new cause of action in their sixth claim (Mot. at 4). According to HSBC, the sixth cause of action in the FAC violates Rule 15(a) and must be stricken. (<u>Id.</u>)

3

on December 2, 2003. Thus, HSBC has filed a responsive pleading to the complaint. Moreover, in the Court's April 9, 2004 Order, which dismissed the third and sixth causes of action of the complaint without prejudice, Judge Unpingco expressly provided that the plaintiffs were "permitted to amend their Complaint <u>to re-assert the dismissed causes of action</u>." (04/09/04 Order at 13:18-19 (emphasis added).) Judge Unpingco permitted the plaintiffs to amend only the third and sixth causes of action. Thus, before the plaintiffs could properly amend portions of the complaint other than the third and sixth causes of action, they were required to obtain leave of court or the written consent of HSBC. Despite having failed to obtain leave of court or the written consent of HSBC, the plaintiffs amended their complaint to contain new paragraphs and allegations in the first, second, fourth, and fifth causes of action. Because the plaintiffs' FAC exceeds the scope of leave to amend that was provided by the Court, the FAC is without legal effect and must be stricken. Accordingly, the Court grants HSBC's motion to strike the FAC in its entirety. Given the Court's ruling with respect to HSBC's motion to strike, HSBC's motion to dismiss the third and sixth causes of action is hereby vacated as moot.

In their opposition brief, the plaintiffs expressly request leave to amend the complaint pursuant to Rule 15(a) in the event that the Court grants HSBC's motion to strike. (Opp. at 5.) A party seeking leave to amend a complaint is not always required to file a separate formal motion. Leave to amend has been granted where, as here, a plaintiff "expressly requested" to amend even though the request "was not contained in a properly captioned

4

motion paper." Scott v. Eversole Mortuary, 522 F.2d 1110, 1116 n.8 (9th Cir. 1975). The decision to grant or deny leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). As previously stated, Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is to be applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, HSBC has not argued that granting the plaintiffs leave to amend would be unduly prejudicial to HSBC, and the Court is unaware of any reason why the plaintiffs should not be given leave to amend. Thus, the Court grants the plaintiffs leave to amend, and orders them to properly file a FAC no later than ten (10) days from the date of entry of this order. The Court further orders the plaintiffs to follow all applicable rules in the future. Failure to do so may result in sanctions.

### B. Motion for Sanctions

HSBC moves the Court to impose sanctions upon the plaintiffs under Rule 11. HSBC contends that the plaintiffs intentionally and surreptitiously filed the FAC in violation of Rule 15(a) and the Court's April 9, 2004 Order. (Mot. at 4.) For the following reasons, the Court denies HSBC's motion for sanctions.

First, HSBC failed to make a motion for sanctions "separately from other motions or requests . . .," as required by Rule 11(c)(1)(A). Second, although the Court has the authority under Rule 11(c)(1)(B) to levy sanctions on its own initiative, the Court will neither impose sanctions nor order the plaintiffs' counsel to show cause as to why the plaintiffs should not be sanctioned.

5

"Judges . . . should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1115 (9th Cir. 2001). It does not appear to the Court that the plaintiffs' conduct was so egregious as to warrant the imposition of sanctions. The Court, therefore, denies HSBC's motion for sanctions.

## III. Conclusion

For the foregoing reasons, the Court: (1) grants HSBC's motion to strike the FAC in its entirety; (2) vacates as moot HSBC's motion to dismiss the third and sixth causes of action; and (3) denies HSBC's motion for sanctions. The Court grants the plaintiffs ten (10) days from the date of entry of this order within which to amend their complaint.

IT IS SO ORDERED.

Dated: 5-28-04

DEAN D. PREGERSON*
United States District Judge

Notice is hereby given that this document was entered on the docket on JUN 0 1 2004. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: Deputy Clerk   JUN 0 1 2004   Date

* Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

6