JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>　　　　　　Defendants. | CIVIL CASE NO. 03-00036<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY ORDER GRANTING, IN PART, MOTION TO COMPEL PENDING RULING BY DISTRICT JUDGE ON HSBC'S OBJECTIONS; REQUEST FOR ORAL ARGUMENT** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") submits this memorandum of points and authorities in support of its Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling By District Judge on HSBC's Objections and Request for Oral Argument ("Motion").

//

//

**ORIGINAL**

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion to Stay Order Granting, In Part, Motion to Compel
Pending Ruling By District Judge on HSBC's Objections; Request for Oral Argument
Page 2 of 5 pages

## I. INTRODUCTION

On May 27, 2004, the Magistrate Judge issued the Order ("Order") which granted, in part, Plaintiffs' motion to compel related to their Third Set of Requests for Production of Documents.[1] In the Order, the Magistrate Judge directed that HSBC was required to produce and permit Plaintiffs to inspect and copy approximately 475,000 pages of documents.[2] *Order at 10.* Further, the Order directed that HSBC must produce the documents for inspection "at the law offices of the Plaintiffs' counsel on June 4, 2004 at 9:00 a.m." and such inspection will continue "so long as is reasonably required". *Id.* The Order gives HSBC less than three full, working days to locate and arrange for the transportation by truck of the documents.[3] HSBC has filed, or will file by June 4, 2004, objections to the Order, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A).

## II. WITHOUT A STAY, HSBC'S RIGHT TO REVIEW BY THE DISTRICT JUDGE WILL BE NULLIFIED AND MOOT.

Reconsideration of a magistrate judge's order is governed by Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A). *Berry v. Baca, et al., 2002 WL 1777412 (C.*

---

[1] HSBC received a copy of the Order on May 28, 2004.

[2] The documents to be produced are contained in 190 "banker boxes" and each box contains 2000 to 3000 pages of documents. *See, Declaration of I. C. Underwood, filed herein on May 11, 2004.*

[3] HSBC did not receive the Order until May 28 and that date is not counted in computing the time allowed for HSBC to comply with the Order, pursuant to FRCP 6(a), May 29 and 30 were Saturday and Sunday, and May 31 was Memorial Day, a Federal holiday. Accordingly, HSBC only had three working days before compliance is required on June 4.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion to Stay Order Granting, In Part, Motion to Compel
Pending Ruling By District Judge on HSBC's Objections; Request for Oral Argument
Page 3 of 5 pages

D. Cal.). Pursuant to Rule 72(a), within ten days after being served with a copy of a magistrate judge's order, a party may serve and file objections to the order and the district judge shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. Since HSBC did not receive the Order until May 28, 2004, HSBC has until June 14, 2004, to file objections to the Order, pursuant to Rule 6(a). However, the Order requires HSBC to produce the documents at Plaintiffs' counsels' office on June 4, ten days before HSBC's deadline to file its objections to the Order. As noted above, HSBC will file objections to the Order on or before June 4, pursuant to Rule 72(a).

There is authority that the filing of objections to a magistrate judge's order automatically stays the operation of that order pending a ruling by the district judge on the objections. In the case of *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154 (N. D. Ill. 1993), the district judge found that a party could have temporarily avoided compliance with the magistrate judge's order by either objecting to the order or independently moving the court for a stay of the order. *Id. at 157; also see, U.S.A. ex rel Robinson v. Northrop Grumman Corp.*, 2002 U.S. Dist. LEXIS 18389 at *6 n. 3 (citing *Cohn, supra*); *contra, Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654 (D. Colo. 2001). Therefore, HSBC firmly believes that by filing timely objections to the Order the operation of the Order is stayed until the district judge issues a ruling on the objections.

However, in an abundance of caution, HSBC also files its Motion to stay the Order pending a ruling on the objections. Rule 72(a) is silent as to whether a party's duty to comply with a magistrate judge's order is automatically stayed pending review by the district court of

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion to Stay Order Granting, In Part, Motion to Compel
Pending Ruling By District Judge on HSBC's Objections; Request for Oral Argument
Page 4 of 5 pages

that party's objections. *See, Esparza, supra at 656.* There is nothing which prevents a party from seeking a stay of the effect of a magistrate judge's order and, upon an adequate showing, such a stay should be granted by either the magistrate judge or the district judge. *Id. at 657; see also, Grossman v. Schwarz, 1989 U.S. Dist. LEXIS 4238 at \*2.* A motion for a stay is timely if it is made prior to the date for compliance. *In re Lernout & Hauspie Securities Litig., 219 F.R.D. 28, 30-1 (D. Mass. 2003).*

HSBC moves for a stay because HSBC's right to have objections to the Order determined by the district judge will be nullified and rendered moot if a stay is not granted. Since compliance with the Order and production of the documents is required on June 4, 2004, a number of days before HSBC is even required to file its objections under Rule 72(a), it would be impossible for the district judge to consider, much less rule upon, HSBC's objections before the date of compliance. If HSBC complies with the Order on June 4 and produces the documents which are the subject of the objections, then the objections are rendered moot and HSBC's rights under Rule 72(a) will have been nullified. *See, e.g., Cohn v. Taco Bell, supra, at 157* (party's objections were moot because it complied with order on motion to compel).

Accordingly, HSBC moves this Court for an order temporarily staying the operation of the Order issued by the magistrate judge pending a ruling by the district judge on the objections filed by HSBC to the Order, pursuant to Rule 72(a) 28 U.S.C. § 636(b)(1)(A). Additionally, HSBC requests that this Motion be set for oral argument on a date that is convenient for the Court and the parties.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling By District Judge on HSBC's Objections; Request for Oral Argument
Page 5 of 5 pages

Dated this 3rd day of June, 2004.

                            LAW OFFICES OF BRONZE & TANG, P.C.
                            Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

By: _____
        JACQUES G. BRONZE