ORIGINAL

FILED
DISTRICT COURT OF GUAM
JUN 07 2004
MARY L. M. MORAN
CLERK OF COURT
156

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> HONGKONG AND SHANGHAI BANKING CORP., LTD., *et al.*, <br><br> Defendants. | Civil Case No. 03-00036 <br><br><br><br> ORDER |

On May 27, 2004, the Court granted in part the Plaintiffs' Motion to Compel Answers to Third Set of Requests for Production of Documents. (Order, Docket No. 143 (May 27, 2004) ("Order Compelling Production")). The Court directed that by June 4, 2004, defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC") was to produce and permit the Plaintiffs to inspect and copy the documents as requested in Request Nos. 1 through 7 and Request Nos. 9 through 12. (Id.)

On June 3, 2004, HSBC filed a Motion to Stay Order Granting, in Part, Motion to Compel Pending Ruling by District Judge on HSBC's Objections; Request for Oral Argument ("Motion to Stay the Order Compelling Production") and other supporting pleadings. Therein, HSBC petitioned the Court to temporarily stay the operation of its May 27, 2004 Order pending a ruling by a district judge on HSBC's objections to the Order. Additionally, HSBC requested that its motion be set for oral argument so that the parties could be heard on the matter.

Pursuant to Fed. R. Civ. P. 78 and Rule LR 7.1(e)(1) of the Local Rules of Practice for the District Court of Guam, "[o]ral argument must be requested by the parties, and may be denied

Alan Sadhwani, et al. v. Hongkong and Shanghai Banking Corp., Ltd., et al., Civil Case No. 03-00036
Order Denying HSBC's Motion to Stay the Order to Compel Production and Request for Oral Argument

in the discretion of the judge." Because the Court believes that oral argument will not aid the Court in reaching a decision on the Motion to Stay the Order Compelling Production, the Court hereby DENIES HSBC's request for a further hearing.

As for the merits of the Motion to Stay the Order Compelling Production, HSBC contends that its "right to have objections to the Order [Compelling Production] determined by the district judge will be nullified and rendered moot if a stay is not granted." (HSBC's Memorandum of Points and Authorities in Support of Motion to Stay Order [Compelling Production] ("HSBC's Memorandum"), Docket No. 150 (June 3, 2004) at 4.) HSBC's Memorandum further alleges that "HSBC firmly believes that by filing timely objections to the Order [Compelling Production] the operation of the Order is stayed until the district judge issues a ruling on the objections." (Id. at 3.) "However, in an abundance of caution, HSBC also files its Motion to stay the Order pending a ruling on the objections." (Id.)

The Court respectfully disagrees with HSBC's "firm belief." HSBC's filing of objections to this Court's discovery orders does not automatically stay those orders or relieve it of the obligation to comply with them. See Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 657 (D. Colo. 2001); White v. Burt Enters., 200 F.R.D. 641, 643 (D. Colo. 2000); Williams v. Texco, Inc., 165 B.R. 662, 673 (D.N.M. 1994); National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D.N.M. 1991); Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc, 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989).

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes which might interfere with an orderly discovery process. Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes. National Excess, 139 F.R.D. at 404.

Furthermore,

> [i]f an objection operates as a stay of the order, not only is the losing litigant given an artificial incentive to object, but the magistrate's decision-making ability is eroded. It should be remembered that the magistrate [judge] is empowered to "determine" nondispositive pretrial matters. A magistrate [judge's] order will not determine anything if it can be automatically stayed by filing an objection. Indeed, such an interpretation would essentially reduce the magistrate [judge's]

///

order to the status of a recommendation where an objection is raised. <u>White</u>, 200 F.R.D. at 642 (*quoting* <u>L.D. Williams v. Texaco, Inc.</u>, 165 B.R. 662, 673 (D.N.M. 1994).

The Court has reviewed HSBC's objections to its Order Compelling Discovery, which HSBC filed on June 4, 2004. The Court is of the belief that HSBC's objections are not meritorious as there is no clear possibility that its objections will be sustained upon review by the district judge. See <u>GTE Wireless, Inc. v. Qualcomm, Inc.</u>, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (along with balancing harms of staying discovery, court ruling on stay motion should take preliminary peek at merits of allegedly dispositive motion to see if on its face there appears to be immediate and clear possibility that it will be granted). Additionally, in balancing the harms, the Court notes that the Plaintiffs' request for the production of the documents was made on March 8, 2004 – about three months ago. (A. Arriola Decl., Docket No. 80 (April 19, 2004) at ¶2, Exh. 1 thereto.) The Court further observes that the trial date is fast approaching, yet HSBC has repeatedly delayed the discovery process by filing numerous motions which either seek to stay discovery or which would have such an effect.[1] The Plaintiffs have alleged that because of HSBC's breach of the workout agreement, with every month that elapses they are prejudiced by having to pay Paradise Marine Corporation $75,000, and they face the possibility of foreclosure.[2]

---

[1] These motions include:

- Motion to Stay all Depositions Pending Determination of HSBC's Motion to Dismiss (filed on March 31, 2004 and denied on April 9, 2004);
- Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal (filed on April 23, 2004 and denied on April 30, 2004);
- *Ex Parte* Application for Order Staying All Depositions Pending Determination of HSBC's Motion to Strike the First Amended Complaint in Whole or in Part, or in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action & for Sanctions (filed on April 30, 2004 and denied on the same date);
- *Ex Parte* Application for Reconsideration of Order Denying Stay of all Depositions Pending Determination of HSBC's Motion to Strike the First Amended Complaint in Whole or in Part, or in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action & for Sanctions (filed on May 4, 2004 and mooted by May 28, 2004 Order);
- Motion to Reconsider Order Denying HSBC's Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal (filed on May 4, 2004 and denied on May 26, 2004); and
- Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates (filed on May 7, 2004).

[2] This argument was raised by the Plaintiffs' counsel Anita P. Arriola at the June 3, 2004 hearing on HSBC's Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates.

Alan Sadhwani, *et al*. v. Hongkong and Shanghai Banking Corp., Ltd., *et al*., Civil Case No. 03-00036
Order Denying HSBC's Motion to Stay the Order to Compel Production and Request for Oral Argument

On the other hand, the only prejudice which HSBC has alleged it will suffer if the stay is not granted is to its right to have its objections heard by the district judge before production is made. Because the Court believes that further delay would not promote the policy of a "just, speedy, and inexpensive determination of every action,." Fed. R. Civ. P. 1, the Court hereby DENIES HSBC's Motion to Stay the Order Compelling Production.

SO ORDERED this 7th day of June, 2004.

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge

Notice is hereby given that this document was entered on the docket on JUN 0 8 2004. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By: Deputy Clerk    JUN 0 8 2004    Date