ORIGINAL

FILED
DISTRICT COURT OF GUAM
JUN 09 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> HONGKONG AND SHANGHAI BANKING CORP., LTD., *et al.*, <br><br> Defendants. | Civil Case No. 03-00036 <br><br><br><br><br><br> ORDER |

Pursuant to the authority granted by General Orders 04-00016 and 04-00017,[1] on June 3, 2004, this Court heard oral argument on three (3) pending motions: (1) an *Ex Parte* Motion to Reconsider Order Denying Motion to Stay All Depositions Pending Determination of its Motion to Strike First Amended Complaint in whole or in Part or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and for Sanctions ("Motion to Reconsider Denial of Motion to Stay Depositions"); (2) a Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates ("Motion to Vacate Scheduling Order"); and (3) an *Ex Parte* Motion to Compel Discovery and for Sanctions ("Motion to Compel"). Present at the hearing was Attorney Anita P. Arriola for the Plaintiffs. Attorney Jacques A. Bronze appeared on behalf of the defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC").

During the course of the hearing, the parties agreed that the first motion (Motion to

---

[1] While the Court exercises its jurisdiction over this matter pursuant to the above-cited General Orders, the Court recognizes that there may be instances wherein its authority is broader than that conferred by the General Orders.

Reconsider Denial of Motion to Stay Depositions) was rendered moot by Judge Pregerson's Order granting HSBC's Motion to Strike the First Amended Complaint in its Entirety. (Order, Docket No. 144.) Additionally, the Court granted in part the second motion (Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates). The Court stated that it would extend the discovery cut-off date from June 8, 2004 until at least August 15, 2004. However, the Court stated that it would issue a written decision on the final discovery cut-off date and the trial date. Finally, with respect to the third motion (Motion to Compel), the Court granted the motion and directed that the depositions of Fred Granillo and Chris Underwood be conducted within 10 days and 12 days from the date of the hearing. The Court further stated that said depositions could only be re-scheduled if Mr. Bronze had a scheduling conflict or if the deponents were scheduled to be off-island. The Court took under advisement the Plaintiffs' request to impose sanctions on HSBC for its failure to attend and produce the deponents for the noticed depositions. The Court now issues this Order on the remaining matters which it took under advisement.

## I. Background

This case was removed to this Court from the Superior Court of Guam on November 5, 2003. Since then, the motion practice in this action can only be described as extensive. The Court sets forth the following facts as a background for its analysis.

On December 30, 2003, HSBC filed a Motion to Dismiss the Complaint ("Motion to Dismiss"). (Docket Nos. 30-31.) The Court heard oral argument on HSBC's Motion to Dismiss on February 13, 2004. (Docket No. 56.)

On March 31, 2004, HSBC filed a Motion to Stay All Depositions pending determination of its Motion to Dismiss. (Docket Nos. 64-68.) Said motion was denied on April 9, 2004. (Docket No. 79.)

In a written Order filed April 9, 2004, Judge Unpingco granted in part and denied in part the Motion to Dismiss. (Docket No. 78.) Judge Unpingco denied the Motion to Dismiss as to the First, Second, Fourth, and Fifth causes of action. (Id. at 10.) However, the Third and Sixth causes of action were dismissed without prejudice. (Id.) Judge Unpingco permitted the Plaintiffs

to amend the Complaint to re-assert the dismissed causes of action. (Id.)

On April 27, 2004, the Plaintiffs filed their First Amended Complaint. (Docket No. 85.)

On April 30, 2004, HSBC filed a Motion to Strike the First Amended Complaint in Whole or in Part or, in the Alternative, to Dismiss the Third and Sixth Causes of Action ("Motion to Strike"). (Docket Nos. 92-93.) On said date, HSBC also filed an *Ex Parte* Application to Stay All Depositions Pending Determination of its Motion to Strike ("Application to Stay Depositions"). (Docket Nos. 88-89.)

On April 30, 2004, Judge Unpingco denied HSBC's Application to Stay Depositions. (Docket No. 96.) Judge Unpingco stated that "[f]urther delay in the discovery process is just a waste of time and would needlessly postpone the trial." (Id. at 2.)

On May 4, 2004, HSBC filed its Motion to Reconsider Denial of Motion to Stay Depositions.[2] (Docket Nos. 97-100.) The Plaintiffs filed their Opposition Brief on May 13, 2004. (Docket No. 117.) HSBC filed a Reply Brief on May 21, 2004. (Docket No. 134.)

On May 7, 2004, HSBC filed its Motion to Vacate Scheduling Order. (Docket Nos. 109-11.) The Plaintiffs filed their Opposition Brief on May 19, 2004. (Docket Nos. 129-130.) HSBC filed its Reply Brief on May 21, 2004. (Docket Nos. 135-36.)

On May 17, 2004, the Plaintiffs filed their Motion to Compel. (Docket Nos. 123-25.) On May 20, 2004, HSBC filed its Opposition Brief to the Motion to Compel. (Docket Nos. 132-33.) On May 21, 2004, the Plaintiffs filed their Reply Brief. (Docket No. 139.)

On May 28, 2004, Judge Pregerson granted HSBC's motion to strike the First Amended Complaint in its entirety. (Order, Docket No. 144.)

On June 2, 2004, the Plaintiffs filed their Second Amended Complaint for Damages. (Docket No. 145.)

## II. Discussion

### A. Motion to Vacate Scheduling Order

HSBC asserted that given the parameters of the existing Scheduling Order, it would be

---

[2] As stated above, counsel agreed that this motion was rendered moot by Judge Pregerson's May 28, 2004 Order.

impossible for it to complete all necessary discovery, including the foreign depositions of Vashi Jadwani and Haresh Mukhi.[3] HSBC stated that it could take up to 18 months to have these foreign depositions completed. Furthermore, because its Motion to Strike was still pending before the Court at that time, HSBC maintained that it was not yet obligated to file an Answer. Accordingly, HSBC sought a continuance of the discovery and trial dates.

The Court notes that on February 3, 2004, counsel appeared for a Scheduling Conference before Judge Unpingco. Because the parties were unable to agree upon the proposed dates (Docket No. 21), the Court issued a Scheduling Order and Discovery Plan ("Scheduling Order") on February 3, 2004. (Docket No. 47.) The Scheduling Order established the following deadlines and dates:

- June 8, 2004: discovery cut-off date defined as the last day to file responses to discovery

- June 30, 2004: discovery and dispositive motion cut-off date; and

- September 21, 2004: trial date.

The Plaintiffs agreed that the discovery deadlines should be extended to at least the end of July or possibly the end of August. The Plaintiffs, however, believed that the September 21 trial date was still achievable. At the June 3, 2004 hearing, the Plaintiffs' counsel urged the Court not to delay the trial date as to do so would result in prejudice to the plaintiffs. The Plaintiffs alleged that because of HSBC's breach of the workout agreement, with every month that elapsed the Plaintiffs were prejudiced by having to pay Paradise Marine Corporation $75,000. The Plaintiffs further asserted that they face the very real possibility of foreclosure because their Loan had matured.

Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the [court]."

---

[3] HSBC states that it served its First Set of Interrogatories upon the Plaintiffs on March 25, 2004. (J. Bronze Decl. at ¶6e.) HSBC further alleges that the need to depose Messrs. Jadwani and Mukhi only arose after these individuals were identified in the Plaintiffs' April 30, 2004 response to its interrogatories. (Id. at ¶7.) HSBC believes that said individuals will be used to support Mr. Sadhwani's assertion that he "had an oral agreement with two individuals that in the event bank financing was unavailable, he could borrow up to $3.5 Million from both individuals in order to buy his loan from HSBC." (HSBC's Memorandum in Support of Motion to Vacate Scheduling Order at 6.)

Fed. R. Civ. P. 16(b). Local Rule LR 16.5 of the Local Rules of Practice for the District Court of Guam holds similarly. In this instance, the Court finds the existence of good cause to extend the discovery deadlines. This finding is based on several factors: (1) the parties' joint representation that an extension is necessary to complete discovery; (2) the Plaintiffs' need to depose Messrs. Granillo and Underwood after they failed to appear at previously noticed depositions; (3) the Court's recent rulings compelling HSBC to produce certain documents in response to the Plaintiffs' Third Set of Interrogatories and compelling the depositions of Messrs. Granillo and Underwood; and (4) the lack of a district judge to preside over the scheduled trial in September. Based on these factors, the Court hereby extends the June 8, 2004 deadline to August 17, 2004. Additionally, the Court extends the discovery and motion cut-off date from June 30, 2004 to August 31, 2004.

The Court is unpersuaded by HSBC's request to extend the discovery period for another 18 months and believes that such an extension is unreasonable. At the June 3, 2004 hearing, the Plaintiffs stated that they do not intend to call Messrs. Jadwani and Mukhi as trial witnesses. Nevertheless, HSBC's counsel asserted HSBC's desire to depose said witnesses, and yet HSBC has failed to propound any Letters of Request to commence said depositions. HSBC has been less than diligent in its efforts to commence, let alone complete, discovery. The Court partly bases this observation on HSBC's filing of numerous motions which either seek to stay discovery or which would have such an effect.[4] Accordingly, HSBC's request for a longer extension of the discovery deadlines is denied.

---

[4] The myriad of motions include:
- Motion to Stay All Depositions Pending Determination of HSBC's Motion to Dismiss (filed on March 31, 2004 and denied on April 9, 2004);
- Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal (filed on April 23, 2004 and denied on April 30, 2004);
- Application to Stay Depositions (filed on April 30, 2004 and denied on the same date);
- Motion to Reconsider Denial of Motion to Stay Depositions (filed on May 4, 2004 and mooted by May 28, 2004 Order);
- Motion to Reconsider Order Denying HSBC's Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal (filed on May 4, 2004 and denied on May 26, 2004);
- Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates (filed on May 7, 2004); and
- Motion to Stay Order Granting, in Part, Motion to Compel Pending Ruling by District Judge on HSBC's Objections; Request for Oral Argument (filed June 3, 2004 and denied on June 7, 2004).

As for the trial date, there presently is no district judge designated to preside over cases in this district during the time the jury trial is scheduled to commence. Accordingly, the Court finds the existence of good cause to move the trial from September 21, 2004 to Tuesday, October 19, 2004[5] at 9:00 a.m.

B. Motion to Compel

The Court has already directed that Messrs. Granillo and Underwood[6] be produced for deposition. The only issue remaining is whether sanctions should be imposed upon HSBC for its failure to appear or produce said individuals at the noticed depositions.

Mr. Granillo's deposition was noticed for May 3, 2004, and Mr. Underwood's deposition was noticed for May 5, 2004. HSBC had agreed to said dates. (A. Arriola Decl., Docket No. 124, at ¶4.) It is undisputed that neither HSBC's counsel nor the deponents attended the duly scheduled depositions. Accordingly, pursuant to Fed. R. Civ. P. 37(d), the Court "may make such orders in regard to the failure [to appear] as are just." The Plaintiffs contend that the imposition of sanctions against HSBC is justified in this instance.

HSBC counters that its actions were "authorized and 'substantially justified,'" (Opposition Brief, Docket No. 132, at p.4.) HSBC notes that on April 30, 2004, it informed Ms. Arriola by letter that the deponents would not be attending the scheduled depositions because HSBC would be seeking a protective order to stay the proposed depositions while it sought to dismiss the First Amended Complaint. (J. Bronze Decl., Docket No. 133, at ¶4 and Exh. 1 thereto.) The Plaintiffs responded by via faxed letter stating that the deponents were required to appear. (Id. at ¶5 and Exh. 2 thereto.)

As noted, HSBC filed its Application to Stay Depositions on April 30, 2004. HSBC believed that its application was a pending motion for a protective order as provided by Fed. R. Civ. P. 26(c). Accordingly, HSBC believed that said application justified its failure to attend the May 3 deposition. HSBC further argued that although Judge Unpingco denied the Application to

---

[5] The Court notes that HSBC had originally requested that the trial commence on October 18, 2004. (Docket No. 21, Exh. B thereto at ¶E(x).)

[6] Mr. Granillo was the Assistant Vice President, Credit Control, and Mr. Underwood was the manager of HSBC's Guam branch.

- 6 -

Stay Deposition on the same day it was filed (April 30, 2004), the Order was not actually entered on the docket until May 3, 2004, which was the first time HSBC became aware of its existence. The following day (May 4, 2004), HSBC filed its Motion to Reconsider Denial of Motion to Stay Depositions, which HSBC asserts justifies its non-appearance at the May 5, 2004 deposition.

The Court is unpersuaded by HSBC's assertion that a party need not appear at a duly noticed deposition by the mere filing and pendency of a Rule 26(c) motion. Such a rule would unnecessarily halt the discovery process. Until HSBC obtained a court order staying the deposition or dispensing with its duty to appear, HSBC was obligated to attend the duly noticed depositions. The better course of action would have been for HSBC to appear as scheduled and then seek a recess to determine whether its Application to Stay Depositions had been acted upon.

While the filing of a Rule 26(c) motion does not automatically relieve the HSBC of its duty to appear at the duly noticed depositions, it may be considered in determining what sanction, if any, to impose.[7] The Court, however, finds HSBC's explanations unconvincing and believes that the imposition of sanctions is appropriate in this instance. HSBC knew that Mr. Granillo's deposition was scheduled for Monday, May 3, 2004 at 9:00 a.m. Thus, on Friday, April 30, 2004 HSBC filed its Application to Stay Depositions. Therein, HSBC argued that "[i]t is important and urgent that the motion be heard as soon as possible." (Docket No. 88 at 2.) Judge Unpingco denied the Application to Stay Depositions in a written Order filed on April 30, 2004. (Docket No. 96.) Thus, on May 3, 2004, there was no motion for protective order pending before the Court. While HSBC contends that it did not receive notice of the Court's ruling until the afternoon of May 3, 2004, it was incumbent upon HSBC as the moving party seeking immediate Court intervention to follow up on its Application to Stay Depositions. HSBC could have easily

---

[7] Fed. R. Civ. P. 37(d) provides that "[t]he failure to [appear at a duly noticed deposition] *may* not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." The Advisory Committee Notes clarify this sentence and provide that

"it is the pendency of a motion for protective order that may be urged as an excuse for a violation of subdivision (d). **If a party's motion has been denied, the party cannot argue that its subsequent failure to comply would be justified.** In this connection, its should be noted that **the filing of a motion under Rule 26(c) is not self-executing – the relief authorized under that rule depends on obtaining the court's order to that effect.** Fed. R. Civ. P. 37, Advisory Committee Notes, 1993 Amendments (emphasis added).

telephoned the Clerk's Office at 8:00 a.m. that morning to inquire into whether the Court had ruled on its Application to Stay Depositions. HSBC would then have realized that it had no excuse for not appearing.

Similarly, HSBC's non-appearance at the May 5, 2004 deposition of Mr. Underwood is inexcusable. HSBC concedes that by said date, it was aware of Judge Unpingco's ruling denying the Application to Stay Depositions. Nevertheless, it elected not to appear at the duly noticed deposition, claiming that the May 4, 2004 filing of its Motion to Reconsider Denial of Motion to Stay Depositions relieved it of its obligation to appear. HSBC has provided no authority to support its proposition that a motion to reconsider may be viewed as a Rule 26(c) motion for protective order. Such a rule would only encourage the filing of frivolous motions to reconsider and would grind the discovery process to a halt. Even had Judge Unpingco granted HSBC's motion to dismiss the First Amended Complaint in its entirety, this would not have relieved HSBC of its obligation to appear at the depositions, because discovery could still be had on the First, Second, Fourth, and Fifth causes of action of the original Complaint, which had survived a previous Motion to Dismiss filed by HSBC. HSBC has no valid excuse for its failure to appear at the duly noticed depositions. Accordingly, the Court grants the Plaintiffs' request to impose sanctions against HSBC.

## II. Conclusion

The Court grants in part HSBC's Motion to Vacate Scheduling Order. Consistent with its ruling above, ¶D of the February 3, 2004 Scheduling Order and Discovery Plan is modified as follows:

(iii) The discovery cut-off date defined as the last day to file responses to discovery is: August 17, 2004;

(iv) The discovery and dispositive motion cut-off date is: August 31, 2004;

(v) The preliminary pretrial conference date is: September 28, 2004 at 2:30 p.m.;

(vi) The date for filing the trial brief is: September 17, 2004;

(vii) The date for filing exhibit lists, witness lists, and the joint pretrial order as required by L.R. 16.7 is: October 5, 2004;

(viii) The final pretrial conference date is: October 12, 2004 at 2:30 p.m.;

(ix) The trial date is: October 19, 2004 at 9:00 a.m.

Additionally, the Court grants the Plaintiffs' request for sanctions. However, the Court is unable to appropriately assess the award of sanctions based on the record before it. Accordingly, the Plaintiffs shall submit within seven (7) days following receipt of this Order a detailed explanation or declaration of the expenses incurred, including attorney fees, in preparation for the depositions of Messrs. Granillo and Underwood. HSBC shall have three (3) days from the filing of said explanation or declaration to refute the reasonableness of the claimed expenses and fees. Thereafter, without further hearing, the Court will issue a final determination on the appropriate amount of sanctions to impose against HSBC.

Finally, in the event any party files or intends to file an objection to this Order, the Court hereby announces that it will not stay this Order pending the determination of any such objection by a district judge. Instead, a motion to stay this Order shall be made directly to the district judge.

SO ORDERED this 8th day of June, 2004.

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge

Notice is hereby given that this document was entered on the docket on ___JUN 0 9 2004___.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____  JUN 0 9 2004
Deputy Clerk      Date