JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734



Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' SECOND EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST TO TAKE DEPOSITIONS OF MAGNUS MONTAN AND CHRISTOPHER PAGE IN HONG KONG; CERTIFICATE OF COUNSEL (L.R. 16(j)(1))<br><br>**Discovery Deadline: August 19, 2004**<br>**Trial Date: October 19, 2004** |

ANITA P. ARRIOLA declares:

1. I am an attorney for plaintiffs Alan Sadhwani, et al. in the above-captioned matter. I make this Declaration in support of Plaintiffs' Second Ex Parte Application for Issuance of Letter of Request to Take Depositions of Magnus Montan and Christopher Page in Hong Kong. I have personal knowledge of the facts contained herein.

2. The evidence sought in the depositions of Messrs. Montan and Page is essential to the trial in this proceeding, is intended to be given at trial, and will be admissible at trial. One of the central issues in the case is whether HSBC, by and through its employees, breached the loan

workout agreement with plaintiffs by selling the Loan to Paradise Marine Corporation. I have reviewed numerous documents produced by HSBC and Paradise Marine Corporation in this case and they indicate that Magnus Montan and Christopher Page are employees at HSBC Hong Kong who were involved in the decision to sell the Loan to Paradise Marine Corporation. They were also involved in the negotiations for the sale of the Loan. Messrs. Montan and Page will be examined on, among other things, their education and employment background, their actions and course of conduct in the decision to sell the Loan to Paradise Marine Corporation, and their negotiations in the sale of the Loan.

3. The discovery deadline in this case is August 19, 2004. An Order was issued from the appropriate Judicial Authority in Hong Kong authorizing the depositions of Messrs. Montan and Page for July 9, 2004. However, HSBC's Hong Kong counsel has objected to the Letter of Request on the grounds that the Magistrate had no authority to issue the Letter of Request since the District Judge's General Order did not issue until April 30, 2004 after the Letter of Request issued. True and correct copies of the Hong Kong Order and the letter of HSBC's counsel are attached hereto as Exhibits 1 and 2. Accordingly, I respectfully request, on behalf of the plaintiffs, that this Court act expeditiously in hearing and granting Plaintiffs' Ex Parte Application for Issuance of Letter of Request to Take Depositions of Magnus and Montan and Christopher Page in Hong Kong.

4. The opposing counsel in this case is Jacques Bronze. I advised Mr. Bronze of this ex parte application by telephone today. Mr. Bronze has indicated that he does not oppose the application but reserves all rights and defenses, and he has requested to be present when the application is presented to the court.

///

I declare under penalty of perjury under the laws of Guam and the United States that the foregoing is true and correct.

Dated this 16th day of June, 2004.

_____
**ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on June 16, 2004, I caused to be served via hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' SECOND EX PARTE APPLICATION FOR ISSUANCE OF LETTER OF REQUEST TO TAKE DEPOSITIONS OF MAGNUS MONTAN AND CHRISTOPHER PAGE IN HONG KONG; CERTIFICATE OF COUNSEL (L.R. 16(j)(1))** to:

> Jacques A. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 16th day of June, 2004.

_____
ANITA P. ARRIOLA

Master de Souza
09/07/2004 (Fri) 02:30 pm
HCMP1167 /2004

HCMP 1167/2004

## IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## MISCELLANEOUS PROCEEDING NO. 1167 OF 2004

In the Matter of the Evidence Ordinance (Cap. 8)

And in the Matter of Order 39 and Order 70 of the Rules of the High Court

And in the Matter of a Civil Matter now pending before the United States District Court of Guam (Civil Case No. 03-00036)

BETWEEN :-



|  |  |  |
|---|---|---|
| | ALAN SADHWANI, LAJU SADHWANI, K. SADHWANI'S INC. | *Applicants (Plaintiffs in Guam proceedings)* |
| | and | |
| | HONGKONG AND SHANGHAI BANKING CORPORATION LTD. a Foreign corporation, JOHN DOE I through JOHN DOE X | *Respondents (Defendants in Guam proceedings)* |

1 0 JUN 2004

### BEFORE MASTER J. WONG OF HIGH COURT IN CHAMBERS

### ORDER

UPON the ex-parte application of the Applicants by way of Originating Summons dated 7th May 2004.

AND UPON reading the First Affidavit of Andrew Chan Weng Yew filed herein on 7th May 2004 and the respective Exhibits referred to therein.

IT IS ORDERED that :-

1. Mr. Magus Montan and Mr. Christopher Page both c/o HongKong and Shanghai Banking Corporation Limited at 1 Queen's Road Central, Hong

Kong (hereinafter referred to as "the Witnesses") attend before Master De Souza who is hereby appointed as examiner herein, at the High Court of the Hong Kong Special Administrative Region on Fri day the 9th day of July 2004 at 2:30 o'clock in the after noon or such other day and time as the said examiner may appoint for oral examination on oath before the examiner with estimated time to be agreed or directed by the examiner.

2. The Witnesses be examined orally and by tape recording or video recording, more particularly that they be asked the questions that are filed separately and under seal in the Guam proceedings as referred to in the Letter of Request For Taking The Depositions of Magus Montan and Christopher Page in Hong Kong dated the 30th March 2004 as amended by an Order dated 7th April 2004 (together known as "the Request") and exhibited to the aforesaid Affidavit of Andrew Chan Weng Yew, in the presence of the agents of the Applicants/Plaintiffs and Respondents/Defendants or such of them as attend the examination on due notice given;

3. The agents and/or solicitors of both the Applicants/Plaintiffs and the Respondents/Defendants (with Counsel if so instructed) or such of them as are present pursuant to paragraphs 1 and 2 of this Order be permitted to examine orally upon the subject matter thereof arising out of the answer thereto the Witnesses and the other party to cross-examine the Witnesses orally and the party producing the Witnesses for examination to re-examine them orally;

4. The evidence of the Witnesses Mr. Montan and Mr. Page pursuant to paragraphs 1, 2 and 3 of this Order be caused to be reduced into writing and all books, documents and things produced on such examination to be duly marked for identification and to authenticate such examination by the seal of this Honourable Court or in such other way as in accordance with the procedure of this Court and to return it together with a note of the charges and expenses payable in respect of the execution of this request through Applicants'/Plaintiffs' Solicitors, Ince & Co to the United States District Court

of Guam and to return the written evidence and documents produced to the person and address as follows :-

The Honourable Joaquin V.E. Manibusan, Jr.
United States District Court of Guam
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910

5. The costs of and occasioned by this application be reserved.

Dated the 7th day of June 2004

Registrar

HCMP 1167/2004

**Penal Notice**
If you, the within named Mr. Magnus Montan and Mr. Christopher Page neglect to obey this Order by the time stated, you are liable to process of execution to compel you to obey it. You may also be held to be in contempt of Court and be liable to imprisonment.

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDING NO. 1167 OF 2004

In the Matter of the Evidence Ordinance (Cap. 8)

And in the Matter of Order 39 and Order 70 of the Rules of the High Court

And in the Matter of a Civil Matter now pending before the United States District Court of Guam (Civil Case No. 03-00036)

BETWEEN :-

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, K SADHWANI'S INC. | *Applicants (Plaintiffs in Guam proceedings)* |
| and | |
| HONGKONG AND SHANGHAI BANKING CORPORATION LTD. a Foreign corporation, JOHN DOE I through JOHN DOE X | *Respondents (Defendants in Guam proceedings)* |

---

### ORDER
---

Dated this 7th day of June 2004
Filed this 10th day of June 2004

Ince & Co.
Solicitors for the Applicants
38th Floor, Asia Pacific Finance Tower
Citibank Plaza, 3 Garden Road
Central, Hong Kong
Tel : 2877-3221
Fax : 2877-2633

(Ref : AWC/SLC/ac (04.9838)
\\Hkfilo01\alluser\04-9838\Court\Order April 04.doc



孖士打律師行

Messrs. Ince & Co.
3801-6, Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong

Attn: Mr. Andrew Chan
and Ms. Sharon Chan

Our Ref: AWCL/H2/04/6716699/4
Your Ref: AWC/SLC (04.9838)
Direct Tel: 2843 4536
Direct Fax: 2103 5158
Date: 15th June 2004

16th-19th Floors

Prince's Building

10 Chater Road

Central

Hong Kong

香港中環

遮打道10號

太子大廈16-19樓

Tel 電話

(852) 2843 2211

Fax 傳真

(852) 2845 9121

E-mail 電郵

jsmhk@jsm.com

www.jsm.com

**By Fax No.: 2877 2633 and By DX**
No. of pages: 2 + 8

# URGENT

Dear Sirs,

Re: **HCMP No.1167 of 2004**

We refer to the deposition Order made by Master J. Wong, dated 7th June 2004.

Having reviewed the papers you served on us last Friday, we understand this Order was made to give effect to a Letter of Request issued by Magistrate Manibusan of the District Court of Guam, dated 30th March 2004, as amended by an Order dated 7th April 2004.

However, we are instructed that Magistrate Manibusan, in fact, had no authority to issue any Letter of Request under Section 636 of Title 28 of the United States Code at the material time, and the Order delegating such authority to him was only issued by the Chief Judge of Guam on 30th April 2004. In this regard, a copy of the Order of the Chief Judge of Guam, which has no retrospective effect, is now attached for your consideration.

Since the Magistrate clearly had no jurisdiction to issue the Letter of Request in question, the recipient Court, being Hong Kong Court, should not give effect to it. Consequently, we have instructions from the witnesses to set aside the deposition Order made against them. Unless you agree to voluntarily set aside the deposition Order before noon on **17th June 2004**, we have instructions to make an application to the Court to set aside such Order, and will hold your client responsible for the legal costs incurred as a result.

Other offices - Bangkok  Beijing  Hanoi  Ho Chi Minh City  Shanghai

Partners: [partners list illegible]



Meanwhile, all the rights and remedies of our clients are expressly reserved.

Yours faithfully,

*Johnson Stokes & Master.*
Johnson Stokes & Master
Enc.

L09/cw