JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



FILED
DISTRICT COURT OF GUAM
JUN 21 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>                      Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>                      Defendants. | CIVIL CASE NO. 03-00036<br><br>**OBJECTIONS TO MAGISTRATE'S ORDER DENYING HSBC's MOTION TO STAY ORDER GRANTING, IN PART, MOTION TO COMPEL PENDING RULING BY DISTRICT JUDGE ON HSBC's OBJECTIONS; REQUEST FOR ORAL ARGUMENT** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") submits these Objections to the Magistrate's Order Denying HSBC's Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling By District Judge on HSBC's Objections. HSBC requests oral argument before the District Judge on these Objections.

//

//

ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument
Page 2 of 9 pages

## I. INTRODUCTION

On May 27, 2004, the Magistrate Judge issued an Order ("Order I") which granted, in part, Plaintiffs' motion to compel related to their Third Set of Requests for Production of Documents.[1] In Order I, the Magistrate Judge directed that HSBC was required to produce and permit Plaintiffs to inspect and copy approximately 475,000 pages of documents.[2] *Order I at 10.* Further, Order I directed that HSBC must produce the documents for inspection "at the law offices of the Plaintiffs' counsel on June 4, 2004 at 9:00 a.m." and such inspection will continue "so long as is reasonably required". *Id.* Order I gave HSBC less than three full, working days to locate and arrange for the transportation of the documents.[3] HSBC filed objections to Order I on June 4, 2004, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A). Oral argument on the objections is scheduled for June 29, 2004, at 11:00 a.m.

On June 3, 2004, HSBC filed an ex parte application and motion to stay Order I pending a ruling by the District Judge on HSBC's objections. However, without a hearing or any opposition being filed by Plaintiffs, the Magistrate Judge advised counsel, in a conference

---

[1] HSBC received a copy of Order I on May 28, 2004.

[2] The documents to be produced are contained in 190 "banker boxes" and each box contains 2000 to 3000 pages of documents. *See, Declaration of I. C. Underwood, filed herein on May 11, 2004.*

[3] HSBC did not receive Order I until May 28 and that date is not counted in computing the time allowed for HSBC to comply with Order I, pursuant to FRCP 6(a), May 29 and 30 were Saturday and Sunday, and May 31 was Memorial Day, a Federal holiday. Accordingly, HSBC only had three working days before compliance is required on June 4.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument
Page 3 of 9 pages

telephone call, several hours after the motion to stay was filed, that the motion was denied and that a written order would follow. On June 7, 2004, the Magistrate Judge issued an Order ("Order II") which denies HSBC's motion to stay. HSBC files these Objections to Order II.

## II. HSBC's OBJECTIONS ARE TIMELY.

Reconsideration of a magistrate judge's order is governed by Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A). *Berry v. Baca, et al., 2002 WL 1777412 (C. D. Cal.).* Pursuant to Rule 72(a), within ten days after being served with a copy of a magistrate judge's order, a party may serve and file objections to the order and the district judge shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. Pursuant to Rule 6(a), when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Since Order II was issued on June 7, 2004, HSBC has at least to June 21, 2004, within which to file its Objections.

## III. THE MAGISTRATE JUDGE'S RULING THAT THE FILING OF OBJECTIONS DID NOT STAY THE EFFECT OF ORDER I IS CLEARLY ERRONEOUS.

The Magistrate Judge determined that the filing of objections by HSBC to Order I did not automatically stay Order I or relieve HSBC of the obligation to comply with Order I pending a ruling by the District Judge on the Objections. *Order II at 2.* HSBC respectfully submits that this holding is clearly erroneous.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument
Page 4 of 9 pages

There is authority that the filing of objections to a magistrate judge's order automatically stays the operation of that order pending a ruling by the district judge on the objections. In the case of *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154 (N. D. Ill. 1993), the district judge found that a party could have temporarily avoided compliance with the magistrate judge's order by either objecting to the order or independently moving the court for a stay of the order. *Id. at 157; also see, U.S.A. ex rel. Robinson v. Northrop Grumman Corp.*, 2002 U.S. Dist. LEXIS 18389 at *6 n. 3 (citing *Cohn, supra*); *contra, Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654 (D. Colo. 2001). Accordingly, by filing timely Objections to the Order, the operation of the Order is stayed until the District Judge issues a ruling on the Objections.

However, in an abundance of caution, HSBC also filed its Motion to stay Order I pending a ruling on the objections. Rule 72(a) is silent as to whether a party's duty to comply with a magistrate judge's order is automatically stayed pending review by the district court of that party's objections. *See, Esparza, supra at 656.* There is nothing which prevents a party from seeking a stay of the effect of a magistrate judge's order and, upon an adequate showing, such a stay should be granted by either the magistrate judge or the district judge. *Id. at 657; see also, Grossman v. Schwarz*, 1989 U.S. Dist. LEXIS 4238 at *2. A motion for a stay is timely if it is made prior to the date for compliance. *In re Lernout & Hauspie Securities Litig.*, 219 F.R.D. 28, 30-1 (D. Mass. 2003). HSBC's Motion to stay was timely and it should have been granted by the Magistrate Judge until a ruling on the objections to Order I was made by the District Judge.

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument
Page 5 of 9 pages

## IV. FAILURE TO GRANT THE STAY NULLIFIED HSBC's RIGHT TO HAVE A DISTRICT JUDGE REVIEW ORDER II BEFORE COMPLIANCE WAS REQUIRED.

HSBC moved for a stay because HSBC's right to have objections to Order I determined by the district judge, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A), would be nullified and rendered moot if a stay was not granted. Since compliance with Order I and production of the documents was required on June 4, 2004, a number of days before HSBC was required to file its objections to Order I under Rule 72(a), it was impossible for the district judge to consider, much less rule upon, HSBC's objections before the date of compliance. If HSBC complied with Order I on June 4 and produced the documents which are the subject of the objections, then the objections to Order I may be rendered moot and HSBC's rights under Rule 72(a) will have been nullified. *See, e.g., Cohn v. Taco Bell, supra, at 157* (party's objections were moot because it complied with order on motion to compel).

Although the Magistrate Judge acknowledged the prejudice to HSBC by not being able to have its objections to Order I determined by a district judge before compliance, Order II did not discuss such prejudice or how a party could ever have its objections to a magistrate judge's order reviewed by a district judge when the time for compliance is extremely short and a stay is refused. *Order II at 3*. It was clear error for the Magistrate Judge to deny HSBC's Motion to stay the operation of Order I pending review of the objections filed by HSBC. While Order II

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument
Page 6 of 9 pages

argues that HSBC has delayed discovery by filing motions, which HSBC denies[4], and the trial date is "fast approaching", it is important to note that the discovery deadline has been extended and the trial date continued in an Order signed by the Magistrate Judge on June 8, 2004. *See, Order, filed June 9, 2004, at 8-9.* The Magistrate Judge was obviously aware that the discovery deadline and trial date were to be extended even before Order II was issued. *Id. at 4, 6* (Plaintiffs agree that discovery deadline should be extended; no district judge designated on original trial date).

## V. IT WAS ERROR FOR THE MAGISTRATE JUDGE TO BASE A FINDING OF PREJUDICE ON HEARSAY STATEMENTS.

The Magistrate Judge apparently found prejudice to the Plaintiffs based upon hearsay statements made by Plaintiffs' counsel at the June 3, 2004, hearing to the effect that Plaintiffs had to pay $75,000 per month on their loan of $6.5 million dollars and that there was the "possibility" of foreclosure. *Order II at 3.* Such statements by counsel were not contained in any pleading or declaration, were offered for the truth of the matters stated therein, and were clearly hearsay and not admissible. *See, Federal Rules of Evidence, Rule 801(c).* The Magistrate Judge apparently relied upon the finding of prejudice to the Plaintiffs as a basis for denying HSBC's

---

[4] Plaintiffs served the Third Request for Production on March 8, 2004, and HSBC timely responded and objected on April 2, 2004. Plaintiffs filed an ex parte motion to compel related to the Third Request on April 19, 2004. On May 4, 2004, an Order was issued establishing a briefing schedule on the ex parte motion to compel and a hearing date of May 18, 2004. HSBC neither objected to having the matter heard on an ex parte basis nor requested additional time to file pleadings or prepare. HSBC timely filed its opposition to the motion to compel on May 11, 2004, and appeared for hearing on May 18, 2004. On May 27, 2004, an Order was filed which granted in part and denied in part the motion to compel. It is clear from the record that HSBC has done nothing to delay the resolution of the issues arising from the Third Request and its objections were, at least in part, justified.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument
Page 7 of 9 pages

Motion to stay. *Order II at 3-4.*

It was clear error for the Magistrate Judge to make a finding of prejudice to Plaintiffs based upon the conclusory hearsay statements of counsel which had not been raised in any pleading and were made, for the first time, at the hearing.

## VI. IT WAS CLEAR ERROR FOR THE MAGISTRATE JUDGE TO REVIEW THE OBJECTIONS TO HIS OWN ORDER AND CONCLUDE THAT THERE WAS "NO CLEAR POSSIBILITY" THE OBJECTIONS WOULD BE SUSTAINED BY THE DISTRICT JUDGE.

In denying HSBC's Motion to stay Order I, the Magistrate Judge "reviewed" HSBC's Objections to Order I filed on June 4, 2004, and concluded that the Objections were not "meritorious" and there was "no clear possibility" that the Objections would be sustained upon review by the district judge. *Order II at 3.* As authority for taking a "preliminary peek" at the Objections HSBC filed for review by the district judge, the Magistrate Judge cites to the case of *GTE Wireless, Inc. v. Qualcomm, Inc., 192 F.R.D. 284 (S.D. Cal. 2000).* However, the *GTE Wireless* case, *supra*, is inapplicable and provides no authority for a magistrate judge to "review" objections to an order issued by the very same magistrate to determine whether the objections will be "meritorious" or whether there is a "clear possibility" the objections will be sustained when reviewed by the district judge.

In the *GTE Wireless* case, Qualcomm brought a motion for stay of discovery pending a ruling on its dispositive motion for summary judgment. *Id. at 285.* The magistrate court denied

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument
Page 8 of 9 pages

the motion to stay and held that, after it had taken a preliminary peek at the underlying dispositive motion, it was not "immediately certain" or a "foregone conclusion" that the motion for summary judgment would succeed. *Id. at 286.* Qualcomm filed objections to the magistrate's order and the district judge held that the magistrate had committed clear error in applying the wrong standard in reviewing whether to grant a motion to stay discovery while a dispositive motion is pending. *Id. at 290.* The district judge sustained the objections and granted a stay of discovery holding that the correct standard was whether there existed a "clear possibility" that the underlying motion for summary judgment would be granted. *Id.*

The *GTE Wireles* case has no applicability to this case. Here, there is no dispositive motion directed to the district judge that the magistrate judge needs to take a "preliminary peek" at to determine whether there is a "clear possibility" that it will be granted by the district judge. Instead, the Magistrate Judge has taken a "preliminary peek" at HSBC's Objections made to Order I, authored by the very same Magistrate Judge, and determined, not surprisingly, that there is "no clear possibility" that the Objections to the Magistrate's own Order "will be sustained upon review by the district judge". The *GTE Wireless* case is inapplicable and it was clear error for the Magistrate Judge to take a "peek" at the Objections and determine they had no possibility of being sustained by the district judge as a basis for denying HSBC's Motion to stay.

For the reasons stated herein, these Objections should be granted and Orders I and II should be vacated.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections to Magistrate's Order Denying Motion to Stay Order Granting, In Part, Motion to Compel Pending Ruling
By District Judge on HSBC's Objections; Request for Oral Argument

**DATED** this 21st day of June 2004.

        **LAW OFFICES OF BRONZE & TANG**
        **A Professional Corporation**

By: _____
        **JACQUES G. BRONZE**
        *Attorneys for Defendant The Hongkong and*
        *Shanghai Banking Corporation Ltd.*