**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

*Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br><br><br>**HSBC's OBJECTIONS TO PLAINTIFFS' FEES AND EXPENSES** |

## INTRODUCTION

On June 9, 2004, the Magistrate Judge issued an Order pursuant to FRCP 37(d) imposing sanctions on HSBC for Messrs. Granillo and Underwood's failure to attend the deposition set for May 3 and 5th, 2004, respectively. See, p. 6 of Order. The Order provides "... the Plaintiffs shall submit with seven days following receipt of this Order detailed explanation or declaration of the expenses incurred, including attorney fees, in preparation for the depositions ... ." See, p. 9 of Order. The Order permitted HSBC to "... refute the reasonableness of the claimed expenses and

fees." See, p.9 of Order. Sanctions imposed under FRCP 37(d) should only be limited to the reasonable expenses, including attorney fees, caused by the purported unjustified violation. See, *Batson v. Neal, Spelce Assocs.*, 765 F.2d 511, 516 (5th Cir. 1985). Thus, under FRCP 37(d), only reasonable expenses and fees incurred <u>in obtaining the order</u> is authorized. However, in the instant case, the Order limits the expenses and fees to "... preparation for the depositions...," which means, assuming the fees are reasonable, HSBC should only be liable for counsel Anita Arriola's fees in the amount of $3010.00.

The proper method for awarding attorney fees as a sanction for discovery misconduct is the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended.

## REASONABLE HOURLY RATE

Under *Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, (1983), the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate. 461 U.S. at 433. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Blum v. Stenson,* 465 U.S. at 895-96 n. 11, *accord, Gaines v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir. 1985). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *NAACP v. City of Evergreen,* 812 F.2d 1333, 1338 (11th Cir. 1987). Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. *Blum,* 465 U.S. at 896 n. 11. It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed

and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. See, *Hensley,* 461 U.S. at 439 n. 15. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.

As Judge Clark recognized in his dissenting opinion in *Mayson v. Pierce,* 806 F.2d 1556 1561 (11th Cir, 1987), the court is seldom presented with one figure as a prevailing market rate. "More typically, the fee applicant asks for rates approximating the highest charged in the community, whereas the fee opponent generally submits evidence of the lowest rate charged in any part of the community." Id. "Once a district court has winnowed down the comparables offered by the parties to those which are relevant to the facts and circumstances of the case, the client, and the attorney before it, this court would still expect that there might be a range in prevailing market rates." Id. That range is accounted for almost always by experience, skill and reputation.

As the Court stated in *Marshall v. The Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1301 (11th Cir. 1988):

> . . . [T]he best information available to the court is usually a range of fees set by the market place, with the variants best explained by reference to an attorney's demonstrated skill. It is the job of the district court in a given case to interpolate the reasonable rate based on an analysis of the skills enumerated above which were exhibited by the attorney in the case at bar, remembering that the highest market rates are not theoretical rates for the perfect lawyer and that the lowest market rates are being earned not by imbeciles but by men and women who are proud to say they are attorneys, who are good enough to earn a livelihood from the profession, and who are at least well enough qualified to be admitted to the bar.

In the instant case, the Declaration of Anita Arriola submitted in support of the fee award is by and large inadequate. The bare statements that she charges $215 per hour and spent some hours doing this and some hours doing that is inadequate since its barren of detailed analyses what she did. Nor does her declaration attest to the reasonableness of her hourly rate which hardly mention of the market rates in Guam. Moreover, the declaration fails to contain any statement that the rates to which she claims was charged in similar cases for similar clients, by lawyers of similar skill and experience. The same deficiencies are contained in the Declaration of Joaquin C. Arriola. $280 per hour is an intolerably inflated fee request justifying a complete denial of the fees. See, *Lewis v. Kendrick*, 944 F.2d 949 (1st Cir. 1991); *Brown v. Iowa*, 152 F.R.D. 168 (S.D. Iowa, 1993). The greater outrage is for counsel Joaquin Arriola to request payment of fees for Jacqueline Terlaje, an associate with his firm, without even a declaration from her.

## HOURS REASONABLY EXPENDED.

The next step in the computation of the lodestar is the ascertainment of reasonable hours. The burden is on Plaintiffs which can satisfy that burden by submitting a fee application containing "sufficiently detailed information about the hours logged and the work done," so that the court can "make an independent determination whether ... the hours claimed are justified." See, *National Association of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1327 (D.C.C. 1982). Further, fee counsel should have maintained records to show the time spent on the different matters undertaken, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity. *Hensley*, 461 U.S. at 437 n. 12; *NAACP v. City of Evergreen*, 812 F.2d at 1337. A

-4-

well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

Such is not the case here. No court can make such independent determination based on Plaintiffs declarations since no detailed information about the amount time spent are provided other than declarants gross hours spent.

*Hensley* teaches that "excessive, redundant or otherwise unnecessary" hours, should be excluded from the amount claimed. 461 U.S. at 434. In other words, the Supreme Court requires fee applicants to exercise "billing judgment." Id. at 437. This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.* Id. at 434. If it were otherwise, an inexperienced or unskillful attorney would face a double penalty. First, his hourly rate would be lowered and second, his time reduced.

Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled too much weight. See, *Hensley,* 461 U.S. at 439 n. 15. In the instant case, the declarations of both counsels do not even bother to mention that the time spent were reasonable. The district court must exclude hours thought to be unreasonable or unnecessary.

In the instant case, Plaintiffs have failed to satisfy the burden of providing sufficiently detailed information about the activities for which they presently seek compensation. In her Declaration, Anita Arriola states that in preparation for the deposition of Mr. Granillo, she spent "6.5 hours" reviewing "5931 pages of documents" ("PMC documents") she received from Paradise Marine Corporation ("PMC"). In addition, she states she spent "6.5 hours" preparing for the deposition of Mr. Underwood. The PMC documents were provided to Plaintiffs on or

about early March, 2004, and were already reviewed and extensively used by Plaintiffs' counsel as exhibits in the depositions of Joseph K. Fang and Stephen Grantham taken on May 7 and May 10, 2004, respectively. See, Declaration of Jacques G. Bronze. Similarly, the emails reviewed in reference to the Underwood deposition were provided to Plaintiffs on or about February 23, 2004, and were extensively used as Plaintiffs' exhibits in the deposition of Joseph K. Fang. See, Declaration of Jacques G. Bronze. As pointed above, parties cannot recover for redundant hours. Likewise, parties cannot recover for duplicative activities. See, *Martini v. Fed. National Mortgage Ass'n.*, 977 F.Supp 482, 487 (D.D.C. 1997).

In regards to Joaquin Arriola's time for preparation of the Motion to Compel, there is no detailed time entry as to how the 8.7 hours was spent to prepare this 4.5 page motion. Nearly all the cases cited were inapplicable and none were cited by the court in its Order. In short, the "8.7 hours" being claimed by Joaquin Arriola is unreasonable and grossly exaggerated and since he has failed to proffer any substantiation in the form of time sheets for himself and his associate the court should deny the requested fees, notwithstanding that the Court's Order limited the expenses to "preparation of the depositions."

## ADJUSTMENTS OF THE LODESTAR.

Even if the results obtained are exceptional, no enhancement is permissible unless there is specific evidence in the record to show that the quality of representation was superior to that which one would reasonably expect in light of the rates claimed. *Blum,* 465 U.S. at 899. This is because the reasonable hourly rate already should reflect the skill demonstrated by the advocate. Again the record is devoid of any such evidence and the burden to prove such is on the Plaintiffs counsel.

## CONCLUSION

Based on the court's order only Anita Arriola's fees are recoverable, but since there is an incomplete enumeration of time expended and duplication of effort in reviewing the same documents three times, the Court should deny the fees in its entirety or by fifty percent. Assuming the Court is inclined to deviate from its own Order and order additional fees to be paid for preparation of the Motion to Compel, the fees being claimed by Joaquin Arriola is intolerably inflated, notwithstanding his hourly rate is unreasonable. The law seeks to compensate attorneys for work reasonably done to actually secure for clients the benefits to which they are entitled, not to serve as a full employment program or overbilling scheme for lawyers.

*Respectfully submitted* this 19th day of June 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
JACQUES G. BRONZE
*Attorneys for Defendant HSBC*

## CERTIFICATE OF SERVICE

I, **JACQUES G. BRONZE**, hereby certify that on June 21st, 2004, I caused to be served via hand delivery, **HSBC's OBJECTIONS TO PLAINTIFFS' FEES AND EXPENSES** and **DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF HSBC's OBJECTIONS TO PLAINTIFFS' FEES AND EXPENSES** to:

>Joaquin C. Arriola
>Anita P. Arriola
>**ARRIOLA, COWAN & ARRIOLA**
>259 Martyr Street, Suite 201
>Hagåtña, Guam 96910
>
>*Attorneys for Plaintiffs*

DATED this 21st day of June 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
JACQUES G. BRONZE
*Attorneys for Defendant HSBC*