**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671



*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>    Defendants. | CIVIL CASE NO. 03-00036<br><br>**HSBC'S OBJECTIONS TO MAGISTRATE JUDGE ORDER DATED JUNE 9, 2004; REQUEST FOR ORAL ARGUMENT** |

### FACTS

On June 9, 2004, the Magistrate Judge issued an Order (1) modifying the Scheduling Order to the detriment of HSBC and (2) granted Plaintiffs' Motion to Compel Messrs. Underwood and Granillo to appear at two depositions to be scheduled by Plaintiffs. HSBC objects to the Magistrate Order's modifying the Scheduling Order by denying HSBC's request for a longer discovery period. HSBC hereby submits the grounds for its objections and also requests for oral argument.

## ANALYSIS

A magistrate judge has the authority to hear matters that are not dispositive of a claim or defense. Fed.R.Civ.P. 72. These include discovery motions. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). Reconsideration of a magistrate judge's order is governed by 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). Section 636(b)(1)(A) provides, in pertinent part: "A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) implements § 636(b)(1)(A), providing that:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order . . . The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a).

Where the magistrate judge determines issues of fact, review by the district court is limited to conclusions that are "clearly erroneous". Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein, 917 F.Supp. 717, 719 (S.D. Cal. 1996). However, § 636(b)(1)(A) provides for de novo review by the district court on issues of law. Medical Imaging, 917 F.Supp. at 719 (citing Adolph Coors Co. v. Wallace, 570 F.Supp. 202 (C.D. Cal. 1983)). The Magistrate Court has made conclusions contrary to law or which are clearly erroneous, and this Court should undertake a de novo review of the Magistrate Judge's Order.

# I.

## THE MAGISTRATE COURT'S PARTIAL DENIAL OF HSBC'S MOTION TO VACATE THE SCHEDULING ORDER AND CONTINUE THE DISCOVERY AND TRIAL DATES IS CLEARLY ERRONEOUS AND SHOULD BE REVERSED.

In its Order dated June 9, 2004, the Magistrate found "... the existence of good cause to extend the discovery deadlines." See, p. 5 of Order. The Magistrate based his finding on four factors, one of which is the "... the parties joint representation that an extension is necessary to complete discovery... ." See, p. 5 of Order. Based on the above, the Magistrate extended the discovery period from June 8 to August 17, 2004, a mere additional seventy days which was the exact amount of time requested by Plaintiffs.

Even under the stricter standard of review applied by Court of Appeals for a district court judge's denial of a continuance, the Court of Appeals will find abuse of discretion where the district judge has exercised his discretion unreasonably, arbitrarily or capriciously. See, Quiet Technology DC-8 Inc. v. Hurel-Dubois UK Ltd., 326 F3d 1333 (11th Cir. 2003). In the instant case, the Magistrate's Order clearly demonstrates arbitrariness and unreasonableness.

The Magistrate found that "HSBC's request to extend the discovery period for another 18 months ... was unreasonable." See, p. 5 of Order. First and foremost, the Magistrate's finding is clearly erroneous since the Proposed Scheduling Order filed by HSBC with this Court on May 7, 2004, calls for 12 months and seven days of additional discovery, not 18 months as stated by the Court. See, p. 5 of HSBC's Proposed Amended Scheduling Order and Discovery Plan filed on May 7, 2004. Thus, it was erroneous for the Magistrate to conclude that HSBC sought 18 months of additional discovery.

HSBC's need for the twelve months of additional time to conduct discovery is based on the need to depose two individuals residing outside of the U.S. HSBC only became aware of these two individuals upon review of Plaintiffs Response to HSBC's First Set of Interrogatories, received on April 30, 2004, which identified these two individuals, namely Vashi Jadwani ("Mr. Jadwani") from the Philippines and Haresh Mukhi ("Mr. Mukhi") from Dubai in the U.A.E. The identity of these two individuals was never known or disclosed to HSBC; either in Plaintiffs' mandatory initial or supplemental disclosures, as required under Rule 26(a)(1), or any other discovery responses prior to the filing of HSBC's Motion for Continuance filed on May 7, 2004. See, Exhibits "1" and "2" attached to the Declaration of Jacques G. Bronze.

HSBC can only surmise that these two individuals have been identified to potentially testify that they each had an oral and/or written agreement with Plaintiffs that in the event Plaintiffs could not procure "alternate" financing from First Hawaiian Bank, Plaintiffs could borrow from these two individuals in order to payoff their loan with HSBC. Plaintiffs' claim to have obtained "alternate" financing is central to many of their claims. See, Second Amended Complaint for Damages, filed on June 2, 2004, at ¶¶ 12, 15, 17, 18, 19, 27, 28, 29, 34, 35, 41, 46, 47, 51. Moreover, Plaintiffs Response to HSBC's First Set of Interrogatories identifies these two individuals as witnesses to support Plaintiffs First, Second, Fourth and Fifth Causes of Action. See, Exhibit "2" attached to the Declaration of Jacques G. Bronze.

To provide the Court with evidence as to the time and procedure to compel depositions in the Philippines, HSBC on May 17, 2004, filed a declaration from Gerry Licup, an attorney licensed there, in which he indicated that it would take three to four months to process a letter rogatory in the Philippines. However, Gerry Licup's timeframe deviated with the time estimate posted on the U.S. Department of State website regarding judicial assistance matters which

provides that it can take more than one year. See, Exhibit "3" attached to the Declaration of Jacques G. Bronze filed on May 7, 2004.

In regards to the taking of a deposition in the U.A.E., due to the fact that HSBC had only about seven days from the date of having filed its Motion for Continuance, HSBC's counsel did not have sufficient time to retain litigation counsel and get a written declaration filed with the Court. See, Declaration of Jacques G. Bronze. However, HSBC's counsel managed to contact an HSBC internal counsel, Mohammed Hijazi who indicated that U.A.E. is not a member of the Hague Convention and that "it would take a significant time to process a letter rogatory there." See, Declaration of Jacques G. Bronze filed on May 7, 2004. Subsequent to May 7, 2004, HSBC retained Mr. Abdul Wahid Alulama from the firm of Al Tamimi & Company ("Dubai counsel"), in the U.A.E. to advise it of the procedure and length of time to process a letter rogatory there. See, Declaration of Jacques G. Bronze. Dubai counsel advised that it "… can take nine to twelve months or more to process such a request… ."[1] See, ¶ 6 of the Declaration of Abdul Wahid Alulama attached to the Declaration of Jacques G. Bronze as Exhibit 3. Based on the Declarations of Gerry Licup and Jacques G. Bronze, it was clearly erroneous for the Magistrate to deny HSBC its request for at least twelve months of additional discovery.[2]

Moreover, the Magistrate denied HSBC a longer period of discovery because he found that "[a]t the June 3, 2004, hearing the Plaintiffs stated that they do not intend to call Messrs. Jadwani and Mukhi as a trial witness." See, p. 5 of Order. Again the Magistrate's finding is clearly erroneous since a review of the transcripts of the oral arguments of June 3, 2004,

---

[1] Dubai counsel's declaration certainly corroborates the Declaration of Jacques G. Bronze that processing a letter rogatory in the U.A.E. "would take a significant time."

[2] It is to be noted that Plaintiffs failed to provide any evidence contrary to Declarations filed by HSBC.

indicates that Plaintiffs' counsel's answer to the Court's inquiry was not as clear as the Magistrate states in his finding. The colloquy went as follows:

> The Court: But are these witnesses on your trial list of – or are these individuals on your trial list of witnesses?
>
> Ms. Arriola: They are not on our trial list; they are simply answers to interrogatories. We do not **at this point intend to call them as witnesses.** ... But obviously, you know if the bank feels that this is not the case, they can certainly go and take these depositions. (emphasis added).

See, Exhibit "4" attached to the Declaration of Jacques G. Bronze.

Based on the above, it is clear that Plaintiffs were not giving up their right to call these two individuals as trial witnesses or as declarants in support of any opposition to any motion for summary judgment that may be filed by HSBC. Also, Plaintiffs themselves may attempt to testify that they obtained "alternate" financing from Mr. Jadwani and Mr. Mukhi and HSBC must be allowed to depose these persons in order to discover and test those allegations. Further supporting HSBC's position that Plaintiffs have the intention to call these witnesses is supported by the fact that on June 18, 2004, Plaintiffs served their Second Amended and Supplemental Disclosures which identified both Mr. Jadwani and Mr. Mukhi as having "discoverable information relevant to disputed facts." See, Exhibit "5" attached to the Declaration of Jacques G. Bronze. Plaintiffs well know that under the Federal Rules their failure to identify these witnesses in their supplemental disclosures could result in having them barred from giving any testimony or filing any declaration in opposition of any motion for summary judgement, thus their belatedly late disclosure is further evidence that Plaintiffs intend on using these witnesses to support their case. In short, the Magistrate's finding essential deprives HSBC of its right to depose witnesses and sets up HSBC to be ambushed by Plaintiffs.

The testimony of Messrs. Jadwani and Mukhi is important since it goes to whether Plaintiffs met the condition precedent to the alleged workout agreement, which required that they have "alternative financing." See, ¶ 46 of the Second Amended Complaint. Again, based on the above evidence, which was before the Magistrate, it was clearly erroneous for him to find that Plaintiffs had no intention of calling Messrs. Jadwani and Mukhi as witnesses.

To further support his Order that a longer discovery period is not warranted, the Magistrate found that HSBC had not been diligent since it had "...failed to propound any letters of request to commence said depositions." See, p. 5 of Order. Again this finding is clearly erroneous. HSBC did not know about the identity of Messrs. Jadwani and Mukhi until it was disclosed in Plaintiffs' Response to HSBC's First Set Interrogatories on April 30, 2004. See, Exhibit "2" attached to the Declaration of Jacques G. Bronze. Neither of these individuals was disclosed to HSBC in Plaintiffs' Initial and Supplemental Disclosures, required by Rule 26(a)(1), as of May 7, 2004. See, Declaration of Jacques G. Bronze. The Magistrate's finding in essence places Plaintiffs burden under FRCP 26(a)(1)(A) on HSBC.

However, notwithstanding HSBC's diligence, the deposition in the Philippines could not have been taken based on the Philippine counsel's Declaration that it would take three to four months for a letter rogatory to be processed and the U.S. State Department website indicating it could take a year. See, Declaration of Gerry Licup filed on May 17, 2004. Moreover, as provided in the Declaration of Jacques G. Bronze filed on May 7, 2004, U.A.E. counsel advised that the processing of the letter rogatory in the U.A.E. would take "a significant time." That position is certainly corroborated by the Declaration of Dubai counsel filed herein. See, Exhibit "3" attached to the Declaration of Jacques G. Bronze.

"Good cause" exists when the schedule cannot be met despite diligence. See, 6A Wright, Miller & Kane, Fed. Prac. & Proc., section 1522.1 at 231 (2d ed. 1990); Committee Note to 1983 Amendment to FRCP 16. An unreasonable and arbitrary insistence upon expeditiousness by a court in the face of a justifiable request for a delay will result in a denial of a request for a continuance being deemed an abuse of discretion. See, Northeast Drilling, Inc. v. Inner Space Services, Inc., 243 F.3d 25 (1st Cir. 2001).

Furthermore, although the Magistrate Court found that there was good cause to extend the discovery deadlines based on the "joint representation of the parties," it found that HSBC had "... been less than diligent in its efforts to commence, let alone complete, discovery." See, p. 5 of Order. The Magistrate Court's attempt to reconcile a finding of good cause based on the "joint representation of the parties" with a finding that HSBC was not diligent in commencing discovery is a legal impossibility. At the very least, such finding provides a basis to believe that there exists a bias against HSBC. Again, this finding is clearly erroneous and not supported by the facts presented to the court in HSBC's Motion for Continuance filed on May 7, 2004.

This Court should be cognizant of the following facts, which were presented to the Magistrate Court: Plaintiffs' Complaint was originally filed in the Superior of Guam on October 21, 2003, was subsequently removed to this Court on November 5, 2003. Discovery cut-off and the trial date were set for June 8, 2004 and September 21, 2004, respectively. As of the day of filing of its Motion for Continuance, HSBC had engaged in the following discovery:

1. HSBC's FRCP 26(a) Initial Disclosures consisting of four volumes of documents served on December 12, 2003;

2. HSBC's FRCP 26(a) Supplemental Disclosures served on January 29, 2004, and February 11, 2004;

3. HSBC's Subpoena to First Hawaiian Bank dated December 29, 2003;

4. HSBC's First Request to Produce dated December 23, 2003; and

5. HSBC's First Set of Interrogatories served on Plaintiffs on March 25, 2004. See, Declaration of Jacques G. Bronze filed on May 7, 2004.

Based on the above, there is no question that HSBC has been diligent in conducting its discovery or, at the very least, had commenced discovery. Moreover, on December 30, 2003, HSBC filed a Motion to Dismiss Plaintiffs' entire complaint which was not decided by the Court until April 9, 2004, which dismissed the Third and Sixth Causes of Action. Moreover, the parties took some time to workout an agreeable protective order. See, Declaration of Jacques G. Bronze. On April 23, 2004, HSBC filed an Ex Parte Motion for an Order Certifying the Denial of HSBC's Motion to Strike the Jury Trial Demand for Immediate Appeal pursuant to 28 USC § 1292(b) and to Stay Proceedings Pending appeal. In addition, on April 30, 2004, HSBC filed its Ex Parte Motion to Stay all Depositions pending Determination of its Motion to Strike. Both motions were denied in a two page Order issued by Judge Unpingco on April 30, 2004, his last day on the bench. See, Declaration of Jacques G. Bronze. HSBC subsequently filed motions for reconsideration regarding both motions Judge John Unpingco denied. See, Declaration of Jacques G. Bronze. Moreover, HSBC filed various motions to stay the depositions pending hearing of its Motion to Dismiss or Strike, thus it would have been disingenuous for HSBC to be engaging in depositions, when it was seeking a stay. See, Declaration of Jacques G. Bronze. Notwithstanding, the above, on April 27, 2004, Plaintiffs filed their First Amended Complaint. In response, HSBC filed its Motion to Strike the First Amended Complaint in Whole and in Part or, in the Alternative, Motion to Dismiss the Third and Sixth Causes of Action and Sanctions ("Motion to Strike").

The Motion to Strike was heard on May 28, 2004, ten days before discovery cut-off, and on May 28, 2004, the Court granted HSBC's motion to strike the entire complaint. On June 2004, Plaintiffs filed their Second Amended Complaint, which is now subject to another Motion to Strike and/or Dismiss which will not be heard until August 23, 2004. See, Declaration of Jacques G. Bronze; Order, filed herein on June 22, 2004. Under the current scheduling imposed by the Magistrate Judge, the discovery cut-off is August 17, 2004, and will pass **before** HSBC's motion to strike and dismiss is heard and the discovery and dispositive motion cut-off date will occur one week after HSBC's dispositive motion will be heard. See, Order, filed June 9, 2004. The scheduling severely prejudices HSBC and puts HSBC in the untenable position of trying to conclude discovery and file a motion for summary judgment before the Court decides which portions of the Complaint are viable.

Diligence is not limited to just conducting discovery. "...[C]ourts are likely to grant extensions when the moving party can show that it has worked diligently to position the case for trial or for disposition by motion, but unforeseeable circumstances or events beyond its control..., have so intervened that the moving party will not have a fair opportunity to develop the evidence it needs if the time limits that were set in the original scheduling order remain in effect." 3 Moore's Fed. Prac., § 16.14[1][b] (Mathew Bender 3d)(citations omitted).

The facts put before the Magistrate clearly show that for the past six months since HSBC removed this case to this court it has been diligent. HSBC has prudently delayed depositions until it received the responses to its paper discovery. That way it knows what questions to ask. Depositions are expensive. They can often be more focused, shorter, cheaper and fewer, as well as more productive of truth, if they are preceded by paper discovery. Sometimes the paper

10

discovery facilitates settlement or dismissal without expense of depositions. Professor Keeton explains why depositions are often best delayed:

"Another reason often relied upon in delaying the deposition of an adverse party or witness is the desire for completion of all practical investigation before the deposition is taken, so that the lawyer taking it for discovery purposes will be better informed as to matters concerning which it would be wise for him to question the adverse witness or party." See, Robert E. Keeton, Trial Tactics and Methods, Section 382 (1954).

To force a lawyer to notice up all possible depositions as soon as they get the case is likely to increase expenses and reduce the truth-seeking value of the depositions.

Rule 1 of the Federal Rules of Civil Procedure specifically states that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Sometimes serving one purpose tends to disserve another. Because the Federal Rules of Civil Procedure build pretrial practice around discovery, one cannot go too far toward one of the aforementioned factors, i.e., "just, speedy, and inexpensive," without sacrificing one or two of the others. Ever since Roscoe Pound said "justice delayed is justice denied" some people have inferred that faster is always better. But too much speed as well as too much delay can deny justice. Speed of the litigation process should be managed so that the truth, not the speed, determines the outcome. Plaintiffs' continuing, evolving complaint and persistent refusal to stipulate to stays speak volumes of their intent to avoid the truth and rather litigate by ambush.

The Rule 16(b) "good cause" standard primarily considers the diligence of the party seeking the modification. HSBC's conduct has not been dilatory. Cf., Hawaii Carpenters' Trust Funds v. Henry, 906 F.2d 1349 (9th Cir. 1990) (no continuance granted where during eleven month discovery period party made one attempt to contact employees, received a response, and

failed to follow up); U.S. v. Bob Stofer Oldsmobile Cadillac, 766 F.2d 1147, 1152-53 (7th Cir 1985) (denial of continuance appropriate where appellant does not seek continuance until one month after discovery cut off and fails to explain his dilatoriness); In re Imperial Credit industries, Inc. Securities Litigation, 252 F.Supp.2d 1005 ( C.D. Cal 2003) (continuance denied for failure to pursue discovery for more than one year); Fraley v. Stoddard, 73 F.Supp.2d 642 (D.C.W.Va, 1999)(continuance motion after completion of discovery denied).

### a. It was error for the Magistrate Judge to base a finding of prejudice on hearsay statements.

The Magistrate Judge apparently found prejudice to the Plaintiffs based upon hearsay statements made by Plaintiffs' counsel at the June 3, 2004, hearing to the effect that Plaintiffs had to pay $75,000 per month on their loan of $6.5 million dollars and that there was the "possibility" of foreclosure. See, Order at p. 3. Such statements by counsel were not contained in any pleading or declaration, were offered for the truth of the matters stated therein, and were clearly hearsay and not admissible. See, Federal Rules of Evidence, Rule 801(c). The Magistrate Judge apparently relied upon the finding of prejudice to the Plaintiffs as a basis for denying HSBC's Motion to Stay. See, Order at pp. 3-4. It was clear error for the Magistrate Judge to make a finding of prejudice to Plaintiffs based upon the conclusory hearsay statements of counsel which had not been raised in any pleading and were made, for the first time, at the hearing.

In short, HSBC will be severely prejudiced if it is denied the right the depose Messrs. Jadwani and Mukhi. Should HSBC not be allowed to depose these witnesses, HSBC will likely be ambushed at the summary judgment or trial stage by the testimony of these two witnesses or testimony by others concerning the "alternate" financing obtained from the foreign witnesses.

Moreover, this case was only filed on October 21, 2003. The Motion for Continuance was timely filed and in compliance with LR16.5. The granting of a longer discovery period was not an inconvenience to the Court since Guam does not have a current district judge and this Court has already vacated the previous trial date for that very reason. See, Order, filed June 9, 2004, at 5. Moreover, no continuances have been requested by HSBC since the filing of this case. See, Declaration of Jacques G. Bronze.; cf. Orr v. Bank of America, NT & SA, 285 F.3d 764, 783, (9th Cir. 2002) (continuance denied were the court continued pretrial dates on two prior occasions). It will be impossible for HSBC to take these two foreign depositions, given the parameters of the existing dates ordered by the Magistrate.

## CONCLUSION

For the foregoing reasons, the Magistrate's Order should be reversed.

*Respectfully submitted* on this 23rd day of June, 2004.

                                               **LAW OFFICES OF BRONZE & TANG**
                                               **A Professional Corporation**

By: _____
                                               JACQUES G. BRONZE
                                               *Attorneys for Defendant Hongkong and*
                                               *Shanghai Banking Corporation, Ltd.*

# CERTIFICATE OF SERVICE

I, **JACQUES G. BRONZE**, hereby certify that on June 23, 2004, I caused to be served via hand delivery, **HSBC's OBJECTIONS TO MAGISTRATE JUDGE ORDER DATED JUNE 9, 2004; REQUEST FOR ORAL ARGUMENT and DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF HSBC's OBJECTIONS TO MAGISTRATE JUDGE ORDER DATED JUNE 9, 2004** to:

> Joaquin C. Arriola
> Anita P. Arriola
> **ARRIOLA, COWAN & ARRIOLA**
> 259 Martyr Street, Suite 201
> Hagåtña, Guam 96910
>
> *Attorneys for Plaintiffs*

**DATED**: June 23, 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
JACQUES G. BRONZE
*Attorneys for Defendant HSBC*