# LAW OFFICES OF BRONZE & TANG

A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



FILED
DISTRICT COURT OF GUAM
JUN 23 2004
MARY L. M. MORAN
CLERK OF COURT

*Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> **DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF HSBC's PARTIAL OBJECTIONS TO MAGISTRATE JUDGE ORDER DATED JUNE 9, 2004** |

I, **JACQUES G. BRONZE**, hereby declare and state as follows:

1. All matters herein are based on my own personal knowledge.

2. I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

3. I am the counsel of record for Hongkong and Shanghai Banking Corporation, Ltd., ("HSBC"), in the above-entitled matter.



4. Attached as Exhibit "1" is a true and correct copy of HSBC's First Set of Interrogatories.

5. Attached as Exhibit "2" is a true and correct copy of Plaintiffs' Response to HSBC's First Set of Interrogatories.

6. In regards to the taking of a deposition in the U.A.E., due to the fact that HSBC had only about seven days from the date of having filed its Motion for Continuance, HSBC's counsel did not have sufficient time to retain litigation counsel and get a written declaration filed with the Court.

7. Subsequent to May 7, 2004, HSBC retained Mr. Abdul Wahid Alulama from the firm of Al Tamimi & Company ("Dubai counsel"), in the U.A.E. to advise it of the procedure and length of time to process a letter rogatory there.

8. Attached as Exhibit "3" is a true and correct copy of the Declaration of Abul Wahid Alulama.

9. Attached as Exhibit "4" is a true and correct copy of the excerpts of the transcript of the oral argument of June 3, 2004.

10. Attached as Exhibit "5" is a true and correct copy of Plaintiffs' Second, Amended and Supplemental Disclosures.

11. Either Messrs. Jadwani or Mukhi were disclosed to HSBC in Plaintiffs' Initial and Supplemental Disclosures as of May 7, 2004.

12. Part of the delays involved the resolution of an agreeable protective order.

13. On April 23, 2004, HSBC filed an Ex Parte Motion for an Order Certifying the Denial of HSBC's Motion to Strike the Jury Trial Demand for Immediate Appeal pursuant to 28 USC § 1292(b) and to Stay Proceedings Pending appeal. In addition, on April 30, 2004, HSBC

- 2 -

filed its Ex Parte Motion to Stay all Depositions pending Determination of its Motion to Strike. Both motions were denied in a two page Order issued by Judge Unpingco on April 30, 2004, his last day on the bench. HSBC subsequently filed motions for reconsideration regarding both motions Judge John Unpingco denied.

14.     Moreover, HSBC filed various motions to stay the depositions pending hearing of its Motion to Dismiss or Strike, thus it would have been disingenuous for HSBC to be engaging in depositions, when it was seeking a stay.

15.     On June  2004, Plaintiffs filed their Second Amended Complaint, which is now subject to another Motion to Strike and/or Dismiss which will not be heard until August 23, 2004 according to a  new Order issued June 22, 2004.

16.     No continuances have been requested by HSBC since the filing of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this 23rd day of June 2004.

_____
**JACQUES G. BRONZE**

- 3 -

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

*Law Offices*
ARRIOLA, COWAN, ARRIOLA

MAR 2 5 2004

RECEIVED
BY: _Cox_ TIME: **10:55**

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> **DEFENDANT HSBC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF K. SADHWANI'S INC.** |

**TO: PLAINTIFF K. SADHWANI'S INC., and its attorneys of record, Arriola Cowan & Arriola**

Defendant Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC") hereby requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Plaintiff K. Sadhwani's Inc. ("KSI") respond separately and completely in writing and under oath to the following interrogatories. Such responses must be made within thirty (30) days of the date of service hereof or such earlier date as the Court may order. In answering these interrogatories, please refer to the following definitions and instructions, which are

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 2 of 13 pages

incorporated into each interrogatory by this reference.

## I.

## INSTRUCTIONS

A.    Unless otherwise specified, these interrogatories refer to the time period from January 1, 1994, to the present.

B.    In answering these interrogatories, you must furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to you or any of your attorneys, agents, consultants, representatives, and all others acting on your behalf.

C.    If you are unable to answer fully any of these interrogatories, you must answer them to the fullest extent possible, specifying the reason(s) for your inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswerable portion.

D.    When an interrogatory requests that you identify any person(s), state his, her, or its name, the person's present and last known business address and telephone number and, if a natural person, his or her business or occupation, the title or position he or she presently holds and held at the time to which the interrogatory refers, and the name of such person's employer.

E.    For each interrogatory, identify each person to whom the information is a matter of personal knowledge, if any.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 3 of 13 pages

F.     When an interrogatory requests that you identify any documents, state the date and author of the documents, the type of document (e.g., letter, memorandum, telegram, chart, tape recording, etc.), or some other means of identifying it, and its present location or custodian. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

G.     When an interrogatory requests that you identify a communication or discussion, set forth the following information:

            a.      the date(s), time(s), and place(s) it occurred;

            b.      the identity of all person or persons who

                    participated in and/or witnessed all or

                    any part of the communication or

                    discussion;

            c.      whether the communication or discussion was written or oral;

            d.      any documents that reflect such communication or discussion;

                    and

            e.      the substance of what was said in the communication or

                    discussion.

H.     When an interrogatory requests that you identify a document, set forth the following information:

            a.      a general description of the subject matter of the document;

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 4 of 13 pages

        b.      the author of the document;

        c.      all persons to whom the document is addressed and all persons to whom copies of the document were furnished, together with their job titles;

        d.      the date of the document;

        e.      the present custodian and location of the document; and

        f.      whether the document has been produced or provided to any person in connection with other litigation, or in any other circumstances.

I.      If an interrogatory asks for a date, or an amount, or any other specific information, it will not be an adequate response to state that the precise date, amount, or other specific information is unknown to you if you are capable of approximating the information requested.

J.      If you object to an interrogatory or a part thereof as calling for information that is beyond the scope of discovery, you must, nevertheless, answer the interrogatory or part thereof to the extent that it is not objectionable.

K.      If you object to any interrogatory concerning the identification or disclosure of any document on the ground that it requires information that is subject to the attorney-client privilege or any other privilege, or falls within the work product

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.**
**Page 5 of 13 pages**

doctrine, and based on such objection you withhold the identification or disclosure of

the document or thing withheld, you must identify, with sufficient specificity to enable

Husband, to file a motion to compel production, the nature of the privilege or doctrine

upon which you are relying; and

        a.      a general description of the subject matter of the document;

        b.      the author of the document;

        c.      all persons to whom the document is addressed
              and all persons to whom copies of the document
              were furnished, together with their job titles;

        d.      the date of the document;

        e.      the present custodian and location of the document; and

        f.      whether the document has been produced or provided
              to any person in connection with other litigation, or
              in any other circumstances.

## II.

## DEFINITIONS

1.      The terms "you," "your," or "Defendant" refer to KSI and any of its past

or present employees, attorneys, accountants, consultants, representatives, agents,

independent contractors, assigns, predecessors, successors, parents, subsidiaries,

affiliates, divisions, directors, or officers.

2.      "Document" and "documents" shall be used in their broadest sense and

shall mean and include all written, printed, typed, recorded, computer-stored, or graphic

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 6 of 13 pages

matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, memoranda, records, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills, telephone message slips, statements, records of expenditures, invoices, lists, journals, files, printouts, compilations, tabulations, purchase orders, receipts, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analysis, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiches, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 7 of 13 pages

matter, however and by whomever produced, prepared, reproduced, disseminated, or made. "Document" or "documents" includes all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced.

3. The terms "pertain" and "reflecting, referring to, or relating to" shall be interpreted to include any document in any way summarizing, constituting, containing, studying, analyzing, considering, explaining, mentioning, showing, describing, incorporating, or commenting upon the subject matter of the interrogatory or request.

4. "And" as well as "or" refer to all documents, persons, entities, or subjects inclusively.

5. "Any" refers to any and all documents, persons, entities, or subjects inclusively, not to the option of responding as to some but not others.

## III.

## INTERROGATORIES

INTERROGATORY NO. 1:

State the names, residence and mailing addresses, and work and home telephone numbers of each person having knowledge of the facts supporting any of the allegations contained in the First Cause of Action in your Complaint for Damages dated October 21, 2003.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 8 of 13 pages

ANSWER:

INTERROGATORY NO. 2:

State the names, residence and mailing addresses, and work and home telephone numbers of each person having knowledge of the facts supporting any of the allegations contained in the Second Cause of Action in your Complaint for Damages dated October 21, 2003.

ANSWER:

INTERROGATORY NO. 3:

State the names, residence and mailing addresses, and work and home telephone numbers of each person having knowledge of the facts supporting any of the allegations contained in the Third Cause of Action in your Complaint for Damages dated October 21, 2003.

ANSWER:

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.**
**Page 9 of 13 pages**

INTERROGATORY NO. 4:

State the names, residence and mailing addresses, and work and home telephone numbers of each person having knowledge of the facts supporting any of the allegations contained in the Fourth Cause of Action in your Complaint for Damages dated October 21, 2003.

ANSWER:

INTERROGATORY NO. 5:

State the names, residence and mailing addresses, and work and home telephone numbers of each person having knowledge of the facts supporting any of the allegations contained in the Fifth Cause of Action in your Complaint for Damages dated October 21, 2003.

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.**
**Page 10 of 13 pages**

ANSWER:

INTERROGATORY NO. 6:

State the names, residence and mailing addresses, and work and home telephone numbers of each person having knowledge of the facts supporting any of the allegations contained in the Sixth Cause of Action in your Complaint for Damages dated October 21, 2003.

ANSWER:

INTERROGATORY NO. 7:

State the names, residence and mailing addresses, and work and home telephone numbers of each person you intend to call as a witness to testify at trial in support of the allegations made in your Complaint for Damages dated October 21, 2003.

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.**
**Page 11 of 13 pages**

ANSWER:

INTERROGATORY NO. 8:

State the names, residence and mailing addresses, and work and home telephone numbers of each person you obtained written or recorded statements from concerning the issues in this action.

ANSWER:

INTERROGATORY NO. 9:

List the name, address, qualifications and area of expertise of each expert witness you intend to call at trial, summarize each opinion that will be given, indicate whether a report has been provided by each such expert, and specify the facts upon which each

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 12 of 13 pages

opinion is based.

ANSWER:

INTERROGATORY NO. 10:

Please state in detail the amount of damages which you contend you are entitled

to as a result of each Cause of Action in your Complaint for Damages dated October 21,

2003, the manner in which said damages were computed, and state the names, residence

and mailing addresses, and work and home telephone numbers of each person having

knowledge of the facts supporting each claim for damages.

ANSWER:

Dated this _____ day of March, 2004.

LAW OFFICES OF BRONZE & TANG, P.C.
Attorneys for HSBC

By: _____
JACQUES G. BRONZE

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 13 of 13 pages

## CERTIFICATE OF SERVICE

I, Jacques G. Bronze, hereby certify that on March **25**, 2004, I caused to be served, via hand delivery, Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc. to Plaintiffs' counsel, Arriola Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam 96910.

_____
JACQUES G. BRONZE

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | PLAINTIFF K. SADHWANI INC.'S RESPONSES AND |
| vs. | ) ) | OBJECTIONS TO DEFENDANT'S FIRST SET OF |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | INTERROGATORIES |
| Defendants. | ) ) | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff K. Sadhwani's, Inc.

("Plaintiff") hereby responds to the First Set of Interrogatories served by defendant Hongkong and

Shanghai Banking Corporation, Ltd. ("HSBC"), as follows:

### GENERAL OBJECTIONS

Plaintiff generally objects to the Interrogatories on each and every of the following grounds,

which General Objections are incorporated into and made a part of Plaintiff's response to each and

every individual interrogatory contained therein.

BRONZE & TANG, P.C.
Date:
Time:
Received:

EXHIBIT 2

1.      Plaintiff objects that the Interrogatories are overly broad, unduly burdensome, oppressive, and harassing.

2.      Plaintiff objects to each and every interrogatory to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court. In particular, Plaintiff objects to the interrogatories to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 33 thereof. Plaintiff will comply with the requirements of these Rules in responding to this set of interrogatories.

3.      Plaintiff objects to these interrogatories to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.      Plaintiff objects to these interrogatories to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.      Plaintiff objects to each and every definition, instruction, interrogatory, and request for production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

6.      Plaintiff objects to these interrogatories on the grounds that discovery in this action is at an early stage, and no depositions have been taken as of the date of these answers. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered documents or other documents which they may later recall or identify, or

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

56910

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

1.      Plaintiff objects that the Interrogatories are overly broad, unduly burdensome, oppressive, and harassing.

2.      Plaintiff objects to each and every interrogatory to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court. In particular, Plaintiff objects to the interrogatories to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 33 thereof. Plaintiff will comply with the requirements of these Rules in responding to this set of interrogatories.

3.      Plaintiff objects to these interrogatories to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.      Plaintiff objects to these interrogatories to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.      Plaintiff objects to each and every definition, instruction, interrogatory, and request for production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

6.      Plaintiff objects to these interrogatories on the grounds that discovery in this action is at an early stage, and no depositions have been taken as of the date of these answers. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered documents or other documents which they may later recall or identify, or

-2-


ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

1.      Plaintiff objects that the Interrogatories are overly broad, unduly burdensome, oppressive, and harassing.

2.      Plaintiff objects to each and every interrogatory to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court. In particular, Plaintiff objects to the interrogatories to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 33 thereof. Plaintiff will comply with the requirements of these Rules in responding to this set of interrogatories.

3.      Plaintiff objects to these interrogatories to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.      Plaintiff objects to these interrogatories to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.      Plaintiff objects to each and every definition, instruction, interrogatory, and request for production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

6.      Plaintiff objects to these interrogatories on the grounds that discovery in this action is at an early stage, and no depositions have been taken as of the date of these answers. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered documents or other documents which they may later recall or identify, or

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

1.      Plaintiff objects that the Interrogatories are overly broad, unduly burdensome, oppressive, and harassing.

2.      Plaintiff objects to each and every interrogatory to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court. In particular, Plaintiff objects to the interrogatories to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 33 thereof. Plaintiff will comply with the requirements of these Rules in responding to this set of interrogatories.

3.      Plaintiff objects to these interrogatories to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.      Plaintiff objects to these interrogatories to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.      Plaintiff objects to each and every definition, instruction, interrogatory, and request for production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

6.      Plaintiff objects to these interrogatories on the grounds that discovery in this action is at an early stage, and no depositions have been taken as of the date of these answers. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered documents or other documents which they may later recall or identify, or

-2-

which may later be discovered to be responsive to these requests. The responses contained herein are made in a good faith effort to provide those documents which are presently known, available and/or identified, but should in no way be to the prejudice of Plaintiff with respect to further discovery, research or analysis. In addition, HSBC has not complied with its discovery obligations pursuant to Federal Rules of Civil Procedure 34, requiring plaintiffs to file a motion to compel responses to their Third Set of Requests for Production of Documents. Plaintiff may therefore have been unable to obtain responsive information from HSBC and third parties as a result of HSBC's discovery violations.

7.     Plaintiff objects to these interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. No such privileged information or such documents will be produced. Any inadvertent production of privileged information or documents is not to be deemed a waiver of any applicable privilege or protection, and Plaintiff reserves the right to object to the introduction or other use of any privileged information or documents that have been produced inadvertently.

The foregoing General Objections apply to each and every respective interrogatory and Plaintiff's additional objections and responses to specific interrogatories are set forth below.

<center>**OBJECTIONS TO INSTRUCTIONS**</center>

A.     Plaintiff objects to Instruction A on the grounds that it is vague, ambiguous and overbroad, in that it instructs plaintiffs to consider the interrogatories to refer "to the time period from <u>January 1, 1994</u> to the present." (Emphasis added) The ten-year time period contained in this Instruction is not relevant to the claims or defenses in this action nor is it reasonably calculated to lead to admissible evidence.

<center>-3-</center>

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

B.    Plaintiff objects to Instruction B to the extent it imposes or purports to impose obligations on Plaintiff greater than those set forth in the Federal Rules of Civil Procedure, the Local Rules, and other applicable statutes, rules and authorities.

C.    Plaintiff objects to Instruction D in that it requires plaintiff to answer additional interrogatories or questions not labelled as "interrogatories" and violates the numerical limitation on interrogatories under the Local Rules.

D.    Plaintiff objects to Instruction E, since plaintiff cannot possibly indicate for each interrogatory, the identity of each person to whom any information is a matter of personal knowledge.

E.    Plaintiff objects to Instruction G in that it requires plaintiff to answer additional interrogatories or questions not labelled as "interrogatories" and violates the numerical limitation on interrogatories under the Local Rules.

F.    Plaintiff objects to Instruction H in that it requires plaintiff to answer additional interrogatories or questions not labelled as "interrogatories" and violates the numerical limitation on interrogatories under the Local Rules.

G.    Plaintiff objects to Instruction I to the extent it imposes or purports to impose obligations on Plaintiff greater than those set forth in the Federal Rules of Civil Procedure, the Local Rules, and other applicable statutes, rules and authorities.

H.    Plaintiff objects to Instruction K to the extent it imposes or purports to impose obligations on Plaintiff greater than those set forth in the Federal Rules of Civil Procedure, the Local Rules, and other applicable statutes, rules and authorities. Plaintiff further objects to Instruction K as it refers to "Husband", and there is no "Husband" involved in this case, except perhaps Mr. Sadhwani in his relationship to his wife Laju Sadhwani.

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## OBJECTIONS TO DEFINITIONS

1.      Plaintiff objects to the definitions of "you", "your", and "Defendant", as Mr. Sadhwani is not a defendant in this case. The definition of those terms refers to "AS", which is vague and unintelligible. Further the definition of those terms ich include "any of his past or present employees", "independent contractors", "predecessors", "parents", "subsidiaries", "affiliates", "divisions", "directors" or "officers", all of which are vague, ambiguous, overbroad and unintelligible. The terms also include "attorneys" and "accountants", which are objectionable based on privilege.

2.      Plaintiff objects to the definitions of "pertain" and "reflecting, referring to, or relating to", all of which are vague, ambiguous, overbroad and unintelligible.

3.      Plaintiff objects to the definitions of "and" and "or", all of which are vague, ambiguous, overbroad and unintelligible.

4.      Plaintiff objects to the definitions of "any" all of which are vague, ambiguous, overbroad and unintelligible.

## ANSWERS TO INTERROGATORIES

**ANSWER TO INTERROGATORY NO. 1:**      Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Without waiving and subject to said objections, plaintiff responds as follows:

-5-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**Chris Underwood**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8536

**Fred Granillo**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8528

**Stephen J. Grantham**
Triple J Motors
157 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-6555 ext. 239

**Magnus Montan**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 2822-2528

**Lawrence M. Zhang**
1011 Foster Street
Alameda, California 94502
Telephone No. (310) 521-4631

**Christopher Page**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 8222-1232

**Chris Felix**
Century 21 Realty Management Company
701 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-5003

**Hee K. Cho**
4032 Wilshire Boulevard #404
Los Angeles, California 90010
Telephone No. (323) 932-1200

**Ralph McLain**
Lud Valley R.D.1 Hirai Nelson
New Zealand
Telephone No.: Unknown

**Lee H. Vensel**
Deloitte & Touche LLP
361 South Marine DRive
Tamuning, Guam 96913
Telephone No. (671) 646-3884 ext. 201

**Christina Carpio**
4204 Glennwood Drive
Killeen, Texas 76542
Telephone No. (254) 690-9261/4224

**Barbara Gayle**
1055 Cordova Way
Vista, California 92081
Telephone No. (760) 597-9406

**Florence Celeste**
P.O. Box 94
East Boston, Massachusetts 02128
Telephone No. (857) 222-8958

**Anthony G. Wise**
c/o HSBC
Private Bag X951
Houghton 2041, South Africa
Telephone No. 27-11-981-4444

-6-

**Guy Priestley**
c/o HSBC
GPO Box 121, G-F
Shaheen Commercial Complex
MR Kayani Road, Karachi, Pakistan
Telephone No. 92-21-2630380

**Edwin Ching**
330 Hernan Cortez Avenue, Suite 200
Hagatna, Guam  96910
Telephone No. (671) 472-8868

**Joseph K. Fang**
240 Father San Vitores Road
Tamuning, Guam  96913
Telephone No. Unknown

**Patrick B. Oliva**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam  96910
Telephone No. (671) 475-7853

**John Lee**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam  96910
Telephone No. (671) 475-7900

**Laura Lynn Dacanay**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam  96910
Telephone No. (671) 475-7900

**Alan Sadhwani**
371 South Marine Drive
Tamuning, Guam  96913
Telephone No. (671) 649-5948/1988

**Laju Sadhwani**
371 South Marine Drive
Tamuning, Guam  96913
Telephone No. (671) 649-5948/1988

**Carol Gogue**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam  96910
Telephone No. (671) 475-7900

**Mr. Haresh Mukhi**
Mayura Khamas Stores L.L.C.
Murshid Bazar
Beira, Dubai  U.A.E.

**Vashi Jadwani**
Jadwani International Inc.
#4 Ind'l Avenue
Severina Ind'l Estate
KM.16 South Super Highway
1700 Paranaque, Metro Manila
Philippines

**Don Hemlani**
P.O. Box 2397
Hagatna, Guam  96932
Telephone No. (671) 646-9866

**ANSWER TO INTERROGATORY NO. 2:**      Plaintiff incorporates by reference the foregoing

General Objections, Objections to Instructions, and Objections to Definitions, as though fully set

forth herein.  Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and

-7-

overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Without waiving and subject to said objections, plaintiff responds as follows:

**Chris Underwood**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8536

**Fred Granillo**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8528

**Stephen J. Grantham**
Triple J Motors
157 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-6555 ext. 239

**Magnus Montan**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 2822-2528

**Lawrence M. Zhang**
1011 Foster Street
Alameda, California 94502
Telephone No. (310) 521-4631

**Christopher Page**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 8222-1232

**Guy Priestley**
c/o HSBC
GPO Box 121, G-F
Shaheen Commercial Complex
MR Kayani Road, Karachi, Pakistan
Telephone No. 92-21-2630380

**Edwin Ching**
330 Hernan Cortez Avenue, Suite 200
Hagatna, Guam 96910
Telephone No. (671) 472-8868

**Joseph K. Fang**
240 Father San Vitores Road
Tamuning, Guam 96913
Telephone No. Unknown

**Patrick B. Oliva**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7853

**John Lee**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Laura Lynn Dacanay**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

-8-

**Alan Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Laju Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Mr. Haresh Mukhi**
Mayura Khamas Stores L.L.C.
Murshid Bazar
Beira, Dubai U.A.E.

**Vashi Jadwani**
Jadwani International Inc.
#4 Ind'l Avenue
Severina Ind'l Estate
KM.16 South Super Highway
1700 Paranaque, Metro Manila
Philippines

**Don Hemlani**
P.O. Box 2397
Hagatna, Guam 96932
Telephone No. (671) 646-9866

**ANSWER TO INTERROGATORY NO. 3:**        Plaintiff incorporates by reference the foregoing

General Objections, Objections to Instructions, and Objections to Definitions, as though fully set

forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and

overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by

the attorney-client or attorney work product privilege. Without waiving and subject to said

objections, plaintiff responds as follows:

**Chris Underwood**
Hongkong & Shanghai Banking Corporation
Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8536

**Fred Granillo**
Hongkong & Shanghai Banking
Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8528

**Stephen J. Grantham**
Triple J Motors
157 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-6555 ext. 239

**Magnus Montan**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 2822-2528

-9-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**Lawrence M. Zhang**
1011 Foster Street
Alameda, California 94502
Telephone No. (310) 521-4631

**Christopher Page**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 8222-1232

**Guy Priestley**
c/o HSBC
GPO Box 121, G-F
Shaheen Commercial Complex
MR Kayani Road, Karachi, Pakistan
Telephone No. 92-21-2630380

**Alan Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Laju Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**ANSWER TO INTERROGATORY NO. 4:**    Plaintiff incorporates by reference the foregoing

General Objections, Objections to Instructions, and Objections to Definitions, as though fully set

forth herein.  Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and

overbroad.  Plaintiff objects to this interrogatory to the extent that it seeks information protected by

the attorney-client or attorney work product privilege.  Without waiving and subject to said

objections, plaintiff responds as follows:

**Chris Underwood**
Hongkong & Shanghai Banking Corporation
Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8536

**Fred Granillo**
Hongkong & Shanghai Banking
Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8528

**Stephen J. Grantham**
Triple J Motors
157 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-6555 ext. 239

**Magnus Montan**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 2822-2528

-10-

*(left margin, vertical text)* ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**Lawrence M. Zhang**
1011 Foster Street
Alameda, California 94502
Telephone No. (310) 521-4631

**Christopher Page**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 8222-1232

**Chris Felix**
Century 21 Realty Management Company
701 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-5003

**Hee K. Cho**
4032 Wilshire Boulevard #404
Los Angeles, California 90010
Telephone No. (323) 932-1200

**Guy Priestley**
c/o HSBC
GPO Box 121, G-F
Shaheen Commercial Complex
MR Kayani Road, Karachi, Pakistan
Telephone No. 92-21-2630380

**Edwin Ching**
330 Hernan Cortez Avenue, Suite 200
Hagatna, Guam 96910
Telephone No. (671) 472-8868

**Joseph K. Fang**
240 Father San Vitores Road
Tamuning, Guam 96913
Telephone No. Unknown

**Patrick B. Oliva**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7853

**John Lee**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Laura Lynn Dacanay**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Alan Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Laju Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Mr. Haresh Mukhi**
Mayura Khamas Stores L.L.C.
Murshid Bazar
Beira, Dubai U.A.E.

**Vashi Jadwani**
Jadwani International Inc.
#4 Ind'l Avenue
Severina Ind'l Estate
KM.16 South Super Highway
1700 Paranaque, Metro Manila
Philippines

-11-

**Don Hemlani**
P.O. Box 2397
Hagatna, Guam 96932
Telephone No. (671) 646-9866

**ANSWER TO INTERROGATORY NO. 5:** Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Without waiving and subject to said objections, plaintiff responds as follows:

**Chris Underwood**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8536

**Fred Granillo**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8528

**Stephen J. Grantham**
Triple J Motors
157 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-6555 ext. 239

**Magnus Montan**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 2822-2528

**Lawrence M. Zhang**
1011 Foster Street
Alameda, California 94502
Telephone No. (310) 521-4631

**Christopher Page**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 8222-1232

**Chris Felix**
Century 21 Realty Management Company
701 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-5003

**Hee K. Cho**
4032 Wilshire Boulevard #404
Los Angeles, California 90010
Telephone No. (323) 932-1200

-12-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**Ralph McLain**
Lud Valley R.D.1 Hirai Nelson
New Zealand
Telephone No.: Unknown

**Lee H. Vensel**
Deloitte & Touche LLP
361 South Marine DRive
Tamuning, Guam 96913
Telephone No. (671) 646-3884 ext. 201

**Christina Carpio**
4204 Glennwood Drive
Killeen, Texas 76542
Telephone No. (254) 690-9261/4224

**Barbara Gayle**
1055 Cordova Way
Vista, California 92081
Telephone No. (760) 597-9406

**Florence Celeste**
P.O. Box 94
East Boston, Massachusetts 02128
Telephone No. (857) 222-8958

**Anthony G. Wise**
c/o HSBC
Private Bag X951
Houghton 2041, South Africa
Telephone No. 27-11-981-4444

**Guy Priestley**
c/o HSBC
GPO Box 121, G-F
Shaheen Commercial Complex
MR Kayani Road, Karachi, Pakistan
Telephone No. 92-21-2630380

**Edwin Ching**
330 Hernan Cortez Avenue, Suite 200
Hagatna, Guam 96910
Telephone No. (671) 472-8868

**Joseph K. Fang**
240 Father San Vitores Road
Tamuning, Guam 96913
Telephone No. Unknown

**Patrick B. Oliva**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7853

**John Lee**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910 ·
Telephone No. (671) 475-7900

**Laura Lynn Dacanay**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Alan Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Laju Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

-13-

**Carol Gogue**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Mr. Haresh Mukhi**
Mayura Khamas Stores L.L.C.
Murshid Bazar
Beira, Dubai U.A.E.

**Vashi Jadwani**
Jadwani International Inc.
#4 Ind'l Avenue
Severina Ind'l Estate
KM.16 South Super Highway
1700 Paranaque, Metro Manila
Philippines

**Don Hemlani**
P.O. Box 2397
Hagatna, Guam 96932
Telephone No. (671) 646-9866

**ANSWER TO INTERROGATORY NO. 6:**     Plaintiff incorporates by reference the foregoing

General Objections, Objections to Instructions, and Objections to Definitions, as though fully set

forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and

overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by

the attorney-client or attorney work product privilege. Without waiving and subject to said

objections, plaintiff responds as follows:

**Chris Underwood**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8536

**Fred Granillo**
Hongkong & Shanghai Banking Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8528

**Stephen J. Grantham**
Triple J Motors
157 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-6555 ext. 239

**Magnus Montan**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 2822-2528

-14-

**Lawrence M. Zhang**
1011 Foster Street
Alameda, California 94502
Telephone No. (310) 521-4631

**Christopher Page**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 8222-1232

**Guy Priestley**
c/o HSBC
GPO Box 121, G-F
Shaheen Commercial Complex
MR Kayani Road, Karachi, Pakistan
Telephone No. 92-21-2630380

**Edwin Ching**
330 Hernan Cortez Avenue, Suite 200
Hagatna, Guam 96910
Telephone No. (671) 472-8868

**Joseph K. Fang**
240 Father San Vitores Road
Tamuning, Guam 96913
Telephone No. Unknown

**Alan Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Laju Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**ANSWER TO INTERROGATORY NO. 7:** Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Plaintiff also objects on the grounds that pretrial disclosure of witnesses who may be presented at trial is governed by F.R.C.P. 26(a)(3). Without waiving and subject to said objections, plaintiff responds as follows. Plaintiffs may call the following individuals to testify at trial:

-15-

**Chris Underwood**
Hongkong & Shanghai Banking Corporation
Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8536

**Fred Granillo**
Hongkong & Shanghai Banking
Corporation Ltd.
436 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-8528

**Stephen J. Grantham**
Triple J Motors
157 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-6555 ext. 239

**Magnus Montan**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 2822-2528

**Lawrence M. Zhang**
1011 Foster Street
Alameda, California 94502
Telephone No. (310) 521-4631

**Christopher Page**
c/o HSBC
1 Queens Road Central
Hong Kong SAR
Telephone No. (852) 8222-1232

**Chris Felix**
Century 21 Realty Management Company
701 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 647-5003

**Hee K. Cho**
4032 Wilshire Boulevard #404
Los Angeles, California 90010
Telephone No. (323) 932-1200

**Ralph McLain**
Lud Valley R.D.1 Hirai Nelson
New Zealand
Telephone No.: Unknown

**Lee H. Vensel**
Deloitte & Touche LLP
361 South Marine DRive
Tamuning, Guam 96913
Telephone No. (671) 646-3884 ext. 201

**Christina Carpio**
4204 Glennwood Drive
Killeen, Texas 76542
Telephone No. (254) 690-9261/4224

**Barbara Gayle**
1055 Cordova Way
Vista, California 92081
Telephone No. (760) 597-9406

**Florence Celeste**
P.O. Box 94
East Boston, Massachusetts 02128
Telephone No. (857) 222-8958

**Anthony G. Wise**
c/o HSBC
Private Bag X951
Houghton 2041, South Africa
Telephone No. 27-11-981-4444

-16-

**Guy Priestley**
c/o HSBC
GPO Box 121, G-F
Shaheen Commercial Complex
MR Kayani Road, Karachi, Pakistan
Telephone No. 92-21-2630380

**Edwin Ching**
330 Hernan Cortez Avenue, Suite 200
Hagatna, Guam 96910
Telephone No. (671) 472-8868

**Joseph K. Fang**
240 Father San Vitores Road
Tamuning, Guam 96913
Telephone No. Unknown

**Patrick B. Oliva**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7853

**John Lee**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Laura Lynn Dacanay**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Alan Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Laju Sadhwani**
371 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 649-5948/1988

**Carol Gogue**
First Hawaiian Bank, Maite Branch
400 Route 8
Mongmong, Guam 96910
Telephone No. (671) 475-7900

**Mr. Haresh Mukhi**
Mayura Khamas Stores L.L.C.
Murshid Bazar
Beira, Dubai U.A.E.

**Vashi Jadwani**
Jadwani International Inc.
#4 Ind'l Avenue
Severina Ind'l Estate
KM.16 South Super Highway
1700 Paranaque, Metro Manila
Philippines

**Don Hemlani**
P.O. Box 2397
Hagatna, Guam 96932
Telephone No. (671) 646-9866

**ANSWER TO INTERROGATORY NO. 8:** Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and

-17-

overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Without waiving and subject to said objections, plaintiff responds as follows: None.

**ANSWER TO INTERROGATORY NO. 9:** Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Plaintiff also objects to this interrogatory in on the grounds that the pretrial disclosure of expert witness identity and reports are governed by F.R.C.P. 26(a)(2). Without waiving and subject to said objections, plaintiff responds as follows: Plaintiff has not retained an expert witness at this time. In the event plaintiff retains an expert witness, plaintiff will disclose such pursuant to F.R.C.P. 26(a)(2).

**ANSWER TO INTERROGATORY NO. 10:** Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Without waiving and subject to said objections, plaintiff responds as follows:

**DAMAGES CLAIMED:**

1. Lot Nos. 10054-6, 10005-7, 10054-8, 10054-R8, Dededo: Cost: $2,100,000; Loss or Damage: $2,100,000.

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-18-

2. Hongkong Shanghai Bank Building in Tamuning: Value $4.2 million; Loss or Damage: $4.2 million.

3. Sateena Mall, Dededo: Value: $3.2 million; Loss or Damage: $3,200,000.

4. Sharp Plaza (Deloitte & Touche): Value: $2.5 million; Loss or Damage: $2,500,000.

5. KSI Facility: Value: $2 million; Loss or Damage: $2,000,000.

6. Tick Tock Building, Tamuning: Value: $950,000; Loss or Damage: $950,000.

7. Tamuning Leasehold Land: Lot 2136#1-9-1 and Lot 2136#1-8-1 (formerly Donald's Mart): Value: $300,000; Loss or Damage: $300,000.

Plaintiffs have been engaged in the business of selling consumer electronics, appliances, watches and air conditioning units (Tick Tock). HSBC provided Letters of Credit and Receipts facilities in the purchase of such items from vendors/suppliers/manufacturers. HSBC cancelled Plaintiffs' Letter of Credit and Trust Receipts facilities. Some vendors/suppliers/manufacturers, like Panasonic and Mitsubishi, required Letters of Credit. Plaintiffs were not able to secure alternate financing from any other banking institution because all of their assets were mortgaged to HSBC. As a result, Plaintiffs were unable to purchase consumer items to replenish their inventory from these vendors/suppliers/manufacturers, resulting in Plaintiffs' loss of profits to the present date, in an amount to be proven at trial and provided in a supplemental response.

The loss or damage to the Plaintiffs as a result of the Defendant's actions as alleged in the First Amended Complaint is the difference between the valuation of Plaintiffs' lands and buildings, *i.e.*, $15,250,000.00, less the purchase price paid by the purchaser of Plaintiffs' Loan, plus loss of profits, plus attorneys' fees, costs and punitive damages of $10 million. See answer to interrogatory

-19-

no. 1. Also, Mark Gruber, Micronesian Appraisal, 194 Chalan San Antonio, Suite 202, Tamuning, telephone: 646-0234.

Dated this 30th day of April, 2004.

ARRIOLA, COWAN & ARRIOLA

By: _Anita P. Arriola_
ANITA P. ARRIOLA
Attorneys For Plaintiffs

## VERIFICATION

GUAM,                 )
                           )    ss:
CITY OF HAGATNA.   )

ALAN SADHWANI, being first duly sworn, deposes and says: That he the duly authorized representative of K. SADHWANI'S, INC., a Plaintiff in the above-entitled matter; that he has read the foregoing PLAINTIFF K. SADHWANI'S INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES and knows the contents thereof; and certifies that the same is true as therein stated, except as to those matters stated upon information or belief, and as to those matters, he believes them to be true.

<div align="right">

K. SADHWANI'S INC.

**ALAN SADHWANI**
Its Duly Authorized Representative

</div>

SUBSCRIBED AND SWORN to before me this 30th day of April, 2004, by ALAN SADHWANI, duly authorized representative of K. SADHWANI'S, INC.

NOTARY PUBLIC

CYNTHIA T. TONGSON
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: May 30, 2004
259 Martyr St., Hagatna, Guam 96910

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-21-



بسم الله الرحمن الرحيم

| | | |
|---|---|---|
| *Dubai World Trade Centre*<br>*29th Floor*<br>*P.O. Box : 9275*<br>*Dubai,*<br>*United Arab Emirates* | **AL TAMIMI**<br>**& COMPANY** | مركز دبي التجاري العالمي<br>الطابق التاسع والعشرون<br>ص.ب : ۹۲۷۵<br>دبــي<br>الامارات العربية المتحدة |
| *Tel: (9714) 3317090*<br>*Fax: (9714) 3313177* | *Advocates & Legal Consultants*   للمحاماة والاستشارات القانونية | هاتف : ۳۳۱۷۰۹۰ (۹۷۱٤)<br>فاكس : ۳۳۱۳۱۷۷ (۹۷۱٤) |

**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

### DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU<br>SADHWANI, and K. SADHWANI'S<br>INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI<br>BANKING CORPORATION, LTD.,<br>et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL CASE NO. 03-00036**<br><br><br><br>**DECLARATION OF ABDUL**<br>**WAHID ALULAMA IN SUPPORT**<br>**OF APPEAL OF MAGISTRATES**<br>**ORDER** |

**I, ABDUL WAHID ALULAMA,** do hereby declare and state as follows:

1.  All matters herein are based on my own personal knowledge.

2.  I am a litigation counsel with the firm of Al Tamimi & Company located in Dubai, in the
    United Arab Emirates ("UAE") and have been licensed by the UAE Ministry of Justice as
    a practicing advocate since the year 2000.

**EXHIBIT** *3*

*Please visit our website on the internet at www.tamimi.com*

| *Abu Dhabi* | *Dubai Internet City* | *Sharjah* |
|---|---|---|
| *Arab Tower, 5th Floor,*<br>*Suite 504, Hamdan Street*<br>*P.O. Box : 44046, Abu Dhabi, U.A.E.*<br>*Tel: (02) 6744535*<br>*Fax: (02) 6744762* | *Al Tamimi & Company FZ - LLC*<br>*Building No. 5, G - 08*<br>*P.O. Box 500188, Dubai - U.A.E.*<br>*Tel. : (9714) 391 2444*<br>*Fax: (9714) 391 4860* | *Al Reem Plaza*<br>*3rd Floor, Suite No. 306*<br>*Khalid Lagoon (Corniche)*<br>*P.O. Box : 5099, Sharjah, U.A.E.*<br>*Tel. (06) 5727255, Fax: (06) 5727258* |

 
3.  I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

4.  I have been retained by HSBC in reference to the above matter about three weeks ago.

5.  The UAE has not ratified the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters.

6.  Testimony of an unwilling witness and other evidence may be served in the UAE pursuant to a letter rogatory which is transmitted through the diplomatic channel. Consequently such requests should be sent to the U.S. Department of State for forwarding to the UAE Embassy in the USA. The Embassy will transmit the request to the UAE Ministry of Foreign Affairs which will then be transmitted to the appropriate ministry for enforcement of the service by a UAE court.

7.  Based on my experience dealing with these type of issues, it can take nine to twelve months or more to process such a request through the above method, which is the exclusive method.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this _22_ day of June 2004.

_____
**ABDUL WAHID ALULAMA**

1

2

3

4

FILED
DISTRICT COURT OF GUAM

JUN 16 2004

MARY L. M. MORAN
CLERK OF COURT

5          IN THE DISTRICT COURT OF GUAM

6              TERRITORY OF GUAM

7                  * * *

8

9   ALAN SADHWANI, LAJU              )    COURT OF APPEALS
    SADHWANI, and K. SADHWANI'S      )    CASE NO. 04-
10  INC., a Guam Corporation,        )
                 Plaintiffs,         )
11                                   )
         vs.                         )    CASE NO. CV03-00036
12  HONGKONG AND SHANGHAI            )
    BANKING CORPORATION, LTD., a     )
13  foreign corporation,             )
    JOHN DOE I through JOHN DOE X,   )
14                                   )
                 Defendants.         )
15  _____)

16

17             TRANSCRIPT OF PROCEEDINGS

18                    BEFORE

19    THE HONORABLE JOAQUIN V.E. MANIBUSAN, JR.

20                Magistrate Judge

21

22              **MOTIONS HEARING**

23            **THURSDAY, JUNE 3, 2004**

24

25                 COPY                EXHIBIT __4__

1          MS. ARRIOLA: We would ask until the end of

2    July or the end of August. And we'd ask the trial date

3    remain intact.

4          Here, Your Honor, this is not a situation

5    where we -- in every trial that I've been involved in,

6    almost always there are depositions that are late or

7    that take -- that are asked leave of court, people ask

8    leave of court if they can take depositions beyond the

9    discovery deadline due to extenuating circumstances.

10         Obviously, we would have no objection if the

11    bank wanted to take their depositions right up until

12    trial date of these people in the Philippines and in

13    Dubai, if that's what they wanted to do, because, you

14    know, they're obviously entitled to take those

15    depositions. But we don't believe that the trial

16    date should be continued up to a year and four months

17    from now, which they've proposed in their amended

18    scheduling order; they've asked for a trial date of

19    October 2005, and they've asked for additional

20    discovery of nine months.

21         THE COURT: But are these witnesses on your

22    trial list of -- or are these individuals on your trial

23    list of witnesses?

24         MS. ARRIOLA: They are not on our trial list;

25    they were simply answers to interrogatories. We do not

1    at this point intend to call them as witnesses.  We

2    believe that that information can be obtained from the

3    plaintiffs.  But obviously, you know, if the bank feels

4    that that is not the case, they can certainly go and

5    take these depositions.

6         THE COURT:  Through interrogatories, through

7    your office maybe or not?

8         MS. ARRIOLA:  That's certainly the case, they

9    still have, you know, additional interrogatories under

10   the rules that they can ask for.

11        I mean, Your Honor, you know, your questions

12   are right on point, which is, you know, what is the

13   least expensive and the most efficient way for us to

14   conduct the discovery in this case.

15        For example, you know, we have stated our

16   intention to take Guy Priestly's deposition in Pakistan

17   if we're forced to do that.  But, frankly, we believe

18   that we might be able to get the deposition from the

19   two witnesses who refused to appear for their

20   depositions, who are bank employees now, because they

21   were there at the same time as all the, you know, the

22   facts and the events that are giving rise to this

23   complaint.  It may very well be that we may not need

24   to take his deposition at all.

25        THE COURT:  I see.

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**Arriola, Cowan & Arriola**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

BRONZE & TANG, P.C.
Date: 6/18/04
Time: 4:57 pm
Received: CMS

Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | **PLAINTIFFS' SECOND** |
| vs. | ) ) | **AMENDED AND** **SUPPLEMENTAL INITIAL** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | **DISCLOSURES (F.R.C.P. 26;** **L.R. 16.2 (2))** |
| Defendants. | ) ) | |

## PLAINTIFFS' INITIAL DISCLOSURES (F.R.C.P. 26 & LOCAL RULE 16.2(2))

Plaintiffs Alan Sadhwani, Laju Sadhwani and K. Sadhwani's Inc. (collectively "Plaintiffs"),

by and through their attorneys ARRIOLA, COWAN & ARRIOLA, hereby submit this Second

Amended and Supplemental Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule

26 and Local Rule 16.2(2).

A. **NAMES OF PERSONS WITH DISCOVERABLE INFORMATION**. The

following are persons who will likely have discoverable information relevant to disputed facts:

**EXHIBIT 5**

| **NAME** | **SUBJECTS OF INFORMATION** |
|---|---|
| 1. Custodian of Records, HongKong and Shanghai Banking Corporation Ltd. P.O. Box 27-C, Hagåtña, Guam 96932 | Authentication of records and other documents. |
| 2. Lawrence M. Zhang HongKong and Shanghai Banking Corporation Ltd. P.O. Box 27-C, Hagåtña, Guam 96932 | Information regarding his position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, and his role in the sale of plaintiffs' loan to Paradise Marine Corporation ("PMC"); and banking policies and procedures at HSBC. |
| 3. Frederick Granillo HongKong and Shanghai Banking Corporation Ltd. P.O. Box 27-C, Hagåtña, Guam 96932 | Information regarding his position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, and his role in the sale of plaintiffs' loan to PMC; and banking policies and procedures at HSBC. |
| 4. Guy Priestley HongKong and Shanghai Banking Corporation Ltd. P.O. Box 27-C, Hagåtña, Guam 96932 | Information regarding his position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, and his role in the sale of plaintiffs' loan to PMC; and banking policies and procedures at HSBC. |
| 5. Magnus Montan HongKong and Shanghai Banking Corporation Ltd. P.O. Box 27-C, Hagåtña, Guam 96932 | Information regarding his position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, and his role in the sale of plaintiffs' loan to PMC.; and banking policies and procedures at HSBC. |

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-2-

| **NAME** | **SUBJECTS OF INFORMATION** |
|---|---|
| 6. I.C. Underwood<br>HongKong and Shanghai Banking Corporation Ltd.<br>P.O. Box 27-C, Hagåtña, Guam 96932 | Information regarding his position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, his role in the sale of plaintiffs' loan to PMC; and banking policies and procedures at HSBC. |
| 7. Patrick B. Oliva<br>First Hawaiian Bank<br>400 Route 8, Mongmong, Guam 96910-2010 | Information regarding plaintiffs' application to obtain alternate financing from First Hawaiian Bank, his previous employment at HSBC, including his position, duties and responsibilities. |
| 8. Christopher Felix<br>Century 21 Realty Management Co.<br>P.O. Box 7988, Tamuning, Guam 96931; 647-5003 | Information regarding Century 21's attempts to sell plaintiffs' properties, the history of his and Century 21's relationship with plaintiffs, and the previous sales of plaintiffs' properties. |
| 9. Custodian of Records<br>Paradise Marine Corporation<br>Address Unknown | Authentication of records and other documents. |
| 10. Officers and Directors of Paradise Marine Corporation<br>Address Unknown | Information regarding PMC's business and the sale of plaintiffs' loan to PMC. |
| 11. Joseph Fang<br>Paradise Marine Corporation<br>240 Father San Vitores Road<br>Tamuning, Guam 96913 | Information regarding the sale of plaintiffs' loan to PMC and his relationship with HSBC. |
| 12. Alan Sadhwani<br>371 South Marine Drive<br>Tamuning, Guam 96913<br>649-5948 | Information regarding the facts and circumstances underlying plaintiffs' causes of action alleged in their complaint, and damages. |

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

| NAME | SUBJECTS OF INFORMATION |
|---|---|
| 13. Laju Sadhwani<br>371 South Marine Drive<br>Tamuning, Guam 96913<br>649-5948 | Information regarding the facts and circumstances underlying plaintiffs' causes of action alleged in their complaint, and damages. |
| 14. Stephen J. Grantham<br>Triple J Motors<br>157 South Marine Drive<br>Tamuning, Guam 96913<br>Telephone No. (671) 649-6555 ext. 239 | Information regarding his position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC; and banking policies and procedures at HSBC. |
| 15. Christopher Page<br>c/o HSBC<br>1 Queens Road Central<br>Hong Kong SAR<br>Telephone No. (852) 8222-1232 | Information regarding his position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, his role in the sale of plaintiffs' loan to PMC; and banking policies and procedures at HSBC.. |
| 16. Carol Gogue<br>First Hawaiian Bank, Maite Branch<br>400 Route 8<br>Mongmong, Guam 96910<br>Telephone No. (671) 475-7900 | Information regarding her position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, her role in the sale of plaintiffs' loan to PMC; and banking policies and procedures at HSBC. |
| 17. Mr. Haresh Mukhi<br>Mayura Khamas Stores L.L.C.<br>Murshid Bazar<br>Beira, Dubai  U.A.E. | Information regarding plaintiffs' efforts to obtain alternate financing. |
| 18. Vashi Jadwani<br>Jadwani International Inc.<br>#4 Ind'l Avenue<br>Severina Ind'l Estate<br>KM.16 South Super Highway<br>1700 Paranaque, Metro Manila<br>Philippines | Information regarding plaintiffs' efforts to obtain alternate financing. |

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

| **NAME** | **SUBJECTS OF INFORMATION** |
|---|---|
| 19. Don Hemlani<br>P.O. Box 2397<br>Hagatna, Guam 96932<br>Telephone No. (671) 646-9866 | Information regarding plaintiffs' efforts to obtain alternate financing. |
| 20. Cathy Champaco<br>c/o Citibank<br>Hagatna, Guam | Information regarding her position, duties and responsibilities at HSBC, including as they relate to plaintiffs' accounts, loans and banking relationship with HSBC, her role in the sale of plaintiffs' loan to PMC; and banking policies and procedures at HSBC. |
| 21. Michael Berman, Esq.<br>Berman, O'Connor, Mann & Shklov<br>Suite 503 Bank of Guam Building<br>111 Chalan Santo Papa<br>Hagatna, Guam 96910 | Information concerning the sale of plaintiffs' loan. |
| 22. Manu Melwani<br>Security Title, Inc.<br>865 South Marine Drive<br>Suite 202 B Orlean Pacific Plaza<br>Tamuning, Guam | Information concerning the sale of plaintiffs' loan. |
| 23. Individuals identified in defendant's initial disclosures and any supplements or amendments thereto. | As identified in defendant's initial disclosures and any supplements or amendments thereto |
| 24. Thomas C. Moody, III<br>Klemm, Blair, Sterling & Johnson<br>Suite 1008, Pacific News Building<br>238 Archbishop Flores Street<br>Hagatna, Guam 96910 | Information regarding the facts and circumstances underlying plaintiffs' causes of action alleged in their complaint. |

B.    **DOCUMENTS**.   Plaintiffs have previously produced documents discoverable

pursuant to F.R.C.P. Rule 26 in Plaintiffs' possession, Bates-stamped numbers P000001 - P000352

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

and will produce other documents in response to defendant's document requests. Additional documents are those produced by Paradise Marine Corporation and HSBC in this litigation; documents attached as exhibits to the Plaintiffs' Complaint and previously served on Defendant; and documents in the possession or custody of defendant or other witnesses that are reasonably likely to bear on the claims or defenses in this action.

      C.    **COMPUTATION OF DAMAGES**.  (1) Compensatory damages for loss of real properties, buildings and improvements, and loss of inventory amounting to $15,950,000.00; consequential damages for being unable to repair and maintain buildings because Plaintiffs were unable to provide funds therefor; consequential damages based on HSBC's cancellation of letters of credit which resulted in losses to Plaintiffs' businesses; consequential damages for loss of rents; (2) Punitive damages in the amount of $10,000,000.00; and (3) Attorneys fees and costs.

      D.    **INSURANCE**. Plaintiffs are unaware of any insurance agreements which may satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy any judgment.

      E.    **EXPERT REPORT**.  Plaintiffs do not presently have any report prepared by an expert and do not presently have an expert witness.  In the event an expert witness is retained, Plaintiffs will disclose the identity of the expert and any written report prepared by the expert.

      F.    Plaintiffs reserve the right to amend or supplement these Initial Disclosures.

DATED: June 18, 2004.

<div style="text-align:center">

**ARRIOLA, COWAN & ARRIOLA**
Counsel for Plaintiffs Alan Sadhwani, et al.

By: _Anita P. Arriola_
**ANITA P. ARRIOLA**

</div>

<div style="text-align:center">-6-</div>

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, Anita P. Arriola, hereby certify that on June 18, 2004, I caused to be served via hand delivery, **PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL INITIAL DISCLOSURES (F.R.C.P. 26; L.R. 16.2 (2))** to:

> **Jacques G. Bronze**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 18th day of June, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910