**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, Suite 201
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671



*Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HSBC's *EX PARTE* APPLICATION FOR LETTERS OF REQUEST FOR TAKING THE DEPOSITION AND PRODUCTION OF DOCUMENTS OF HARESH MUKHI IN THE UNITED ARAB EMIRATES** |

## FACTS

One of the causes of action in this case is whether the Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC"), breached the purported loan workout agreement with Plaintiffs by selling the loan to Paradise Marine Corporation. One of the condition precedents to the purported workout was obtaining "alternative financing."

Mr. Haresh Mukhi is an employee or owner of Mayura Khamas Stores L.L.C.. He has been identified by Plaintiffs as a witness in their Responses and Objections to Defendant's First Set of Interrogatories. See, Exh. "2" attached to the Declaration of Jacques G. Bronze. Mr. Mukhi is believed to have substantial relevant discoverable information based on Plaintiffs'
D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Pts.Auth.Supt.Ltr of Req-H.Mukhi Depo (UAE).doc

ORIGINAL

responses to HSBC's First Set of Interrogatories to K. Sadhwani's Inc.. See, ¶ 6 of Declaration of Jacques G. Bronze. He will be asked to produce certain documents and be examined on, and amongst other matters, his or his company's involvement and knowledge of any negotiations and/or agreements relating to any replacement or alternative financing of Plaintiffs' loan with HSBC.

Accordingly, HSBC seeks a letter of request and the assistance of the judicial authorities of the United Arab Emirates ("UAE"), to serve and/or direct the taking of the deposition of Mr. Jadwani on oral examination and the production of certain documents.

F.R.C.P. Rule 28(b) provides:

> Depositions may be taken in a foreign country (1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request (whether or not captioned a letter rogatory), or (3) on notice before a person authorized to administer oaths in the place where the examination is held, either by the law thereof or by the law of the United States, or (4) before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony. A commission or a letter of request shall be issued on application and notice and on terms that are just and appropriate
> . . .

Here, a letter of request is necessary for the deposition of Mr. Mukhi to be taken in Dubai in the UAE where he resides and works. The taking of the testimony of a witness and other evidence in relation to a case pending before foreign courts may be allowed pursuant to a letter of request from this Court on the basis of reciprocity and judicial comity, but subject to such rules laid down by UAE judicial authorities. At the same time, there is no reason that such a letter of request should not issue: Mr. Mukhi has highly pertinent information directly relevant to essential issues and disputes in this proceeding. In re: The Matter of Central Gulf Lines, Inc.,

Case 1:03-cv-00036   Document 197   Filed 06/30/2004   Page 2 of 4

2000 WL 713185 *3 (E.D. La. 2000) (granting motion for issuance of letters of request to Kingdom of Norway to depose certain witnesses, after recognizing mandatory language of Rule 28(b) that letter of request "shall" be issued on application and notice on terms that are just and appropriate); DBMS Consultants, Ltd. v. Computer Associates Int'l, Inc., 131 F.R.D. 367, 269 (D. Mass. 1990). Moreover, a U.S. Court has authority to compel production of documents. See, Societe Internationale v. Rogers, 357 U.S. 197, 206-07, 78 S.Ct. 1087, 1092-93, 2 L.Ed.2d 1255 (1958); In re Societe Nationale Industrielle Aerospatiale, 782 F.2d 120, 126 (8th Cir. 1986); United States v. First National City Bank, 396 F.2d 897, 901 (2nd Cir. 1968); International Society for Kirshna Consciousness v. Lee, 105 F.R.D. 435, 445 (S.D.N.Y. 1984); and In re Uranium Antitrust Litigation, 480 F.Supp. 1138, 1145 (N.D. Ill. 1979).

Based upon the foregoing, and on the attached Declaration of Jacques G. Bronze, HSBC respectfully requests that this Court issue a Letter of Request authorizing and appointing the appropriate judicial authority of the UAE to direct the taking of the deposition of Mr. Haresh Mukhi on oral examination and production of documents in the form of the Letters of Request For Taking the Deposition and Production of Documents of Haresh Mukhi in the UAE.

**DATED** this 30th day of June 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
    *JACQUES G. BRONZE*
    *Attorneys for Defendant HSBC*

# CERTIFICATE OF SERVICE

I, **JACQUES G. BRONZE**, hereby certify that on June 30, 2004, I caused to be served via hand delivery, **HSBC's Notice of Ex Parte Application and Ex Parte Application for Letters of Request For Taking the Deposition and Production of Documents of Haresh Mukhi in the United Arab Emirates; Memorandum of Points and Authorities in Support of HSBC's Ex Parte Application; and Declaration of Jacques G. Bronze in Support of HSBC's Ex Parte Application** to:

Joaquin C. Arriola
Anita P. Arriola
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910

*Attorneys for Plaintiffs*

**DATED:** June 30, 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
JACQUES G. BRONZE
*Attorneys for Defendant HSBC*