JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

FILED
DISTRICT COURT OF GUAM
JUL 1 4 2004
MARY L. M. MORAN
CLERK OF COURT



Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>  Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |

### INTRODUCTION

Plaintiffs file this motion to modify the Stipulated Protective Order Governing Discovery, ("Stipulated Protective Order") filed in this case on February 11, 2004. The Stipulated Protective Order provides that if a party to the Stipulated Protective Order is involved in litigation that raises issue related to the issues in this case, then the party may move the Court to allow the use of Confidential Business Information produced in this litigation in connection with the related litigation under the terms and conditions of the Stipulated Protective Order. Plaintiffs have filed an action in the Superior Court of Guam entitled <u>Alan Sadhwani et al., v. Paradise Marine Corporation</u>, Civil

Case No. CV0739-04, ("the Related Litigation") which raises issues related to this litigation. HSBC has produced documents in this litigation that is relevant to the claims and defenses and the subject matter of the Related Litigation. Accordingly, plaintiffs seek a modification of the Stipulated Protective Order to allow them to use the information produced in this litigation in the Related Litigation. As required by the Stipulated Protective Order, plaintiffs will abide by the terms and conditions of the Stipulated Protective Order, including filing with the Superior Court under seal, all documents designated as confidential by HSBC. These documents are not numerous, they comprise 31 pages. Due to a briefing schedule in the Related Litigation that requires plaintiffs to file briefs on August 6, 2004, plaintiffs request an immediate ruling from this Court on their motion.

Plaintiffs requested that HSBC stipulate to a modification of the Stipulated Protective Order, but HSBC failed to respond. A. Arriola Decl. Exhs. 1 and 2. Consequently, plaintiffs are forced to bring this motion to modify the Stipulated Protective Order.

## ARGUMENT

### I. GOOD CAUSE EXISTS TO ALLOW PLAINTIFFS USE OF DOCUMENTS PRODUCED IN THIS LITIGATION IN THE RELATED LITIGATION.

Page 4, paragraph III (A) of the Stipulated Protective Order provides in pertinent part as follows:

> "Except as provided for herein, Confidential Business Information disclosed in accordance with this Protective Order may only be used in the above-captioned litigation. If the parties to this Protective Order, or their successors or assigns are involved in other litigation with one or all the parties to this Protective Order or *if such other litigation raises issues related to the issues in the above-captioned litigation ("Related Litigation")*, any such party may move the court to allow the use of the Confidential Business Information produced in this litigation in connection with the Related Litigation under the terms and conditions of this Protective Order."

-2-

(Emphasis added). Plaintiffs filed the Related Litigation against Paradise Marine Corporation ("PMC"), which raises issues related to this litigation. Plaintiffs filed a Verified Complaint against PMC on June 30, 2004, seeking a Temporary Restraining Order, Preliminary and Permanent Injunctions, Declaratory Relief and Damages against PMC. *See* A. Arriola Decl. Exh. 3. Plaintiffs contend in the Related Litigation that PMC purchased the Sadhwani Loan in violation of the Business Loan Agreement executed between the Sadhwanis and HSBC. Id. Specifically, the Business Loan Agreement expressly limits sale of the Sadhwani's Loan to "one or more participation interests" only. Exhibit 2 to Verified Complaint. Plaintiffs further contend that the sale of their Loan to PMC was not a sale or transfer of "one or more participation interests." Id.

Plaintiffs filed their Verified Complaint and an Ex Parte Motion for a Temporary Restraining Order against PMC on the grounds that PMC was attempting to collect rents from the Sadhwani tenants and foreclose on the property securing the Sadhwani Loan based on the Loan documents executed by the Sadhwanis and HSBC. *See* A. Arriola Decl. A Temporary Restraining Order was granted by the Court on July 2, 2004. A. Arriola Decl., Exh. 4. That Order enjoined and restrained PMC from collecting any rents from the Sadhwani tenants and taking any action to foreclose on the mortgaged properties. *See id.*

At a hearing on July 12, 2004, the Superior Court, by agreement of the parties, continued the Restraining Order in effect and set a briefing schedule for the parties. A. Arriola Decl., Exh. 5. The briefing Order requires PMC to file a motion for summary judgment and a motion for a receiver by July 20, 2004. Id. The Order requires plaintiffs to file their oppositions to the motion for summary judgment and motion for receiver on August 6, 2004, and a reply in support of their motion for preliminary injunction on August 11, 2004. Id.

Because the briefing schedule in the Related Litigation requires plaintiffs to file their briefs on August 6, 2004, plaintiffs require an immediate ruling from this Court regarding modification of the Stipulated Protective Order. The primary issue in the Related Litigation is the interpretation of the Business Loan Agreement. A. Arriola Decl. Plaintiffs contend that the Loan expressly restricts sale or transfer of the Sadhwani Loan as part of a participation loan and not otherwise. Id. PMC contends that the Loan documents allow for transfer or assignment of the Loan without restriction. Id. HSBC has produced documents in this litigation which are relevant to the interpretation of the Sadhwani-HSBC Business Loan Agreement. Id. Those documents, which have been designated as Confidential Business Information by HSBC, are filed under seal pursuant to the Stipulated Protective Order as Exhibits 6, 7 and 8 to A. Arriola Decl.

F.R.C.P. 26(c) provides that "for good cause shown" the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including "that a trade secret or other confidential research, development or commercial information not be revealed or *be revealed in a designated way*. F.R.C.P. 26(c)(7). (Emphasis added). Any such order requires that the court "identify and discuss the factors it considered in its "good cause" examination to allow appellate review of the exercise of its discretion." Phillips v. General Motors, 307 F. 3d 1206, 1212 (9th Cir. 2002).

The Ninth Circuit "strongly favors access to discovery materials to allow the needs of parties engaged in collateral litigation." Beckman Industries Inc. v. International Insurance Co., 966 F. 2d 470, 475 (9th Cir. 1992). The Court held that allowing the "fruits of one litigation to facilitate preparation in other cases advances the interest of judicial economy by avoiding the wasteful duplication of discovery." Id., citing United Nuclear Corporation v. Cranford Insurance Company,

-4-

905 F. 2d 1424, 1426 (10th Cir. 1990). ("where appropriate modification of a protective order can place private litigants in the position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification"). Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interest and privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material, should generally be granted. Foltz v. State Farm Mutual Automobile Insurance Company, 331 F. 3d 1122, 1132 (9th Cir. 2003).

Here, plaintiffs must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. Foltz, 331 F. 3d at 1132. Such relevance hinges "on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." Id. Under the relevance inquiry, the court that granted the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation and that a substantial amount of duplicative discovery will be avoided by modifying the protective order. Foltz, 331 F. 3d at 1132.

The documents that plaintiffs seek to use in the related litigation are documents contained in HSBC's Credit Policy Manual, Business Instruction Manual-Credit, and Volume III of the Business Instruction Manual. A. Arriola Decl. These documents were produced by HSBC in response to the Fourth Set of Requests for Production of Documents by plaintiffs. Id. The documents are relevant to the issues in the Related Litigation in that they define "participation loans", a banking term that is used in the Business Loan Agreement executed between the Sadhwanis and HSBC. Id. The documents are also relevant in that they discuss the drafting of certain loan

documents and how HSBC drafts terms relating to the assignment or transfer of loan documents. Id. All of these documents are relevant to interpretation of the Business Loan Agreement that is at issue in the Related Litigation. As the Court can see from the Verified Complaint, there is a substantial degree of overlap in the facts, parties and issues between this litigation and the Related Litigation. This litigation is a lawsuit between the plaintiffs Sadhwani and HSBC based on HSBC's sale of the Loan to PMC. The Related Litigation involves the same plaintiffs Sadhwani against PMC as a result of the sale of the Sadhwani loan by HSBC to PMC.

## II. HSBC WILL NOT SUFFER HARM OR PREJUDICE IF THE PROTECTIVE ORDER IS MODIFIED.

HSBC must show that for each particular document it seeks to protect, it will suffer specific prejudice or harm if the Protective Order is modified. Foltz, 331 F. 2d at 1130; Beckman, 966 F. 2d at 476. HSBC must provide "specific demonstrations of fact, supported if possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." Foltz, 331 F. 3d at 1130, quoting DeFord v. Schmid Products Company, 120 FRD 648, 653 (D. Md 1987).

Here, HSBC cannot meet its burden of showing "specific prejudice or harm." Beckman, 966 F. 2d at 476. As stated by the Ninth Circuit in the Foltz case, any harm caused by disclosure of trade secrets, financial information, or other confidential information can be protected by placing the users of the documents under the same use and disclosure restrictions contained in the original protective order. The documents produced by HSBC will still be subject to the terms of the Protective Order and will be filed under seal by plaintiffs in the Related Litigation.

Moreover, the parties clearly contemplated that evidence produced in this litigation could be used in other litigation raising related issues, since both parties agreed to and specifically included

-6-

paragraph III in the Stipulated Protective Order. HSBC cannot now argue that they did not intend for their documents to be used in any collateral litigation. Accordingly, HSBC cannot claim prejudice or harm by allowing use of these documents in the Related Litigation.

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully requests that the Court modify the Stipulated Protective Order to allow use of the documents filed under seal in the Related Litigation and that such documents be subject to the same terms and conditions of the Stipulated Protective Order when they are filed or used in the Related Litigation.

Dated this 14th day of July, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: *[signature]*
ANITA P. ARRIOLA

-7-

Case 1:03-cv-00036   Document 214   Filed 07/14/2004   Page 7 of 8

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on July 14, 2004, I caused to be served via hand delivery, a **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 14th day of July, 2004.

_____
**ANITA P. ARRIOLA**