**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) ) | HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MEMORANDUM OF POINTS AND |
| v. | ) ) | AUTHORITIES IN OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., | ) ) ) ) | MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY |
| Defendants. | ) ) ) ) | |

**THE COURT SHOULD NOT MODIFY THE STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY SINCE THE DOCUMENTS BEING REQUESTED TO USED IN THE COLLATERAL LITIGATION IS NOT RELEVANT TO THAT PROCEEDING.**

The Ninth Circuit Court of Appeals held in Foltz v. State Farm Mutual Automobile Insurance Company, 331 F.3d 1122, 1132 (9th Cir., 2003), that ". . . the collateral litigant must demonstrate relevance of the protected discovery to the collateral proceedings. . . ." The Court in Foltz found that such relevance ". . . hinge[d] 'on the decree of overlap in facts, parties, and

issues between the suit covered by the protective order and the collateral proceeding.'" Id. at p. 1132.

Based on the above precedent, it is clear that HSBC is not a party to the collateral litigation in the Superior Court of Guam. Moreover, a review of Plaintiffs' Second Amended Complaint makes it very clear that the issues and causes of action in the instant litigation does not involve the definition of "participation loans," so there is no overlap as being claimed by Plaintiffs.

In addition, contract interpretation is a question of law for the court, thus, the requested documents by Plaintiffs would not be helpful. See, Fairfield 274-278 Clarendon Trust v. Dwek, 970 F.2d 990, 993 (1st Cir. 1992). Should the court find the contract language ambiguous, it would interpret it according to its plain terms. Id. If the subject provision is susceptible to two different and reasonable interpretations, each which is found to be consistent with the contract language, the agreement is ambiguous and the court must look beyond the face of the agreement to resolve the ambiguity. See, Cray Research, Inc. v. U.S., 44 Fed. CL. 327, 330 (1999). Although not admissible either to contradict or alter express terms, extrinsic evidence is admissible to assist the fact-finder in asserting the intent of the parties as imperfectly expressed in ambiguous contract language. See, Robert Industries, Inc. v. Spence, 291 N.E. 2d 407, 410 (1973).

In descending order of importance, extrinsic evidence usually includes: (1) the parties' negotiations or intent at the time they executed the loan agreement, see, Dureiko v. United States, 209 F.3d 1345, 1356 (Fed. Cir. 2000); (2) the course of performance, see, Affiliated FM Insurance Company v. Constitution Reins. Corp., 626 N.E. 2d 878, 882, n. 10 (1994); (3) the prior course of dealing, id.; and (4) trade usage in the relevant industry, see, id. at p. 881-882;

A.J. Cunningham Packing Corp. v. Florence Beef Company, 785 F.2d 348, 351 (1st Cir. 1986); Restatement § 222 cmt.b, (1981).

Assuming that ambiguity exists as it relates to the definition of "participation loans", HSBC's Credit Policy Manual, Business Instruction Manual-Credit and Volume 3 of the Business Instruction Manual, are not proper extrinsic evidence since these documents are not relevant and helpful in aiding Plaintiffs establish evidence relating to the negotiations of the loan agreement, the course of performance between lender and borrower, their prior course of dealing or trade usage in the banking industry. Specifically, Exhibit 6 to the Declaration of Anita Arriola makes it clear that the "Credit Policy Manual[s] is intended to provide . . . general guidance . . . rather than to be an exhaustive source of information." Moreover, Section 5 of Bates Stamp Document No. 003159 attached to the Declaration of Anita Arriola, does not help Plaintiffs define "participation loans." Moreover, the definition of assignment as it relates to "charges" or pledge over securities is not relevant to help the Superior Court define the term "participation loans" or the assignability thereof. See, Exhibit 7, Bates Stamp Document Nos. 003392, 003884, 003889 attached to the Declaration of Anita Arriola. Similarly, the definition of assignment as it relates to a "trade financing general agreement" is not relevant to help define the term "participation loans" or the assignability thereof. See, Exhibit 8, Bates Stamp Document No. 003557 attached to the Declaration of Anita Arriola.

HSBC's internal manuals are for HSBC's own internal policy guidance, not for the benefit of Plaintiffs. Moreover, none of the sought materials are relevant to the drafting or defining of terms of the business loan agreement, which is the document at issue in the instant case. See, Exhibit 2 attached to the Declaration of Anita Arriola. In short, HSBC's internal

information should not be released into a collateral litigation unless it is clearly relevant to the issues in that litigation, which Plaintiffs have failed to demonstrate.

HSBC is merely one bank in the banking industry in Guam. Guam UCC Section 1-205(2) defines "usage of trade" to mean "any practice or method of dealing having such regularity of observance . . . as to justify on expectation that it would be observed with respect to the transaction in question."

In the instant case, HSBC's internal manuals are insufficiently probative to establish "usage of trade." cf. Carondelet Savings and Loan Association v. Citizens Savings and Loan Association, 604 F.2d 464, 470 (7th Cir. 1979) (defendant relied on expert testimony and learned treatise to prove usage of trade in order to discern the meaning of ambiguous language in loan participation agreement); see also, Fed. R. Evid. 803(18).

Moreover, Plaintiffs' failure to delineate what reasonable restrictions on collateral disclosure would be put in place to protect HSBC's legitimate interest in privacy should be grounds to deny the motion for modification. See, United Nuclear Corp. v. Cranford Insurance Company, 905 F.2d 1424, 1428 (10th Cir. 1990).

## CONCLUSION

For the foregoing reasons, Plaintiffs' *Ex Parte* Motion to Modify Stipulated Protective Order Governing Discovery should not be granted.

*Respectfully submitted* this 15th day of July 2004.

LAW OFFICES OF BRONZE & TANG
A Professional Corporation

By:_____
JACQUES G. BRONZE
*Attorneys for Hongkong and Shanghai*
*Banking Corporation, Ltd.*

# CERTIFICATE OF SERVICE

I, **JACQUES G. BRONZE,** hereby certify that on July 15, 2004, I caused to be served via hand delivery, **HSBC's MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS'** *EX PARTE* **MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** to:

Joaquin C. Arriola
Anita P. Arriola
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910

*Attorneys for Plaintiffs*

**DATED** this 15th day of July 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By:_____
**JACQUES G. BRONZE**
*Attorneys for Defendant HSBC*