**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*



DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>　　　　　Defendants. | CIVIL CASE NO. 03-00036<br><br>**HSBC'S SUPPLEMENTAL BRIEFING RELATING TO OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER COMPELLING PRODUCTION** |

## INTRODUCTION

On July 7, 2004, this Court issued an Order requesting the parties to submit additional briefing concerning the issue of ". . . whether this court has jurisdiction over HSBC USA, Ltd., such that it can compel it to produce documents in the 'control' branches other than the Guam branch's control."

## ANALYSIS

In compliance with the Magistrate's Court's Order of May 27, 2004, The HongKong and Shanghai Banking Corporation, Ltd., ("HSBC"), which is the Hong Kong corporation in which



the Guam branch falls under, produced all the relevant documents relating to Plaintiffs' Third Set of Request for Production of Documents including those documents relating to Mr. and Mrs. Joseph K. Fang and any Guam entity in which they control ("the Fang Requests") financial relationship with HSBC Guam. Mr. Joseph K. Fang testified in his deposition that he and his wife have banking relationships with The HongKong and Shanghai Banking Corporation, Ltd., in the mainland United States. In its Objections filed with this Court on June 4, 2004, HSBC argued that the Magistrate committed clear error in forcing HSBC Guam to produce documents related to branches in the mainland USA.

FRCP 34 permits a party to request production of any documents or things within the "possession, custody or control" of another party. The terms "possession," "custody," or "control" are listed in the disjunctive, thus only one of these requirements need to be met. See, Soto v. City of Concord, 162 FRD 603, 619 (N.D. Cal. 1995). Based on the Declaration of the HSBC's Guam Manager, Mr. I.C. Underwood, it is clear that HSBC Guam does not have in its "possession" or "custody" any documents relating to the Fangs' financial relationship with HSBC branches in the mainland USA. Essential to a resolution of the Court's concern is whether HSBC Guam is in "control" of the requested documents in possession of HSBC branches in the mainland.

HSBC Bank USA, National Association is a successor by merger to HSBC Bank USA, a New York State chartered banking institution. See, ¶ 5 of Exhibit "A" attached to the Declaration of Jacques G. Bronze. HSBC Bank USA, National Association, is incorporated under the laws of the United States of America and is a wholly-owned subsidiary of HSBC USA, Inc., a Maryland corporation, which is an indirect subsidiary of HSBC Holdings, PLC, a company organized under the laws of England. See, ¶ 6 of Exhibit "A" attached to the

Declaration of Jacques G. Bronze. HSBC Bank USA, National Association, is a separate and distinct legal entity and is not under the control or direction of The Hongkong and Shanghai Banking Corporation, Ltd., which operates on Guam as a foreign branch. See, ¶ 7 of Exhibit "A" attached to the Declaration of Jacques G. Bronze.

Moreover, HSBC Bank USA, National Association, does not have any access to any records of The Hongkong and Shanghai Banking Corporation, Ltd., because the two companies are separate and distinct legal entities operating in two very different regions of the globe. See, ¶ 8 of Exhibit "A" attached to the Declaration of Jacques G. Bronze. Moreover, HSBC Bank USA, National Association, has no branches or offices in Guam and has not engaged in any business activity in Guam. See, ¶ 9 of Exhibit "A" attached to the Declaration of Jacques G. Bronze.

First and foremost, there is authority that under traditional notions of power and jurisdiction, a court cannot order production of records in the custody and control of a nonparty located in a foreign judicial district. See, Cates v. LTV Aerospace Corp., 480 F.2d 620 (5th Cir. 1973); Chessmen v. Teets, 239 F.2d 205, 213 (9th Cir. 1956); Elder-Beerman Stores Corp. v. Federated Department Stores, Inc., 45 FRD 515, 518 (S.D.N.Y. 1968).

I.

**PLAINTIFFS' FAILURE TO MEET THEIR BURDEN IN PROVIDING ANY EVIDENCE TO THE MAGISTRATE COURT THAT HSBC GUAM IS IN CONTROL OF FANGS' DOCUMENTS WITH HSBC BANK USA, NATIONAL ASSOCIATION, IS GROUNDS THAT THE MAGISTRATE COMMITTED CLEAR ERROR OF LAW IN ORDERING HSBC GUAM TO PRODUCE SUCH DOCUMENTS.**

The burden of establishing control over the documents sought is on the party seeking production. See, United States v. International Union of Petroleum and Industrial Workers, 870

F.2d 1450, 1452 (9th Cir. 1989); Norman v. Young, 422 F.2d 470, 472-473 (10th Cir. 1970). In the instant case, the only evidence provided was that HSBC Guam shares a common name with HSBC in the mainland USA. See, p.10 of Plaintiffs' Response to HSBC's Objections filed with this Court on June 21, 2004. As will be argued below, a common name is not sufficient to sustain the Magistrate's Order.

## II.

### HSBC GUAM SHOULD NOT BE ORDERED TO PRODUCE DOCUMENTS SINCE ITS CONNECTION WITH HSBC BANK USA, NATIONAL ASSOCIATION, IS INSUFFICIENT.

HSBC concedes that certain courts have found that a litigating parent corporation has "control" over documents in the physical possession of its subsidiary corporation where the subsidiaries are wholly-owned or controlled by the parent. See, American Angus Association v. Sysco Corp., 158 FRD 372, 375 (W.D.N.C. 1994) quoting Camden Iron and Metal, Inc. v. Marubeni America Corp., 138 FRD 438 (D.N.J. 1991). In the instant case, HSBC or HSBC Guam is not the parent of HSBC Bank USA, National Association. Rather both entities are separate legal entities operating in separate legal domiciles except for a common parent whose legal domicile is England.

A party is deemed to have control of documents, only if the party has a legal right, authority or ability to obtain the documents requested upon demand. See, In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995), *cert. dismissed*, 517 U.S. 1205, 116 S.Ct. 1711, 134 L.Ed.2d 808 (1996); Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989); Gerling Int'l Ins. Co. v. Commissioner, 839 F.2d 131, 140 (3d Cir. 1988);

Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984); Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991).

It is true that both entities share a common name, but that is where their commonality stops. There is no evidence produced that HSBC legally domiciled in Hong Kong have identical board of directors as HSBC Bank USA, National Association. Moreover, as further provided by Mr. Robert Rosenberg, the First Vice President of HSBC Bank USA, National Association, HSBC Bank USA has no control over the Hongkong and Shanghai Banking Corporation, Ltd. nor does it have any access to its records. See, ¶ 8 of Exhibit "A" attached to the Declaration of Jacques G. Bronze. Moreover, neither Plaintiffs' evidence nor the Magistrate's Order dated May 27, 2004, support any finding that the respective entities' business operations are so intertwined as to render meaningless their separate corporate identities. Moreover, the type of regular contact found with the Court in the case of Alcan International, Ltd. v. S.A. Day Manufacturing Company, 176 FRD 75 (W.D.N.Y. 1996), is simply nonexistent in the instant case.

In addition, there is no evidence that HSBC Bank USA, National Association has received any benefit or was involved in the sale of the loan to Paradise Marine Corporation, or the subject matter of this legal action.

Even as it relates to the application of Rule 34 to medical records, various courts have held that there was no basis under FRCP 34 which would permit a court to compel a patient to execute release forms for a patient's medical records which was not in the patient's control or possession. See, Neal v. Boulder, 142 FRD 325 (D. Colo. 1992); Greene v. Sears Roebuck and Company, 40 FRD 14, 16 (N.D. Ohio 1966). The above cases have concluded that the proper use of the Federal Rules of Civil Procedure would be to allow for production of medical records in the possession of physicians, hospitals and other medical care providers.

In short, since HSBC Bank USA, National Association, is a separate legal entity from HSBC Guam, having different legal and commercial interest at stake, its right should not be determined in *absentia*. FRCP 45 provides a much more appropriate method for Plaintiffs to get these documents, and offers an opportunity for HSBC Bank USA, National Association views on the matter to be considered.

## CONCLUSION

For the foregoing reasons, the Magistrate's Order forcing HSBC Guam to produce the Fangs' financial records with HSBC Bank USA, National Association, should be reversed since HSBC Guam is not in a position to force compliance with the Court's Order.

*Respectfully submitted* on this 16th day of July 2004.

        **LAW OFFICES OF BRONZE & TANG**
        **A Professional Corporation**

By: _____
      JACQUES G. BRONZE
      *Attorneys for Defendant Hongkong and*
      *Shanghai Banking Corporation, Ltd.*

6
D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Sup.Brf.-Obj to Magis Ord for Prod-Ord.(final).doc

Case 1:03-cv-00036   Document 223   Filed 07/16/2004   Page 6 of 7

## CERTIFICATE OF SERVICE

I, **JACQUES G. BRONZE**, hereby certify that on July 16, 2004, I caused to be served via hand delivery, **HSBC'S SUPPLEMENTAL BRIEFING RELATING TO OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER COMPELLING PRODUCTION** and **DECLARATION OF JACQUES G. BRONZE RE: HSBC'S SUPPLEMENTAL BRIEFING** to:

> Joaquin C. Arriola
> Anita P. Arriola
> **ARRIOLA, COWAN & ARRIOLA**
> 259 Martyr Street, Suite 201
> Hagåtña, Guam 96910
>
> *Attorneys for Plaintiffs*

**DATED** this 16th day of July 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
JACQUES G. BRONZE
*Attorneys for Defendant HSBC*