JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



Counsel for Plaintiffs Alan Sadhwani, et al.

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>　　　　Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>　　　　Defendants. | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |

Defendant Hongkong and Shanghai Banking Corporation Ltd. ("HSBC") devotes its entire opposition to discussion of why the documents sought to be used by plaintiffs are not "relevant", for admissibility purposes, to the Related Litigation. But, as the Ninth Circuit has emphasized in Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122 (9th Cir. 2003), such determination is not properly before this Court. This Court should simply "satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." Foltz, 331 F.3d at 1132. HSBC has not asserted, much less shown, *any* harm or prejudice from disclosure of any particular documents subject to the Stipulated Protective Order. Accordingly, plaintiffs' ex parte motion to modify the Stipulated Protective Order should be granted.

**ORIGINAL**

## ARGUMENT

I. **THE PROTECTED DISCOVERY IS SUFFICIENTLY RELEVANT TO THE RELATED LITIGATION TO ALLOW MODIFICATION OF THE STIPULATED PROTECTIVE ORDER.**

HSBC contends that it is not a party to the collateral litigation in the Superior Court and that this action does not involve definition of "participation loans." HSBC's narrow view of "relevance" is not supported by caselaw, and not surprisingly, HSBC fails to cite any. In United Nuclear Corp. v. Crawford Ins. Co., 905 F.2d 1424 (10th Cir. 1990), the court affirmed modification of a protective order to allow intervenors access to protected discovery to be used in related lawsuits. The intervenors were not parties to the original action, however the insurance companies were defendants in the original action. United Nuclear demonstrates that it is not necessary for all of the parties in the original action to also be parties in the collateral litigation and, indeed, HSBC has cited no authority for such a proposition.

In addition, the courts have not required that issues in the two actions be identical, only that the court that entered the protective order "should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order." Foltz, 331 F.3d at 1132. Here, the protected discovery is sufficiently relevant to the Related Litigation. The Business Loan Agreement, which is a pre-printed form drafted by HSBC, is ambiguous. The protected discovery, which was also drafted by HSBC and used by HSBC employees to assist them in drafting loan documents and providing credit facilities to customers, will assist in interpretation of the BLA.

Further, a substantial amount of duplicative discovery will be avoided by modifying the protective order. If plaintiffs subpoena the same documents for production in the Related Litigation,

it is highly likely that HSBC will refuse to produce them, citing confidentiality concerns, and the parties will be required to enter into a protective order in the Related Litigation. All of this can be avoided by simply modifying the Stipulated Protective Order and requiring that plaintiffs continue to abide by the terms and conditions of that Order in the Related Litigation. Foltz, 331 F.3d at 1134 (any trade secrets or financial information can be protected by placing parties under the same use and disclosure restrictions contained in the original protective order).

## II. THIS COURT NEED NOT DETERMINE THE RELEVANCE OF THE PROTECTED DISCOVERY IN TERMS OF ITS ADMISSIBILITY.

HSBC argues the merits of whether the protected discovery would assist plaintiffs in the Related Litigation, at times contending that the protected discovery would not be "helpful" to plaintiffs and is "insufficiently probative." But this Court is not required to make such determinations. The Foltz court made it clear that such determinations should be made by the "collateral courts." Foltz, 331 F.3d at 1133. This Court "must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits." Id. (citations omitted).

## III. HSBC HAS FAILED TO PROVIDE EVIDENCE OF HARM OR PREJUDICE.

HSBC contends that plaintiffs have failed to delineate what reasonable restrictions would be put into place to protect "HSBC's legitimate interest in privacy." Opp. at 4. Apart from this one sentence, HSBC has failed to mention the words "harm" or "prejudice." HSBC has not shown any specific harm or prejudice it would suffer as a result of each particular document sought to be used by plaintiffs in the Related Litigation. Foltz, 331 F.3d at 1130. Without any such showing, plaintiffs' motion to modify the Stipulated Protective Order should be granted.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court grant its ex parte motion to modify the Stipulated Protective Order and that the terms of the Stipulated Protective Order apply to the protected documents.

Dated this 19th day of July, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs

By: *[signature]*
ANITA P. ARRIOLA

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on July 19, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 19th day of July , 2004.

_____
ANITA P. ARRIOLA