JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:    (671) 477-9734



FILED
DISTRICT COURT OF GUAM
JUL 22 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>      Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>      Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE APPLICATION FOR PROTECTIVE ORDER RESCHEDULING THE DEPOSITION OF LAJU SADHWANI** |

## INTRODUCTION

Plaintiffs filed this Ex Parte Motion for Protective Order for the deposition of Laju Sadhwani scheduled for July 27, 2004. Defendant Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC") is refusing to reschedule the reasonable requests of counsel to reschedule the deposition. More importantly, HSBC failed to comply with Local Rule 30.1 prior to scheduling the deposition of Laju Sadhwani. HSBC failure to cooperate necessitates this Ex Parte Application for Protective Order.

ORIGINAL

# BACKGROUND

On Friday, July 16, 2004, at approximately 2:50 p.m., HSBC served a Notice of Deposition of Laju Sadhwani on Plaintiffs' counsel. Decl. J. Arriola. The Notice requires the deposition of Laju Sadhwani on July 27, 2004. Exh. 1 to Decl. J. Arriola. On July 19, 2004, the next business day, counsel for plaintiffs immediately contacted HSBC's counsel and requested that the deposition be rescheduled based on previous travel arrangements of Mrs. Sadhwani. Decl. J. Arriola. However, Mr. Pipes refused to reschedule the deposition despite the attempts of counsel to reach a reasonable and amicable solution without court intervention. Decl. J. Arriola; Decl. J. Terlaje. By letter dated July 22, 2004, plaintiffs' counsel wrote HSBC's counsel requesting that the defendant consider rescheduling the depositions for August 5, 6 or 11, within a two week period. Exh. 1 to Decl. J. Terlaje. However, HSBC's counsel once again rejected the request and provided no basis for rejecting the proposed alternative deposition dates. Exh. 2 to Decl. J. Terlaje.

Prior to issuance of the Notice to Take Deposition of Laju Sadhwani ("Notice"), HSBC failed to cooperate with counsel for Plaintiff by ensuring that all parties were available for the scheduled date. Decl. A. Arriola; Decl. J. Arriola; Decl. J. Terlaje. Moreover, Mr. Bronze had previously represented to Ms. Arriola that he would be scheduling a deposition for Mrs. Sadhwani in August 2004. Decl. Arriola. Mrs. Sadhwani was scheduled to travel off-island for a wedding in Jakarta prior to the issuance of the Notice. Decl. A. Sadhwani. Mrs. Sadhwani is currently off-island and will not be returning to Guam until July 28, 2004. Decl. A. Sadhwani.

/ / /

/ / /

## LEGAL ARGUMENT

Plaintiffs seek a protective order pursuant to Federal Rules of Civil Procedure, Rule 26(c) for the purpose of rescheduling the deposition of Laju Sadhwani. Rule 26(c) provides:

> (c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (1) that the disclosure or discovery not be had;
> (2) <u>that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place</u> . . . (Emphasis added).

Mrs. Laju Sadhwani is off-island attending a family event and will not be on-island for the scheduled deposition on July 27, 2004. Decl. A. Sadhwani. Upon reasonable requests to reschedule the depositions, HSBC refused to cooperate and failed to set forth any basis for a short continuance to allow for the return of Mrs. Sadhwani on July 28, 2004.

HSBC failed to comply with Local Rules requiring cooperation to set a deposition schedule. Local Rule 30.1(b) provides:

> **Depositions: Attorneys' Duty as to Time & Location** . Attorneys will make every reasonable effort to stipulate to the exact times and places for the commencement and resumption of all depositions.

By operation of Local Rule 30.1, counsel are required communicate and extend to each other courtesy and cooperation to schedule depositions at times that reasonably accommodate the necessary working and personal schedules of one another and the deponents. Moreover, Local Rule 30.1 assumes that with reasonable accommodation, the parties should be able to agree on these details without resort to the court. However, HSBC refuses to reasonably accommodate a request

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

despite its failure to comply with Rule 30.1(b). Moreover, HSBC failed to make any attempts to schedule the deposition prior to issuance of the Notice, and had represented that it would not be taking Mrs. Sadhwani's deposition until August 2004.

The obvious purpose and intent of Local Rule 30.1 is to avoid the unilateral issuance of notices to take depositions. Under Rule 30.1 of the Local Rules of the Court, counsel are expected to cooperate with, and be courteous to, each other and deponents. *See* In re Bridgestone/Firestone, Inc., ATX, ATX II, 129 F.Supp.2d 1207, 1215 (D.Ind., 2001). HSBC adamantly refuses to reschedule the deposition of Mrs. Sadhwani despite its prior representations that it would accommodate reasonable requests. Exh 2 to Decl. A. Arriola. Moreover, counsel for Plaintiffs has cooperated and accommodated several requests by HSBC to reschedule depositions. Decl. A. Arriola. Plaintiffs expect no more than common courtesy.

Plaintiffs do not seek to frustrate defendants' discovery in this case. However, Mrs. Sadhwani is currently off-island and will not return until July 28, 2004. Mrs. Sadhwani's deposition will not be unduly delayed as plaintiffs' counsel has offered to make her available on August 5, 6, or 11, based on the current deposition schedule.

For all of the foregoing reasons, plaintiffs respectfully request that the Court grant their ex parte application for protective order and reschedule the depositions of Mrs. Laju Sadhwani.

Dated this 22nd day of June, 2004.

ARRIOLA, COWAN & ARRIOLA

JOAQUIN C. ARRIOLA
Attorneys for Plaintiffs