JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001



Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPELLING DISCOVERY ON SECOND REQUEST FOR PRODUCTION OF DOCUMENTS;**<br>**REQUEST FOR ORAL ARGUMENT** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") submits this memorandum of points and authorities in support of its Motion for Order Compelling Discovery on Second Request for Production of Documents ("Motion"). HSBC also requests that the Motion be scheduled for oral argument.



Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents; Request for Oral Argument
Page 2 of 7 pages

## I. INTRODUCTION

On June 9, 2004, HSBC served upon counsel for Plaintiffs a Second Request for Production of Documents ("2nd Request"). *Declaration of Richard A. Pipes in Support of Motion for order Compelling Discovery on Second Request for Production of Documents* ("Pipes Decl."), *Exh. "A"*. The 2nd Requests directed to Plaintiffs Alan and Laju Sadhwani were exactly the same except for the name of the responding Plaintiff. Request Nos. 13 through 20 request the production of documents related to Plaintiffs' responses to Interrogatory No. 10 dated April 30, 2004. *Id.*

Interrogatory No. 10 requests detailed information regarding damages alleged by Plaintiffs in their Complaint including damages calculations, identities of persons with knowledge of such damages and contact information. *Id., Exh. "B"*. On April 30, 2004, Plaintiffs served their Responses and Objections to Interrogatory No. 10. *Id., Exh. "C"*. Plaintiffs' responses to Interrogatory No. 10 were in violation of Local Rule 33.1(b) because Plaintiffs failed to quote each interrogatory in full immediately preceding that statement of any answer as required by the Rule. *Id.*

Request Nos. 13 through 20 of the 2nd Request demand production of all documents relating to the damages claimed, the purchase, finance, construction, and improvements to the real properties identified as losses in the response to Interrogatory No. 10, cancelled letter of credit and trust receipt facilities, vendors, suppliers and manufacturers which Plaintiffs were allegedly denied credit by and were unable to replenish stock from, Plaintiffs alleged attempts to secure alternate financing, lost profits including profit and loss statements, financial

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents; Request for Oral Argument
Page 3 of 7 pages

statements, balance sheets, and income tax returns from 1994 to the present, and calculations of the amounts of profits lost to date. *Id.*

On July 9, 2004, Plaintiffs served their Responses and Objections to the 2nd Request. *Id., Exh. "D".* The Plaintiffs did not produce a single document on July 9, 2004. Instead, Plaintiffs referred HSBC to some 6000 pages of documents produced by Paradise Marine Corporation ("PMC"), a non-party, without identifying any specific document, and further indicated that "Plaintiffs will produce additional documents as soon as compiled." *Id.*

On Monday, July 12, 2004, HSBC's counsel sent a letter to Plaintiffs' counsel advising them that the responses to Request Nos. 13 through 20 were deficient and offered several times for a "meet and confer" session, as required by the Local Rules when a discovery dispute arises. *Id., Exh. "E".* Plaintiffs' counsel responded on July 12 that she was "unavailable" to meet until Friday, July 16, 2004. *Id., Exh. "F".* On July 12 HSBC's counsel wrote back to Ms. Arriola informing her that HSBC could not wait for 4 days to meet because time is of the essence in this case and offered to meet on July 14 as a last alternative and that, if HSBC's counsel had not heard from her by 10:00 on July 13, they would assume that counsel refused to meet and they would proceed with a motion to compel. *Id., Exh. "G".* At approximately 10:30 a.m. a letter was faxed to HSBC counsel from Ms. Arriola which indicated that "we will provide the documents to you on Friday, July 16, 2004" that were requested in the 2nd Request. *Id., Exh. "H".* Counsel for HSBC wrote back to Ms. Arriola advising her that he understood her office would be producing the documents responsive to Request Nos. 13 through 20 by 5:00 p.m. on

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents; Request for Oral Argument
Page 4 of 7 pages

July 16, 2004, and told her that if his understanding of her July 13 letter was incorrect she should contact him immediately so that HSBC could proceed with an ex parte application and motion to compel. *Id., Exh. "I"*. Counsel for HSBC received no response from Plaintiffs' counsel to the July 13 letter and he understood that full production of the documents requested would be provided on July 16, as promised by Ms. Arriola. *Id.*

On July 16, 2004, at approximately 4:35 p.m. Plaintiffs served their First Amended and Supplemental Responses and Objections to the 2nd Request. *Id., Exh. "J"*. The Plaintiffs did not produce a single document on July 16, 2004. Instead, Plaintiffs again referred HSBC to some 6000 pages of documents produced by PMC without identifying any specific document, referred HSBC to pleadings filed in a case pending in the Superior Court of Guam, referred HSBC to deposition transcripts (some not yet transcribed) with their exhibits, and referred HSBC to unspecified documents produced by First Hawaiian Bank in response to a subpoena. *Id.*

## II. PLAINTIFFS HAVE REFUSED TO PRODUCE THE DOCUMENTS REQUESTED AND AN ORDER COMPELLING THEIR PRODUCTION MUST BE ISSUED AND SANCTIONS IMPOSED.

As shown above, HSBC requested documents from Plaintiffs which relate to the damages Plaintiffs are alleging in their Complaint and in response to an interrogatory propounded to them. The documents requested are clearly relevant to the subject matter of this lawsuit and HSBC must have the documents so that it is able to prepare for depositions of the

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents; Request for Oral Argument
Page 5 of 7 pages

Plaintiffs, prepare for dispositive motions, and prepare for trial. Plaintiffs are intentionally refusing to produce the documents in order to thwart HSBC's right to discovery and ability to prepare a defense to the claims being asserted by Plaintiffs.

The party responding to a Rule 34 request to produce documents must address each item or category of the request. With respect to each such item or category, the responding party must either indicate that the party will comply or else object pursuant to Rule 34(b). *Moore's Fed. Prac. 3D § 34.13[2][a]*. In this case, Plaintiffs have done neither.

Instead of producing documents within their possession, custody, and control, Plaintiffs have referred HSBC to some 6000 pages of documents produced by PMC without identifying any specific document, referred HSBC to pleadings filed in a case pending in the Superior Court of Guam, referred HSBC to deposition transcripts (some not yet transcribed) with their exhibits, and referred HSBC to unspecified documents produced by First Hawaiian Bank in response to a subpoena. Of course, this amounts to no response at all. Plaintiffs have refused to produce any of their financial records, such as their financial statements, profit and loss statements, and tax returns, even though Plaintiffs are alleging damages based upon loss of profits from their business operations. Requests for business records, financial documents, and tax returns are clearly within the scope of discovery when a party's financial condition is at issue. *Id. at § 34.12[2]*. HSBC has asked for financial records from 1994 to the present, a period of ten years, which is routinely considered relevant in cases where lost profits are being alleged.

Plaintiffs have improperly attempted to refer HSBC to documents located elsewhere

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents; Request for Oral Argument
Page 6 of 7 pages

instead of producing the documents which are in their possession. This is a violation of Rule 34. It is generally no objection under Rule 34 that a party seeking discovery may already have knowledge of the matters inquired into. *Id. at § 34.12[5][a].* Production of documents will not be denied merely because information as to the subject matter of the documents has been supplied by answers to interrogatories or is contained in pleadings. *Id.* Plaintiffs have clearly violated Rule 34 by refusing to produce the documents requested. An Order compelling production must be granted immediately so that HSBC will not be further prejudiced in its attempts to prepare for depositions, prepare for dispositive motions, and prepare for trial.

When a motion to compel is granted, a court may, under Rule 37(a)(4), require payment of a party's expenses incurred in connections with the motion, including attorney's fees. HSBC requests that sanctions be imposed on Plaintiffs for their wilful violation of their discovery responsibilities under Rule 34 in the form of all costs and fees incurred by HSBC in bringing this motion to compel. Further, this Court must extend the discovery deadline, motion deadline, and the trial date because of Plaintiffs' obstructive conduct and tactics which have severely prejudiced HSBC's ability to prepare a defense to Plaintiffs' claims and prepare for depositions, motions and trial.

Accordingly, HSBC moves this Court for an Order compelling production by Plaintiffs within 48 hours of the documents requested in Request Nos. 13 through 20 of the 2nd Request, imposing sanctions in the forms of all costs and attorney's fees reasonably incurred by HSBC in the bringing of this motion, and extending the discovery deadline, motion deadline, and trial

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents; Request for Oral Argument
Page 7 of 7 pages

date to such dates as are convenient to the Court and counsel.

Dated this 21st day of July, 2004.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

By: _____
RICHARD A. PIPES