JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001



FILED
DISTRICT COURT OF GUAM
JUL 2 8 2004
MARY L. M. MORAN
CLERK OF COURT
232

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF RICHARD A. PIPES IN SUPPORT OF MOTION FOR ORDER COMPELLING DISCOVERY** |

I, RICHARD A. PIPES, do hereby declare as follows:

1.     I am over the age of eighteen (18) years and competent to make this Declaration.

I have personal knowledge of the matters stated herein and would be competent to testify

thereto at any proceedings.



ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Richard A. Pipes in Support of Motion for Order Compelling Discovery
Page 2 of 5 pages

2.      I am admitted to practice before this Court and am co-counsel responsible for the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC").

3.      On June 9, 2004, HSBC served upon counsel for Plaintiffs a Second Request for Production of Documents ("2nd Request"). A true copy of the 2nd Request directed to Plaintiff K. Sadhwani's Inc. ("KSI") is attached hereto as Exhibit "A". The 2nd Requests directed to Plaintiffs Alan and Laju Sadhwani were exactly the same as that shown in Exhibit "A" except for the name of the responding Plaintiff. Request Nos. 13 through 20 request the production of documents related to Plaintiffs' responses to Interrogatory No. 10 dated April 30, 2004.

4.      Attached hereto as Exhibit "B" is a true copy of Interrogatory No. 10 which is dated March 25, 2004, and served the same day on Plaintiffs' counsel. Interrogatory No. 10 requests detailed information regarding damages alleged by Plaintiffs in their Complaint including damages calculations, identities of persons with knowledge of such damages and contact information. On April 30, 2004, Plaintiffs served their Responses and Objections to Interrogatory No. 10. Attached hereto as Exhibit "C" is a true copy of KSI's response to Interrogatory No. 10, which is in violation of Local Rule 33.1(b) because Plaintiffs failed to quote each interrogatory in full immediately preceding that statement of any answer as required by the Rule. Plaintiffs' responses to Interrogatory No. 10 were identical.

5.      Request Nos. 13 through 20 of the 2nd Request demand production of all documents relating to the damages claimed, the purchase, finance, construction, and

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Declaration of Richard A. Pipes in Support of Motion for Order Compelling Discovery**
**Page 3 of 5 pages**

improvements to the real properties identified as losses in the response to Interrogatory No. 10, cancelled letter of credit and trust receipt facilities, vendors, suppliers and manufacturers which Plaintiffs were allegedly denied credit by and were unable to replenish stock from, Plaintiffs alleged attempts to secure alternate financing, lost profits including profit and loss statements, financial statements, balance sheets, and income tax returns from 1994 to the present, and calculations of the amounts of profits lost to date.

6.     On July 9, 2004, Plaintiffs served their Responses and Objections to the 2nd request, true copies of which are attached hereto as Exhibit "D". The Plaintiffs did not produce a single document on July 9, 2004. Instead, Plaintiffs referred HSBC to some 6000 pages of documents produced by Paradise Marine Corporation ("PMC"), a non-party, without identifying any specific document, and further indicated that "Plaintiffs will produce additional documents as soon as compiled."

7.     On Monday, July 12, 2004, I sent a letter to Plaintiffs' counsel advising them that the responses to Request Nos. 13 through 20 were deficient and offered several times for a "meet and confer" session, as required by the Local Rules when a discovery dispute arises. A true copy of my June 12, 2004, letter is attached hereto as Exhibit "E". Ms. Arriola responded on July 12 that she was "unavailable" to meet until Friday, July 16, 2004. A true copy of Ms. Arriola's letter of July 12, 2004, is attached as Exhibit "F". On July 12 I wrote back to Ms. Arriola informing her that HSBC could not wait for 4 days to meet because time is of the essence in this case and offered to meet on July 14 as a last alternative and that, if we had not

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Declaration of Richard A. Pipes in Support of Motion for Order Compelling Discovery**
**Page 4 of 5 pages**

heard from her by 10:00 on July 13, we would assume that counsel refused to meet and we would proceed with a motion to compel. A true copy of my second June 12, 2004, letter is attached hereto as Exhibit "G". At approximately 10:30 a.m. a letter was faxed to Mr. Bronze, my co-counsel, from Ms. Arriola which indicated that "we will provide the documents to you on Friday, July 16, 2004" that were requested in the 2nd Request. A true copy of Ms. Arriola's letter of July 13, 2004 is attached as Exhibit "H". I wrote back to Ms. Arriola advising her that I understood her office would be producing the documents responsive to Request Nos. 13 through 20 by 5:00 p.m. on July 16, 2004, and told her that if my understanding of her July 13 letter was incorrect she should contact me immediately so that HSBC could proceed with an ex parte application and motion to compel. A true copy of my July 13 letter to Ms. Arriola is attached as Exhibit "I". I received no response from Plaintiffs' counsel to my July 13 letter and I understood that full production of the documents requested would be provided on July 16, as promised by Ms. Arriola.

8.      On July 16, 2004, at approximately 4:35 p.m. Plaintiffs served their First Amended and Supplemental Responses and Objections to the 2nd request, true copies of which are attached hereto as Exhibit "J". The Plaintiffs did not produce a single document on July 16, 2004. Instead, Plaintiffs again referred HSBC to some 6000 pages of documents produced by PMC without identifying any specific document, referred HSBC to pleadings filed in a case pending in the Superior Court of Guam, referred HSBC to deposition transcripts (some not yet transcribed) with their exhibits, and referred HSBC to unspecified documents produced by First

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Declaration of Richard A. Pipes in Support of Motion for Order Compelling Discovery**
**Page 5 of 5 pages**

Hawaiian Bank in response to a subpoena.

I declare under penalty of perjury under the laws of the United States and Guam that the

foregoing is true and correct.

Dated this 26th day of July, 2004.

_____
RICHARD A. PIPES

# EXHIBIT "A"

Law Offices
ARRIOLA, COWAN, ARRIOLA

JUN 0 9 2004

RECEIVED
BY: ____ coco ____  TIME: 1:39pm

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., )<br><br>Defendants. ) | CIVIL CASE NO. 03-00036<br><br>**DEFENDANT HSBC'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF K. SADHWANI'S INC.** |

**TO:   PLAINTIFF K SADHWANI'S INC., and its attorneys of record, Arriola Cowan & Arriola**

   **YOU ARE HEREBY REQUESTED** pursuant to Rule 34 of the Federal Rules

of Civil Procedure to make available to Defendant The Hongkong and Shanghai Banking

Corporation Ltd. ("HSBC") within thirty (30) days after service is made upon you, at the

Law Offices of Bronze & Tang, P.C., BankPacific Building, Second Floor, 825 South

Marine Drive, Tamuning, Guam 96913, the following documents:

### DEFINITIONS

   1.     "Documents" means the original and any non-identical copy of all



EXHIBIT A
ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 2 of 8 pages

"writings," "recordings," and "photographs" including, but not limited to, letters, telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars, diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, indexes, charts, tabulations, statistical accumulations, ledgers, financial statements, accounting entries, press releases, contracts, affidavits, transcripts, legal documents, records of meetings and conferences, records of conversations, and telephone calls, still photographs, video tapes, motion pictures, tape recordings, microfilms, punch cards, programs, printouts, lie detector examination records, recordings made through data processing techniques, and the written information necessary to understand and use such films and records.

2.     A document "relating to" or that "relates to" any given subject means any document that in whole or in any part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, a document concerning the preparation of other documents.

3.     The words "you", or "your," and "yours" refer to Plaintiffs Alan Sadhwani, Laju Sadhwani, K. Sadhwani's Inc. and their predecessors, successors, assigns, agents, attorneys, directors, officers, employees, representatives, and any subsidiary or affiliated entities, and each of them.

4.     The words "pertaining to" as used in these Requests means consisting of, relating to, or referring to, reflecting or having any logical or factual connections with,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 3 of 8 pages

the subject matter dealt with or alluded to in a particular Request.

5.     The word "Complaint" as used in these Requests refers to the Complaint for Damages filed by you in the Superior Court of Guam on October 21, 2003.

## INSTRUCTIONS

1.     Under Rule 34 of the Federal Rules of Civil Procedure you are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this Request. Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, you are required to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.

2.     For each document responsive to this Request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

(a)     The number and subject of each paragraph of this Request that seeks its production;

(b)     The name and title of the author(s);

(c)     The name and title of each person to whom the document was addressed;

(d)     The name and title of each person to whom a copy of the document was sent;

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 4 of 8 pages

(e)     The date of the document;

(f)     The number of pages;

(g)     A brief description of the nature and subject matter of the document;

(h)     The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

(i)     The exact location of the original and each copy as of the date of receipt of this Request; and

(j)     If the document is withheld on any ground other than privilege, each basis that you contend justifies its withholding.

For purposes of this instruction, persons shall be identified by giving their title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

3.     If you are aware of any document otherwise responsive to these Requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition or release of the document, all persons who

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 5 of 8 pages

have knowledge of the circumstances surrounding its disposition, and state what knowledge each such person has regarding the document.

    4.    Reference to the singular includes the plural and reference to the plural includes the singular.

    5.    This production request shall be deemed to be continuing under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

    1.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Haresh Mukhi.

    2.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Vashi Jadwani.

    3.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Don Hemlani.

    4.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your attempts to obtain a loan or financing from Haresh Mukhi.

    5.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your attempts to obtain a loan or financing from Vashi Jadwani.

    6.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your attempts to obtain a loan or financing from or through Don Hemlani.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 6 of 8 pages

7.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Hee K. Cho.

8.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Ralph McClain.

9.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Christina Carpio.

10.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Barbara Gayle.

11.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Florence Celeste.

12.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Lee H. Vensel.

13.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, on damages claimed.

14.    All documents, records, or papers in your possession, custody, or control pertaining or relating to the purchase of the real properties identified in your response to Interrogatory No. 10 dated April 30, 2004, including, without limitation, documents relating to the purchase, conveyance, lease, financing, construction, and improvements made by you to such properties.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 7 of 8 pages

15. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that HSBC cancelled your Letter of Credit and Trust Receipt facilities.

16. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi, required Letters of Credit.

17. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that you were unable to secure alternate financing from any other banking institution because all of your assets were mortgaged to HSBC.

18. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, you were unable to purchase consumer items to replenish your inventory from vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi.

19. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that your inability to replenish inventory resulted in your loss of profits to the present date including, but not limited to, your profit and loss statements, financial statements,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 8 of 8 pages

balance sheets, and income tax returns from 1994 to the present.

20.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that you have lost profits including, but not limited to, calculations of the amounts of profits lost to the present date.

21.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Mark Gruber.

22.    All documents, records, or papers in your possession, custody, or control pertaining or relating to the statement in your letter dated April 4, 2003, to Mr. Granillo at HSBC that you are trying to get financing to pay your outstanding loan with HSBC and that you had not received "confirmation of my loan as of today", attached as Exhibit "J" to your Second Amended Complaint. .

Dated this _____ day of June, 2004.

> LAW OFFICES OF BRONZE & TANG, P.C.
> Attorneys for HSBC
>
> By: _____
>      JACQUES G. BRONZE

# EXHIBIT "B"

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

bar

qux

Law Offices
ARRIOLA, COWAN, ARRIOLA

MAR 25 2004

RECEIVED

BY: _Cox_     ᴍᴀ 10:55

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., )<br><br>Defendants. ) | CIVIL CASE NO. 03-00036<br><br>**DEFENDANT HSBC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF K. SADHWANI'S INC.** |

**TO: PLAINTIFF K. SADHWANI'S INC., and its attorneys of record, Arriola Cowan & Arriola**

Defendant Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC") hereby requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Plaintiff K. Sadhwani's Inc. ("KSI") respond separately and completely in writing and under oath to the following interrogatories. Such responses must be made within thirty (30) days of the date of service hereof or such earlier date as the Court may order. In answering these interrogatories, please refer to the following definitions and instructions, which are



**EXHIBIT** B

ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc.
Page 12 of 13 pages

opinion is based.

ANSWER:

INTERROGATORY NO. 10:

Please state in detail the amount of damages which you contend you are entitled

to as a result of each Cause of Action in your Complaint for Damages dated October 21,

2003, the manner in which said damages were computed, and state the names, residence

and mailing addresses, and work and home telephone numbers of each person having

knowledge of the facts supporting each claim for damages.

ANSWER:

Dated this ___ day of March, 2004.

LAW OFFICES OF BRONZE & TANG, P.C.
Attorneys for HSBC

By: _____
JACQUES G. BRONZE

# EXHIBIT "C"

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU<br>SADHWANI,  and K. SADHWANI'S<br>INC., a Guam corporation,<br><br>Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI<br>BANKING CORPORATION, LTD., a<br>Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br><br>PLAINTIFF K. SADHWANI<br>INC.'S RESPONSES AND<br>OBJECTIONS TO<br>DEFENDANT'S FIRST SET OF<br>INTERROGATORIES |

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff K. Sadhwani's, Inc.

("Plaintiff") hereby responds to the First Set of Interrogatories served by defendant Hongkong and

Shanghai Banking Corporation, Ltd. ("HSBC"), as follows:

## GENERAL OBJECTIONS

Plaintiff generally objects to the Interrogatories on each and every of the following grounds,

which General Objections are incorporated into and made a part of Plaintiff's response to each and

every individual interrogatory contained therein.

EXHIBIT _C_

BRONZE & TANG, P.C.
Date: 4/31/04
Time: 11:06 am
Received: CNS

overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Without waiving and subject to said objections, plaintiff responds as follows: None.

**ANSWER TO INTERROGATORY NO. 9:** Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Plaintiff also objects to this interrogatory in on the grounds that the pretrial disclosure of expert witness identity and reports are governed by F.R.C.P. 26(a)(2). Without waiving and subject to said objections, plaintiff responds as follows: Plaintiff has not retained an expert witness at this time. In the event plaintiff retains an expert witness, plaintiff will disclose such pursuant to F.R.C.P. 26(a)(2).

**ANSWER TO INTERROGATORY NO. 10:** Plaintiff incorporates by reference the foregoing General Objections, Objections to Instructions, and Objections to Definitions, as though fully set forth herein. Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overbroad. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the attorney-client or attorney work product privilege. Without waiving and subject to said objections, plaintiff responds as follows:

**DAMAGES CLAIMED:**

    1.    Lot Nos. 10054-6, 10005-7, 10054-8, 10054-R8, Dededo: Cost: $2,100,000; Loss or Damage: $2,100,000.

-18-

2. Hongkong Shanghai Bank Building in Tamuning: Value $4.2 million; Loss or Damage: $4.2 million.

3. Sateena Mall, Dededo: Value: $3.2 million; Loss or Damage: $3,200,000.

4. Sharp Plaza (Deloitte & Touche): Value: $2.5 million; Loss or Damage: $2,500,000.

5. KSI Facility: Value: $2 million; Loss or Damage: $2,000,000.

6. Tick Tock Building, Tamuning: Value: $950,000; Loss or Damage: $950,000.

7. Tamuning Leasehold Land: Lot 2136#1-9-1 and Lot 2136#1-8-1 (formerly Donald's Mart): Value: $300,000; Loss or Damage: $300,000.

Plaintiffs have been engaged in the business of selling consumer electronics, appliances, watches and air conditioning units (Tick Tock). HSBC provided Letters of Credit and Receipts facilities in the purchase of such items from vendors/suppliers/manufacturers. HSBC cancelled Plaintiffs' Letter of Credit and Trust Receipts facilities. Some vendors/suppliers/manufacturers, like Panasonic and Mitsubishi, required Letters of Credit. Plaintiffs were not able to secure alternate financing from any other banking institution because all of their assets were mortgaged to HSBC. As a result, Plaintiffs were unable to purchase consumer items to replenish their inventory from these vendors/suppliers/manufacturers, resulting in Plaintiffs' loss of profits to the present date, in an amount to be proven at trial and provided in a supplemental response.

The loss or damage to the Plaintiffs as a result of the Defendant's actions as alleged in the First Amended Complaint is the difference between the valuation of Plaintiffs' lands and buildings, i.e., $15,250,000.00, less the purchase price paid by the purchaser of Plaintiffs' Loan, plus loss of profits, plus attorneys' fees, costs and punitive damages of $10 million. See answer to interrogatory

-19-

no. 1. Also, Mark Gruber, Micronesian Appraisal, 194 Chalan San Antonio, Suite 202, Tamuning, telephone: 646-0234.

      Dated this 30th day of April, 2004.

**ARRIOLA, COWAN & ARRIOLA**

By: _Anita P. Arriola_

**ANITA P. ARRIOLA**
Attorneys For Plaintiffs

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-20-

## VERIFICATION

GUAM,               )
                    )   ss:
CITY OF HAGATNA.  )

      ALAN SADHWANI, being first duly sworn, deposes and says: That he the duly authorized representative of K. SADHWANI'S, INC., a Plaintiff in the above-entitled matter; that he has read the foregoing PLAINTIFF K. SADHWANI'S INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES and knows the contents thereof; and certifies that the same is true as therein stated, except as to those matters stated upon information or belief, and as to those matters, he believes them to be true.

K. SADHWANI'S INC.

_____

**ALAN SADHWANI**
Its Duly Authorized Representative

      SUBSCRIBED AND SWORN to before me this 30th day of April, 2004, by ALAN SADHWANI, duly authorized representative of K. SADHWANI'S, INC.

_____
NOTARY PUBLIC

> **CYNTHIA T. TONGSON**
> **NOTARY PUBLIC**
> In and for Guam, U.S.A.
> My Commission Expires: May 30, 2004
> 259 Martyr St., Hagatna, Guam 96910

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-21-

Case 1:03-cv-00036   Document 247   Filed 07/28/2004   Page 23 of 72

# EXHIBIT "D"

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



BRONZE & TANG, P.C.
Date: 07 0404
Time: 3.570
Received:

Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br>          Plaintiffs, <br><br> vs. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, <br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

CIVIL CASE NO. 03-00036

**PLAINTIFF K. SADHWANI'S INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff K. Sadhwani's Inc.

(hereafter "plaintiff"), hereby responds to the Second Request for Production of

Documents, served by defendant Hongkong & Shanghai Banking Corporation, Ltd.

(hereafter "HSBC"),as follows:

### GENERAL OBJECTIONS

Plaintiff generally objects to the Requests for Production of Documents on each and

EXHIBIT D

every one of the following grounds, which General Objections are incorporated into and made a part of plaintiff's response to each and every individual request contained therein.

1.     Plaintiff objects that the Requests are overly broad, unduly burdensome, oppressive, and harassing.

2.     Plaintiff objects to each and every request to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court.  In particular, Plaintiff objects to the requests to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 34 thereof.  Plaintiff will comply with the requirements of these Rules in responding to this set of requests for production of documents.

3.     Plaintiff objects to these requests to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control.  All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.     Plaintiff objects to these requests for production requests to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.     Plaintiff objects to each and every definition, instruction,  and request for

-2-

production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

6.     The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered documents or other documents which it may later recall or identify, or which may later be discovered to be responsive to these requests. The responses contained herein are made in a good faith effort to provide those documents which are presently known, available and/or identified, but should in no way be to the prejudice of Plaintiff with respect to further discovery, research or analysis. In addition, HSBC has not fully complied with its discovery obligations pursuant to Federal Rules of Civil Procedure 33 and 34. Plaintiff may therefore have been unable to obtain responsive information from HSBC and third parties.

7.     Plaintiff objects to these requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. No such privileged information or such documents will be produced. Any inadvertent production of privileged information or documents is not to be deemed a waiver of any applicable privilege or protection, and Plaintiff reserves the right to object to the introduction or other use of any privileged information or documents that have been produced inadvertently.

8.     Plaintiff objects to the definitions of "you" and "your", and "yours"which

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

include "any subsidiary or affiliated entities, and each of them." Such definition is vague, ambiguous, overbroad and unintelligible.

9. Plaintiff objects to the definition of "pertaining to", as the definition is vague, ambiguous, overbroad and unintelligible.

The foregoing General Objections apply to each and every respective request for production of documents and Plaintiff's additional objections and responses to specific requests are set forth below.

## RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 1:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates by reference its General Objections as though fully set forth

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-5-

that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows:   None.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-6-

doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows:   None.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff previously provided documents Bates-stamped nos. 000441-000452; *see* deposition of Chris Felix and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-7-

that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents produced by Paradise Marine Corporation ("PMC") in this litigation, Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-8-

and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: To the best of plaintiff's knowledge and belief, there are none.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-9-

this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: To the best of plaintiff's knowledge and belief, plaintiff's financial statements and/or balance sheets may have been drafted in part by Lee Vensel; these documents are included in

-10-

documents produced by PMC as Bates-stamped nos. PMC00001 - PMC05931.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* appraisals; financial statements; balance sheets; REFs; valuations of plaintiffs' properties; statements of cash flow; vacancies in properties; workout agreements; statements of rents rolls for Sadhwani tenants; statements of working capital credit and operating losses, all contained in documents produced by PMC as Bates-stamped nos. PMC00001 - PMC05931 PMC. Plaintiffs will produce additional documents as soon as compiled.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product

doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* answer to Request No. 13, above; *see also* depositions of Joseph Fang and Chris Felix and exhibits attached thereto. Plaintiffs will produce additional documents as soon as compiled.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff

-12-

will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-13-

the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows:Plaintiff will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-14-

doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: The time period for these documents, 1994 to the present, is overbroad and burdensome. Plaintiffs will produce documents requested in HSBC's First Set of Requests for Production of Documents for the time period 1999 - 2004, will be produced as soon as compiled.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff

-15-

will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff has already produced a letter written by Mark Gruber dated October 24, 2003 in response to HSBC's First Set of Requests for Production of Documents.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and

-16-

is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on

the grounds that these documents are in the possession, custody or control of HSBC.

Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad

and unintelligible and that the question is compound. Without waiving said objections,

plaintiff responds as follows: Documents have previously been produced, as attached

exhibits to plaintiff's Second Amended Complaint.

Dated: July 9, 2004.

ARRIOLA, COWAN & ARRIOLA

By: _Anita P. Arriola_

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-17-

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on July 9, 2004, I caused to be served via

hand delivery, a **PLAINTIFF K. SADHWANI'S INC.'S RESPONSES AND OBJECTIONS**

**TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF**

**DOCUMENTS** to:

> **Jacques G. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 9th day of July, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-18-

# EXHIBIT "E"

**Law Offices Of**
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 12, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

We are in receipt of your clients' responses and objections to HSBC's Second Set of Requests for Production of Documents. Among other things, your clients have failed to produce documents as required by Requests 13 through 20, even though they had more than sufficient time to do so. Pursuant to Local Rule 37.1, you are advised that will hold a conference on this dispute at our offices at either 11:00 a.m. or 4:00 p.m. on July 13, 2004. If we do not hear from you by 4:30 p.m. today, we will assume that 11:00 a.m. is acceptable. In the event that one of the attorneys from your office does not attend the meeting, we will file a declaration of non-cooperation with the court and proceed with a motion to compel.

Should you have any questions, please contact me.

Sincerely,

Richard A. Pipes

cc:    Chris Underwood

*RAP/nsh/HSBC/cor*

**EXHIBIT** *E*

# EXHIBIT "F"

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

July 12, 2004

**VIA FACSIMILE: (671) 647-7671**

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911

> **Re:**   **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Richard:

This is in response to your letter of today. I am unavailable to meet with you at the dates and times requested. My partner Mr. Arriola will be in Saipan this week. I am available to meet with you on Friday, July 16, 2004 either before or after the deposition of John Lee.

Please let me know if you are available to meet on that date and whether you prefer to meet before or after Mr. Lee's deposition.

Very truly yours,

**ANITA P. ARRIOLA**

APA/ctt

EXHIBIT F

# EXHIBIT "G"

Law Offices Of
Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 12, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

I am in receipt of your letter of this date indicating that you will not attend a "meet and confer" session at my office tomorrow. You suggest we meet on Friday. Your response is unacceptable. As you well know, time is of the essence. As a last alternative, we can meet in my offices at 9:00 a.m. on July 14, 2004. If I have not heard from you by 10:00 a.m. tomorrow, I will assume that you refuse to meet at that time and we will proceed with a motion to compel.

Should you have any questions, please contact me.

Sincerely,

Richard A. Pipes

cc:   Chris Underwood

*RAP/nsh/HSBC/cor*

**EXHIBIT** G

# EXHIBIT "H"

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

July 13, 2004

**VIA FACSIMILE: (671) 647-7671**

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

  Re: **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
    **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

  This is a follow up to my letter of yesterday concerning the Stipulated Protective Order Governing Discovery. The specific documents that I wish to use in the Superior Court case against Paradise Marine Corporation are Bate-stamped numbers 003159, 003652, 003882-003889, 003891-003892, 003556 and 003572. Many of these pages have another page on the reverse side that were not numbered. Accordingly, the foregoing numbers include the reverse side of the page which were not Bate-stamped numbered.

  With regard to plaintiffs' responses to HSBC's Second Set of Requests for Production of Documents, please be informed that we will provide the documents to you on Friday, July 16, 2004.

      Very truly yours,

      **ANITA P. ARRIOLA**

APA/ctl

**EXHIBIT** H

# EXHIBIT "I"

Law Offices Of
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 13, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

Mr. Bronze has provided me a copy of your letter to him of this date wherein you indicate that your office will produce the documents related to HSBC's Second Set of Requests for Production of Documents ("2nd Request") on July 16, 2004. From reading your letter, it is my understanding that your office will be producing at our offices all documents in your clients' possession, custody, and control which are responsive to Request Numbers 13 through 20 in the 2nd Request no later than 5:00 p.m. on July 16, 2004. If my understanding is incorrect, please advise me immediately so that we may proceed with an ex parte application and motion to compel.

Should you have any questions, please contact me.

Sincerely,

Richard A. Pipes

cc:   Chris Underwood

*RAP/nsh/HSBC/cor*

**EXHIBIT** $\underline{\text{I}}$

# EXHIBIT "J"

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**JACQUELINE T. TERLAJE**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br> Plaintiffs, <br><br> vs. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 03-00036 <br><br> **PLAINTIFF ALAN SADHWANI'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Alan Sadhwani (hereafter "plaintiff"), hereby responds to the Second Request for Production of Documents, served by defendant Hongkong & Shanghai Banking Corporation, Ltd. (hereafter "HSBC"),as follows:

### GENERAL OBJECTIONS

Plaintiff generally objects to the Requests for Production of Documents on each and every one of the following grounds, which General Objections are incorporated into and made a part of plaintiff's response to each and every individual request contained therein.

1.      Plaintiff objects that the Requests are overly broad, unduly burdensome, oppressive, and harassing.

**EXHIBIT** J

2.    Plaintiff objects to each and every request to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court.  In particular, Plaintiff objects to the requests to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 34 thereof.  Plaintiff will comply with the requirements of these Rules in responding to this set of requests for production of documents.

3.    Plaintiff objects to these requests to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control.  All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.    Plaintiff objects to these requests for production requests to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.    Plaintiff objects to each and every definition, instruction, and request for production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

6.    The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered documents or other documents which it may later recall or identify, or which may later be discovered to be responsive to these requests.  The responses contained herein are made in a good faith effort to provide those documents which are presently known, available and/or identified, but should in no way be to the prejudice of Plaintiff with respect

-2-

to further discovery, research or analysis. In addition, HSBC has not fully complied with its discovery obligations pursuant to Federal Rules of Civil Procedure 33 and 34. Plaintiff may therefore have been unable to obtain responsive information from HSBC and third parties.

7.     Plaintiff objects to these requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. No such privileged information or such documents will be produced. Any inadvertent production of privileged information or documents is not to be deemed a waiver of any applicable privilege or protection, and Plaintiff reserves the right to object to the introduction or other use of any privileged information or documents that have been produced inadvertently.

8.     Plaintiff objects to the definitions of "you" and "your", and "yours"which include "any subsidiary or affiliated entities, and each of them."   Such definition is vague, ambiguous, overbroad and unintelligible.

9.     Plaintiff objects to the definition of "pertaining to", as the definition is vague, ambiguous, overbroad and unintelligible.

The foregoing General Objections apply to each and every respective request for production of documents and  Plaintiff's additional objections and responses to specific requests are set forth below.

## RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
## RESPONSE TO REQUEST NO. 1:

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected

-3-

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

-4-

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

-5-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff previously provided documents Bates-stamped nos. 000441-000452; *see* deposition of Chris Felix and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents produced by Paradise Marine Corporation ("PMC") in this litigation, Bates-

stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as

-7-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

follows: To the best of plaintiff's knowledge and belief, there are none.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: To the best of plaintiff's knowledge and belief, plaintiff's financial statements and/or

-8-

balance sheets may have been drafted in part by Lee Vensel; these documents are included in documents produced by PMC as Bates-stamped nos. PMC00001 - PMC05931 and P000579-P000606 produced in response to HSBC's First Request for Production of Documents.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* appraisals; financial statements; balance sheets; REFs; valuations of plaintiffs' properties; statements of cash flow; vacancies in properties; workout agreements; statements of rents rolls for Sadhwani tenants; statements of working capital credit and operating losses, all contained in documents produced by PMC as Bates-stamped nos. PMC00001 - PMC05931 PMC. *See also* documents produced by plaintiffs in their First Amended and Supplemental Responses and Objections to HSBC's First Request for Productions; and documents and pleadings filed in the action *Alan Sadhwani, et a. v. Paradise Marine Corporation*, Civil Action No. CV0739-04.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-9-

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* answer to Request No. 13, above; *see also* P000494-P000578, produced in response to HSBC's First Request for Production of Documents, and depositions of Joseph Fang and Chris Felix and exhibits attached thereto. **RESPONSE TO REQUEST NO. 15:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* attached documents Bates-stamped nos. 000471-000493, produced in response to HSBC's First Request for Production of Documents; *see also* documents produced by PMC, Bates-stamped nos. 00001-005931 and documents produced by First Hawaiian Bank in response to HSBC's subpoena duces tecum to Custodian of Records.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

-10-

Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See response to Request No. 15.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC, Bates-stamped nos. 00001-005931 and documents produced by First Hawaiian Bank in response to HSBC's subpoena duces tecum to Custodian of Records.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

-11-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See response to Request No. 15.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: The time period for these documents, 1994 to the present, is overbroad and burdensome. *See* documents attached to plaintiffs' First Amended and Supplemental Responses and Objections to HSBC's First Request for Production of Documents.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

-12-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See documents produced by plaintiffs in their First Amended and Supplemental Responses and Objections to HSBC's First Request for Production of Documents. Plaintiff's financial statements and tax returns for 2003 and 2004 have not been prepared.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff has already produced a letter written by Mark Gruber dated October 24, 2003 in response to HSBC's First Set of Requests for Production of Documents.

-13-

**RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible and that the question is compound. Without waiving said objections, plaintiff responds as follows: Documents have previously been produced, as attached exhibits to plaintiff's Second Amended Complaint.

Dated this 16th day of July, 2004.

ARRIOLA, COWAN & ARRIOLA

By: _____
ANITA P. ARRIOLA

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-14-

## CERTIFICATE OF SERVICE

I, Anita P. Arriola, hereby certify that on July 16, 2004, I caused to be served via hand delivery, **PLAINTIFF ALAN SADHWANI'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to:

> **Jacques G. Bronze**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 16th day of July, 2004.

_____
**ANITA P. ARRIOLA**

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**JACQUELINE T. TERLAJE**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.

DRO~ ~ANC
Date: 07/16/04
Time: 4:35
Receiv

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFF LAJU SADHWANI'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, Laju Sadhwani (hereafter "Plaintiff"), hereby serves this First Amended and Supplemental Objections to the First Request for Production of Documents, served by defendant Hongkong & Shanghai Banking Corporation, Ltd.(hereafter "HSBC"), as follows:

Plaintiff incorporates by reference herein Plaintiff Alan Sadhwani's First Amended and Supplemental Responses and Objections to Defendant HSBC's Second Set of Requests for Production of Documents.

Dated this 16th day of July, 2004.

**ARRIOLA, COWAN & ARRIOLA**

By: _Anita P. Arriola_
**ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, Anita P. Arriola, hereby certify that on July 16, 2004, I caused to be served via hand delivery, **PLAINTIFF LAJU SADHWANI'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to:

> **Jacques G. Bronze**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 16th day of July, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**JACQUELINE T. TERLAJE**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.



Date: 07/16/14
Time: 4:35 p
Rec:

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, Plaintiffs, vs. HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 03-00036 **PLAINTIFF K. SADHWANI'S, INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, K. Sadhwani's, Inc. (hereafter "Plaintiff"), hereby serves this First Amended and Supplemental Objections to the First Request for Production of Documents, served by defendant Hongkong & Shanghai Banking Corporation, Ltd.(hereafter "HSBC"), as follows:

Plaintiff incorporates by reference herein Plaintiff Alan Sadhwani's First Amended and Supplemental Responses and Objections to Defendant HSBC's Second Set of Requests for Production of Documents.

Dated this 16th day of July, 2004.

**ARRIOLA, COWAN & ARRIOLA**

By: _Anita P. Arriola_

**ANITA P. ARRIOLA**

I, Anita P. Arriola, hereby certify that on July 16, 2004, I caused to be served via hand delivery, **PLAINTIFF K. SADHWANI'S INC.'S FIRST AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to:

> **Jacques G. Bronze**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 16th day of July, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-2-