JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

DISTRICT COURT OF GUAM
FILED
JUL 28 2004
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

|  |  |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>              Plaintiffs,<br><br>      v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>              Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF RICHARD A. PIPES RE NON-COOPERATION BY OPPOSING PARTY ON HSBC's MOTION FOR ORDER COMPELLING DISCOVERY** |

I, RICHARD A. PIPES, do hereby declare as follows:

1.     I am over the age of eighteen (18) years and competent to make this Declaration.
I have personal knowledge of the matters stated herein and would be competent to testify
thereto at any proceedings.

ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Richard A. Pipes Re Non-Cooperation By Opposing Party on HSBC's Motion for Order Compelling
Discovery
Page 2 of 5 pages

2.      I am admitted to practice before this Court and am co-counsel responsible for

the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited

("HSBC"). This Declaration is submitted pursuant to Local Rule 37.1(b) in the absence of a

stipulation to show the non-cooperation of the opposing party and their counsel on HSBC's

Motion for Order Compelling Discovery.

3.      On June 9, 2004, HSBC served upon counsel for Plaintiffs a Second Request for

Production of Documents ("2nd Request").

4.      Request Nos. 13 through 20 of the 2nd Request demand production of all

documents relating to the damages claimed, the purchase, finance, construction, and

improvements to the real properties identified as losses in the response to Interrogatory No.

10, cancelled letter of credit and trust receipt facilities, vendors, suppliers and manufacturers

which Plaintiffs were allegedly denied credit by and were unable to replenish stock from,

Plaintiffs alleged attempts to secure alternate financing, lost profits including profit and loss

statements, financial statements, balance sheets, and income tax returns from 1994 to the

present, and calculations of the amounts of profits lost to date.

5.      On July 9, 2004, Plaintiffs served their Responses and Objections to the 2nd

request. The Plaintiffs did not produce a single document on July 9, 2004. Instead, Plaintiffs

referred HSBC to some 6000 pages of documents produced by Paradise Marine Corporation

("PMC"), a non-party, without identifying any specific document, and further indicated that

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Richard A. Pipes Re Non-Cooperation By Opposing Party on HSBC's Motion for Order Compelling
Discovery
Page 3 of 5 pages

"Plaintiffs will produce additional documents as soon as compiled."

6. On Monday, July 12, 2004, I sent a letter to Plaintiffs' counsel advising them that the responses to Request Nos. 13 through 20 were deficient and offered several times for a "meet and confer" session, as required by the Local Rules when a discovery dispute arises. Ms. Arriola responded on July 12 that she was "unavailable" to meet until Friday, July 16, 2004. On July 12 I wrote back to Ms. Arriola informing her that HSBC could not wait for 4 days to meet because time is of the essence in this case and offered to meet on July 14 as a last alternative and that, if we had not heard from her by 10:00 on July 13, we would assume that counsel refused to meet and we would proceed with a motion to compel. At approximately 10:30 a.m. a letter was faxed to Mr. Bronze, my co-counsel, from Ms. Arriola which indicated that "we will provide the documents to you on Friday, July 16, 2004" that were requested in the 2nd Request. I wrote back to Ms. Arriola advising her that I understood her office would be producing the documents responsive to Request Nos. 13 through 20 by 5:00 p.m. on July 16, 2004, and told her that if my understanding of her July 13 letter was incorrect she should contact me immediately so that HSBC could proceed with an ex parte application and motion to compel. I received no response from Plaintiffs' counsel to my July 13 letter and I understood that full production of the documents requested would be provided on July 16, as promised by Ms. Arriola.

7. On July 16, 2004, at approximately 4:35 p.m. Plaintiffs served their First Amended

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Richard A. Pipes Re Non-Cooperation By Opposing Party on HSBC's Motion for Order Compelling Discovery
Page 4 of 5 pages

and Supplemental Responses and Objections to the 2nd request. The Plaintiffs did not produce a single document on July 16, 2004. Instead, Plaintiffs again referred HSBC to some 6000 pages of documents produced by PMC without identifying any specific document, referred HSBC to pleadings filed in a case pending in the Superior Court of Guam, referred HSBC to deposition transcripts (some not yet transcribed) with their exhibits, and referred HSBC to unspecified documents produced by First Hawaiian Bank in response to a subpoena.

8.     On July 21, 2004, I sent a letter to Plaintiffs' counsel, a true copy of which is attached hereto as Exhibit "A", which advised them that the supplemental responses to the 2nd Request were deficient and that the Plaintiffs had failed to produce the documents as promised by their attorneys. The letter also advised that a "meet and confer" session would be held at my offices on July 23 at the conclusion of a deposition. On July 22, 2004, Plaintiffs' counsel replied with a note, a true copy of which is attached as Exhibit "B", that we would "meet and confer" after the Don Hemlani deposition which was held on July 23, 2004.

9.     On July 23, 2004, a "meet and confer" session was held at my offices with Joaquin C. Arriola regarding Request Nos. 13 through 20 of the 2nd Request. Counsel were unable to resolve any of the disputes and Plaintiffs' counsel refused to produce any additional documents. On July 23, 2004, I sent a letter to Plaintiffs' counsel, a true copy of which is attached as Exhibit "C", which advised that I was preparing the required stipulation, pursuant to Local Rule 37.1, and provided counsel with HSBC's inserts for the stipulation. The letter asked that Plaintiffs

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Declaration of Richard A. Pipes Re Non-Cooperation By Opposing Party on HSBC's Motion for Order Compelling**
**Discovery**
**Page 5 of 5 pages**

provide their inserts no later than 4:00 p.m. on July 26, 2004, or that HSBC would prepare and file a declaration of non-cooperation. Instead of providing Plaintiffs' inserts to the stipulation, I received a letter from Plaintiffs' counsel at approximately 4:52 p.m. on July 26, 2004, a true copy of which is attached as Exhibit "D", advising me that Plaintiffs would not provide any "Response" for the stipulation until July 31, 2004.

10. Attached as Exhibit "E" is a true copy of the Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents which I prepared but was unable to complete because of the non-cooperation of Plaintiffs' counsel and their refusal to provide contentions and points and authorities, as required by Local Rule 37.1. As shown above, Plaintiffs' counsel has clearly failed to cooperate with HSBC's counsel regarding the discovery disputes related to the 2nd Request.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this _26th_ day of July, 2004.

RICHARD A. PIRES

**RAP/nsh**

# EXHIBIT "A"

**Law Offices Of**
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 21, 2004

**VIA FACSIMILE**
Joaquin C. Arriola, Esq.
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Mr. and Ms. Arriola:

We are in receipt of your clients' supplemental responses and objections to HSBC's Second Set of Requests for Production of Documents. Although you had agreed to produce all documents requested, your clients have failed to produce any documents as required by Requests 13 through 20. Pursuant to Local Rule 37.1, you are advised that we will hold a conference on this dispute at our offices immediately after the conclusion of the deposition of Patrick Oliva on July 22. In the event that one of the attorneys from your office does not attend the meeting, we will file a declaration of non-cooperation with the court and proceed with a motion to compel.

Should you have any questions, please contact me.

Sincerely,

Richard A. Pipes

cc:    Chris Underwood

RAP/ nsh/ HSBC/ cor

EXHIBIT A

# EXHIBIT "B"

Law Offices Of
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 21, 2004

**VIA FACSIMILE**
Joaquin C. Arriola, Esq.
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

　　　Re: *Sadhwani, et al. v. HSBC*

Dear Mr. and Ms. Arriola:

　　　We are in receipt of your clients' supplemental responses and objections to HSBC's Second Set of Requests for Production of Documents. Although you had agreed to produce all documents requested, your clients have failed to produce any documents as required by Requests 13 through 20. Pursuant to Local Rule 37.1, you are advised that we will hold a conference on this dispute at our offices immediately after the conclusion of the deposition of Patrick Oliva on July 22. In the event that one of the attorneys from your office does not attend the meeting, we will file a declaration of non-cooperation with the court and proceed with a motion to compel.

　　　Should you have any questions, please contact me.

Sincerely,

Richard A. Pipes

cc:　Chris Underwood

*RAP/ asb/ HSBC/ cor*

**NOTE**

Mr. Pipes:　I will meet and confer with you tomorrow
after the Hemlani deposition.

EXHIBIT B

# EXHIBIT "C"

Law Offices Of
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 23, 2004

**VIA FACSIMILE**
Joaquin C. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Mr. Arriola:

Pursuant to the meeting this morning between yourself, myself, and Mr. Bronze, and pursuant to Local Rule 37.1, I am preparing the Stipulation of the parties for the filing of a motion to compel responses to HSBC's Second Request for Production of Documents ("2nd request") and HSBC's First Request for Production of Documents ("1st Request").

The contentions and points and authorities for HSBC for Requests 13 through 20 in the 2nd Request are as follows:

> HSBC: The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or previously produced without properly identifying the specific documents which are responsive to the individual requests.

The contentions and points and authorities for Requests 5, 6, and 8 through 68 in the 1st Request are the same as stated above.

Please provide plaintiffs' contentions and points and authorities by 4:00 p.m. on

**EXHIBIT** *L*

July 26, 2004, so that they may be inserted into the required Stipulation. If you fail to provide such contentions and points and authorities by such time, we will file a declaration referring to the non-cooperation of plaintiffs' counsel.

Should you have any questions, please feel free to contact me.

Sincerely,

Richard A. Pipes

cc:    Chris Underwood

*RAP/msh/HSBC/cor*

# EXHIBIT "D"

Law Offices

# *Arriola, Cowan & Arriola*

| | | |
|---|---|---|
| Joaquin C. Arriola | 259 Martyr Street, Suite 201 | Telephone:(671) 477-9730/3 |
| Mark E. Cowan | C & A Building | Telecopier: (671) 477-9734 |
| Anita P. Arriola | Post Office Box X | E-mail: acalaw@netpci.com |
| Joaquin C. Arriola, Jr. | Hagåtña, Guam 96910 | |

Jacqueline T. Terlaje

July 26, 2004

## VIA FACSIMILE: (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

## VIA FACSIMILE: (671) 647-7671

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
Guam Savings & Loan Building
Suite 201, 825 S. Marine Drive
Tamuning, Guam 96911

      **Re:**    **Sadhwani et al, v. Hongkong Shanghai Banking Corporation, Ltd., et.al, District Court of Guam, Civil Case No. CV03-00036**

Messrs. Bronze & Pipes:

      By letter dated July 21, 2004, received by this office around 3:13 p.m. by FAX on the same date, Mr. Pipes notified the undersigned that a conference on Defendant's Second Set of Requests for Production and the Plaintiff's Responses, will be held at Mr. Pipe's office "...immediately after the conclusion of the deposition of Patrick Oliva on July 22." In effect since July is the legal public holiday for the United States District Court for Guam, Mr. Pipe's advice was issued a few hours prior to the scheduled hour. In any event, this office was closed all day (except for my interview of Mr. Hemlani in the morning), so that I received the letter on Thursday, July 22, 2004. I suggested that the conference be held after the Hemlani Deposition.

**EXHIBIT** $\text{D}$

*Arriola, Cowan & Arriola*                    Jacques G. Bronze, Esq.
Page 2                                          Richard Pipes, Esq.
                                                **Re: Sadhwani et al. v. Hongkong Shanghai**
                                                **Banking Corporation, Ltd., et.al, District Court**
                                                **of Guam, Civil Case No. CV03-00036**
                                                July 26, 2004

A letter from Mr. Bronze, dated July 22, 2004, was received by our office by FAX on the same date at 11:02 a.m. designating the date of July 23, at 3:00 p.m. (less than one working day) to meet and confer regarding the Defendant's First Set of Request for Production and the Plaintiff's Responses. I suggested to meet and confer after the Hemlani Deposition scheduled for Friday, July 23, 2004.

In our meeting on Friday, July 23, 2004, Mr. Pipes claimed that certain financial records were not produced. Mr. Bronze corrected Mr. Pipes that such documents were indeed produced.

Later that day - July 23 - - at 3:29 p.m. our office received via FAX a letter from Mr. Pipes calling for a response by 4:00 p.m. on Monday, July 26, 2004. Mr. Pipes notice is unreasonably short. Accordingly, our Response will be served on or before Friday, July 31, 2004.

Although I indicated that I will respond to Mr. Bronze on the date requested - - Tuesday, July 27 - - our Response likewise be served on or before Friday, July 31, 2004.

**JOAQUIN C. ARRIOLA**

JCA/cu

# EXHIBIT "E"

JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.


IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) | CIVIL CASE NO. 03-00036 |
| | ) | |
| Plaintiffs, | ) ) | **STIPULATION REGARDING HSBC's MOTION FOR ORDER** |
| v. | ) ) | **COMPELLING DISCOVERY ON SECOND REQUEST FOR** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., | ) ) ) | **PRODUCTION OF DOCUMENTS (L.R. 37.1(b))** |
| Defendants. | ) ) | |

Pursuant to L.R. 37.1(b), Defendant Hongkong and Shanghai Banking Corporation. Ltd.

("HSBC") and Plaintiffs submit the following stipulation containing the document requests,

Plaintiffs' objections and responses, and the parties' contentions and points and authorities

regarding HSBC's Motion for Order Compelling Discovery. "HSBC" indicates HSBC's



**EXHIBIT** _E_

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 2 of 12 pages

contentions and points and authorities and "P" indicates Plaintiffs' contentions and points and authorities.

**Request No. 13.**     All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, on damages claimed.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See appraisals; financial statements, balance sheets; REFs; valuations of plaintiffs' properties; statements of cash flow; vacancies in properties; workout agreements; statements of rents rolls for Sadhwani tenants; statements of working capital credit and operating losses, all contained in documents produced by PMC as bates-stamped nos. PMC00001 - PMC05931. See also documents produced by plaintiffs in their First Amended and Supplemental responses and Objections to HSBC's First Request for Productions (sic); and documents and pleadings filed in the action Alan Sadhwani, et a. (sic) v. Paradise Marine Corporation, Civil Action No. CV0739-04.

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents**
**Page 3 of 12 pages**

**HSBC:**      The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or previously produced without properly identifying the specific documents which are responsive to the individual requests.

**P:**

**Request No. 14.**      All documents, records, or papers in your possession, custody, or control pertaining or relating to the purchase of the real properties identified in your response to Interrogatory No. 10 dated April 30, 2004, including, without limitation, documents relating to the purchase, conveyance, lease, financing, construction, and improvements made by you to such properties.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents**
**Page 4 of 12 pages**

reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See answer to request No. 13, above; see also P000494-P000578, produced in response to HSBC's First Request for Production of Documents, and depositions of Joseph Fang and Chris Felix and exhibits attached thereto.

**HSBC:**    The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or previously produced without properly identifying the specific documents which are responsive to the individual requests.

**P:**

**Request No. 15.**    All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that HSBC cancelled your Letter of Credit and Trust Receipt facilities.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of
Documents
Page 5 of 12 pages

documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See attached documents Bates-stamped nos. 000471-000493, produced in response to HSBC's First Request for Production of Documents; see also documents produced by PMC, Bates-stamped nos. 00001-005931 and documents produced by First Hawaiian Bank in response to HSBC's subpoena duces tecum to Custodian of Records.

**HSBC:**     The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or previously produced without properly identifying the specific documents which are responsive to the individual requests.

**P:**

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 6 of 12 pages

**Request No. 16.** All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi, required Letters of Credit.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody, or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See response to Request No. 15.

**HSBC:** The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of
Documents
Page 7 of 12 pages

> previously produced without properly identifying the specific
> documents which are responsive to the individual requests.

**P:**

**Request No. 17.**     All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that you were unable to secure alternate financing from any other banking institution because all of your assets were mortgaged to HSBC.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody, or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC, bates-stamped nos. 00001-005931 and documents produced by First Hawaiian Bank in response to HSBC's subpoena duces tecum to Custodian of Records.

   **HSBC:**  The documents requested by HSBC are relevant to the subject
       matter and issues in this action and are reasonably calculated to lead

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of**
**Documents**
**Page 8 of 12 pages**

to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs

have failed and refused to produce any of the documents requested.

Instead, plaintiffs have improperly referred HSBC to sort through

thousands of pages of documents produced by other parties or

previously produced without properly identifying the specific

documents which are responsive to the individual requests.

**P:**

**Request No. 18.**     All documents, records, or papers in your possession, custody, or

control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, you

were unable to purchase consumer items to replenish your inventory from

vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set

forth herein. Plaintiff also objects to this request to the extent it seeks information or

documents that are protected from discovery by the attorney-client privilege, the work product

doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this

request in that it seeks materials irrelevant to the subject matter of this litigation and is not

reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects on the

grounds that these documents are in the possession, custody, or control of HSBC. Plaintiff

objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and

unintelligible. Without waiving said objections, plaintiff responds as follows: See response to

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of
Documents
Page 9 of 12 pages

Request No. 15.

**HSBC:** The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or previously produced without properly identifying the specific documents which are responsive to the individual requests.

**P:**

**Request No. 19.** All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that your inability to replenish inventory resulted in your loss of profits to the present date including, but not limited to, your profit and loss statements, financial statements, balance sheets, and income tax returns from 1994 to the present.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents**
**Page 10 of 12 pages**

request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody, or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: The time period for these documents, 1994 to the present, is overbroad and burdensome. See documents attached to plaintiffs' First Amended and Supplemental Responses and Objections to HSBC's First Request for Production of Documents.

> **HSBC:** The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or previously produced without properly identifying the specific documents which are responsive to the individual requests.

**P:**

**Request No. 20.** All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 11 of 12 pages

that you have lost profits including, but not limited to, calculations of the amounts of profits lost to the present date.

**Response** - Plaintiff incorporates by reference its general Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated (sic) to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody, or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: See documents attached to plaintiffs' First Amended and Supplemental Responses and Objections to HSBC's First Request for Production of Documents. Plaintiff's financial statements and tax returns for 2003 and 2004 have not been prepared.

> **HSBC:** The documents requested by HSBC are relevant to the subject matter and issues in this action and are reasonably calculated to lead to the discovery of admissible evidence. FRCP 26(b)(1). Plaintiffs have failed and refused to produce any of the documents requested. Instead, plaintiffs have improperly referred HSBC to sort through thousands of pages of documents produced by other parties or

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Stipulation Regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of**
**Documents**
**Page 12 of 12 pages**

previously produced without properly identifying the specific

documents which are responsive to the individual requests.

**P:**

Dated this _____ day of July, 2004.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for HSBC

By:     _____

Richard A. Pipes

ARRIOLA COWAN & ARRIOLA
Attorneys for Plaintiffs

By:     _____

Joaquin C. Arriola

**RAP/nsh**