JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | SUPPLEMENTAL DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY |
| vs. | ) ) | |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | |
| Defendants. | ) | |

ANITA P. ARRIOLA declares:

1. I am one of the attorneys for the plaintiffs Alan Sadhwani, et al. in the above-entitled case. I make this Declaration in support of Plaintiffs' Motion to Modify Stipulated Protective Order Governing Discovery. I have personal knowledge of the facts contained herein.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated July 26, 2004 from Jacques G. Bronze to Jacqueline T. Terlaje. Exhibit A is submitted as further additional support for plaintiffs' Ex Parte Motion to Modify the Stipulated Protective Order Governing Discovery.

**ORIGINAL**

I declare under penalty of perjury under the laws of the United States and the laws of Guam that the foregoing is true and correct.

Dated this 30th day of July, 2004.

_____
**ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on July 30, 2004, I caused to be served via hand delivery, a **SUPPLEMENTAL DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 30th day of July, 2004.

_____
**ANITA P. ARRIOLA**

LAW OFFICES
# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE CORP DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

July 26, 2004

**VIA: FACSIMILE**
**(671) 477-9734**

Jacqueline Taitano Terlaje, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

    Re:    *Sadhwani, et al. v. HSBC, et al.*

Dear Jackie:

    Enclosed is HSBC's Points and Authorities to be inserted in the Stipulation regarding Plaintiffs' Motion to Redepose Frederick Granillo.

    Plaintiffs' Motion is governed by FRCP Rules 30(d)(2) and 26(b)(2). In addition, Plaintiffs' claim that Mr. Granillo's failure to recall certain answers posed by Plaintiffs' counsel is deemed "non-responsive," and that such constitutes a basis to support its motion. The authority cited in Plaintiffs' Stipulation does not support Plaintiffs' contention. First and foremost, there is no case with the cite of Alexander v. FBI, 186 F.R.D. 75 (D.D.C., 1980). The closest case which Plaintiffs' could have relied on is Alexander v. FBI, 186 F.R.D. 71 (D.D.C., 1998), however, that case only dealt with the standards required in quashing a deposition subpoena. Id. at p. 75. Moreover, Plaintiffs' have failed to provide any factual record in support of their claim that Mr. Granillo's other responses were "non-responsive."

    In addition, Plaintiffs are of the position that HSBC has waived its attorney-client privilege because of the disclosure of Exhibits 21, 22, 23 and 24 to Paradise Marine Corporation ("PMC") upon the sale of Plaintiffs' loan to PMC. The fact that these exhibits identifies the name of Attorney Thomas Moody, HSBC's then counsel or the fact that HSBC's counsel is copied unprivileged documents does not amount to a waiver of the privilege. Regardless, this Court is not bound by the authorities cited by Plaintiffs' since the Ninth Circuit has carved-out an exception to the waiver of privilege when the disclosure is "inadvertent." See, Transamerica Computer v. International Business Machines, 573 F.2d 646, 650-51 (9th Cir. 1978); KL Group v. Case, Kay & Lynch, 829 F.2d 909, 919 (9th Cir. 1987); see also, Diversified Industries, Inc. v. Meredith, 570 F.2d 596, 611 (8th Cir. 1977) (finding that the surrender of privileged material to the SEC in an investigation pursuant to a subpoena was only a limited waiver of privilege).



Moreover, any disclosure of attorney-client communications to PMC is still protected under the common interest privilege, which protects the communication made when an nonparty sharing the client's interest is a party to a confidential communication between attorney and client. See, United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir. 1987). The common interest privilege applies where (1) the communication was made by separate parties in the course of a matter of common interest, (2) the communication was designed to further that effort, and (3) the privilege was not been waived. See, In re Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120, 126 (3rd Cir. 1986); Griffith v. Davis, 161 F.R.D. 687, 692 (C.D. Cal. 1995). The privilege applies even where the interests of the parties are not identical, and it applies even where the parties' interests adverse in substantial respects. See, Hunydee v. United States, 355 F.2d 183, 184-85 (9th Cir. 1965). In the instant case, HSBC had an interest to disclose to all the risks to PMC and PMC had an interest to be aware of all the legal risks before it purchased Plaintiffs' loan.

In addition, Plaintiffs' claim that "neither Bronze nor Pipes removed the subject documents nor did they demand their return," is a mischaracterization of the true state of the facts. Mr. Bronze's involvement in the purported November 2003 review involved a limited review of certain selected documents of the PMC loan file since HSBC had delivered the entire loan file to PMC and had not kept any documents relating to Plaintiffs' loan, other than the sale documents. Moreover, Mr. Pipes' failure to remove the subject documents was inadvertent. Plaintiffs' reliance on Murray v. Gemplus International, S.A., 217 F.R.D. 362 (D. Pa. 203), is misplaced since in Gemplus, the Court found that the disclosure of the documents were not inadvertent since Gemplus was aware of the disclosures for more than eleven weeks. Moreover, it can not be a basis for any waiver of the subject matter of the produced documents since HSBC did not intentionally disclose privileged material with the aim, in whole or in part, of furthering its case. cf. Id. at p. 367. Plaintiffs have not satisfied the burden of showing specific prejudice in the absence of subject matter waiver. See, Byrnes v. IDS Realty Trust, 85 F.R.D. 679, 689 (S.D.N.Y. 1980) ("the only prejudice that appears to arise is the prejudice that results whenever a party is deprived of information it would rather have.")

HSBC's failure to specifically identify documents in the privilege log does not automatically waive the privilege for the omitted documents. Courts distinguish between a "slothful" and "arguable" failure to properly assert a privilege. See, Eureka Financial Company v. Hartford Accident and Indemnity Company, 136 F.R.D. 179, 183-184 (E.D. Cal. 1991). Plaintiffs' reliance on the case of Dorf and Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir. 1996), is misplaced since that case did not deal with the situation where a party inadvertently omitted documents from its privilege log and was being subjected to a claim of waiver based on the claimed inadvertence.

Moreover, all communications relating to the purpose of Exhibits 22, 23 and 26 were properly objected to by HSBC's counsel in the deposition. The deposition transcripts supports HSBC's contention that any questions relating to communications by HSBC to counsel relating to the purpose of the exhibits were objected to. In addition, the authority cited by Plaintiffs does not support their contention either.

HSBC is under no obligation to provide documents to Plaintiffs under an expedited basis based on Plaintiffs' insistence on moving forward on the deposition of Frederick Granillo, which was set for June 15, 2004. First and foremost, the Court's May 27, 2004, Order specifically provides that HSBC would provide copies of the subject documents at Plaintiffs' counsel's office until production is complete. The Order did not specify any time period for the completion of the production. Moreover, on June 10, 2004, Attorney Pipes forwarded a letter to Plaintiffs' counsel advising her that since her copier machine was not working, HSBC will copy Request Nos. 1 through 7 and deliver it to Plaintiffs' counsel's office "no later than noon on June 14, 2004." In addition, the June 10, 2004, letter provided that "HSBC personnel will continue locating and completing documents specified by the Order which relate to Request Nos. 9 through 12 and will be able to continue producing those documents on Monday as well." As a result of the volume of documents, some of the Requests Nos. 9 through 12 were delivered on the day of the deposition of Mr. Granillo. Plaintiffs' counsel never had any objection to the June 10, 2004, letter. More importantly, Plaintiffs could have very well rescheduled Mr. Granillo's deposition and cannot now be heard that they did not have sufficient time to review the produced documents. Moreover, these documents are not relevant to a proper conduct of a deposition since the underlying purpose of a deposition is to find out what a witness saw, heard, did or what a witness thinks. See, Hall v. Clifton Precision, 150 F.R.D. 525, 528 (E.D. Pa. 1993).

Moreover, the authorities cited by Plaintiffs do not support their position. Plaintiffs' claim that HSBC failed to provide documents in a timely manner is not justified under the circumstances and is just another tactic by Plaintiffs to avoid the limits placed by FRCP Rule 30(d)(2) which limits depositions to "one day of seven hours." The Court may consider extending an extension of time to continue the deposition where for example, ". . . the examination reveals that the documents have been requested but not produced . . . ." See, Comments to FRCP Rule 30(d). In the instant case, Plaintiffs' counsel was very well aware prior to June 15, 2004, not all the documents had been produced. Thus, she should be barred from now seeking additional time for the deposition of Mr. Granillo.

Should a Court be inclined to grant Plaintiffs an extension for the deposition of Mr. Granillo, the Court's Order should limit Plaintiffs' deposition to documents not previously examined and HSBC should have a right to seek relief under FRCP Rule 26 should Plaintiffs' counsel deviate from the Court's Order.

Please feel free to contact me if you have any questions regarding the above matter.

Best regards,

JACQUES G. BRONZE

cc: *Mr. Chris Underwood

JGB:lc
D:\CLIENTS FILE\HSBC-Sadhwani\Ltr\J. Terlaje-Ltr.54 (HSBC's Prod.Auth).doc