DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ALAN SADHWANI *et al.*,

    Plaintiffs,

vs.

HONGKONG AND SHANGHAI BANKING CORP., LTD., *et al.*,

    Defendants.

Civil Case No. 03-00036

ORDER

Defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC") has filed Objections to Magistrate Judge's Order Compelling Production. On June 29, 2004, this Court heard oral argument from counsel regarding the matter. Present at the hearing was Attorney Anita P. Arriola for the Plaintiffs and Attorney Jacques A. Bronze appeared on behalf of the defendant HSBC. At the conclusion of the hearing, the Court took the motion under advisement. For the reasons set forth below the Court overrules HSBC's objections.

**Background**

**A. Factual Background**

For more than 25 years, Plaintiffs Alan Sadhwani, Laju Sadhwani and K. Sadhwani's, Inc. (the "Plaintiffs") had a banking relationship with HSBC. Throughout those years, the Plaintiffs virtually had an exclusive relationship with HSBC.

In 2002 HSBC decided to discontinue its operations on Guam. At the time the Plaintiffs had

an outstanding loan balance of over $6.8 million with HSBC. In November 2002, the parties entered into a loan agreement entitled "Amendment to Credit Facility/Lease" with HSBC ("the Loan"), secured by several valuable pieces of Guam real estate.

Thereafter, the Plaintiffs had difficulty making payments on the Loan. Thus, on or about March 21, 2003, the parties entered into a loan workout agreement. Plaintiffs contend that pursuant to the loan workout agreement, Plaintiffs would seek replacement financing and/or attempt to sell some of their properties. The maturity date of the Note was extended to the end of August 2003. On July 18, 2003, the Plaintiffs received from HSBC a "Notice of Intent to Sell Loan." Plaintiffs allege that it came as a complete surprise to learn that HSBC had sold the Loan to a third-party non-bank institution - Paradise Marine Corporation ("PMC").

**B. Procedural Background**

Thereafter, the Plaintiffs brought suit against HSBC and doe defendants in the Superior Court of Guam asserting six (6) separate causes of action.[1] HSBC removed the action to this Court based on diversity jurisdiction. Shortly thereafter, HSBC brought a Motion to Dismiss. In a written Order filed April 9, 2004, the Court granted in part and denied in part the Motion to Dismiss. The Court denied the Motion to Dismiss as to the First, Second, Fourth, and Fifth causes of action. However, the Court granted the Motion to Dismiss as to the Third and Sixth causes of action, which were dismissed without prejudice. The Court permitted the Plaintiffs to amend the Complaint to reassert the dismissed causes of action.[2]

---

[1] The Complaint alleged the following causes of action:

1. Breach of Covenant of Good Faith and Fair Dealing;
2. Intentional Misrepresentation;
3. Breach of Contract: Promissory Note Modification Agreement;
4. Breach of Contract: Work out Agreement;
5. Breach of Fiduciary Duty; and
6. Breach of Banking and Confidentiality Laws.

[2] On April 27, 2004, the Plaintiffs filed their First Amended Complaint. On April 30, 2004, HSBC filed a Motion to Strike the First Amended Complaint in Whole or in Part, or, in the alternative, to Dismiss the Third and Sixth Causes of Action. The Court granted the motion to dismiss with leave to Amend the Complaint. On June 2, 2004, the plaintiffs filed a Second Amended Complaint for Damages.

- 2 -

On March 8, 2004, the Plaintiffs served their Third Set of Requests for Production of Documents ("Third Set of Requests") on HSBC. On April 2, 2004, HSBC served its Objections and Responses upon the Plaintiffs. HSBC did not produce a single document requested. On April 5, 2004, the Plaintiffs' counsel Anita Arriola telephoned HSBC's counsel Jacques Bronze and requested HSBC to provide the documents requested in the Third Set of Requests. See April 19, 2004, A. Arriola Decl. at ¶ 4, Docket No. 80. Mr. Bronze again refused to produce the documents. Id.

On April 19, 2004, the Plaintiffs filed a Motion to Compel. At issue were two classes of documents: Request Nos. 1 through 7 and Request Nos. 9 through 12.[3] Request Nos. 1 through 7[4] sought the production of all information and documents relating to any loan agreements, letters of credit, promissory notes, or other credit facilities extended by HSBC to Joseph K. Fang ("Mr. Fang");[5] Mr. Fang's family (comprising of his wife, children, siblings or parents); any business entity in which Mr. Fang or his family had any ownership interest; or any business entity in which Mr. Fang or a member of his family held a position of officer or director.[6] Request Nos. 9 through 12 sought information about other HSBC customers who may have benefitted from more favorable treatment than that received by the Plaintiffs.[7]

---

[3] Apparently, the Plaintiffs no longer sought further responses to Requests Nos. 8 and 13.

[4] Requests Nos. 1 through 7 shall be referred to collectively as the "Fang Requests."

[5] Mr. Fang is the president of PMC, the company that purchased the Plaintiffs' Loan from HSBC.

[6] The Plaintiffs asserted that the Fang Requests sought to discover the means by which Mr. Fang acquired the funds to purchase the Plaintiffs' Loan from HSBC. Specifically, the Plaintiffs wanted to learn if Mr. Fang, any member of his family, or any entity associated with Mr. Fang or his family obtained any financial benefit or consideration from HSBC as a result of PMC's purchase of the Loan. The Plaintiffs argued that these matters were relevant to their claims for breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of the workout agreement; and breach of fiduciary duty (the First, Second, Fourth, and Fifth causes of action). For instance, if HSBC provided any funding, loans or other credit facilities to Mr. Fang or his family in order to purchase the Plaintiffs' Loan, the Plaintiffs maintained that such evidence would support its claim of bad faith and fair dealing.

[7] Specifically, Request Nos. 9 through 12 sought:

> 9. All documents concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities, other than Plaintiffs' Loan, which were sold, transferred or assigned by HSBC to parties other than PMC, from January 1, 2002 through the date of the request;

On May 27, 2004, the Magistrate Judge issued an Order granting in part the Plaintiffs' motion and requiring HSBC to produce all documents and permit the Plaintiffs to inspect and to copy the documents as requested in Request Nos. 1 through 7 and Request Nos. 9 through 12. On June 3, 2004, HSBC filed an *Ex Parte* Application on Motion to Stay Order Granting, in Part, Motion to Compel Pending Ruling by District Judge on HSBC's Objections. On June 7, 2004, the Magistrate Judge Denied that motion.[8]

**Discussion**

HSBC now objects to the Magistrate Judge's Order compelling discovery and seeks this Court's review. Pursuant to 28 U.S.C. § 636(b)(1)(A) a magistrate judge is vested with jurisdiction to consider pretrial discovery motions. Within ten days after the service on a party of a copy of any order of a magistrate judge any party may serve and file a notice of motion for reconsideration by the assigned judge on the ground that the order is clearly erroneous or contrary to law. See Fed.R.Civ.P. 72(a). Broad discretion is presumed under this deferential standard of review, and a party seeking to overturn a magistrate judge's discovery ruling bears a heavy burden. Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 753 F.Supp. 1078, 1099 (E.D.N.Y.1990). Reversal based upon an improper order denying or limiting discovery is "'unusual'." B.F. Goodrich v. Betkoski, 99 F.3d 505, 523 (2d Cir.1996) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L.

---

10. All documents that address, refer to, relate to any discounts on loan balances extended by HSBC to any of its bank customers, other than Plaintiffs, from January 1, 2002 through the date of the request;
11. All documents that address, refer to, or relate to any "friendly foreclosures," as that term is used by HSBC between it and any of its bank customers, other than Plaintiffs, from January 1, 2002 through the date of the request; and
12. All documents that address, refer to, or relate to the refinancing of loan balances by any of your bank customers, other than Plaintiffs, from January 1, 2002 through the date of the request.

The Plaintiffs maintained that information regarding how HSBC clients' loan balances were handled as a result of HSBC's closure of its Guam office would aid in determining whether HSBC violated its covenant of good faith and fair dealing and breached its fiduciary duty to the Plaintiffs. For instance, if HSBC gave discounts on loan balances or engaged in "friendly foreclosures," but failed to do so with the Plaintiffs, the Plaintiffs contended that such information would tend to prove that HSBC provided favorable terms or engaged in workout agreements with other customers but reneged on its workout agreement with the Plaintiffs.

[8]On June 21, 2004, HSBC subsequently filed its objections to the Magistrate Judge's Order Denying HSBC's Motion to Stay Order Granting, in Part, Motion to Compel Pending Ruling By District Judge on HSBC's Objections; Request for Oral Argument.

- 4 -

Marcus, Federal Practice and Procedure § 2006, at 92 (2d ed.1994)). A discovery order is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542 (U.S. 1948).

The 2000 Amendments to Fed. R. Civ. P. 26(b)(1)[9] created a two tier analysis of what is to be disclosed. See Lugosch v. Congel, 218 F.R.D. 41, 45 (N.Y. 2003). First, the parties may obtain discovery regarding any non-privileged matter that is relevant to the claim or defense of any party. Id. If not relevant to a claim or defense, for good cause the court may order discovery of any matter relevant to the subject matter involved in the action. Id. Upon review of the Magistrate Judge's Order it is clear that he properly used the two tier analysis in determining whether to grant the plaintiffs' Motion to Compel.

Under the first prong of Fed. R. Civ. P. 26(b)(1) the Magistrate Judge considered whether the requested discovery was relevant to the claims or defenses of the parties. Fed.R.Civ.P. 26(b)(1). He found that the requested discovery was not directly relevant to the plaintiffs' claims. However, under the second prong, he found that the discovery was relevant to the subject matter in the action. For example, the Magistrate Judge found that the "gravamen of the Plaintiffs' claims is that HSBC breached its duty and the workout agreement by selling the Loan to PMC "for peanuts" during the time when the Plaintiffs were still in the midst of obtaining alternate financing and selling its commercial properties to pay off the Loan. Thus, it is necessary to determine whether there was a special relationship between Mr. Fang and HSBC which resulted in PMC getting a "sweetheart deal as alleged by the Plaintiffs." See May 27, 2004 Order, page 7.

HSBC argues the Magistrate Judge improperly focused on the Plaintiffs' first cause of action for tortious breach of the covenant of good faith and fair dealing in his determination that the

---

[9]Presently, Rule 26(b)(1) reads as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

- 5 -

requested discovery was relevant.[10] HSBC suggests that that cause of action should not have survived its prior Motion to Dismiss. HSBC asserts that the District Court had erroneously found that Guam law would recognize a claim of bad faith in the banking relationship. See Order of April 9, 2004. Therefore, any discovery related to that cause is improper. However, this Court will not undertake reviewing what the prior District Court Judge ruled. HSBC has not presented any new facts, nor does it reveal any manifest error of law in the District Court's prior ruling. In re Agric. Research & Tech. Group, 916 F.2d 528, 542 (9th Cir. 1990) ("Motions for reconsideration may properly be denied where the motion fails to state new law or facts"). Because the cause of action was found to survive a motion to dismiss, the Magistrate Judge's ruling to produce related discovery was proper.

HSBC has failed to show how the Magistrate Judge's conclusions regarding the discovery is contrary to law or erroneous. As noted by the commentary, the dividing line between information relevant to the claims and defenses and that relevant only to the subject matter of the action cannot be defined with precision - the good-cause standard warranting broader discovery is meant to be flexible." Fed. R. Civ. P. 26, Advisory Committee Notes, 2000 Amendment; see also Sanyo Laser Products, Inc. v. Arista Records, Inc., 214 F.R.D. 469, 500 (S.D. Ind. 2003) (Although "the scope of discovery has narrowed somewhat under the revised rule [t]he change, while meaningful, is not dramatic, and broad discovery remains the norm."). In this instance the Magistrate Judge found that documents concerning HSBC's relationships with the Fangs (Fang Requests) and other patrons (Requests 9-12) were relevant. In opposition to HSBC's objections, the Plaintiff submitted several documents under seal pursuant to the protective order. Upon review of these documents, the Court finds that they are indeed relevant to the "subject matter of the claims," if not to the very claims themselves.

HSBC also objected to the document production because they claim it would have been too burdensome. Specifically, HSBC claimed that it would be required to inspect and copy 190 "bankers' boxes" consisting of 475,000 pages of documents. However, Attorney Arriola states that

---

[10] HSBC requests this Court to review its Memorandum of Points and Authorities in Support of its Motion to Dismiss and its Reply Memorandum on December 30, 2003 and January 23, 2004, respectively.

- 6 -

on 4 business days (from June 4-June 9), Attorneys Pipes and Bronze appeared at the office of Plaintiffs' counsel to permit review of several boxes and allowed inspection and copies of over 1,000 pages of documents. On June 14 and 15, they produced over 4,000 pages of documents. See A. Arriola Decl. at ¶ 7. The Court finds that the hours spent in reviewing the documents and the numbers of documents produced are not unusual in a case of this type. Thus, this Court agrees with the Magistrate Judge's conclusion that the burden or expense of the proposed discovery did not outweigh its importance and benefit.

HSBC seems to suggest that it should not be required to produce documents bearing Mr. Fang's Cantonese name. However, HSBC should be able to produce all records and documents that concern Mr. Fang in either his Cantonese name or his English name. Accordingly, HSBC is required to produce all such responsive documents.

Lastly, HSBC takes issue with the fact that it must produce documents from any branch of HSBC USA Ltd. located in the United States. Under Rule 34, a party is required to produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." In this instance, HSBC states that it has no control over the documents held by HSBC USA. Robert Rosenberg, the Vice President of HSBC USA, N.A. ("HSBC USA") stated that defendant HSBC, Ltd. and HSBC USA are two separate and distinct legal entities. See Declaration of Robert Rosenberg, at ¶ 7 and 8; Exhibit A attached thereto Declaration of Jacques G. Bronze, Docket No. 211. Neither HSBC, Ltd. nor HSBC USA has any control over the other or access to each other's records. Id. Given the declaration of Mr. Rosenberg and no evidence to suggest the relationship between the two entities is other than as stated in his declaration, the Court finds that HSBC cannot be compelled to produce such documents. However, to the extent HSBC has custody, possession or control over such documents in any of its branches or offices, regardless of their location, HSBC has an obligation to produce the relevant documents.

Finally on another matter, HSBC requests this Court to order the Plaintiffs to submit written arguments why expense shifting sanctions should not be assessed within five (5) days from this Court's reversing the Magistrate Judge. However, the Court finds this matter moot as this Court

affirms the Magistrate Judge's ruling. Additionally, even if this Court was inclined to reverse the Magistrate Judge's Order, sanctions would still not be warranted. The Plaintiffs sought discovery and was granted that right by the Magistrate Judge. They should not be punished for doing so.

As an aside the Court is concerned by the contentious atmosphere in which discovery in this case is being conducted and by the large number of pretrial motions filed. HSBC seemingly has used the filing of motions to stall the progress of this case. In fact, the Magistrate Judge remarked in his order of June 7, 2004 "[t]he Court further observes that the trial date is fast approaching, yet HSBC has repeatedly delayed the discovery process by filing numerous motions which either seek to stay discovery or which would have such an effect." See Order of June 7, 2004. The Court cautions HSBC that such litigation tactics will not be tolerated. HSBC is advised to show the appropriate restraint in its subsequent filings.

## Conclusion

Upon consideration of the foregoing, the Court overrules HSBC's objections and affirms the Magistrate Judge's Order of May 27, 2004 in its entirety. This Court does not find the Magistrate Judge's order either erroneous or contrary to law. As discussed above, said documents are directly relevant to the subject matter if not to the very claims themselves. In addition, on June 21, 2004, HSBC filed its objections to the Magistrate's Order Denying HSBC's Motion to Stay Order Granting, in Part, Motion to Compel Pending Ruling By District Judge on HSBC's Objections; Request for Oral Argument. Because this Court affirms the Magistrate Judge's May 27, 2004 Order this matter is moot and the Court need not set this for hearing.

SO ORDERED this 10th day of August, 2004.

FRANCES M. TYDINGCO-GATEWOOD
Designated District Judge

Notice is hereby given that this document was entered on the docket on 08/10/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam

By: _____ 08/10/04
Deputy Clerk    Date