**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.



## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>              Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>              Defendants. | CIVIL CASE NO. 03-00036<br><br>**STIPULATION REGARDING PLAINTIFFS' MOTION TO RE-DEPOSE FREDERICK GRANILLO**   (L.R. 37.1(b)) |

Pursuant to L.R. 37.1(b), plaintiffs and defendant submit the following Stipulation containing the deposition questions and answers, defendant's objections and instructions not to answer deposition questions, and the parties' contentions and points and authorities regarding plaintiffs' Motion to Re-Depose Frederick Granillo . "P" indicates plaintiffs' contentions and points and authorities; "D" indicates defendant Hongkong and Shanghai Banking Corporation, Ltd.'s contentions and points and authorities.

**DEPOSITION OF FREDERICK GRANILLO, page 206, lines 6-25 through page 206, lines 1-25:**

Q Does the Bank have any internal policies or procedures regarding the privacy of its customers' account information?

**MR. BRONZE:** I'm going to object. This is not a 30(b) (6) deposition and - -

**MS. ARRIOLA:** So?

**MR. BRONZE:** To the extent that he knows at time he was employed, but not as a matter of what the Bank policy is.

**BY MS. ARRIOLA: (Continuing)**

Q You can answer the question.

A I'm not aware of that right now. I don't recall.

Q You're not aware of that right now and you don't recall. Is that your answer?

A Yeah, I don't recall.

Q You don't know about any Bank policies or procedures protecting the privacy rights of the Bank customers. Is that your testimony, Mr. Granillo?

A I don't recall seeing some privacy documents offhand.

Q That's not the question. The question is, what are the Bank's policies and procedures regarding protecting the privacy rights of customers' account information at the Bank?

**MR. BRONZE:** Again, I'm going to object. He's not designated as a deponent under Rule 30 (b)(6).

A I don't recall.

**BY MS. ARRIOLA: (Continuing)**

Q Are you telling me, Mr. Granillo, that you're an Assistant Vice President of

Hongkong Shanghai Bank and you don't know that the Bank's policies and procedures are that protect the privacy rights of its customers? Is that what you're going to tell us today?

A I don't recall.

**MR. BRONZE:** Objection; arguing with the witness.

**BY MS. ARRIOLA (Continuing)**

Q Does the Bank have any policies or procedures in writing concerning the privacy of its customers' accounts?

A I don't recall.

Q To your knowledge, are there any banking laws, rules or regulations that prohibit the Bank from disclosing its customers' financial or account information?

**MR. BRONZE:** Objection; calling for legal conclusion.

A I don't recall those offhand.

**P:** Mr. Granillo failed to respond to questions concerning HSBC's policies and procedures governing confidentiality of its customers' financial information. Mr. Granillo responded that he did not recall. This response, together with all of his other, numerous evasive responses of "I don't recall" or "I don't remember", is non-responsive. *Alexander v. F.B.I.*, 186 F.R.D. 113, 122 (D.D.C. 1998). HSBC's recent production of documents in response to plaintiffs' Fourth Set of Requests for Production of Documents establish that as an Assistant Vice President, Mr. Granillo is required to know the bank's policies and procedures; otherwise, he is not qualified for his position.

**D:** Plaintiffs' Motion is governed by FRCP Rules 30(d)(2) and 26(b)(2). In addition. Plaintiffs' claim that Mr. Granillo's failure to recall certain answers posed by Plaintiffs' counsel is deemed "non-responsive," and that such constitutes a basis to support its motion. The authority cited in

-3-

Plaintiffs' Stipulation does not support Plaintiffs' contention. First and foremost, there is no case with the cite of <u>Alexander v. FBI</u>, 186 F.R.D. 75 (D.D.C., 1980). The closest case which Plaintiffs' could have relied on is <u>Alexander v. FBI</u>, 186 F.R.D. 71 (D.D.C., 1998), however, that case only dealt with the standards required in quashing a deposition subpoena. <u>Id</u>. at p. 75. Moreover, Plaintiffs' have failed to provide any factual record in support of their claim that Mr. Granillo's other responses were "non-responsive."

**DEPOSITION OF FREDERICK GRANILLO,** page 142, lines 3-18, 23-25; page 143, lines 1-2; page 143, lines 4-12; page 148, lines 1-4;

> Q       Why did Mr. Priestley want you to run this letter past Mr. Moody?
>
> **MR. BRONZE:** I'm going to object. Its's calling for what my client had discussions regarding legal representation, and I'm going to instruct the witness not to answer.
>
> **BY MS. ARRIOLA (Continuing)**
>
> Q       Well, the question is, why did Mr. Priestley want you to run it past Mr. Moody?
>
> **MR. BRONZE:** And that involves any representations by Mr. Priestley to him of why he wants a lawyer to look at the letter.
>
> **MS. ARRIOLA:** Are you instructing the witness not to answer?
>
> **MR. BRONZE:** As it relates to privileged matters, yes.
>
> **MS. ARRIOLA:** Okay.
>
> Q       Did you have any discussions with Mr. Moody about Exhibit 22?
>
> A       I don't remember any conversation.
>
> **MR. BRONZE:** Again, I'm going to object to you asking for privileged communication.

**BY MS. ARRIOLA (Continuing)**

Q       Did you have any discussions with Mr. Moody on or about March 18, 2003 regarding the Sadhwani Loan?

**MR. BRONZE:** Again, I'm going to object. You're asking for privileged communication, and I'm going to tell the witness not to answer.

**MS. ARRIOLA:** It's our position, Jacques, its been waived.

**MR. BRONZE:** Well, I'm still instructing the witness not to answer. Our position is it's not waived.

Q       Do you recall what advice, if any, Mr. Moody gave you regarding Exhibit 24?

**MR. BRONZE:** I'm going to object; attorney-client privilege.

**MS. ARRIOLA:** Its been waived.

A       I don't remember.

**P:** HSBC waived any attorney-client privilege. HSBC voluntarily produced the Sadhwani loan files, including certain communications between HSBC and its attorney Tom Moody, to Paradise Marine Corporation almost a year ago, on or about August 2003. Such voluntary production of privileged documents to a third party constitutes a waiver of privilege. *In re Kidder Peabody Securities Litigation,* 168 F.R.D. 459, 468 (S.D.N.Y. 1996); *Stratagem Development Corp. v. Heron Intern. N.V.,* 153 F.R.D. 535, 543 (S.D.N.Y. 1994); *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 478-479 (S.D.N.Y. 1993).

Further, HSBC failed to take any precautions to avoid disclosure of the subject documents, Exhibits 21, 22, 23 and 24 to the Granillo deposition HSBC had two opportunities to review the documents prior to their production. In November 2003 Jacques Bronze and his client Chris Underwood reviewed the documents in order to respond to plaintiffs' First Set of Requests for

Production of Documents. Later, Richard Pipes reviewed the documents prior to PMC's production to plaintiffs. In both instances, neither Bronze nor Pipes removed the subject documents nor did they demand their return. PMC produced the documents to plaintiffs' and HSBC's attorneys on March 18, 2004. Yet even after such production, HSBC failed to assert the privilege as to the subject documents and failed to demand return of the documents. *Murray v. Gemplus Int.*, 217 F.R.D. 362 (D.Pa. 2003).

HSBC also failed to identify the subject documents in any of the three privilege logs provided to plaintiffs. *Dorf & Stanton Communications, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996) (failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege).

Finally, at the deposition of Fred Granillo, Mr. Granillo was asked several questions regarding his conversations with HSBC counsel Mr. Moody and about Exhibits 22, 23 and 26, a letter he wrote to Tom Moody. HSBC's counsel failed to assert any objections to this line of questioning and Mr. Granillo answered the questions, thus waiving the privilege again. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 668 (9th Cir. 2003); *Hawkins v. Stables,* 148 F.3d 379 (4th Cir. 1998); *In re Martin Marietta*, 856 F.2d 619, 623 (4th Cir. 1988). Under these circumstances any attorney-client privilege has been waived.

**D:** In addition, Plaintiffs are of the position that HSBC has waived its attorney-client privilege because of the disclosure of Exhibits 21, 22,23 and 24 to Paradise Marine Corporation ("PMC") upon the sale of Plaintiffs' loan to PMC. The fact that these exhibits identifies the name of Attorney Thomas Moody, HSBC's then counsel or the fact that HSBC's counsel is copied unprivileged documents does not amount to a waiver of the privilege. Regardless, this Court is not bound by the authorities cited by Plaintiffs' since the Ninth Circuit has carved-out an exception to the waiver of

-6-

privilege when the disclosure is "inadvertent." See, Transamerica Computer v. International Business Machines, 573 F.2d 646, 650-51 (9th Cir. 1978); KL Group v. Case, Kay & Lynch, 829 F.2d 909, 919 (9th Cir. 1987); see also, Diversified Industries, Inc. v. Meredith, 570 F.2d 596, 611 (8th Cir. 1977) (finding that the surrender of privileged material to the SEC in an investigation pursuant to a subpoena was only a limited waiver of privilege).

Moreover, any disclosure of attorney-client communications to PMC is still protected under the common interest privilege, which protects the communication made when an nonparty sharing the client's interest is a party to a confidential communication between attorney and client. See, United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir. 1987). The common interest privilege applies where (1) the communication was made by separate parties in the course of a matter of common interest, (2) the communication was designed to further that effort, and (3) the privilege was not been waived. See In re Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120, 126 (3rd Cir. 1986); Griffith v. Davis, 161 F.R.D. 687, 692 (C.D. Cal. 1995). The privilege applies even where the interests of he parties are not identical, and it applies even where the parties' interests adverse in substantial respects. See, Hunydee v. United States, 355 F.2d 183, 184-85 (9th Cir. 1965). In the instant case, HSBC had an interest to disclose to all the risks to PMC and PMC had an interest to be aware of all the legal risks before it purchased Plaintiffs' loan.

In addition. Plaintiffs' claim that "neither Bronze nor Pipes removed the subject documents nor did they demand their return," is a mischaracterization of the true state of the facts. Mr. Bronze's involvement in the purported November 2003 review involved a limited review of certain selected documents of the PMC loan file since HSBC had delivered the entire loan file to PMC and had not kept any documents relating to Plaintiffs' loan, other than the sale documents. Moreover, Mr. Pipes' failure to remove the subject documents was inadvertent. Plaintiffs' reliance on Murray v. Gemplus

-7-

International. S.A., 217 F.R.D. 362 (D. Pa. 203), is misplaced since in <u>Gemplus</u>, the Court found that the disclosure of the documents were not inadvertent since <u>Gemplus</u> was aware of the disclosures for more than eleven weeks. Moreover, it can not be a basis for any waiver of the subject matter of the produced documents since HSBC did not intentionally disclose privileged material with the aim, in whole or in part, of furthering its case. cf. <u>Id</u>. at p. 367. Plaintiffs have not satisfied the burden of showing specific prejudice in the absence of subject matter waiver. See, <u>Byrnes v. IDS Realty Trust</u>, 85 F.R.D. 679, 689 (S.D.N.Y.1980) ("the only prejudice that appears to arise is the prejudice that results whenever a party is deprived of information it would rather have.") HSBC's failure to specifically identify documents in the privilege log does not automatically waive the privilege for the omitted documents. Courts distinguish between a "slothful" and "arguable" failure to properly assert a privilege. See, <u>Eureka Financial Company v. Hartford Accident and Indemnity Company</u>, 136 F.R.D. 179, 183-184 (E.D. Cal. 1991). Plaintiffs' reliance on the case of <u>Dorf and Stanton Communications, Inc. v. Molson Breweries</u>, 100 F.3d 919, 923 (Fed. Cir. 1996), is misplaced since that case did not deal with the situation where a party inadvertently omitted documents from its privilege log and was being subjected to a claim of waiver based on the claimed inadvertence.

Moreover, all communications relating to the purpose of Exhibits 22, 23 and 26 were properly objected to by HSBC's counsel in the deposition. The deposition transcripts supports HSBC's contention that any questions relating to communications by HSBC to counsel relating to the purpose of the exhibits were objected to. In addition, the authority cited by Plaintiffs does not support their contention either.

**FAILURE TO PROVIDE DOCUMENTS IN A TIMELY MANNER**

P: The Court, by Order dated May 27, 2004, required HSBC to produce documents on June 4, 2004, in response to plaintiffs' Third Set of Requests for Production of Documents. HSBC produced

-8-

Case 1:03-cv-00036    Document 268    Filed 08/31/2004    Page 8 of 11

a few thousand pages of documents the day prior to and the date of Mr. Granillo's deposition. As of this date, HSBC has still not produced all of the documents required by the Court to be produced. Plaintiffs should be granted leave to re-depose Mr. Granillo on the documents that were not produced until the day before and the date of his deposition, as well as on those documents that still have not been produced but should be produced by HSBC. Box v. Ferellgas, Inc., 942 F.2d 942 (5th Cir. 1991); Alexander v. F.B.I., 186 F.R.D. 128 (D.D.C. 1998).

**D:** HSBC is under no obligation to provide documents to Plaintiffs under an expedited basis based on Plaintiffs' insistence on moving forward on the deposition of Frederick Granillo, which was set for June 15, 2004. First and foremost, the Court's May 27, 2004, Order specifically provides that HSBC would provide copies of the subject documents at Plaintiffs' counsels office until production is complete. The Order did not specify any time period for the completion of the production. Moreover, on June 10, 2004, Attorney Pipes forwarded a letter to Plaintiffs' counsel advising her that since her copier machine was not working, HSBC will copy Request Nos. 1 through 7 and deliver it to Plaintiffs' counsel's office "no later than noon on June 14, 2004." In addition, the June 10, 2004, letter provided that "HSBC personnel will continue locating and completing documents specified by the Order which relate to Request Nos. 9 through 12 and will be able to continue producing those documents on Monday as well." As a result of the volume of documents, some of the Requests Nos. 9 through 12 were delivered on the day of the deposition of Mr. Granillo. Plaintiffs' counsel never had any objection to the June 10, 2004, letter. More importantly, Plaintiffs could have very well rescheduled Mr. Granillo's deposition and cannot now be heard that they did not have sufficient time to review the produced documents. Moreover, these documents are not relevant to a proper conduct of a deposition since the underlying purpose of a deposition is to find out what a witness saw, heard, did or what a witness thinks. See, Hall v. Clifton Precision, 150 F.R.D. 525, 528 (E.D. Pa. 1993).

-9-

Case 1:03-cv-00036   Document 268   Filed 08/31/2004   Page 9 of 11

Moreover, the authorities cited by Plaintiffs do not support their position. Plaintiffs' claim that HSBC failed to provide documents in a timely manner is not justified under the circumstances and is just another tactic by Plaintiffs to avoid the limits placed by FRCP Rule 30(d)(2) which limits depositions to "one day of seven hours." The Court may consider extending an extension of time to continue the deposition where for example, ". . . the examination reveals that the documents have been requested but not produced ...." Sec. Comments to FRCP Rule 30(d). In the instant case, Plaintiffs' counsel was very well aware prior to June 15, 2004, not all the documents had been produced. Thus, she should be barred from now seeking additional time for the deposition of Mr. Granillo.

Should a Court be inclined to grant Plaintiffs an extension for the deposition of Mr. Granillo, the Court's Order should limit Plaintiffs' deposition to documents not previously examined and HSBC should have a right to seek relief under FRCP Rule 26 should Plaintiffs' counsel deviate from the Court's Order.

DATED this 24th day of August, 2004.

**ARRIOLA, COWAN & ARRIOLA**

_____
**ANITA P. ARRIOLA**
Counsel for Plaintiffs Alan Sadhwani,
et al.

**BRONZE & TANG, P.C.**

_____
**JACQUES BRONZE**
Counsel for Defendant HSBC

# CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on August 31, 2004, I caused to be served via hand delivery, a **STIPULATION REGARDING PLAINTIFFS' MOTION TO RE-DEPOSE FREDERICK GRANILLO (L.R. 37.1(b))** to:

>Jacques G. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 31st day of August, 2004.

_____
ANITA P. ARRIOLA