JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:   (671) 477-9734


FILED
DISTRICT COURT OF GUAM
AUG 3 1 2004
MARY L. M. MORAN
CLERK OF COURT
254

Attorneys for Plaintiffs Alan Sadhwani, et al.

# IN THE UNITED STATES
# DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC.,  a Guam corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | )<br>) |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

CIVIL CASE NO. 03-00036

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS;
TO RE-DEPOSE FREDERICK GRANILLO; FOR PRODUCTION OF DOCUMENTS;
AND FOR SANCTIONS  (L.R. 37.1(b))**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

ORIGINAL

# TABLE OF CONTENTS

Page

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The Granillo Deposition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Disclosure of Attorney-Client Communications. . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.    HSBC's Non-Compliance with the Court's May 27, 2004 Order. . . . . . . . . . . . 4

    D.    Untimely Production of Documents in Response to Plaintiffs' First Set of
        Requests for Production of Documents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    I.    GRANILLO'S NON-RESPONSIVE AND EVASIVE RESPONSES
        WARRANT AN ORDER COMPELLING FURTHER RESPONSES. . . . . . . 7

    II.    HSBC WAIVED ATTORNEY-CLIENT PRIVILEGE AND GRANILLO
        SHOULD BE ORDERED TO RESPOND TO QUESTIONS CONCERNING
        THE SUBJECT DOCUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        A.    HSBC Waived the Attorney-Client Privilege by Disclosing Attorney-
            Client Communications to Third Parties. . . . . . . . . . . . . . . . . . . . . . . . 10

        B.    The Privilege was Waived by HSBC's Carelessness. . . . . . . . . . . . . . . . 11

            1.    HSBC failed to take reasonable precautions to
                prevent disclosure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

            2.    HSBC Delayed in Correcting any Error. . . . . . . . . . . . . . . . . . . . 13

            3.    The Scope and Burden of Discovery. . . . . . . . . . . . . . . . . . . . . . 14

            4.    Extent of Disclosure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            5.    Fairness Dictates That the Privilege Should
                be Deemed Waived. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

        D.    HSBC WAIVED THE PRIVILEGE BY ALLOWING
              GRANILLO TO TESTIFY WITHOUT TIMELY OBJECTIONS. . . . . . 16

    III.    HSBC'S FAILURE  TO  PRODUCE DOCUMENTS IN A
            TIMELY MANNER  WARRANTS THE RE-DEPOSITION
            OF GRANILLO.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    IV.    HSBC SHOULD BE ORDERED TO PRODUCE ALL DOCUMENTS
           CONCERNING THE SAME SUBJECT MATTER.  . . . . . . . . . . . . . . . . . . . . 17

    V.     PLAINTIFFS SHOULD BE AWARDED ATTORNEYS FEES
           AND COSTS, AND HSBC SHOULD BE ORDERED TO PAY
           FOR THE COST OF GRANILLO'S SECOND DEPOSITION. . . . . . . . . . . . . . 8

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**TABLE OF AUTHORITIES**

                                                                                        **Page**
**CASES**

Alexander v. F.B.I., 186 F.R.D. 113, 122 (D.D.C. 1998) ............................ 8, 17

Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 478-479
(S.D.N.Y. 1993) ...................................................... 10

Box v. Ferellgas, Inc., 942 F.2d 942 (5th Cir. 1991) ........................... 17

Bud Antle, Inc. v. Grow-Tech Inc., 131 F.R.D. 179, 183 (N.D. Cal. 1990) ............. 13-16

Caplan v. Fellheimer Eichen Braverman & Kaskey, 161 F.R.D. 29, 31-32 (E.D. Pa. 1995) .... 7

Christy v. Pennsylvania Turnpike Comm'n, 160 F.R.D. 51 (E.D. Pa. 1995) ............... 7

Collins v. International Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999) ............... 7

Deines v. Vermeer Mfg., 133 F.R.D. 47, 49 (D. Kan. 1990) ........................... 7

Doanbuy Lease and Co., Inc. v. Melcher, 488 P.2d 339 (N.M. 1971) ..................... 8

Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923
(Fed. Cir. 1996) ...................................................... 14

Eaves v. K-Mart Corp., 193 F. Supp.2d 887 (D. Miss. 2001) ........................ 7, 8

Edwards v. Whitaker, 868 F. Supp. 226, 229 (M.D. Tenn. 1994) ..................... 13, 14

FDIC v. Marine Midland Realty Credit Corp., 138 F.R.D. 479, 483 (E.D. Va. 1991) ..... 12, 15

Feldman v. Allstate Ins. Co., 322 F.3d 660, 668 (9th Cir. 2003) ........................ 16

Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 132 F.R.D.
204, 209 n.9 (N.D.Ind. 1990) ............................................. 11, 13, 16

Hall v. Clifton Precision, a Div. of Litton Systems, Inc., 150 F.R.D. 525, 527 (D.Pa.1993) .. 8, 9

Hartford Fire Insurance Co. v. Garvey, 109 F.R.D. 323, 332 (N.D. Cal. 1985) ............. 11

Hawkins v. Stables, 148 F.3d 379, 384 (4th Cir. 1998) ................................ 16

In re Columbia/HCA Healthcare Corp. Billing Practices Litigation, 293 F.3d 289

(6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

In re Kidder Peabody Securities Litigation, 168 F.R.D. 459, 468 (S.D.N.Y. 1996) . . . . . . . . . . 10

Murray v. Gemplus Int., 217 F.R.D. 362 (D.Pa. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Permian Corp. v. United States, 665 F.2d 1214, 1220 (D.C.Cir. 1981) . . . . . . . . . . . . . . . . . . 13

Prudential Ins. Co. v. Turner & Newall, 137 F.R.D. 178 (D.Mass. 1991) . . . . . . . . . . . . . . . . 13

Stratagem Development Corp. v. Heron Intern. N.V., 153 F.R.D. 535, 543 (S.D.N.Y. 1994) . . 10

Transamerica Computer Co., Inc.v. IBM Corp., 573 F.2d 646, 652 (9th Cir. 1978) . . . . . . . . . . 14

United States v. Bump, 605 F.2d 548, 551 (10th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Cote, 456 F.2d 142, 144-45 (8th Cir. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

United States v. Dakota, 188 F.3d 663, 666 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

United States v. Keystone Sanitation Co., 885 F. Supp. 672, 676 (M.D. Pa. 1994) . . . . . . . . . . 15

United States v. Mendelsohn, 896 F.2d 1183, 1188-89 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . 18

United States v. Plache, 913 F.2d 1375, 1379 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Weil v. Investment Indicators, Research & Management, Inc., 647 F.2d 13, 24
        (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 16-18

## STATUTES

F.R.C.P. 45(c)(1)(B) and 45(c)(3)(A)(iii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 37(a)(2)(A), 37(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 37(a)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Federal Rule of Civil Procedure 30(a)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 26(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rule 26(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Rule 30(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## INTRODUCTION

Plaintiffs' Alan Sadhwani, Laju Sadhwani and K. Sadhwani's Inc. (collectively "Plaintiffs")

move for an Order compelling further responses to certain deposition questions posed to Frederick

Granillo ("Granillo"), Assistant Vice President of Credit Control at Hongkong and Shanghai

Banking Corporation Ltd. ("HSBC") and to re-depose him. Plaintiffs' motion is based on these

grounds: (1) Granillo was extremely evasive and non-responsive, answering "I don't recall" and "I

don't remember" a total of 337 times during the deposition; (2) HSBC asserted attorney-client

objections to several deposition questions and instructed Granillo not to answer, even though the

privilege had been waived; and (3) HSBC failed to produce documents in response to plaintiffs' first

and third set of requests for production of documents in a timely manner in order for plaintiffs to

question Granillo about such documents. For these reasons, the re-deposition of Granillo is

warranted. Plaintiffs' motion for further production of documents is based on HSBC's waiver of

attorney-client privilege, which constitutes a waiver of the privilege as to all other such

communications on the same subject. Plaintiffs also seek sanctions for the filing of this motion.

## FACTUAL BACKGROUND

### A.     The Granillo Deposition.

Plaintiffs noticed the deposition of Granillo for May 3, 2004. A. Arriola Decl. Exh. 1. [1]

Neither Granillo nor his attorney appeared at the deposition. Id. Plaintiffs filed a motion to compel

the depositions of Granillo and HSBC General Manager Chris Underwood ("Underwood") on June

16, 2004. Id. The Court granted plaintiffs' motion to compel and further granted plaintiffs' motion

---

[1] Due to the large number of exhibits designated as confidential by HSBC, the Declaration of Anita P. Arriola and exhibits attached thereto is filed under seal.

1

for sanctions. Id. At the hearing, the Court ordered that HSBC produce Underwood and Granillo, for their depositions within 10 and 12 days of the hearing. Id.

Plaintiffs noticed the deposition of Granillo for June15, 2004. A. Arriola Decl. Exh. 2. On June 15, 2004, plaintiffs took Granillo's deposition, which lasted 6 ½ hours. Id.[2] In response to questions posed by plaintiffs' counsel, Granillo answered, "I don't recall" 156 times, and "I don't remember" 181 times, for a total of 337 times during his deposition. Id. Plaintiffs' counsel attempted to question Granillo about four documents concerning communications between Granillo and HSBC's attorney Thomas Moody, and other HSBC representatives and Moody, attached as Exhibits 21, 22, 23 and 24 to the deposition, but HSBC's counsel Jacques Bronze ("Bronze") objected and instructed Granillo not to answer based on attorney-client privilege. Id., Exhibit 4. However, as to other questions involving the same exhibits, Bronze failed to assert any objections and Granillo answered the questions. Id., Exh. 4.

Plaintiffs' counsel recessed the deposition and continued it to a later time, stating that she would seek court approval to re-depose Granillo based on his evasive responses, the instruction not to answer questions based on attorney-client privilege, and that documents had not been produced by HSBC in a timely manner to allow plaintiffs to question Granillo about those documents. Id., Exh. 5.

**B.  Disclosure of Attorney-Client Communications.**

On or about August 11, 2003, the closing of the sale of the Sadhwani loan occurred and HSBC turned over all of its documents and files on the Sadhwani loan to the purchaser, Paradise

---

[2] The deposition of Frederick Granillo (Exhibit 36) is filed with the Court under seal, as it was designated confidential by HSBC.

2

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Marine Corporation ("PMC"). A. Arriola Decl. The Sadhwani loan files and documents were kept at the law office of McCully & Beggs, PMC's attorney. Id. They comprise 5,931 pages and fill three (3) bankers' boxes. Id.

On October 21, 2003, plaintiffs served a First Set of Request for Production of Documents on HSBC, requesting various documents from HSBC concerning the Sadhwani loan. A. Arriola Decl. Sometime in November 2003, Bronze and Underwood examined the Sadhwani loan files at the McCully office. Id., Exh. 6. Underwood scanned several documents from the files. Id. HSBC produced some documents to plaintiffs, but objected that it did not have in its possession any other documents. Id. Accordingly, on December 17, 2003, plaintiffs subpoenaed the Sadhwani loan files from the custodian of records of PMC. Id. Exh. 7. The subpoena was served on HSBC's counsel on December 31, 2003. Id. PMC's attorney Duncan McCully ("McCully") insisted that he would not produce the files until a confidentiality agreement or protective order was executed between HSBC and plaintiffs. Id., Exh. 8. Bronze was copied on the correspondence from McCully to plaintiffs' counsel regarding production of the Sadhwani loan files. Id.

On March 2, 2004, HSBC's counsel Richard Pipes ("Pipes") examined the Sadhwani loan files at the McCully office and removed thirty-two (32) documents, claimed to be privileged by HSBC. A. Arriola Decl., Exh. 10. Pipes informed McCully that he would serve a Supplemental Privilege Log on plaintiffs, identifying these documents as Nos. 56 to 88 in the log. Id., Exh. 10.

After the Stipulated Protective Order Governing Discovery was filed in this matter, plaintiffs' counsel examined the Sadhwani loan files at the McCully office on March 5, 2004. A. Arriola Decl. Plaintiffs' counsel saw various communications between HSBC employees and their attorney Thomas Moody ("Moody"), including the following: (1) a letter dated March 14, 2003 from

3

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Mr. Sadhwani to Granillo, with four handwritten notations from HSBC representatives; (2) a draft letter to Mr. Sadhwani with handwritten references to an email sent to " TM" and for Granillo to "please run this past TM"; (3) a letter from Granillo to Moody enclosing prior correspondence between HSBC and Mr. Sadhwani; and (4) a draft letter from Moody to HSBC with handwritten edits, addressed to Mr. SAdhwani. Id., Exhs. 11 - 14 (these communications were marked as Exhibits 21, 22, 23 and 24, respectively, to Granillo's deposition and are hereinafter referred to as "the Subject Documents"). Plaintiffs' counsel also examined numerous other documents comprising or referencing attorney-client communications. Id. Exhs. 15 - 27.

Plaintiffs' counsel and McCully agreed that PMC would make copies of all of the documents and that they would be delivered to her office. Id. Copies of all of the documents were produced to plaintiffs' and HSBC's attorneys on the same day, March 18, 2004. Id., Exh. 28.

## C.     HSBC's Non-Compliance with the Court's May 27, 2004 Order.

On May 27, 2004, the Court issued an Order granting plaintiffs' motion to compel production of documents pursuant to their third set of requests for production of documents. A. Arriola Decl. The May 27, 2004 Order required HSBC to produce the documents on June 4, 2004 at 9:00 a.m. and "continuing as long as is reasonably required." See Order of May 27, 2004. On June 4, 7, and 9, HSBC's attorneys Jacques Bronze and Richard Pipes appeared separately at plaintiffs' counsel's office to review HSBC's files and to turn over to plaintiffs' counsel certain documents that they designated were in compliance with the Court's Order of May 27, 2004. A. Arriola Decl.

Between June 4 and June 9, 2004, HSBC produced 1,045 pages of documents to plaintiffs. A. Arriola Decl. On June 14, 2004, the day before Granillo's deposition, HSBC produced 2,682 additional pages of documents to plaintiffs. Id. On the day of Granillo's deposition, HSBC

4

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

produced another 1,115 pages of documents at approximately 3:00 p.m. during Granillo's deposition. Id.

After reviewing all of the documents produced by HSBC, it became clear that HSBC's production of documents was not in compliance with the Court's Order of May 27, 2004. A. Arriola Decl. Although HSBC produced hundreds of pages of loan agreements, security agreements, guaranties, and other documents relating to HSBC's customers' loans, most of it was junk. A. Arriola Decl. HSBC did not produce documents evidencing "discounts", "friendly foreclosures", sales of the loans, or alternate financing obtained by the customers as required by the Order. Id. The parties' attorneys met pursuant to L.R. 37.1 to resolve their differences. Id. HSBC's counsel took the position that the Court's Order of May 27, 2004 limited the type of documents to be produced by HSBC. Id., Exhs. 29 and 30. Plaintiffs' counsel wrote to HSBC's counsel and disputed HSBC's interpretation. Id., Exh. 31. Eventually, HSBC's counsel conceded and produced an additional 214 pages of notes purchase agreements and loan purchase agreements on July 13, 2004. Id.

The deposition of Chris Underwood was held on July 30, 2004. A. Arriola Decl. In response to the questions posed by plaintiff's counsel, plaintiffs discovered that HSBC still had not produced all documents in compliance with the Court's Order of May 27, 2004. Id. By letter dated August 10, 2004, plaintiffs requested additional documents. Id. HSBC's counsel responded by letter dated August 13, 2004, produced an additional 25 pages of documents. Id. Plaintiffs did not have the opportunity to question Granillo about the documents produced on June 14 and 15, or the documents produced on July 13, 2004 and August 14, 2004.

/ / /

/ / /

5

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**D.** **Untimely Production of Documents in Response to Plaintiffs' First Set of Requests for Production of Documents.**

On July 16, 2004, HSBC produced documents in response to plaintiffs' first set of requests for production of documents, which were served on HSBC *eight months earlier*, on October 21, 2003. A. Arriola Decl. The documents contained communications between HSBC and other banks or entities concerning the sale of HSBC's loans, including the Sadhwani loan. Id. Included among these documents were communications between HSBC and First Hawaiian Bank concerning the sale of HSBC's loans. Id. HSBC produced these documents just two days prior to the scheduled deposition of John Lee, First Hawaiian Bank president, without any explanation as to why they were produced seven months after they were due. Id. Because of their untimely production, plaintiffs did not have the opportunity to question Granillo about these documents.

## ARGUMENT

Federal Rule of Civil Procedure 30(a)(2)(B) requires a party to obtain leave of court to take a deposition if the person to be examined has already been deposed in the case. Leave of court "shall be granted" to the extent it can be done consistent with Rule 26(b)(2). Rule 26(b)(2) requires the court to limit discovery if it is determined that (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

6

Plaintiffs did not terminate Granillo's deposition, but instead recessed and continued it. A. Arriola Decl. Rule 30(d)(3) permits a Court to terminate an ongoing deposition only upon a showing that "the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." In general, "a strong showing is required before a party will be denied the right to take a deposition." Deines v. Vermeer Mfg., 133 F.R.D. 47, 49 (D. Kan. 1990). Courts have generally granted motions to conduct supplemental depositions. Collins v. International Dairy Queen, 189 F.R.D. 496, 498 (M.D. Ga. 1999) (affirming discovery master's Order allowing party to take supplemental depositions of witnesses, where reexamination of witnesses was likely to provide additional information not obtainable in the first depositions, and plaintiffs did not show that second deposition would be unduly burdensome or expensive); Caplan v. Fellheimer Eichen Braverman & Kaskey, 161 F.R.D. 29, 31-32 (E.D. Pa. 1995) (plaintiff ordered to attend continuation of her deposition and lawyer free to revisit areas already examined so long as it does not become oppressive or harassing); Christy v. Pennsylvania Turnpike Comm'n, 160 F.R.D. 51 (E.D. Pa. 1995) (defendants' motion to re-depose plaintiff granted).

## I.  GRANILLO'S NON-RESPONSIVE AND EVASIVE RESPONSES WARRANT AN ORDER COMPELLING FURTHER RESPONSES.

Rule 37(a) provides that "[i]f a party fails to make a disclosure required by Rule 26(a)," or provides "an evasive or incomplete disclosure, answer or response," "any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A), 37(a)(3). An order granting leave to redepose is appropriate where a deponent is evasive or non-responsive, and the Court is permitted to order a deponent to respond or to give a less evasive or more complete response. Eaves v. K-Mart Corp., 193 F. Supp.2d 887 (D. Miss. 2001)(evasive and incomplete

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

7

responses warrant order compelling further response); Alexander v. F.B.I., 186 F.R.D. 113, 122 (D.D.C. 1998)(court may order re-deposition where deponent responds "could not recall" or "could not remember" to deposition inquiry); Hall v. Clifton Precision, a Div. of Litton Systems, Inc., 150 F.R.D. 525, 527 (D.Pa.1993)(court may order deponent to give a more complete response.); Doanbuy Lease and Co., Inc. v. Melcher, 488 P.2d 339 (N.M. 1971)(prior to dismissal for failure to adequately respond at deposition, court may order re-deposition).

Granillo failed to respond to questions concerning HSBC's policies and procedures governing confidentiality of its customers' financial information, answering that he did not recall or did not remember. A. Arriola Decl., Exh. 3. Granillo responded "I don't recall" and "I don't remember" a total of 337 times during his deposition. A. Arriola Decl. Where a deponent responds 337 different times that he does not recall or does not remember, plaintiffs submit that the Court should presume that the deponent is insincere, lacks credibility, and is deliberately being evasive.

In Alexander, the district court recognized that a deponent's numerous "I do not recall" responses raise "great concerns as to the deponent's credibility." 186 F.R.D. at 121-22. The court granted leave to redepose where the deponent stated "I do not recall"numerous times and allowed examination on those matters in which the deponent claimed that he did not recall. Id.

In K-Mart, the district court granted a motion to compel when the plaintiff gave evasive and incomplete responses to deposition questions. The court directed the plaintiff to provide more complete responses regarding his former employment at his deposition. The plaintiff, however, continued to provide evasive and incomplete answers despite the magistrate judge's directive and the court dismissed the matter. 193 F. Supp.2d at 891.

Similarly, in Doanbuy, the defendant moved for dismissal pursuant to Rule 37(d) of the New

8

Mexico Rules of Civil Procedure based on the evasive responses of the plaintiff. The court granted

dismissal only after ordering the plaintiff to resubmit to another deposition. The court cited to the

trial court's comments of the deposition:

> "[I]t is also very apparent to me in this deposition that Mr. Rosenthal
> was not going to give any information of any kind to any of the
> purported facts of the lawsuit, and he would make answers, 'I don't
> know; if I ever knew, I have forgotten', repeatedly throughout this
> deposition  .  .  .  And, for him to sit there and say that he just
> doesn't know anything about anything; doesn't know who does know;
> but the defendant should know, I just can't feel that he truthfully and
> fully answered the proper questions."

488 P.2d at 341. The court in granting dismissal based on the deposition conduct recognized that

the courts "have neither the time nor the inclination to indulge such querulous and petulant antics

by civil litigants." Id.

As an Assistant Vice President for Credit Control at HSBC, it is unbelievable that Granillo

is ignorant as to the bank's policies and procedures for keeping the confidentiality of its customers'

account information. Granillo's lack of candor coupled with his near-total amnesia is the type of

evasive and incomplete disclosure where the rules allow re-deposition of the witness.

Plaintiffs request leave to redepose Granillo and an order directing Granillo to give a more

complete response to questions concerning HSBC's policies and procedures regarding confidentiality

of its customers account information and any follow-up questions. *See* Hall, 150 F.R.D. at 527.

## II.     HSBC WAIVED ATTORNEY-CLIENT PRIVILEGE AND GRANILLO SHOULD BE ORDERED TO RESPOND TO QUESTIONS CONCERNING THE SUBJECT DOCUMENTS.

Plaintiffs also move to compel answers to questions posed to Granillo regarding

communications between himself and HSBC's attorney Tom Moody, and between other HSBC

9

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

representatives and Moody. HSBC's counsel objected to these questions and instructed Granillo not to answer the questions. A. Arriola Decl. As established more fully below, HSBC waived any attorney-client privilege.

A.     **HSBC Waived the Attorney-Client Privilege by Disclosing Attorney-Client Communications to Third Parties.**

Exhibits 22, 23 and 24 to Granillo's deposition are attorney-client communications. Exhibits 22 and 23 were sent to Moody for his review and advice. A. Arriola Decl., Exh. 4. Exhibit 24 was sent by Moody to HSBC as a draft letter to Mr. Sadhwani. Id. The attorney-client privilege is strictly construed. Weil v. Investment Indicators, Research & Management, Inc., 647 F.2d 13, 24 (9th Cir. 1981). In the Ninth Circuit, the attorney-client privilege may be waived by voluntary disclosure. United States v. Plache, 913 F.2d 1375, 1379 (9th Cir. 1990); *see* In re Columbia/HCA Healthcare Corp. Billing Practices Litigation, 293 F.3d 289 (6th Cir. 2002) (attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties); United States v. Dakota, 188 F.3d 663, 666 (6th Cir. 1999) (same).

HSBC's voluntary disclosure of privileged documents to third parties (PMC and its attorneys McCully & Beggs) constitutes a waiver of the attorney-client privilege. U.S. v. Plache, 913 F.2d at 1381 (waiver of attorney-client privilege found where defendant voluntarily disclosed privileged attorney communication to grand jury); *see* In re Kidder Peabody Securities Litigation, 168 F.R.D. 459, 468 (S.D.N.Y. 1996) (where corporation voluntarily disclosed internal investigation report to SEC, in arbitration and in litigation, attorney-client privilege held waived); Stratagem Development Corp. v. Heron Intern. N.V., 153 F.R.D. 535, 543 (S.D.N.Y. 1994)(voluntary production of a privileged document to a third party removes all confidentiality from the document); Bowne of New

10

York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 478-479 (S.D.N.Y. 1993) (voluntary disclosure of privileged information to parties in separate action constituted waiver of attorney-client privilege). It is the burden of the party asserting that the privilege was not waived to prove that there was no waiver. Weil, 647 F.2d at 25. Here, HSBC cannot meet that burden, as it voluntarily disclosed privileged communications to third parties PMC and McCully & Beggs.

**B.     The Privilege was Waived by HSBC's Carelessness.**

In the parties' L.R. 37.1 Stipulation, HSBC contends that any disclosure of privileged material was "inadvertent." "Inadvertence" of disclosure does not as a matter of law prevent the occurrence of waiver, Weil, 647 F.2d at 24, and is only one factor to be considered. In Hartford Fire Insurance Co. v. Garvey, 109 F.R.D. 323, 332 (N.D. Cal. 1985), the court addressed the issue of inadvertent disclosures of privileged matter and applied a five-part test, under which consideration is given to all of the circumstances surrounding disclosure, including: (1) the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness.

**1.     HSBC failed to take reasonable precautions to prevent disclosure.**

As one court has noted, "[i]t seems somehow fictional to confirm the adequacy of the discovery precautions taken when obviously (as manifested by the disclosure) the precautions, almost by definition, were inadequate." Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc., 132 F.R.D. 204, 209 n.9 (N.D.Ind. 1990). Here, HSBC did not take reasonable or adequate precautions to prevent disclosure of the Subject Documents.    In November 2003  Bronze and Underwood reviewed all of the files at the law office of McCully & Beggs.  A. Arriola Decl. Underwood scanned numerous documents from those files in order to produce documents requested

ARRIOLA. COWAN & ARRIOLA. HAGATNA. GUAM 96910

11

by plaintiffs in this action. Id. Neither Bronze nor Underwood removed the Subject Documents from the files. Id.

On March 2, 2004, Pipes reviewed the same files and documents prior to PMC's production to plaintiffs. A. Arriola Decl. Pipes removed certain privileged documents from the files, but failed to remove the Subject Documents from the files. Id. (in addition, Bronze, Underwood and Pipes failed to remove several other attorney-client communications from the files, in addition to the Subject Documents. A. Arriola Decl., Exh. 11 - 28.) See FDIC v. Marine Midland Realty Credit Corp., 138 F.R.D. 479, 483 (E.D. Va. 1991) (holding that party's counsel was less than diligent in reviewing documents to ensure that privileged matters were not disclosed).

HSBC was aware of the subpoena issued by plaintiffs to PMC's custodian of records. A. Arriola Decl. HSBC did not object to plaintiffs' subpoena to PMC's custodian of records. Id. HSBC did not object to the inspection by plaintiffs of the files and documents. Id. HSBC did not request additional time to review the documents before PMC produced them so that it could remove all privileged documents or prepare a privilege log. Id. And finally, HSBC did not object to production of the Sadhwani loan documents by PMC. See F.R.C.P. 45(c)(1)(B) and 45(c)(3)(A)(iii) (allowing for objections to subpoena or motion to quash or modify subpoena if subpoena requires disclosure of privileged matter); United States v. Dakota, 188 F.3d at 666 (Indian tribal organization impliedly consented to inspection of documents when it did not object to subpoena or inspection of documents by investigators).

Between December 2003 and March 2004, there was adequate time and opportunity for HSBC to review the documents, remove them from the files, and assert a claim of privilege. Under these circumstances, HSBC failed to take adequate precautions to prevent disclosure of the Subject

12

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Documents. *See* Edwards v. Whitaker, 868 F. Supp. 226, 229 (M.D. Tenn. 1994) (inadequate precautions found when seven letters inadvertently disclosed as part of 2,000 documents produced over course of seven months).

### 2. HSBC Delayed in Correcting any Error.

PMC produced the documents to *both* plaintiffs' and HSBC's attorneys on March 18, 2004. A. Arriola Decl. Yet even after such production, HSBC failed to detect disclosure of the Subject Documents, failed to assert any privilege as to the Subject Documents and failed to demand return of the documents. HSBC did not assert the privilege until *four months later*, on July 15, 2004, at Granillo's deposition. A. Arriola Decl. *See* Murray v. Gemplus Int., 217 F.R.D. 362 (D.Pa. 2003) (finding no "inadvertent" disclosures where defendant took no action to recover its documents until eleven weeks after it was informed of disclosures); Bud Antle, Inc. v. Grow-Tech Inc., 131 F.R.D. 179, 183 (N.D. Cal. 1990) (holding that time taken for plaintiffs to rectify their error was "critical element" in case, and that plaintiffs did not act to recover letter until six weeks after production).

Even after disclosure of the Subject Documents, HSBC did not demand their return nor did HSBC move for a protective order demanding their return or preventing their disclosure. A. Arriola Decl. And as of this date, HSBC still has not demanded return of the Subject Documents. Id. *See* Permian Corp. v. United States, 665 F.2d 1214, 1220 (D.C.Cir. 1981) (privilege waived when party took no steps to control damage after documents were disclosed); Prudential Ins. Co. v. Turner & Newall, 137 F.R.D. 178 (D.Mass. 1991) (holding that waiver had occurred where disclosing party made no effort to retract the disclosed documents); Golden Valley, 132 F.R.D. at 209 (waiver occurred when no effort was made to correct error).

HSBC served on plaintiffs with four privilege logs since the inception of the case. A. Arriola

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

13

Decl. Exh. 33. HSBC did not identify the Subject Documents in any of the privilege logs provided to plaintiffs.[3] Dorf & Stanton Communications, Inc. v. Molson Breweries, 100 F.3d 919, 923 (Fed. Cir. 1996) (failing "to provide a complete privilege log demonstrating sufficient grounds for taking the privilege" waives the privilege). As of this date, HSBC has not identified the Subject Documents as privileged in any its privilege logs. A. Arriola Decl.

### 3. The Scope and Burden of Discovery.

The scope of discovery in this case as it relates to the Subject Documents is narrow. PMC produced 5,931 pages of documents, contained in three bankers' boxes. This is not so voluminous that HSBC could not have discovered easily the Subject Documents after a careful review. *Compare* Bud Antle, 131 F.R.D. at 183 (waiver occurred although discovery encompassed 6,000 documents) *with* Transamerica Computer Co., Inc.v. IBM Corp., 573 F.2d 646, 652 (9th Cir. 1978) (inadvertent inclusion of privileged documents under an accelerated document inspection program of 17 million documents did not constitute waiver). Plaintiffs' counsel noticed the Subject Documents after only one hour of examining all of the documents. A. Arriola Decl. HSBC had three opportunities to review the documents (November 2003; March 2, 2004; and March 18, 2004 after the documents were produced) and failed to prevent disclosure of the Subject Documents. *See* Edwards v. Whitaker, 868 F.Supp. 226, (M.D. Tenn. 1994) (holding that waiver occurred, where burden of document production in case was "relatively slight," as defendants took approximately seven months to produce 2,000 documents).

---

[3] Rule 26(b)(5) requires that when claiming a privilege or trial preparation protection, a party must make the claim expressly, "and shall describe the nature of the documents, communications, or things nor produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

14

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

### 4.    Extent of Disclosure.

The Subject Documents address major issues in this case, namely who drafted the workout agreement and HSBC's intent in offering the "Payoff Plan" or workout agreement between the parties. A. Arriola Decl. The notes of then-HSBC General Manager Guy Priestley indicate that the draft letter from HSBC to Mr. Sadhwani was originally conceived to be merely a reply acknowledging receipt of Mr. Sadhwani's letter of March 14, 2003 and noting that it proposes "nothing concrete" quite different. Id. But the actual letter sent to Mr. Sadhwani was vastly different. Id. (*compare* Exhibits 12 and 13 *with* Exhibit 37). Because the Subject Documents plainly address key issues in the case, they were disclosed and turned over to plaintiffs without objection by HSBC, the Court should find a waiver of any privilege. *See* United States v. Keystone Sanitation Co., 885 F. Supp. 672, 676 (M.D. Pa. 1994) (privilege waived when inadvertently disclosed documents squarely addressed a major issue in the action); F.D.I.C. v. Marine Midland, 138 F.R.D. at 483 (waiver found when disclosure was complete); Bud Antle, 131 F.R.D. at 183 (contents of document were fully disclosed and turned over before privilege was asserted).

### 5.    Fairness Dictates That the Privilege Should be Deemed Waived.

It is clear that a waiver of any attorney-client privilege has occurred. Plaintiffs' counsel and plaintiff Alan Sadhwani have reviewed the Subject Documents and "[c]onfidentiality simply has been lost." Plaintiffs' counsel reviewed the Subject Documents and devised a strategy for the case based upon the documents. The fact that the workout agreement was signed by Granillo but drafted by HSBC's attorney (instead of Granillo or some other HSBC employee), makes an enormous difference in the strategy of plaintiffs and their theories of prevailing at trial. The parties have taken the depositions of thirteen witnesses already and plaintffs' strategy and theories in the depositions

15

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

involved the content of the Subject Documents. It would be extremely unfair at this late date to hold

that the Subject Documents and any testimony about them are privileged. <u>Golden Valley</u> , 132

F.R.D. at 209 (fairness dictates waiver of privilege). Plaintiff and his counsel cannot forget what

they have already learned. <u>Bud Antle</u>, 131 F.R.D. at 183 (holding that fairness dictates waiver of

privilege where "bell has already been rung, and the court cannot now unring it by denying

defendants access to the Letter").

### D. HSBC WAIVED THE PRIVILEGE BY ALLOWING GRANILLO TO TESTIFY WITHOUT TIMELY OBJECTIONS.

At Granillo's deposition, plaintiffs' counsel asked several questions about the Subject

Documents and his communications with Moody. A. Arriola Decl., Exh. 4. HSBC's counsel failed

to assert any objections to this line of questioning and Granillo answered the questions, thus waiving

the privilege again. <u>Id.</u> A deponent waives any privilege by answering a question. <u>Feldman v.</u>

<u>Allstate Ins. Co.</u>, 322 F.3d 660, 668 (9th Cir. 2003)(no objection was made to questions within scope

of privilege). Moreover, the failure to object to the questioning and allowing the deponent to answer

the question waives any privilege. <u>Hawkins v. Stables</u>, 148 F.3d 379, 384 (4th Cir. 1998)(deponent

and attorney failed to assert privilege prior to denying communication with attorney).

In sum, HSBC waived the attorney-client privilege three times: first, by disclosure of the

Subject Documents to third parties; second, by failing to take reasonable precautions to prevent

disclosure; and third, by failing to object to questions regarding communications between HSBC

and Moody. For these reasons, the Court should grant plaintiff's motion to re-depose Granillo on

the questions where he was instructed not to answer, including any follow-up questions, and on all

communications on the same subject matter. <u>Weil</u>, 647 F.2d at 24.

16

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## III. HSBC'S FAILURE TO PRODUCE DOCUMENTS IN A TIMELY MANNER WARRANTS THE RE-DEPOSITION OF GRANILLO.

The Court, by Order dated May 27, 2004, required HSBC to produce documents on June 4, 2004, in response to plaintiffs' Third Set of Requests for Production of Documents. HSBC produced 2,682 pages of documents on July 14, and 1,115 pages of documents on July 15, the day prior to and the date of Granillo's deposition. A. Arriola Decl. HSBC produced 214 pages of documents on July 13, 2004, 25 pages on August 13, 2004 and 46 pages on August 17, 2004. Id.

HSBC did not produce communications regarding the sale of HSBC's loans, including the Sadhwani loan, until July 16, 2004, more than eight months after plaintiffs' first set of requests for production of documents were served on HSBC. A. Arriola Decl.

Plaintiffs should be granted leave to re-depose Granillo on the above-mentioned documents which were not produced in a timely manner. Box v. Ferellgas, Inc., 942 F.2d 942 (5th Cir. 1991); Alexander v. F.B.I., 186 F.R.D. 128 (D.D.C. 1998).

## IV. HSBC SHOULD BE ORDERED TO PRODUCE ALL DOCUMENTS CONCERNING THE SAME SUBJECT MATTER.

Voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject. Weil, 647 F.2d at 24; United States v. Cote, 456 F.2d 142, 144-45 (8th Cir. 1972); United States v. Bump, 605 F.2d 548, 551 (10th Cir. 1979); In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973), cert. denied, 414 U.S. 867 (1973). Because HSBC voluntarily disclosed the Subject Documents to PMC and McCully & Beggs, plaintiffs request that the Court require HSBC to disclose all communications on the same topics as those addressed in the Subject Documents, including but not limited to the e-mail and other communication referenced in Exhibit 22 of the Granillo Deposition.

17

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

In Weil, the Ninth Circuit held that the disclosure of privileged communications during discovery waives the holder's right to claim the privilege as to communications about the matter actually disclosed. The court held that it was irrelevant that the holder did not subjectively intend to waive the privilege when it made the disclosure. 77 F.2d. at 25. Similarly, in United States v. Mendelsohn, 896 F.2d 1183, 1188-89 (9th Cir.1990), the court held that a client's disclosure of the purported legal advice received from his lawyer waived his right to claim the privilege to prevent his lawyer from testifying as to the actual advice given. Again, the court held that the intent or lack of intent to waive the attorney-client privilege was not dispositive in finding a waiver had occurred. Id.

## V. PLAINTIFFS SHOULD BE AWARDED ATTORNEYS FEES AND COSTS, AND HSBC SHOULD BE ORDERED TO PAY FOR THE COST OF GRANILLO'S SECOND DEPOSITION.

"If the motion [to compel] is granted ... the court shall ... require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees...." Fed. R. Civ. P. 37(a)(4)(A). Plaintiffs request that the Court award reasonable attorney fees and costs for the filing and hearing of this motion. Plaintiffs also request that the Court order HSBC to pay for the costs of re-deposing Granillo.

## CONCLUSION

Based on the foregoing, plaintiffs respectfully request an order granting leave to re-depose Frederick Granillo and: (1) directing Granillo to respond to questions concerning the policies and procedures for protecting confidential information of HSBC customers; (2) directing Granillo to respond to questions concerning communications between himself and attorney Tom Moody,

18

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

including as they relate to the Subject Documents; and (3) allowing plaintiffs to re-depose Granillo on documents belatedly produced by HSBC. Plaintiffs also respectfully request an order requiring HSBC to produce all documents concerning the same subject matter of the Subject Documents and for sanctions against HSBC.

RESPECTFULLY SUBMITTED on this 31st day of August, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs

By: _Anita P. Arriola_
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

19

**CERTIFICATE OF SERVICE**

I, ANITA P. ARRIOLA, hereby certify that on August 31, 2004, I caused to be served via

hand delivery, **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN**

**SUPPORT OF MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS; TO**

**RE-DEPOSE FREDERICK GRANILLO; FOR PRODUCTION OF DOCUMENTS; AND**

**FOR SANCTIONS (L.R. 37.1(b))** to:

> **Jacques G. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 31st day of August, 2004.

_____
**ANITA P. ARRIOLA**

20