JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:    (671) 477-9730
Fax:    (671) 477-9734



FILED
DISTRICT COURT OF GUAM

SEP - 8 2004

MARY L. M. MORAN
CLERK OF COURT

259

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, | ) ) | DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF |
| vs. | ) ) | PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | COMPEL ANSWERS TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |
| Defendants. | ) ) ) | |

ANITA P. ARRIOLA declares:

1.      I am an attorney for plaintiffs Alan Sadhwani, et al. in the above-captioned matter. I make this Declaration in support of Plaintiffs' Opposition to Defendant's Motion to Compel Answers to Second Set of Requests for Production of Documents. I have personal knowledge of the facts contained herein.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Defendant's Second Set of Requests for Production of Documents, which were served on June 9, 2004. The Second Requests for Production of Documents defined "pertaining to" as "consisting of, relating to, or referring to,

ORIGINAL

reflecting or having any logical or factual connections with, the subject matter dealt with or alluded to in a particular request." Requests No. 13 through 20 request for "all documents, records, or papers" in "response to Interrogatory No. 10 dated April 30, 2004."

3.     On July 9, 2004, I caused to be served on counsel for HSBC plaintiffs' Responses and Objections to the Second Requests for Production of Documents; a true and correct copy is attached hereto as Exhibit 2. Each of plaintiffs responses and objections to HSBC's Second Requests are identical. Plaintiffs, amongst other objections, in good faith objected to Second Requests for Production of Documents and its definition of "pertaining to" on the basis that the definition was vague, ambiguous, overbroad and unintelligible. Without waiving any objections, plaintiffs identified documents which were previously produced in response to a subpoena duces tecum by Paradise Marine Corporation ("PMC"). PMC, the purchaser of plaintiffs' Loan had received the plaintiffs' Loan files from HSBC.

4.     On July 12, 2004, my office received a letter from Richard Pipes via facsimile at 12:10 p.m.. Mr. Pipes demanded a meet and confer session with less than one business day's notice and demanded that I provide a response within 4 hours. A true and correct copy of the July 12, 2004 facsimile letter is attached hereto as Exhibit 3.

5.     On July 12, 2004, at approximately 4:30 p.m., I sent a letter via facsimile to Mr. Pipes advising him that neither I nor my co-counsel Joaquin C. Arriola were available to meet on his proposed date. I immediately offered to meet on my first available date, which was Friday, July 16, 2004. A true and correct copy of my letter dated July 12, 2004 is attached hereto as Exhibit 4.

6.     On July 13, 2004, I received a facsimile letter faxed to my office after business hours from Mr. Pipes refusing any common courtesy in scheduling a meet and confer session and again

-2-

demanding a response by 10:00 a.m. the next business day. Mr. Pipes demanded that I either meet and confer on July 14, 2004 or he would file a motion to compel. A true and correct copy of the letter is attached hereto as Exhibit 5.

7.    On July 13, 2004, I sent a letter to Jacques Bronze advising him that I would provide documents responsive to the Second Requests by July 16, 2004. A true and correct letter is attached hereto as Exhibit 6.

8.    On July 16, 2004, I caused to be served on counsel for HSBC plaintiffs' First Amended Supplemental Responses and Objections to the Second Set of Requests for Production of Documents; a true and correct is attached as Exhibit 7. Plaintiffs, among other objections, in good faith objected to the Second Requests and its definition of "pertaining to" on the basis that the definition was vague, ambiguous, overbroad and unintelligible. Without waiving any objections, plaintiffs identified documents which were previously produced by PMC.

9.    On July 28, 2004, I received a filed copy of the defendant's motion to compel answers to Second Set of Requests for Production of Documents. Prior to filing the motion to compel, HSBC did not allow reasonable time to provide a response to its contentions and authorities.

10.    As my co-counsel, Joaquin C. Arriola, had previously advised Mr. Pipes, pursuant to Local Rule 37.1(b), I provided plaintiffs' contentions, as required for the Stipulation, on July 30, 2004. A true and correct copy of the letter and its facsimile confirmation are attached as Exhibit 8. Mr. Pipes has not requested that I execute any Stipulation pursuant to L.R. 37.1(b) following my July 30, 2004 letter. HSBC has not shown any good cause for failing to file a stipulation on the discovery issues signed by both parties.

-3-

11.    HSBC is not being entirely candid in claiming that these documents were produced by a third party. The documents referenced as Bates-stamped nos. PMC00001-PMC05931 were produced by PMC in response to a subpoena duces tecum. PMC00001-PMC05931 are all of plaintiffs' loan files and documents from HSBC. HSBC turned over these documents to PMC when PMC purchased plaintiffs' loan from HSBC. HSBC is therefore well aware of all of the contents of all of these loan files, as it maintained and kept these files for years while plaintiffs were customers of HSBC.

12.    The over-breadth and vagueness of HSBC's document requests place plaintiffs in a quandary. If they do not identify their loan files as documents which "consist of, relate to, refer to, reflect or have any logical or factual connections with, the subject matter dealt with or alluded to in a particular request", HSBC will argue that plaintiffs are precluded from admitting such documents at trial because they were not identified in response to the document requests. If plaintiffs identify all of their loan files, HSBC argues that plaintiffs are not specific enough. Out of an abundance of caution and because the requests were so vague, plaintiffs identified all of their loan files, since under the definition of "pertaining to", the documents certainly have "logical or factual connections with the subject matter dealt with or alluded to" in the particular requests. Plaintiffs should not be faulted for identifying all of their loan file documents pursuant to vague requests propounded by HSBC.

I declare under penalty of perjury under the laws of Guam and the United States that the foregoing is true and correct.

Dated this 8th day of September, 2004.

_Anita P. Arriola_
**ANITA P. ARRIOLA**

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 8, 2004, I caused to be served via hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS; DECLARATION OF JOAQUIN C. ARRIOLA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ANSWERS TO SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** to:

> **Jacques G. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 8th day of September, 2004.

_____
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

*Law Offices*
ARRIOLA, COWAN, ARRIOLA
JUN 0 9 2004
RECEIVED
BY: _Cay_ TIME: _1:50_

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

ALAN SADHWANI, LAJU )
SADHWANI, and K. SADHWANI'S )
INC., a Guam corporation, )
                               )
                 Plaintiffs, )
                               )
             v. )
                               )
HONGKONG AND SHANGHAI )
BANKING CORPORATION, LTD., )
et al., )
               Defendants. )
————————————————— )

CIVIL CASE NO. 03-00036

**DEFENDANT HSBC'S
SECOND REQUEST FOR
PRODUCTION OF
DOCUMENTS TO PLAINTIFF
K. SADHWANI'S INC.**

**TO:   PLAINTIFF K SADHWANI'S INC., and its attorneys of record,
      Arriola Cowan & Arriola**

     **YOU ARE HEREBY REQUESTED** pursuant to Rule 34 of the Federal Rules

of Civil Procedure to make available to Defendant The Hongkong and Shanghai Banking

Corporation Ltd. ("HSBC") within thirty (30) days after service is made upon you, at the

Law Offices of Bronze & Tang, P.C., BankPacific Building, Second Floor, 825 South

Marine Drive, Tamuning, Guam 96913, the following documents:

## DEFINITIONS

    1.     "Documents" means the original and any non-identical copy of all



Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 2 of 8 pages

"writings," "recordings," and "photographs" including, but not limited to, letters,

telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars,

diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs,

indexes, charts, tabulations, statistical accumulations, ledgers, financial statements,

accounting entries, press releases, contracts, affidavits, transcripts, legal documents,

records of meetings and conferences, records of conversations, and telephone calls, still

photographs, video tapes, motion pictures, tape recordings, microfilms, punch cards,

programs, printouts, lie detector examination records, recordings made through data

processing techniques, and the written information necessary to understand and use such

films and records.

  2.  A document "relating to" or that "relates to" any given subject means any

document that in whole or in any part constitutes, contains, embodies, reflects, identifies,

states, refers to, deals with, or is in any way pertinent to that subject, including without

limitation, a document concerning the preparation of other documents.

  3.  The words "you", or "your," and "yours" refer to Plaintiffs Alan

Sadhwani, Laju Sadhwani, K. Sadhwani's Inc. and their predecessors, successors, assigns,

agents, attorneys, directors, officers, employees, representatives, and any subsidiary or

affiliated entities, and each of them.

  4.  The words "pertaining to" as used in these Requests means consisting of,

relating to, or referring to, reflecting or having any logical or factual connections with,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 3 of 8 pages

the subject matter dealt with or alluded to in a particular Request.

5.      The word "Complaint" as used in these Requests refers to the Complaint for Damages filed by you in the Superior Court of Guam on October 21, 2003.

## INSTRUCTIONS

1.      Under Rule 34 of the Federal Rules of Civil Procedure you are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this Request. Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, you are required to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.

2.      For each document responsive to this Request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

(a)      The number and subject of each paragraph of this Request that seeks its production;

(b)      The name and title of the author(s);

(c)      The name and title of each person to whom the document was addressed;

(d)      The name and title of each person to whom a copy of the document was sent;

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 4 of 8 pages

(e)     The date of the document;

(f)     The number of pages;

(g)     A brief description of the nature and subject matter of the document;

(h)     The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

(i)     The exact location of the original and each copy as of the date of receipt of this Request; and

(j)     If the document is withheld on any ground other than privilege, each basis that you contend justifies its withholding.

For purposes of this instruction, persons shall be identified by giving their title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

3.     If you are aware of any document otherwise responsive to these Requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition or release of the document, all persons who

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 5 of 8 pages

have knowledge of the circumstances surrounding its disposition, and state what knowledge each such person has regarding the document.

4.     Reference to the singular includes the plural and reference to the plural includes the singular.

5.     This production request shall be deemed to be continuing under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

1.     All documents, records, or papers in your possession, custody, or control pertaining or relating to Haresh Mukhi.

2.     All documents, records, or papers in your possession, custody, or control pertaining or relating to Vashi Jadwani.

3.     All documents, records, or papers in your possession, custody, or control pertaining or relating to Don Hemlani.

4.     All documents, records, or papers in your possession, custody, or control pertaining or relating to your attempts to obtain a loan or financing from Haresh Mukhi.

5.     All documents, records, or papers in your possession, custody, or control pertaining or relating to your attempts to obtain a loan or financing from Vashi Jadwani.

6.     All documents, records, or papers in your possession, custody, or control pertaining or relating to your attempts to obtain a loan or financing from or through Don Hemlani.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 6 of 8 pages

7.      All documents, records, or papers in your possession, custody, or control pertaining or relating to Hee K. Cho.

8.      All documents, records, or papers in your possession, custody, or control pertaining or relating to Ralph McClain.

9.      All documents, records, or papers in your possession, custody, or control pertaining or relating to Christina Carpio.

10.     All documents, records, or papers in your possession, custody, or control pertaining or relating to Barbara Gayle.

11.     All documents, records, or papers in your possession, custody, or control pertaining or relating to Florence Celeste.

12.     All documents, records, or papers in your possession, custody, or control pertaining or relating to Lee H. Vensel.

13.     All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, on damages claimed.

14.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the purchase of the real properties identified in your response to Interrogatory No. 10 dated April 30, 2004, including, without limitation, documents relating to the purchase, conveyance, lease, financing, construction, and improvements made by you to such properties.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 7 of 8 pages

15. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that HSBC cancelled your Letter of Credit and Trust Receipt facilities.

16. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi, required Letters of Credit.

17. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that you were unable to secure alternate financing from any other banking institution because all of your assets were mortgaged to HSBC.

18. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, you were unable to purchase consumer items to replenish your inventory from vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi.

19. All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that your inability to replenish inventory resulted in your loss of profits to the present date including, but not limited to, your profit and loss statements, financial statements,

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Defendant HSBC's Second Request for Production of Documents to Plaintiff K. Sadhwani's Inc.**
**Page 8 of 8 pages**

balance sheets, and income tax returns from 1994 to the present.

     20.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that you have lost profits including, but not limited to, calculations of the amounts of profits lost to the present date.

     21.    All documents, records, or papers in your possession, custody, or control pertaining or relating to Mark Gruber.

     22.    All documents, records, or papers in your possession, custody, or control pertaining or relating to the statement in your letter dated April 4, 2003, to Mr. Granillo at HSBC that you are trying to get financing to pay your outstanding loan with HSBC and that you had not received "confirmation of my loan as of today", attached as Exhibit "J" to your Second Amended Complaint. .

Dated this _____ 9th _____ day of June, 2004.

                               LAW OFFICES OF BRONZE & TANG, P.C.
                               Attorneys for HSBC

By: _____
         JACQUES G. BRONZE

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFF LAJU SADHWANI'S INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Laju Sadhwani

(hereafter "plaintiff"), hereby responds to the Second Request for Production of

Documents, served by defendant Hongkong & Shanghai Banking Corporation, Ltd.

(hereafter "HSBC"),as follows:

## GENERAL OBJECTIONS

Plaintiff generally objects to the Requests for Production of Documents on each and

every one of the following grounds, which General Objections are incorporated into and

EXHIBIT
2

made a part of plaintiff's response to each and every individual request contained therein.

1.     Plaintiff objects that the Requests are overly broad, unduly burdensome, oppressive, and harassing.

2.     Plaintiff objects to each and every request to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court. In particular, Plaintiff objects to the requests to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 34 thereof. Plaintiff will comply with the requirements of these Rules in responding to this set of requests for production of documents.

3.     Plaintiff objects to these requests to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.     Plaintiff objects to these requests for production requests to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.     Plaintiff objects to each and every definition, instruction, and request for production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

6.    The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered documents or other documents which it may later recall or identify, or which may later be discovered to be responsive to these requests. The responses contained herein are made in a good faith effort to provide those documents which are presently known, available and/or identified, but should in no way be to the prejudice of Plaintiff with respect to further discovery, research or analysis. In addition, HSBC has not fully complied with its discovery obligations pursuant to Federal Rules of Civil Procedure 33 and 34. Plaintiff may therefore have been unable to obtain responsive information from HSBC and third parties.

7.    Plaintiff objects to these requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. No such privileged information or such documents will be produced. Any inadvertent production of privileged information or documents is not to be deemed a waiver of any applicable privilege or protection, and Plaintiff reserves the right to object to the introduction or other use of any privileged information or documents that have been produced inadvertently.

8.    Plaintiff objects to the definitions of "you" and "your", and "yours"which include "any subsidiary or affiliated entities, and each of them." Such definition is vague, ambiguous, overbroad and unintelligible.

9.    Plaintiff objects to the definition of "pertaining to", as the definition is vague,

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-3-

ambiguous, overbroad and unintelligible.

The foregoing General Objections apply to each and every respective request for production of documents and Plaintiff's additional objections and responses to specific requests are set forth below.

**RESPONSES TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST NO. 1:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-4-

is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible.

-5-

Without waiving said objections, plaintiff responds as follows:   None.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.  Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege.  Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence.  Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.  Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege.  Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence.  Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows:   None.

**RESPONSE TO REQUEST NO. 7:**

-6-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff previously provided documents Bates-stamped nos. 000441-000452; *see* deposition of Chris Felix and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See*

-7-

documents produced by Paradise Marine Corporation ("PMC") in this litigation, Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to

-8-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: To the best of plaintiff's knowledge and belief, there are none.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* documents Bates-stamped nos. PMC00001 - PMC05931; and deposition of Stephen Grantham and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff incorporates by reference its General Objections as though fully set forth

herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: To the best of plaintiff's knowledge and belief, plaintiff's financial statements and/or balance sheets may have been drafted in part by Lee Vensel; these documents are included in documents produced by PMC as Bates-stamped nos. PMC00001 - PMC05931.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: *See* appraisals; financial

-10-

statements; balance sheets; REFs; valuations of plaintiffs' properties; statements of cash

flow; vacancies in properties; workout agreements; statements of rents rolls for Sadhwani

tenants; statements of working capital credit and operating losses, all contained in

documents produced by PMC as Bates-stamped nos. PMC00001 - PMC05931 PMC.

Plaintiffs will produce additional documents as soon as compiled.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff incorporates by reference its General Objections as though fully set forth

herein. Plaintiff also objects to this request to the extent it seeks information or documents

that are protected from discovery by the attorney-client privilege, the work product

doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to

this request in that it seeks materials irrelevant to the subject matter of this litigation and

is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on

the grounds that these documents are in the possession, custody or control of HSBC.

Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad

and unintelligible. Without waiving said objections, plaintiff responds as follows: *See*

answer to Request No. 13, above; *see also* depositions of Joseph Fang and Chris Felix and

exhibits attached thereto. Plaintiffs will produce additional documents as soon as

compiled.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff incorporates by reference its General Objections as though fully set forth

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-11-

herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff will produce the documents as soon as compiled.

-12-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

**RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad

-13-

and unintelligible. Without waiving said objections, plaintiff responds as follows:Plaintiff will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: The time period for these documents, 1994 to the present, is overbroad and burdensome. Plaintiffs will produce documents requested in HSBC's First Set of Requests for Production of Documents for the time period 1999 - 2004, will be produced as soon as compiled.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to

-14-

this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff will produce the documents as soon as compiled.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible. Without waiving said objections, plaintiff responds as follows: Plaintiff has already produced a letter written by Mark Gruber dated October 24, 2003 in response to HSBC's First Set of Requests for Production of Documents.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates by reference its General Objections as though fully set forth

-15-

herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects on the grounds that these documents are in the possession, custody or control of HSBC. Plaintiff objects to the definition of "pertaining to", as it is vague, ambiguous, overbroad and unintelligible and that the question is compound. Without waiving said objections, plaintiff responds as follows: Documents have previously been produced, as attached exhibits to plaintiff's Second Amended Complaint.

Dated: July 9, 2004.

ARRIOLA, COWAN & ARRIOLA

By: _Anita P. Arriola_

**ANITA P. ARRIOLA**

-16-

# CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on July 9, 2004, I caused to be served via

hand delivery, a **PLAINTIFF LAJU SADHWANI'S RESPONSES AND OBJECTIONS TO**

**DEFENDANT HSBC'S SECOND SET OF REQUESTS FOR PRODUCTION OF**

**DOCUMENTS** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 9th day of July, 2004.

**ANITA P. ARRIOLA**

-17-

Law Offices Of
Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 12, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

We are in receipt of your clients' responses and objections to HSBC's Second Set of Requests for Production of Documents. Among other things, your clients have failed to produce documents as required by Requests 13 through 20, even though they had more than sufficient time to do so. Pursuant to Local Rule 37.1, you are advised that will hold a conference on this dispute at our offices at either 11:00 a.m. or 4:00 p.m. on July 13, 2004. If we do not hear from you by 4:30 p.m. today, we will assume that 11:00 a.m. is acceptable. In the event that one of the attorneys from your office does not attend the meeting, we will file a declaration of non-cooperation with the court and proceed with a motion to compel.

Should you have any questions, please contact me.

Sincerely,

Richard A. Pipes

cc:    Chris Underwood

*RAP/ssb/HSBC/cor*

EXHIBIT
3

PENGAD 800-631-6989

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

July 12, 2004

**VIA FACSIMILE:** **(671) 647-7671**

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911

> **Re:** **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Richard:

This is in response to your letter of today. I am unavailable to meet with you at the dates and times requested. My partner Mr. Arriola will be in Saipan this week. I am available to meet with you on Friday, July 16, 2004 either before or after the deposition of John Lee.

Please let me know if you are available to meet on that date and whether you prefer to meet before or after Mr. Lee's deposition.

Very truly yours,

*Anita P. Arriola*

**ANITA P. ARRIOLA**

APA/ctt

FAXED

EXHIBIT
**4**

Law Offices Of
Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

July 12, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

I am in receipt of your letter of this date indicating that you will not attend a "meet and confer" session at my office tomorrow. You suggest we meet on Friday. Your response is unacceptable. As you well know, time is of the essence. As a last alternative, we can meet in my offices at 9:00 a.m. on July 14, 2004. If I have not heard from you by 10:00 a.m. tomorrow, I will assume that you refuse to meet at that time and we will proceed with a motion to compel.

Should you have any questions, please contact me.

Sincerely,



Richard A. Pipes

cc:    Chris Underwood

*RAP/nsh/HSBC/cor*

PENGAD 800-631-6989    EXHIBIT
5

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
   ~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

July 13, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

Re:   **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
      **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

      This is a follow up to my letter of yesterday concerning the Stipulated Protective Order Governing Discovery. The specific documents that I wish to use in the Superior Court case against Paradise Marine Corporation are Bate-stamped numbers 003159, 003652, 003882-003889, 003891-003892, 003556 and 003572. Many of these pages have another page on the reverse side that were not numbered. Accordingly, the foregoing numbers include the reverse side of the page which were not Bate-stamped numbered.

      With regard to plaintiffs' responses to HSBC's Second Set of Requests for Production of Documents, please be informed that we will provide the documents to you on Friday, July 16, 2004.

                                    Very truly yours,

                                    *Anita P. Arriola*

                                    **ANITA P. ARRIOLA**

APA/ctt

FAXED
7/13/04

EXHIBIT
6

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**JACQUELINE T. TERLAJE**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 03-00036<br><br>**FIRST AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES OF K. SADHWANI'S, INC., TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff, K. Sadhwani's Inc.

(hereafter "Plaintiff"), hereby serves this First Amended and Supplemental Objections to the First

Request for Production of Documents, served by defendant Hongkong & Shanghai Banking

Corporation, Ltd.(hereafter "HSBC"), as follows:

### GENERAL OBJECTIONS

Plaintiff generally objects to the Requests for Production of Documents on each and every

of the following grounds, which General Objections are incorporated into and made a part of

Plaintiff's response to each and every individual request contained therein.

EXHIBIT
7

1.    Plaintiff objects that the Requests are overly broad, unduly burdensome, oppressive, and harassing.

2.    Plaintiff objects to each and every request to the extent that it purports to impose any requirement or discovery obligation upon Plaintiff other than as set forth in the Federal Rules of Civil Procedure and any applicable local rule of this court. In particular, Plaintiff objects to the requests to the extent they seek to impose obligations in excess of or inconsistent with those imposed by the Federal Rules of Civil Procedure, particularly Rules 26 and 34 thereof. Plaintiff will comply with the requirements of these Rules in responding to this set of requests for production of documents.

3.    Plaintiff objects to these requests to the extent they seek information unknown to Plaintiff or documents not in Plaintiff's possession, custody or control. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known and identified by Plaintiff.

4.    Plaintiff objects to these requests for production requests to the extent they seek information or documents that are already known by or in the possession of HSBC or its counsel or information or documents that are equally available to HSBC.

5.    Plaintiff objects to each and every definition, instruction, and request for production to the extent that it seeks information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

6.    Plaintiff objects to these requests on the grounds that discovery in this action is at an early stage, and no depositions have been taken as of the date of these Responses. The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently

-2-

discovered documents or other documents which it may later recall or identify, or which may later be discovered to be responsive to these requests. The responses contained herein are made in a good faith effort to provide those documents which are presently known, available and/or identified, but should in no way be to the prejudice of Plaintiff with respect to further discovery, research or analysis. In addition, HSBC has not complied with its discovery obligations pursuant to Federal Rules of Civil Procedure 33 and 34. Plaintiff may therefore have been unable to obtain responsive information from HSBC and third parties.

7.     Plaintiff objects to these requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. No such privileged information or such documents will be produced. Any inadvertent production of privileged information or documents is not to be deemed a waiver of any applicable privilege or protection, and Plaintiff reserves the right to object to the introduction or other use of any privileged information or documents that have been produced inadvertently.

8.     Plaintiff objects to the definitions of "YOU" and "YOUR", which include any subsidiary or affiliated entities, and each of them. Such definition is vague, ambiguous, overbroad and unintelligible.

The foregoing General Objections apply to each and every respective request for production of documents and Plaintiff's additional objections and responses to specific requests are set forth below.

/ / /

/ /

## RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 1:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: None.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: *See* attached documents Bates-stamped nos. P000607-P000801. Plaintiff's tax return for 2003 has not been filed yet..

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Case 1:03-cv-00036     Document 274-2     Filed 09/08/2004     Page 8 of 39

irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: *See* attached documents Bates-stamped nos. P000802-P000846.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: *See* attached documents Bates-stamped nos. P000579-P000606. Financial statements for 2003 have not yet been prepared.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: *See* response to Request No. 4; *see also* documents produced by Paradise Marine Corporation ("PMC") Bates-stamped nos. 00001-PMC05931, which include plaintiffs' profit and loss statements, as well as information contained in such statements, in HSBC's REFs and other internal bank reports; and

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-5-

documents produced by plaintiffs and HSBC in their Initial Disclosures.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: *See* response to Request Nos. 4 and 5.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: See attached documents Bates-stamped nos. P000847-001756.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials

-6-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: See attached documents Bates-stamped nos. P000494-P000578; see also documents produced by PMC Bates-stamped nos. 00001-PMC05931, including but not limited to all mortgages, assignments of rental income, UCC financing statements, security agreements, business loan agreements, lease agreements, HSBC REFS and other internal bank reports; the depositions of Joseph Fang, Stephen Grantham, Edwin K.W. Ching, Frederick Granillo, Christopher Felix, and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Without waiving said objections, plaintiff responds as follows: See Response to Request No. 8.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

-7-

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: documents produced by PMC Bates-stamped nos. 00001-PMC05931; and documents produced by plaintiffs and HSBC in their Initial Disclosures.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See Response to Request No. 10.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See Response to Request No. 10.

**RESPONSE TO REQUEST NO. 13:**

-8-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; deposition of Frederick Granillo and exhibits attached thereto; Amendment to Credit Facility/Lease, attached to plaintiffs' Second Amended Complaint.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected

-9-

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; documents poduced by HSBC in response to plaintiffs' Third Set of Request for Production of Documents; see also depositions of Chris Felix, Stephen Grantham, Frederick Granillo, Edwin K.W. Ching, and Joseph Fang, and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

-10-

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also documents produced by HSBC in response to plaintiffs' Third Set of Requests for Production of Documents.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also documents produced by First Hawaiian Bank in response to HSBC's subpoena duces tecum to Custodian of Records; documents produced by plaintiffs and HSBC with their Initial Disclosures.

**RESPONSE TO REQUEST NO. 19:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

-11-

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also deposition of Frederick Granillo and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See Response to Request No. 18; see also deposition of Chris Felix and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

-12-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 20.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 21.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See Response to Request No. 18.

-13-

**RESPONSE TO REQUEST NO. 24:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

Plaintiff also objects to this request to the extent it seeks information or documents that are protected

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials

irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as

follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

Plaintiff also objects to this request to the extent it seeks information or documents that are protected

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials

irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as

follows: See documents produced by First Hawaiian Bank in response to HSBC's subpoena duces

tecum to Custodian of Records.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

Plaintiff also objects to this request to the extent it seeks information or documents that are protected

-14-

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: *See* documents produced by PMC Bates-stamped nos. 00001-PMC05931; *see also* depositions of Joseph Fang and Edwin K.W. Ching and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931.

**RESPONSE TO REQUEST NO. 28:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-15-

admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also deposition of Chris Felix and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 29:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931, particularly HSBC's REFs.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as

-16-

follows: See response to Request No. 28.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 25; see also plaintiffs' answers to HSBC's first set of interrogatories.

**RESPONSE TO REQUEST NO. 32:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See responses to Request Nos. 15 and 25.

**RESPONSE TO REQUEST NO. 33:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

-17-

Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; attached documents Bates-stamped Nos. P000471-P001756; all the pleadings and documents filed in *Alan Sadhwani, et al. v. Paradise Marine Corporation*, Civil Case No. CV0739-04 (Superior Court of Guam).

**RESPONSE TO REQUEST NO. 34:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931 and exhibits attached to plaintiffs' Second Amended Complaint.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

-18-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 34.

**RESPONSE TO REQUEST NO. 36:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See responses to Request Nos. 22, 23, 25, 30 and 31.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

-19-

admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; depositions of Joseph Fang and exhibits attached thereto; see also response to Request No. 33.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 37; depositions of Frederick Granillo and Edwin K.W. Ching and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as

follows: See response to Request No. 33.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; exhibits attached to plaintiffs' Second Amended Complaint.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also response to Request No. 7.

-21-

**RESPONSE TO REQUEST NO. 42:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also response to Request No. 33.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected

-22-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 20.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request Nos. 20, 22, 30, and 36.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

-23-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See responses to Request Nos. 23, 25 and 31.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; depositions of Joseph Fang and Frederick Granillo and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 48.

**RESPONSE TO REQUEST NO. 50:**

-24-

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

Plaintiff also objects to this request to the extent it seeks information or documents that are protected

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials

irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as

follows: See responses to Request Nos. 17 and 47.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

Plaintiff also objects to this request to the extent it seeks information or documents that are protected

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials

irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of

admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as

follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; depositions of

Joseph Fang, Edwin K.W. Ching and exhibits attached thereto; see also response to Request No. 33.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

Plaintiff also objects to this request to the extent it seeks information or documents that are protected

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See responses to Request Nos. 33, 37 and 39.

**RESPONSE TO REQUEST NO. 53:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also deposition of Stephen Grantham and Frederick Granillo and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 54:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

-26-

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 53.

**RESPONSE TO REQUEST NO. 55:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request Nos. 20, 21, 34 and 35.

**RESPONSE TO REQUEST NO. 56:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also depositions of Joseph Fang and Edwin K.W. Ching and exhibits attached thereto.

-27-

**RESPONSE TO REQUEST NO. 57:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 48.

**RESPONSE TO REQUEST NO. 58:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also response to Request No. 32.

**RESPONSE TO REQUEST NO. 59:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected

-28-

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 50.

**RESPONSE TO REQUEST NO. 60:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; documents produced by plaintiffs and HSBC in their Initial Disclosures; documents produced by HSBC in response to plaintiffs' Third Set of Production of Documents; see also depositions of Joseph Fang, Edwin K.W. Ching, Stephen Grantham, Frederick Granillo and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 61:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or

-29-

any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 33.

## RESPONSE TO REQUEST NO. 62:

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; documents produced by plaintiffs and HSBC with their Initial Disclosures; documents produced by HSBC in response to plaintiffs' Third Set of Requests for Production of Documents; see also depositions of Joseph Fang and Frederick Granillo and exhibits attached thereto.

## RESPONSE TO REQUEST NO. 63:

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials

-30-

irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See documents produced by PMC Bates-stamped nos. 00001-PMC05931; see also documents produced by HSBC in response to plaintiffs' Fourth Set of Requests for Production of Documents; deposition of Stephen Grantham and exhibits attached thereto.

## RESPONSE TO REQUEST NO. 63:

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 62.

## RESPONSE TO REQUEST NO. 64:

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the

-31-

custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 62.

**RESPONSE TO REQUEST NO. 65:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 62.

**RESPONSE TO REQUEST NO. 66:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See Response to Request No. 33.

**RESPONSE TO REQUEST NO. 67:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein.

-32-

Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 33; see also depositions of Frederick Granillo, Edwin K.W. Ching, Joseph Fang, Chris Felix, Stephen Grantham, and exhibits attached thereto.

**RESPONSE TO REQUEST NO. 68:**

Plaintiff incorporates by reference its General Objections as though fully set forth herein. Plaintiff also objects to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, or any other applicable privilege. Plaintiff further objects to this request in that it seeks materials irrelevant to the subject matter of this litigation and is not reasonably calculated to the discovery of admissible evidence. Plaintiff objects to this request on the grounds that such information is in the custody, control and possession of HSBC. Without waiving said objections, plaintiff responds as follows: See response to Request No. 67.

Dated this 16th day of July, 2004.

ARRIOLA, COWAN & ARRIOLA

By:_____
**ANITA P. ARRIOLA**

-33-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, Anita P. Arriola, hereby certify that on July 16, 2004, I caused to be served via hand delivery, **FIRST AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES OF K. SADHWANI'S, INC., TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** to:

> **Jacques G. Bronze**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 16th day of July, 2004.

_____
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-34-

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

~

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

July 30, 2004

**VIA FACSIMILE:** (671) 647-7671

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96911

> **Re:** **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Richard:

This is a follow up to the letter of Joaquin C. Arriola dated July 26, 2004. Please add the following points and contentions to the L.R. 37.1 Stipulation regarding HSBC's motion to compel further responses to its Second Set of Requests for Production of Documents:

P:   Plaintiffs object to each request as being vague, ambiguous, overbroad and unintelligible. Each Request seeks documents "pertaining to" certain subjects. However, HSBC's definition of "pertaining to" is: that it means "consisting of, relating to, or referring to, reflecting or having any logical or factual connections with, the subject matter dealt with or alluded to in a particular request". This definition is completely unintelligible. "Having any logical or factual connections" with the subject matter "dealt with or alluded to" are so overbroad as to render each request uncertain and unclear, requiring Plaintiffs to guess at their meaning.

Very truly yours,

*[signature]*

**ANITA P. ARRIOLA**

APA/cfs

EXHIBIT
8
PENGAD 800-631-6989

FAXED
7/30/04