JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734



FILED
DISTRICT COURT OF GUAM
SEP - 8 2004
MARY L. M. MORAN
CLERK OF COURT



Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF ALAN SADHWANI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO BIFURCATE TRIAL** |

ALAN SADHWANI declares:

1. I am one of the plaintiffs in the above-entitled action. My wife Laju Sadwani is also one of the plaintiffs, as is K. Sadhwani's Inc. I am the president of K. Sadhwani's Inc. I make this declaration in support of Plaintiffs' Opposition to Defendant HongKong and Shanghai Banking Corporation, Ltd.'s ("HSBC") motion to bifurcate trial. I have personal knowledge of the facts contained herein.

2. My wife and I and K. Sadhwani's Inc. banked almost exclusively with HSBC for over 25 years, since 1978. The only exception is that we had credit cards with Citibank, since HSBC

**ORIGINAL**

as a foreign corporation, could not issue such cards. All of our loans have been obtained from HSBC and all of our deposits have been with HSBC.

3. On December 31, 1997 I, on behalf of K. Sadhwani's Inc., executed a Business Loan Agreement ("BLA") for $9,775,000.00. On the same day, I executed a Promissory Note for $6,500,000.00 and an Assignment of Rental Income. (The BLA and Promissory Note are attached to the Third Amended Complaint as Exhibits B and C and are hereinafter referred to collectively as "the Loan Documents").

4. K. Sadhwani's Inc. owns in fee simple certain real properties that were mortgaged to HSBC to secure our Loan with the bank. These properties include the Tick Tock building in East Agana, the HSBC building in Tamuning, the Deloitte & Touche Building in Tamuning, and the Sateena Mall in Dededo. Many of these real properties are leased to commercial tenants, such as Deloitte & Touche, Kim Chee Store, Mic Mac Ready to Wear, OPS Bakers, Imagine This, Imagine That, Lin's Jewelry, and Water & Ice Express, and we derive substantial rental income from these tenants.

5. In early 2003 HSBC informed me that the bank was closing its Guam office. HSBC began exerting pressure on us to pay off or otherwise settle the Loan with the bank. After some meetings and discussions with HSBC representatives, HSBC offered us a "Payoff Plan" to allow us to settle our Loan with the bank: we could sell the mortgaged properties; we could execute deeds in lieu of foreclosure; or we could refinance the Loan. (Exh. J to Third Amended Complaint). I accepted HSBC's offer of a workout agreement and immediately retained Chris Felix at Century 21 to market our properties for sale. (Exh. K to Third Amended Complaint). I also began attempts to obtain alternate financing.

6. In May 2003, without any notice to us, HSBC began negotiations with Paradise Marine Corporation ("PMC") to sell our Loan. On June 26, 2003, again without any notice to us, HSBC executed a Loan Purchase Agreement with PMC to sell the Loan. HSBC contracted with PMC to sell the Loan for $2.75 million, less than half the value of the Loan, which at that time was $6,457,044.56. At no time prior to June 26, 2003 or at any time thereafter did HSBC offer to sell the Loan to us for that amount or for any other amount.

7. On August 11, 2003 I received a letter from Chris Underwood informing me that the Loan had been sold to PMC. (Exh. Q to Third Amended Complaint). As part of the sale of the Loan to PMC, HSBC endorsed over to PMC the Promissory Note and the BLA. HSBC also executed an Assignment of Mortgages, Assignment of Right to Receive Rental Income, and Assignment of Loan Instruments.

8. On October 21, 2003, my wife, K. Sadhwani's Inc. and I originally filed this action in Superior Court against HSBC for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract, breach of the workout agreement, and breach of the duty not to divulge confidential banking information. HSBC removed the case to the U.S. District Court of Guam.

9. As a gesture of good faith and because I was instructed by HSBC, I forwarded monthly payments under the Promissory Note to PMC beginning in August, 2003. However, the payments were made with an express reservation of our rights and remedies against PMC. I made monthly payments to PMC of $75,000 from August, 2003 to March, 2004, but I was only able to make these payments by delaying payment of other bills, particularly those from the vendors and suppliers of our retail stores. We then began experiencing problems making the monthly payments.

Our tenants were not paying on time or were not paying at all due to the economic slump, and we were having trouble making payments to our vendors and suppliers. I made a payment to PMC of $50,000 in April 2004 and made no payments in May and June.

10. Without any notice to us, on June 23, 2004 PMC sent letters to our tenants informing them that PMC was exercising its rights to collect the rent under an Assignment of Rental Income and Assignment of Rights to Receive Rental Income. PMC also filed a Notice of Exercise of Right to Collect Rent at the Department of Land Management.

11. On June 30, 2004 my wife, K Sadhwani's Inc. and I filed an action in the Superior Court of Guam against PMC for a temporary restraining order, preliminary and permanent injunctions, and for damages for intentional interference with business relations. We also filed a motion for temporary restraining order, which was granted on July 2, 2004, and continues in effect until a further court hearing on September 17, 2004.

12. We receive approximately $65,217.60 per month from our tenants. We use this income to maintain our properties, such as cleaning and painting of buildings. We also use the income to make lease payments and note payments for the company's business. By stipulation of the parties in the Superior Court action, the monthly rents are now deposited in the court pending a further determination by the Court. As a result, we are stretched thin financially in litigating both the Superior Court case and this case. We have had to borrow money from relatives and other individuals in order to pay our bills. We are also behind in payments with vendors and suppliers. We had used the rental income to purchase items and inventory for our business in order to sell these items. Previously, we had a $1.5 million line of credit from HSBC and there was sufficient cashflow to pay for sufficient inventory for our business, but the bank cancelled the line of credit.

-4-

In addition, we are unable to borrow any money from any bank because all of our properties were mortgaged to HSBC (and now purportedly mortgaged to PMC).

13. Bifurcating this case into two separate trials will cause us severe prejudice and hardship. We have spent a great deal of time, effort and expense in two court cases as a result of HSBC's wrongful acts. We are greatly concerned that having two separate trials in this case will result in more attorneys fees, costs and expenses in having to prepare for and conduct two different trials. In addition, bifurcating the case into two trials will result in further delay in the resolution of this case. We respectfully request that the Court deny HSBC's motion to bifurcate the trial.

I declare under penalty of perjury under the laws of Guam that the foregoing is true and correct.

Dated this 8th day of September, 2004.

_____
**ALAN SADHWANI**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 8, 2004, I caused to be served via hand delivery, **DECLARATION OF ALAN SADHWANI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO BIFURCATE TRIAL** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 8th day of September, 2004.

_____
**ANITA P. ARRIOLA**