JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HONG KONG SHANGHAI BANKING CORPORATION LTD.'S MOTION TO COMPEL ANSWERS TO SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS** |

## INTRODUCTION

Plaintiffs Alan Sadhwani, et al. file this opposition to defendant's motion to compel production of documents pursuant to their Second Requests for Production of Documents and for sanctions (hereinafter "Second Requests"). Defendant HongKong and Shanghai Banking Corporation, Ltd.'s ("HSBC") motion to compel discovery and sanctions should be denied on the grounds that HSBC's Second Requests are vague, ambiguous, and overbroad.

HSBC's motion should also be deemed for failure to comply with the Federal Rules of Civil Procedure and Local Rules of Court to meet and confer with opposing counsel in good faith. HSBC made no meaningful attempt to discuss the discovery disputes. HSBC merely demanded that

plaintiffs comply with the Second Requests, placed unreasonable deadlines on responses from plaintiffs, and threatened to and did file a motion to compel. Plaintiffs have repeatedly objected to the Second Requests because the definition of "pertaining to" is vague, ambiguous, overbroad and, fails to allow for designation of any particular document which plaintiffs could reasonably identify. HSBC made no attempt to resolve this objection.

Moreover, HSBC submission of the L.R. 37.1 "Stipulation" without allowing any input from plaintiffs demonstrates HSBC's lack of good faith and unreasonable demands which have led to court intervention.

HSBC's motion to compel and for sanctions should be denied. Plaintiffs request that they be awarded reasonable attorney's fees in opposing HSBC's motion to compel.

## STATEMENT OF FACTS

On June 9, 2004, plaintiffs received defendant's Second Request for Production of Documents (hereinafter "Second Requests"). A. Arriola Decl., Exh. 1. The Second Requests defined "pertaining to" as "consisting of, relating to, or referring to, reflecting or having any logical or factual connections with, the subject matter dealt with or alluded to in a particular request." Id. Requests No. 13 through 20 request for "all documents, records, or papers" in "response to Interrogatory No. 10 dated April 30, 2004." Id.

On July 9, 2004, plaintiffs served their Responses and Objections to HSBC's Second Request for Production of Documents. A. Arriola Decl., Exh. 2. Plaintiffs specifically objected to the Second Requests and its definition of "pertaining to" on the basis that the definition was vague, ambiguous, overbroad and unintelligible. Id. Additionally, plaintiffs referenced bates-stamped numbers of documents previously produced. Id.

On July 12, 2004, counsel for HSBC, Richard Pipes, via facsimile at 12:10 p.m., demanded a meet and confer session with less than one business day's notice. A. Arriola Decl., Exh. 3. Mr. Pipes further demanded a response within 4 hours. Id. On July 12, 2004, counsel for plaintiffs, Anita Arriola, advised Mr. Pipes that a meet and confer session was not possible due to unavailability of counsel. A. Arriola Decl., Exh. 4. Ms. Arriola immediately offered an alternate date, which she would be able to attend, as early as July 16, 2004. Id. However, after business hours, Mr. Pipes, via facsimile, refused to consider the July 16, 2004 proffer, and demanded a meet and confer session on July 14, 2004. A. Arriola Decl., Exh. 5. The facsimile was sent at 5:05 p.m., and Mr. Pipes demanded a response by 10:00 a.m., the next business day or HSBC would file a motion to compel. Id.

On July 13, 2004, Ms. Arriola advised counsel for HSBC that she would provide documents responsive to the Second Requests by July 16, 2004. A. Arriola Decl., Exh. 6. On July 16, 2004, plaintiffs served its First Amended and Supplemental Responses and Objections to the Second Requests. A. Arriola, Decl., Exh. 7. Once again, plaintiffs objected to the definition of "pertaining to" and referenced documents previously produced. Id.

On July 21, 2004 (Liberation Day, a local holiday), Mr. Pipes sent a letter, via facsimile at 3:13 p.m., demanding a meet and confer session on to the Second Set of Requests on July 22, 2003. J. Arriola Decl., Exh. 1. On July 22, 2004, Joaquin Arriola advised Mr. Pipes via letter that he was willing to meet and confer with Mr. Pipes the next business day on July 23, 2004. J. Arriola Decl., Exh. 2. On July 23, 2004, the parties met and conferred. J. Arriola Decl. The entire meet and confer session lasted approximately ten minutes. Id. Although Mr. Pipes claimed that the plaintiffs had failed to produce some financial records, Mr. Bronze corrected Mr. Pipes and informed him that

-3-

some documents were in fact produced by the plaintiffs. Id. Thereafter, the discussion was purely limited to "Plaintiffs did not produce . . ." and "Plaintiffs did produce. . ." Id. HSBC did not attempt to address or resolve plaintiffs' objections in the ten-minute session. Id.

On Friday, July 23, 2004, at 3:24 p.m., Mr. Pipes demanded that plaintiffs provide contentions and authorities pursuant to Local Rule 37.1 by the next business day. J. Arriola Decl., Exh. 3. Mr. Arriola advised Mr. Pipes that the plaintiffs' contentions and authorities would be provided on or before July 31, 2004. J. Arriola Decl., Exh. 4. Prior to plaintiffs' providing any contentions and authorities, HSBC filed its motion to compel. Decl. A. Arriola; Decl. J. Arriola.

On July 30, 2004, as promised, plaintiffs provided its contentions and authorities pursuant to L.R. 37.1. A. Arriola Decl., Exh. 8. Following this response, HSBC did not file a stipulation pursuant to L.R. 37.1. A. Arriola Decl.

## ARGUMENT

### I. REQUESTS FOR PRODUCTION NUMBERS 13 THROUGH 20 ARE VAGUE, AMBIGUOUS, OVERBROAD AND FAIL TO SPECIFICALLY DESIGNATE ANY SPECIFIC DOCUMENTS.

The Second Requests, specifically numbers 13 through 20, are vague, ambiguous, and overbroad. The Second Requests seek documents "pertaining to" Interrogatory No. 10 in response to HSBC's First Set of Interrogatories served on April 30, 2004. The Second Requests define "pertaining to," as *"consisting of, relating to, or referring to, reflecting or having any logical or factual connections with, the subject matter dealt with or alluded to in a particular request."* A. Arriola Decl., Exh. 1. This definition is unintelligible, and is so vague, ambiguous and overbroad as to render each request uncertain and unclear, which leaves the plaintiffs guessing at their meaning. The terms "having any logical or factual connections" "with the subject matter" "dealt with or

-4-

alluded to" are so overbroad that Plaintiffs are unable to determine what documents are responsive to the requests.

Where a request for production fails to designate particular documents or categories of documents in such a way as to permit the responding party to readily identify the documents or things to be produced, a motion to compel will not lie. In Re Hunter Outdoor Products, Inc., 21 B.R. 188, 192 (D. Mass. 1982); Callen v. Pennsylvania R. Co, 5 F.R.D 83, 84 (D. Penn. 1946) (request for all documents relating to a particular matter is not sufficiently specific). "Some degree of specificity is essential." Int'l Commodities Corp. v. Int'l Ore & Fertilizer Corp., 30 F.R.D. 58 (D. N.Y. 1961). A request must provide a reasonable degree of certainty to notify the responding party of what it is expected to produce. Id. at 61. Absent a reasonable degree of certainty, a motion to compel discovery should be denied. Id.

In Hunter, the trustee served the Bank of New York a request for production of documents generally requesting all documents which "show or tend to show" certain things. The Bank objected to the requests on the basis that the documents requested were overbroad, among other objections. However, in response to the trustee's request for production of documents, bank presented documents in an unmarked, unlabeled, and unorganized boxes. Thereafter, the trustee moved to compel the bank to label and organize the records. The district court denied the trustee's motion to compel finding that the trustee had not sufficiently designated the records to be produced. The court held that a general request for "any and all documents which show or tend to show" something is not a sufficient designation for which a party may reasonably be expected to produce. Hunter, 21 B.R. at 192. "Whether something shows or tends to show a particular fact requires a subjective opinion and is not sufficiently definite as to require production under Rule 34." Id.

Case 1:03-cv-00036    Document 279    Filed 09/08/2004    Page 5 of 15

Request No. 13 of the Second Requests provides,

> All documents, records, or papers in your possession, custody, or control *pertaining* or relating to your response to Interrogatory No. 10 dated April 30, 2004 on damages claimed.

Without waiving its objection, plaintiffs identified documents that were Bates-stamped and produced in response to a subpoena duces tecum by Paradise Marine Corporation ("PMC"). HSBC is not being entirely candid in claiming that these documents were produced by a third party. The documents referenced as Bates-stamped nos. PMC00001-PMC05931 were produced by PMC in response to a subpoena duces tecum. PMC00001-PMC05931 are all of plaintiffs' loan files and documents from HSBC. HSBC turned over these documents to PMC when PMC purchased plaintiffs' loan from HSBC. HSBC is therefore well aware of all of the contents of all of these loan files, as it maintained and kept these files for years while plaintiffs were customers of HSBC.

Requests No. 14 through 20 are repetitive and are encompassed in Request No. 13 by the phrase "your response to Interrogatory No. 10 dated April 30, 2004."

Request No. 14 provides:

> All documents, records, or papers in your possession, custody or control *pertaining* or relating to the purchase of the real properties identified in your response to Interrogatory No. 10 dated April 30, 2004, including without limitation, documents relating to the purchase, conveyance, lease, financing, construction and improvements made by you to such properties.

Request No. 15 provides:

> All documents, records, or papers in your possession, custody or control *pertaining* to or relating to your response to Interrogatory No. 10 dated April 30, 2004 that HSBC cancelled your Letter of Credit and Trust Receipt Facilities.

Request No. 16 provides:

> All documents, records, or papers in your possession, custody or control *pertaining* to or relating to your response to Interrogatory No. 10 dated April 30, 2004 that vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi, required Letters of Credit.

Request No. 17 provides:

> All documents, records, or papers in your possession, custody or control *pertaining* to or relating to your response to Interrogatory No. 10 dated April 30, 2004 that you were unable to secure alternate financing from any other banking institution because of all of your assets were mortgage to HSBC.

Request No. 18 provides:

> All documents, records, or papers in your possession, custody or control *pertaining* to or relating to your response to Interrogatory No. 10 dated April 30, 2004, you were unable to purchase consumer items to replenish your inventory from vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi.

Request No. 19 provides:

> All documents, records, or papers in your possession, custody or control *pertaining* to or relating to your response to Interrogatory No. 10 dated April 30, 2004 that your inability to replenish inventory resulted in your loss profits to the present date including, but not limited to, your loss of profits to the present date including, but not limited to, your profit and loss statements, financial statements, balance sheets, and income tax returns from 1994 to the present.

Request No. 20 provides:

> All documents, records, or papers in your possession, custody or control *pertaining* to or relating to your response to Interrogatory No. 10 dated April 30, 2004 that you have lost profits including, but not limited to, calculations of the amounts of profits lost to the present date.

Request Nos. 14-20 are clearly repetitive and redundant of Request No. 13.

Despite the redundancy, in good faith, plaintiffs further identified documents in their supplemental responses. Thus, HSBC's assertions that plaintiffs have failed to identify any specific documents is incorrect.

The over breadth and vagueness of the requests place plaintiffs in a quandary. If they do not identify their loan files as documents which "consist of, relate to, refer to, reflect or have any logical or factual connections with, the subject matter dealt with or alluded to in a particular request", HSBC will argue that plaintiffs are precluded from admitting such documents at trial because they were not identified in response to the document requests. If plaintiffs identify all of their loan files, HSBC argues that plaintiffs are not specific enough. Out of an abundance of caution and because the requests were so vague, plaintiffs identified all of their loan files, since under the definition of "pertaining to", the documents certainly have "logical or factual connections with the subject matter dealt with or alluded to" in the particular requests. Plaintiffs should not be faulted for identifying all of their loan file documents pursuant to vague requests propounded by HSBC.

HSBC complains that plaintiffs have referred it to 6000 pages of documents. HSBC in its motion makes essentially the same assertions as the trustee in <u>Hunter</u>. As the district court aptly and succinctly stated, "The real issue here is whether the Bank should be required to "make" the trustee's case for him." Likewise, HSBC seeks to have plaintiffs make its case. Where HSBC has failed to properly and particularly designate a document, plaintiffs are not required to outline HSBC's defense for it by marking and labeling each document. <u>Hunter</u>, 21 B.R. at 192. HSBC's motion to compel should be denied and plaintiffs are entitled to its attorney's fees for defending against an improper motion. <u>Hunter</u>, 21 B.R. at 193 (attorney's fees granted where motion to compel did not adequately specify documents to be produced.)

## II. HSBC'S MOTION SHOULD BE DENIED BECAUSE HSBC FAILED TO COMPLY WITH F.R.C.P. 37(A)(2)(A) AND L.R. 37.1, WHICH REQUIRE A GOOD FAITH ATTEMPT AT RESOLVING DISCOVERY DISPUTES.

HSBC did not comply with the good faith requirement in both the Federal Rules of Civil Procedure and the Local Rules of the Court. Rule 37(a)(2)(B) provides, in part:

> . . . the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in <u>good faith conferred or attempted to confer</u> with the person or party failing to make the discovery in an effort to secure the information or material without court action . . . (Emphasis added.)

Local Rules 37.1 further provides:

> (a) Prior to the filing of any motion relating to a discovery dispute, counsel for the parties <u>shall meet in person in a good faith effort</u> to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for the conference.
>
> (b) <u>If counsel are unable to settle their differences, they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party</u>. The stipulation shall not refer the Court to other documents in the file.
>
> By way of example only, if the sufficiency of an answer to an interrogatory is in issue, the stipulation shall contain verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated. <u>The stipulation shall be served and filed with the notice of motion. In the absence of such stipulation, or a declaration of counsel of non-cooperation by the opposing party, the Court will not consider any discovery motion unless otherwise ordered upon good cause shown</u> . . .

-9-

> (d) If the discovery disputes <u>are found to be frivolous or based on counsel's failure to cooperate with each other in good faith, sanctions will be imposed at the discretion of the Court</u>.
> (Emphasis added.)

The failure to follow these requisite procedures is grounds for the court to deny the motion to compel. <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 193, 197 (D.W.Va. 2000); <u>Ross v. Citifinancial, Inc.</u>, 203 F.R.D. 239, 240-241 (D. Miss. 2001) (good faith a prerequisite not an empty formality.)[1]

HSBC's token efforts to confer do not meet the good faith requirement under the rules. "Good faith" requires more than a demand by counsel to comply with discovery. <u>Cotracom Commodity Trading Co. v. Seaboard Corp.</u>, 189 F.R.D. 456, 459 (D. Kan. 1999). A good faith attempt to confer is a "mandatory prerequisite" in a motion to compel discovery. <u>Ross</u>, 203 F.R.D. at 240. The submission of correspondence between counsel on the discovery issues, generally, is not sufficient. <u>Id</u>. The district court stated that it "is unwilling to decipher letters between counsel to conclude that the requirement has been met." <u>Id</u>.

The district court in <u>Cotracom</u> held:

> The court, however, looks beyond the sheer quantity of contacts. It examines their quality as well. The duty to confer involves more than making a certain number of contacts with opposing counsel. The quality of the contacts is far more important than the quantity. . . Before filing a motion to compel, the movant must make reasonable efforts to confer. That generally requires counsel to "converse, confer, compare views, consult and deliberate." (citations omitted.) When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the request for discovery. The parties need to address and discuss the propriety of asserted objections.

---

[1] HSBC also failed to cite any case law in support of its position, in violation of L.R. 7.1, which requires a memorandum of points and authorities.

-10-

In Cotracom, defense counsel demanded that the plaintiff produce documents despite plaintiff's asserted objections. Additionally, defense counsel unilaterally set a deadline to produce the documents requested, or the defendant would file a motion to compel. No discussion of the discovery issues ever took place between the parties. The district court denied the motion to compel, finding that defense counsel failed to accord plaintiff's counsel with "common courtesy" which could have avoided judicial intervention. Id. at 461.

In order to comply with the good faith requirement, the movant must show that there was a reasonable effort to confer. Hoezel v. First Select Corp., 214 F.R.D. 634, 636 (D. Col. 2003). "To confer means 'to hold a conference; compare views; consult together.' (citations omitted)" Id. The rule requiring good faith efforts to confer is not met by merely sending a single letter. It is necessary that the parties discuss the issues. Id. The court denied the motion to compel stating that where there is "no deliberation, conversation, exchange of views or consultation between the parties," the only logical conclusion is that there was no "genuine attempt to resolve the dispute without judicial intervention." Id.

In Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186 (3rd Cir. 2003), the court held that the unilateral imposition of a deadline by counsel and a demand to comply or otherwise face a motion to compel is unreasonable, and does not meet the good faith requirement to meet and confer. The district court, in the underlying proceeding, held "counsel, in its zeal, at time proliferated and complicated the discovery disputes through numerous and lengthy submissions and with an approach best-characterized as 'shoot first and find out later." Id.

Similarly, in Cannon v. Cherry Hill Toyota, 190 F.R.D. 147, 153 (D.N.J. 1999), the district court held that sending a fax demanding a response by the next business day and threatening to file

-11-

a motion to compel is "a token effort rather than a sincere effort" as required by the good faith requirement.

A reasonable time limit to respond is more than a few business days. Kidwiler, 192 F.R.D. at 197. In Kidwiler, the plaintiff filed a motion to compel after contacting defense counsel and requesting resolve the matter within 15 days, or the plaintiff would file a motion to compel. The district court held that the plaintiffs six page letter which addressed the discovery issues and set a 15 day time line for the parties to resolve the discovery dispute met the good faith requirement to meet and confer notwithstanding the defendants failure to respond in good faith. Id. Conversely, a four hour time limit does not comply with good faith requirement. Echostar Communications Corp. v. The News Corp., 180 F.R.D. 391, 394 (D. Colo. 1998).

HSBC made no good faith attempt to resolve the discovery dispute without judicial intervention. HSBC's claim that plaintiffs were uncooperative is incredible after considering the oppressive demands by HSBC's counsel without regard to courtesy or proper notice. HSBC, without addressing plaintiffs' objections, demanded that they respond to the Second Requests or defend against a motion to compel. The demand to comply does not meet the good faith requirement. Cotracom, 189 F.R.D. at 459. HSBC attempts to dictate how and when plaintiffs should respond without making any effort to resolve the dispute, as required by both the Federal Rules of Civil Procedure and Local Rules, is not a good faith attempt to confer.

Additionally, HSBC has repeatedly placed unreasonable time frames on counsel for plaintiff without making any attempts to consider professional or common courtesy in scheduling matters. Typically, HSBC has repeatedly demanded a response within one business day or less. A. Arriola Decl. Exhs. 3 and 5; J. Arriola Decl., Exhs 1 and 3. HSBC's conduct is exactly the behavior that

-12-

has been consistently frowned upon by courts. Naviant, 339 F.3d at 186; Cotracom 189 F.R.D. at 459; Cannon 190 F.R.D. at 153; Echostar,180 F.R.D. at 394. Clearly, HSBC's conduct in this case exhibits only a token attempt to resolve the discovery dispute rather than the good faith required of them.

Further demonstration of HSBC's lack of good faith is its submission of the L.R. 33.1 Stipulation of contentions and authorities. Plaintiffs requested less than five business days to provide a response to HSBC's contentions and authorities. J. Arriola Decl., Exh 3. However, HSBC refused to consider the request, and submitted the stipulation without any input from the plaintiffs. A. Arriola Decl. Despite the fact that since the filing of HSBC's motion to compel plaintiffs have provided HSBC with its contentions and authorities, HSBC made no attempt to have plaintiffs' counsel execute a stipulation as required by local rules. Id. Local Rule 37.1(b) clearly states, "In the absence of such stipulation, or a declaration . . . , the Court will not consider any discovery motion unless otherwise ordered upon good cause shown." No good cause has been shown by HSBC.

A party who fails to comply with the Local Rules to "meet and confer" related to discovery, prior to moving to compel discovery, is not entitled to sanctions or attorney's fees for moving to compel. Soto v. City of Concord, 162 F.R.D. 603, 632 (D. Cal., 1995); cf. E.E.O.C. v. Klockner H & K Machines, Inc.,168 F.R.D. 233, 235 (D.Wis., 1996) (attorney's fees granted where compliance with local rules shown through affidavit detailing conversations and correspondence). Accordingly, HSBC's motion to compel and for sanctions should be denied.

/ / /

/ / /

-13-

Case 1:03-cv-00036   Document 279   Filed 09/08/2004   Page 13 of 15

## CONCLUSION

For all of the foregoing reasons, plaintiffs Alan Sadhwani, et al. respectfully requests that the Court deny the defendant's motion to compel answers to the Second Requests for Production of Documents and for Sanctions. Plaintiffs request an award of reasonable attorney's fees in opposing the motion to compel.

Respectfully submitted on September 8, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: /s/ Anita P. Arriola
**ANITA P. ARRIOLA**

-14-

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 8, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO HONGKONG SHANGHAI BANKING CORPORATION, LTD.'S MOTION TO COMPEL ANSWERS TO SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS** to:

>Jacques G. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 8th day of September, 2004.

_____
**ANITA P. ARRIOLA**