JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

FILED
DISTRICT COURT OF GUAM

SEP 15 2004

MARY L. M. MORAN
CLERK OF COURT

272

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF RICHARD A. PIPES IN SUPPORT OF MOTION FOR ORDER COMPELLING DISCOVERY** |

I, RICHARD A. PIPES, do hereby declare as follows:

1.     I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

2.     I am admitted to practice before this Court and am co-counsel responsible for the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC").

# ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Richard A. Pipes in Support of Motion for Order Compelling Discovery
Page 2 of 3 pages

3.      Plaintiffs claim that they are unable to produce any documents in response to the subject Requests because they and their counsel do not understand the words "pertaining to" or the definition of those words provided in the 2nd Request.

4.      However, Plaintiffs and their counsel had no trouble understanding the very same words and definition when they were incorporated into HSBC's First Request for Production of Documents ("1st Request") served on their counsel on December 23, 2003, a true copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference. In fact, Plaintiffs responded to numerous Requests in the 1st Request which demanded the production of documents which were "pertaining or relating to" a certain subject matter and Plaintiffs produced 161 pages of documents. It is curious that Plaintiffs had no trouble understanding the words "pertaining to" in the 1st Request yet they are unable to understand the very same words in the 2nd Request. Obviously, if Plaintiffs could understand the words "pertaining to" in the 1st Request, it is disingenuous, at best, for them to claim that they are now unable to understand the very same words in the 2nd Request.

5.      On July 23, 2004, a "meet and confer" session was held with Joaquin C. Arriola regarding Request Nos. 13 through 20 of the 2nd Request at my office. Request Nos. 13 thru 20 were each discussed and Mr. Arriola indicated that Plaintiffs would stand by their objections and that no documents would be produced. Counsel were unable to resolve any of the disputes related to the 2nd Request. I agree with Mr. Arriola that the meet and confer session lasted about 15 minutes.

6.      Plaintiffs' counsel are two-faced when it comes to their argument that it was unreasonable to give them from July 23 to July 26 to prepare their one paragraph insert to the stipulation required by Local Rule 37.1. When Plaintiffs are filing a motion to compel, they have no hesitation in demanding that all parties and counsel accede to their demands, such as 41 hours notice

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Declaration of Richard A. Pipes in Support of Motion for Order Compelling Discovery
Page 3 of 3 pages

of a meet and confer session. Enclosed Attached hereto as Exhibit "B" is a true and correct copy of a letter dated September 13, 2004, from Plaintiffs' counsel wherein she demands that counsel attend a meet and confer session in her offices at 10:00 a.m. on September 15, 2004. The letter was received by my office at 4:55 p.m. on September 13, 2004, effectively allowing no more than one days' notice of the meeting. It is also important to note that Plaintiffs' counsel does not indicate in her letter any willingness to accommodate the schedule of opposing counsel.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this _____ day of September, 2004.

RICHARD A. PIPES

LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br>　　　　　　　Defendants. | CIVIL CASE NO. 03-00036<br><br><br>**DEFENDANT HSBC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF K. SADHWANI'S INC.** |

**TO:** **PLAINTIFF K SADHWANI'S INC., and its attorneys of record, Arriola Cowan & Arriola**

**YOU ARE HEREBY REQUESTED** pursuant to Rule 34 of the Federal Rules

of Civil Procedure to make available to Defendant The Hongkong and Shanghai Banking

Corporation Ltd. ("HSBC") within thirty (30) days after service is made upon you, at the

Law Offices of Bronze & Tang, P.C., BankPacific Building, Second Floor, 825 South

Marine Drive, Tamuning, Guam 96913, the following documents:

### DEFINITIONS

**EXHIBIT A**

1.　　"Documents" means the original and any non-identical copy of all

ORIGINAL

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 2 of 18 pages

"writings," "recordings," and "photographs" including, but not limited to, letters,

telegraphs, cablegrams, telexes, memoranda, notes, records, reports, studies, calendars,

diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs,

indexes, charts, tabulations, statistical accumulations, ledgers, financial statements,

accounting entries, press releases, contracts, affidavits, transcripts, legal documents,

records of meetings and conferences, records of conversations, and telephone calls, still

photographs, video tapes, motion pictures, tape recordings, microfilms, punch cards,

programs, printouts, lie detector examination records, recordings made through data

processing techniques, and the written information necessary to understand and use such

films and records.

    2.    A document "relating to" or that "relates to" any given subject means any

document that in whole or in any part constitutes, contains, embodies, reflects, identifies,

states, refers to, deals with, or is in any way pertinent to that subject, including without

limitation, a document concerning the preparation of other documents.

    3.    The words "you", or "your," and "yours" refer to Plaintiffs Alan

Sadhwani, Laju Sadhwani, K. Sadhwani's Inc. and their predecessors, successors, assigns,

agents, attorneys, directors, officers, employees, representatives, and any subsidiary or

affiliated entities, and each of them.

    4.    The words "pertaining to" as used in these Requests means consisting of,

relating to, or referring to, reflecting or having any logical or factual connections with,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 3 of 18 pages

the subject matter dealt with or alluded to in a particular Request.

5. The word "Complaint" as used in these Requests refers to the Complaint for Damages filed by you in the Superior Court of Guam on October 21, 2003.

## INSTRUCTIONS

1. Under Rule 34 of the Federal Rules of Civil Procedure you are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with the categories of this Request. Accordingly, whenever a document or group of documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, you are required to attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the document or group of documents was removed.

2. For each document responsive to this Request that is withheld under a claim of privilege or work-product immunity, provide a statement under oath by a person having knowledge setting forth as to each document or portion withheld:

(a) The number and subject of each paragraph of this Request that seeks its production;

(b) The name and title of the author(s);

(c) The name and title of each person to whom the document was addressed;

(d) The name and title of each person to whom a copy of the document was sent;

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 4 of 18 pages

(e)     The date of the document;

(f)     The number of pages;

(g)     A brief description of the nature and subject matter of the document;

(h)     The identity of each person to whom the document, its contents, or any portion thereof is known or has been disclosed;

(i)     The exact location of the original and each copy as of the date of receipt of this Request; and

(j)     If the document is withheld on any ground other than privilege, each basis that you contend justifies its withholding.

For purposes of this instruction, persons shall be identified by giving their title and business address both at the time the document was generated by or made available to them and at the present, as well as their name and present home address, to the extent known.

3.     If you are aware of any document otherwise responsive to these Requests, which document is no longer in your custody or control, identify the name and title of the author, the name and title of the addressee, the date of the document, the subject matter of documents, the last date on which the document was in your control, the person(s) or entity, if any, now in control of the document, the reasons for your disposition or release of the document, all persons who have knowledge of the circumstances surrounding its disposition or release of the document, all persons who

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 5 of 18 pages

have knowledge of the circumstances surrounding its disposition, and state what knowledge each such person has regarding the document.

4.    Reference to the singular includes the plural and reference to the plural includes the singular.

5.    This production request shall be deemed to be continuing under the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENTS REQUESTED

1.    Your Federal income tax returns for the years 1999 through 2003.

2.    Your Guam income tax returns for the years 1999 through 2003.

3.    Your Guam Gross Receipts Tax filings or returns for the years 1999 through the date of this Request.

4.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your financial statements for the period from January 1, 1999 to the present, whether monthly, quarterly, bi-annually, annually, or otherwise.

5.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your profit and loss statements from January 1, 1999, to the present, whether monthly, quarterly, bi-annually, annually, or otherwise.

6.    All documents, records, or papers in your possession, custody, or control pertaining or relating to your balance sheets from January 1, 1999 to the present.

7.    All documents, records, or papers in your possession, custody, or control

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 6 of 18 pages

pertaining or relating to your bank statements for the period from January 1, 1999 to the present.

      8.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 4 of your Complaint that you have engaged in the business of acquiring real properties and developing them.

      9.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 4 of your Complaint that you have also engaged in the business of leasing, renting real properties, including offices and other commercial buildings, and selling electronics, fixtures and appliances.

      10.    All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 4 of your Complaint that HSBC was in the business of a "full service bank".

      11.    All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 5 of your Complaint that you have been for about 25 years customers of HSBC, executing and delivering to HSBC evidences of your indebtedness secured by mortgages and other security instruments, and depositing funds in HSBC.

      12.    All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 5 of your Complaint that you have deposited about $100 million with HSBC during these 25 years.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 7 of 18 pages

13. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 5 of your Complaint that Mr. Sadhwani negotiated with HSBC to build "their bank building in Tamuning", thus becoming HSBC's landlord.

14. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 5 of your Complaint that, as borrowers, you have paid HSBC thousands of dollars in interest and fees.

15. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 5 of your Complaint that, by virtue of such long relationship, you placed explicit faith, trust, and confidence in HSBC, trusting that HSBC and its officers and employees would deal fairly and honestly with you.

16. All documents, records, or papers in your possession, custody, or control pertaining or relating to the "Amendment to Credit Facility/Lease" as alleged in paragraph 6 of your Complaint.

17. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 8 of your Complaint that HSBC would give a "hairline discount" if you paid off the loan.

18. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 8 of your Complaint that Mr.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 8 of 18 pages

Sadhwani was induced to believe that if he found funding for repayment of your Loan with HSBC, HSBC would discount or reduce the balance of the Loan.

19.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the "Promissory Note Modification Agreement" as alleged in paragraph 8 of your Complaint.

20.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 13 of your Complaint that you accepted HSBC's first and third proposals.

21.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 13 of your Complaint regarding the "on-going work out agreement" with HSBC.

22.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 13 of your Complaint that you sought the services of Century 21 to find buyers for the properties subject to the HSBC mortgage including, but not limited to, all correspondence, listing agreements, broker agreements, authorizations for sale, offers to purchase, and sale agreements.

23.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 15 of your Complaint that Mr. Sadhwani was trying to obtain financing to pay off your Loan including, but not limited to, all correspondence, loan applications and supporting documentation, loan rejections

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 9 of 18 pages

and denials, loan indications of interest, loan commitments, and loan agreements.

24.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 16 of your Complaint that HSBC assured Mr. Sadhwani that you had until August 31, 2003, "to settle their loan".

25.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 19 of your Complaint that you obtained "alternative financing" from First Hawaiian Bank for $3.5 million including, but not limited to, all correspondence, loan applications and supporting documentation, loan rejections and denials, loan indications of interest, loan commitments, and loan agreements.

26.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 21 of your Complaint that the purchase price for the loan is less than $3 million.

27.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 16 of your Complaint that you fully complied with the payment terms provided in the Amendment to Credit Facility/Lease.

28.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 24 of your Complaint that the parcels of real property owned by you and mortgaged to secure the Loan are "prime properties on Guam" and/or "Guam landmarks".

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 10 of 18 pages

29. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 24 of your Complaint that the properties mortgaged were, at one time, worth much more than $12 million including, but not limited to, valuations, appraisals, broker's opinions, or any other expressions or opinions related to the value of the subject properties.

30. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 28 of your Complaint that you "immediately listed certain properties for sale with Century 21 Realty Management" including, but not limited to, all correspondence, listing agreements, broker agreements, authorizations for sale, offers to purchase, and sale agreements.

31. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 28 of your Complaint that you applied to various banks, including First Hawaiian Bank, to obtain alternative financing including, but not limited to, all correspondence, loan applications and supporting documentation, loan rejections and denials, loan indications of interest, loan commitments, and loan agreements.

32. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 29 of your Complaint that HSBC acted in bad faith and failed to deal fairly with you in refusing to agree to a commercially reasonable work out and in refusing to accept the alternative financing obtained by you.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 11 of 18 pages

33.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 30 of your Complaint that you have suffered damages as a result of HSBC's bad faith and failure to deal fairly.

34.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 33 of your Complaint that HSBC represented to you that it was "willing to work out the Loan" with you.

35.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 33 of your Complaint that HSBC represented that you could resolve your indebtedness by accepting the options proposed by HSBC.

36.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 34 of your Complaint that you were induced by HSBC to list your properties for sale with Century 21 Commonwealth Realty, or any other realtor or broker, and to apply for alternative financing with various banks.

37.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 35 of your Complaint that had the alternative financing offered by First Hawaiian Bank been accepted by HSBC you would have saved thousands of dollars in interest, loan payments, and increased costs and you would not be required to make the loan payments required by Paradise Marine Corporation.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 12 of 18 pages

38.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 36 of your Complaint that HSBC intentionally misrepresented that it was interested in pursuing a commercially reasonable work out when HSBC had no desire or intention to work out the Loan.

39.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 37 of your Complaint that as a result of misrepresentations made by HSBC to you, you have suffered damages.

40.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 39 of your Complaint that you and HSBC entered into a valid loan contract for the Loan.

41.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 40 of your Complaint that you fully complied with the payment terms provided in the Amendment to Credit Facility/Lease including, but not limited to, checks for payments, fund transfers, receipts, and other documents evidencing such payments.

42.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 41 of your Complaint that HSBC failed to fulfill the terms of the Promissory Note Modification Agreement to review the Note every six months.

43.     All documents, records, or papers in your possession, custody, or control

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 13 of 18 pages

pertaining or relating to the allegation in paragraph 42 of your Complaint that HSBC breached its Loan agreement with you by selling the Loan to Paradise Marine Corporation.

44. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 43 of your Complaint that as a proximate result of HSBC's breaches of contract, you suffered damages including, but not limited to, increased interest payments, increased costs, and other damages.

45. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 45 of your Complaint that you and HSBC entered into a valid work out agreement where HSBC offered proposals to work out the Loan and you accepted two of the proposals.

46. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 45 of your Complaint that you immediately listed certain properties for sale with Century 21 Realty Management.

47. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 45 of your Complaint that you obtained terms and conditions for alternative financing from First Hawaiian Bank for alternative financing.

48. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 46 of your Complaint that HSBC

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 14 of 18 pages

failed to assist your negotiations for replacement financing.

49. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 46 of your Complaint that HSBC refused to accept the replacement financing as detailed in the terms and conditions for alternative financing from First Hawaiian Bank.

50. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 46 of your Complaint that HSBC failed to give a "hairline discount" on the Loan when you obtained the terms and conditions for alternative financing from First Hawaiian Bank.

51. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 46 of your Complaint that HSBC sold the Loan to Paradise Marine Corporation instead of complying with the parties' work out agreement.

52. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 47 of your Complaint that as a proximate result of HSBC's breaches of the work out agreement, you suffered damages including, but not limited to, increased interest payments, increased costs, and other damages.

53. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 49 of your Complaint that there

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 15 of 18 pages

existed a longstanding, close and confidential relationship between HSBC and you.

54. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 49 of your Complaint that HSBC encouraged you to place trust and confidence in HSBC and that you did place such trust and confidence in HSBC.

55. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 49 of your Complaint that HSBC gave you assurances that it would agree to a commercially reasonable work out.

56. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 50 of your Complaint that HSBC disclosed to Paradise Marine Corporation confidential information including, but not limited to, account and deposit information, loan payment history, and other banking transactions between you and HSBC.

57. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 50 of your Complaint that HSBC failed to assist your negotiations for replacement financing.

58. All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 50 of your Complaint that HSBC refused to accept replacement financing from First Hawaiian Bank.

59. All documents, records, or papers in your possession, custody, or control

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 16 of 18 pages

pertaining or relating to the allegation in paragraph 50 of your Complaint that HSBC failed to give a "hairline discount" on your Loan when you obtained the terms and conditions for alternative financing from First Hawaiian Bank.

60.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 50 of your Complaint that HSBC breached a fiduciary duty owed to you by selling the Loan to Paradise Marine Corporation.

61.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 51 of your Complaint that as a proximate result of HSBC's breaches of fiduciary duty, you suffered damages including, but not limited to, increased interest payments, increased costs, and other damages.

62.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 51 of your Complaint that in breaching its fiduciary duties as alleged HSBC acted with oppression, fraud, and malice.

63.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 54 of your Complaint that HSBC is governed by laws, rules and regulations relating to the confidentiality of its customers' accounts and transactions.

63.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 54 of your Complaint that you

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 17 of 18 pages

trusted HSBC to comply with the banking laws, particularly those governing confidentiality of their banking relationship with HSBC and their accounts and transactions with HSBC.

64.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 57 of your Complaint that HSBC expressly or impliedly agreed that it would not divulge to third persons the terms of or the state of your accounts with HSBC, any of your transactions with HSBC, or any other information about you acquired by HSBC throughout the 25 years of the alleged banking relationship.

65.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 57 of your Complaint that the negotiation, sale, assignment, and transfer of your Loan to PMC constitutes a breach of banking and confidentiality laws by HSBC.

66.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 2 of your Reply to Counterclaim ("Reply") filed herein on December 22, 2003, that the damages and injuries suffered by you were caused solely by the tortious conduct and acts of the Bank as alleged in the Complaint.

67.     All documents, records, or papers in your possession, custody, or control pertaining or relating to the allegation in paragraph 3 of your Reply that HSBC is

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Defendant HSBC's First Request for Production of Documents to Plaintiff K. Sadhwani's Inc.
Page 18 of 18 pages

estopped by its conduct towards you as alleged in the Complaint.

68.     All documents, records, or papers in your possession, custody, or control

pertaining or relating to the allegation in paragraph 4 of your Reply that HSBC is barred

from asserting its Counterclaim by the doctrine of unclean hands.

Dated this _23rd_ day of December, 2003.

                                        LAW OFFICES OF BRONZE & TANG, P.C.
                                        Attorneys for HSBC


                        By: _____
                                JACQUES G. BRONZE


                        CERTIFICATE OF SERVICE

        I, Jacques G. Bronze, hereby certify that on December 23, 2003, I caused to be
served, via hand delivery, Defendant HSBC's First Request for Production of
Documents to Plaintiff K. Sadhwani's Inc. to Plaintiffs' counsel, Arriola Cowan &
Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam 96910.


                        _____
                                JACQUES G. BRONZE


RAP/nsh

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@nctpci.com

September 13, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

**VIA FACSIMILE:** (671) 647-7671

Richard A. Pipes, Esq.
Law Offices of Richard A. Pipes
Guam Savings & Loan Building
Suite 201, 825 S. Marine Drive
Tamuning, Guam  96911

Re:   **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et al,
District Court of Guam, Civil Case No. CV03-00036**

Dear Counsel:

This is to inform you that I will be meeting with Patrick Civille pursuant to L.R. 37.1 on Wednesday, September 15, 2004 at 10:00 a.m. at my office concerning the plaintiffs' motion to compel compliance with the subpoena duces tecum that was served on Citibank on July 16, 2004, 2004. As you know, we have exchanged correspondence concerning Citibank's refusal to produce the unredacted document in its possession. I have not yet received the deposition transcript for Cecil Galman but in anticipation of receiving the transcript, I am calling this L.R. 37.1 conference in order to expedite the filing of the motion as soon as the transcript is received.

Patrick Civille informs me that it would be prudent to have either of you present at the conference on Wednesday, since Citibank's position is dependent to a certain extent on HSBC's position. Accordingly, this is to inform you of the date, time and place of the meeting.

Please do not hesitate to contact me if you have any questions or concerns regarding this matter.

Very truly yours,

ANITA P. ARRIOLA

cc:   G. Patrick Civille, Esq.

APA/ett

EXHIBIT **B**

