JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>    Defendants. | CIVIL CASE NO. 03-00036<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE TRIAL** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") submits this reply memorandum of points and authorities in support of its Motion to Bifurcate Trial ("Motion"). The Motion requests this Court to bifurcate the trial into two phases to be tried by the same jury. The first phase would be on liability, compensatory damages, and

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 2 of 10 pages

Plaintiffs' right to punitive damages. Should the jury determine that Plaintiffs are entitled to punitive damages, the trial would immediately proceed to the second phase, with the same jury, to hear whatever evidence is relevant and admissible concerning the financial condition of HSBC. On September 8, 2004, Plaintiffs filed their Opposition ("KSI Memo") to the Motion in which they argue that the Motion should be denied because there is an overlap of evidence on liability and punitive damages issues, bifurcation would present logistical problems, bifurcation would cause prejudice to the Plaintiffs, and, if a unitary trial is held, there would be no prejudice to HSBC. *KSI Memo at 4-12.*

## I. COURTS HAVE THE DISCRETION TO BIFURCATE TRIALS AND HAVE FREQUENTLY DONE SO TO FURTHER CONVENIENCE OR AVOID PREJUDICE.

Rule 42(b) of the Federal Rules of Civil procedure authorizes the Court to order bifurcation in furtherance of convenience, to avoid prejudice, or when separate trials would be conducive to expedition and economy. However, Plaintiffs cite to the case of *Beauchamp v. Russell, 547 F. Supp. 1191 (N. D. Ga. 1982)*, for the proposition that the "paramount consideration" for this Court is whether bifurcation would result in a fair trial to all parties. *KSI Memo at 2, ftnt. 1*. What the Plaintiffs fail to tell this Court is that the *Beauchamp* court actually **granted** the defendant's bifurcation "in order to avoid potential prejudice". *Beauchamp, supra, at 1199-1200.*

Plaintiffs next cite to the case of *Guidi v. Intercontinental Hotels Corp., 2003 WL 1846864*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 3 of 10 pages

at 1 (S.D.N.Y.),[1] for the holding that "bifurcation is the exception rather than the rule". *KSI Memo at 3*. However, again, the Plaintiffs fail to advise this Court that the *Guidi* court actually found that bifurcation should be granted because of substantial prejudice to a defendant if damages testimony was presented during the liability phase of the trial. *Guidi, supra, at 2*.

Plaintiffs next cite to the case of *Data General Corp. v. Grumman Systems Support Corp., 795 F. Supp 501 (Mass. 1992)*, for the holding that bifurcation should not be routinely ordered. *KSI Memo at 3*. Yet it appears that the after extensive discovery had occurred the defendant moved to bifurcate the trial into separate liability and damages phases that would be before different juries. *Data General, supra, at 503*. The court found this unacceptable and held that the "case should be tried as a whole to the same jury". *Id.* In this case, HSBC asks that the case be bifurcated but tried to the same jury.

Plaintiffs follow with a citation to *Moss v. Associated Transportation Inc., 344 F.2d 23 (6th Cir. 1965)*, for the premise that bifurcation "should be used sparingly". *KSI Memo at 3*.[2] However, again, Plaintiffs fail to inform this Court that the trial court in the *Moss* case, *supra*, actually granted bifurcation of issues before the same jury and that process was approved by the appeals court on review. *Moss, supra, at 25-26*. Similarly, Plaintiffs cite to the case of *Hosie v. Chicago & Northwestern Rwy. Co., 282 F.2d 639 (7th Cir. 1960)*, for the same holding but fail to inform this Court that the day before trial the trial court, *sua sponte*, bifurcated the trial over the objections

---

[1] The citation in Plaintiffs' opposition is incorrect.

[2] The language quoted in Plaintiffs' opposition does not appear in the *Moss* decision, *supra*.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 4 of 10 pages

of both parties and the appeals court upheld the trial court's ruling. *Id. at 640, 643-644*. Likewise, in *Davis & Cox v. Summa Corp., 751 F.2d 1507 (9th Cir. 1985)*, also cited by Plaintiffs, the trial court ordered bifurcation and the appeals court affirmed and found that severance "served judicial efficiency". *Id. at 1517*.[3]

## II. HSBC'S FINANCIAL CONDITION IS NOT RELEVANT TO ANY OF PLAINTIFFS' LIABILITY CLAIMS.

In a strained attempt to convince this Court of the "inconvenience" Plaintiffs will experience if the Motion is granted, Plaintiffs argue that evidence of HSBC's "financial condition" is relevant to certain claims other than punitive damages and, therefore, the Motion should be denied because there is an overlap of such evidence. *KSI Memo at 5-9*.

First, Plaintiffs claim that evidence of HSBC's financial worth is supposedly relevant to HSBC's decision to close its Guam office. *Id. at 5-6*. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Federal Rules of Evidence, Rule 401*. HSBC's reasons for closing its Guam office are of no consequence to the determination of the claims being asserted by Plaintiffs. HSBC's determination to close its office was made long before Plaintiffs' alleged claims arose in 2003.

---

[3] At the bottom of page 3 of the KSI Memo Plaintiffs begin a long paragraph discussing the purported "problems" of bifurcation which it primarily attributes to a Cornell Law Review article and, secondarily, to the case of *Hamm v. American Home Products Corp., 888 F. Supp. 1037 (E.D. Cal. 1995)*. *KSI Memo at 3-4*. However, the entire paragraph is lifted, *verbatim*, from the *Hamm* case, *supra at 1039*, without proper attribution or quotation.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 5 of 10 pages

Even assuming that one of the reasons that HSBC decided to close its Guam and Saipan offices was because HSBC was not achieving an acceptable profit margin, it would be error for the Court to admit evidence of HSBC's financial statements and tax returns to prove that one of the reasons to close was an economic one, especially when HSBC agrees that the decision to close was based, in part, on profit.

Second, Plaintiffs argue that HSBC's financial information is somehow relevant to their bad faith claims because "the bank sold the loan to PMC at a loss to the bank". *KSI Memo at 6*. Unfortunately for Plaintiffs, they never attempt to explain to this Court **how** HSBC's financial information will be relevant to prove that HSBC acted in "bad faith" when it sold the loan to PMC at less than face value, a fact that HSBC does not deny. It is undisputed that HSBC sold the loan to PMC at a discount. HSBC's financial information is irrelevant to prove an undisputed fact.

Since HSBC's financial information is only arguably relevant to establish an amount of punitive damages, there is no overlap of evidence to be presented on Plaintiffs' liability and compensatory damages claims. The cases cited by Plaintiffs in their opposition were unique situations where liability and damages issues were intertwined and their would have been a duplication of evidence to be presented if bifurcation was granted. The only case cited by Plaintiffs which addresses the bifurcation of punitive damages from the rest of the case, *Shults v. Champion International Corp., 821 F. Supp. 517 (E.D. Tenn. 1992)*, is inapplicable on its facts. In the *Shults* case the plaintiffs filed a class action alleging interference with their property rights

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 6 of 10 pages

due to river contamination by the defendant. *Shults, supra, at 518*. Because the defendant's economic ability to reduce its pollution of the river was "crucial" to proof of plaintiffs' liability case in chief, the court denied the motion to bifurcate. *Id. at 520*. In this case, HSBC's financial information is not crucial, or even necessary, to the proof of any of Plaintiffs' liability claims. Accordingly, there would be no duplication of evidence if the Motion is granted.

### III. THE BIFURCATION REQUESTED WOULD NOT PRESENT A BURDEN FOR THE COURT, THE JURORS, OR THE PARTIES.

As discussed above, the Motion requests the Court to bifurcate this case into two phases. In the event that the jury determines that HSBC is liable and Plaintiffs are entitled to compensatory and punitive damages, then the very same jury would immediately proceed to hear evidence and determine an amount of punitive damages. There would be no break in the trial. However, Plaintiffs argue, without citation to any relevant authority, that bifurcation would run the risk of losing a judge, incur a "huge expenditure of judicial resources", and there would be a risk of losing jurors. *KSI Memo at 7-9*.

Plaintiffs' flimsy and unfounded objections should be dismissed outright by this Court. The "risks" that Plaintiffs complain of are inherent in all jury trials conducted in Guam and, for that matter, elsewhere. These "risks" are neither caused nor compounded by bifurcation of the case as requested by HSBC. The "risk" of losing a judge because a district court judge has not yet been appointed and confirmed for Guam will exist whether the case is bifurcated or not.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 7 of 10 pages

The bifurcation proposed by HSBC will not cause the Court to incur any additional expenditure beyond what will be necessary to try this case without bifurcation. Since the same jury would hear the punitive damages phase of the trial immediately after the first phase of the trial, there is no increased risk of losing jurors beyond that normally experienced in any other jury trial.

The only case cited by Plaintiffs to support their arguments, *U.S. v. Mottolo, 107 F.R.D. 267 (D.N.H. 1985)*, is completely inapplicable on its facts. In *Mottolo, supra*, the government proposed to try the action against the defendant under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607(a), in multiple stages with an open-ended judgment from the first stage and successive stages after that to present an accounting of additional clean-up activities that might be performed in the future. *Id. at 268-269*. The trial court refused the government's request and held that all CERCLA claims must be resolved in one consolidated trial because of the duplication of evidence that would be necessary for the successive stages of trial. *Id. at 269-270*. This case does not present such a situation.

## IV. THE BIFURCATION REQUESTED BY HSBC WILL NOT DELAY THE TRIAL OF THIS CASE.

Plaintiffs argue, without further explanation, that the trial of this case will somehow be delayed if bifurcation is granted. *KSI Memo at 9-10*. As discussed above, the bifurcation requested by HSBC would allow for the punitive damages phase of the trial to proceed

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 8 of 10 pages

immediately after the first phase with the same jury. Accordingly, there would be no delay in proceeding with the second phase of the trial.

Plaintiffs argue that they are "stretched thin" because of the litigation they have initiated in this Court and in the Superior Court of Guam. *Id. at 9*. However, the litigation costs that Plaintiffs are incurring will be the same whether bifurcation is granted or not. This argument provides no succor to Plaintiffs.

## V. THE PREJUDICE TO A PARTY FROM THE SUBMISSION OF FINANCIAL INFORMATION TO THE JURY IN LIABILITY AND COMPENSATORY DAMAGES PHASES IS WIDELY RECOGNIZED.

Plaintiffs argue that because there is financial information concerning holding companies and entities related to HSBC on the world wide web that can be accessed by persons who have the means and desire to do so, HSBC could not possibly be prejudiced by having jurors consider HSBC's financial information while it is also considering liability and compensatory damages claims and Plaintiffs' right to punitive damages at trial. *KSI Memo at 10-11*. This argument is wrong on several levels.

First, it presupposes that the prospective jury pool, as a whole, will have the inclination and desire to have researched and understood HSBC's related financial information which may be available on the internet for their own edification. Second, Plaintiffs' argument apparently assumes that after jurors are chosen for this trial they will ignore the Court's instructions not

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 9 of 10 pages

to consider any evidence other than that presented during the trial and will go to the internet to research financial information related to HSBC. These unsupported arguments are baseless and frivolous.

Finally, Plaintiffs argue generally that HSBC would not be prejudiced if bifurcation were denied and it has not shown any prejudice. *KSI Memo at 10.* Of course, this argument ignores all the authorities cited by HSBC which have concluded to the contrary. *See, HSBC Memo at 3-5.* Curiously, the authorities cited by Plaintiffs confirm that prejudice arises when bifurcation is not granted in the circumstances of this case. *See, Beauchamp, supra* (bifurcation granted to avoid prejudice); *Guidi, supra* (same); *Moss, supra* (bifurcation approved); *Hosie, supra* (same); *Davis & Cox, supra* (same); *Hamm v. American Home Products Corp., 888 F. Supp. 1037, 1038 (E.D. Cal. 1995)* (California law recognizes prejudice and mandates bifurcation); *Getty Petroleum Corp. v. Island Transportation Corp., 862 F.2d 10, 14-15 (2nd Cir. 1988)* (New York law requires bifurcation and Second Circuit approves this approach); *TVT Records v. Island Def Jam Music Group, 257 F. Supp. 2d 737, 746-747 (S.D.N.Y. 2003)* (New York and Second Circuit courts prefer to bifurcate availability and amount of punitive damages so that financial information does not unduly influence jury); *E.E.O.C. v. HBE Corp., 135 F. 3d 543, 556 (8th Cir. 1998)* (Missouri law requires bifurcation).

Accordingly, HSBC requests this Court to issue an Order bifurcating the trial in this case into two phases. The first phase will be on liability, compensatory damages, and whether HSBC is liable for punitive damages. Should the fact-finder answer the liability question on the issue

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion to Bifurcate Trial
Page 10 of 10 pages

of punitive damages in the Plaintiffs' favor in the first phase of the trial of this action, then Plaintiffs may present evidence relevant to the amount of punitive damages before the same jury in the second phase of the trial. Evidence relevant only to the amount of punitive damages sought by Plaintiffs against HSBC should not be introduced during the liability phase of the trial in this case.

Dated this 15th day of September, 2004.

                            LAW OFFICES OF RICHARD A. PIPES
                            Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

By: _____
      RICHARD A. PIPES

RAP/nsh