JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER COMPELLING DISCOVERY ON SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |

Defendant The Hongkong and Shanghai Banking Corporation Limited ("HSBC") submits this reply memorandum of points and authorities in support of its Motion for Order Compelling Discovery on Second Request for Production of Documents ("Motion").

## I. FACTS

On June 9, 2004, HSBC served upon counsel for Plaintiffs a Second Request for Production of Documents ("2nd Request"). *Memorandum of Points and Authorities in Support of Motion for Order*



Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 2 of 10 pages

*Compelling Discovery on Second Request for Production of Documents* ("HSBC Memo"), *filed herein on July 28, 2004, at 2-4*. The 2nd Requests directed to Plaintiffs Alan and Laju Sadhwani were exactly the same except for the name of the responding Plaintiff. Request Nos. 13 through 20 request the production of documents related to Plaintiffs' responses to Interrogatory No. 10 dated April 30, 2004. *Id.*

Interrogatory No. 10 requested detailed information regarding damages alleged by Plaintiffs in their Complaint including damages calculations, identities of persons with knowledge of such damages and contact information. *Id.* On April 30, 2004, Plaintiffs served their Responses and Objections to Interrogatory No. 10. *Id.* Request Nos. 13 through 20 of the 2nd Request demanded production of all documents relating to the damages claimed, the purchase, finance, construction, and improvements to the real properties identified as losses in the response to Interrogatory No. 10, cancelled letter of credit and trust receipt facilities, vendors, suppliers and manufacturers which Plaintiffs were allegedly denied credit by and were unable to replenish stock from, Plaintiffs alleged attempts to secure alternate financing, lost profits including profit and loss statements, financial statements, balance sheets, and income tax returns from 1994 to the present, and calculations of the amounts of profits lost to date. *Id.*

On July 9, 2004, Plaintiffs served their Responses and Objections to the 2nd Request. *Id.* The Plaintiffs did not produce a single document on July 9, 2004. *Id.* HSBC's counsel wrote to Plaintiffs' attorneys and demanded production of the documents requested and they responded that "we will provide the documents to you on Friday, July 16, 2004" that were requested in the 2nd Request. *Id.* Counsel for HSBC wrote back to Ms. Arriola advising her that he understood her office would be producing the documents responsive to Request Nos. 13 through 20 by 5:00 p.m. on July 16, 2004, and told her that if his understanding was incorrect she should contact him immediately so that HSBC

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 3 of 10 pages

could proceed with an ex parte application and motion to compel. *Id.* Counsel for HSBC received no response from Plaintiffs' counsel to the July 13 letter and he understood that full production of the documents requested would be provided on July 16, as promised by Ms. Arriola. *Id.*

On July 16, 2004, at approximately 4:35 p.m. Plaintiffs served their First Amended and Supplemental Responses and Objections to the 2nd Request. *Id.* The Plaintiffs did not produce a single document on July 16, 2004. *Id.* HSBC filed its Motion to compel production of the documents described above, after conferring with opposing counsel, as required by the Local Rules. In opposition to the Motion, Plaintiffs argue that they do not have to produce the requested documents because the subject Requests are "unintelligible" since Plaintiffs do not understand the words "pertaining to", because the "meet and confer" session between counsel only lasted 15 minutes, and because counsel for HSBC should have waited more than one week for Plaintiffs' counsel to prepare and submit objections, which consisted of one paragraph, for inclusion in the stipulation required by the Local Rules. *See, Plaintiffs' Memorandum of Points and Authorities in Opposition to HSBC's Motion to Compel, filed herein on September 8, 2004* ("KSI Memo").

## II. HSBC'S REQUESTS ARE NOT VAGUE, AMBIGUOUS, OR OVERBROAD.

As shown above, HSBC requested documents from Plaintiffs which relate to the damages Plaintiffs are alleging in their Complaint and in response to an interrogatory propounded to them. The documents requested are admittedly relevant to the subject matter of this lawsuit and HSBC must have the documents so that it is able to prepare for depositions of the Plaintiffs, prepare for dispositive motions, and prepare for trial. Plaintiffs claim that they are unable to produce any documents in response to the subject Requests because they and their counsel do not understand the words "pertaining to" or the definition of those words provided in the 2nd Request. *KSI Memo at 4-5.*

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 4 of 10 pages

However, Plaintiffs and their counsel had no trouble understanding the very same words and definition when they were incorporated into HSBC's First Request for Production of Documents ("1st Request") served on their counsel on December 23, 2003. *See, Declaration of Richard A. Pipes in Support of Motion for Order Compelling Discovery, filed September 15, 2004* ("Pipes Decl."). In fact, Plaintiffs responded to numerous Requests in the 1st Request which demanded the production of documents which were "pertaining or relating to" a certain subject matter and Plaintiffs produced 161 pages of documents. *Id.* It is curious that Plaintiffs had no trouble understanding the words "pertaining to" in the 1st Request yet they are unable to understand the very same words in the 2nd Request. Obviously, if Plaintiffs could understand the words "pertaining to" in the 1st Request, it is disingenuous, at best, for them to claim that they are now unable to understand the very same words in the 2nd request.

Further, each of the Requests that Plaintiffs are objecting to request the production of documents "pertaining or relating to" a certain subject. The words "relating to" are also defined in the 2nd Request. Plaintiffs make no objection to the words "relating to" and have no difficulty comprehending such words. Yet, Plaintiffs refuse to produce any documents "relating to" the specified subject matters.

Plaintiffs' arguments that the subject Requests are "overbroad" and lack specificity are equally specious. The Requests demand production of documents which pertain or relate to specific allegations made by Plaintiffs themselves in response to Interrogatory No. 10. This Interrogatory requested Plaintiffs to detail the amount of damages they are claiming, the manner of computation, and contact information of persons having knowledge of the facts supporting each claim for damages. *See, HSBC Memo, Exh. "B"*. Plaintiffs' response to Interrogatory No. 10 identified at least ten (10) separate real properties with aggregate damages of $15,250,000, losses from business operations, damages from

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 5 of 10 pages

cancelled letters of credit and inability to obtain letters of credit, damages from an inability to obtain "alternate" financing, damages from an inability to replenish inventory, and lost profits. *Id. at Exh. "C".* Plaintiffs' further allege that they calculate their compensatory damages as the difference between the "valuation" of such properties minus the purchase price paid by the Plaintiffs plus lost profits, attorney's fees, costs and, in addition, punitive damages of $10,000,000. *Id.*

The subject Requests were crafted to obtain the production of documents pertaining or relating to these allegations. For example, and not by way of limitation, Request No. 14 requests production of documents relating to Plaintiffs' purchase, acquisition, improvement, and lease of the real properties they identified in response to Interrogatory No. 10. Further, Request No. 19 requests production of documents relating to Plaintiffs' alleged inability to replenish their inventory which resulted in lost profits to the present date, including profit and loss statements, financial statements, balance sheets, and income tax returns. The subject Requests were carefully drafted to obtain documents which specifically relate to the claims asserted by Plaintiffs themselves in response to Interrogatory No. 10. They are not overbroad and they do not lack specificity.

Plaintiffs' reliance on the decision in *In re Hunter Outdoor Products, Inc., 21 Bank. Rptr. 188 (D. Mass. 1982)* is of no help. In *Hunter*, the court found that the real issue was whether the bank defendant should be required to make the plaintiff trustee's case for him. *Id. at 192.* As found by the court, the "trustee apparently seeks to have the Bank search through all of its records and identify each and every document or thing which shows or tends to prove the plaintiff's case." The *Hunter* court found this type of document request to be improper. *Id. at 193.* In this case, HSBC has sought to have Plaintiffs produce documents which pertain or relate to **their** allegations regarding damages **they** incurred. The *Hunter* case is inapplicable.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 6 of 10 pages

Plaintiffs' reliance on the decision in *International Commodities Corporation v. International Ore & Fertilizer Corp., 30 F.R.D. 58 (S.D.N.Y. 1961)* is similarly misplaced. In that antitrust action the plaintiff requested "all documents which contain descriptions of [defendant's] and its subsidiaries' businesses, the sources of their income, the manner in which they do business, and the persons (including corporations and associations) with whom they do business." *Id. at 60*. Obviously, this type of request would encompass virtually every document within the possession of the defendant. Not surprisingly, the court found that the document request was overbroad and denied the plaintiff's motion for discovery and inspection. *Id. at 61*. The decision in the *International Commodities* case is inapplicable. As noted above, HSBC's Requests demand production of specific documents related to allegations made by Plaintiffs themselves in support of their claims for damages.

### III. THERE IS NO VIOLATION OF THE LOCAL RULES.

As a fallback position, Plaintiffs next argue that even if the subject Requests are not objectionable and they should have timely produced the documents coming within the scope of the Requests, they are excused from such compliance because the "meet and confer" session between counsel was not long enough and because counsel for HSBC refused to wait more than one week for Plaintiffs' attorneys to provide their one-paragraph insert to the discovery dispute stipulation before filing the Motion to compel. *KSI Memo at 9-13*. These arguments are baseless.

In considering Plaintiffs' arguments it is important for the Court to understand the timing of the relevant events that lead up to the filing of the Motion by HSBC. On June 9, 2004, this Court issued its Order which granted, in part, HSBC's motion to vacate the scheduling order and, among other things, set new deadlines in the case including a discovery cut-off date of August 17, 2004. On June 9, 2004, HSBC served the 2nd Request upon Plaintiffs' counsel. On July 9, 2004, Plaintiffs served

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 7 of 10 pages

their objections and responses to the 2nd Request but did not produce a single document. On July 12, 2004, HSBC sent a letter to Plaintiffs' counsel requesting a meet and confer session at alternate times on July 13. On July 12 Plaintiffs' counsel responded that she was "unavailable" to meet until four days later, on July 16. On July 12, HSBC's counsel wrote back to advise that time was of the essence and that unless counsel met on July 14 then HSBC would assume that a meeting was refused and HSBC would proceed with a motion to compel. On July 13, Plaintiffs' counsel wrote and advised that "**we will provide the documents to you on Friday, July 16, 2004**" that were requested in the 2nd Request. On July 13, HSBC's counsel wrote back to Plaintiffs' counsel and stated the following:

> "From reading your letter, it is my understanding that your office will be producing at our offices all documents in your clients' possession, custody, and control which are responsive to Request Numbers 13 through 20 in the 2nd Request no later than 5:00 p.m. on July 16, 2004. If my understanding is incorrect, please advise me immediately so that we may proceed with an ex parte application and motion to compel."

Plaintiffs' attorney did not respond to this letter and HSBC understood that documents responsive to the subject Requests would be produced no later than July 16, 2004. However, instead of producing the documents as promised, Plaintiffs served an amended response at 4:35 p.m. on July 16 without the production of a single document, in clear violation of their counsel's representation in her July 13 letter. *See, HSBC Memo at 2-4.*

On July 21, 2004, HSBC's attorneys sent a letter to Plaintiffs' counsel which advised them that the supplemental responses to the 2nd Request were deficient and that the Plaintiffs had failed to produce the documents as promised by their attorneys. The letter also advised that a "meet and confer" session would be held at the attorney's offices on July 22 at the conclusion of a deposition. On July 22, 2004, Plaintiffs' counsel replied with a note that July 22 was unacceptable and that he would

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 8 of 10 pages

"meet and confer" after the Don Hemlani deposition which was held on July 23, 2004. On July 23, 2004, a "meet and confer" session was held with Joaquin C. Arriola regarding Request Nos. 13 through 20 of the 2nd Request. Counsel were unable to resolve any of the disputes and Plaintiffs' counsel refused to produce any additional documents. *Pipes Decl.* On July 23, 2004, HSBC's attorneys sent a letter to Plaintiffs' counsel which advised that HSBC's attorneys were preparing the required stipulation, pursuant to Local Rule 37.1, and provided counsel with HSBC's inserts for the stipulation. The letter asked that Plaintiffs provide their inserts no later than 4:00 p.m. on July 26, 2004, or HSBC would prepare and file a declaration of non-cooperation. Instead of providing Plaintiffs' inserts to the stipulation, Plaintiffs' counsel sent a letter at approximately 4:52 p.m. on July 26, 2004, advising HSBC's attorneys that Plaintiffs would not provide any "Response" for the stipulation until July 31, 2004. *See, Declaration of Richard A. Pipes re Non-Cooperation By Opposing Party on HSBC's Motion for Order Compelling Discovery, filed herein on July 28, 2004.*

Since Plaintiffs would not provide their inserts to the discovery dispute stipulation, a Declaration of non-cooperation was filed with the Motion on July 28, 2004. On July 30, 2004, Plaintiffs' counsel belatedly provided their one-paragraph insert to the discovery dispute stipulation, which they apparently needed one week to complete. *See, Declaration of Anita Arriola in Support of Opposition to Motion to Compel, Exh. "8", filed herein on September 8, 2004.*

Since the discovery cut-off deadline at that time was August 17, 2004, Plaintiffs and their attorneys clearly had a motive for their obstructive and dilatory conduct described above: the longer they could forestall production of the requested documents the more likely it was that the discovery deadline would expire and HSBC would not have the benefit of the documents in preparing for depositions of the Plaintiffs, conducting any further discovery, and preparing for trial, which was then

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 9 of 10 pages

scheduled to commence on October 19, 2004.

Plaintiffs' argument that the "meet and confer" session on July 23, 2004, did not comply with the Local Rules is frivolous. First, Rule 37.1(a) simply requires that the "attorneys meet in person in a good faith effort" to see if any of the disputes can be eliminated. The Rule does not impose any minimum length for the conference. Plaintiffs admit that the conference lasted "approximately fifteen minutes" and each of the subject Requests was discussed. *See, Declaration of Joaquin C. Arriola, filed herein on September 8, 2004.* Since there were eight Requests in dispute (Request Nos. 13 thru 20), then the attorneys spent an average of almost 2 minutes discussing each Request. The Rule simply does not require anything more elaborate.

Second, Plaintiffs' attorney at the meet and confer session stood by the objections lodged and refused to consider producing any documents, even in partial compliance with the Requests. *Pipes Decl.* In light of Plaintiffs' refusal to produce **any** of the documents within the scope of the subject Requests, HSBC was not required to engage in any lengthy discussion to determine that the discovery disputes could not be resolved without intervention of the Court. Rule 37.1 does not require HSBC to continue arguing with Plaintiffs' attorneys when they have stated that they stand by their objections and will not produce any documents.

Plaintiffs' argument that HSBC's motion must be denied because HSBC did not wait one week for Plaintiffs' one-paragraph insert to the stipulation required by Rule 37.1 is equally without merit. As discussed above, the discovery deadline was fast approaching and the Plaintiffs' attorneys were given from the afternoon of July 23 to 4:00 p.m. on July 26 to provide their insert to the stipulation. Instead, on July 26, Plaintiffs' counsel wrote a two-page letter demanding more time and advised that the

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Reply Memorandum of Points and Authorities in Support of Motion for Order Compelling Discovery on Second Request for Production of Documents
Page 10 of 10 pages

"insert" would be provided by "Friday, July 31, 2004".[1] It was patently unreasonable for Plaintiffs' counsel to demand 8 full days to prepare their "insert" to the stipulation which consisted of one paragraph. Again, it was clearly Plaintiffs' intent to delay HSBC's attempts to file its Motion and prepare for trial.[2] Local Rule 37.1 was not violated.

Accordingly, HSBC moves this Court for an Order compelling production by Plaintiffs within 48 hours of the documents requested in Request Nos. 13 through 20 of the 2nd Request and imposing sanctions in the forms of all costs and attorney's fees reasonably incurred by HSBC in the bringing of this motion.

Dated this 15th day of September, 2004.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

By: _____
RICHARD A. PIPES

---

[1] July 31, the date on which Plaintiffs' counsel committed to providing the "insert" to the stipulation, is actually a Saturday, which would have allowed counsel 8 full days to prepare their one-paragraph "insert" to the stipulation. It would also mean that HSBC could not possibly file the stipulation with Court until the next working day-August 2, 2004.

[2] Plaintiffs are two-faced on this argument. When Plaintiffs are filing a motion to compel, they have no hesitation in demanding that all parties and counsel accede to their demands, such as 41 hours notice of a meet and confer session. See, Pipes Decl., Exh. "B".