JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.



## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |

### INTRODUCTION

Plaintiffs Alan Sadhwani oppose defendant Hongkong and Shanghai Banking Corporation, Ltd.'s ("HSBC") Objections to Magistrate Judge's Order on these grounds: (1) the Objections have been rendered moot by a Stipulation and Order Modifying the Scheduling Order in this case and by subsequent events; and (2) HSBC has failed to meet its burden of showing that the the Magistrate's Order was clearly erroneous or contrary to law. For these reasons, HSBC's Objections should be denied and the Magistrate Judge's Order confirmed as it relates to HSBC's motion to modify the Scheduling Order.

**ORIGINAL**

## STATEMENT OF FACTS

On May 7, 2004, HSBC filed an Ex Parte Motion to Vacate Scheduling Order an Continue Discovery and Trial Dates in this action. The motion was supported by the Declaration of Jacques Bronze filed on the same date and a Declaration of Philippine Legal Counsel filed on May 17, 2004. Plaintiffs filed an Opposition and Declaration of Anita P. Arriola on May 19, 2004. Mr. Bronze filed a reply memorandum and a supplemental declaration in support of the motion on May 21, 2004.

On June 3, 2004, the Honorable Joaquin V.E. Manibusan, Jr., Magistrate Judge, heard oral argument on HSBC's motion. On June 9, 2004, the Magistrate Judge issued an Order granting in part and denying in part HSBC's motion.

On June 23, 2004, HSBC filed Objections to the Magistrate Judge Order dated June 9, 2004; Request for Oral Argument. HSBC also filed a Declaration of Jacques Bronze ("Bronze") in support of the Objections on the same date. Attached to Bronze's declaration are exhibits not previously filed with its original motion and not considered by the Magistrate Judge.

## ARGUMENT

### I. HSBC'S OBJECTIONS ARE MOOT.

On August 18, 2004, plaintiffs and HSBC executed a Stipulation and Order Modifying Scheduling Order in this case. The Stipulation, drafted by HSBC's counsel Richard Pipes, states that the parties "negotiated a stipulation in the best interests of their respective clients and came before the Court on July 30, 2004, and recited the terms of such stipulation on the record and the parties now wish to reduce such stipulation to writing and confirm this Court's approval by this pleading . . . " Stipulation and Order Modifying Scheduling Order at 1-2. In the Stipulation, the parties agreed to an extension of the discovery, motion and other deadlines required by Local Rule 16.2. Id. at 2. The parties also agreed to a continuance of the trial date to January 25, 2005. Id.

In the Stipulation, HSBC "does not waive any its [sic] rights to pending Objections filed to decisions of the Magistrate Judge regarding scheduling and depositions." Stipulation and Order Modifying Scheduling Order at 2. HSBC's Objections are based upon the Magistrate Judge's Order "modifying the Scheduling Order to the detriment of HSBC." HSBC's Objections at 1. "HSBC objects to the Magistrate Order's modifying the Scheduling Order by denying HSBC's request for a longer discovery period." Id. However, HSBC's execution of the Stipulation and Order constitutes an explicit agreement that the discovery deadline contained therein (November 17, 2004) is acceptable to and binding upon HSBC. Stipulation and Order Modifying Scheduling Order at 2.

In addition, HSBC complains that it filed a motion to dismiss the Second Amended Complaint which "will not be heard until August 23, 2004" and that the discovery cut-off of August 17, 2004 will pass before HSBC's motion to dismiss is heard. HSBC states: "The scheduling severely prejudices HSBC and puts HSBC in the untenable position of trying to conclude discovery and file a motion for summary judgment before the Court decides which portions of the Complaint are viable." HSBC's Objections at 10. All of these complaints have been rendered moot by subsequent events. Plaintiffs request that the Court take judicial notice of the fact that plaintiffs filed a Third Amended Complaint in this matter on August 16, 2004. HSBC's motion to dismiss certain causes of action in that complaint will be heard on October 1, 2004.

Accordingly, HSBC's Objections are moot and the Court should overrule the Objections.

II. **HSBC HAS FAILED TO MEET ITS BURDEN OF SHOWING THAT THE MAGISTRATE JUDGE'S FACTUAL FINDINGS ARE CLEARLY ERRONEOUS OR THAT ITS CONCLUSIONS OF LAW ARE CONTRARY TO LAW.**

A. The Standard of Review.

A magistrate judge's ruling on a nondispositive motion may be reversed only if it is clearly

-3-

erroneous or contrary to law. <u>Bobkoski v. Board of Educ. Of Cary Consol. School Dist. 26</u>, 141 F.R.D. 88 (N.D. Ill. 1992); <u>Wahad v. F.B.I.</u>, 132 F.R.D. 17 (S.D.N.Y. 1990). A review by the district judge of an order issued by a magistrate judge provides considerable deference to the determination of the magistrate. <u>In re Search Warrants Issued Aug. 29, 1994</u>, 889 F. Supp. 296 (S.D. Ohio 1995). A magistrate judge's factual finding is clearly erroneous when it is contrary to the clear weight of the evidence or when the court has a definite and firm conviction that a mistake has been committed. <u>Young v. Conductron Corp.</u>, 899 F.Supp. 39 (D.N.H. 1995). Conclusions of law are reviewed under the more lenient "contrary to law" standard. <u>Jochims v. Isuzu Motors, Ltd.</u>, 151 F.R.D. 338 (S.D. Iowa 1993).

    B.    <u>The Court Should Disregard Evidence Not Considered by the Magistrate Judge and Presented for the First Time to this Court</u>.

Bronze's declaration, filed in support of HSBC's Objections, contains several new matters and attaches exhibits that were not filed with HSBC's original motion and not considered by the Magistrate Judge: Exhibits 1, 3 and 5; and paragraphs 6, 7, 12, 13, , 14, 15 and 16.

A party is not entitled to de novo review of argument not raised in a seasonable manner before magistrate judge. <u>Baker v. Ace Advertisers' Service, Inc.</u>, 153 F.R.D. 38 (S.D.N.Y. 1992). HSBC did not raise these issues or file these exhibits with their original motion. The Court should decline to consider or address these issues or the exhibits. <u>Segal v. Hohne Contractors, Inc.</u>, 303 F. Supp.2d 790, 796 n.6 (S.D.W.Va. 2004) (where party did not raise issue in their original motion before magistrate judge, district court judge declined to address issue).

    C.    <u>HSBC's Objections Regarding the "18 month" Reference.</u>

HSBC first objects that the Magistrate Judge's finding that "HSBC's request to extend the discovery period for another 18 months . . . was unreasonable," and that such conclusion was clearly

erroneous. In its [Proposed] Amended Scheduling Order filed with the Court on May 7, 2004, HSBC requested an extension of time of 12 months and seven days for the discovery deadline. Thus, the Magistrate Judge's reference to "18 months" is mistaken.[1] Upon an objection, the Court can modify any portion of the order. Ariza v. U.S. West Communications, Inc., 167 F.R.D. 131, 133 (D. Colo. 1996). The Court can therefore modify the Magistrate Judge's Order to state that HSBC's request to extend the discovery period was for another "12 months seven days" instead of the 18 months referenced in the Order.

Even if the "18 months" reference is modified, it was not the critical factor relied upon by the Magistrate Judge in denying HSBC's request to extend the discovery deadline. The Magistrate Judge found HSBC's request for an extension of the discovery deadline beyond what the plaintiffs were requesting (two months) to be "unreasonable" due to HSBC's failure to support its claim that it wished to take the depositions of two foreign witnesses. The Magistrate Judge found that plaintiffs had stated that they do not intend to call the foreign witnesses at trial; HSBC had failed to propound any Letters of Request to commence the depositions; HSBC had been less than diligent in its efforts to commence discovery; and the Magistrate Judge's listing a total of nine (9) motions filed by HSBC's between March 31, 2004 and June 3, 2004) to stay discovery or which would have the effect of staying discovery. June 9, 2004 Order at 5.

HSBC objects that while plaintiffs stated they had no intention to call Messrs. Jadwani and Mukhi as witnesses, plaintiffs "were not giving up their right to call them as witnesses." HSBC's Objections at 6. What HSBC does not reveal is that at oral argument, plaintiffs had argued that

---

[1] The Magistrate Judge may have relied erroneously upon Bronze's reference to "18 months" in his argument at the hearing on June 3, 2004. In response to a question by the Magistrate Judge about how long discovery runs until a trial is scheduled, Bronze replied, "I think it's 18 months . . ." R.T. Motion hearing of June 3, 2004 at 15. (The transcript for the hearing was filed in this matter on May 16, 2004.)

-5-

HSBC could obtain the information they wanted from the depositions of plaintiffs. R.T. Motions Hearing of June 3, 2004 at 30. The Magistrate Judge also indicated at oral argument that the information sought by HSBC could be obtained by interrogatories served on plaintiffs. Id. In other words, there are less expensive and more efficient ways to obtain the information instead of obtaining letters of request and flying to the Philippines or Dubai to take depositions. Yet HSBC had not (and still has not) attempted to serve interrogatories or take the depositions of the plaintiffs in order to determine if the depositions of the foreign witnesses is actually necessary. HSBC's complaint that it is being deprived of the right to take these depositions rings hollow, as HSBC has failed to act diligently.

In addition, in its original motion and reply, HSBC did not deny that it had not propounded any Letters of Request to commence the foreign depositions. HSBC's litany of discovery that it had commenced was sparse and fully justified a finding by the Magistrate Judge that HSBC had been "less than diligent" in its efforts to commence discovery. Notably, in its Objections HSBC does not even address the Magistrate Judge's finding concerning the filing of its numerous motions seeking to delay discovery. In its original motion HSBC's only excuse was that it could not conduct discovery while it was seeking to stay depositions. This is a poor excuse for its lack of diligence. HSBC has simply not established that the Magistrate Judge's findings were contrary to the "clear weight of evidence."

The Magistrate Judge correctly considered that F.R.C.P. 16(b) provides that the "scheduling order shall not be modified except by leave of court and upon a showing of good cause." The Magistrate Judge also properly considered that the "good cause" standard primarily considers the diligence of the party seeking the modification. June 9, 2004 Order at 5. *See, e.g.,* Zivkovic v.

-6-

Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002) (citation omitted) ("[i]f the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."); Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha, 218 F.R.D. 667, 671 (D.Cal. 2003). A magistrate's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. Rodriguez v. Pataki, 293 F. Supp. 2d 302, 304 (S.D.N.Y. 2003). The Magistrate Judge's conclusion of law to deny HSBC's motion to extend the discovery deadline to the time sought by HSBC was not contrary to law, as it applied the relevant rules of procedure, including the Local Rules of the District Court of Guam. June 9, 2004 Order at 4.

D. HSBC's Objections Regarding Plaintiffs' Claims of Prejudice.

HSBC also objects that the Magistrate Judge "apparently found prejudice to the Plaintiffs based upon hearsay statements made by Plaintiffs' counsel at the June 3, 2004 hearing to the effect that Plaintiffs had to pay $75,000 per month on their loan of $6.5 million dollars and that there was the "possibility" of foreclosure." HSBC's Objections at 12. HSBC complains that these statements were hearsay and were not contained in any pleading or declaration. Id. However, the Magistrate Judge made that finding concerning extension of the *trial date*, and not extension of the discovery deadline. June 9, 2004 Order at 4. The finding is therefore irrelevant to HSBC's objections concerning extension of the *discovery deadline*.

Moreover, the statements made by plaintiffs' counsel were confirmed by Bronze. At oral argument on HSBC's motion, the Magistrate Judge asked whether plaintiffs would suffer any prejudice if the trial date was extended. Plaintiffs' counsel informed the Magistrate Judge that plaintiffs were making monthly payments of $75,000 on the loan that was sold by HSBC to Paradise

-7-

Marine Corporation ("PMC"). R.T. Motion hearing of June 3, 2004 at 31. Plaintiffs' counsel also stated that plaintiffs would suffer prejudice because PMC has already claimed they are in default and PMC would likely foreclose on plaintiffs' properties. Id. at 32.

Bronze responded as follows:

> The burden on KSI is no different than any litigant that chooses to come to this court and file a case. Litigants always face immeasurable either damages or burdens. *What they faced when they face this loan, 75,000, is the same they face now having to pay PMC 75,000. And I'm informed by PMC they have now stopped making payments on that; that's their problem.* If they are refusing to pay PMC to finance this litigation, they do that at their own peril.

R.T. Motion hearing of June 3, 2004 at 40 (emphasis added).

The Magistrate Judge's finding concerning the prejudice suffered by plaintiffs was therefore not "clearly erroneous." HSBC's Objection is without merit and should be overruled by the Court.

## CONCLUSION

Plaintiffs respectfully request that in reviewing the Magistrate Judge's Order of June 9, 2004, the Court should find that it was not "clearly erroneous or contrary to law." Absent such a finding, the Magistrate Judge's Order should be upheld. Brinston v. Dunn, 919 F. Supp. 240, 242 (S.D. Miss. 1996).

Dated this 22nd day of September, 2004.

                                                ARRIOLA, COWAN & ARRIOLA
                                                Counsel for Plaintiffs Alan Sadhwani, et al.

By: _____
                                                      ANITA P. ARRIOLA

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 22, 2004, I caused to be served via hand delivery, **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** to:

>Jacques G. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 22nd day of September, 2004.

_____
ANITA P. ARRIOLA