**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.



## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' SECOND EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |

## INTRODUCTION

Plaintiffs file this motion to modify the Stipulated Protective Order Governing Discovery, ("Stipulated Protective Order") filed in this case on February 11, 2004. The Stipulated Protective Order provides that if a party to the Stipulated Protective Order is involved in litigation that raises issue related to the issues in this case, then the party may move the Court to allow the use of Confidential Business Information produced in this litigation in connection with the related litigation under the terms and conditions of the Stipulated Protective Order. Plaintiffs have filed an action in the Superior Court of Guam entitled <u>Alan Sadhwani et al., v. Paradise Marine Corporation</u>, Civil

Case No. CV0739-04, ("the Related Litigation") which raises issues related to this litigation. Plaintiffs took the deposition of HSBC's General Manager Ian Chrystie Underwood ("Underwood") in this matter; his deposition is relevant to the claims and defenses and the subject matter of the Related Litigation. Accordingly, plaintiffs seek a modification of the Stipulated Protective Order to allow them to use Underwood's deposition in the Related Litigation. As required by the Stipulated Protective Order, plaintiffs will abide by the terms and conditions of the Stipulated Protective Order, including filing Underwood's deposition with the Superior Court under seal.

The Superior Court has ordered that the deposition transcript of Underwood be disclosed to the defendant Paradise Marine Corporation's counsel in the Related Litigation and that deposition excerpts be filed by Friday, September 24, 2004. Accordingly, plaintiffs request an immediate ruling from this Court on their motion.

Plaintiffs previously obtained an Order from this Court modifying the terms of the Stipulated Protective Order to allow the use and filing of certain documents designated confidential by HSBC in the Related Litigation. *See* Order Granting Plaintiffs' Ex Parte Motion to Modify Stipulated Protective Order Governing Discovery dated August 5, 2004. Pursuant to that Order, plaintiffs obtained a Stipulation and Order in the Related Litigation to protect the confidentiality of those documents. *See* Stipulation and Order dated August 6, 2004, attached as Exhibit 4 to A. Arriola Decl.

Plaintiffs requested that HSBC stipulate to a modification of the Stipulated Protective Order. A. Arriola Decl., Exh. 1. HSBC offered to stipulate to modify the protective order but only if plaintiffs agreed to three conditions, including stipulating to the *pro hac vice* application of off-island counsel for HSBC. A. Arriola Decl. Exh. 2. Plaintiffs could not agree to all three conditions. A.

Arriola Decl., Exh. 3. Consequently, plaintiffs are forced to bring this motion to modify the Stipulated Protective Order.

## ARGUMENT

I. **GOOD CAUSE EXISTS TO ALLOW PLAINTIFFS USE OF THE UNDERWOOD DEPOSITION IN THE RELATED LITIGATION.**

Page 4, paragraph III (A) of the Stipulated Protective Order provides in pertinent part as follows:

> "Except as provided for herein, Confidential Business Information disclosed in accordance with this Protective Order may only be used in the above-captioned litigation. If the parties to this Protective Order, or their successors or assigns are involved in other litigation with one or all the parties to this Protective Order or *if such other litigation raises issues related to the issues in the above-captioned litigation ("Related Litigation")*, any such party may move the court to allow the use of the Confidential Business Information produced in this litigation in connection with the Related Litigation under the terms and conditions of this Protective Order."

(Emphasis added). Plaintiffs filed the Related Litigation against Paradise Marine Corporation ("PMC"), which raises issues related to this litigation. Plaintiffs filed a Verified Complaint against PMC on June 30, 2004, seeking a Temporary Restraining Order, Preliminary and Permanent Injunctions, Declaratory Relief and Damages against PMC. A. Arriola Decl. (The Verified Complaint was attached to the Declaration of Anita P. Arriola previously filed in this case on July 14, 2004). PMC is the purchaser of Plainitffs' Loan that was previously held by HSBC. Id. Plaintiffs contend in the Related Litigation that they have two defenses to enforcement of the Promissory Note and Business Loan Agreement held by PMC: first, the Business Loan Agreement expressly limits sale of the Sadhwani's Loan to "one or more participation interests" only, and the sale of their Loan to PMC was not a sale or transfer of "one or more participation interests; second,

plaintiffs contend that there was a workout agreement between plaintiffs and HSBC and the Loan was sold in violation of the workout agreement. Id.

Plaintiffs filed their Verified Complaint and an Ex Parte Motion for a Temporary Restraining Order against PMC on the grounds that PMC was attempting to collect rents from the Sadhwani tenants and foreclose on the property securing the Sadhwani Loan based on the Loan documents executed by the Sadhwanis and HSBC. *See* A. Arriola Decl. A Temporary Restraining Order was granted by the Court on July 2, 2004. Id. That Order enjoined and restrained PMC from collecting any rents from the Sadhwani tenants and taking any action to foreclose on the mortgaged properties. Id. The Order continues in effect until a status hearing in the case on October 18, 2004. Id.

At a hearing on July 12, 2004, the Superior Court, by agreement of the parties, set a briefing schedule for the parties. A. Arriola Decl. PMC filed a motion for summary judgment on July 20, 2004. Id. In the motion, PMC claims that it is a holder in due course and that it had no notice of the workout agreement between plaintiffs and HSBC. Id. In the meantime, on July 30, 2004, plaintiffs took Underwood's deposition in this matter. Id. A hearing on the summary judgment motion was held on September 17, 2004. Id. Underwood's deposition transcript was not prepared at the time and plaintiffs' counsel requested leave of court to file deposition excerpts showing that, according to Underwood's testimony, HSBC had provided the documents evidencing the workout agreement to PMC. Id. PMC"s counsel objected and the Superior Court ordered plaintiffs to disclose the entire Underwood deposition transcript to PMC and that plaintiffs file the deposition excerpts on Friday, September 24, 2004. Id.

Because the Superior Court requires plaintiffs to provide the Underwood deposition transcript to PMC and to file deposition excerpts on September 24, 2004, plaintiffs require an

-4-

immediate ruling from this Court regarding modification of the Stipulated Protective Order.

F.R.C.P. 26(c) provides that "for good cause shown" the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including "that a trade secret or other confidential research, development or commercial information not be revealed or *be revealed in a designated way.* F.R.C.P. 26(c)(7). (Emphasis added). Any such order requires that the court "identify and discuss the factors it considered in its "good cause" examination to allow appellate review of the exercise of its discretion." Phillips v. General Motors, 307 F. 3d 1206, 1212 (9th Cir. 2002).

The Ninth Circuit "strongly favors access to discovery materials to allow the needs of parties engaged in collateral litigation." Beckman Industries Inc. v. International Insurance Co., 966 F. 2d 470, 475 (9th Cir. 1992). The Court held that allowing the "fruits of one litigation to facilitate preparation in other cases advances the interest of judicial economy by avoiding the wasteful duplication of discovery." Id., citing United Nuclear Corporation v. Cranford Insurance Company, 905 F. 2d 1424, 1426 (10th Cir. 1990). ("where appropriate modification of a protective order can place private litigants in the position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification"). Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interest and privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material, should generally be granted. Foltz v. State Farm Mutual Automobile Insurance Company, 331 F. 3d 1122, 1132 (9th Cir. 2003).

Here, plaintiffs must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. Foltz, 331 F. 3d at 1132. Such relevance hinges "on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." Id. Under the relevance inquiry, the court that granted the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation and that a substantial amount of duplicative discovery will be avoided by modifying the protective order. Foltz, 331 F. 3d at 1132.

A major issue in the Related Litigation is whether PMC is a holder in due course under Guam law.[1] A. Arriola Decl. Plaintiffs contend that PMC is not a holder in due course, since PMC had notice of the workout agreement. Id. Further, plaintiffs contend that PMC was advised by its attorney Edwin Ching that there were major problems with the documentation on the Loan and that despite these problems, PMC decided to purchase the Loan anyway. Id. PMC's failure to inquire about the circumstances of the loan documentation implicates the "good faith" requirement of a holder in due course.[2] Id.

As the Court can see from the Verified Complaint, there is a substantial degree of overlap in the facts, parties and issues between this litigation and the Related Litigation. This litigation is a lawsuit between the plaintiffs Sadhwani and HSBC based on HSBC's sale of the Loan to PMC.

---

[1] Under 13, G.C.A. section 3302, a holder in due course is a holder who takes an instrument for value and in good faith, and without notice of any defense against it or claim to it on part of any person. If PMC is not a holder in due course, it the takes instrument subject to all valid claims to it and defenses of any party which would be available in an action on a simple contract

[2] In General Inv. Corp. v. Angelini, 278 A.2d 193 (1971), the Court held that the "good faith" requirement is implicated when, under the particular circumstances of a transfer of an instrument, the purchaser fails to make adequate inquiry about defects or defenses in the transaction. In that case, the court held that failure to make adequate inquiry resulted in the purchaser's failure to meet the good faith requirement and not acquiring the status of a holder in due course.

-6-

The Related Litigation involves the same plaintiffs Sadhwani against PMC as a result of the sale of the Sadhwani loan by HSBC to PMC. As the Magistrate Judge in this case previously held, "The instant action and the Related Litigation both concern facts, events, circumstances and claims stemming from Defendant HSBC's sale of the plaintiffs' loan to Paradise Marine Corporation." *See* Order of August 5, 2004.

## II. HSBC WILL NOT SUFFER HARM OR PREJUDICE IF THE PROTECTIVE ORDER IS MODIFIED.

HSBC must show that for each particular document it seeks to protect, it will suffer specific prejudice or harm if the Protective Order is modified. Foltz, 331 F. 2d at 1130; Beckman, 966 F. 2d at 476. HSBC must provide "specific demonstrations of fact, supported if possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm." Foltz, 331 F. 3d at 1130, quoting DeFord v. Schmid Products Company, 120 FRD 648, 653 (D. Md 1987).

Here, HSBC cannot meet its burden of showing "specific prejudice or harm." Beckman, 966 F. 2d at 476. As stated by the Ninth Circuit in the Foltz case, any harm caused by disclosure of trade secrets, financial information, or other confidential information can be protected by placing the users of the documents under the same use and disclosure restrictions contained in the original protective order. Underwood's deposition will still be subject to the terms of the Protective Order and will be filed under seal by plaintiffs in the Related Litigation. In addition, HSBC was willing to stipulate to modify the protective order but only upon acceptance by plaintiffs of onerous conditions.

Moreover, the parties clearly contemplated that evidence produced in this litigation could be used in other litigation raising related issues, since both parties agreed to and specifically included paragraph III in the Stipulated Protective Order. HSBC cannot now argue that they did not intend

-7-

for their documents to be used in any collateral litigation. Accordingly, HSBC cannot claim prejudice or harm by allowing use of these documents in the Related Litigation.

## CONCLUSION

For all the foregoing reasons, plaintiffs respectfully requests that the Court modify the Stipulated Protective Order to allow use and filing of the Underwood deposition transcript under seal in the Related Litigation and that such transcript be subject to the same terms and conditions of the Stipulated Protective Order when they are filed or used in the Related Litigation.

Dated this 22nd day of September, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: /s/ Anita P. Arriola
**ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 22, 2004, I caused to be served via hand delivery, a **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' SECOND EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 22nd day of September, 2004.

_____
**ANITA P. ARRIOLA**