JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



FILED
DISTRICT COURT OF GUAM

SEP 22 2004

MARY L. M. MORAN
CLERK OF COURT

282

Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' SECOND EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY; CERTIFICATE OF COUNSEL (L.R. 16(j)(1))** |

ANITA P. ARRIOLA declares:

1.    I am one of the attorneys for the plaintiffs Alan Sadhwani, et al. in the above-entitled case. I make this Declaration in support of Plaintiffs' Ex Parte Motion to Modify Stipulated Protective Order Governing Discovery. I have personal knowledge of the facts contained herein.

2.    I represent Alan Sadhwani, Laju Sadhwani and K. Sadhwani's Inc., (the same plaintiffs in this litigation ), as plaintiffs in the Superior Court of Guam in an action entitled Alan Sadhwani et al., v. Paradise Marine Corporation, Civil Case No. CV0739-04, ("the Related Litigation"). The Related Litigation raises issues that are related to this litigation. In this case, I took the deposition of Ian Chrystie Underwood ("Underwood"), General Manager of HongKong and

**ORIGINAL**

Shanghai Banking Corp., Ltd. ("HSBC"); his testimony is relevant to the claims and defenses and the subject matter of the Related Litigation. The plaintiffs in this case seek a modification of the Stipulated Protective Order to allow them to use Underwood's deposition in the Related Litigation. As required by the Stipulated Protective Order, plaintiffs in the Related Litigation will abide by the terms and conditions of the Stipulated Protective Order, including filing with the Superior Court under seal, the Underwood deposition transcript.

      3.      Plaintiffs requested that HSBC stipulate to a modification of the Stipulated Protective Order. A true and correct copy of my letter of September 20, 2004 is attached hereto as Exhibit 1. HSBC's counsel Richard Pipes responded and offered to stipulate to modify the protective order only if plaintiffs agreed to three conditions, including stipulating to the pro hac vice application of HSBC's off-island counsel. A true and correct copy of his letter dated September 21, 2004 is attached hereto as Exhibit 2. Plaintiffs could not argue to two of the conditions. A true and correct copy of the letter dated September 22, 2004 is attached hereto as Exhibit 3. Consequently, plaintiffs are forced to file a motion to modify the Stipulated Protective Order.

      4.      Plaintiffs filed a Verified Complaint against PMC in the Superior Court of Guam on June 30, 2004, seeking a Temporary Restraining Order, Preliminary and Permanent Injunctions, Declaratory Relief and Damages against PMC. A true and correct copy of the Verified Complaint with Exhibits is attached to my declaration filed in this Court on July 14, 2004 and attached thereto as Exhibit 3.

      5.      PMC is the purchaser of Plaintiffs' Loan that was previously held by HSBC Plaintiffs contend in the Related Litigation that they have two defenses to enforcement of the Promissory Note and Business Loan Agreement held by PMC: first, the Business Loan Agreement expressly limits sale of the Sadhwani's Loan to "one or more participation interests" only, and the sale of their Loan to PMC was not a sale or transfer of "one or more participation interests; second, plaintiffs contend

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-2-

that there was a workout agreement between plaintiffs and HSBC and the Loan was sold in violation of the workout agreement.

6.      Plaintiffs filed their Verified Complaint and an Ex Parte Motion for a Temporary Restraining Order against PMC on the grounds that PMC was attempting to collect rents from the Sadhwani tenants and foreclose on the property securing the Sadhwani Loan based on the Loan documents executed by the Sadhwanis and HSBC.   A Temporary Restraining Order was granted by the Court on July 2, 2004.    That Order enjoined and restrained PMC from collecting any rents from the Sadhwani tenants and taking any action to foreclose on the mortgaged properties.   The Order continues in effect until a status hearing in the case on October 18, 2004.

7.      I had previously obtained an Order in this case modifying the Stipulated Protective Order.  See Order Granting Plaintiffs' Ex Parte Motion to Modify Stipulated Protective Order Governing Discovery of August 5, 2004. Upon obtaining that Order, I also obtained a Stipulation in the Superior Court to abide by the terms of the Stipulated Protective Order.  A true and correct copy of that Order is attached hereto as Exhibit 4.

8.      At a hearing on July 12, 2004, the Superior Court, by agreement of the parties, set a briefing schedule for the parties.  PMC filed a motion for summary judgment on July 20, 2004.  In the motion, PMC claims that it is a holder in due course and that it had no notice of the workout agreement between plaintiffs and HSBC.  In the meantime, on July 30, 2004, plaintiffs took Underwood's deposition in this action.  A hearing on the summary judgment motion was held on September 17, 2004.  Underwood's deposition transcript was not prepared at the time and plaintiffs' counsel requested leave of court to file deposition excerpts showing that, according to Underwood's testimony,  HSBC had provided the documents evidencing the workout agreement to PMC. PMC"s counsel objected and the Superior Court ordered plaintiffs to disclose the entire Underwood deposition transcript to PMC and that the plaintiffs file deposition excerpts on Friday, September 24, 2004.

-3-

9.     Because the Superior Court requires plaintiffs to provide the Underwood deposition transcript to PMC and to file deposition excerpts on September 24, 2004, plaintiffs require an immediate ruling from this Court regarding modification of the Stipulated Protective Order.

10.     A major issue in the Related Litigation is whether PMC is a holder in due course under Guam law. Plaintiffs contend that PMC is not a holder in due course, since PMC had notice of the workout agreement. Further, plaintiffs contend that PMC was advised by its attorney Edwin Ching that there were major problems with the documentation on the Loan and that despite these problems, PMC decided to purchase the Loan anyway. PMC's failure to inquire about the circumstances of the loan documentation implicates the "good faith " requirement of a holder in due course.

11.     Underwood's deposition testimony establishes that the documents evidencing the workout agreement between plaintiffs and HSBC were provided to PMC's attorney Mr. Ching during his "due diligence" investigation of loan and other documents before PMC purchased plaintiffs' Loan from HSBC. His testimony is highly relevant to the issues in the Related Litigation, namely whether PMC is a holder in due course; whether PMC had notice of the workout agreement; and whether PMC meets the "good faith" requirement of a holder in due course.

12.     There is a substantial degree of overlap in the facts, parties and issues between this litigation and the Related Litigation. This litigation is a lawsuit between the plaintiffs Sadhwani and HSBC based on HSBC's sale of the Loan to PMC. The related litigation involves the same plaintiffs Sadhwani against PMC as a result of the sale of the Sadhwani loan by HSBC to PMC.

13.     As established by the foregoing, good cause exists for modification of the Stipulated Protective Order. Plaintiffs respectfully request that the Court modify the Stipulated Protective Order to allow use and filing of the Underwood deposition transcript and that such transcript be subject to the same terms and conditions of the Protective Order when they are filed or used in the Related Litigation.

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

14. On September 21, 2004 and September 22, 2004, I wrote to Jacques Bronze and Richard Pipes, both counsel for HSBC, to inform them of the filing of this ex parte application. True and correct copies of the letters are attached hereto as Exhibits 1 and 3. I received no response from them concerning any opposition, however, I assume that they oppose the motion and they wish to be present at a hearing on the motion.

I declare under penalty of perjury under the laws of the United States and the laws of Guam that the foregoing is true and correct.

Dated this 22nd day of September, 2004.

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

# CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 22, 2004, I caused to be served via

hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS'**

**SECOND EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER**

**GOVERNING DISCOVERY; CERTIFICATE OF COUNSEL (L.R. 16(j)(1))** to:

> **Jacques G. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 22nd day of September, 2004.

_(signature)_

**ANITA P. ARRIOLA**

-6-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

Law Offices
# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

September 20, 2004

**VIA FACSIMILE:** **(671) 647-7671**

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

**Re:** **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
**District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

I am writing to request that you stipulate to a modification of the Stipulated Protective Order Governing Discovery for the purpose of allowing me to file with the Superior Court in Sadhwani v. Paradise Marine Corporation the deposition transcript of Chris Underwood. As you were present in the courtroom at the hearing on Friday, September 17, 2004 and you are aware, plaintiffs intend to file certain excerpts of Mr. Underwood's deposition transcript in that matter.

Please let me know if you are agreeable to modification of the protective order by 5:00 p.m. today. If you do not agree, this is to serve as notice of you of my intention to file an ex parte motion for modification of the order tomorrow morning. Based on the Court's previous order granting plaintiffs' motion to modify the protective order, I will request that the Court issue sanctions against HSBC for unjustifiably opposing the motion.

I look forward to hearing from you.

Very truly yours,

*Anita P. Arriola*

**ANITA P. ARRIOLA**

EXHIBIT
PENGAD 800-631-6989
*1*

FAXED

FAX NUMBER    :    6714779734
NAME          :    ARRIOLACOWAN&ARRIOLA

| | | |
|---|---|---|
| NAME/NUMBER | : | 6477671 |
| PAGE | : | 2 |
| START TIME | : | SEP-20-2004 10:22AM MON |
| ELAPSED TIME | : | 01'18" |
| MODE | : | STD ECM |
| RESULTS | : | [ O.K ] |

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

## TELECOPIER COVERSHEET

### DATE:  September 20, 2004

**TO:**  Jacques G. Bronze, Esq.         **FACSIMILE NO.: (671) 647-7671**
         Bronze & Tang, P.C.

**FROM:**  Anita P. Arriola, Esq.

**RE:**  Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et al,
         District Court of Guam, Civil Case No. CV03-00036

TOTAL PAGES TRANSMITTING (INCLUDING COVER SHEET):  2

**CONFIDENTIALITY NOTICE.** The information in this facsimile is intended for the use of the addressee only. It may contain information that is privileged, confidential, and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that a dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error or if there is a transmission error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

| MESSAGE: |
|---|
| Transmitting letter dated September 20, 2004 in connection with the above-referenced matter.  Thank you. |
| APA/ct |

If there is a problem with transmittal, please call Cynthia at (671) 477-9730/33.

Originals forwarded via:

____ Hand Delivery    ____ U.S. Mail    ____ Express Mail    _X__ Not Forwarded

Law Offices Of
Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

September 21, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

This letter responds to your letter of September 20 directed to Mr. Bronze regarding your request that HSBC stipulate to a modification of the Stipulated Protective Order Governing Discovery ("Protective Prder") and your threat to request sanctions if HSBC does not immediately accede to your request.

First, the time you have allowed HSBC to respond is unreasonably short. Your letter demands a response by 5:00 p.m. on September 20, but we only received the letter at 10:22 the very same morning and you conducted a deposition, which we attended, yesterday afternoon. While there may be time limitations imposed upon your client in the Superior Court case, that your client most likely should have anticipated, it is inappropriate for you to attempt to impose those restrictions on HSBC in this case.

Second, your sanction threats are hollow and they neither advance this litigation nor your credibility. A Federal judge is simply not going to sanction HSBC for refusing to agree to a stipulation to amend the Protective Order. If you want to have the Protective Order amended, there is a procedure for doing so with which you are well familiar. If you proceed with an *ex parte* application to shorten time on a motion to amend the Protective Order, you are hereby advised that HSBC demands that it be given **adequate prior notice** of the application and an opportunity to be present and be heard when it is presented to the Court.

Finally, as an alternative, HSBC will stipulate to a modification of the Protective Order to allow the filing of Mr. Underwood's deposition in the Superior Court case on the following conditions:



EXHIBIT

2

1.  Mr. Underwood's deposition transcript be filed under seal in the Superior Court case and be subject to the same conditions in that Court as it is under the Protective Order in the District Court;

2.  No portion of the Underwood transcript may be read by any party into the record in the Superior Court without such record also being sealed and the courtroom cleared; and

3.  Your clients stipulate and agree to the *pro hac vice* application in this case of Peter M. Modlin, Esq., of Farella Braun & Martel in San Francisco.

On another matter, the Third Amended Complaint ("Complaint") filed by your clients, and signed by you, specifically states the purchase price for the sale of the loan to PMC in paragraphs 26 and 28. Your clients gained knowledge of the purchase price in documents produced and depositions which were taken subject to the Protective Order. As you are aware, documents and depositions which have been designated "Confidential" under the Protective Order may only be filed with the Court under seal. Your clients and you have intentionally violated the Protective Order by divulging this information in a public filing with the District Court.

HSBC demands that you immediately withdraw the Complaint and refile it under seal, in accordance with the Protective Order, or we will proceed with an order to show cause why your clients, and possibly you, should not be held in contempt and for sanctions. Please provide your written response by 10:00 a.m. tomorrow on this issue.

Sincerely,

Richard A. Pipes

cc: Chris Underwood
Jacques Bronze
Duncan McCully

*RAP/sub/HSBC/cor*

Law Offices

# Arriola, Cowan & Arriola

Joaquin C. Arriola  
Mark E. Cowan  
Anita P. Arriola  
Joaquin C. Arriola, Jr.  
~  
Jacqueline T. Terlaje

259 Martyr Street, Suite 201  
C & A Building  
Post Office Box X  
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3  
Telecopier: (671) 477-9734  
E-mail: acalaw@netpci.com

September 22, 2004

**VIA FACSIMILE:** (671) 647-7671

Richard A. Pipes, Esq.  
Law Offices of Richard A. Pipes  
BankPacific Building, Suite 201  
825 South Marine Drive  
Tamuning, Guam 96911

> Re:  **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**  
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Richard:

This is in response to your letter of September 21, 2004 regarding plaintiffs' ex parte motion to modify the Stipulated Protective Order Governing Discovery.

Plaintiffs will agree to the first condition outlined in your letter in exchange for HSBC's stipulating to a modification of the Protective Order to allow the filing of Mr. Underwood's deposition in the Superior Court case.

Your second condition is vague and unenforceable. For example, if Mr. Underwood is called as a witness and plaintiffs wish to impeach Mr. Underwood with his deposition transcript, the courtroom will need to be "cleared" (of who - the parties, the court personnel, other witnesses?) and the record (of his testimony, of the entire proceedings?) must be "sealed" (a separate transcript will need to be made and filed under seal? Or just the portion of the transcript of Mr. Underwood's testimony?)

Plaintiffs will not agree or stipulate to the *pro hac vice* application of Mr. Modlin. This condition is an attempt to extract concessions from plaintiffs that are entirely unrelated to the stipulation to modify the protective order and we believe that Mr. Modlin's late entry in this case will be used to try to extend, modify or continue the discovery, trial and other deadlines in the Stipulation and Order modifying the Scheduling Order.

EXHIBIT  
3

FAXED

Richard A. Pipes, Esq.
**Re: *Alan Sadhwani et al. v. Hongkong Shanghai***
***Banking Corporation, Ltd., et.al*, District Court of**
**Guam, Civil Case No. CV03-00036**
September 22, 2004


Please let me know by 12 noon today if you agree to stipulate to a modification of the protective order.  As we are under a deadline imposed by the Superior Court to file the transcript by Friday, September 24, 2004, we will file the ex parte motion today.

Very truly yours,

**ANITA P. ARRIOLA**

MESSAGE CONFIRMATION



FAX NUMBER    :    6714779734
NAME          :    ARRIOLACOWAN&ARRIOLA

| | | |
|---|---|---|
| NAME/NUMBER | : | 6477671 |
| PAGE | : | 3 |
| START TIME | : | SEP-22-2004 09:00AM WED |
| ELAPSED TIME | : | 01'42" |
| MODE | : | STD ECM |
| RESULTS | : | [ O.K ] |

Law Offices

## *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

### TELECOPIER COVERSHEET

DATE: September 22, 2004

TO:      **Richard A. Pipes, Esq.**          FACSIMILE NO.: (671) 647-7671
         **Law Offices of Richard A. Pipes**

FROM:    **Anita P. Arriola, Esq.**

RE:      **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et al.,
         District Court of Guam, Civil Case No. CV03-00036**

TOTAL PAGES TRANSMITTING (INCLUDING COVER SHEET): 3

**CONFIDENTIALITY NOTICE.** The information in this facsimile is intended for the use of the addressee only. It may contain information that is privileged, confidential, and exempt from disclosure. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that a dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error or if there is a transmission error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

---

**MESSAGE:**

   **Transmitting letter dated September 22, 2004 in connection with the above-referenced matter. Thank you.**

APA/ett

---

If there is a problem with transmittal, please call Cynthia at (671) 477-9730/33.

Originals forwarded via:

_____ Hand Delivery   _____ U.S. Mail   _____ Express Mail   __X__ Not Forwarded

RECEIVED

AUG - 6 2004

SUPERIOR COURT
OF GUAM
CLERKS OFFICE

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Telecopier: (671-) 477-9734

Counsel for Plaintiffs Alan Sadhwani, Laju Sadhwani,
and K. Sadhwani's Inc., a Guam corporation

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU<br>SADHWANI, and K. SADHWANI'S<br>INC., a Guam corporation,<br><br>           Plaintiffs,<br><br>   vs.<br><br>PARADISE MARINE CORPORATION,<br>a Guam Corporation,<br><br>           Defendant.<br>&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95; | CIVIL CASE NO. CV0739-04<br><br><br>**STIPULATION FOR ENTRY OF<br>PROTECTIVE ORDER** |

      IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their

undersigned counsel, pursuant to G.R.C.P. 37, with reference to the following facts:

     1.    A Stipulated Protective Order Governing Discovery ("Stipulated Protective Order")

was executed by and between plaintiffs Alan Sadhwani, et al. and defendant Hongkong and

Shanghai Banking Corp., Ltd. ("HSBC") in that certain civil action filed in the U.S. District Court

of Guam entitled <u>Sadhwani, et al. v. HSBC</u>, Civil Case No. 03-00036, hereinafter ("the federal

action"). A true and correct copy of the Stipulated Protective Order is attached hereto as Exhibit A.

RECEIVED

McCULLY & BEGGS PC

AUG 04 2004



EXHIBIT
**4**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

2. Pursuant to the Stipulated Protective Order, the parties in the federal action agreed that certain documents or information designated as "Confidential" by any of the parties would be subject to the terms of the Stipulated Protective Order, including that such documents or information would not be disclosed to anyone except for certain designated persons and that if such documents or information were filed in court, they would be filed under seal.

3. Plaintiffs in the federal action (the same plaintiffs here) filed a motion to modify the Stipulated Protective Order to allow them to use certain confidential documents produced by HSBC in discovery in the instant case. The District Court Magistrate granted the motion after hearing on July 30, 2004, but has not yet signed the Order. A draft of the Order signed by the parties is attached hereto as Exhibit B.

4. Pursuant to Exhibit B, plaintiffs in the instant case are required to seek a protective order from the Superior Court of Guam concerning the use of confidential documents in this action. In lieu of a motion, plaintiffs and defendant Paradise Marine Corporation have reached a Stipulation concerning the protective order.

IT IS FURTHER STIPULATED and AGREED, that:

1. The confidential documents (Exhibits 6, 7, and 8) attached to the Declaration of Anita P. Arriola in Support of Plaintiffs Ex Parte Motion to Modify Stipulated Protective Order filed in the federal action shall be filed under seal with this Court by the Plaintiffs and shall not be disclosed to any person or entity, except for the parties to this action, their legal counsel, and authorized personnel of the Superior Court of Guam.

2. In the event the Defendants wish to submit to the Court other portions of HSBC's Credit Administration Department Instruction Book; Business Instruction Manual - Credit; Group Instruction Manual - Vol. 3; or Credit Policy Manual, then such documents shall be confidential,

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910



shall be filed under seal with this Court by the Defendants, and shall not be disclosed to any person

or entity, except for the parties to this action, their legal counsel, and authorized personnel of the

Superior Court of Guam.

**ARRIOLA, COWAN & ARRIOLA**        **McCULLY & BEGGS, P.C.**

_____
**ANITA P. ARRIOLA**
Counsel for Alan Sadhwani, et al.
Dated:

_____
**DUNCAN G. McCULLY**   8/6/04
Counsel for Paradise Marine Corporation
Dated:

IT IS SO ORDERED:_____.


_____
**JUDGE, SUPERIOR COURT OF GUAM**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-3-


**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

*Attorneys for Defendant*
*Hongkong and Shanghai Banking Corporation, Ltd.*

FILED
DISTRICT COURT OF GUAM

FEB 11 2004

MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, )<br>)<br>) | **CIVIL CASE NO. 03-00036** |
| Plaintiffs, )<br>) | |
| v. )<br>) | **STIPULATED PROTECTIVE** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., )<br>)<br>)<br>) | **ORDER GOVERNING DISCOVERY** |
| Defendants. )<br>) | |

Pursuant to stipulation by and among counsel for all parties,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.     PURPOSE AND SCOPE OF PROTECTIVE ORDER**

A.     SUBJECT TO THE FURTHER ORDER OF THIS COURT, A PARTY OR
WITNESS MAY DESIGNATE INFORMATION TO BE PROTECTED BY THIS ORDER AS
FOLLOWS:

1.     A party or witness may designate as "CONFIDENTIAL" any information that:

(a) he or she in good faith believes is proprietary business information which is unavailable to the

**EXHIBIT**
**A**

public and not readily determinable from other sources; (b) is treated by that party or witness as

confidential and is not disclosed to others; and (c) might be of value to a competitor of the

designating party, whether party or non-party. For purposes of this Stipulation, the word "witness"

shall include, but not be limited to, any person or entity served a subpoena, deposition notice or other

discovery request in this litigation, and any person retained as a consultant or expert by any of the

parties. Without limiting the generality of the foregoing, the following information, for example may

be designated as "CONFIDENTIAL": corporate minutes; internal memoranda; tax returns or other

tax information; or any other form of non-public corporate information that a party or witness might

treat as CONFIDENTIAL.

2.  As a general guideline, the following material may not be designated as

"CONFIDENTIAL" under this Order:

(a)  information that was, is, or becomes public knowledge in such form

that is readily available to the public, not in violation of this Order;

(b)  information that is acquired by the non-designating party from a third

party having the right to disclose such information or material and owing no duty of confidentiality to

the designating party; or

(c)  information that was lawfully possessed by the non-designating party

prior to entry by the Court of this Order and not obtained from any person owing a duty of

confidentiality to the designating party.

Where appropriate, information designated as "CONFIDENTIAL" under this Order, is referred to collectively in this Protective Order as "Confidential Business Information." If information is designated as "CONFIDENTIAL" under this Order, the restrictions applicable to that information shall apply equally to any copies of that information, including but not limited to any notes, excerpts, summaries, or other transcriptions made therefrom.

B.     The provisions of this Order shall apply to all Confidential Business Information subsequently produced by a party or witness during the course of this litigation, including without limitation, any Confidential Business Information produced prior to the execution of this Order.

## II. DESIGNATION OF CONFIDENTIAL BUSINESS INFORMATION

Prior to the production of documents designated "CONFIDENTIAL" pursuant to Section I, or within such time period as the parties may agree, said documents shall be conspicuously stamped as "CONFIDENTIAL" or "Confidential." Should Confidential Business Information be disclosed or discussed at a deposition, counsel for any party or deponent may designate the entire transcript of the deposition including any exhibits thereto as "Confidential". If counsel designates the transcript as "CONFIDENTIAL," the entire transcript shall be held as CONFIDENTIAL until fourteen calendar days after the designating counsel receives the official transcript. Upon receipt of the official transcript, designating counsel may preserve as CONFIDENTIAL those portions of the transcript entitled to be held CONFIDENTIAL under the terms of this Protective Order by designating by page

and line number those portions of the transcript or by exhibit number those exhibits that shall remain

CONFIDENTIAL. If the designating party fails to provide specific designations of material entitled

to be treated as CONFIDENTIAL within fourteen days after receipt of the official transcript of a

deposition, the entire transcript shall be treated as non-CONFIDENTIAL. However, the parties may

agree to extend the time allowed to make any designation under this paragraph. The parties agree

that they will only designate as "CONFIDENTIAL" those portions of a deposition that contain

Confidential Business Information, and only those portions of a deposition transcript that contain

Confidential Business Information shall be treated as CONFIDENTIAL.

### III.   DISCLOSURE TO DESIGNATED PERSONS ONLY

A.     Except as provided for herein, Confidential Business Information disclosed in

accordance with this Protective Order may only be used in the above captioned litigation. If the

parties to this Protective Order, or their successors or assigns, are involved in other litigation with

one or all of the parties to this Protective Order or if such other litigation raises issues related to the

issues in the above-captioned litigation ("Related Litigation"), any such party may move the Court to

allow the use of the Confidential Business Information produced in this litigation in connection with

the Related Litigation under the terms and conditions of this Protective Order. Such information may

be disclosed to the following persons only:

1.     Outside counsel for the parties, and employees of such counsel assigned to and

necessary to assist such counsel in the preparation of the litigation;

2.      Any expert or consultant expressly retained by any attorney described in paragraph III(A)(1) to work in this or a related action, with disclosure only to the extent necessary to perform such work;

3.      Any director, officer, or employee of a party to this Order who is working directly on this or a related litigation, with disclosure only to the extent necessary to perform such work;

4.      Any person whose testimony is taken or to be taken, either at trial, motions or depositions, except that (a) such person may only be shown copies of Confidential Business Information during his testimony and in preparation therefor, (b) such person may not retain any Confidential Business Information, and (c) such person must execute Exhibit A attached to this Protective Order before any CONFIDENTIAL Information is disclosed;

5.      The Court and Court personnel; and

6.      Mock jurors engaged by any attorney or consultant in preparation for trial, excluding, however, individuals who are or have been officers, directors, agents, representatives, or employees of a named party or any company engaged in the business of banking, loans, or other similar financial transactions, or owner of more than a ten-percent interest in a named party. Any potential mock juror shall first sign a confidentiality agreement in the form of Exhibit A hereto, and such confidentiality agreements shall be retained under the control of counsel until the termination of

this action. Upon final termination of the action and at the written request of the person designating

or producing such disclosed Designated Material, all such agreements executed by such mock jurors

to whom such material has been disclosed shall be provided to counsel for the person that designated

or produced such Designated Material.

B.      If any information designated as "CONFIDENTIAL" by any party shall have been

disclosed to any person not authorized to receive such information under this Stipulation, then within

twenty (20) days after receipt of notice that such information has been disclosed, the parties to this

Agreement shall make a good faith effort to determine how such information was disclosed and by

whom and to report such findings to the other party. If the parties are unable to determine how and

by whom such information was disclosed, to the satisfaction of both parties, within such twenty (20)

day period, then the party designating such information as "CONFIDENTIAL" shall have the right to

immediate production from all other parties of true and complete copies of all signed Agreements of

confidentiality as shown in Exhibit "A" attached hereto. Failure to timely produce copies of such

Agreements upon proper demand shall constitute a breach of this Stipulation and subject the

offending party to sanctions as shall be determined by the Court, unless the non-producing party has

legitimate grounds for refusing to produce the Agreements, as determined by the Court with the non-

producing party bearing the burden of proof for the non-disclosure of any Agreements. This Section

is not intended to allow any party to obtain copies of signed Agreements of confidentiality for any

improper purpose, such as determining the identity of experts or consultants employed by any party

or obtaining information protected by attorney-client or work product privileges. This section is intended to protect the parties' right to have information designated "CONFIDENTIAL" kept confidential and not disseminated to persons not authorized by this Agreement to have such information. The parties agree that, in the event of an unauthorized disclosure, the designating party has a legitimate right to determine how and by whom such disclosure was made and this section should be interpreted by the Court with that purpose in mind.

     C.     Documents designated "CONFIDENTIAL" may be disclosed to any person who appears as an author or addressee on the face of the document, or to any person who in fact previously and lawfully received the document, except if that person received the document in violation of this stipulation, or to any officer, director, regular employee or attorney (including legal assistants and regularly employed office staff) of the party producing the document.

     D.     If the information designated as 'CONFIDENTIAL" is to be used, quoted, described, and/or referred to, in whole or in part, in any deposition, the parties retain the right to restrict the attendees at any such proceeding to persons to whom disclosure of CONFIDENTIAL information is permitted under this Order.

     E.     Any person being given access to Confidential Business Information shall, prior thereto, be provided with a copy of this Order. Persons described in paragraphs III(A)(2), (3), (4), and (6) must also sign the confidentiality agreement attached as Exhibit A hereto prior to being given access to Confidential Business Information. Copies of the signed agreements shall be maintained by

the counsel of record for the disclosing party.

F. All persons except the Court are enjoined from disclosing Confidential Business Information to any other person, except in conformance with this Order. Confidential Business Information shall be stored and maintained in a manner to preserve its confidentiality and to prevent all persons, other than those provided in paragraph III(A) above, from having access to or obtaining disclosure of Confidential Business Information.

G. Copies, extracts and translations may be made by or for the foregoing persons, provided that all copies, extracts and translations are appropriately marked. All copies, extracts and translations are subject to Section VI of this Order.

## IV. DISPUTE RESOLUTION PROCEDURE

Within ten calendar days after production of information designated as "CONFIDENTIAL," the non-producing party may object to such designation by giving written notice to the designating party or witness and to all other parties. Such notice shall identify with reasonable specificity the information to which the objection is directed and the basis of the objection. If the dispute cannot be resolved consensually, it shall be the obligation of the party objecting to the "CONFIDENTIAL" designation, upon at least twenty calendar days notice to the designating party or witness, to request that the matter be heard, along with any other pending discovery disputes, at an expedited hearing. The party making the "CONFIDENTIAL" designation shall bear the burden of showing that the information sought to be protected is entitled to the designation. The disputed information shall be

treated as CONFIDENTIAL pending a ruling from the Court.


## V.    PLACEMENT UNDER SEAL

Subject to further order of this Court, any Confidential Business Information submitted,

presented to, or filed with this Court shall be placed under seal and not made available to persons

other than the Court and persons authorized by this Order. In applications and motions to the Court,

all submissions of Designated Material shall be filed with the Court in sealed enclosures on which

shall be affixed the title of this action, an indication of the nature of their contents, the word

"CONFIDENTIAL" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A
> PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT
> TO BE OPENED NOR ARE ITS CONTENTS TO BE
> DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY
> ORDER OF THE COURT.


Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated

Material shall be held in camera. *Sealed* JSU

If a non-producing party fails to do so, the producing party may request that such Confidential

Business Information be placed under seal and restricted to the Court and those persons authorized by

this Order. In the event that any Confidential Business Information is used in any court proceeding

herein, it shall not lose its protected status through such use, *subject to the Court's approval* JSU and the parties and their attorneys shall

take all steps reasonably required to protect its confidentiality during such use.

## VI. RETURN OF DISCOVERY MATERIAL

Within sixty days of the termination of this litigation, each party and its attorneys whose signature is attached hereto shall return all Confidential Business Information and all copies thereof. Counsel for each party may keep one copy of any pleadings, transcripts of hearings and trial, containing Confidential Business Information. All additional copies of such materials shall be destroyed.

## VII. EFFECT ON ADMISSIBILITY

This Order shall have no effect on, and is completely neutral regarding, the admissibility of Confidential Business Information. This Order will not act as a waiver of any privilege by the parties producing Confidential Business Information.

## VIII. CONTINUING JURISDICTION OF THE COURT

This Court shall have continuing jurisdiction to modify, amend, or rescind this Order throughout the course of this action and any related action or appeals of this action.

## IX. THIRD PARTIES

A. Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is held by a party under an obligation of confidentiality to an individual, entity, or entities not party to this action (a "third party"), the party to whom the discovery request is

directed may, prior to the time that production or a response is due, move the Court for an Order directing that the party not be required to respond to such discovery request.

      B.      Should any party to this action seek discovery from a third party, the third party shall be notified of the existence of the order and provided with a copy upon the third party's request. Such third party may designate documents in accordance with the provisions of this Order and the parties agree to treat designated documents in the same manner as documents designated by the parties to this action.

      C.      If any party to this action receives a subpoena from a third party that potentially calls for the production of documents designated "CONFIDENTIAL" in this action, the party receiving the subpoena shall notify and provide a copy of the subpoena to the designating party within seven calendar days of receipt of the subpoena and, in any event, sufficiently in advance of the time for producing the documents to allow the designating party to seek relief from this or another Court of competent jurisdiction.

## X.    COMPUTATION OF TIME

      In computing any period of time contemplated by this Protective Order, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, a Federal or Government of Guam holiday, or a day on which weather or other conditions have made the office of the Clerk of the District Court of Guam inaccessible, in which event, the period runs until the end of the next business day which is not one of the aforementioned days.

**SO ORDERED.**

**DATED** this \_\_11th\_\_ day of \_\_February\_\_\_\_, 2004.

/s/ John S. Unpingco
_____
**HONORABLE JOHN S. UNPINGCO**
**Judge, District Court of Guam**


**SO STIPULATED AND**
**AGREED TO BY:**

Dated: \_\_2/3/04\_\_\_

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**


By: _____
    **JACQUES G. BRONZE**
    *Attorneys for Defendant*
    *Hongkong and Shanghai Banking*
    *Corporation, Ltd.*


Dated: \_\_2/3/04\_\_\_

**ARRIOLA, COWAN & ARRIOLA**


By: _____
    **ANITA A. ARRIOLA**
    *Attorneys for Plaintiffs*

# EXHIBIT "A"

## AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED BY THE DISTRICT COURT OF GUAM
### *ALAN SADHWANI, et al. v. HONGKONG and SHANGHAI BANKING CORPORATION, LTD., et al.*
### DISTRICT COURT CASE NO. CV03-00036

I acknowledge and agree that any information provided to me which a party or witness to this action has designated as "CONFIDENTIAL" shall be used solely for the purposes of conducting this litigation, and for no other purposes, and that I may not disclose such information to anyone other than pursuant to the terms of the Protective Order entered in this action by the District Court of Guam. I acknowledge that I have read the Protective Order, I understand its terms, and I agree to be bound thereby.

Signed this _____ day of _____, 200__, at _____.

[Signature]

Name (Printed):_____

Relationship to or Interest in this
Action:_____

Business/Work Address and Phone:_____
_____
_____

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**JACQUELINE T. TERLAJE**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

BRONZE & TANG, P.C.
Date: 08/03/04
Time: 2:55 PM
Received: KP

Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 03-00036<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE MOTION TO MODIFY STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |

This matter came on for hearing on Plaintiffs' Ex Parte Motion to Modify the Stipulated Protective Order Governing Discovery on July 30, 2004. Present were Plaintiffs' counsel Anita P. Arriola and Defendant Hongkong and Shanghai Banking Corporation, Ltd.'s counsel, Richard Pipes. After reviewing the Plaintiffs' moving papers, declaration and exhibits attached thereto, as well as Defendant's opposition, and after hearing oral argument on the matter, and for good cause shown, the Court finds that the documents identified as Exhibits 6, 7 and 8 attached to the Declaration of Anita P. Arriola in support of Plaintiffs' Ex Parte Motion to Modify the Stipulated Protective Order Governing Discovery (collectively "Protected Documents"), which were filed under confidential seal with this Court, are sufficiently material and relevant to the issues and subject matter in <u>Sadhwani et al. vs. Paradise Marine Corporation</u>, Civil Case No. CV0739-04, filed in the Superior Court of

**EXHIBIT**
**B**

Guam ("the Related Litigation"). The instant action and the Related Litigation both concern facts, events, circumstances and claims stemming from Defendant HSBC's sale of the Plaintiffs' loan to Paradise Marine Corporation. Paradise Marine Corporation is the defendant in the Related Litigation. Based upon the Court's findings,

IT IS HEREBY ORDERED that the Stipulated Protective Order Governing Discovery in this case is hereby modified to allow Plaintiffs to use the Protected Documents in the Related Litigation.

IT IS FURTHER ORDERED that Plaintiffs shall continue to be subject to the terms and conditions of the Stipulated Protective Order Governing Discovery regarding the disclosure and use of the Protected Documents in the Related Litigation, including but not limited to filing such Protected Documents under seal with the Court and with other parties in the Related Litigation; and

IT IS FURTHER ORDERED that Plaintiffs' counsel shall file on or before August 6, 2004, in the Related Litigation a motion for a protective order to ensure (1) that the Protected Documents shall be used only in the Related Litigation; and (2) that the Superior Court and the parties in the Related Litigation shall not disclose the Protected Documents to any persons other than the Superior Court, the parties, and the parties' counsel in the Related Litigation.

IT IS SO ORDERED: _____          .

_____
HONORABLE JOAQUIN V.E. MANIBUSAN
MAGISTRATE JUDGE
DISTRICT COURT OF GUAM

Submitted by:

_____
FOR ANITA P. ARRIOLA

Approved as to Form:

_____
RICHARD A. PIPES

RECEIVED
AUG - 3 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910