JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
JACQUELINE T. TERLAJE
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.

FILED
DISTRICT COURT OF GUAM
SEP 28 2004
MARY L. M. MORAN
CLERK OF COURT



# IN THE UNITED STATES
# DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>　　　　Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>　　　　Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE OPPOSITION MEMORANDUM IN EXCESS OF PAGE LIMITATION** |

Plaintiffs Alan Sadhwani, et al., by and through undersigned counsel, hereby files this *ex parte* motion for leave to file its Opposition to defendant Hongkong and Shanghai Banking Corporation, Ltd.'s motion to dismiss the First, Third, Fourth, Sixth, and Seventh Causes of action in excess of the page limitations required by Local Rule 7.1(g). Good cause exists for the granting of this motion.

On August 30, 2004, HSBC filed its motion to dismiss. The motion to dismiss was scheduled for hearing on October 1, 2004. Plaintiffs filed their opposition to the motion to dismiss on September 17, 2004. Plaintiffs' opposition memorandum comprised twenty-eight (28) pages, in violation of Local Rule 7.1(g), which limits the page lengths of opposition memoranda to no more

**ORIGINAL**

than twenty (20) pages without leave of court. In its reply memorandum, filed on September 24, 2004, HSBC requested that the Court sanction plaintiffs' counsel, including striking all pages in excess of the 20-page limitation. (HSBC's Reply Memo. at 1). HSBC's reply memorandum was the first time that plaintiffs' counsel became aware of the violation of L.R. 7.1(g). A. Arriola Decl.

### ARGUMENT

**I.  PLAINTIFFS' VIOLATION OF L.R. 7.1(g) WAS INADVERVENT DUE TO THE COMPLEXITY OF THE ISSUES RAISED BY HSBC'S MOTION TO DISMISS.**

Plaintiffs's filing of their 28-page opposition memorandum was inadvertent and was not an intentional violation of the Local Rules, not an attempt to circumvent the Local Rules. A. Arriola Decl. HSBC's motion to dismiss raised a number of complex issues that plaintiffs felt they needed to respond to and oppose. Id. In particular, HSBC had not included a statement of facts, which plaintiffs believe is important for the Court to review prior to rendering a decision on the motion to dismiss, accordingly plaintiffs included a brief statement of facts as well as the procedural background of prior motions to dismiss filed by HSBC. Id. Plaintiffs also believed it was important to include in its opposition the standard of review for motions to dismiss, which was not mentioned by HSBC in its motion. Id.

In addition, HSBC had not cited the Court's Order of April 9, 2004, which previously disposed of two of HSBC's arguments to dismiss plaintiffs' causes of actions for breach of the covenant of good faith and fair dealing and breach of fiduciary duties. A. Arriola Decl. It was important for plaintiffs to include an argument concerning the law of the case doctrine. Id. HSBC's motion to dismiss also raised complex issues of the applicability of the Guam Uniform Commercial Code, and the Gramm-Leach-Bliley Act to this case. Id.

As a result of the numerous issues raised in the motion to dismiss, in her effort and zeal to respond fully to all of the arguments raised by HSBC, plaintiffs' counsel inadvertently failed to limit her memorandum to the 20 pages required by L.R. 7.1(g). A. Arriola Decl. Because of the number of causes of action which HSBC seeks to dismiss, the length of time required to file an opposition to the motion, the number of transactions covered in the Third Amended Complaint, and the complexity of the issues raised in HSBC's motion to dismiss, plaintiffs respectfully request that the Court allow them to exceed the 20-page limit imposed by L.R. 7.1(g) in order to adequately and fully support their opposition to the motion to dismiss.

## II. PLAINTIFFS' VIOLATION OF L.R. 7.1(g) WAS INADVERTENT DUE TO THE PRESS OF OTHER MATTERS.

At the time that the opposition memorandum was due, plaintiffs' counsel was also researching, preparing and filing a number of other pleadings in this case. Id. Plaintiffs filed a motion to compel further answers to deposition questions, to re-depose Frederick Granillo, for production of documents, and for sanctions on August 31, 2004. Id. HSBC filed its opposition to the motion on September 10, 2004. Id. Plaintiffs filed their reply memorandum on September 17, 2004. Id. A hearing on this motion was scheduled for September 24, 2004. Id.

HSBC filed a motion to compel discovery on Second Request for Production of Documents on July 28, 2004 and a motion to bifurcate trial on August 20, 2004. Id Both motions were scheduled for hearing on September 24, 2004. Id. Plaintiffs filed their opposition to HSBC's motion to compel on September 8, 2004; plaintiffs also filed their opposition to the motion to bifurcate on September 8, 2004. Id.

In the meantime, plaintiffs received an Order dated September 9, 2004, scheduling HSBC's Objections to Magistrate Judge's Order for hearing on October 6, 2004. A. Arriola Decl., Exh. 1. Plaintiffs filed their opposition to HSBC's Objections on September 22, 2004.

HSBC had also filed their motion to dismiss on August 30, 2004. Id. Plaintiffs filed their opposition memorandum to the motion to dismiss on September 17, 2004. Id.

At the same time, plaintiffs' counsel was also researching and preparing for a summary judgment hearing in a related case. A. Arriola Decl. The following is a table of the matters attended to by plaintiffs's counsel in this case and another case:

| DATE | DESCRIPTION |
|---|---|
| August 31, 2004 | Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Compel Further Answers to Deposition Questions; to Re-Depose Frederick Granillo; for Production of Documents; and for Sanctions |
| September 8, 2004 | - Plaintiffs' Opposition to HSBC's Motion to Bifurcate Trial<br><br>- Plaintiffs' Opposition to HSBC's Motion to Compel Discovery on Second Set of Requests for Production of Documents |
| September 17, 2004 | - Plaintiffs' Reply Memorandum in Support of Motion to Compel Further Answers to Deposition Questions; to Re-Depose Frederick Granillo; for Production of Documents; and for Sanctions<br><br>- Plaintiffs' Opposition to HSBC's Motion to Dismiss First, Third, Fourth, Sixth and Seventh Causes of Action in Third Amended Complaint<br><br>Plaintiffs' counsel argued in opposition to a motion for summary judgment at a hearing in Sadhwani, et al. v. Paradise Marine Corp., Civil Case No. 0739-04 (Superior Court of Guam) |
| September 20, 2004 | Plaintiffs took the deposition of Michael Berman. |
| September 22, 2004 | Plaintiffs' Opposition to HSBC's Objections to Magistrate Judge's Order |

Case 1:03-cv-00036    Document 313    Filed 09/28/2004    Page 4 of 7

Due to the filing of so many motions and memoranda, and the other matters attended to by plaintiffs' counsel on the same day, she inadvertently filed plaintiffs' opposition to the motion to dismiss in excess of the page limitations in L.R. 7.1(g).[1] Id. Violation of the Local Rule was not done in bad faith or as a result of any wilful intention to obtain any advantage over the defendant. Id. It was only upon reviewing HSBC's reply memorandum that plaintiffs' counsel became aware that she had violated L.R. 7.1(g). Id. Immediately upon becoming aware of the violation, plaintiffs' counsel wrote to HSBC's counsel, requesting a stipulation for leave to file the memorandum in excess of the page limitation and, alternatively, informing him of her intention to file an ex parte motion for leave to file a brief in excess of the page limitations. Id., Exh. 2.

There is no prejudice to HSBC, as HSBC has already filed a reply memorandum fully responding to the arguments raised in plaintiffs' opposition memorandum. A. Arriola Decl. Should HSBC need to file additional pages, citations or other argument to support its motion prior to the hearing on the motion, plaintiffs would stipulate to such a filing. Id.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court grant them leave to file their opposition to HSBC's motion to dismiss the First, Third, Fourth, Sixth and Seventh

---

[1] Also, plaintiffs' counsel violated L.R. 7.1(g) by filing a reply brief in support of its motion to compel further answers to deposition questions, to re-depose Frederick Granillo, for production of documents, and for sanctions in excess of the page limitations for reply memoranda. A. Arriola Decl. It was not until the hearing on the motion on September 24, 2004, before Magistrate Judge Joaquin V.E. Manibusan, Jr., that plaintiffs' counsel became aware that she had violated L.R. 7.1(g), when HSBC's counsel brought it up at the hearing. Id. The recording or transcript of that hearing shows that plaintiffs' counsel apologized to the Magistrate Judge for the violation and had further indicated that it was due to the filing of so many motions and oppositions that she had inadvertently failed to comply with the Local Rules. Id. The Court should note that the two memoranda filed in excess of the page limitations were filed on the same day, September 17, when plaintiffs' counsel also argued in opposition to a motion for summary judgment in another case. Id.

Causes of Action in excess of the page limitations required by L.R. 7.1(g), for a total of twenty-eight (28) pages.

DATED this 28th day of September, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: *[signature]*
**ANITA P. ARRIOLA**

Case 1:03-cv-00036     Document 313     Filed 09/28/2004     Page 6 of 7

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 28, 2004, I caused to be served via hand delivery, a **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE OPPOSITION MEMORANDUM IN EXCESS OF PAGE LIMITATION** to:

> **Jacques G. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 28th day of September, 2004.

_____
**ANITA P. ARRIOLA**