JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
JACQUELINE T. TERLAJE
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.

FILED
DISTRICT COURT OF GUAM
SEP 28 2004
MARY L. M. MORAN
CLERK OF COURT

# IN THE UNITED STATES
# DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE OPPOSITION MEMORANDUM IN EXCESS OF PAGE LIMITATION; CERTIFICATE OF COUNSEL (L.R. 7.1(j))** |

ANITA P. ARRIOLA declares:

1. I am an attorney for plaintiffs Alan Sadhwani, Laju Sadhwani and K. Sadhwani's Inc. in the above-captioned case. I make this Declaration in support of Plaintiffs' Opposition to Defendant Hong Kong and Shanghai Banking Corporation Ltd.'s, ("HSBC") Motion to Stay all Depositions pending determination of its Motion to Dismiss. I have personal knowledge of the facts contained herein.

2. On August 30, 2004, HSBC filed its motion to dismiss plaintiffs' First, Third, Fourth, Sixth and Seventh Causes of Action. The motion to dismiss was scheduled for hearing on October

ORIGINAL

1, 2004. On behalf of the plaintiffs, I filed their opposition to the motion to dismiss on September 17, 2004. Plaintiffs' opposition memorandum comprised twenty-eight (28) pages, in violation of Local Rule 7.1(g), which limits the page lengths of opposition memoranda to no more than twenty (20) pages without leave of court. In its reply memorandum, filed on September 24, 2004, HSBC requested that the Court sanction plaintiffs' counsel, including striking all pages in excess of the 20-page limitation. HSBC's reply memorandum was the first time that I became aware of the violation of L.R. 7.1(g).

3. My filing of plaintiffs' 28-page opposition memorandum was inadvertent and was not an intentional violation of the Local Rules. I also did not file the memorandum in an attempt to circumvent the Local Rules. HSBC's motion to dismiss raised a number of complex issues that I believed I needed to respond to and oppose. In particular, HSBC had not included a statement of facts, which I believe is important for the Court to review prior to rendering a decision on the motion to dismiss, accordingly I included a brief statement of facts as well as the procedural background of prior motions to dismiss filed by HSBC. I also believed it was important to include in the opposition the standard of review for motions to dismiss, which was not mentioned by HSBC in its motion.

4. In addition, HSBC had not cited the Court's Order of April 9, 2004, which previously disposed of two of HSBC's arguments to dismiss plaintiffs' causes of actions for breach of the covenant of good faith and fair dealing and breach of fiduciary duties. I believed that it was important for plaintiffs to include an argument concerning the law of the case doctrine. HSBC's motion to dismiss also raised complex issues of the applicability of the Guam Uniform Commercial Code, and the Gramm-Leach-Bliley Act to this case.

-2-

5. The schedule of briefing in this case created a situation where there were a number of motions and memoranda to be filed in a relatively short period of time. As a result of the numerous issues raised in the motion to dismiss, in my effort and zeal to respond fully to all of the arguments raised by HSBC, I researched, wrote and filed plaintiffs' opposition without paying attention to the page limitation under L.R. 7.1(g).

6. At the time that the opposition memorandum was due, I was also researching, preparing and filing a number of other pleadings in this case. I filed on behalf of plaintiffs a motion to compel further answers to deposition questions, to re-depose Frederick Granillo, for production of documents, and for sanctions on August 31, 2004. HSBC filed its opposition to the motion on September 10, 2004. I filed plaintiffs' reply memorandum on September 17, 2004. A hearing on this motion was scheduled for September 24, 2004.

7. HSBC filed a motion to compel discovery on Second Request for Production of Documents on July 28, 2004 and a motion to bifurcate trial on August 20, 2004. Both motions were scheduled for hearing on September 24, 2004. I filed plaintiffs' opposition to HSBC's motion to compel on September 8, 2004; I also filed plaintiffs' opposition to the motion to bifurcate on September 8, 2004.

8. In the meantime, plaintiffs received an Order dated September 9, 2004, scheduling HSBC's Objections to Magistrate Judge's Order for hearing on October 6, 2004. A true and correct copy of the Order is attached hereto as Exhibit 1. I filed plaintiffs' opposition to HSBC's Objections on September 22, 2004.

9. HSBC had also filed their motion to dismiss on August 30, 2004. Plaintiffs filed their opposition memorandum to the motion to dismiss on September 17, 2004.

-3-

10. At the same time, I was also researching and preparing for a summary judgment hearing in a related case, <u>Sadhwani, et al.v. Paradise Marine Corporation</u>, Civil Case No. CV0739-04 (Superior Court of Guam).

11. I also violated L.R. 7.1(g) by filing a reply brief in support of plaintiffs' motion to compel further answers to deposition questions, to re-depose Frederick Granillo, for production of documents, and for sanctions in excess of the page limitations for reply memoranda. It was not until the hearing on the motion on September 24, 2004, before Magistrate Judge Joaquin V.E. Manibusan, Jr., that I became aware that I had violated L.R. 7.1(g), when HSBC's counsel brought it up at the hearing. At oral argument I apologized to the Magistrate Judge for the violation and informed him that it was due to the filing of so many motions and oppositions that I had inadvertently failed to comply with the Local Rules.

12. The Court should note that the two memoranda filed in excess of the page limitations were filed on the same day, September 17, when I also argued in opposition to a motion for summary judgment in another case. Due to the filing deadline for both memoranda, and in preparing for the summary judgment hearing on the same day, the filing of the two memoranda in excess of the page limitations was due to my inattention to the Local Rule requirement. I did not violate the Local Rule in bad faith nor was I attempting to obtain any advantage over the defendant.

13. Because of the number of causes of action which HSBC seeks to dismiss, the length of time required to file an opposition to the motion, the number of transactions covered in the Third Amended Complaint, and the complexity of the issues raised in HSBC's motion to dismiss, I respectfully request on behalf of the plaintiffs that the Court allow me to exceed the 20-page limit imposed by L.R. 7.1(g) in order to adequately and fully support the opposition to the motion to dismiss.

14. There is no prejudice to HSBC, as HSBC has already filed a reply memorandum fully responding to the arguments raised in plaintiffs' opposition memorandum. Should HSBC need to file additional pages, citations or other argument to support its motion prior to the hearing on the motion, I would stipulate to such a filing.

15. Counsel for the opposing party, HSBC, is Jacques Bronze. I have made a good faith effort to advise Mr. Bronze of the filing of this ex parte application, by letter dated September 27, 2004, which is attached hereto as Exhibit 2. I received no response and therefore I assume that he opposes the ex parte motion and that he wishes to be present at a hearing on the ex parte motion.

I declare under penalty of perjury under the laws of Guam and the laws of the United States that the foregoing is true and correct.

Dated this 28th day of September, 2004.

_____
**ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on September 28, 2004, I caused to be served via hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE OPPOSITION MEMORANDUM IN EXCESS OF PAGE LIMITATION; CERTIFICATE OF COUNSEL (L.R. 7.1(j)** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 28th day of September, 2004.

_____
ANITA P. ARRIOLA

Law Offices
ARRIOLA, COWAN, ARRIOLA
SEP 1 0 2004
RECEIVED
BY: _____ TIME: 9:5₵

FILED
DISTRICT COURT OF GUAM
SEP - 9 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam Corporation,<br><br>Plaintiffs,<br>vs.<br><br>HONG KONG AND SHANGHAI BANKING CORPORATION, LTD. et. al.,<br><br>Defendants. | Civil Case No. 03-00036<br><br>ORDER |

On June 23, 2004, the Defendant Hongkong and Shanghai Banking Corporation Limited ("HSBC") filed Objections to Magistrate Judge Order Dated June 9, 2004. The Court hereby sets this matter for a hearing on October 6, 2004 at 9:00 a.m. before the Honorable Alex R. Munson.*

SO ORDERED this 9th day of September, 2004.

JOAQUIN V.E. MANIBUSAN, JR
U. S. Magistrate Judge

EXHIBIT
1

---

*The Honorable Alex R. Munson, United States District Judge for the District of the Northern Mariana Islands, sitting by designation.

## Law Offices
# Arriola, Cowan & Arriola

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.

Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

September 27, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

Re: **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
**District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is to inform you that I intend to file an ex parte motion for leave to file plaintiffs' opposition memorandum to HSBC's motion to dismiss in excess of the page limitation required by the Local Rules.

Please let me know on or before 12 noon September 28, 2004 if you will oppose the ex parte motion. If I do not hear from you by 12 noon I will assume that you oppose it and wish to be present at the hearing on the motion and I will make such representation to the court in my certificate of counsel.

Very truly yours,

*Anita P. Arriola*

ANITA P. ARRIOLA

FAXED

EXHIBIT 2