**JACQUES G. BRONZE**
**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

**RICHARD A. PIPES**
**LAW OFFICES OF RICHARD A. PIPES**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001



FILED
DISTRICT COURT OF GUAM
SEP 29 2004
MARY L. M. MORAN
CLERK OF COURT

303

*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

### DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br><br><br><br> **REPLY MEMORANDUM IN SUPPORT OF HSBC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DATED JUNE 9, 2004** |

### ANALYSIS

**I.    HSBC'S OBJECTIONS ARE PROPER SINCE THE PLAINTIFFS' EXECUTION OF THE STIPULATION AND ORDER MODIFYING THE SCHEDULING ORDER WAIVED ANY SUCH ARGUMENT.**

Despite Plaintiffs' strenuous argument before the Magistrate Judge on June 3, 2004, that

all discovery could be completed by August 31, 2004, Plaintiffs found themselves in need of

additional time for discovery which resulted in the execution on August 18, 2004, of a Stipulation and Order Modifying the Scheduling Order ("Stipulation & Order"). Plaintiffs' position that the Stipulation & Order somehow waived HSBC's right to pursue its objections to the Magistrate Judge's Order of June 9, 2004, is not supported by the provisions continued in the Stipulation & Order agreed between the parties. Paragraph 11 of the Stipulation & Order provides **"HSBC does not waive any of its rights to pending objections filed to decisions of the Magistrate Judge regarding scheduling and depositions; and [paragraph 12,] HSBC reserves all its rights to make future requests for extensions based upon depositions that HSBC is attempting to arrange in foreign countries."** See, ¶¶ 11 and 12 of the Stipulation & Order. Thus, based on paragraphs 11 and 12 of the Stipulation & Order, which was executed by Plaintiffs, nothing can be construed to waive HSBC's objections.

## II. NINTH CIRCUIT PRECEDENT REQUIRES THE DISTRICT JUDGE TO CONDUCT A *DE NOVO* REVIEW OF THE MAGISTRATE JUDGE'S FINDINGS OF FACT.

In a recent decision, United States v. Reyna-Tapia, 328 F.3d 1114 (9th Cir. 2003) (en banc), the Court of Appeals, siting *en banc*, "clarif[ied] the circumstances under which the District Court must conduct a *de novo* review of the Magistrate Judge's findings and recommendations." Id. at p. 1121. The Court of Appeals reviewed the language of 28 U.S.C. § 636(b)(1) and determined that the "statute makes it clear that the District Judge must review the Magistrate Judge's findings and recommendations *de novo if objection is made*, but not otherwise." Id. at p. 1121 (emphasis in original); see also, Gates v. Gomez, 60 F.3d. 525, 530 (9th Cir. 1995) ("[the District Court] also reviews *de novo* the Magistrate Judge's findings of fact to which a party has objected. It reviews the Magistrate Judge's conclusions of law *de novo*, as well.")

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Reply.Memo.Supp.Obj.Magis.Ord.(6-9-04).doc

Case 1:03-cv-00036   Document 320   Filed 09/29/2004   Page 2 of 10

*De novo* means "anew," "afresh" or "a second time." See, BLACK'S LAW DICTIONARY, P. 435 (6TH ED.). Thus, under the above Ninth Circuit precedents, the Court could consider HSBC's objections as filed. The cases relied on by Plaintiffs is inapplicable in this Circuit.

## A. The evidence objected to by Plaintiffs was properly before the Magistrate Judge.

Plaintiffs argue that Exhibits "1," "3" and "5" and paragraphs 6, 7, 12, 13, 14, 15 and 16 of the Declaration of Jacques G. Bronze filed with this Court on June 23, 2004, should not be considered. See, p.4 of Plaintiffs' Opposition.

Notwithstanding the argument above that this Court can review HSBC's objections anew, Exhibit "1" which is HSBC's First Set of Interrogatories to Plaintiff K. Sadhwani's Inc., was properly before the Magistrate, although the First Set of Interrogatories itself was not attached to the Declaration of Jacques G. Bronze filed with this Court on May 7, 2004. See, ¶ 6(e) of the Declaration of Jacques G. Bronze filed on May 7, 2004 (references "HSBC's First Set of Interrogatories served on Plaintiffs on March 25, 2004.")

Exhibit "3" was not filed at the time HSBC filed its Motion for Continuance due to the fact that HSBC had only about seven (7) days from the date of having filed its Motion for Continuance to retain a litigation counsel in the U.A.E. as well has having a written declaration filed with the Court. See, ¶ 9 of the Declaration of Jacques G. Bronze filed with this Court on May 7, 2004. Regardless, the evidence before the Magistrate was that HSBC needed more than seventy-two (72) days[1] to process a Letters Rogatory in the U.A.E. since HSBC's Guam Counsel's Declaration provided that HSBC's U.A.E. (Dubai) counsel informed him, that "it would take a significant time to process a Letters Rogatory . . . ," in the U.A.E. See, ¶ 9 of the Declaration of Jacques G. Bronze filed with this Court on May 7, 2004. Exhibit "3" which is the

---

[1] That is the amount of time the Magistrate granted to HSBC to complete discovery in its June 9, 2004, Order.

Declaration of Abdul Wahid Alulama from the law firm of Al Tamimi & Co. in Dubai merely corroborates HSBC's previous May 7, 2004 Declaration that it would take nine (9) to twelve (12) months to process Letters Rogatory in the UAE. See, ¶ 7 of Exhibit "3" attached to the Declaration of Jacques G. Bronze filed with this Court on June 23, 2004.

Since Plaintiffs only served its Second Amended and Supplemental Initial Disclosures on June 18, 2004, HSBC could not have brought this matter to the attention of the Magistrate any sooner, however, the Court should not permit Plaintiffs to litigate by ambush, an issue which HSBC will address *seriatim*. Regardless, HSBC raised the issues contained in Exhibit "5" with the Magistrate Judge since those involve the Dubai and Philippine witnesses.

The matter regarding to paragraph 6 of the Declaration of Jacques G. Bronze filed with this Court on June 23, 2004, was properly raised before the Magistrate. See, ¶¶ 7 and 9 of the Declaration of Jacques G. Bronze filed on May 7, 2004. In regards to paragraph 7 of the Declaration of Jacques G. Bronze filed on June 23, 2004, the facts asserted were before the Magistrate Judge. Moreover, paragraphs 12, 13, 14, 15 and 16 were properly before the Magistrate Judge before he issued his Order. Even if the Court is inclined to strike the aforementioned paragraphs, there exists sufficient grounds for the Court to reverse the Magistrate's Order.

**B.    To deny HSBC its right to depose material witnesses disclosed more than six (6) months after filing its initial Complaint would be tantamount in permitting Plaintiffs to litigate by ambush.**

The identity of the witnesses in Dubai and in the Philippines were never known or disclosed to HSBC in neither Plaintiffs' mandatory initial or supplemental disclosures, as required under Rule 26(a)(1) or any other discovery responses prior to the filing of HSBC's Motion for Continuance on May 7, 2004. See, Exhibits "1" and "2" attached to the Declaration

of Jacques G. Bronze filed with this Court on June 23, 2004. A review of Exhibit "5" attached to the Declaration of Jacques G. Bronze filed on June 23, 2004, indicates that Mr. Mukhi from Dubai and Mr. Vashi Jadwani from the Philippines had relevant evidence relating to ". . . Plaintiffs' efforts to obtain alternative financing." Plaintiffs allegations to have obtained "alternate financing" is essential to many of their claims. See, ¶¶ 18, 19, 23, 24, 32, 40, amongst others of Plaintiffs' Third Amended Complaint. Thus, as of March or April of 2003, Plaintiffs' purportedly knew or had the purported "...oral agreement...", with these two witnesses to provide it alternative financing." See, ¶ 15, 16 and 23 of the Third Amended Complaint.

Why their names were never disclosed in Plaintiffs' initial disclosures leads one to conclude that it is either a complete fabrication by Plaintiffs' counsel or a strategy sought to ambush HSBC. It is to be noted that on September 13, 2004, Plaintiffs again served HSBC its Third Amended and Supplemental Initial Disclosures identifying another witness in Indonesia as having "information regarding Plaintiffs' efforts to obtain alternate financing." See, Exhibit "1", attached to the Second Supplemental Declaration of Jacques G. Bronze.[2] Although FRCP 26(e) permits parties to supplement their disclosures and responses, the Court is authorized to prevent any prejudice to the opposing party. Subdivision (e) provides that a party is not under a continuing burden except as expressly provided such as relating to identity of persons having knowledge of discoverable matters. The Comments to FRCP 26(e) provides in part:

> The duty [to disclose] would be normally be enforced, . . . through sanctions imposed by the trial court including exclusion of evidence, continuance, or other action, as the court may deem appropriate. (emphasis added).

---

[2] Indonesia is not a member of the Hague Convention on Obtaining Evidence Abroad, thus compulsion of evidence can only be obtained pursuant to a letter rogatory which likely means a significant period of time is needed to process the letters. See, Second Supplemental Declaration of Jacques G. Bronze. HSBC is in the process of getting a legal opinion regarding this issue from lawyers in Indonesia. See, Second Supplemental Declaration of Jacques G. Bronze.

The federal rules do not permit Plaintiffs to fabricate evidence or intentionally not disclose the identity of material witnesses, only to then object to any continuance to permit a party to conduct depositions of such witnesses. Plaintiffs should not be permitted to benefit from their violation of the Federal Rules of Civil Procedure.

**III. THE TESTIMONY OF THE DUBAI AND PHILIPPINE WITNESSES CANNOT BE SUBSTITUTED THROUGH INTERROGATORIES SERVED ON PLAINTIFFS' COUNSEL.**

In its Opposition, Plaintiffs make this nonsensical argument that HSBC could obtain testimony of the Dubai and Philippine witness through ". . . the deposition of Plaintiffs." See, p. 6 of Plaintiffs' Opposition. In essence, Plaintiffs are arguing that HSBC should accept the testimony of Plaintiffs as a substitute for the testimony of these two witnesses. To lead credence to such absurd argument, Plaintiffs also argue that the Magistrate Judge, although not addressed in his Order, purportedly agreed ". . . that the information sought by HSBC could be obtained by interrogatories served on Plaintiffs." See, p. 6 of Plaintiffs' Opposition. Unfortunately, a review of the hearing transcript does not support Plaintiffs' claim as demonstrated below:

| | |
|---|---|
| MS. ARRIOLA: | They are not on our trial list; there were simply answers to interrogatories. We do not at this point intend to call them as witnesses. We believe that that information can be obtained from the Plaintiffs. But obviously, you know, if the bank feels that that is not the case, they can certainly go and take these depositions. |
| THE COURT: | Through interrogatories, through your office may be or not? |
| MS. ARRIOLA: | That's certainly the case, they still have, you know, additional interrogatories under the Rules that they can ask for. (Omitted lines 11-24 since its not relevant to the argument at hand). |

D:\CLIENTS FILE\HSBC-Sadhwani\Pkdgs\Reply.Memo.Supp.Obj.Magis.Ord.(6-9-04).doc

THE COURT:        I see.

See, Exhibit "4" attached to the Declaration of Jacques G. Bronze filed on June 23, 2004.

Based on the above testimony, there is nothing to support Plaintiffs misleading argument that the Magistrate ordered that the "...information sought by HSBC could be obtained by interrogatories served on Plaintiffs." Moreover, HSBC is not obligated under the federal rules to select a method of discovery most agreeable by Plaintiffs. Moreover, the live testimony of these third party witnesses can be no substitute for interrogatories served on Plaintiffs or the deposition of Plaintiffs. Incredibly, Plaintiffs wants to HSBC to rely on their self-serving testimony that the Philippine and Dubai witness had $3.5 million in hand ready to payoff HSBC.

## IV.    NO AMOUNT OF DILIGENCE BY HSBC WOULD HAVE LEAD TO THE COMPLETION OF THE DEPOSITIONS OF THE DUBAI AND PHILIPPINE WITNESSES.

As argued above, HSBC did not know about these two (2) witnesses until April 30, 2004. HSBC's Motion for Continuance was filed on May 7, 2004, and the hearing on the Motion was heard on June 3, 2004. As pointed out by HSBC in its Opening Brief, "good cause," exist when the schedule cannot be met despite diligence. See, 6A WRIGHT, MILLER AND KANE, FED. PRAC. & PROC., § 1521.1, at 231 (2D ed. 1990); Committee Note to 1983 Amendment to FRCP 16.

In regards to the Philippine witness, the General Counsel of HSBC in the Philippines indicated that it would take three (3) to four (4) months to process Letters Rogatory there. See, Exhibit "2" attached to the Declaration of Jacques G. Bronze filed on May 7, 2004. Moreover, Exhibit "3" attached to the same Declaration provided the Magistrate Court with evidence that processing Letters Rogatory in the Philippines could take up to a year based on information from United States' State Department website. The above time estimates is further corroborated by an

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Reply.Memo.Supp.Obj.Magis.Ord.(6-9-04).doc

Case 1:03-cv-00036    Document 320    Filed 09/29/2004    Page 7 of 10

email from a United States State Department officer, Wendy M. Johnson-Vincent, which estimated that the time to process Letters Rogatory involving the Philippines could be from "about six months to more than a year. . . ." See, Supplemental Declaration of Jacques G. Bronze filed with this Court on July 23, 2004. Thus, in relation to the Philippine witness alone, no amount of diligence by HSBC could have completed the deposition. To date, HSBC has still not heard from the United States State Department regarding its Letters of Request submitted on July 2, 2004. See, Second Supplemental Declaration of Jacques G. Bronze.

In regards to the Dubai witness, it is estimated that it would take nine (9) to twelve (12) months to process the Letters Rogatory. See, Exhibit "3" attached to the Declaration of Jacques G. Bronze filed with this Court on June 23, 2004. To date, HSBC has still not heard from the U.S. State Department relating to the above Letters Request, thus, no amount of diligence by HSBC could have completed the deposition. See, Second Supplemental Declaration of Jacques G. Bronze.

For the Magistrate Judge to fault HSBC for having failed to propound any Letters of Request at the time of hearing, notwithstanding that HSBC had not had even sufficient time to formally retain litigation counsel in those countries due to Plaintiffs' late disclosure, is unreasonable and an arbitrary insistence upon expeditiousness.

Moreover, the Magistrate Order should be reversed since it is clearly erroneous since there is no evidence to support it. In addition, the Order is contrary to law since it violates FRCP 26(e). Since Plaintiffs have sought to litigate by ambush, speedy litigation merely suits their motive. The speed of litigation process should be managed so that the truth, not the speed, determines the outcome. Plaintiffs' continuing evolving Complaint and witnesses speaks volume of their intent to avoid the truth and rather litigate by ambush.

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Reply.Memo.Supp.Obj.Magis.Ord.(6-9-04).doc

## CONCLUSION

Plaintiffs are seeking millions of dollars in punitive damages from HSBC. HSBC would be severely prejudiced if the Court fails to modify the Scheduling Order or permit HSBC to conduct depositions of the witnesses in Dubai, Philippines and Indonesia. Thus, HSBC respectively requests this Court to reverse the Magistrate's Order and grant HSBC twelve (12) months to conduct discovery in this case.

*Respectfully submitted* this 29th day of September 2004.

LAW OFFICES OF BRONZE & TANG
A Professional Corporation

By:_____
JACQUES G. BRONZE
*Attorneys for HSBC*

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Reply.Memo.Supp.Obj.Magis.Ord.(6-9-04).doc

Case 1:03-cv-00036   Document 320   Filed 09/29/2004   Page 9 of 10

# CERTIFICATE OF SERVICE

I, **JACQUES G. BRONZE,** hereby certify that on September 29, 2004, I caused to be served via hand delivery, a filed-stamp copy of the **REPLY MEMORANDUM IN SUPPORT OF HSBC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DATED JUNE 9, 2004 and SECOND SUPPLEMENTAL DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF HSBC'S REPLY MEMORANDUM,** to:

Joaquin C. Arriola
Anita P. Arriola
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910

*Attorneys for Plaintiffs*

**DATED:** September 29, 2004.

**LAW OFFICES OF BRONZE & TANG**
**A Professional Corporation**

By: _____
**JACQUES G. BRONZE**
*Attorneys for Defendant HSBC*

D:\CLIENTS FILE\HSBC-Sadhwani\Pldgs\Reply.Memo.Supp.Obj.Magis.Ord.(6-9-04).doc