**JACQUES G. BRONZE, ESQ.**
**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, Suite 201
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

**RICHARD A. PIPES, ESQ.**
**LAW OFFICES OF RICHARD A. PIPES**
A Professional Corporation
BankPacific Building, Suite 201
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001



*Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.*

### DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>HSBC'S OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE OF COURT TO FILE OPPOSITION MEMORANDUM IN EXCESS OF PAGE LIMITATION |

**PLAINTIFF'S LATE EX PARTE MOTION CANNOT BE CONSIDERED SINCE IT VIOLATES LOCAL RULE 7.1(G).**

Local Rule of Court 7.1(g) expects the parties to seek leave of court before filing any brief or memoranda in excess of twenty pages. The local rule does not permit the Court to consider a party's application after the party has violated the rule.

Unfortunately, this is not the first time Plaintiffs' counsel has disregarded the Local Rules of Court. Plaintiffs have previously filed an ex parte application without notice to opposing counsel and has also previously filed a Motion to Compel without the filing the Stipulation concurrently despite being required under the rules. See, Declaration of Jacques G. Bronze. In addition, on September 17, 2004, plaintiffs' filed a Reply Brief in excess of five pages of the limits placed by Local Rules of Court 7.1(g). Again, she filed an Opposition to HSBC's Motion to Dismiss in excess of eight pages.

The Court should not condone such conduct and sanctions should be imposed pursuant to LR 7.1(l).

Plaintiffs' omission is not inadvertent as argued by Plaintiffs', since they have engaged in a pattern of violation of the Local Rules of Court. It is to be noted that this is the second brief filed by Plaintiffs' in excess of what the Local Rules permit. Rather than inadvertence, it is Plaintiffs' counsel arrogance that is the underlying cause for such conduct. Being arrogant towards opposing counsel is one thing, but to be arrogant to the Court is another. When HSBC needed to exceed the page limit, Plaintiffs refused to stipulate and HSBC filed an *Ex Parte* Motion for Leave of Court to Exceed the Page Limits. See, Declaration of Jacques G. Bronze filed on November 19, 2003 and Order dated November 25, 2003.

This Court should take in consideration that Judge Dean D. Pregerson's Order of May 28, 2004, warned Plaintiffs' counsel as follows:

> The Court further orders the plaintiffs to follow all applicable rules in the future. Failure to do so may result in sanctions. Id at p. 5.

Plaintiffs' counsel chose not to heed such caution because she does not believe she has to.

HSBC finds it interesting that Plaintiffs now take the position the matters raised in the Motion to Dismiss are complex when on countless occasions, Plaintiffs' counsel has represented HSBC's counsel and the Court that there is nothing complex about this case. Plaintiffs fail to cite to any rule which permits such exception. Moreover, the fact that Plaintiffs' counsel had various deadlines relating to this action does not excuse the violation of the Local Rules of Court. It is to be noted that the undersigned has in the past and was facing the same deadlines in various motions. The undersigned is essentially a solo practitioner since Jerry Tang is not involved in this case while Plaintiffs' lawyers have more than five lawyers in her firm.

The *Ex Parte* Motion should be disregarded since Plaintiffs' conduct is in bad faith and has been undertaken to gain a tactical advantage. Plaintiffs' continuous flagrant disregard of the Local Rules of Court is prejudicial to HSBC's case. One cannot argue that an advantage is not gained by Plaintiffs' when HSBC has to reply to twenty-eight pages of arguments in a ten-page reply memorandum in accordance with Local Rule 7.1(g).

Moreover, since Plaintiffs' *Ex Parte* Motion relates to a dispositive motion, the motion can only be considered by Judge Bury who is assigned to hear HSBC's Motion to Dismiss. See, 28 USC §631-39 (governs the jurisdiction and authority of federal magistrates). For the foregoing reasons, Plaintiffs' belated *Ex Parte* Motion should be denied.

///

///

///

///

Respectfully submitted on this 30th day of September, 2004.

LAW OFFICES OF BRONZE & TANG
**A Professional Corporation**

By: _____
JACQUES G. BRONZE
*Attorneys for Defendant The Hongkong and
Shanghai Banking Corporation, Ltd.*