**JACQUES G. BRONZE**
**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, Suite 201
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

**RICHARD A. PIPES**
**LAW OFFICES OF RICHARD A. PIPES**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No: (671) 646-2001
Facsimile No.: (671) 647-7671



*Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd. ("HSBC")*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br><br><br><br><br>**DECLARATION OF**<br>**BRIAN WILLIAM GILCHRIST** |

**I, BRIAN WILLIAM GILCHRIST,** of 16th-19th Floors, Prince's Building, 10 Chater Road, Central, Hong Kong, do hereby declare and state as follows:

1. I am over eighteen (18) years of age, and I am a partner of Messrs. Johnson Stokes & Master solicitors. My firm, Johnson Stokes & Master, are the legal advisors of HSBC

in Hong Kong. In this regard, I am duly authorised by HSBC to make this Declaration on its behalf. Save where otherwise stated, the facts and matters herein are within my own knowledge and are true. Facts and matters not within my own knowledge are true to the best of my knowledge, information and belief.

2. I understand HSBC has been ordered by the District Court of Guam to produce to the Plaintiffs in the above action all documents concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes, or other credit facilities extended by HSBC to the following individuals and entities from 1st January 1999 to date, namely:

(i) a "Joseph K. Fang";

(ii) "Joseph K. Fang's" wife, children, siblings or parents;

(iii) corporation, partnership, sole proprietorship, company or entity in which "Joseph K. Fang" has any ownership interest;

(iv) corporation, partnership, sole proprietorship, company or entity in which any member of "Joseph K. Fang's" family (wife, children, siblings or parents) has any ownership interest;

(v) Paradise Marine Corporation;

(vi) corporation, partnership, sole proprietorship, company or entity in which "Joseph K. Fang" is an officer or director; and

(vii) corporation, partnership, sole proprietorship, company or entity in which any member of "Joseph K. Fang's" family (wife, children, siblings or parents) is an officer or director.

3. In this regard, there is now produced and shown to me and marked as exhibit "**BWG-1**" a true copy of a letter from my firm to HSBC's Guam Counsel, Mr. Jacques Bronze,

- 2 -

Case 1:03-cv-00036   Document 332   Filed 10/05/2004   Page 2 of 15

dated 14th September 2004, concerning HSBC's duty of confidentiality and secrecy under Hong Kong law, and that HSBC is prohibited by Hong Kong law to disclose information or document relating to its customers. I confirm and believe that the opinion expressed in the said letter is a true and accurate account of Hong Kong law in relation to a bank's duty of confidentiality and secrecy.

4. In this connection, my firm have written to Mr. Fang and his attorney to make request for particulars of himself and his family members and to secure their consent to disclose any documents located. However, Mr. Joseph Fang has expressly declined to provide any or any further particulars of himself and his family members, and has strenuously objected to any intended disclosure by HSBC. Indeed, Mr. Fang's Hong Kong solicitors have recently threatened to bring legal proceedings against HSBC to restrain it from complying with the District Court Order of Guam dated 10th August 2004.

5. In light of the position taken by Mr. Fang and his family members and in view of the lack of any personal particulars being forthcoming from them to enable comprehensive searches to be performed, I submit, in these circumstances, that it would be wrong for the Courts of Guam to criticise HSBC in relation to the way it complies with the District Court Order of Guam, dated 10th August 2004.

6. In this regard, our attention has been drawn to the Restatement (Third) of Foreign Relations Law of the United States, section 442, comment h, which, I understand, provides that "parties to litigation ... may be required to show that they have made serious efforts before appropriate authorities of States with blocking statutes to secure release or waiver from a prohibition against disclosure." In view of the foregoing requirement, a letter was sent by my firm to the Hong Kong Privacy Commissioner for Personal Data to secure the Privacy Commissioner's permission to make the required information available. In this regard, there is now produced and

- 3 -

Case 1:03-cv-00036   Document 332   Filed 10/05/2004   Page 3 of 15

shown to me and marked as exhibit "**BWG-2**" a true copy of a letter from my firm to the Office of the Privacy Commissioner for Personal Data, dated 7th September 2004. As at the date of this Declaration, however, we have not received any substantive response from the Privacy Commissioner.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this ___17th___ day of ___September___ 2004.

_____
**BRIAN WILLIAM GILCHRIST**

# EXHIBIT "BWG-1"



Johnson
Stokes
& Master

孖士打律師行

Bronze & Tang  
Bankpacific Building, 2nd Floor  
825 South Marine Corporation Drive  
Tamuning  
Guam 96913

Our Ref: AWCL/H2/04/6716699/4  
Your Ref:  
Direct Tel: (852) 2843 4536  
Direct Fax: (852) 2103 5158  
Date: 14th September 2004

Attn: Mr. Jacques Bronze

By Email: jagb6@yahoo.com and By Airmail

16th-19th Floors

Prince's Building

10 Chater Road

Central

Hong Kong

香港中環

遮打道10號

太子大廈16-19樓

Tel 電話

(852) 2843 2211

Fax 傳真

(852) 2845 9121

E-mail 電郵

jsmhk@jsm.com

www.jsm.com

Dear Sirs,

Re: **In the United States District Court of Guam**
  **- Civil Case No.03-00036**
  **Compliance with the US District Court of Guam Order dated 10th August 2004**

We understand that HSBC has been ordered by the District Court of Guam to produce to the Plaintiffs in the above proceedings all documents concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes or other credit facilities extended by HSBC to Joseph K. Fang, his family members and companies/entities in which they have business interests (as defined in the Plaintiffs' Request) from 1st January 1999 to the date of the Request.

However, as we will explain in this letter, Hong Kong law is the governing law which applies to all the accounts between HSBC and its customers in Hong Kong and under Hong Kong law, banks are prohibited from disclosing information relating to their customers, subject to certain exceptions as set out below.

\* \* \* \* \* \* \* \* \*

In Hong Kong, the protection afforded to a bank customer for unauthorised disclosure by his banker of information relating to him, his account or his personal data is threefold. First, there is the common law duty of banks not to disclose either the state of the customer's account or any of his transactions with the bank or any information relating to the customer acquired through the keeping of his account. Secondly, there is the equitable principle that a recipient of confidential information is under a duty not to use or disclose confidential information without authorisation or he will be liable for a breach of confidence. Unlike the

Other offices · Bangkok    Beijing    Hanoi    Ho Chi Minh City    Shanghai

Partners: S.S.O. Ip • R.S.Y. Lynn • D.H.F. Cheung • F.K. Au • R.W. Nicholl • J.R.D. Chapman • S.Y.S. Wong • Y.M.E. Lo • K.P.K. Cheung • R.O.W. Cheung • N.D. Hunsworth • A.Y. Lee • J.Y.S. Tse • E. Tsao • K.L. Ho* • L.J.W. Kaczmarek
• M.M.B. Lee • J.F. Chapman • R.T. Tung • … • P.G. … • … • A.W.M. Yu • K.K.S. Wong • J.S.F. Ng • T.S.T. So • K.R. Owen • S. Miller* • D.J.A. Boyle • J.K. Lewis*
• D.A. Ellis • B.Y.C. Lam • P.C.K. Wong • … • … • … • J.B. Burke* • … • … • B. MacPherson • … • M.S. Robertson • J.S.T. Chiu
• N.M. Farrell • M. Fraser* • J.K.L. Tam • J.C.O. Melville* • W.P. Amos • A.S.Y. Yim • J.C.Y. Mok • W.Y. Chang • J.M. Marsden • S.D. Nguyen* • T.P.J. Vaizey • M.J. Stevens • K.K.W. Chan • T.M.F. Tam • F.B. Wang • R.Y.M. Li
… Registered Foreign Lawyer: Y.N. Song (PRC) *Not ordinarily resident in Hong Kong

'banker-customer' relationship which is found on contract, the obligation of confidence is not based on contract and a customer may therefore, seek remedy against a third party who has received the confidential information as a result of a breach of duty by the customer's banker. Thirdly, in respect of customers who are living individuals, banks and financial institutions, in their capacity as data users, have to comply with the statutory requirements imposed under the Personal Data (Privacy) Ordinance.

*Common Law Implied Duty of Secrecy*

Hong Kong law applies the common law principle established by the U.K. case *Tournier v National Provincial and Union Bank of England [1924] 1 KB 461 ("Tournier")* that banks are obliged, as a result of an implied term in the 'banker-customer' contract, to maintain secrecy in relation to customers' accounts, customers' transactions with the banks and any other information acquired from their customers through the keeping of their accounts, subject to the following four qualifications: (a) where disclosure is under compulsion by law; (b) where there is a duty to the public to disclose; (c) where the interests of the bank require disclosure; and (d) where the disclosure is made by the express or implied consent of the customer.

*Tournier* is a U.K. landmark case, and the decision in *Tournier* was applied and discussed in the Hong Kong Court of Appeal case of *FDC Co Ltd and Others v The Chase Manhattan Bank N.A. [1990] 1 HKLR 222*. The case concerned U.S. court orders served on the U.S. head office of Chase which had branches in Hong Kong. The U.S. court orders essentially required Chase to produce records of bank accounts of certain customers maintained with the Hong Kong branches. The customers obtained in Hong Kong interim injunctions against Chase restraining disclosure of the relevant information. Notwithstanding the granting of the Hong Kong interim injunctions, the U.S. court still imposed daily fines on Chase for its refusal to comply with the U.S. order requiring disclosure. Chase therefore, applied to the Hong Kong court to have the injunctions discharged, but the application was refused. Chase then appealed against that refusal to the Hong Kong Court of Appeal. At the time of the hearing of the appeal before the Hong Kong Court of Appeal, several appeals in the US, presumably related to the contempt Orders, were pending.

The Hong Kong Court of Appeal applied the *Tournier* decision and dismissed the appeal and held, inter alia, that:-

- The first exception to the bankers' duty of secrecy (as established by the *Tournier* case) applied only to Hong Kong law and did not include a foreign law.

- The third exception to the bankers' duty of secrecy (as established by the *Tournier* case) meant only the interests of ordinary banking practice, such as when it is necessary to sue upon an overdraft or matters of that kind, and not to the case where it would be in the interests of Chase to disclose because of a financial obligation (i.e. the U.S. court order imposing daily fines).

- Under the laws of Hong Kong all banks carrying on banking business in Hong Kong owe the same obligations to their customers irrespective of where their head offices happen to be.

- All persons opening accounts with banks in Hong Kong, whether local or foreign banks, are entitled to look to the Hong Kong courts to enforce any obligation of secrecy which, by the laws of Hong Kong, is implied by virtue of the relationship of customer and banker.

- The Hong Kong branch of Chase should for present purposes be considered as a different entity separate from the head office in New York (*R.v. Grossman* (1981) 73 Cr App R302 followed).

- Although the orders of the U.S. courts were in fact addressed to Chase in New York, they were aimed at information within the jurisdiction of the Hong Kong courts and they were therefore, intended to have extra-territorial effect.

- Chase's obligation of secrecy was not subject to territorial limits. Chase could not publish the plaintiffs' (the customers') accounts elsewhere either, although as a practical matter, the courts of Hong Kong could not restrain production in New York.

- Anyone opening an account in Hong Kong would anticipate that in the ordinary course of business, the records containing the details of that account would be kept entirely within the office or branch at which the account was opened. There might be circumstances (for example a special investigation into a suspected fraud) in which the ordinary course of business would be extended and require that such details be sent to another office of the same bank. If the bank were a foreign bank, that might even involve sending the details out of Hong Kong.

Page 3

Case 1:03-cv-00036   Document 332   Filed 10/05/2004   Page 8 of 15

- Chase could not avoid its obligation of secrecy by sending details of the plaintiffs' accounts to the head office in New York, arguing that this was not a disclosure to a third person. Chase would not be allowed to make an internal transfer of information which it would not make in the ordinary course of banking business when that transfer was designed for no other purpose than to bring the information within the jurisdiction of the foreign court. The Hong Kong courts could enjoin Chase against disclosing information to the U.S. Government in Hong Kong and could restrain a transfer which was nothing more nor less than a device to avoid the enforcement in Hong Kong of the orders of a foreign court.

- The Hong Kong court would not be influenced by the fact that its order might result in Chase being in breach of the orders of the U.S. court. The Hong Kong court was not bound to hold back from enforcing the laws of Hong Kong at the dictate of a foreign power.

- The relevant term implied in a contract between banker and customer can be stated either as a positive covenant to maintain secrecy or as a negative covenant to maintain secrecy or as a negative covenant against disclosure. The effect is the same and the customer is entitled to the appropriate remedy, whether that be expressed as a mandatory injunction or as a restrictive injunction. In either case, the injunction will usually be granted even though no damage is shown.

Based on the above decision of the Hong Kong Court of Appeal, it is clear that Hong Kong law applies to the accounts opened by any individual/corporations in Hong Kong with HSBC (Hong Kong office) and that HSBC cannot disclose their information pursuant to the Order made by Guam Court, dated 10th August 2004.

*Personal Data (Privacy) Ordinance*

The purpose of the Personal Data (Privacy) Ordinance ("PDPO") Chapter 486 of the Laws of Hong Kong is to protect the privacy of individuals in relation to personal data. It regulates the collection, retention, transfer and use of recorded personal data relating to **a living individual** upon which the identity of that individual may be directly or indirectly ascertained. The PDPO has no application to other data such as data of companies.

The PDPO restricts disclosure of any data (defined as any representation of information, including an expression of opinion, in any document, and includes a personal identifier assigned to an individual by a data user that uniquely identifies the individual in relation to the data user) relating to a living individual (the data subject) upon which the identity of the data subject may be directly or indirectly ascertained, for a purpose other than the purposes (or a directly related purpose) for which the data was collected unless the disclosure is with the data subject's express consent voluntarily given or is exempted under the PDPO.

In addition to the non-disclosure requirement, the PDPO also specifies other data protection principles which are summarised as follows:-

1. The manner of collection of personal data must be lawful and fair in the circumstances. Personal data must be collected for lawful purpose(s) directly related to the function(s) or activity(ies) of the data user. The quantity of personal data collected must not be excessive in relation to the purpose(s) for which the personal data is collected. Moreover, all reasonably practicable steps must be taken to ensure that the data subject is informed on or before collecting the personal data (i)whether it is obligatory for him to supply the data and, if so, the consequences of failure to supply the data; (ii)the purpose(s) for which the data is (are) to be used; (iii)the classes of persons to whom the data may be transferred; and (iv) the data subject's rights to access to and correct the data.

2. All reasonably practicable steps must be taken to ensure that personal data is accurate. Further, personal data shall not be kept longer than is necessary for the fulfillment of the purpose(s) for which the data is to be used.

3. Personal data shall not be used for any purpose other than that for which the data was to be used at the time of collection (or purpose(s) directly related thereto).

4. A data user must take all reasonably practicable steps generally to make available to the public its policies and practices regarding personal data, the kind of personal data held by it and the main purposes for which those personal data are or are to be used.

5. A data subject shall be entitled, among other things, to have access to his personal data and request correction of the data.

There is a provision in the PDPO prohibiting a data user from transferring personal data collected, held, processed or used in Hong Kong to a place outside Hong Kong unless one of the prescribed conditions is met. Some of the conditions are (i) where the data user has reasonable grounds for believing that there is in force in that place any law which is substantially similar to, or serves the same purposes as, the PDPO; (ii) where the data subject has consented in writing to the transfer; and (iii) where the data user has taken all reasonable precautions and exercised all due diligence to ensure that the data will not, in that place, be collected, held, processed or used in any manner which, if that place were Hong Kong, would be a contravention of a requirement under the Ordinance.

The PDPO provides that any data subject who suffers damage (including injury to feelings) by reason of a contravention of any requirement under the PDPO (including the contravention of a data protection principle) on the part of a data user is entitled to compensation from the data user for the damage. Further, the Privacy Commissioner may serve an enforcement notice on a data user if the Commissioner is of the view that the data user is contravening a requirement under the PDPO, or has contravened such a requirement in circumstances which make it likely that the contravention will continue or be repeated. The enforcement notice will, among other things, specify the requirement in question and the remedial steps to be taken by the data user. A data user who contravenes an enforcement notice commits an offence and is liable on conviction to a fine of HK$50,000 (and a daily penalty of HK$1,000 in the case of a continuing offence) and to imprisonment for two years.

*Equitable Remedy for Breach of Confidence*

In addition to the bankers' duty of secrecy and the PDPO, under equitable principles a recipient of confidential information may also be liable for damages or be restrained from using or disclosing the information on the ground of a breach of confidence. If A imparts information in confidence to B who then reveals the information to C, not only may A claim compensation against B for his loss (or apply for an injunction to prevent the disclosure if the information has not yet been revealed), he may also recover damages from C who knows or ought reasonably to have known that the information is confidential.

The obligation of confidence is not based on contract, but by virtue of the relationship in the course of which the information is imparted. Despite the fact that there may not be an explicit undertaking, an obligation of confidence will be imposed upon the recipient if the circumstances are such that he knows or ought reasonably to have known that the information is to be treated as confidential. A third person who receives confidential information as a result of a breach of confidence will also be subject to an obligation of confidence upon becoming aware of the breach.

\* \* \* \* \* \* \* \* \*

In conclusion, where Hong Kong law is the governing law of the 'banker-customer' contract, compulsion by foreign law to disclose customer information is <u>not</u> a recognised exception to the bank's duty of secrecy. In the absence of any Hong Kong Court Order compelling disclosure of any documents, it would be unlawful for any bank to disclose customer documents in compliance with a U.S. court Order.

Yours faithfully,

*Johnson Stokes & Master*
Johnson Stokes & Master

L42D/cw

# EXHIBIT "BWG-2"



# Johnson Stokes & Master

孖士打律師行

Office of the Privacy Commissioner for
Personal Data
Unit 2401, 24/F., Office Tower
Convention Plaza
1 Harbour Road
Wanchai
Hong Kong

Our Ref: AWCL/H2/04/6716699/4
Your Ref:
Direct Tel: 2843 4536
Direct Fax: 2103 5158
Date: 7th September 2004

Attn: Privacy Commissioner for Personal Data

16th-19th Floors

Prince's Building

10 Chater Road

Central

Hong Kong

香港中環

遮打道10號

太子大廈16-19樓

Tel 電話

(852) 2843 2211

Fax 傳真

(852) 2845 9121

E-mail 電郵

jsmhk@jsm.com

www.jsm.com

**By Hand**                                    **URGENT**

Dear Sirs,

Re: **In the United States District Court of Guam
Compliance with the US District Court of Guam Order
dated 10th August 2004**

We act for one of the major banks, which has presence in Hong Kong and Guam.

Our client is currently involved in litigation with a former customer in the District Court of Guam and has recently been ordered by the Guam Court to produce to its opponent all documents concerning, relating to, or comprising any loan agreements, letters of credit, promissory notes or other credit facilities extended by our client to a third party customer ("JF"), JF's family members and companies/entities in which they have business interests from 1st January 1999 to the date of the request.

In this regard, the Guam Court Order is intended to have effect not only in Guam but also in other jurisdictions (including Hong Kong) where our client has business dealings with the customer, JF.

Our client recognises that Hong Kong law is the governing law which applies to all the accounts between itself and its customers in Hong Kong, and our client believes that JF may have bank accounts in Hong Kong.

As our client is also subject to the jurisdiction of Guam Court, however, it would be subject to proceedings for contempt of Court for failure to comply with the Guam Court Order, and could be ordered to pay daily fines until compliance.

Other offices - Bangkok    Beijing    Hanoi    Ho Chi Minh City    Shanghai

Partners: S.S.O. Ip • R.S.Y. Lynn • D.H.F. Cheung • F.K. Au • R.W. Nicholl • I.R.D. Chapman • S.Y.S. Wong • Y.M.E. Lo • K.P.K. Cheung • R.O.W. Cheung • N.O. Hunsworth • A.Y. Lee • J.Y.S. Tse • E. Tsao • K.L. Ho* • L.J.W. Kaczmarek • M.M.B. Lee • J.F. Chapman • R.T. Tung* • P.K.H. Yu • A.C. MacAulay • T.K.F. Goh • P.G. Biesty* • P.H.C. Ho • S.S. Birkett • A.W.M. Yu • K.K.S. Wong • J.S.F. Ng • T.S.T. So • K.R. Owen • S. Miller* • D.J.A. Boyle • I.K. Lewis* • D.A. Ellis • B.Y.C. Lam • P.C.K. Wong • D.A.W. Abate • R.J.I. Stock • S.M. Or • G.Y.M. Chan • B.W. Gilchrist • P.D. Burke • A.S.K. Yeo* • S.P.B. Chan • A.P.B. MacGeoch • P.K. Smith • M.S. Robertson • J.S.T. Chiu • N.M. Farrell • M. Fraser* • J.K.L. Tam • I.G.O. Melville* • W.P. Amos • A.S.Y. Yim • J.C.Y. Mok • W.Y. Chang • J.M. Marsden • S.D. Nguyen† • T.P.A. Vajzey • M.J. Stevens • K.K.W. Chan • T.M.F. Tam • F.B. Wang • R.Y.M. Li • P. Graham* • Consultants: R.S. Peard •

In this connection, we have previously written to the customer, JF, to ask for the personal particulars of himself and his family members and to secure their consent to disclose any documents located. However, JF has expressly declined to provide any or any further information regarding himself and his family members, and has strenuously objected to any intended disclosure of the required information/documents.

Our attention has been drawn to the Restatement (Third) of Foreign Relations Law of the United States, section 442, comment h, which provides that "Parties to litigation... may be required to show that they have made serious efforts before appropriate authorities of states with blocking statutes to secure release or waiver from a prohibition against disclosure."

In view of the foregoing requirement of the US Court, we have been requested by our client's Guam Counsel to write to you to secure your permission to make the required information available.

We appreciate this is a procedure rarely invoked in Hong Kong, but should you require further information or documents for the purpose of the above, we should be obliged if you would contact our Ms. Lam on telephone number 2843 4536.

We look forward to hearing from you.

Yours faithfully,

*Johnson Stokes & Master*
Johnson Stokes & Master
L49A/cw