FILED
DISTRICT COURT OF GUAM
OCT 06 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORP., LTD., *et al.*,<br><br>Defendants. | Civil Case No. 03-00036<br><br><br><br>ORDER |

This matter came before the Court on October 6, 2004 for hearing on Objections to Magistrate Judge Order (Doc. #176) filed by defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC"). Present at the hearing was Anita P. Arriola, Esq. for the plaintiffs. Jacques A Bronze, Esq. and Richard A Pipes, Esq. appeared for defendant HSBC. Upon review of the record, the memoranda of the parties and the applicable law, the Court makes the following disposition.

BACKGROUND

Before the Magistrate Judge, HSBC moved to continue the trial date and extend the deadline for discovery some twelve months. On June 9, 2004, the Magistrate Judge issued an Order (Doc. #157) wherein continued the trial date to October 19, 2004, and granted an extension of the discovery deadline dispositive motion deadline to August 17, 2004 and August 31, 2004 respectively. In the decision, the Magistrate judge reasoned,

> The Court is unpersuaded by HSBC's request to extend the discovery period for another 18 months and believes that such an extension is unreasonable. At the June 3, 2004 hearing, the Plaintiffs stated that they do not intend to call Messrs. Jadwani and Mukhi as trial witnesses. Nevertheless, HSBC's counsel asserted HSBC's desire to depose said witnesses, and yet HSBC has failed to propound any Letters of Request to commence said depositions. HSBC has been less than diligent in its efforts to commence, let alone complete, discovery. The Court partly bases this observation on HSBC's filing of numerous motions which either seek to stay discovery or which would have such an effect.

On June 23, 2004, HSBC filed its objection to the Magistrate Judge's Order. On August 18, 2004, the parties filed, and the Magistrate judge approved, a stipulation whereby the discovery deadline was extended to November 17, 2004 and the trial date continued to January 25, 2004. However, HSBC reserved its right to proceed with its objection the Magistrates Judge's decision. Plaintiffs filed a Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendant's Objections to Magistrate Judge's Order (Doc. #279) on September 22, 2004. Defendant HSBC filed a reply on September 29, 2004.

## LAW AND ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's determination of non-dispositive pretrial matters if the magistrate's order is "clearly erroneous or contrary to law." Similarly, Fed.R.Civ.P. 72 provides that magistrate judges' rulings on non-dispositive motions may be set aside or modified by the district court only if found to be "clearly erroneous" or "contrary to law." Fed.R.Civ.P. 72(a). See also *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991). The "clearly erroneous" standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law. See *United States v. McConney,* 728 F.2d 1195, 1200-1201 (9th Cir.1984), *overruled on other grounds, Estate of Merchant v. C.I.R.,* 947 F.2d 1390 (9th Cir.1991). To conclude that a magistrate judge's decision is clearly erroneous, the District Court must arrive at a "definite and firm conviction that a mistake has been committed." *Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.,* 130 F.R.D. 507 (D.D.C.1990).

HSBC asserts that the Magistrate Judge's decision to extend discovery only until August 17, 2004 was clearly erroneous. HSBC argues that the Magistrate Judge failed to properly consider

HSBC's need to depose Messrs. Jadwani and Mukhi, persons located outside the United States, and the amount of time and effort it would take to set up their deposition. HSBC also argues that it was error for the Magistrate Judge to base a finding of prejudice on hearsay statements made by plaintiffs' counsel at the hearing to the effect that plaintiffs had to pay $75,000.00 per month on the loan and that there was a possibility of foreclosure.

The record before the Magistrate Judge amply supported his reasoning as to whether to extend discovery twelve months [1] to allow for depositions of Messrs. Jadwani and Mukhi. Importantly, at the hearing in June, plaintiff disavowed any intent to call Messrs. Jadwani and Mukhi as witnesses for the trial. This intention was made even more clear at the hearing for the present motion. With this assurance by plaintiff, the need for Jadwani's and Mukhi's deposition does not appear to exist. Consequently, HSBC's argument that the Magistrate Judge failed to properly consider HSBC's need to depose Messrs. Jadwani and Mukhi and the amount of time and effort it would take to set up their deposition lacks merit.

The Court notes that HSBC is not without means or remedy. HSBC is still free to interview or obtain information from Messrs. Jadwani and Mukhi. For instance, affidavits or declarations for a possible motion for summary judgment can be obtained without any formal discovery procedures. If through this process HSBC believes that Jadwani's and Mukhi's testimony is relevant, HSBC will have four months for the witnesses to travel to Guam.

HSBC's argument that it was error for the Magistrate Judge to base a finding of prejudice on hearsay statements is also without merit. HSBC did not object to the introduction of plaintiffs' statement at the hearing. *See* Fed.R.Evid. 105(a)(1); *ESCO Corp. v. United States*, 750 F.2d 1466, 1469-1470 (9th Cir.1985). Therefore, the Magistrate Judge was free to consider it. In any case, the statements were not even cited as a basis for the Magistrate Judge's ruling. (*See* Order at 5). The Court finds that the Magistrate Judge's decision was not clearly erroneous or contrary to law.

---

[1] HSBC states that it moved for an extension of twelve months, not the eighteen months states in the Magistrate Judge's decision. Plaintiff agrees that the twelve months was the actual amount of time requested. Whether the amount requested was actually twelve months rather than eighteen is not material to the Court's disposition.

- 3 -

## CONCLUSION

Based on the foregoing, it t is ORDERED that the Objection to Magistrate Judge Order (Doc. #176) filed by defendant Hongkong and Shanghai Banking Corp., Ltd. is DENIED.

DATED this 6TH day of October, 2004.

*Alex R. Munson*
Alex R. Munson
Designated District Judge

Notice is hereby given that this document was entered on the docket on 10/06/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 10/06/04
Deputy Clerk    Date

- 4 -