DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI et al., | Civil Case No. 03-00036 |
| Plaintiffs, | |
| vs. | |
| HONGKONG AND SHANGHAI BANKING CORP., LTD., et al., | ORDER |
| Defendants. | |

This case is before the Court on the Defendant Hongkong and Shanghai Banking Corp., Ltd.'s ("HSBC") Motion to Reconsider Order Dated August 10, 2004. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing HSBC's submissions, as well as relevant caselaw and authority, the Court hereby denies the motion and issues the following decision.[2]

On May 27, 2004, the Magistrate Judge issued its Order compelling HSBC to produce documents deemed relevant to the Plaintiffs' causes of action. On June 4, 2004, HSBC filed its Objections to the Magistrate's rulings. On August 10, 2004, the Designated District Court Judge,

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

[2] The Court is extremely concerned that HSBC continues to waste the Court's time with yet another motion for reconsideration. Future frivolous motions may be sanctionable.

Judge Frances M. Tydingco-Gatewood ("Judge Tydingco-Gatewood")[3], issued an Order overruling HSBC's objections. HSBC now seeks this Court's reconsideration of that Order.

Pursuant to Local Civil Rule 7.1(i), a party may seek the reconsideration of a prior order. Specifically, Rule 7.1(i) provides:

> **Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
>
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
>
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Civ. R. 7.1(i) (emphasis added).

HSBC's motion does not state or otherwise suggest that there is a basis for reconsideration under any of the foregoing grounds recognized under the Local Rule 7.1. HSBC has failed to demonstrate a material difference in fact or law, the emergence of new facts or a change in law, or provide a manifest showing of a failure to consider material facts presented to the Court before such a decision was made.

HSBC first argues that Judge Tydingco-Gatewood's August 10, 2004 Order should be vacated because she was not appointed in accordance with the Appointment Clause of the U.S. Constitution, and therefore had no authority to serve as a judge of the District Court. This argument is without merit. Pursuant to 48 U.S.C. § 1424b(a), the Congress authorized the Chief Judge of the U.S. Court of Appeals for the Ninth Circuit to assign a judge of a local court of record to the District

---

[3] Judge Tydingco-Gatewood, is an Associate Justice of the Supreme Court of Guam, sitting as a temporary judge of the District Court of Guam. In this instance, Chief Judge Schroeder assigned Judge Tydingco-Gatewood "to serve as a judge in the District Court of Guam during the period January 1, 2004, and ending December 31, 2004, and for such additional time required in advance to prepare for the trial of cases, or thereafter as required to complete unfinished business." See Motion for Reconsideration, pages 3-4.

Court of Guam "whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court." 48 U.S.C. § 1424b(a). Here was such an instance.

HSBC next contends that it cannot comply with the discovery requests and therefore the Court should reconsider the August 10, 2004 Order. This argument is also without merit. Accordingly, the Plaintiff's Motion for Reconsideration is denied. The hearing scheduled for November 12, 2004 is hereby vacated.

SO ORDERED this 6th day of October, 2004.

_____
ALEX R. MUNSON*
United States District Judge

Notice is hereby given that this document was entered on the docket on 10/06/04.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 10/06/04
Deputy Clerk   Date

---

*The Honorable Alex R. Munson, United States District Judge for the District of the Northern Mariana Islands, sitting by designation.

- 3 -