**JACQUES G. BRONZE, ESQ.**
**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

**RICHARD A. PIPES, ESQ.**
**LAW OFFICES OF RICHARD A. PIPES**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001



**FILED**
DISTRICT COURT OF GUAM
OCT 08 2004
MARY L. M. MORAN
CLERK OF COURT
326

*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, ) ) ) ) | **CIVIL CASE NO. 03-00036** |
| Plaintiffs, ) ) | |
| v. ) ) | **DECLARATION OF JACQUES G. BRONZE IN SUPPORT OF** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., ) ) ) ) | **HONGKONG AND SHANGHAI BANKING CORPORATION, LTD'S MOTION FOR PROTECTIVE ORDER AND SANCTIONS** |
| Defendants. ) ) | |

**I, JACQUES G. BRONZE,** hereby declare and state as follows:

1. All matters herein are based on my own personal knowledge.

2. I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

3.     I am the co-counsel of record for Hongkong and Shanghai Banking Corporation, Ltd., ("HSBC"), in the above-entitled matter.

4.     A true and correct copy of the Declaration of Brian W. Gilchrist is attached to my declaration as Exhibit "1."

5.     On September 23, 2004, Plaintiffs served a Notice of Deposition of Messrs. Page and Montan in their capacity "as an officer or managing agent of HSBC." A true and correct copy of these notices of deposition are attached to my declaration as Exhibits "2" and "3" respectively.

6.     Subsequently, On October 4, 2004, Plaintiffs filed an Amended Notice of Deposition of Mr. Page in his capacity "as officer or managing agent of HSBC." A true and correct copy of the Amended Notice of Deposition is attached to this declaration as Exhibit "4."

7.     A true and correct copy of Plaintiffs' counsel's Affidavit filed on September 23, 2004, with the High Court of Hong Kong is attached hereto as Exhibit "5."

8.     A true and correct copy of the Declaration of Christopher R. Page and Magnus C.S. Montan is attached to this declaration as Exhibit "6" and "7" respectively.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**EXECUTED** on this 8th day of October 2004.

_____
JACQUES G. BRONZE

**JACQUES G. BRONZE, ESQ.**
LAW OFFICES OF BRONZE & TANG
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone:  (671) 646-2001
Facsimile:  (671) 647-7671

**RICHARD A. PIPES, ESQ.**
LAW OFFICES OF RICHARD A. PIPES
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone:  (671) 646-2001

*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> **DECLARATION OF BRIAN W. GILCHRIST IN SUPPORT OF HSBC'S *EX PARTE* MOTION FOR PROTECTIVE ORDER AND SANCTIONS** |

I, **BRIAN GILCHRIST,** hereby declare and state as follows:

1.    All matters herein are based on my own personal knowledge.

2.    I am over 18 years of age, and legally competent to testify to the facts below and I do so based upon my own personal knowledge.

3.    I am a partner of Messrs. Johnson Stokes & Master ("JSM"), solicitors. My firm, JSM, are legal advisors of HSBC in Hongkong.

4.    On July 2, 2004, the High Court of Hong Kong issued a Deposition Order directing the depositions of Messrs. Christopher R. Page ("Page"), and Magnus C.S. Montan ("Montan") to take place in Hong Kong, though such depositions were not to take place within twenty days from the date of issuance of the Deposition Order. A true and correct copy of the Deposition Order is attached as Exhibit "A." According to JSM's record, the sealed Deposition Order was served personally on Messrs. Page and Montan by the Hong Kong legal advisors of the Plaintiffs' Attorney on July 27, 2004.

5.    HSBC has filed an Application with the High Court of Hong Kong to vary and/or set aside the Deposition Order (or certain questions contained in the Deposition Order) pursuant to Hong Kong law. The matter will be heard by Hong Kong Court on November 2, 2004.

6.    Following Hong Kong Court's ruling on HSBC's Application, the depositions of Messrs. Page and Montan could be scheduled after the November 2, 2004, hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this ___7th___ day of October 2004.



_____
BRIAN W. GILCHRIST

$A$

# IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## MISCELLANEOUS PROCEEDING NO. 1614 OF 2004

In the Matter of the Evidence Ordinance (Cap. 8)

And in the Matter of Order 39 and Order 70 of the Rules of the High Court

And in the Matter of a Civil Matter now pending before the United States District Court of Guam (Civil Case No. 03-00036)

BETWEEN :-

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, K SADHWANI'S INC. | | *Applicants (Plaintiffs in Guam proceedings)* |
| | and | |
| HONGKONG AND SHANGHAI BANKING CORPORATION LTD. a Foreign corporation, JOHN DOE I through JOHN DOE X | | *Respondents (Defendants in Guam proceedings)* |



## BEFORE MR. REGISTRAR C. CHAN OF HIGH COURT IN CHAMBERS

### ORDER

**UPON** the ex-parte application of the Applicants by way of Originating Summons filed on 25th June 2004.

**AND UPON** reading the First Affidavit of Andrew Chan Weng Yew filed herein on 25th June 2004 and the respective Exhibits referred to therein.

IT IS ORDERED that :-

1.  Mr. Magnus Montan and Mr. Christopher Page both c/o HongKong and Shanghai Banking Corporation Limited at 1 Queen's Road Central, Hong

1

Kong (hereinafter referred to as "the Witnesses") attend before Master K.H.Hui who is hereby appointed as examiner herein, at the High Court of the Hong Kong Special Administrative Region on Wednes day the 2ı$^{st}$ day of July 2004 at 3:00 o'clock in the after noon or such other day and time as the said examiner may appoint for oral examination on oath before the examiner with estimated time to be agreed or directed by the examiner.

2. The Witnesses be examined orally and by tape recording or video recording, more particularly that they be asked the questions that are filed separately and under seal in the Guam proceedings as referred to in the Letter of Request For Taking The Depositions of Magnus Montan and Christopher Page in Hong Kong dated the 16th June 2004 (known as "the Request") and exhibited to the aforesaid Affidavit of Andrew Chan Weng Yew, in the presence of the agents of the Applicants/Plaintiffs and Respondents/Defendants or such of them as attend the examination on due notice given;

3. The agents and/or solicitors of both the Applicants/Plaintiffs and the Respondents/Defendants (with Counsel if so instructed) or such of them as are present pursuant to paragraphs 1 and 2 of this Order be permitted to examine orally upon the subject matter thereof arising out of the answer thereto the Witnesses and the other party to cross-examine the Witnesses orally and the party producing the Witnesses for examination to re-examine them orally;

4. The evidence of the Witnesses Mr. Montan and Mr. Page pursuant to paragraphs 1, 2 and 3 of this Order be caused to be reduced into writing and all books, documents and things produced on such examination to be duly marked for identification and to authenticate such examination by the seal of this Honourable Court or in such other way as in accordance with the procedure of this Court and to return it together with a note of the charges and expenses payable in respect of the execution of this request through Applicants'/Plaintiffs' Solicitors, Ince & Co to the United States District Court of Guam and to return the written evidence and documents produced to the person and address as follows :-

The Honourable Joaquin V.E. Manibusan, Jr.
United States District Court of Guam
4th Floor, U.S. Courthouse
520 West Soledad Avenue
Hagatna, Guam 96910

5.     The costs of and occasioned by this application be reserved.

IT IS FURTHER ORDERED that the Examination should not take place for a
period of 20 days.

Dated the 2nd day of July 2004

Registrar

HCMP 1614/2004

**Penal Notice**
If you, the within named
Mr. Magnus Montan and
Mr. Christopher Page
neglect to obey this Order
by the time stated, you are
liable to process of execution
to compel you to obey it.
You may also be held to be in
contempt of Court and be liable
to imprisonment.

IN THE HIGH COURT OF THE
HONG KONG SPECIAL ADMINISTRATIVE REGION
COURT OF FIRST INSTANCE
MISCELLANEOUS PROCEEDING NO. 1614 OF 2004

In the Matter of the Evidence Ordinance (Cap. 8)

And in the Matter of Order 39 and Order 70 of the
Rules of the High Court

And in the Matter of a Civil Matter now pending before
the United States District Court of Guam (Civil Case No.
03-00036)

BETWEEN :-

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, K SADHWANI'S INC. | *Applicants*<br>*(Plaintiffs in*<br>*Guam proceedings)* |
| and | |
| HONGKONG AND SHANGHAI BANKING CORPORATION LTD. a Foreign corporation, JOHN DOE I through JOHN DOE X | *Respondents*<br>*(Defendants in*<br>*Guam proceedings)* |

---

**ORDER**

---

Dated this 2nd day of July 2004
Filed this   8th day of July 2004

Ince & Co.
Solicitors for the Applicants
38th Floor, Asia Pacific Finance Tower
Citibank Plaza, 3 Garden Road
Central, Hong Kong
Tel : 2877-3221
Fax : 2877-2633

(Ref : AWC/SLC/ac (04.9838)
\\Hkfile01\allusers\04-9838\Court\Order June 04.doc

**Joaquin C. Arriola**
**Anita P. Arriola**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734

BRONZE & TANG, P.C.
Date: _23 Sept 04_
Time: _3:10 r_
Received: _Katt_

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, )<br><br>Plaintiffs, )<br>vs. )<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, )<br><br>Defendants. ) | CIVIL CASE NO. 03-00036<br><br>**NOTICE OF DEPOSITION OF CHRISTOPHER R. PAGE, IN HIS CAPACITY AS AN OFFICER OR MANAGING AGENT OF DEFENDANT HONGKONG & SHANGHAI BANKING CORPORATION, LTD.** |

**TO:   COUNSEL OF RECORD FOR HONGKONG & SHANGHAI BANKING CORPORATION, LTD., AND CHRISTOPHER R. PAGE, IN HIS CAPACITY AS AN OFFICER OR MANAGING AGENT OF HONGKONG & SHANGHAI BANKING CORPORATION, LTD.**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of CHRISTOPHER R.

PAGE, in his capacity as an officer or managing agent of Hongkong & Shanghai Banking

Corporation, Ltd., Defendant, on Monday, the 11th day of October, 2004, at the Law Offices of

Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam at 9:00 a.m. The deposition

will continue from day-to-day until completed.

EXHIBIT "2"

The deposition shall be taken before a notary public or before some other officer authorized by law to administer oaths. The deposition will be recorded by videotape and stenographic means.

The deposition will be taken pursuant to Rule 30, Federal Rules of Civil Procedure. Defendant is required to produce Christopher R. Page, whose testimony will bind the Defendant Hongkong & Shanghai Banking Corporation.

DATED: September 23, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys For Plaintiffs

By: _____
Joaquin C. Arriola

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-2-

## CERTIFICATE OF SERVICE

I, Joaquin C. Arriola, hereby certify that on September 23, 2004, I caused to be served via hand delivery, a **NOTICE OF DEPOSITION OF CHRISTOPHER R. PAGE, IN HIS CAPACITY AS AN OFFICER, OR MANAGING AGENT OF DEFENDANT HONGKONG & SHANGHAI BANKING CORPORATION, LTD.** to:

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

Richard A. Pipes
Law Offices of Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913

Dated this 23rd of September, 2004.

_____
Joaquin C. Arriola

Joaquin C. Arriola
Anita P. Arriola
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

BRONZE & TANG, P.C.
Date: 23 Sept 04
Time: 3:10 pm
Received: kgtt

Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, <br><br> Defendants. | CIVIL CASE NO. 03-00036 <br><br> **NOTICE OF DEPOSITION OF MAGNUS C. S. MONTAN, IN HIS CAPACITY AS AN OFFICER OR MANAGING AGENT OF DEFENDANT HONGKONG & SHANGHAI BANKING CORPORATION, LTD.** |

**TO: COUNSEL OF RECORD FOR HONGKONG & SHANGHAI BANKING CORPORATION, LTD., AND MAGNUS C. S. MONTAN, IN HIS CAPACITY AS AN OFFICER OR MANAGING AGENT OF HONGKONG & SHANGHAI BANKING CORPORATION, LTD.**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of MAGNUS C. S. MONTAN, in his capacity as an officer or managing agent of Hongkong & Shanghai Banking *called KBM* Corporation, Ltd., Defendant, on Thursday, the 14th day of October, 2004, at the Law Offices of Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam at 9:00 a.m. The deposition will continue from day-to-day until completed.

EXHIBIT "3"

The deposition shall be taken before a notary public or before some other officer authorized by law to administer oaths. The deposition will be recorded by videotape and stenographic means.

The deposition will be taken pursuant to Rule 30, Federal Rules of Civil Procedure. Defendant is required to produce Magnus C. S. Montan, whose testimony will bind the Defendant Hongkong & Shanghai Banking Corporation.

DATED: September 23, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys For Plaintiffs

By: _____
Joaquin C. Arriola

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-2-

## CERTIFICATE OF SERVICE

I, Joaquin C. Arriola, hereby certify that on September 23, 2004, I caused to be served via hand delivery, a **NOTICE OF DEPOSITION OF MAGNUS C. S. MONTAN, IN HIS CAPACITY AS AN OFFICER, OR MANAGING AGENT OF DEFENDANT HONGKONG & SHANGHAI BANKING CORPORATION, LTD.** to:

| | |
|---|---|
| Jacques G. Bronze, Esq. | Richard A. Pipes |
| Bronze & Tang, P.C. | Law Offices of Richard A. Pipes |
| 2nd Floor, BankPacific Building | BankPacific Building, Suite 201 |
| 825 S. Marine Drive | 825 South Marine Drive |
| Tamuning, Guam 96913 | Tamuning, Guam 96913 |

Dated this 23rd day of September, 2004.

Joaquin C. Arriola

-3-

**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:     (671) 477-9730
Fax:    (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

*[stamp:]* OCT 2004
Law Offices
Of
Richard A. Pipes
2:55 P

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,    ) <br> ) <br> ) <br> ) <br> Plaintiffs,    ) <br> vs.    ) <br> ) <br> HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,   ) <br> JOHN DOE I through JOHN DOE X,   ) <br> ) <br> Defendants.   ) <br> ) | CIVIL CASE NO. 03-00036 <br><br> **AMENDED** <br> **NOTICE OF DEPOSITION OF** <br> **CHRISTOPHER R. PAGE, IN HIS** <br> **CAPACITY AS AN OFFICER OR** <br> **MANAGING AGENT OF** <br> **DEFENDANT HONGKONG &** <br> **SHANGHAI BANKING** <br> **CORPORATION, LTD.** |

**TO:  COUNSEL OF RECORD FOR HONGKONG & SHANGHAI BANKING
CORPORATION, LTD., AND CHRISTOPHER R. PAGE, IN HIS CAPACITY AS
AN OFFICER OR MANAGING AGENT OF HONGKONG & SHANGHAI
SHANGHAI BANKING CORPORATION, LTD.**

PLEASE TAKE NOTICE that plaintiffs will take the deposition of **CHRISTOPHER R.**

**PAGE**, in his capacity as an officer or managing agent of Hongkong & Shanghai Banking

Corporation, Ltd., Defendant, on **Tuesday, the 12ᵗʰ day of October, 2004**, *cald KBM*, at the Law Offices of

Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam at 9:00 a.m. The deposition

will continue from day-to-day until completed.

*[stamp:]*
**BRONZE & TANG, P.C.**
Date: _10-04-04_
Time: _2:55 p_
Received: _✗_

EXHIBIT "4"

The deposition shall be taken before a notary public or before some other officer authorized by law to administer oaths. The deposition will be recorded by videotape and stenographic means.

The deposition will be taken pursuant to Rule 30, Federal Rules of Civil Procedure. Defendant is required to produce Christopher R. Page, whose testimony will bind the Defendant Hongkong & Shanghai Banking Corporation.

DATED: October 4, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys For Plaintiffs

By: _Anita P. Arriola_
**ANITA P. ARRIOLA**

-2-

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on October 4, 2004, I caused to be served via hand delivery, a **AMENDED NOTICE OF DEPOSITION OF CHRISTOPHER R. PAGE, IN HIS CAPACITY AS AN OFFICER, OR MANAGING AGENT OF DEFENDANT HONGKONG & SHANGHAI BANKING CORPORATION, LTD.** to:

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

Richard A. Pipes
Law Offices of Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913

Dated this 4th day of October, 2004.

_Anita P. Arriola_
ANITA P. ARRIOLA

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-3-

# IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## MISCELLANEOUS PROCEEDINGS NO. 1614 OF 2004

In the Matter of Evidence Ordinance (Cap. 8)

And in the Matter of Order 39 and Order 70 of the Rules of the High Court

And in the Matter of a Civil Matter now pending before the United States District Court of Guam (Civil Case No. 03-00036)

BETWEEN:-

ALAN SADHWANI, LAJU SADHWANI,
and K. SADHWANI'S INC.

*Applicants (Plaintiffs in*
*Guam Proceedings)*

and

HONGKONG AND SHANGHAI BANKING
CORPORATION, LTD., a Foreign corporation,
JOHN DOE I through JOHN DOE X,

*Respondents*
*(Defendants in*
*Guam Proceedings)*

## AFFIDAVIT OF ANITA P. ARRIOLA

I, ANITA P. ARRIOLA, of 259 Martyr Street, C & A Professional Building, Suite 201, Hagatna, Guam 96910, DO MAKE OATH AND SAY as follows:

1.     I am an attorney of the Law Offices of Arriola, Cowan & Arriola, and I am one of the attorneys who represent the Applicants Alan K. Sadhwani, Laju Sadhwani and K. Sadhwani Inc. (hereinafter adhwanis as against Hongkong and Shanghai Banking Corporation, Ltd. (hereinafter SBC in the United States District Court of Guam Civil Proceedings No. 03-00036 (hereinafter

**EXHIBIT** \\ 5 ⁱⁱ

Guam Proceedings . I am duly authorized to make this Affidavit on behalf of the Sadhwanis. Unless otherwise stated, I have personal knowledge of the facts and matters stated herein. Of those facts and matters that are not within my own knowledge, I shall state such as are true to the best of my knowledge, information and belief.

2.    I make this Affidavit in Support of the Application to depose Witnesses, Christopher Page and Magnus Montan, and in opposition to HSBC application to set aside, vary and/or stay the depositions of Mr. Page and Mr. Montan.

3.    To assist the Court in understanding the nature of the Guam Proceedings as it relates to the Application by HSBC, I set forth below the background of the claims and defenses pleaded in the Guam Court proceeding.

**Factual Background of the Guam Proceedings**

4.    The Sadhwanis filed a lawsuit in the United States District Court of Guam against HSBC for breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of contract; breach of fiduciary duty; and breach of confidentiality and banking laws. The Complaint was superceded by a Second Amended Complaint filed on June 2, 2004. Subsequently, after obtaining important information from the depositions of several witnesses, the Sadhwanis filed a Third Amended Complaint on August 16, 2004. *See* APA-1.

5.    The Sadhwanis were long-time customers of HSBC for approximately twenty-five years; they are in the business of acquiring real properties and developing them, as well as leasing real properties, including offices and other commercial buildings, and selling electronics, fixtures and appliances. The Sadhwanis banked exclusively with HSBC, which lent funds to the Sadhwanis, took the Sadhwanis mortgages, security instruments and other evidences of indebtedness, and accepted all of the Sadhwanis deposits. The Sadhwanis deposited about $100 million with HSBC

-2-

during their twenty-five year relationship. As borrowers, the Sadhwanis have paid HSBC thousands of dollars in interest and fees. By virtue of this long relationship, the Sadhwanis placed explicit faith, trust, and confidence in HSBC, trusting that HSBC and its officers and employees would deal fairly and honestly with them. *See* APA-1.

6.  Over the course of their banking relationship, the Sadhwanis had obtained numerous loans from HSBC. On December 29, 1997, K. Sadhwani Inc. And HSBC executed a enewal and Amendment of Credit Facilities ( enewal . *See* APA-1, Exh. A. The Renewal letter referred to the Sadhwanis and HSBC agreement to renew and amend the various loans the Sadhwanis had with the bank.

7.  The parties memorialized the terms of the Renewal by executing a Business Loan Agreement and a Promissory Note on December 31, 1997. *See* APA-1, Exhs. B and C.

8.  In September 2002, the Sadhwanis had an outstanding loan balance of over $6.8 million with HSBC ( he Loan , secured by mortgages on several prime properties in Guam. *See* APA-1, Exh. D.

9.  In February 2003, when HSBC decided to terminate its operations in Guam, HSBC began to place undue pressure on the Sadhwanis to pay off their loan. On March 5, 2003 the parties entered into a Promissory Note Modification Agreement which extended the maturity date of the Note to August 31, 2003. *See* APA-1 Exh. F.

10.  On March 21, 2003, HSBC and the Sadhwanis entered into a workout agreement to pay off the Sadhwanis loan. HSBC offered the Sadhwanis a ayoff plan with three alternatives: (1) sell the mortgaged properties; (2) enter into a riendly foreclosure with HSBC, where the Sadhwanis would turn over the mortgaged properties to HSBC; or (3) obtain alternative financing to pay off the Loan (hereafter he workout agreement . *See* APA-1, Exh. J. The Sadhwanis accepted the first

-3-

and third proposals. *See* APA-1 Exh. K. Relying upon this workout agreement and HSBC representations, the Sadhwanis immediately retained a broker to sell their properties and they also tried to obtain alternate financing to pay off their Loan.

11.     While the Sadhwanis were fulfilling their obligations under the workout agreement, in May 2003 unknown to the Sadhwanis HSBC began negotiations with Joseph K. Fang to sell the Loan to Mr. Fang Guam company, Paradise Marine Corporation ( MC . After over a month of negotiations, HSBC and PMC executed a Loan Purchase Agreement on June 25, 2003 for the sale of the Loan. HSBC did not disclose to the Sadhwanis that the Loan was for sale or that the Loan was sold in June, 2003. *See* APA-1 at 6.

12.     On July 18, 2003, the Sadhwanis received a otice of Intent to Sell Loan dated July 15, 2003. *See* APA-1, Exh. N. This Notice came as a total surprise to the Sadhwanis, since there was a workout agreement with HSBC and the Sadhwanis were fulfilling their obligations under the workout agreement. *See* APA-1 at 7.

13.     On July 22, 2003, Mr. Sadhwani pleaded with HSBC General Manager Chris Underwood not to sell the Loan and offered to purchase the Loan for $3 million. When Mr. Underwood declined, Mr. Sadhwani offered $3.5 million and Mr. Underwood represented that he would try to stop the sale of the Loan. *See* APA-1 at 7.

14.     Pursuant to the workout agreement, Mr. Sadhwani had applied to First Hawaiian Bank for alternate and other banks for financing. He also had an oral agreement with two individuals that in the event bank financing was unavailable, he could borrow up to $3.5 million in order to pay off the Loan. Mr. Sadhwani did obtain terms and conditions for financing from First Hawaiian Bank on August 5, 2003 and forwarded those terms and conditions to HSBC. *See* APA-1 at 7-8.

-4-

**The April 9 Order of the U.S. District Court of Guam**

15. On October 21, 2003, the Sadhwanis filed their complaint against HSBC in the Guam Proceedings. HSBC filed a motion to dismiss the entire complaint for failure to state any causes of action. In an Order dated April 9, 2004 ( he April 9 Order  the U.S. District Court of Guam granted in part and denied in part the motion to dismiss. The District Court dismissed two of the six causes of action, breach of the promissory note modification agreement and breach of banking and confidentiality laws *without prejudice*, and allowed the Sadhwanis to amend those two causes of action.

16. The April 9 Order, (and other Orders of the Guam court referenced below), are pertinent to these proceedings, as they set forth the scope of relevant evidence and testimony in the Guam Proceedings. In the April 9 Order, the District Court judge held:

> [The Sadhwanis  Complaint sufficiently alleges facts that *HSBC acted dishonestly and that it acted outside accepted commercial practices.* Accordingly, the motion to dismiss the First cause of action [for breach of the covenant of good faith and faith dealing] must be denied.

*See* APA-2 at 8 (emphasis added). The District Judge also held:

> . . . the Complaint alleges that HSBC made specific representations to the Plaintiffs knowing full well that it had no intention of performing. Specifically, the Complaint alleges that HSBC represented to the Plaintiffs that it would accept sales of the securing real properties and/or alternate financing when in fact HSBC was in the process of selling the Loan, yet it continued to let the Plaintiffs believe such representations even after the Loan was sold. Based on these allegations, *the Complaint sufficiently establishes a claim for intentional misrepresentation.*

*See* APA-2 at 9.

17. HSBC  counsel Jacques Bronze has submitted a table purportedly summarizing the details of the Sadhwanis allegations and HSBC  defenses. Many of HSBC   efenses were

specifically rejected by the Guam court in the April 9 Order:

> HSBC contends that since the Plaintiffs failed to fulfill the express
> conditions precedent contained in the alleged workout agreement,
> this failure terminates HSBC reciprocal obligation to perform under
> the said agreement. *A similar argument was raised by HSBC in an*
> *attempt to dismiss the Second cause of action, but rejected the Court.*
> *Likewise, the Court rejects the argument as it pertains to the Fourth*
> *cause of action.* Moreover, as the Plaintiffs assert, the requirements
> of actually selling the properties and obtaining a commitment letter
> for alternate financing cannot be construed as conditions precedent
> since the work out agreement does not specify a time limitation for
> Plaintiffs to provide evidence of such efforts. Thus, only a
> reasonable length of time for performance is required. . . . the Court
> finds that the Complaint sufficiently alleges a cause of action for
> breach of the work out agreement.

*See* APA-2 at 11.

**HSBC Conduct in the Guam Proceedings**

18.     The Federal Rules of Civil Procedure, which govern the Guam Proceedings, require

the parties to obtain discovery of relevant evidence without the necessity of court intervention.

Unfortunately, HSBC has not abided by the rules of civil procedure and instead has engaged in

obstructive and dilatory tactics in the Guam Proceedings. Specifically, HSBC refused to produce

relevant documents in the case without a court order; refused to produce HSBC representatives for

their depositions in Guam until commanded to do so by the Guam court; and has filed numerous

motions in an attempt to delay the trial in the Guam Proceedings and thwart the Sadhwanis

legitimate right to discovery. As a result, the District Court has issued the following Orders

concerning HSBC tactics:

A.     An Order dated April 30, 2004, denying HSBC application for interlocutory appeal

and to stay depositions in the case. *See* APA-3. The Court viewed the application to stay

depositions as ***delay tactic*** and stated that ***f]urther delay in the discovery process is just***

-6-

*a waste of time and would needlessly postpone the trial. See* APA-3 at 2 (emphasis added).

B.      An Order dated May 27, 2004, commanding HSBC to produce documents
concerning, among other things, the sale of HSBC customers loans, discounts, friendly
foreclosures, and alternative financing provided to other customers in settling their loans
with HSBC. *See* APA-4;

C.      An Order dated June 7, 2004, denying HSBC motion to stay discovery, noting that
*SBC has repeatedly delayed the discovery process by filing numerous motions which either
seek to stay discovery or which would have such an effect*, and listing the several motions
filed by HSBC. *See* APA-5 at 2 (emphasis added);

D.      An Order dated June 9, 2004, denying HSBC motion to continue the trial date and
extend discovery deadlines and *awarding sanctions to the Sadhwanis in the form of
attorneys fees against HSBC for HSBC failure to produce its representatives for their
noticed depositions. See* APA-6 at 9;

E.      An Order dated August 10, 2004, overruling HSBC objections to the May 27, 2004
Order and stating, he Court is concerned by the contentious atmosphere in which discovery
in this case is being conducted and by the large number of pretrial motions filed. HSBC
seemingly has used the filing of motions to stall the progress of this case. . . . *The Court
cautions HSBC that such litigation tactics will not be tolerated. HSBC is advised to show
the appropriate restraint in its subsequent filings. See* APA-7 at 8 (emphasis added).

19.      As this Honorable Court can see from the above Orders, HSBC has attempted to stall
or delay discovery in the Guam Proceedings, particularly the depositions of HSBC representatives.
We view HSBC latest attempt to stay or set aside the deposition order regarding Messrs. Page and

-7-

Montan as merely another tactic to delay discovery and impede the Sadhwanis right to obtain relevant evidence in the Guam Proceedings and we request this Honorable Court to view HSBC application in the light of their conduct in the Guam proceedings.

## HSBC Application to Set Aside or Vacate and/or Stay the Depositions of Messrs. Page and Montan.

20.     The Application to set aside or vacate, and/or stay the depositions of Messrs. Page and Montan should respectfully be denied as the deposition questions are within the jurisdiction of the Hong Kong court to take evidence for the purpose of trial in the Guam Proceedings. HSBC claims in its Application that the Letter of Request allows for the depositions of Messrs. Page and Montan for the purposes of discovery, and not for use in evidence at trial. HSBC Application is without merit. The Second Letter of Request stated that Messrs. Montan and Page have **been identified by HSBC** as a witness who is known or believed to have substantial relevant discoverable information. (Second Letter of Request, p. 4, paras. 5A and 5B) (emphasis added). Under our Rules of Civil Procedure, Rule 26, the parties are required to identify persons who are known or believed to have substantial relevant discoverable information and they are required to exchange the lists of such persons with the other parties in the case. HSBC complied with this rule by disclosing the names of Messrs Montan and Page. But as noted above, the Court was merely stating that these two individuals were identified by HSBC as having ubstantial relevant discoverable information. The Court did not by including such statements in the Second Letter of Request, indicate that the depositions of Messrs. Montan and Page would be taken for discovery purposes. Indeed, the Second Letter of Request specifically states with respect to the depositions of Messrs. Montan and Page that, **t]he evidence sought herein is essential to the trial in this proceeding, is intended to be given at trial, and will be admissible at trial**. (Emphasis added)  Clearly, the Court intended that the

-8-

depositions of Messrs. Montan and Page is to be used at trial as they are ntended to be given at trial, and will be admissible at trial.

21.     HSBC contends that the deposition questions are not designed to obtain evidence for the purpose of trial. *See* J. Bronze Affidavit. However, the questions as submitted with the Sadhwanis Application to the Court for the depositions of Messrs. Page and Montan, are for the purpose of taking evidence for the trial and are relevant and admissible as evidence at trial, pursuant to the Federal Rules of Evidence, which govern the Guam Proceedings.

22.     Mr. Bronze has advised the Court that he scope of examination can be extremely wide and a lot of information obtained in the pretrial discovery deposition is not admissible as evidence at trial. *See* JCB, 1. This statement, however, is not supported by our rules of evidence. Federal Rule of Evidence 401 states that elevant evidence means:

> [E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

*See* APA - 8. Federal Rule of Evidence 402 provides:

> All evidence is admissible except as otherwise provided by the Constitution of the United States by act of Congress by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

*See* APA - 9.

Accordingly, under the Federal Rules of Evidence, the definition of relevant evidence is extremely broad: evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, is admissible in the Guam Proceeding.

-9-

23.    The deposition testimonies of Messrs. Page and Montan and are highly relevant to the matters at issue in the Guam Proceedings and are admissible at trial. I have taken the depositions of HSBC Guam representatives, as well as the deposition of Joseph K. Fang. HSBC General Manager Chris Underwood testified at his deposition that he was responsible for finalizing the details of the Loan Purchase Agreement, but he testified that *only* Messrs. Page and Montan were involved in the negotiations of the sale of the Sadhwanis Loan. Mr. Fang deposition also confirms this. The testimony of Messrs. Page and Montan regarding negotiations to sell the Sadhwani Loan are relevant to plaintiffs causes of action in their Third Amended Complaint that HSBC breached its fiduciary duties to the Sadhwanis and acted in bad faith and failed to deal fairly with the Sadhwanis by:

A.    Misrepresenting to the Sadhwanis that the bank intended to perform on the workout agreement when in fact it had no intention of complying with the workout agreement and instead intended to sell the Loan;

B.    Refusing to allow the Sadhwanis a reasonable time under the workout agreement to sell their properties or to obtain alternate financing;

C.    Failing to inform the Sadhwanis that it was selling the Loan and refusing to give the Sadhwanis the opportunity to purchase or pay off their Loan at the same price offered by PMC or other parties; and

D.    Discriminating against the Sadhwanis and giving more favorable consideration and treatment to Joseph Fang, a principal of PMC, who was a former executive of HSBC and a long-time special customer of HSBC, to the detriment of the Sadhwanis.

*See* APA-1 at 11, 17.

-10-

24.     The deposition questions concerning HSBC sale of its other commercial loans, including to third parties, are also relevant and admissible at trial. For instance, how many if any loans were negotiated through HSBC Head Office and sold to a party who is not a bank. A bank, who buys a loan, will do so for banking business. A third party who is not a bank is far more likely to buy the loan for enforcement purposes, which obviously would be detrimental to the Sadhwanis interests. What information was given to Mr. Fang regarding the Sadhwanis accounts? To what extent did HSBC head office consider the Sadhwanis interests? Why did HSBC head office involve itself in the Sadhwanis case and was this an isolated incident? Did HSBC head office take the decision to not inform or conceal from the Sadhwanis that they were entering into active negotiations over the sale of their loan. Such evidence is relevant to the Sadhwanis claim in their Third Amended Complaint that HSBC breached its fiduciary duties and the covenant of good faith and fair dealing by discriminating against the Sadhwanis and treating other HSBC customers more favorably in their settlement of their loans, including but not limited to, giving them longer and more reasonable periods of time to settle their loans or to obtain alternate financing; giving them discounts on their loans; allowing friendly foreclosures; or allowing their customers to continue servicing their loans with HSBC. *See* APA-1 at 11, 17. Mr. Bronze states that the Sadhwanis proposed deposition questions are not designed to establish evidence for the purpose of trial in Guam because the business and the affairs of HSBC other customers and/or the selling of its other commercial loans ill not help the Applicants prove its claims against HSBC. *See* J. Bronze Affid., 3. However, the District Court rejected HSBC argument on this score. Mr. Bronze affidavit in opposition is based on his belief that the evidence sought is not designed to obtain evidence for trial. This ignores the fact that the Letter of Request was granted in order to obtain evidence for trial for that very purpose and he quite correctly does not deny that the Guam Court issued the Letter of Request for that very purpose.

-11-

25.    If I may elaborate on the background of the proceedings which led to the May 27,
2004 Order (*see* APA-4).   The Sadhwanis sought to obtain documents from HSBC relating to any
sales of other customers loans, as well as iscounts, friendly foreclosures, or refinancing on loan
balances extended by HSBC to its customers, other than the Plaintiffs. *See* APA-3, , p. 8.  HSBC
refused to produce the documents and asserted that the requested documents were irrelevant because
they involved third parties unrelated to the dispute between the Sadhwanis and HSBC.  The District
Court rejected  HSBC contention,  finding:

> Specifically, the requested information is relevant to HSBC motives
> and intent and may tend to prove whether HSBC acted arbitrarily and
> capriciously in selling the Plaintiffs Loan when it may have extended
> discounts or friendly foreclosures to other customers.

*See* APA-3, at 8.

26.    In sum, the deposition questions for Messrs. Page and Montan, submitted by the
Sadhwanis in their Application to this Court, are for the purpose of taking evidence for the trial in
the Guam Proceedings. I respectfully request, on behalf of the Sadhwanis, that this Honorable Court
deny HSBC application to stay or vacate the deposition order in this matter.

**HSBC  Concern Regarding Confidential Bank Information**.

27.    Ian Chrystie Underwood, HSBC Guam General Manager, has submitted an Affidavit
to this Honorable Court, stating that he is concerned about the confidentiality of certain bank
information that would be disclosed at the depositions of Messrs. Page and Montan.   Mr.
Underwood  concern is without merit.  In the Guam Proceedings, HSBC requested that the
Sadhwanis agree to entry of a protective order governing certain confidential business information.
 The parties executed, and the Court signed, a Stipulated Protective Order Governing Discovery
which allows either party to designate certain information as  onfidential and to be disclosed only
to certain individuals and the Court. *See* APA - 10.  In a related proceeding, *Sadhwani, et al. v.*

*Paradise Marine Corporation*, Civil Case No. CV0739-04, filed in the Superior Court of Guam, the Sadhwanis requested, and obtained, a similar protective order in the Superior Court to protect the confidentiality of HSBC documents. HSBC, or the Sadhwanis, could also similarly request an Order from this Honorable Court regarding the confidentiality of information obtained in the course of the Page or Montan depositions. It is also of note that HSBC in the Guam proceedings deny that under Guam they owe any common law duty of confidentiality and non disclosure of the Plaintiff financial position and financial details. There is no allegation that the common law position under Guam law is different from the common law position in relation to all their other customers.

**Status of the Guam Proceedings**

28.     If I may also advise the Court that since the filing of HSBC application to stay or vacate the deposition order, the Sadhwanis have filed a Third Amended Complaint, which superceded their Second Amended Complaint. Accordingly, the motion to dismiss filed by HSBC and referenced in the Affidavit of Jacques Bronze, is moot by Order of the Court dated August 18, 2004. *See* APA-11.

29.     The trial date in this case is now scheduled to take place on January 25, 2005. On behalf of the Sadhwanis, I respectfully request that this Honorable Court deny HSBC application to stay or vacate the deposition order in this case. In addition, this Honorable Court previously scheduled the depositions of Messrs. Page and Montan to be taken on July 9, 2004. I respectfully request that this Honorable Court order the depositions of Messrs. Page and Montan to be taken immediately after the hearing of November 2, 2004, in order to allow the Sadhwanis the opportunity to take their evidence before the January 25, 2005 trial date.

30.     By reason of the foregoing matters, I submit that the proposed deposition questions are for the purpose of obtaining evidence for trial in the Guam Proceedings. Accordingly, I

-13-

respectfully request that the Honourable Court deny HSBC application to stay or vacate the Deposition Order made by Mr. Registrar C. Chan on 2nd July 2004.

SWORN by ANITA P. ARRIOLA     )
                                  )
at the Law Offices of Arriola, Cowan &    )
Arriola 259 Martyr Street, C&A         )
Professional Building, Suite 201, Hagatna,  )
Guam 96910                            )
                                  )
on this 23rd day of September 2004.    )

_Anita P. Arriola_

Before me,

Guam, U.S.A. ) ss:

     SUBSCRIBED AND SWORN before me this 23rd day of September, 2004 by ANITA P. ARRIOLA.

                                       _Cynthia T. Tongson_
                                       NOTARY PUBLIC

Notary Public
Guam

> CYNTHIA T. TONGSON
> NOTARY PUBLIC
> In and for Guam U.S.A.
> My Commission Expires: August 11, 2008
> P.O. Box 2436, Hagatna, Guam 96932

This Affidavit is filed on behalf of the Applicant, Alan Sadhwani, Laju Sadhwani and K. Sadhwani Inc.

-14-

# IN THE HIGH COURT OF THE
## HONG KONG SPECIAL ADMINISTRATIVE REGION
## COURT OF FIRST INSTANCE
## MISCELLANEOUS PROCEEDINGS NO. 1614 OF 2004

In the Matter of Evidence Ordinance (Cap. 8)

And in the Matter of Order 39 and Order 70 of the Rules of the High Court

And in the Matter of a Civil Matter now pending before the United States District Court of Guam (Civil Case No. 03-00036)

BETWEEN:-

ALAN SADHWANI, LAJU SADHWANI,
and K. SADHWANI'S INC.

*Applicants (Plaintiffs in Guam Proceedings)*

and

HONGKONG AND SHANGHAI BANKING
CORPORATION, LTD., a Foreign corporation,
JOHN DOE I through JOHN DOE X,

*Respondents (Defendants in Guam Proceedings)*

## AFFIDAVIT OF ANITA P. ARRIOLA

Dated this 23rd day of September 2004.
Filed this 30th day of September 2004.

INCE
& CO.
SOLICITORS
38th Floor
Asia Pacific Finance Tower
Citibank Plaza
3 Garden Road
Hong Kong
Tel: 28773291
Fax: 28772633
Ref: *A WC/SLC/04. 9838*

**JACQUES G. BRONZE**
**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, Suite 201
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

**RICHARD A. PIPES**
**LAW OFFICES OF RICHARD A. PIPES**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001

*Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, ) ) | |
| v. ) ) | **DECLARATION OF CHRISTOPHER R. PAGE** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., ) ) ) ) | |
| Defendants. ) ) | |

I, **CHRISTOPHER R. PAGE**, of Level 34, HSBC Main Building, 1 Queen's Road

Central, Hong Kong, do hereby declare and state as follows:-

**EXHIBIT** " 6 "

1.     I am over eighteen (18) years of age, and I am the Chief Credit Officer of The Hongkong and Shanghai Banking Corporation Ltd. ("HSBC"), and I am responsible for overseeing the management of credit risk issues and recovery of debts in Asia Pacific. I am legally competent to testify to the facts below, and I do so based upon my own personal knowledge.

2.     On or around 23rd September 2004, I understand HSBC's Guam Counsel was served with the Plaintiffs' Notice of Deposition of myself in my capacity as an officer or managing agent of HSBC. Pursuant to such notice, I believe the Plaintiffs intend to take my deposition in Guam on 11th October 2004 at 9 a.m., but 11 days later, the Notice of Deposition was amended to reflect the new date of deposition, being 12th October 2004.

3.     In this regard, the initial Notice was brought to my attention on or around 24th September 2004, but prior to such time, I have already committed to travel to mainland China in the week commencing 11th October 2004, and the purpose of this business trip is to meet certain PRC Government Officials and bank officials. In fact, I also have other travelling commitments in the month of October, in that I have made prior arrangements to travel to Australia and Singapore, and these trips were already planned in August 2004. Apart from travelling commitments, I am also required to prepare for and attend HSBC's Executive Committee Meeting and Asset Liability Committee Meeting on 25 and 26 October 2004, and these meetings were planned approximately one year in advance.

4.     In the circumstances, I would have immense difficulty in attending the proposed deposition in Guam on 12th or other dates in October 2004, as this would simply be impractical or impossible to do so. Given the very short notice I had of the proposed deposition, this would cause serious interference with my duties, and undue burden and expense to myself and HSBC.

- 2 -

5. In any event, I am subject to a Hong Kong Deposition Order issued on 2nd July 2004, pursuant to which I am required to give evidence for the purpose of these proceedings in Guam to the extent the deposition questions are permissible under Hong Kong law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this 8th day of October 2004.

_____
Christopher R. Page

**JACQUES G. BRONZE**
**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, Suite 201
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

**RICHARD A. PIPES**
**LAW OFFICES OF RICHARD A. PIPES**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001

*Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU ) | CIVIL CASE NO. 03-00036 |
| SADHWANI, and K. SADHWANI'S ) | |
| INC., a Guam corporation, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **DECLARATION OF** |
| ) | **MAGNUS C.S. MONTAN** |
| HONGKONG AND SHANGHAI ) | |
| BANKING CORPORATION, LTD., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I, **MAGNUS C.S. MONTAN**, of Level 18, HSBC Main Building, 1 Queen's Road

Central, Hong Kong, do hereby declare and state as follows:-

1.     I am over eighteen (18) years of age, and I am an Associate Director currently

working in the Financing and Risk Advisory Department of the Hongkong and Shanghai Banking

**EXHIBIT** `1`

Corporation ("HSBC"). I am legally competent to testify to the facts below, and I do so based upon my own personal knowledge.

2.      On or around 23rd September 2004, I understand HSBC's Guam Counsel was served with the Plaintiffs' Notice of Deposition of myself in my capacity as an officer or managing agent of HSBC. Pursuant to such notice, I believe the Plaintiffs intend to take my deposition in Guam on 14th October 2004 at 9 a.m.

3.      In this regard, I should mention that I have just started this new job in the Financing and Risk Advisory Department of HSBC. Consequently, with my new job, I have been assigned several major projects, which would not only require my attention here, but is likely to require me to travel outside Hong Kong. In this regard, I understand it is likely that I will be required to travel to Thailand next week.

4.      In the circumstances, given the very short notice I had with respect to the proposed deposition and my pending travelling arrangements, I would have great difficulty and it would be an undue burden to travel to Guam to attend the proposed deposition on 14th October 2004.

5.      In any event, I am subject to a Hong Kong Deposition Order issued on 2nd July 2004, pursuant to which I am required to give evidence for the purpose of these proceedings in Guam to the extent the deposition questions are permissible under Hong Kong law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**EXECUTED** this 8th day of October 2004.

Magnus C.S. Montan

- 2 -