**JACQUES G. BRONZE**
**LAW OFFICES OF BRONZE & TANG**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001
Facsimile: (671) 647-7671

**RICHARD A. PIPES**
**LAW OFFICES OF RICHARD A. PIPES**
A Professional Corporation
BankPacific Building, 2nd Floor
825 South Marine Corp Drive
Tamuning, Guam 96913
Telephone: (671) 646-2001



*Attorneys for Defendant Hongkong and Shanghai Banking Corporation, Ltd.*

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>  Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>  Defendants. | CIVIL CASE NO. 03-00036<br><br><br><br><br><br>HSBC'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PROTECTIVE ORDER; REQUEST FOR ORAL ARGUMENT |

## JURISDICTION

This Court has authority to hear this motion pursuant to 28 U.S.C. § 636(b)(1)(A) and FRCP 72(a).

## FACTS

On June 16, 2004, this Court issued a Letter of Request for the deposition of Christopher R. Page ("Page"), and Magnus C.S. Montan ("Montan"), to be taken in Hong Kong. The last

paragraph on page 4 of the Letter of Request makes it explicitly clear that the examination shall be "... according to your [referring to Hong Kong law] procedure ... ." On July 8, 2004, the High Court of Hong Kong issued an Order directing the deposition of Messrs. Page and Montan. See, Exhibit "A" attached to the Declaration of Brian W. Gilchrist which is attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as Exhibit "1." The aforementioned Order was served personally on Messrs. Page and Montan on July 27, 2004. See, Declaration of Brian W. Gilchrist which is attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as Exhibit "1."

Thereafter, HSBC filed an Application with the High Court of Hong Kong to vary and/or set aside the Deposition Order (or certain questions contained in the Order) pursuant to Hongkong law, which will be heard on November 2, 2004. See, Declaration of Brian W. Gilchrist which is attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as Exhibit "1.". The depositions of Page and Montan could be scheduled after the November 2, 2004, hearing. See, Declaration of Brian W. Gilchrist which is attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as Exhibit "1.".

On September 23, 2004, Plaintiffs' served on HSBC a Notice of Deposition of Messrs. Page and Montan in their capacity "as an officer or managing agent of HSBC." See, Exhibits "2"and "3" attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004. Subsequently, on October 4, 2004, Plaintiffs' filed an Amended Notice of Deposition of Page in his capacity "as an officer or managing agent of HSBC." See, Exhibit "3" attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004. Plaintiffs have not abandoned their pursuit of deposing Messrs. Page and Montan in Hong Kong because as of September 23, 2004, Plaintiffs' counsel filed an Affidavit in the High Court of Hong Kong. See, Exhibit "4" to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004.

On October 8, 2004, HSBC filed its Ex Parte Motion for Protective Order under FRCP 26(c). The Magistrate Court orally denied the motion and also declined to stay the Order. See, Declaration of Jacques G. Bronze. Since the depositions of Messrs. Page and Montan are pending, it is imperative to hear this matter ex parte. HSBC reserves the right to file supplemental Objections when the Magistrate Judge issues a written Order embodying the oral Order of October 8, 2004.

## ANALYSIS

### I. THE MAGISRTATE ORAL ORDER SHOULD BE REVERSED TO PREVENT MESSRS. PAGE AND MONTAN DEPOSITION TO BE TAKEN ON GUAM SINCE THE HONGKONG COURT HAS ALREADY ISSUED AN ORDER FOR THE DEPOSITION OF THESE TWO PERSONS.

Section 636(b)(1)(A) provides, in pertinent part: "[a] judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law." In a recent decision, United States v. Reyna-Tapia, 328 F.3d 1114 (9th Cir. 2003) (en banc), the Court of Appeals, siting *en banc*, "clarif[ied] the circumstances under which the District Court must conduct a *de novo* review of the Magistrate Judge's findings and recommendations." Id. at p. 1121. The Court of Appeals reviewed the language of 28 U.S.C. § 636(b)(1) and determined that the "statute makes it clear that the District Judge must review the Magistrate Judge's findings and recommendations *de novo if objection is made*, but not otherwise." Id. at p. 1121 (emphasis in original); see also, Gates v. Gomez, 60 F.3d. 525, 530 (9th Cir. 1995) ("[the District Court] also reviews *de novo* the Magistrate Judge's findings of fact to which a party has objected. It reviews the Magistrate Judge's conclusions of law *de novo*, as well.")

FRCP 26(c) provides in part:

> (c) PROTECTIVE ORDERS. Upon motion by a party or by the person from whom discovery is sought, accompanied by

- 3 -
Case 1:03-cv-00036 Document 348 Filed 10/12/2004 Page 3 of 11

a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following.

(1)  that the disclosure or discovery not be had;

(2)  that the disclosure or discovery may be had only on specified terms and conditions, including a designation of time or place.

The Court is authorized to issue a protective order after showing that good cause exists for the protection of the material or witness. See, Glenmede Trust Company v. Thompson, 56 F3d 476, 783 (3rd Cir. 1995). Rule 26(c) lists the types of orders the District Court may issue to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense. The District Court is not limited to the above types of protective orders listed in Rule 26(c). Rather, the Court is authorized to make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense. See, Boughton v. Cotter Corp, 65 F3d 823, 829 (10th Cir. 1995), (Order that deposition of opposing counsel not be had).

A second deposition of the same person will support a finding of annoyance and undue burden or expense. See, Sentry Insurance v. Shivers, 164 FRD 255, 256 (D. Kansas, 1996), citing T.B.G., Inc. v. Bendis, No. 89-2423-EEO, unpublished opinion at 2-3 (D. Kan. Feb. 17, 1993). In this case, Plaintiffs' Notice of Deposition of Messrs. Page and Montan in Guam after the Hong Kong Court has already ordered depositions of these witnesses constitutes an "annoyance" and "undue burden or expense." See, Declaration of Brian W. Gilchrist which is attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as

Exhibit "1."; See also, In Re Air Crash at Taipei, Taiwan on October 31, 2000, 2002 W.L 32155477 of (C.D. Cal. 2002). (Where the court specifically ordered a Singapore Airlines pilot's deposition to be taken in Singapore, the pilot's purported failure to appear at the deposition in Santa Monica, California, does not serve basis for sanctions).

Notwithstanding that in his position as the Chief Credit Officer for HSBC, Mr. Page oversees credit risk issues for the bank for the entire Asian Pacific Region covering multiple countries, prior to receiving the Notice of Deposition which was subsequently amended, Mr. Page entered into several significant work commitments for the month of October. See, Declaration of Christopher R. Page which is attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as Exhibit "6." For e.g., the Executive Committee Meeting and Asset Liability Committee Meeting are planned more than one year in advance. Id. To proceed with the improperly noticed deposition in Guam would cause a serious interference with Mr. Page's duties.

Similarly, Mr. Magnus Montan who is an Associate Director with the Financing and Risk Department of HSBC had prior to receiving the Notice of Deposition made significant commitments for the month of October including a business trip to Thailand planned for next week. See, Declaration of Magnus Montan attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as Exhibit "7."

### A. Plaintiffs' failure to designate the type of deposition they are pursuing in the Notice of Deposition is grounds for the Court to reverse the Magistrate Order.

The Notices of Deposition for Messrs. Page and Montan provide that "[t]he deposition will be taken pursuant to Rule 30, Federal Rules of Civil Procedure." See, Exhibit "2" and "3" attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004.

Under the Federal Rules of Civil Procedure, depositions can be pursued under FRCP 30(b)(1) or 30(b)(6).

> Federal Rule of Civil Procedure 30(b)(6) provides in relevant part:
>
> A party may in the party's notice and in a subpoena name as the deponent a ... private corporation ... and describe with reasonable particularity the matters on which examination is requested. In that event, ***the organization so named shall designate*** one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. ([Emphasis added.])

Here, Defendant HSBC, are not Plaintiffs, under Rule 30(b) (6) designate which person or persons will respond to the notice of deposition. Thus, Plaintiffs' attempt to designate particular individuals must fail under Rule 30(b) (6). In turn, since Defendant HSBC will designate its representative(s) under Rule 30(b)(6), the site of the deposition necessarily will be at HSBC's place of business: Hong Kong.

If a corporate party designates an officer, director or employee to testify on its behalf, the deposition should ordinarily be taken at the corporation's principal place of business. See, Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537 (D. Minn. 2003) (U.S. plaintiff forced to take supplemental deposition of Japanese corporate representative in Japan). If Plaintiffs' are intending to take 30(b)(6) deposition, the notice must describe with reasonable particularity the matters on which examination is requested. In addition, the Court may quash a Rule 30(b)(6) notice of failure to specify the areas of inquiry with reasonable particularity. See, Reed v. Nellcor Puritan Bennett & Mallinckrodt, 193 FRD 689, 692 (D. Kan. 2000) (When the responding party cannot identify the outer limits of the area of inquiry noticed, compliant designation is not feasible).

- 6 -
D:\CLIENTS\ITE\HSBC-Shadday\Reply-P(30)(6)Magis-DepoArgument
Case 1:03-cv-00036 Document 348    Filed 10/12/2004    Page 6 of 11

Plaintiffs' ambiguous deposition notices may also be construed as being given under authority of FRCP 30(b)(1). The deposition of a party's officers or employees is subject to the court's power to grant a protective order. Turner v. Prudential Ins. Co. of America, 119 F.R.D. 381, 383 (MD NC 1988); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. MI 1987). And, Rule 30(b) (1) depositions are generally taken where the deponent resides, is employed or has a place of business. In Philadelphia Indem. Ins. Co. v. Federal Ins. Co., 215 F.R.D. 492 (E.D. Pa. 2003), the court ordered the deposing party (Philadelphia) to take depositions of certain Federal employees in Southern California notwithstanding that Philadelphia had noticed the depositions in Pennsylvania. The court found that no equitable considerations weighed in favor of compelling the federal employees to travel to Pennsylvania given that the deponents all resided and worked in California and were critical to Federal's business.

Courts have also recognized that while the federal rules do not prevent plaintiffs from designating any place they choose for the taking of a defendant's deposition, it is presumed that a defendant will be examined at his residence or at his place of employment. If another place is named and the defendant timely objects to the location of the deposition, the objection should be sustained, absent some unusual circumstances justifying putting the deponent to such inconvenience. See, Grey v. Continental Marketing Assoc., 315 F. Supp. 826, 832 (N.D. Georgia 1970) ( plaintiff not permitted to require defendants to travel to district where case was venued for depositions). Plaintiffs have cited no unusual circumstances.

The equities weigh heavily in favor of the depositions of Page and Montan occurring in Hong Kong. Like their counterparts in Federal, they live and work close to the Defendant's corporate headquarters in Hong Kong. They are not residents of Guam. Mr. Page has neither traveled to Guam on business or pleasure. Mr. Montan has traveled to Guam only once. On the other hand, as demonstrated by their declarations, they are needed in Hong Kong for the month

- 7 -
D:\CLIENTS\...Magis Order.wpd         Case 1:03-cv-00036   Document 348   Filed 10/12/2004   Page 7 of 11

of October. While the scheduled deposition of both witnesses in Hong Kong will require significant time away from their offices, at least they will not be compelled to travel thousands of miles to reach the deposition. In addition, HSBC will have to bear all the expenses to bring these two deponents to Guam. Given the magnitude of their work, they also will want to be able to accomplish as much work as feasible at night during the deposition, which can only be performed at their offices in Hong Kong.

### B. Plaintiffs' Should Be Estopped From Taking What Amounts to a Second Deposition of the Same Witnesses.

As pointed out above, the Plaintiffs' already have applied for and received Letters of Request from this Court to depose the same two witnesses in Hong Kong. Plaintiffs have served a list of questions, as required in Hong Kong, and that list violates Hong Kong law. Nevertheless, and despite Plaintiffs' attempt to circumvent the strictures of Hong Kong law in taking the two depositions, those depositions are scheduled and will take place once Plaintiffs' self-created problems are addressed and cured. See, Declaration of Brian W. Gilchrist which is attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004, as Exhibit "1.". A hearing to accomplish just that is scheduled for November 2, 2004. Assuming Plaintiffs comply with the clear requirements for depositions in Hong Kong, they will have their depositions of these same two witnesses.

Having sought and received this Court's help and drawn upon its authority for the Letters of Request, and having scheduled (and presumably soon to take) the depositions of these same witnesses, Plaintiffs are estopped and prohibited from noticing their depositions again, in the same proceeding. However, that is exactly what Plaintiffs have done.

/ / /

/ / /

Rule 26 (b) (2) states in relevant part:

> Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> ...(2) By order the court may alter the limits in these rules ... The frequency and extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive....

Nothing could be clearer than that it would "cumulative or duplicative" to re-depose the same two witnesses in Guam, after troubling the court to allow the deposition of them in Hong Kong. Clearly, the testimony sought by the vague and improper notices filed in Guam is "obtainable from some other source," specifically, Hong Kong. That source is far more convenient to the witnesses if conducted in Hong Kong. Likewise, Hong Kong would be less "burdensome" and "less expensive" to them and to Defendant. The unmistakable principles of Rule 26 (b) (2) is that a party cannot (and should not be permitted) to re-depose a witness in the same case, solely for its own convenience.

Here, Plaintiffs are scheduled (at considerable time and expense to Defendant and after relying upon this Court for the letters of request) to take two depositions in Hong Kong. Plaintiffs cannot justify taking depositions in Guam; they have not even availed themselves (yet) of the process already begun.

## II. PURSUANT TO RULE 26(c)(2), A PROTECTIVE ORDER SHOULD BE ISSUED TO ALTER THE PLACE IN THE NOTICE OF DEPOSITION SINCE IT INVOLVES A CORPORATE DEFENDANT.

As pointed out above, the Hong Kong Court has already issued an Order for the depositions of Messrs. Page and Montan in Hong Kong. This constitutes sufficient good cause

- 9 -

Case 1:03-cv-00036 Document 348   Filed 10/12/2004   Page 9 of 11

for the Court to issue a protective order, notwithstanding the general presumption that when the defendant is an organization, the depositions of its officers or agents will be taken at its principal place of business. See, Chris-Craft Industries Products Inc. v. Kuraray Company, Ltd, 184 FRD 605, 607 (N.D. Ill. 1999) (Corporation's objection to depositions being taken at place other than its principal place of business should be sustained). Furthermore, when a deposition is noticed to be taken at a location other than the corporation's principal place of business, a presumption arises that a corporation has good cause for a protective order. Id. at p. 607.

### III. PLAINTIFFS' FAILURE TO PROVIDE MR. PAGE ELEVEN DAYS OF NOTICE BEFORE FILING ITS AMENDED NOTICE OF DEPOSITION EXCUSES MR. PAGE'S APPEARANCE.

On October 4, 2004, Plaintiffs served HSBC its Amended Notice of Deposition of Mr. Page, which scheduled the deposition for October 12, 2004. FRCP 32(a) provides that a deposition may not be used against a party when the party has received less than eleven days from the date of the deposition. In the instant case Mr. Page has received less than eight days notice since service was made on HSBC on October 4, 2004. See, Exhibit " 4" attached to the Declaration of Jacques G. Bronze filed with this Court on October 8, 2004. The advisory committee reflects that, when the movant is the witness, the timely filing of a motion for protective order within the period of fewer than eleven days will constitute "just cause" within in Rule 37(d)(1) for the deponent's failure to appear at the deposition. See, FRCP 32(a) advisory committee's note (1993).

///

///

///

///

///

## CONCLUSION

For the foregoing reasons, the Magistrate's Order should be reversed and the Plaintiffs' Notice of Depositions of Messrs. Page and Montan be cancelled. HSBC reserves the right to file supplemental Objections when the Magistrate Judge issues a written Order embodying the oral Order of October 8, 2004.

*Respectfully submitted* on the 12th day of October, 2004.

        **LAW OFFICES OF BRONZE & TANG**
        **A Professional Corporation**

By: _____
        JACQUES G. BRONZE
        *Attorneys for Hongkong and Shanghai*
        *Banking Corporation, Ltd.*