JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.



## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, vs. | ) ) ) ) | **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE EXPERT WITNESS DISCLOSURES** |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## ARGUMENT

### I. THE STIPULATION MODIFYING SCHEDULING ORDER DATED AUGUST 18, 2004 GOVERNS THIS CASE.

HSBC argues that plaintiffs are trying to obtain a retroactive extension of the deadline for disclosure of expert witnesses. HSBC also argues that it served a Disclosure of Expert Testimony and report of Thomas Tarter in accordance with the Scheduling Order in effect at the time and that because plaintiffs failed to provide disclosure of expert testimony on July 19, 2004, plaintiffs are "foreclosed" from offering any expert testimony or to rebut or contradict the testimony of Mr. Tarter.

Case 1:03-cv-00036 Document 353 Filed 10/12/2004 Page 1 of 7

Objections and Memorandum of Points and Authorities in Opposition to Ex Parte Motion for Extension of Time to Serve Expert Witness Disclosures at 2-3. HSBC's argument is meritless.

On July 30, 2004 the parties appeared before Magistrate Judge Joaquin V.E. Manibusan, Jr. and recited the terms of a stipulation to an extension of the trial date and other deadlines required under Rule 16. On August 4, 2004 the parties signed a Stipulation Modifying the Scheduling Order, which was signed by the Magistrate Judge on August 18, 2004. The Stipulation Modifying the Scheduling Order superseded the previous Scheduling Order in the case. On August 18, 2004, the trial date was rescheduled to January 25, 2005, thus changing the date for disclosure of expert witnesses, which is currently October 27, 2004. *See* F.R.C.P. 26(b); Dixon v. Certainteed Corp., 168 F.R.D. 51 (D. Kan. 1996) (provision of rule governing time for designating rebuttal witnesses within 30 days of opposing party's designation is subordinate to requirement that designation be at least 90 days before trial). Accordingly, contrary to HSBC's argument, plaintiffs are not "late" in their expert witness disclosures nor are plaintiffs seeking an extension of the expert witness disclosure deadline retroactively. The cases cited by HSBC are inapposite, as they involved deadlines for disclosure of expert witnesses that were ordered by the Court and stipulated by the parties in Joint Rule 26(f) reports, and, unlike this case, did not involve deadlines for disclosure of expert witnesses based upon the trial date in each case. *See* Continental Laboratory Products, Inc. v. Medax Intern., Inc., 195 F.R.D. 675 (S.D. Cal. 2000); St. Clair v. General Motors Corp., 10 F. Supp. 2d 523, 528-29 (M.D.N.C. 1998).

The fallacy of HSBC's argument is illustrated by its argument that it would be prejudiced by the extension of time for expert witness disclosures. HSBC asserts that it will be prejudiced because it must comply with all of the different deadlines (e.g., filing of trial briefs, exhibit and witness lists,

-2-

Case 1:03-cv-00036   Document 353   Filed 10/12/2004   Page 2 of 7

joint pretrial order) it will be required to meet, *which are all based on the new trial date contained in the Stipulation Modifying Scheduling Order.* HSBC therefore acknowledges that it is the Stipulation Modifying Scheduling Order that controls this action, and under Rule 26(b), disclosure of expert witnesses is due on October 27, 2004.

## II. HSBC'S ALLEGED "PREJUDICE" IS OF ITS OWN MAKING.

HSBC contends that it will suffer prejudice due to a compacted discovery and trial schedule if expert witness disclosures are not served until November 30, 2004. However, any "prejudice" suffered by HSBC is of its own making. HSBC has refused to produce documents and witnesses for their depositions that are necessary for plaintiffs' expert witness to give an adequate and complete expert witness report.

Plaintiffs have been attempting to take the depositions of Christopher Page, Chief Credit Officer, and Magnus Montan, Associate Director, since March 1, 2004. A. Arriola Decl. Page and Montan are the two HSBC officers from the main HSBC Hong Kong office who negotiated and/or approved the terms of the sale of the Sadhwani loan to Paradise Marine Corporation. HSBC forced plaintiffs to obtain two Letters of Request to take their depositions in Hong Kong. Id. When plaintiffs obtained the Letters of Request, HSBC then filed motions to vacate or set aside the deposition orders in the Hong Konge court. Id. Plaintiffs noticed the depositions of Page and Montan for October 12 and 14 in Guam. Id. By oral Order of the Court on October 8, 2004, the Court (per Magistrate Judge Manibusan) denied HSBC's motion for a protective order and ordered the depositions to proceed as scheduled. Id. HSBC, in a flagrant violation of the Court's Order, refused to produce Page and Montan for their depositions in Guam on the scheduled dates. A. Arriola Decl., Exh. 1.

The Page and Montan depositions are critical to plaintiffs' causes of action for breach of the covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract - workout agreement, breach of the duty not to divulge plaintiffs' confidential banking information, and punitive damages. A. Arriola Decl. HSBC has fought plaintiffs at every juncture and in every court to prevent these depositions from being taken. Id. Plaintiffs need an extension of time until November 30, 2004 so that their expert witness may have the opportunity to incorporate into the expert witness report the critical deposition testimonies of Page and Montan. Id.

Plaintiffs have also noticed a Rule 30(b)(6) deposition for October 20, 2004 to take the deposition of the HSBC representative who can testify regarding the confidentiality policies and procedures at HSBC. A. Arriola Decl., Exh. 2. HSBC has refused to produce such a representative. Id., Exh. 3. This deposition is critical to plaintiffs' cause of action for breach of the duty not to divulge plaintiffs' confidential banking information. Id. Plaintiffs want their expert witness to have the benefit of this testimony in order to produce a complete report. Id.[1]

In addition, HSBC has filed numerous motions attempting to delay discovery and the trial date in this case. A. Arriola Decl.; see Order dated June 9, 2004 at 5. HSBC has also failed and refused to provide documents throughout the case, unless ordered to do so by the Court or threatened with sanctions by plaintiffs. A. Arriola Decl.; *see* Order dated May 27, 2004. HSBC failed to provide documents ordered by Designed District Judge Tydingco-Gatewood over two months ago[2]

---

[1] Consistent with its previous course of conduct, the Court and plaintiffs can expect another *ex parte* motion for protective order from HSBC to prevent this Rule 30(b)(6) deposition from taking place.

[2] *See* Order dated August 10, 2004. HSBC filed a motion for reconsideration of the Order on October 4, 2004. The motion was summarily denied without hearing by Order dated October 6, 2004 by the Honorable Alex R. Munson, district court judge.

-4-

and continues to refuse to produce such documents. Id., Exh. 4. Plaintiffs have requested documents from their first and fourth requests for production of documents, and have still not received such documents. Id., Exh. 5.

In sum, any prejudice suffered by HSBC, which is speculative at best, is of its own making. Had HSBC cooperated in making Page and Montan available for their depositions or provided discovery in a timely manner, HSBC would not be faced with any "compacted" discovery or trial schedule. If HSBC decides to file a summary judgment motion on December 1, 2004, it will still have the opportunity to comment on and/or use plaintiffs' expert witness disclosures in its reply memorandum. Moreover, HSBC's claim that it would be required to take depositions of the experts between January 3 and 24, 2005 assumes that rebuttal or supplemental expert reports will be necessary, which may not be the case. Even if the depositions are required during that time, both parties are in the same position and neither party has an advantage or disadvantage. Depositions of witnesses, including experts, are routinely taken just prior to and even during trial, so that HSBC's claim of "prejudice" is unavailing. A. Arriola Decl.

The prejudice suffered by plaintiffs is that without the documents and deposition testimony, any expert witness report by plaintiffs' expert would be incomplete and plaintiffs would be subject to additional expense in having supplemental expert witness reports and possibly additional depositions of expert witnesses. While it is true that some of the depositions have taken some time, none of those depositions have been ordered on an expedited basis. A. Arriola Decl. Plaintiffs have used the same court reporters (Cecilia Flores and Veronica Flores) for all of their depositions except one, and it is the experience of plaintiffs' counsel that when a seven-hour deposition transcript is ordered on an expedited basis generally it may be completed within one week. A. Arriola Decl.

Finally, HSBC contends that it will be prejudiced because its attorney Richard Pipes, who is "responsible for expert witness issues in this case", will be off-island for the Christmas holiday. Again, any prejudice suffered by HSBC's counsel is of its own making. The parties agreed to a trial date of January 25, 2005 in the Stipulation Modifying Scheduling Order. Pipes should not have made plans to be off-island three weeks before trial, as all trial attorneys are aware that in the few months before trial numerous issues and proceedings may arise which will require counsel's availability and work. In addition, HSBC's claim of prejudice is suspect, given the number of attorneys representing HSBC. In addition to Pipes and Jacques Bronze, HSBC's *pro hac vice* application for Peter Modlin, Esq. was recently approved. Modlin is an attorney with the law firm of Farella Braun + Martel LLP, which boasts of 120 attorneys in its San Francisco office alone. *See* www.fms.com. Clearly, HSBC's attorneys have more than sufficient resources to staff and litigate this case. There is therefore no merit to HSBC's claim that it will suffer "clear and substantial" prejudice.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Court grant their Ex Parte Motion for Extension of Time to Serve Expert Witness Disclosures and extend the time for such disclosures to November 30, 2004.

Dated this 12th day of October, 2004.

<div style="text-align:right">

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: *[signature]*
**ANITA P. ARRIOLA**

</div>

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on October 12, 2004, I caused to be served via hand delivery, **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE EXPERT WITNESS DISCLOSURES** to:

>Jacques G. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 12th day of October, 2004.

*/s/ Anita P. Arriola*
**ANITA P. ARRIOLA**