JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.



# IN THE UNITED STATES
# DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS** |

## INTRODUCTION

Plaintiffs Alan Sadhwani, et al. file this Motion for Sanctions, pursuant to Fed. R. Civ. P. Rule 11, 28 U.S.C. § 1927, and this Court's inherent authority based on defendant Hong Kong Shanghai Banking Corporation, Ltd.'s ("HSBC") multiplicitous and vexatious refiling of its motion to dismiss plaintiffs' first and sixth causes of action. On April 9, 2004, this Court denied HSBC's First Motion to dismiss plaintiff's claims for breach of the covenant of good faith and fair dealing, and breach of fiduciary duties. Without any new grounds or new law, HSBC refiled its motion to dismiss these same causes of action, virtually identical to its first motion, in violation of Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. HSBC's conduct constitutes an abuse of motion practice and HSBC should be sanctioned.

## FACTUAL BACKGROUND

A. **HSBC's Motions to Dismiss.**

On October 21, 2003, plaintiffs filed its Complaint alleging several causes of action including breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of the promissory note modification; breach of the workout agreement; breach of fiduciary duty; and breach of confidentiality and banking laws. A. Arriola Decl.

On December 30, 2003, HSBC filed a motion to dismiss the Complaint (hereinafter "First Motion"). A. Arriola Decl. Exh. 1. HSBC moved to dismiss the first cause of action, breach of the covenant of good faith and fair dealing, arguing that Guam law does not recognize the cause of action and that plaintiffs fail to allege facts in support of its claim. Id. HSBC also moved to dismiss the fifth cause of action for breach of fiduciary duties, arguing that the plaintiffs failed to set forth any relationship of trust and confidence to establish a fiduciary relationship. Id.

On February 13, 2004, the Court heard oral argument on HSBC's First Motion, and took the matter under advisement. A. Arriola Decl. On April 9, 2004, the District Court denied HSBC's First Motion to dismiss dismissal the first (breach of good faith and fair dealing), third (intentional misrepresentation), fourth (breach of workout agreement) and fifth (breach of fiduciary duties) causes of action (hereafter "April 9 Order"). Id., Exh. 2. The Court granted HSBC's First Motion with respect to the third (breach of promissory note modification) and sixth (breach of confidentiality and banking laws) causes of action without prejudice. Id., Exh. 2.

Plaintiffs filed first and second amended complaints. A. Arriola Decl. On August 16, 2004, plaintiffs filed their Third Amended Complaint alleging breach of the covenant of good faith and fair dealing; intentional misrepresentation; breach of contract; breach of fiduciary duty; and breach of duty not to divulge confidential banking information. Id.

On August 30, 2004, HSBC filed a Second Motion to dismiss, requesting dismissal of the first (breach of good faith and fair dealing), third, fourth, sixth (breach of fiduciary duties) and seventh causes of action (hereinafter "Second Motion"). A. Arriola Decl., Exh. 3. HSBC's Second Motion to dismiss the first and sixth causes of action is a regurgitation of its First Motion.

**B.     The April 9 Order.**

In the April 9 Order this Court explicitly denied HSBC's motion to dismiss plaintiffs' causes of action for breach of the covenant of good faith and fair dealing and breach of fiduciary duty. A. Arriola Decl., Exh. 2. HSBC's Second Motion addresses these same causes of action in plaintiffs' Third Amended Complaint and does not even mention the April 9 Order. Id., Exh. 3. In the Second Motion, HSBC does not claim that the April 9 Order was clearly erroneous; that there was an intervening change in law; that there exists substantially different evidence; that there are "other changed circumstances"; or that manifest injustice would result if the April 9 Order were permitted to stand. Id., Exh. 3. Instead, HSBC's Second Motion on these claims is adopted almost verbatim from its First Motion. HSBC's Second Motion to dismiss, pages 2 and 3, were copied verbatim from the First Motion to dismiss, pages 2, 7 and 8. HSBC's Second Motion to dismiss, pages 11-14, were copied verbatim from the First Motion to dismiss, pages 19-23. Compare A. Arriola Decl., Exh. 1 with Exh. 3.

In the Second Motion, one difference is that HSBC placed string citations in footnotes rather than in the body of the memorandum, as it did in the First Motion. See Exhs. 1, 2 and 3. Another difference is that on pages 4-5 of the Second Motion, HSBC adds two new paragraphs and cites several cases that were not previously cited in the First Motion to dismiss. See id. However, these cases are not "new" nor do they constitute an intervening change in *controlling* authority. Apart from these minor differences, HSBC's Second Motion is merely a rehashing of arguments contained

in its First Motion to dismiss.

C. **Plaintiffs' Compliance with Rule 11.**

Plaintiffs received a copy of HSBC's Second Motion on August 30, 2004. A. Arriola Decl. On September 16, 2004, plaintiffs' counsel wrote a letter to HSBC's counsel Jacques Bronze ("Bronze") requesting that HSBC withdraw its motion to dismiss the first and sixth causes of action or plaintiffs would file a motion for sanctions. A. Arriola Decl., Exh. 4. Bronze never responded to the letter. Id. On September 17, 2004, plaintiffs filed their opposition to the Second Motion to dismiss. Id. On September 21, 2004, plaintiffs served on Bronze, but did not file, their motion for sanctions. Id. Exh. 5. HSBC did not withdraw or correct the Second Motion in any manner. Id.

## ARGUMENT

### I. THE STANDARDS GOVERNING AWARD OF SANCTIONS.

Plaintiffs move for sanctions against HSBC for its frivolous, multiplicitous, vexatious, and bad faith conduct in these proceedings. The court is authorized to sanction parties or their lawyers for improper conduct under Fed. R. Civ. P. Rule 11, 28 U.S.C. § 1927, and the inherent authority of the Court. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Rule 11 of the Federal Rules of Civil Procedure provides in relevant part:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > (1) <u>it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;</u>
>
> (c) Sanctions. <u>If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated</u>

<u>subdivision (b) or are responsible for the violation.</u>

(Emphasis added.) The court shall impose Rule 11 sanctions, including reasonable attorney's fees and costs, where a motion is frivolous, legally unreasonable, or without factual foundation. <u>G.C. and K.B. Investments, Inc. v. Wilson</u>, 326 F.3d 1096, 1109 (9th Cir. 2003) (imposing sanctions for filing frivolous reconsideration motion). Sanctions are available where there is willful action, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. <u>Fink</u>, 239 F.3d at 994. The Ninth Circuit standard governing both the "improper purpose" and "frivolous" inquiries is objective, and the subjective intent of the movant is irrelevant. <u>Wilson</u>, 326 F.3d at 1109 (internal quotations omitted) citing <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823, 830 (9th Cir.1986). "The standard is reasonableness. The reasonable man against which conduct is tested is a competent attorney admitted to practice before the district court." <u>Id</u>.

Sanctions may also be imposed against attorneys who multiply proceedings. 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof <u>who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct</u>.

(Emphasis added.) The purpose of 28 U.S.C. § 1927 is to penalize conduct that "unreasonably and vexatiously multiplies proceedings." <u>Fink</u>, 239 F.3d at 991. Thus, where the court finds "recklessness" or "subjective bad faith," the court is authorized to sanction the multiplicitous conduct. <u>B.K.B. v. Maui Police Dept.</u>, 276 F.3d 1091, 1107 (9th Cir. 2002); <u>In re Keegan Mgmt. Co., Sec. Lit.</u>, 78 F.3d 431, 436 (9th Cir.1996). The court may sanction conduct under both Rule 11 and 28 U.S.C. § 1927. <u>Siderpali, S.P.A. v. Judal Industries, Inc.</u>, 833 F.Supp 1023, 1029 (D. N.Y. 1993); <u>Shields v. Shetler</u>, 120 F.R.D. 123, 127 (D. Colo. 1988); *see* <u>Travelers Ins. Co. v. St. Jude</u>

-5-

Case 1:03-cv-00036   Document 360   Filed 10/13/2004   Page 5 of 16

Medical Office Bldg., Ltd. Partnership, 154 F.R.D. 143, 144 (D.La.1994) (sanctions imposed for repetitive motions to disqualify which multiplied proceedings unreasonably and vexatiously).

The Court also possesses the inherent authority to sanction improper conduct. Fink v. Gomez, 239 F.3d at 991. "Courts of justice are universally acknowledged to be vested, by their creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). Thus, where the Court finds bad faith or conduct tantamount to bad faith, sanctions may be imposed under its inherent authority. Fink, 239 F.3d at 993-94. As the Ninth Circuit has stated:

> [A] finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.

B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002) citing Fink, 239 F.3d at 993-94. It is within the discretion of the court to rely on its inherent power rather than the federal rules or 28 U.S.C. § 1927. Chambers v. Nasco, 501 U.S. at 50.

## II. THE COURT SHOULD IMPOSE SANCTIONS AGAINST HSBC.

### A. HSBC's Second Motion Repeats Arguments Contained in the First Motion, Which Was Denied in the April 9 Order.

HSBC's Second Motion is frivolous and is sanctionable. A motion to dismiss which merely restates the same basis of a previously disposed motion is frivolous, and sanctionable under Rule 11. Virgin Atlantic Airways, Ltd. v. National Mediation Board, et. al., 956 F.2d 1245 (2nd Cir. 1992) (affirming imposition of sanctions for resubmitting motion to dismiss); Shields v. Shetler, 120 F.R.D. at 127 (imposing sanctions for verbatim reiteration of early arguments on motion to dismiss); Siderapli, 833 F.Supp. at 1028-1029 (imposing sanctions for rearguing same basis as previous motion to dismiss); WM. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 611 F.Supp.

281, 285 (D. N.Y. 1985) (imposing sanctions for duplicative motion to dismiss), *rev'd in part on other grounds,* 933 F.2d 131 (2nd Cir. 1991); *see* Mariani, et.al. v. Doctors Associates, Inc., et. al., 983 F.2d 5 (1st Cir. 1993) (sanctions warranted where second motion for change of venue is a verbatim argument of first motion).

In Siderpali, supra, the district court imposed Rule 11 sanctions against a defendant for rearguing the same basis for a motion to dismiss which was previously denied, and where the defendant provided no new grounds or new law in support of his second motion to dismiss. Siderpali, 833 F.Supp. 1028. The plaintiff opposed the motion to dismiss and moved for sanctions on the ground that the court had previously denied the defendants' motion. The district court granted Siderpali's request for sanctions and ordered the defendants to pay plaintiffs all reasonable costs, expenses and attorney's fees in opposing the motion to dismiss. Siderpali, 833 F.Supp. at 1029.

HSBC engaged in the same conduct which was sanctioned in Siderpali. The Court by its April 9 Order denied HSBC's First Motion to dismiss and sustained the plaintiffs' claims for breach of good faith and fair dealing and for breach of fiduciary duties. HSBC then filed its Second Motion to dismiss the same causes of action. HSBC, like the defendant in Siderpali, provided no justification for refiling the Second Motion, but merely repeated the arguments contained in its First Motion. Like the defendant in Siderapli, sanctions should be imposed against HSBC.

In another similar case, a court held that a "verbatim reiteration" of earlier arguments presented in prior moving papers is frivolous, warranting Rule 11 and section 1927 sanctions for multiplication of proceedings. In Shetler, 120 F.R.D. at 127, the plaintiff moved for rehearing following the court's dismissal of its civil rights claim. The court, finding no basis for reconsideration, sanctioned the plaintiff for needlessly prolonging and increasing the expenses of litigation by relying on a "verbatim rehash" of already considered arguments. Id. The court stated:

Case 1:03-cv-00036   Document 360   Filed 10/13/2004   Page 7 of 16

> ... [T]he plaintiff's motion here performs no function at all, other than to reargue contentions already considered by this court and to <u>waste valuable judicial resources. A motion for reconsideration is not a license for a losing party's attorney to get a "second bite at the apple" by using a word processor to move around the paragraphs from a previously submitted brief, and file a retread of the old brief disguised as a motion for reconsideration.</u> I find and conclude that the plaintiff's motion for rehearing (reconsideration) is frivolous, and it is denied.

Shelter,120 F.R.D. at 126. (emphasis added).

HSBC's Second Motion is a "verbatim rehash." A reasonably competent attorney admitted before the Court would not resubmit a "verbatim rehash" for consideration, especially where the court has already issued a decision on the motion. See G.C. and K.B. Investments v. Wilson, 326 F.3d at 1109. HSBC's disregard of its obligations to refrain from filing frivolous motions, and its disregard of the parties and the Court's resources, must be sanctioned.

**B. <u>HSBC's Second Motion is HSBC's Third Attempt to Re-Litigate the Issues Decided in the April 9 Order.</u>**

Apparently unhappy with the Court's April 9 Order, HSBC attempted to have the Magistrate Judge, Joaquin V.E. Manibusan, Jr. reconsider this issue, as well as Designated District Court Judge Frances M. Tydingco-Gatewood. Both judges refused to reconsider the Court's April 9 Order.

In HSBC's Opposition to Plaintiffs's Motion to Compel filed on May 11, 2004, HSBC argued that the requested documents were not relevant to the first or third cause of action because the Court erroneously found that Guam law would recognize a claim for bad faith in this commercial contract and no cause of action for breach of fiduciary duty exists. Magistrate Judge Manibusan declined to address the issue stating, "[w]hat HSBC is actually attempting to do is re-litigate the arguments raised in its Motion to Dismiss, which the Court denied on April 9,2004. Thus, the Court will disregard this argument in its entirety as it is not a proper objection to a discovery request." See

Order dated May 27, 2004 at 6.[1]

HSBC raised the issue again in its Objections to Magistrate Judge's Order Compelling Production filed on June 4, 2004. HSBC argued that the Magistrate Judge improperly focused on the Plaintiffs' first cause of action for tortious breach of the covenant of good faith and fair dealing in his determination that the requested discovery was relevant. HSBC's objections to Magistrate Judge's Order Compelling Production at 5-10. Designated District Court Judge Tydingco-Gatewood held:

> "HSBC suggests that that cause of action should not have survived its prior Motion to Dismiss. HSBC asserts that the District Court had erroneously found that Guam law would recognize a claim of bad faith in the banking relationship. See Order of April 9, 2004. Therefore, any discovery related to that cause is improper. However, this Court will not undertake reviewing what the prior District Court Judge ruled. HSBC has not presented any new facts, nor does it reveal any manifest error of law in the District Court's prior ruling." (citation omitted)

Order dated August 10, 2004 at 5-6.

### C. HSBC's Second Motion was an Attempt to Get a Different Ruling from a Different Judge.

In Hill v. MacMillan McGraw-Hill School Publishing Company, 1995 WL 317054 (D. Cal. 1995), the defendant re-filed a motion to dismiss when it learned that the case was being transferred to a different court. The court, in denying defendant MacMillan's refiled motion to dismiss, stated:

> Defendants evidently filed this motion hoping to take advantage of the case being switched to a different judge, from whom they thought might get a different ruling. In the process, they have wasted the time and resources of both the plaintiff and this court."

(Emphasis added). The district court ordered the defendants to pay the reasonable attorneys' fees for the "study, research, and preparation necessary" to oppose the renewed motion to dismiss and

---

[1] Plaintiffs request that the Court take judicial notice of this Order and the other pleadings and Orders filed in this action and referenced herein.

to prepare the motion for Rule 11 sanctions. Id.

Similarly, in this case, following former District Court of Guam John Unpingco's departure from the bench, HSBC submitted its Second Motion, and presented it to a different judge in the hope of not only getting a "second bite at the apple," but of "tak[ing] advantage" of the possibility of getting a different ruling from the transferee judge. These are not proper bases for a motion and is sanctionable conduct under Rule 11. "The motion to dismiss is clearly the type of abuse of motion practice that Rule 11 of the Federal Rules of Civil Procedure was intended to discourage." Passalacqua, 611 F.Supp. at 285.

### D. HSBC's Conduct is Sanctionable for Failing to Acknowledge or Cite the April 9 Order.

The failure to acknowledge an order addressing and denying the motion may constitute evidence of bad faith. See Siderpali, 833 F. Supp. at 1029. In Siderpali, the defendants filed their second motion to dismiss the fraud claims against them without making any mention of the court's order denying their contentions in a previous motion. Id. Similarly, nowhere in the Second Motion does HSBC acknowledge, mention or cite the April 9 Order.

With the filing of its Second Motion, HSBC has harassed plaintiffs, who were required to file another opposition on claims previously sustained by the Court; required plaintiffs to read the more than fifty (50) cases cited in the Second Motion on plaintiffs' first and sixth causes of action and prepare for argument on those causes of action; delayed progress of the case by the filing and hearing of the motion; increased the cost of litigation for plaintiffs; and consumed judicial resources in the consideration and decision on HSBC's Second Motion. A. Arriola Decl. HSBC's conduct has unreasonably and vexatiously multiplied these proceedings in bad faith, and sanctions should be imposed.

## II. HSBC HAS ENGAGED IN A PERSISTENT PATTERN OF FILING MOTIONS FOR THE PURPOSE OF DELAY, HARASSMENT, AND MULTIPLYING THE PROCEEDINGS IN THIS CASE.

HSBC's Second Motion is not the first time that HSBC has engaged in obstructive and dilatory tactics in this action. "Tactics undertaken with the intent to increase expenses or delay may also support a finding of bad faith [under Section 1927]." Heary Bros. Lightning Protection Co., Inc. v. Lightning Protection Institute, 287 F.Supp.2d 1038, 1082 (D.Ariz. 2003), citing New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1306 (9th Cir.1989). During the course of these proceedings, HSBC has filed numerous motions, which "either seek to stay discovery or which would have such effect" (Order dated June 9, 2004 at 5):

The myriad of motions include:

- Motion to Stay All Depositions Pending Determination of HSBC's Motion to Dismiss (filed on March 31, 2004 and denied on April 9, 2004);

- Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal (filed on April 23, 2004);

- Application to Stay Depositions (filed on April 30, 2004 and denied on the same date);

- Motion to Reconsider Denial of Motion to Stay Depositions (filed on May 4, 2004 and mooted by May 28, 2004 Order);

- Motion to Reconsider Order Denying HSBC's Motion for an Order Certifying the Denial of HSBC's Motion to Strike Jury Demand for Immediate Appeal (filed on May 4, 2004 and denied on May 26, 2004);

- Motion to Vacate Scheduling Order and Continue Discovery and Trial Dates (filed on May 7, 2004);

Case 1:03-cv-00036    Document 360    Filed 10/13/2004    Page 11 of 16

- Motion to Stay Order Granting, in Part, Motion to Compel Pending Ruling by District Judge on HSBC's Objections; Request for Oral Argument (filed June 3, 2004 and denied on June 7, 2004).

More recently, HSBC filed the following motions to prevent, stay or delay discovery or the trial date in this case:

- HSBC's Objections to Magistrate Judge's Order Compelling Production (filed on June 4, 2004 and denied on August 10, 2004);

- HSBC's Motion for Reconsideration of Judge Tydingco-Gatewood's August 10, 2004 Order (filed on October 4, 2004 and denied on October 6, 2004).

This Court has issued the following Orders concerning HSBC's motions:

- An Order dated April 30, 2004, denying HSBC's application for interlocutory appeal and to stay depositions in the case. The Court viewed the application to stay depositions as *"a delay tactic"* and stated that ***"[f]urther delay in the discovery process is just a waste of time and would needlessly postpone the trial."*** Order dated April 30, 2004 at 2. (emphasis added).

- An Order dated May 27, 2004, commanding HSBC to produce documents concerning, among other things, the sale of HSBC's customers' loans, discounts, friendly foreclosures, and alternative financing provided to other customers in settling their loans with HSBC.

- An Order dated June 9, 2004, denying HSBC's motion to stay discovery, and noting that "***HSBC has repeatedly delayed the discovery process by filing numerous motions which either seek to stay discovery or which would have such an effect***," and listing the several motions filed by HSBC. Order dated June 9, 2004 at 5. (emphasis added);

-12-

-   An Order dated June 9, 2004, denying HSBC's motion to continue the trial date and extend discovery deadlines and *awarding sanctions to plaintiffs in the form of attorneys fees against HSBC for HSBC's failure to produce its representatives for their noticed depositions.* Order dated June 9, 2004 at 9.

-   An Order dated August 10, 2004, overruling HSBC's objections to the May 27, 2004 Order and stating, "the Court is concerned by the contentious atmosphere in which discovery in this case is being conducted and by the large number of pretrial motions filed. HSBC seemingly has used the filing of motions to stall the progress of this case. . . . *The Court cautions HSBC that such litigation tactics will not be tolerated. HSBC is advised to show the appropriate restraint in its subsequent filings*." Order dated August 10, 2004 at 8. (emphasis added)

-   An Order dated October 4, 2004, granting in part and denying in part HSBC's Second Motion to dismiss and stating: "As an aside, the Court believes that there may be a tendency by HSBC to take advantage of the absence of a permanent sitting District Court Judge. *"The Court is concerned that there have been a number of filings by HSBC which seek reconsideration of settled matters in hopes of getting different rulings from visiting judges. This practice is a waste of time and resources of both parties and the Court."* Order dated October 4, 2004 at 16. (emphasis added).

-   An Order dated October 6, 2004, denying summarily HSBC's motion for reconsideration of the Court's August 10, 2004 Order, finding a violation of L.R. 7.1, in that HSBC failed to assert any grounds required by the Local Rule for reconsideration. The Court stated: *"The Court is extremely concerned that HSBC continues to waste the Court's time with yet another motion for reconsideration. Future frivolous motions may be*

*sanctionable."* Order dated October 6, 2004 at 1 and 2. (emphasis added).

In sum, HSBC has engaged in a pattern of filing motions for the purpose of delay, harassment and multiplying the proceedings in this case. HSBC has also been warned numerous times by the Court about its vexatious and frivolous filings but has refused to heed such warnings. HSBC should be sanctioned.

### III. HSBC'S ABUSE OF THE JUDICIAL PROCESS WARRANTS SANCTIONS UNDER THE COURT'S INHERENT AUTHORITY.

HSBC's conduct in multiplying these proceedings, despite previous admonitions from the Court to refrain from vexatious filings, constitutes bad faith. It is irrelevant whether HSBC's conduct constitutes "bad faith per se." B.K.B., 276 F.3d at 1108. Reckless and knowing conduct that is tantamount to bad faith is sanctionable under the court's inherent power. Id. An attorney's recklessness, when coupled with frivolousness, harassment, or improper purpose, is sanctionable under a court's inherent power. Fink, 239 F.3d at 994.

In this case, HSBC's Second Motion was filed in bad faith. First, HSBC's Second Motion, as it relates to plaintiffs' claims for breach of the duty good faith and fair dealing and breach of fiduciary duty, is copied almost verbatim from its First Motion. Second, HSBC did not acknowledge, mention or cite the April 9 Order in its Second Motion, which denied the First Motion. Third, HSBC's Second Motion wasted both plaintiffs' and the Court's time and resources. Fourth, HSBC's Second Motion was frivolous because there was no basis in law or in fact for the Court to reconsider the motion. Finally, HSBC's conduct has required plaintiffs' to oppose the motion to dismiss and move for sanctions. HSBC's course of conduct and litigation tactics exhibit HSBC's bad faith. Accordingly, HSBC should be sanctioned.

## CONCLUSION

For all of the foregoing reasons, plaintiffs Alan Sadhwani, et al. respectfully requests that the Court sanction HSBC in the form of attorneys fees and costs for researching and preparing their opposition to the Second Motion to Dismiss the First and Sixth Causes of Action; for researching and preparing for oral argument on the Second Motion to Dismiss; for the filing of this motion, any reply memorandum, and oral argument on the motion; and that the Court award any further or other sanctions as the Court may deem necessary and proper.

Respectfully submitted on October 13, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: *[signature]*
**ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on October 13, 2004, I caused to be served via hand delivery, a **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 13th day of October, 2004.

_____
ANITA P. ARRIOLA