JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>    Defendants. | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ANSWERS TO FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS**<br>(F.R.C.P. 37(a); L.R. 37.1)<br><br>**Discovery Deadline: November 17, 2004**<br>**Trial Date: January 25, 2005** |

## INTRODUCTION

Plaintiffs Alan Sadhwani, et al. file this motion to compel production of documents requested in their Fifth Set of Requests for Production of Documents and for sanctions. Defendant HongKong and Shanghai Banking Corporation, Ltd. ("HSBC") has again failed and refused to produce certain documents in response to plaintiffs' requests. Plaintiffs are compelled to file this motion for discovery.

On July 16, 2004, plaintiffs served their Fifth Set of Requests for Production of Documents on HSBC. A. Arriola Decl., Exh. 1. Plaintiffs in their Fifth Set sought documents relating to HSBC's counterclaim for attorneys fees and documents relating to HSBC's financial status, net

ORIGINAL

worth, and rank among other banks. Id. HSBC served its Objections and Responses on August 16, 2004. A. Arriola Decl., Exh. 2. HSBC failed to produce a single document in response to the Fifth Set of Requests for Production of Documents. Id.

On August 26, 2004, plaintiffs' counsel Anita P. Arriola wrote a letter to HSBC's counsel Jacques Bronze requesting to meet and confer on HSBC's responses to the Fifth Set of Requests for Production of Documents. A. Arriola Decl., Exh. 3. On the same day, Mr. Bronze responded stating, "I cannot in good faith attempt to reach a resolution regarding the Responses to your Fifth Set of Requests for Production since I did not prepare these Responses." A. Arriola Decl., Exh. 4. On August 27, 2004, Ms. Arriola wrote a letter to Mr. Bronze again requesting a meeting to resolve the discovery dispute, and that the failure to meet would result in a declaration of non-cooperation. A. Arriola Decl., Exh. 5.

On August 31, 2004, in compliance with L.R. 37.1(a), Ms. Arriola and Mr. Bronze met and conferred about HSBC's refusal to provide documents in response to the document requests on July 16, 2004. A. Arriola Decl. Mr. Bronze stated that HSBC would not produce any documents in response to Request Nos. 7 to 26. He stated that he would consult his client and agreed to provide a response concerning Request Nos. 1 to 7 by September 6, 2004. Id. Mr. Bronze failed to provide any response. Id. On September 7, 2004, Ms. Arriola again requested a response from HSBC. A. Arriola Decl., Exh. 6.

On September 15, 2004, Ms. Arriola and Mr. Bronze met again and Mr. Bronze indicated that HSBC would not provide billing statements containing the litigation strategy of HSBC's attorneys.

-2-

Following the September 15, 2004 meeting, Ms. Arriola continued in good faith to attempt resolution of the discovery dispute by clarifying the documents requested in the Fifth Set of Request for Production of Documents. A. Arriola Decl., Exhs. 7, 8, 9, 10.

On October 1, 2004, Ms. Arriola wrote a letter to Mr. Bronze requesting HSBC's contentions and points and authorities for the filing of a stipulation pursuant to L.R. 37.1(b) by October 6, 2004. A. Arriola Decl., Exh. 11. On October 6, 2004, Mr. Pipes advised Ms. Arriola that HSBC's contentions and points and authorities would be provided by October 8, 2004. A. Arriola Decl., Exh. 12.

Pursuant to L.R. 37.1 (b), the parties executed a Stipulation Regarding Plaintiffs' Motion to Compel Responses to Plaintiffs' Fifth Set of Requests for Production of Documents, which is filed contemporaneously with this motion.

## ARGUMENT

Plaintiffs move for an order compelling discovery pursuant to Rules 34(b) and 37(a) of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure ("FRCP") create a broad right of discovery because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993). Discovery is proper where it is "'relevant to the subject matter involved in the pending action' or 'reasonably calculated to lead to the discovery of admissible evidence.'" Fed. R. Civ. P., Rule 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 2390 (1978).

I. **HSBC'S FEE ARRANGEMENTS, BILLINGS AND INVOICES AND DOCUMENTS SUPPORTING HSBC'S COUNTERCLAIM FOR ATTORNEYS FEES, ARE RELEVANT.**

   A. **HSBC's Fee Arrangements are Discoverable.**

-3-

Plaintiffs' Fifth Set of Requests for Production of Documents seek documents that are relevant to plaintiffs' claims or are reasonably calculated to lead to the discovery of admissible evidence. A. Arriola Decl., Exh. 1. On December 2, 2003, HSBC filed an Answer and Counterclaim to plaintiffs' Complaint. HSBC's counterclaim seeks attorneys fees incurred by HSBC is a result of this action. Requests Nos. 1 through 3 seek communications regarding solicitation of legal services and fee agreements between HSBC and its attorneys. Request Nos. 4 and 5 seek billings, invoices and copies of checks showing the amounts billed by HSBC's attorneys and amounts paid to such attorneys. Request No. 6 seeks all documents supporting or referring to HSBC's counterclaim for attorneys fees. HSBC has failed to produce any fee agreements between HSBC and its attorneys. A. Arriola Decl., Exh. 2. Particularly, Request No. 6 seeks documents which "support, address, refer to, or relate to HSBC's counterclaim for attorneys fees and costs in this action." HSBC refuses to provide any documents in support of its counterclaim for attorney's fees. Clearly, Requests No. 1 through 6 are relevant to HSBC's claims for attorney's fees, and thus, HSBC's fee agreements are discoverable.

Generally, fee arrangements are not protected by the attorney-client privilege. Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 1992); In re Michaelson, 511 F.2d 882, 888 (9th Cir.), cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975). Absent unusual circumstances, the attorney-client privilege "does not shield the fact of retention, the identity of clients, and fee arrangements." In re Grand Jury Investigation, 631 F.2d 17, 19 (3d Cir. 1980); see also In re Semel, 411 F.2d 195, 197 (3d Cir. 1969); Cohen v. Uniroyal, Inc., 80 F.R.D. 480, 483 (E.D. Pa. 1978). Fee arrangements are generally not privileged because they reveal nothing about the advice sought or given. In re Sheffield, 280 B.R. 719, 721 (Bkrtcy.S.D.Ala.,2001). Where the

fee arrangement is relevant under Rule 26 Fed. R. Civ. P., the court may order the discovery of the fee agreement. Id.; Prousi v. Cruisers Division of KCS Intern., Inc., 1997 WL 135692 (E.D.Pa.,1997); Consolidated Health Plans, Inc. v. Principal Performamance Group, Inc., 2003 WL 21406181 (D. La., 2003).

HSBC failed to assert any privilege over any specific document. Instead, HSBC stated the following blanket objection to Requests No. 1 through 6:

> HSBC specifically objects to this Request to the extent that it calls for the production of materials protected by the attorney/client privilege or the attorney work-product doctrine because they reveal and show communications from the client, legal advice rendered to client, and mental impressions of the attorneys in this litigation and consulted for this litigation.

A. Arriola Decl., Exh. 2.

Request Nos. 1-6 also seek billing statements from HSBC's attorneys to HSBC. Plaintiffs acknowledge that billing statements which contain information involving litigation strategy is not discoverable. However, in Clarke v. American Commerce National Bank, 947 F.2d at 129, a defendant bank appealed an order compelling production of its attorney-client billing statements. Id. The Ninth Circuit, in affirming the order, held ". . . the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." Id. Attorney billing statements or invoices, in particular, do not reveal any research or litigation strategy, and thus, they are not entitled to protection from disclosure. Id. In addition, plaintiffs seek information that will establish whether fees claimed by HSBC are reasonable and non-duplicative.

-5-

Additionally, the Ninth Circuit in <u>Clarke</u> held that it was the defendant bank's burden to establish that any attorney-client privilege applies to any record, and that any assertion of privilege must be raised to the specific record. <u>Id</u>. HSBC failed to assert any privilege to any specific record or document. Therefore, any attorney-client privilege is waived.

HSBC's objection that discovery of its fee arrangements and billing statements are premature is equally without merit. Because fee arrangements and billing statements are not protected by the attorney-client privilege, they are subject to discovery. <u>In re Sheffield,</u> 280 B.R. at 721 (citing Fed. R. Civ. P. Rule 26(b)).

**B.  HSBC'S Financial Information is Relevant to Plaintiffs' Claims and to the Subject Matter of This Action.**

Request Nos. 7 to 26 seek discovery of HSBC's profit and loss statements, financial statements, balance sheets, and other evidence of HSBC's financial status and net worth (hereafter "HSBC's financial information"). HSBC asserted a form objection to Requests No. 7 through 26, as follows:

> HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested

-6-

documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

HSBC's motion to dismiss the Complaint, and motion to bifurcate were denied. See Order dated October 4, 2004 (granting in part and denying in part the motion to dismiss) and Order dated October 5, 2004 (denying motion to bifurcate). Any objections on these grounds are moot based upon the above-mentioned Orders.

HSBC's objections on grounds of relevancy are also without merit. Request Nos. 7 through 19 request financial statements, profit and loss statements, balance sheets, reports submitted to regulatory authorities and other documents showing HSBC's net worth, gross income, and net income. HSBC's financial information, including profits, financial condition, and financial statements, is relevant to establish HSBC's economic or financial reasons for closing the Guam office. This evidence is relevant also to plaintiffs' claims of bad faith and breach of the workout agreement in that HSBC had no financially or economically valid reason for refusing to allow the plaintiffs a reasonable time to sell their properties or to obtain alternate financing. This Court has already ruled that such information is relevant to plaintiffs' claims. See Order dated October 5 at 5. In addition, because the financial information is relevant to HSBC's motive and intent, such evidence may lead to admissible evidence, and is therefore, discoverable.

HSBC's financial information is also relevant to plaintiffs' claim that HSBC acted in bad faith and failed to deal fairly with plaintiffs when the bank sold the Loan to Paradise Marine Corporation, at a loss to the bank, for an amount that was less than half the balance of the Loan. Evidence of HSBC's financial information may lead to admissible evidence on how the sale of the plaintiffs' Loan affected HSBC's financial status. HSBC's financial information may lead to

-7-

admissible evidence related to HSBC's motive and intent in failing to deal with plaintiffs in good faith.

Lastly, HSBC's financial information is relevant to the issue of punitive damages sought by plaintiffs. See Plaintiffs' Third Amended Complaint, ¶¶ 68-69. The law is settled in this regard. Financial information is discoverable where punitive damages are at issue. Caruso v. Coleman Co., 157 F.R.D. 344, 349 (E.D.Pa.,1994); EEOC v. Klockner H&K Machines, Inc., 168 F.R.D. 233 (D. Wi., 1996); Master Palletizer Systems, Inc., 123 F.R.D. 351 (D. Colo., 1988).

HSBC objects to the disclosure of its financial information based on the proprietary and confidential nature of the documents. Financial data, including total revenue and financial statements are discoverable. Caruso v. Coleman Co., 157 F.R.D. at 349; EEOC v. Klockner H&K Machines, Inc., 168 F.R.D. at 235; Master Palletizer Systems, Inc., 123 F.R.D. at 353. In addition, tax returns do not enjoy an absolute privilege from discovery, and may be discoverable. Hauser v. Dept. Law, 1999 Guam 12 citing St. Regis Paper Co. v. United States, 368 U.S. 208, 219, 82 S.Ct. 289, 295-296 (1961); Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).

Moreover, a Stipulated Order Governing Discovery was executed in this case on February 11, 2004. A. Arriola Decl. The Stipulated Order Governing Discovery specifically permits HSBC to designate the particular documents subject to confidentiality. HSBC asserted a similar objection in opposition to plaintiffs' Motion to Compel Answers to Third Set of Requests for Production of Documents. In granting plaintiffs' motion to compel, the Court stated:

> As for HSBC's objections relating to confidential or proprietary information, the parties have already entered into a stipulated protective order to prevent further disclosure of certain bank records.

-8-

> Thus any concerns that this "sensitive" information will be released
> is premature and speculative.

Order dated May 27, 2004 at 8-9. HSBC's continued objection based on confidentiality, notwithstanding the Stipulated Order Governing Discovery and the Court's previous Order, is evidence of HSBC's wilful refusal to comply with its discovery obligations.

HSBC further objects that the production of its financial information is unduly burdensome and oppressive. However, HSBC fails to provide any basis for its allegations. HSBC's assertions that the requests are unduly burdensome is merely speculative. HSBC's willful refusal to comply with its discovery obligations is further evident in light of the fact that HSBC's financial status and net worth is available on the internet. *See* www.hsbc.com (type in "Annual Report" in search engine then click "HSBC HOLDINGS PLC)."

### C. Documents Relating to HSBC's Status or Rank Among Other Banks, the Countries in which it has Branches, Etc. are Relevant.

Request Nos. 20 through 26 request information concerning the countries, territories and jurisdictions in which HSBC has branches or offices; the number of HSBC's employees in all of HSBC's branches and offices; HSBC's rank in comparison to other banks in the world, based on size, total number of branches and offices, total number of employees, total assets, and types of and number of financial and banking services provided by HSBC. This information is not privileged or confidential and is highly relevant to plaintiffs' claim for punitive damages.

### D. HSBC'S Willful Refusal to Comply with its Discovery Obligations is Sanctionable.

Rule 37(a)(4)(A) provides that if a motion to compel further discovery is granted, the court shall require the party whose conduct necessitated the motion to pay to the moving party reasonable

expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(4)(A). Sanctions under Rule 37 are intended to penalize those whose conduct warrant such a sanction, and to deter sanctionable conduct. <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 763-64, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Under the circumstances of this case and the repeated disregard of its discovery obligations, sanctions are warranted against HSBC.

## CONCLUSION

For all of the foregoing reasons, plaintiffs Alan Sadhwani, et al. respectfully requests that the Court issue an Order compelling HSBC to produce documents pursuant to plaintiffs' Fifth Set of Requests for Production of Documents and requiring HSBC to pay plaintiffs' reasonable expenses, including attorney's fees, necessitated by the filing of this motion.

Respectfully submitted on October 13, 2004.

**ARRIOLA, COWAN & ARRIOLA**
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: _____
**ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on October 13, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ANSWERS TO FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS (F.R.C.P. 37(a); L.R. 37.1)** to:

> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 13th day of October, 2004.

_____
ANITA P. ARRIOLA