**JOAQUIN C. ARRIOLA**
**ANITA P. ARRIOLA**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



**FILED**
DISTRICT COURT OF GUAM

OCT 1 3 2004

MARY L. M. MORAN
CLERK OF COURT

346

Counsel for Plaintiffs Alan Sadhwani, et al.

### IN THE UNITED STATES
### DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, ) | **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ANSWERS TO FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND FOR SANCTIONS (F.R.C.P. 37(a); L.R. 37.1)** |
| vs. ) | |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X, ) | |
| Defendants. ) | **Discovery Deadline: November 17, 2004** **Trial Date: January 25, 2005** |

ANITA P. ARRIOLA declares:

1.      I am an attorney for plaintiffs Alan Sadhwani, et al. in the above-captioned matter.

I make this Declaration in support of Plaintiffs' Ex Parte Motion to Compel Answers to Fifth Set of

Requests for Production of Documents. I have personal knowledge of the facts contained herein.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Fifth Set of

Requests for Production of Documents, which were served on HongKong and Shanghai Banking

Corporation, Ltd. ("HSBC") on July 16, 2004.

3.      Attached hereto as Exhibit 2 is a true and correct copy of HSBC's Objections and

Responses to the Fifth Set of Requests for Production of Documents, which were served on plaintiffs

**ORIGINAL**

on August 16, 2004. HSBC failed to produce a single document in response to the Fifth Set of Requests for Production of Documents.

4. On August 26, 2004, I wrote a letter to HSBC's counsel Jacques Bronze requesting to meet and confer on HSBC's responses to the Fifth Set of Requests for Production of Documents. A true and correct copy is attached as Exhibit 3. On the same day, Mr. Bronze responded stating, "I cannot in good faith attempt to reach a resolution regarding the Responses to your Fifth Set of Requests for Production since I did not prepare these Responses." A true and correct copy is attached as Exhibit 4.

5. In response, on August 27, 2004, I wrote a letter to Mr. Bronze again requesting a meeting to resolve the discovery dispute, and that the failure to meet would result in a declaration of non-cooperation. A true and correct copy is attached as Exhibit 5.

6. On August 31, 2004, in compliance with L.R. 37.1(a), Mr. Bronze and I met and conferred about HSBC's refusal to provide documents in response to the document requests on July 16, 2004. Mr. Bronze stated that he would consult his client and agreed to provide a response by September 6, 2004. I received no response on that date so I followed up with a letter on September 7, 2004, and requested a response from HSBC. A true and correct copy is attached as Exhibit 6.

7. On September 15, 2004, Mr. Bronze and I met again and Mr. Bronze indicated that HSBC would not provide billing statements containing the litigation strategy of HSBC's attorneys.

8. Following the September 15, 2004 meeting, I continued in good faith to resolve the discovery dispute by clarifying the documents requested in the Fifth Set. A true and correct copy of my letters and HSBC's responses are attached as Exhibits 7, 8, 9, and 10.

-2-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

9.      Following the September 15, 2004 meeting, I continued in good faith to attempt resolution of the discovery dispute by clarifying the documents requested in the Fifth Set of Request for Production of Documents. Attached hereto as Exhibits 7, 8, 9, and 10 are true and correct copies of the exchange of letters between me and HSBC's counsel.

10.     On October 1, 2004, I wrote a letter informing Mr. Bronze requesting HSBC's contentions and points and authorities for the filing of a stipulation pursuant to L.R. 37.1(b) by October 6, 2004. Attached hereto as Exhibit 11 is a true and correct copy of that letter. On October 6, 2004, Mr. Pipes advised me that HSBC's contentions and points and authorities would be provided by October 8, 2004. Attached hereto as Exhibit 12 is a true and correct copy of that letter.

11.     Pursuant to L.R. 37.1 (b), the parties executed a Stipulation Regarding Plaintiffs' Motion to Compel Responses to Plaintiffs' Fifth Set of Requests for Production of Documents, which is filed contemporaneously with this motion.

12.     Plaintiffs' Fifth Set of Requests for Production of Documents seek documents that are relevant to plaintiffs' claims or are reasonably calculated to lead to the discovery of admissible evidence. On December 2, 2003, HSBC filed an Answer and Counterclaim to plaintiffs' Complaint. HSBC's counterclaim seeks attorneys fees incurred by HSBC is a result of this action. Requests Nos. 1 through 3 seek communications regarding solicitation of legal services and fee agreements between HSBC and its attorneys. Request Nos. 4 and 5 seek billings, invoices and copies of checks showing the amounts billed by HSBC's attorneys and amounts paid to such attorneys. Request No. 6 seeks all documents supporting or referring to HSBC's counterclaim for attorneys fees. HSBC has failed to produce any fee agreements between HSBC and its attorneys. Particularly, Request No. 6

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

seeks documents which "support, address, refer to, or relate to HSBC's counterclaim for attorneys fees and costs in this action." HSBC refuses to provide any documents in support of its counterclaim for attorney's fees. Clearly, Requests No. 1 through 6 are relevant to HSBC's claims for attorney's fees, and thus, HSBC's fee agreements are discoverable.

13.     Request Nos. 1-6 also seek billing statements from HSBC's attorneys to HSBC. In addition, plaintiffs seek information that will establish whether fees claimed by HSBC are reasonable and non-duplicative.

14.     HSBC's objections on grounds of relevancy are also without merit. Request Nos. 7 through 19 request financial statements, profit and loss statements, balance sheets, reports submitted to regulatory authorities and other documents showing HSBC's net worth, gross income, and net income. HSBC's financial information, including profits, financial condition, and financial statements, is relevant to establish HSBC's economic or financial reasons for closing the Guam office. This evidence is relevant also to plaintiffs' claims of bad faith and breach of the workout agreement in that HSBC had no financially or economically valid reason for refusing to allow the plaintiffs a reasonable time to sell their properties or to obtain alternate financing. In addition, because the financial information is relevant to HSBC's motive and intent, such evidence may lead to admissible evidence, and is therefore, discoverable

15.     HSBC's financial information is also relevant to plaintiffs' claim that HSBC acted in bad faith and failed to deal fairly with plaintiffs when the bank sold the Loan to Paradise Marine Corporation, at a loss to the bank, for an amount that was less than half the balance of the Loan. Evidence of HSBC's financial information may lead to admissible evidence on how the sale of the plaintiffs' Loan affected HSBC's financial status. HSBC's financial information may lead to

-4-

admissible evidence related to HSBC's motive and intent in failing to deal with plaintiffs in good faith. Lastly, HSBC's financial information is relevant to the issue of punitive damages sought by plaintiffs.

16.     Request Nos. 20 through 26 request information concerning the countries, territories and jurisdictions in which HSBC has branches or offices; the number of HSBC's employees in all of HSBC's branches and offices; HSBC's rank in comparison to other banks in the world, based on size, total number of branches and offices, total number of employees, total assets, and types of and number of financial and banking services provided by HSBC. This information is not privileged or confidential and is highly relevant to plaintiffs' claim for punitive damages.

I declare under penalty of perjury under the laws of Guam and the United States that the foregoing is true and correct.

Dated this 13th day of October, 2004.

_____
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on October 13, 2004, I caused to be served via

hand delivery, a **DECLARATION OF ANITA P. ARRIOLA IN SUPPORT OF PLAINTIFFS'**

**MOTION TO COMPEL ANSWERS TO FIFTH SET OF REQUESTS FOR PRODUCTION**

**OF DOCUMENTS AND FOR SANCTIONS (F.R.C.P. 37(a); L.R. 37.1)** to:

> **Jacques A. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 13th day of October, 2004.

_(signature)_

**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-6-

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734

Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br>　　　　　Plaintiffs,<br><br>　　　vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

[stamp: Br._____ NG, P.C.
Date \_09\|\u\|\04
Time \_\_\_\_\_ \_\_\_\_\_
Rec\_\_\_\_ ✓]

**TO:  DEFENDANT HONGKONG SHANGHAI BANKING CORPORATION, LTD. AND ITS COUNSEL OF RECORD JACQUES A. BRONZE**

Plaintiffs Alan Sadhwani, et al. request that defendant produce and permit plaintiffs to inspect and to copy each of the following documents.

The place of inspection shall be Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagatna, Guam 96910. The date and time for inspection shall be August 16, 2004, at 9 a.m., and continuing so long as is reasonably required.

## DEFINITIONS

As used herein, the following definitions shall apply:

a.    "HSBC" means HongKong Shanghai Banking Corporation, Ltd.

EXHIBIT
1
PENGAD 800-631-6989

b.　　"DOCUMENTS" includes, but is not limited to, handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any written, recorded, or graphic matter however produced or reproduced, including, but not limited to, electronic files, documents, records or data, documents stored in or retrievable by computer, memoranda, reports, studies, analyses, contracts, agreements, checks, charts, graphs, indices, data sheets, computer disks, data processing cards or tapes, notes, post-its, work papers, entries, letters, telegrams, telecopies (including facsimiles), internal memoranda, advertisements, brochures, circulars, catalogs, tapes, records, bulletins, papers, books, pamphlets, accounts, calendars, or diaries. The term "document" or "documents" shall also include any carbon or photographic or any other copies, reproductions, or facsimiles or any original, and shall mean the original an any copy or reproduction or facsimile that is in any way different from the original.

c.　　"This action" means *Alan Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation, Ltd.*, Civil Case No. 03-00036 (U.S. District Court of Guam).

d.　　"Net worth" means assets minus liabilities.

e.　　"Regulatory authority" means any governmental agency, commission, board or other entity that regulates, oversees or supervises operation of banks or financial institutions.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

The documents to be produced are:

1.　　All DOCUMENTS concerning, relating to, or comprising emails, correspondence, or other communications between HSBC and any lawyers or law firms in which HSBC solicited legal services to be performed in this action.

-2-

2.      All DOCUMENTS concerning, relating to, or comprising emails, correspondence, or other communications received by HSBC from any lawyers or law firms in response to the communications referenced in Request No. 1, above.

3.      All DOCUMENTS concerning, relating to, or comprising fee agreements and amendments thereto between HSBC and the following law firms for services to be performed in this action:

    A.    Bronze & Tang, P.C.;

    B.    Law Offices of Richard Pipes;

    C.    Johnson Stokes & Master;

    D.    Abdul Wahid Alulama;

    E.    Balgos & Perez;

    F.    Any other law firm that has performed and/or is performing services in this action.

4.      All DOCUMENTS concerning, relating to, or comprising billings or invoices received from the following law firms for services performed in this action:

    A.    Bronze & Tang, P.C.;

    B.    Law Offices of Richard Pipes;

    C.    Johnson Stokes & Master;

    D.    Abdul Wahid Alulama;

    E.    Balgos & Perez;

    F.    Any other law firm that has performed and/or is performing services in this action.

-3-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

5.     All DOCUMENTS concerning, relating to, or comprising checks, copies of checks, wire transfers, billing receipts and the like evidencing payment for services performed in this action by the following law firms:

       A.     Bronze & Tang, P.C.;

       B.     Law Offices of Richard Pipes;

       C.     Johnson Stokes & Master;

       D.     Abdul Wahid Alulama;

       E.     Balgos & Perez;

       F.     Any other law firm that has performed and/or is performing services in this action.

6.     All DOCUMENTS that support, address, refer to, or relate to HSBC's counterclaim for attorneys fees and costs in this action.

7.     All DOCUMENTS comprising or containing financial statements for HSBC from 1999 to 2004, including but not limited to audited or unaudited financial statements, and annual or quarterly financial statements.

8.     All DOCUMENTS comprising or containing HSBC's corporate, income and all other tax returns filed with any taxing authority from 1999 to 2004.

9.     All DOCUMENTS comprising or containing balance sheets for HSBC from 1999 to 2004.

10.     All DOCUMENTS comprising or containing profit and loss statements for HSBC from 1999 to 2004.

-4-

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

11.     All DOCUMENTS comprising or containing HSBC's earnings, including but not limited to retained or net earnings, from 1999 to 2004.

12.     All DOCUMENTS comprising or containing independent accountant's or independent auditor's reports for HSBC from 1999 to 2004.

13.     All DOCUMENTS comprising, referring to, or containing HSBC's net worth from 1999 to 2004.

14.     All DOCUMENTS comprising or containing HSBC's gross income (i.e., total amount of income from all sources) from 1999 to 2004.

15.     All DOCUMENTS comprising or containing HSBC's net income (i.e., the excess of total revenues over expenses and taxes) from 1999 to 2004.

16.     All DOCUMENTS comprising or containing HSBC's net worth submitted to any regulatory authority in Guam from 1999 to 2004.

17.     All DOCUMENTS comprising or containing HSBC's net worth submitted to any regulatory authority in any jurisdiction other than Guam from 1999 to 2004.

18.     All DOCUMENTS comprising or containing HSBC's annual, semi-annual, quarterly or monthly reports to any regulatory authority in Guam from 1999 to 2004.

19.     All DOCUMENTS comprising or containing HSBC's annual, semi-annual, quarterly or monthly reports to any regulatory authority in Guam from 1999 to 2004.

20.     All DOCUMENTS that address, refer to, or relate to the countries, territories and jurisdictions in which HSBC has branches or offices.

21.     All DOCUMENTS that address, refer to, or relate to the number of HSBC's employees in all of HSBC's branches and offices.

-5-

22.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on size.

23.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total number of branches and offices.

24.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total number of employees.

25.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total assets.

26.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on types of and number of financial and banking services provided by HSBC.

Dated:  July 16, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Plaintiffs Alan Sadhwani, et al.

By: _____
        **ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on July 16, 2004, I caused to be served via hand

delivery, **PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

to:

> **Jacques G. Bronze, Esq.**
> **Bronze & Tang, P.C.**
> **2nd Floor, BankPacific Building**
> **825 S. Marine Drive**
> **Tamuning, Guam 96913**

Dated this 16th day of July, 2004.

_Anita P. Arriola_
**ANITA P. ARRIOLA**

ARRIOLA, COWAN & ARRIOLA, HAGATNA, GUAM 96910

-7-

JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.


IN THE DISTRICT COURT OF GUAM


| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, ) ) ) ) | CIVIL CASE NO. 03-00036 |
| Plaintiffs, ) ) | **OBJECTIONS AND RESPONSES OF HSBC TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. ) ) | |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., ) ) ) | |
| Defendants. ) ) | |


PROPOUNDING PARTY:     Plaintiffs (jointly and severally, "Plaintiffs")

RESPONDING PARTY:     Defendant The Hongkong and Shanghai Banking Corporation Ltd. ("HSBC")

SET NO.:     Fifth

EXHIBIT
2

BELLGRAPHIC 800-631-6989

Law Offices
ARRIOLA, COWAN, ARRIOLA

AUG 1 6 2004

RECEIVED
BY: _____ TIME: 10:19

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 2 of 22 pages

## GENERAL OBJECTIONS

1.      HSBC objects to each and every Definition, and Request for Production to the extent that it purports to impose any requirement or discovery obligation on HSBC greater or different than those imposed by the Federal Rules of Civil Procedure and the applicable Local Rules of this Court.

2.      HSBC objects to the entire set of Requests to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any applicable privileges.  HSBC further objects to the Requests to the extent that they seek information protected from discovery by federal, territorial, or applicable international law.  Any production, inadvertent or otherwise, of any information protected by any privilege or protection shall not be deemed a waiver of that privilege or protection, and shall not prejudice HSBC's right to object to any subsequent use of such information.

3.      HSBC objects to the entire set of Requests to the extent that it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  HSBC further objects to the entire set of Requests to the extent that it seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, and other applicable statutes, rules, and authorities.

4.      HSBC objects to each and every Request insofar and to the extent that they seek the divulgence of confidential or proprietary information of HSBC.  HSBC will produce, if at all, such information only under the terms of an appropriate protective order agreeable to HSBC

Sadhwani, et al, v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 3 of 22 pages

and its counsel.

    5.     HSBC objects to each Request to the extent that it seeks production of "ALL DOCUMENTS" responsive to the Request on the grounds that each such Request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to this general objection, HSBC will use reasonable diligence to locate documents in HSBC's possession, custody, or control based upon an examination of those files reasonably expected to yield responsive documents. HSBC's Responses should not be construed as a representation that each and every document in the possession of HSBC has been examined in connection with these Responses or with any production pursuant thereto.

    6.     HSBC has not yet completed its investigation of the facts relating to this case, has not yet completed discovery in this action, and has not yet completed preparation for trial. The following Responses and Objections are given without prejudice to HSBC's right to revise its Responses based on any subsequent investigation.

    7.     HSBC objects to each and every Request to the extent that it purports to require HSBC to produce private information about individual non-parties.

    8.     HSBC objects to each and every Request to the extent that it purports to require HSBC to produce documents not in its possession, custody or control or the extent that it purports to require HSBC to produce the documents of another entity or person.

    9.     HSBC objects to each and every Request to the extent that it purports to require HSBC to produce documents which HSBC has already disclosed or produced in this litigation.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 4 of 22 pages

10.     HSBC objects to Plaintiffs' definitions of "YOU" and "YOUR" to the extent that those definitions purport to include personnel who are no longer or who have never been within the control of HSBC, to the extent that the definition purports to include entities over which HSBC has no control, and to the extent that the definition improperly attempts include reports of experts and other documents related to such experts.

11.     HSBC objects to Plaintiffs' definition of "DOCUMENTS" to the extent that it purports to include documents that are not now within HSBC's possession, custody, or control, to the extent that it purports to expand the meaning of the word "document" beyond the scope with which the word is used in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and to the extent that it purports to require the production of documents which do not exist.

12.     HSBC objects to Plaintiffs' definition of "net worth" on the grounds that such definition is vague, unintelligible, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

13.     HSBC objects to Plaintiffs' definition of "regulatory authority" on the grounds that such definition is vague, unintelligible, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14.     HSBC objects to each Request to the extent that it seeks production of documents "concerning, relating to, or comprising" the subject of each Request on the grounds that each such Request is overly broad, unduly burdensome, not reasonably calculated to lead

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 5 of 22 pages

to the discovery of admissible evidence, and such terms are not defined and, therefore, require

HSBC and its counsel to exercise legal judgment as to whether a particular document "relates

to" a subject described by HSBC which is an improper attempt to obtain the work product of

counsel for HSBC and not subject to discovery.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

<u>RESPONSE TO REQUEST NO. 1:</u>

HSBC incorporates by reference all General Objections set forth above. HSBC

specifically objects to this Request to the extent that it calls for the production of materials

protected by the attorney/client privilege or the attorney work-product doctrine because they

reveal and show communications from the client, legal advice rendered to client, and mental

impressions of the attorneys in this litigation and consulted for this litigation. Furthermore,

while the entitlement to attorney's fees may be determined by the fact-finder or the court during

a trial, the determination and calculation of the amount is an equitable issue for the court to

determine upon motion after the entitlement to attorney's fees has been determined. The

discovery of these documents is, therefore, premature, and will, at this time, reveal litigation

strategy in violation of the work-product doctrine and the attorney-client privilege. Further,

such Request is not reasonably calculated to lead to the discovery of admissible evidence.

<u>RESPONSE TO REQUEST NO. 2:</u>

HSBC incorporates by reference all General Objections set forth above. HSBC

specifically objects to this Request to the extent that it calls for the production of materials

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 6 of 22 pages

protected by the attorney/client privilege or the attorney work-product doctrine because they reveal and show communications from the client, legal advice rendered to client, and mental impressions of the attorneys in this litigation and consulted for this litigation. Furthermore, while the entitlement to attorney's fees may be determined by the fact-finder or the court during a trial, the determination and calculation of the amount is an equitable issue for the court to determine upon motion after the entitlement to attorney's fees has been determined. The discovery of these documents is, therefore, premature, and will, at this time, reveal litigation strategy in violation of the work-product doctrine and the attorney-client privilege. Further, such Request is not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE TO REQUEST NO. 3:

HSBC incorporates by reference all General Objections set forth above. HSBC specifically objects to this Request to the extent that it calls for the production of materials protected by the attorney/client privilege or the attorney work-product doctrine because they reveal and show communications from the client, legal advice rendered to client, and mental impressions of the attorneys in this litigation and consulted for this litigation. Furthermore, while the entitlement to attorney's fees may be determined by the fact-finder or the court during a trial, the determination and calculation of the amount is an equitable issue for the court to determine upon motion after the entitlement to attorney's fees has been determined. The discovery of these documents is, therefore, premature, and will, at this time, reveal litigation strategy in violation of the work-product doctrine and the attorney-client privilege. Further,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 7 of 22 pages

such Request is not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE TO REQUEST NO. 4:

HSBC incorporates by reference all General Objections set forth above. HSBC specifically objects to this Request to the extent that it calls for the production of materials protected by the attorney/client privilege or the attorney work-product doctrine because they reveal and show communications from the client, legal advice rendered to client, and mental impressions of the attorneys in this litigation and consulted for this litigation. Furthermore, while the entitlement to attorney's fees may be determined by the fact-finder or the court during a trial, the determination and calculation of the amount is an equitable issue for the court to determine upon motion after the entitlement to attorney's fees has been determined. The discovery of these documents is, therefore, premature, and will, at this time, reveal litigation strategy in violation of the work-product doctrine and the attorney-client privilege. Further, such Request is not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE TO REQUEST NO. 5:

HSBC incorporates by reference all General Objections set forth above. HSBC specifically objects to this Request to the extent that it calls for the production of materials protected by the attorney/client privilege or the attorney work-product doctrine because they reveal and show communications from the client, legal advice rendered to client, and mental impressions of the attorneys in this litigation and consulted for this litigation. Furthermore, while the entitlement to attorney's fees may be determined by the fact-finder or the court during

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 8 of 22 pages

a trial, the determination and calculation of the amount is an equitable issue for the court to determine upon motion after the entitlement to attorney's fees has been determined. The discovery of these documents is, therefore, premature, and will, at this time, reveal litigation strategy in violation of the work-product doctrine and the attorney-client privilege. Further, such Request is not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE TO REQUEST NO. 6:

HSBC incorporates by reference all General Objections set forth above. HSBC specifically objects to this Request to the extent that it calls for the production of materials protected by the attorney/client privilege or the attorney work-product doctrine because they reveal and show communications from the client, legal advice rendered to client, and mental impressions of the attorneys in this litigation and consulted for this litigation. Furthermore, while the entitlement to attorney's fees may be determined by the fact-finder or the court during a trial, the determination and calculation of the amount is an equitable issue for the court to determine upon motion after the entitlement to attorney's fees has been determined. The discovery of these documents is, therefore, premature, and will, at this time, reveal litigation strategy in violation of the work-product doctrine and the attorney-client privilege. Further, such Request is not reasonably calculated to lead to the discovery of admissible evidence.

RESPONSE TO REQUEST NO. 7:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 9 of 22 pages

the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 8:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 10 of 22 pages

basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 9:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 10:

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 11 of 22 pages

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 11:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production**
**Page 12 of 22 pages**

discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 12:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 13 of 22 pages

burdensome and oppressive.

RESPONSE TO REQUEST NO. 13:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 14:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 14 of 22 pages

and are beyond the scope of discovery permitted under Rule 26 in that the information sought

is not relevant to the claim or defense of any party nor reasonably calculated to lead to the

discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss

the pending Complaint. The granting of such motion would be a separate and independent

basis for HSBC's objection to the production of the requested documents. Also, HSBC has

filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a

separate and independent basis for HSBC's objection to the production of the requested

documents. Furthermore, the production of the documents sought would be unduly

burdensome and oppressive.

## RESPONSE TO REQUEST NO. 15:

HSBC incorporates by reference all General Objections set forth above. HSBC objects

to this Request on the grounds that it requests the disclosure of privileged documents and that

the documents contain proprietary and confidential financial information not subject to

disclosure. HSBC further objects on the grounds that the documents sought are not relevant

and are beyond the scope of discovery permitted under Rule 26 in that the information sought

is not relevant to the claim or defense of any party nor reasonably calculated to lead to the

discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss

the pending Complaint. The granting of such motion would be a separate and independent

basis for HSBC's objection to the production of the requested documents. Also, HSBC has

filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production**
**Page 15 of 22 pages**

separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 16:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 17:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 16 of 22 pages

the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 18:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 17 of 22 pages

basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

RESPONSE TO REQUEST NO. 19:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Also, HSBC has filed or will shortly file a motion to bifurcate these proceedings which, if granted, would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 18 of 22 pages

## RESPONSE TO REQUEST NO. 20:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive. Not waiving such objections, HSBC has no such documents.

## RESPONSE TO REQUEST NO. 21:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 19 of 22 pages

the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive. Not waiving such objections, HSBC has no such documents.

RESPONSE TO REQUEST NO. 22:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive. Not waiving such objections, HSBC has no such documents.

RESPONSE TO REQUEST NO. 23:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 20 of 22 pages

disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive. Not waiving such objections, HSBC has no such documents.

RESPONSE TO REQUEST NO. 24:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive. Not waiving such objections, HSBC has no such documents.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production
Page 21 of 22 pages

## RESPONSE TO REQUEST NO. 25:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss the pending Complaint. The granting of such motion would be a separate and independent basis for HSBC's objection to the production of the requested documents. Furthermore, the production of the documents sought would be unduly burdensome and oppressive. Not waiving such objections, HSBC has no such documents.

## RESPONSE TO REQUEST NO. 26:

HSBC incorporates by reference all General Objections set forth above. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HSBC has filed a motion to strike and dismiss

**Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.**
**Civil Case No. 03-00036**
**Objections and Responses of HSBC to Plaintiffs' Fifth Set of Requests for Production**
**Page 22 of 22 pages**

the pending Complaint. The granting of such motion would be a separate and independent

basis for HSBC's objection to the production of the requested documents. Furthermore, the

production of the documents sought would be unduly burdensome and oppressive. Not

waiving such objections, HSBC has no such documents.

Dated this _16th_ day of August, 2004.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for Defendant HSBC

By: _____
RICHARD A. PIPES

RAP/nsb

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

August 26, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

Re: **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
**District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

Pursuant to Local Rule 37.1, I am requesting a meeting concerning HSBC's Responses to Plaintiffs' Fifth Set of Request for Production of Documents. Please let me know if you are available on Friday, August 27, 2004 after 3:00 p.m. to meet with me at my office. If not, please provide me with an alternate date and time when you are available, preferably by early next week.

Thank you for your attention to this matter.

Very truly yours,

**ANITA P. ARRIOLA**

APA/ctt

EXHIBIT
*3*

PENGAD 800-631-6989

LAW OFFICES

## BRONZE & TANG

A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE CORP DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

August 26, 2004

## VIA: FACSIMILE
## (671) 477-9734

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

Re: _Sadhwani, et al. v. HSBC, et al._

Dear Anita:

I am in receipt of your letter dated August 26, 2004. I am not available for a meeting on August 27, 2004. In addition, please be advised that Responses to Plaintiffs' Fifth Set of Requests for Production of Documents was prepared by my co-counsel, Richard Pipes, who is currently off-island, but will be back in the office by September 6, 2004. I cannot in good faith attempt to reach a resolution regarding the Responses to your Fifth Set of Requests for Production since I did not prepare these Responses. A delay of this matter for about a week or so will not prejudiced to your clients in any way.

Please feel free to contact me if you have any questions regarding the aforementioned matter.

Best regards,

JACQUES G. BRONZE

cc: Mr. C. Underwood

JGB:tr

D:\CLIENTS FILE\HSBC-Sadhwan\Lrr\A.Arriola-Ltr.63 (Meet.Confer).doc

EXHIBIT
4
PENGAD 800-631-6989

Law Offices
# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

August 27, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

>    **Re:**  **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
>         **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

I am in receipt of your letter dated August 26, 2004.

I don't care who prepared HSBC's responses to plaintiffs' Fifth Set of Requests for Production of Documents. So long as you are co-counsel of record for HSBC, you are responsible for your client's responses to document requests. In addition, like all of the other Rule 37.1 meetings, the outcome of this meeting will be exactly the same as if Mr. Pipes attended - you will refuse to provide any of the documents requested in plaintiffs' Fifth Set.

You are incorrect in stating that my clients will not be prejudiced in any way. HSBC has failed to produce documents unless ordered by the Court; delayed, sometimes for several months, in producing responses to document requests; and has shown an utter disregard for complying with its discovery obligations. A one-week delay in waiting for Richard Pipes' return likely means another delay of a few weeks or months before we are able to get the documents we have requested.

I am requesting a meeting with you on Monday, August 30, 2004 at 10 a.m. at my office to discuss plaintiffs' Fifth Set of Requests for Production of Documents. If you refuse to meet, I will prepare a declaration of your non-cooperation.

Very truly yours,

*Anita P. Arriola*

**ANITA P. ARRIOLA**

EXHIBIT
5

FAXED
8/27/04

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

September 7, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

> **Re:** **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is to confirm our meeting of August 31, 2004 regarding HSBC's answers and objections to plaintiffs' Fifth Set of Requests for Production of Documents.

At the meeting we discussed the two categories of documents requested in the Fifth Set - HSBC's fee agreements and attorneys fee billings and documents regarding HSBC's financial status and net worth. After you objected that HSBC would not produce its billings due to disclosure of trial strategy, I informed you that we would want the fee agreements, amounts billed to HSBC and paid by HSBC, as well as numbers of hours worked by lawyers, and the identities of all lawyers working on the case, and not the work done on the case contained in the billings. You stated that you would consult with your client about whether they would release such information and that you would provide a response to me by Monday, September 6, 2004. You did not provide a response. Please provide one as soon as possible.

You also indicated that you would not provide any information concerning HSBC's net worth or financial status. You stated that there is a district court decision by Judge Unpingco holding that such information is not discoverable. Please provide that decision at your earliest convenience.

In our meeting we also discussed the revelations in Cathy Champaco's deposition about various documents maintained by HSBC concerning HSBC's confidentiality policies and procedures. You indicated that you have not located a "compliance box" as mentioned in her deposition, nor have you located any emails between Guam and New York, also mentioned in her deposition. I request that you confirm in writing that HSBC has looked for these items and HSBC has not been able to locate them.

EXHIBIT
6

FAXED
9/7/04

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
**Re:    Sadhwani et al. v. Hongkong Shanghai
Banking Corporation, Ltd., et.al, District Court
of Guam, Civil Case No. CV03-00036**
September 7, 2004

 

You also indicated that in April 2003 a number of bank documents were shredded, but you could not indicate whether any of the documents requested in plaintiffs' Fourth Set of Requests for Production of Documents had been shredded. You also indicated that you would provide a certificate showing the shredding of these documents. Please also provide this certificate as soon as possible.

Finally, this is to follow up on some subpoenas duces tecum you served on Guam Telephone Authority and GuamCell. Please let me know if you obtained any documents in response to these subpoenas. If so, please provide copies of these documents, and we will reimburse you for the cost of the copies.

Thank you for your attention to these matters.

Very truly yours,

**ANITA P. ARRIOLA**

APA/ctt

LAW OFFICES

# BRONZE & TANG
A PROFESSIONAL CORPORATION
BANKPACIFIC BUILDING, 2ND FLOOR
825 SOUTH MARINE CORP DRIVE
TAMUNING, GUAM 96913

JACQUES G. BRONZE
JERRY J. TANG

TELEPHONE: (671) 646-2001
TELECOPIER: (671) 647-7671

September 16, 2004

## VIA: FACSIMILE
## (671) 477-9734

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
Suite 201, C&A Professional Bldg.
259 Martyr Street
Hagåtña, Guam 96910

Re:     *Sadhwani, et al. v. HSBC, et al.*; Civil Case No. 03-00036

Dear Anita:

I am in receipt of your letter dated September 7, 2004. Upon review of the second paragraph of that letter, it appears that the position you took at the meeting we had on September 15, 2004, is inconsistent with what you proposed in the letter. In your September 7, 2004, letter you indicated that you would be satisfied if HSBC provided you the "fee agreements, amounts billed to HSBC and paid by HSBC, as well as numbers of hours worked by lawyers, and the identities of all lawyers working on the case . . . ." Your letter makes it very clear that you were not interested in the "work done on the case contained in the billings." That is in stark contrast to what you proposed in our September 15, 2004 meeting. Please advise which position you intend to take. What is proposed in your September 7, 2004, letter, may be acceptable to HSBC.

In regards to the District Court Decision of Judge Unpingco, it is a public document, but that as it may, I have referred your query to Richard A. Pipes who will get back with you in due course.

In regards to your inquiries relating to Cathy Champaco and the Fourth Requests to Produce, please be advised that what has been produced to you in accordance to your requests are all the documents HSBC has.

Enclosed is a copy of the Shredding Certificate.



EXHIBIT

7

PENGAD 800-631-6989

In regards to the subpoenas served on Guam Telephone Authority and GuamCell, I will be providing you these documents shortly.

Please feel free to contact me if you have any questions regarding the above matter.

Best regards,

**JACQUES G. BRONZE**

Enclosure:    *As stated above

cc:    *Richard A. Pipes, Esq. (w/enclosure)
       *Mr. C. Underwood (w/enclosure)

JGB:lc

D:\CLIENTS FILE\HSBC-Sadhwani\Ltrs\A. Arriola-Ltr.70 (9-7-04 Ltr).doc

RECEIVED
APR 28 2003
Administration & Services
HSBC GUAM

# ISLAND MOBILE SHREDDING

**Confidential On-Site Document Destruction**

TEL: (671) 649-7663/7 • FAX: (671) 649-7661
P.O. Box 6738 · Tamuning, Guam 96931

Invoice No. 30427

*Im̄a*
*Ic8000 8668*

# = INVOICE =

**Customer**

| | |
|---|---|
| Name | HSBC |
| Address | |
| City | Tamuning    State GU    ZIP |
| Phone | 647-8581 |

| | |
|---|---|
| Date | April 26, 2003 |
| Location | |
| Start Time | |
| Contact | Tammy |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| | *Service Charges* | | |
| 3594 | Document Destruction    90   Boxes | $0.37 | $1,329.78 |

Average cost per box =        $14.78
Average weight per box =      39.93    lbs.
Total shred time=             6 hr. 15 min.

*Third Party Charges*

I CONFIRM THAT I HAVE CHECKED THE
ATTACHED INVOICE AND ACCOUNT AND
THAT YOU AUTHORIZE PAYMENT.

DEPT.            SIGNATURE

APPROVED FOR PAYMENT

| | |
|---|---|
| Total Service Charges | $1,329.78 |
| Total Third Party Charges | |
| Third Party Admin Charges | |
| **TOTAL** | **$1,329.78** |

**Payment Details**

○ Check
○ Wire Transfer
○

Bank Name: _____
ABA/SRN: _____
IMS Bank Account # : _____

Office Use Only

*A late payment charge of 1 1/2 percent per month will be assessed on Past
Due Balance.*

TEL: (671) 649-7663/7  ○  e-mail: rcrenshaw@kuentos.guam.net  ○  FAX: (671) 649-7661

*Please call Paul @ the above  #  to
Pick up Check.*



# Certificate of Destruction

*This is to certify that Island Mobile Shredding On-Site Document Destruction service has destroyed 90 Boxes for*

## *HSBC*

*on April 26, 2003 at the location entered on the front of the invoice.*

*It is further confirmed that these materials were destroyed under strict security conditions.*

*Certified on April 26, 2003*

*Paul Wayne Helmer*
*Chief Security Officer*

Attn: Tammy          Fax 646-3767

| Pg 1 | 3~74 |
|---|---|
| Pg 2 | |
| Tot. | |

## IMS WEIGHT VERIFICATION FORM

CUSTOMER/LOCATION: HSBC                    DATE: April 28, 2003

| # | | # | | # | | # | | # | | # | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 28 | 26 | 37 | 51 | 39 | 76 | 40 | 101 | | 126 | |
| 2 | 44 | 27 | 45 | 52 | 38 | 77 | 48 | 102 | | 127 | |
| 3 | 29 | 28 | 35 | 53 | 37 | 78 | 43 | 103 | | 128 | |
| 4 | 37 | 29 | 36 | 54 | 41 | 79 | 43 | 104 | | 129 | |
| 5 | 40 | 30 | 40 | 55 | 39 | 80 | 46 | 105 | | 130 | |
| 6 | 40 | 31 | 46 | 56 | 42 | 81 | 42 | 106 | | 131 | |
| 7 | 34 | 32 | 40 | 57 | 47 | 82 | 42 | 107 | | 132 | |
| 8 | 41 | 33 | 31 | 58 | 39 | 83 | 41 | 108 | | 133 | |
| 9 | 39 | 34 | 41 | 59 | 35 | 84 | 40 | 109 | | 134 | |
| 10 | 40 | 35 | 45 | 60 | 39 | 85 | 45 | 110 | | 135 | |
| 11 | 43 | 36 | 39 | 61 | 39 | 86 | 42 | 111 | | 136 | |
| 12 | 45 | 37 | 35 | 62 | 44 | 87 | 18 | 112 | | 137 | |
| 13 | 40 | 38 | 40 | 63 | 35 | 88 | 36 | 113 | | 138 | |
| 14 | 41 | 39 | 36 | 64 | 45 | 89 | 40 | 114 | | 139 | |
| 15 | 37 | 40 | 39 | 65 | 44 | 90 | 32 | 115 | | 140 | |
| 16 | 44 | 41 | 32 | 66 | 39 | 91 | | 116 | | 141 | |
| 17 | 41 | 42 | 41 | 67 | 39 | 92 | | 117 | | 142 | |
| 18 | 38 | 43 | 41 | 68 | 45 | 93 | | 118 | | 143 | |
| 19 | 43 | 44 | 37 | 69 | 38 | 94 | | 119 | | 144 | |
| 20 | 45 | 45 | 37 | 70 | 42 | 95 | | 120 | | 145 | |
| 21 | 42 | 46 | 43 | 71 | 35 | 96 | | 121 | | 146 | |
| 22 | 45 | 47 | 39 | 72 | 43 | 97 | | 122 | | 147 | |
| 23 | 44 | 48 | 40 | 73 | 40 | 98 | | 123 | | 148 | |
| 24 | 44 | 49 | 42 | 74 | 39 | 99 | | 124 | | 149 | |
| 25 | 37 | 50 | 41 | 75 | 48 | 100 | | 125 | | 150 | |

VERIFIED BY: _Paul Witt_

SEP-16-2004  Case 1:03-cv-00636  Document 365  Filed 04/30/2004  Page 45 of 58  P.006  R=95%

**HSBC**
P. O. BOX 27-C
HAGATNA, GUAM 96932

Account #0200024086

**626**

101-0521/1214

07 May 2003

****Island Mobile Shredding****

***One Thousand Three Hundred Twenty-Nine & 78/100***

1,329.78

DUPLICATE

424 West O'Brien Dr. 112 Julale Center
Hagatna, Guam 96932

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

September 20, 2004

**VIA FACSIMILE:** **(671) 647-7671**

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

> Re:   **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,**
> **District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is in response to your letter of September 16, 2004.

Plaintiffs request that HSBC provide all communications regarding identity of client, amount of fee, identification of payment by case file name, and general purpose of work performed by each of the lawyers and/or law firms identified in plaintiffs' Fifth Set of Requests for Production of Documents.

In addition, you have not provided any documents in response to request no. 6 of the Fifth Set of Requests for Production of Documents, which requires HSBC to produce all documents that "support, address, refer to, or relate to HSBC's counterclaim for attorneys fees and costs in this action."

This is also written regarding HSBC's Objections to Magistrate Judge Order dated June 9, 2004. The hearing on the Objections will be held on October 6, 2004. However, it seems to me that the Objections are moot based on the recent Stipulation and Order reached between the parties concerning modification of the Scheduling Order. Please let me know if you will withdraw the Objections or if you will continue with the Objections by the close of business today, as our opposition is due on Wednesday, September 22, 2004.

Very truly yours,

*Anita P. Arriola*

**ANITA P. ARRIOLA**

EXHIBIT

8

FAXED

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

September 20, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam 96913

Re: **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al,
District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is a follow up to my letter of today regarding your letter of September 16, 2004.

I neglected to include certain other information that plaintiffs are requesting from HSBC regarding HSBC's attorney billings and records. Plaintiffs request that HSBC provide all communications regarding identity of client, amount of fee, identification of payment by case file name, general purpose of work performed by each of the lawyers and/or law firms identified in plaintiffs' Fifth Set of Requests for Production of Documents, and fee agreements. Additionally, plaintiffs are seeking the proposals written by other law firms and sent to HSBC for services to be rendered in this case.

This letter is not to be construed as a waiver of any of plaintiffs' rights to receive other information requested in plaintiffs' Fifth Set of Requests for Production of Documents, including the information concerning HSBC's financial status and net worth.

Very truly yours,

**ANITA P. ARRIOLA**

EXHIBIT
9

PENGAD 800-631-6989

FAXED
9/20/04

Law Offices Of
Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

September 21, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

Mr. Bronze has asked that I respond to your letter of September 20, 2004, regarding the Fifth Set of Requests for Production of Documents ("5[th] Request") and other matters.

Your letter requests production of "all communications regarding identity of client, amount of fee, identification of payment by case file name, and general purpose of work performed by each of the lawyers and/or law firms identified" in the 5th Request. This is much broader than, and inconsistent with, the request in your September 7 letter for the "fee agreements, amounts billed to HSBC and paid by HSBC, as well as the number of hours worked by the lawyers, and the identities of all lawyers working on the case". Your request for "all communications regarding identity of client", which is not included in the 5th Request, could conceivably encompass every document in the possession of HSBC and its attorneys which has HSBC's name on it including, but not limited to, correspondence, file memos, confidential billing statements, pleadings and e-mails.

Further, your request for "all communications regarding . . . the general purpose of work performed by each of the lawyers", which is also not included in your 5th Request, would require HSBC, at a minimum, to produce its confidential billing statements which include, among other things, attorney-client communications, attorney work product, and confidential information regarding strategy and theories, as well as any other communications between HSBC and its counsel regarding this case, all of which are



EXHIBIT
*10*

patently objectionable. Unfortunately, your September 20 letter requests the production of documents which were not requested in the 5th Request and is exceedingly overbroad and objectionable.

Next, your letter argues that HSBC has not produced any documents in response to Request No. 6. However, HSBC has lodged specific objections to this Request. Obviously, the documents that "support", "address", and "relate to" HSBC's counterclaim for attorney's fees will be the billings themselves which contain information which is privileged. Mr. Bronze has earlier indicated to you that HSBC may be willing to provide your clients with the fee agreements, amounts paid by HSBC, and the identities of the lawyers working on the case and, from your September 7 letter, it appeared that this type of production would be satisfactory. Why are you now demanding documents beyond that which you apparently agreed to in your September 7 letter?

Regarding your request that HSBC withdraw its Objections to the Magistrate's Order of June 9, 2004, because they are moot in light of the terms of the Stipulation and Order Modifying Scheduling Order ("Stipulation") filed on August 18, 2004, you are wrong. The Objections specifically go to the rulings made by the Magistrate Judge concerning the scheduling of the case and HSBC's requests for an additional 12 months to complete discovery in light of the foreign depositions we are in the process of arranging. The Stipulation specifically provides that HSBC does not waive any of its rights to "pending Objections to decisions of the Magistrate Judge regarding scheduling and depositions". Accordingly, how could the Stipulation possibly make the subject Objections moot?

Sincerely,

Richard A. Pipes

cc:     Chris Underwood
        Jacques Bronze, Esq.

*RAP/nsb/HSBC/car*

Page 2 of 2

Law Offices

# *Arriola, Cowan & Arriola*

Joaquin C. Arriola
Mark E. Cowan
Anita P. Arriola
Joaquin C. Arriola, Jr.
~
Jacqueline T. Terlaje

259 Martyr Street, Suite 201
C & A Building
Post Office Box X
Hagåtña, Guam 96910

Telephone:(671) 477-9730/3
Telecopier: (671) 477-9734
E-mail: acalaw@netpci.com

October 1, 2004

**VIA FACSIMILE:** (671) 647-7671

Jacques G. Bronze, Esq.
Bronze & Tang, P.C.
2nd Floor, BankPacific Building
825 S. Marine Drive
Tamuning, Guam  96913

**Re:**  **Sadhwani et al. v. Hongkong Shanghai Banking Corporation, Ltd., et.al.**
**District Court of Guam, Civil Case No. CV03-00036**

Dear Jacques:

This is in response to the letter of Richard Pipes dated September 21, 2004. I will not deal with Mr. Pipes on this matter, as the L.R. 37.1 meeting was held with you and we had various discussions about plaintiffs' Fifth Set of Requests for Production of Documents that it is obvious Mr. Pipes is not aware of.

In addition, you and Mr. Pipes have a habit of switching positions on various issues in this case, or not being fully informed about matters. For example, Mr. Pipes accused me of violating the Stipulated Protective Order Governing Discovery only to learn that it was you who disclosed the purchase price of the Sadhwani loan in court filings. At a previous L.R. 37.1 conference with my partner Mr. Arriola, Mr. Pipes accused plaintiffs of failing to produce certain documents, only to have you confirm that such documents had been produced.   Mr. Pipes took one position on plaintiffs' Third Set of Requests for Production of Documents and refused to produce certain documents, only to have you concede that such documents should be produced.

As we discussed, the  information requested in Requests 1 to 6 is relevant to HSBC's counterclaim for attorneys fees. In our meeting, you stated that HSBC would be willing to provide fee agreements. I stated that in order to determine whether HSBC's fees are reasonable, plaintiffs will need to know the identities of all attorneys providing legal services in this case; the identity of the client; the amount of the fees billed to and paid by HSBC; and the general purpose of the work performed by each of the lawyers and/or law firms identified.  At our meeting, you indicated that



EXHIBIT

II

RAUGO 800-631-6989

Jacques G. Bronze Esq.
Re: <u>Sadhwani et al. v. Hongkong Shanghai</u>
<u>Banking Corporation, Ltd., et.al.</u>
October 1, 2004

information regarding the services performed by the attorneys is privileged and you would not provide such information.

After researching the matter, I have determined that courts have allowed discovery of the "general purpose of work performed." For this reason, my letter of September 20, 2004 provides that plaintiffs will agree to accept <u>billing statements</u> from all of the lawyers providing services for HSBC with the following information: identity of client, amount of fee, identification of payment by case file name, and general purpose of work performed by each of the lawyers and/or law firms identified. Mr. Pipes' statement that the "general purpose of work performed by each of the lawyers" is "patently objectionable" is without merit.

You have also indicated that HSBC would not provide information requested in Requests 7 - 26, which seek HSBC's financial status and net worth, based on the district court's decision in <u>Ada</u> <u>v. Shell Guam, Inc.</u> I have reviewed the files in that case and the decision and I believe that the case is distinguishable from this case. Please reconsider your position on this.

Please provide responses to plaintiffs' Fifth Set of Requests for Production of Documents on or before October 6, 2004. Alternatively, if HSBC refuses to provide such documents, please provide your contentions and authorities for the L.R. 37.1 Stipulation on or before October 6, 2004. I enclose a draft of plaintiffs' contentions and authorities.

Please do not hesitate to contact me if you have any questions or concerns regarding this matter.

Very truly yours,

**ANITA P. ARRIOLA**

Enclosure

Law Offices Of
**Richard A. Pipes**
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

October 6, 2004

**VIA FACSIMILE**
Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
Hagatna, Guam 96910

      Re: *Sadhwani, et al. v. HSBC*

Dear Ms. Arriola:

      This letter responds, in part, to your letter of October 1 directed to Mr. Bronze regarding your clients' Fifth Set of Requests for Production of Documents and their demand for supplemental responses or contentions and authorities, pursuant to L. R. 37.1, on or before October 6, 2004. Please be advised that we will provide you with our contentions and authorities by the close of business on October 8, 2004.

      Should you have any questions, feel free to contact me.

                Sincerely,

                Richard A. Pipes

cc:   Chris Underwood

*RAP/mb/HSBC/cor*

EXHIBIT

*12*

PENGAD 800-631-6989

JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel:   (671) 477-9730
Fax:   (671) 477-9734



Attorneys for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>               Plaintiffs,<br><br>     vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation,<br>JOHN DOE 1 through JOHN DOE X,<br><br>               Defendants. | CIVIL CASE NO. 03-00036<br><br>**STIPULATION OF CONTENTIONS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (L.R. 37.1)** |

Pursuant to L.R. 37.1, plaintiffs and defendants submit the following Stipulation relating to Plaintiffs' Motion to Compel Responses to Plaintiffs' Fifth Set of Requests for Production of Documents. "Ps" means plaintiffs, "D" means defendant.

**Request Nos. 1-6:**

1.      All DOCUMENTS concerning, relating to, or comprising emails, correspondence, or other communications between HSBC and any lawyers or law firms in which HSBC solicited legal services to be performed in this action.

2.   All DOCUMENTS concerning, relating to, or comprising **emails, correspondence,** or other communications received by HSBC from any lawyers or law **firms in response** to the communications referenced in Request No. 1, above.

3.   All DOCUMENTS concerning, relating to, or comprising **fee agreements** and amendments thereto between HSBC and the following law firms for services **to be performed** in this action:

      A.   Bronze & Tang, P.C.;

      B.   Law Offices of Richard Pipes;

      C.   Johnson Stokes & Master;

      D.   Abdul Wahid Alulama;

      E.   Balgos & Perez;

      F.   Any other law firm that has performed and/or is performing **services** in this action.

4.   All DOCUMENTS concerning, relating to, or comprising **billings or invoices** received from the following law firms for services performed in this action:

      A.   Bronze & Tang, P.C.;

      B.   Law Offices of Richard Pipes;

      C.   Johnson Stokes & Master;

      D.   Abdul Wahid Alulama;

      E.   Balgos & Perez;

      F.   Any other law firm that has performed and/or is **performing services** in this action.

8. All DOCUMENTS comprising or containing HSBC's corporate, income and all other tax returns filed with any taxing authority from 1999 to 2004.

9. All DOCUMENTS comprising or containing balance sheets for HSBC from 1999 to 2004.

10. All DOCUMENTS comprising or containing profit and loss statements for HSBC from 1999 to 2004.

11. All DOCUMENTS comprising or containing HSBC's earnings, including but not limited to retained or net earnings, from 1999 to 2004.

12. All DOCUMENTS comprising or containing independent accountant's or independent auditor's reports for HSBC from 1999 to 2004.

13. All DOCUMENTS comprising, referring to, or containing HSBC's net worth from 1999 to 2004.

14. All DOCUMENTS comprising or containing HSBC's gross income (i.e., total amount of income from all sources) from 1999 to 2004.

15. All DOCUMENTS comprising or containing HSBC's net income (i.e., the excess of total revenues over expenses and taxes) from 1999 to 2004.

16. All DOCUMENTS comprising or containing HSBC's net worth submitted to any regulatory authority in Guam from 1999 to 2004.

17. All DOCUMENTS comprising or containing HSBC's net worth submitted to any regulatory authority in any jurisdiction other than Guam from 1999 to 2004.

18. All DOCUMENTS comprising or containing HSBC's annual, semi-annual, quarterly or monthly reports to any regulatory authority in Guam from 1999 to 2004.

-4-

19.     All DOCUMENTS comprising or containing HSBC's annual, semi-annual, quarterly or monthly reports to any regulatory authority in Guam from 1999 to 2004.

20.     All DOCUMENTS that address, refer to, or relate to the countries, territories and jurisdictions in which HSBC has branches or offices.

21.     All DOCUMENTS that address, refer to, or relate to the number of HSBC's employees in all of HSBC's branches and offices.

22.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on size.

23.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total number of branches and offices.

24.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total number of employees.

25.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total assets.

26.     All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on types of and number of financial and banking services provided by HSBC.

**Ps:**    HSBC's profits, financial condition, and financial statements are relevant to defendants' business strategies, incentives, and practices, all of which are relevant to plaintiffs' claim for breach of contract and breach of good faith and fair dealing. *See* Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (where financial condition relevant to claims of breach of contract and tortious breach of contract bifurcation denied). They are

-5-

also relevant to HSBC's economic or financial reasons for closing the Guam office. F.R.C.P. 26.

Tax returns are do not enjoy an absolute privilege from discovery, and may be discoverable. Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975). Financial data regarding the net worth of a defendant, including total revenue and financial statements, are discoverable for purposes of punitive damages. Caruso v. Coleman Co., 157 F.R.D. 344, 349 (E.D.Pa.,1994); EEOC v. Klockner H&K Machines, Inc., 168 F.R.D. 233 (D. Wi., 1996); Master Palletizer Systems, Inc.. 123 F.R.D. 351 (D. Colo., 1988); RCS Enterprises, Inc., et al. v. Mariana Acquisition Corp.. Civil Case No. 1442-99; Civil Case No. CV1548-99 (Decision and Order dated January 5, 2001); Sand v. Quichocho, Civil Case No. 0818-96, Decision and Order dated June 18, 1997.

**D:**

DATED this _____ day of _____, 2004.

**ARRIOLA, COWAN & ARRIOLA**         **BRONZE & TANG, P.C.**


_____           _____
**ANITA P. ARRIOLA**                   **JACQUES BRONZE**
Counsel for Plaintiffs Alan Sadhwani,  Counsel for Defendant HSBC
et al.