JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001



Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.


IN THE DISTRICT COURT OF GUAM


| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation, | ) ) ) ) | CIVIL CASE NO. 03-00036 |
|---|---|---|
| Plaintiffs, | ) ) | **SECOND DECLARATION OF RICHARD A. PIPES SUPPORTING HSBC'S OPPOSITION TO EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE EXPERT WITNESS DISCLOSURES** |
| v. | ) ) ) |  |
| HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al., | ) ) ) ) |  |
| Defendants. | ) ) ) |  |

I, RICHARD A. PIPES, do hereby declare as follows:

1.      I am over the age of eighteen (18) years and competent to make this Declaration.

I have personal knowledge of the matters stated herein and would be competent to testify

thereto at any proceedings.

**ORIGINAL**

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Second Declaration of Richard A. Pipes Supporting HSBC's Opposition to Ex Parte Motion for Extension of Time to
Serve Expert Witness Disclsoures
Page 2 of 4 pages

2.      I am admitted to practice before this Court and am co-counsel responsible for

the representation of Defendant The Hongkong and Shanghai Banking Corporation Limited

("HSBC").

3.      In their Reply Memorandum in Support of Ex Parte Motion for Extension of

Time to Serve Expert Witness Disclosures (the "KSI Memo") filed on October 12, 2004,

Plaintiffs argue that I should not have made plans to be off-island for the Christmas holidays

this year because "in the few months before trial numerous issues and proceedings may arise

which will require counsel's availability and work." *KSI Memo at 6*. However, at the time I made

my plans for travel the current scheduling and trial dates were known and taken into

consideration. The problem is that Plaintiffs' attempts to severely compact the schedule and

trial of this case were **NOT** known when my plans were made. Plaintiffs and their counsel

waited until this late date, a year after they filed their Complaint and three months after HSBC

disclosed its expert, to make any effort to hire supposed experts. It is Plaintiffs' dilatory

conduct which will cause the scheduling problems, not a trip I planned with the current

schedule in mind. It is unreasonable for Plaintiffs to argue that I should have assumed that they

would wait until the last minute to look for experts and the Court might allow them to disclose

such experts and their accompanying reports less than 60 days before trial is set to commence

and that expert depositions could occur during the three weeks just prior to trial.

4.      In addition to visiting with my family in St. Louis in December there is another

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Second Declaration of Richard A. Pipes Supporting HSBC's Opposition to Ex Parte Motion for Extension of Time to
Serve Expert Witness Disclsoures
Page 3 of 4 pages

reason why I will need to travel off-island. I would have liked to keep my personal medical problems out of consideration in this case, but Plaintiffs' unreasonable demands to compact the discovery and trial schedule in this case necessitate that I present such information to this Court. Since August, 2003, I have had four separate surgical procedures for the removal of kidney stones and the placing of "stints" in my ureters. Because the kidney stones remained undiagnosed or misdiagnosed for years by certain medical care providers, I have significant damage to both kidneys which is irreparable. I have filed a lawsuit against Pacificare Asia Pacific regarding the negligent care I received and a copy of my Complaint is attached hereto as Exhibit "A" and incorporated herein by this reference. The most recent surgical procedure was performed in August, 2004, by Dr. Steven Bigg, of Urologic Surgeons, Inc., in St. Louis, Missouri. A copy of my most recent billing from Dr. Bigg which describes the procedures he performed is attached as Exhibit "B" and incorporated herein by this reference. Since my left kidney is damaged and could not alone support me, I must take very good care of my right kidney which I am told is not damaged as significantly as my left. I have a surgical follow-up appointment with Dr. Bigg on December 29, 2004, in St. Louis and will undergo further testing of both kidneys on December 30, 2004. For the reasons discussed above, it is necessary that I travel to St. Louis for medical treatment.

5.     Attached hereto as Exhibit "C" and incorporated herein by this reference is a true copy of a Declaration of Thomas A. Tarter Supporting HSBC's Opposition to Ex Parte Motion

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Second Declaration of Richard A. Pipes Supporting HSBC's Opposition to Ex Parte Motion for Extension of Time to
Serve Expert Witness Disclsoures
Page 4 of 4 pages

for Extension of Time to Serve Expert Witness Disclosures sent to me via facsimile. The signed

original of Mr. Tarter's Declaration will be filed with this Court upon receipt from Sherman

Oaks, California, where Mr. Tarter's offices are located.

I declare under penalty of perjury under the laws of the United States and Guam that the

foregoing is true and correct.

Dated this _14th_ day of October, 2004.

_____
RICHARD A. PIPES

LAW OFFICE OF
**ROBERT L. KEOGH**
POST OFFICE BOX GZ
HAGATÑA, GUAM 96932
TELEPHONE (671) 472-6895

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF GUAM**

CV 0670-04

RICHARD A. PIPES,

        Plaintiff,

    vs.

PACIFICARE ASIA PACIFIC and
JOHN DOE INSURANCE COMPANY,

        Defendants.

CIVIL CASE NO. CV _____

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

**INTRODUCTION**

1. This is an action for damages for personal injuries arising from alleged medical malpractice.

**JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to 48 U.S.C. §1424, as amended, and 7 GCA §3105.

**PARTIES**

3. Plaintiff Richard Pipes ("Pipes") is an adult individual and resident of Guam. At all relevant times herein, plaintiff Pipes was a member of defendant PacifiCare Asia Pacific.

4. Defendant PacifiCare Asia Pacific ("PCAP") is a corporation

**EXHIBIT A**

licensed to do business on Guam. At all relevant times herein, PCAP was in the business of, among other things, providing health insurance and medical care to its members.

5. On information and belief, defendant Doe Insurance Company (hereinafter "Doe") is an insurance company licensed to do business on Guam or has insured a risk on Guam and hence is subject to the jurisdiction of this Court, and at all relevant times herein had issued and maintained in full force and effect a policy covering defendant Pacificare Asia Pacific for, inter alia, injuries to third persons, including medical malpractice, resulting from acts of their agents and employees.

**FACTS**

6. From July 15, 2001 and August 1, 2003, plaintiff Pipes was treated as a patient by defendant.

7. At said time and place, respondent PCAP's personnel negligently provided medical services to Richard Pipes in that they:

    a) Failed to provide examination by a physician;

    b) Failed to provide treatment by a physician;

    c) Provided medical care through an unsupervised physician's assistant;

    d) Failed to diagnose kidney stones;

e)   Failed to order any kidney imaging studies;

f)   Failed to evaluate blood in the urine;

g)   Failed to evaluate pus in the urine;

8.   As a direct and proximate result of the negligent medical treatment provided to Mr. Pipes, plaintiff sustained permanent kidney damage.

9.   The earliest possible date of discovery was July 10, 2003.

10.   On June 8, 2004, plaintiff Pipes served a "Petition and Demand for Arbitration" on defendants.  A true and accurate copy of the Petition is attached hereto as "Exhibit"A".  In paragraph 2 of the Petition, plaintiff Pipes expressly reserved any grounds he may have for challenging the enforceability of any arbitration agreement and the constitutionality and/or organicity of the Guam Medical Malpractice Mandatory Arbitration Act.

## CLAIM FOR RELIEF

11.   Plaintiff Pipes repeats and realleges each and every allegation of paragraphs 1 through 10 of the Complaint herein.

/ /

12.   As  a  direct  and  proximate  result  of  the  negligence  of defendants,  plaintiff  Pipes  suffered  injuries  including,  but  not limited to, permanent kidney damage, which have caused and continue to cause him pain and suffering.

13.  As  a  further  direct  and  proximate  result  of  the  negligence  of defendants,  plaintiff  Pipes  has  incurred  and  continues  to  incur medical and incidental expenses in an amount to be proven at trial.

## SECOND CLAIM - DEFENDANT JOHN DOE INSURANCE

14.   Plaintiff  repeats  and  realleges  each  and  every  allegation  of paragraphs 1 through 10, 12 through 13 of the complaint herein.

15.  On  information  and  belief,  at  all  relevant  times  herein, defendant  PCAP  was  insured  by  an  insurance  policy  issued  by defendant Doe Insurance covering liability for claims such as those set forth above.   Said  insurance  policy  was  in  full  force  and effect at all relevant times herein.

16.  Pursuant  to  the  coverage  contained  in  said  insurance  policy, and pursuant to 22 GCA §18305, plaintiff is entitled to maintain a direct  action  against  defendant  John  Doe  Insurance  upon  the  terms and limits of the policy and, accordingly, plaintiff is entitled to recover against defendant John Doe Insurance in an amount equal to

any judgment recovered against defendant PCAP up to applicable policy limits.

**WHEREFORE**, plaintiff prays for relief as follows:

1.   General damages for the personal injury of plaintiff Richard Pipes in an amount to be proven;

2.   Damages for past and future medical and incidental costs of plaintiff Richard Pipes in an amount to be proven;

3. Costs of suit; and

4.   Such other and further relief as the Court may deem just and proper.

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Plaintiff

DATE:   6/8/04                    By:_____
                                      ROBERT L. KEOGH

**JURY DEMAND**

Plaintiff hereby demands trial by jury of six (6) on all issues so triable.

Attorneys for Petitioner

**ARBITRATION PROCEEDING**

RICHARD A. PIPES,

       Petitioner,

   vs.

PACIFICARE ASIA PACIFIC and
JOHN DOE INSURANCE COMPANY,

       Respondents.

**PETITION AND DEMAND
FOR ARBITRATION**

## INTRODUCTION

1.   This is a petition for arbitration of a medical and administrative malpractice claim brought by Petitioner Richard A. Pipes against respondent PacifiCare Asia Pacific.

## JURISDICTION

2.   A duly constituted arbitration panel shall have jurisdiction over this matter pursuant to the terms of an agreement between the respondent and the petitioner's employer, or, in the alternative, pursuant to the Guam Medical Malpractice Mandatory Arbitration Act, provided, however, that petitioner is not waiving any ground he may have for challenging the enforceability of such contractual terms or the constitutionality and/or organicity of such statute.

EXHIBIT "A"

**PETITION AND DEMAND**
**FOR ARBITRATION**
Page 2

## PARTIES

3. Petitioner Richard A. Pipes is an adult individual and a resident of Guam. His address for purposes of this claim is: c/o Robert L. Keogh, Law Office of Robert L. Keogh, C&A Professional Bldg., 251 Martyr Street, Suite 105, Hagatña, Guam 96910. At all relevant times herein, petitioner was a member of respondent PacifiCare Asia Pacific.

4. Respondent PacifiCare Asia Pacific ("PCAP") is a corporation licensed to do business on Guam. At all relevant times herein, PCAP was in the business of, among other things, providing health insurance and medical care to its members.

5. On information and belief, defendant Doe Insurance Company (hereinafter "Doe") is an insurance company licensed to do business on Guam or has insured a risk on Guam and hence is subject to the jurisdiction of this Court, and at all relevant times herein had issued and maintained in full force and effect a policy covering respondent Pacificare Asia Pacific for, inter alia, injuries to third persons, including medical malpractice, resulting from acts of their agents and employees.

/ /

/

## FACTS

6.  Between July 15, 2001 and August 1, 2003, Richard Pipes was seen and was given medical treatment as a patient at the PCAP medical facility.

7.  At said time and place, respondent PCAP's personnel negligently provided medical services to Richard Pipes in that they:

    a)    Failed to provide examination by a physician;

    b)    Failed to provide treatment by a physician;

    c)    Provided medical care through an unsupervised physician's assistant;

    d)    Failed to diagnose kidney stones;

    e)    Failed to order any kidney imaging studies;

    f)    Failed to evaluate blood in the urine;

    g)    Failed to evaluate pus in the urine;

8.  The medical treatment provided to Mr. Pipes fell below the standard of care, and as a result thereof, Richard Pipes sustained permanent kidney damage and growth in Mr. Pipe's kidney stones to the extent that he suffered permanent injury and impairment to both right and left kidneys; has required and in the future will require specialized mainland medical care; will possibly need kidney dialysis; will possibly need a kidney transplant.

9.    The earliest possible date of discovery was July 10, 2003.

CLAIMS FOR RELIEF
FIRST CLAIM - PERSONAL INJURIES OF
RICHARD A. PIPES

10.  Petitioner repeats and realleges each and every allegation of paragraphs 1 through 9 of the petition herein.

11.  As a direct and proximate result of the negligence of PCAP and its employee, Richard Pipes suffered injuries including, but not limited to, kidney damage which have caused and continue to cause him pain and suffering.

12.  As a further direct and proximate result of the negligence of respondent PCAP and its employee, Richard Pipes has incurred and continues to incur medical and incidental expenses in an amount to be proven.

13.  As a further direct and proximate result of the negligence of respondent PCAP and its employee, Richard Pipes has lost and will continues to lose income in an amount to be proven.

/ / /

/ /

## SECOND CLAIM - DEFENDANT JOHN DOE INSURANCE

14. Petitioner repeats and realleges each and every allegation of paragraphs 1 through 9, 11 through 13 of the petition herein.

15. On information and belief, at all relevant times herein, respondent PCAP was insured by an insurance policy issued by respondent John Doe Insurance covering liability for claims such as those set forth above. Said insurance policy was in full force and effect at all relevant times herein.

16. Pursuant to the coverage contained in said insurance policy, and pursuant to 22 GCA §18305, petitioner is entitled to maintain a direct action against respondent John Doe Insurance upon the terms and limits of the policy and, accordingly, petitioner is entitled to recover against respondent John Doe Insurance in an amount equal to any judgment recovered against respondent PCAP up to applicable policy limits.

WHEREFORE, petitioner demands arbitration for his claim and prays for relief as follows:

1. General damages for the personal injury of petitioner Richard A. Pipes in an amount to be proven;

2. Damages for past and future medical and incidental costs of Richard Pipes in an amount to be proven;

3. Damages for past and future lost income of Richard Pipes in an amount to be proven;

4. Costs of arbitration to the fullest extent allowable; and

5. Such other and further relief as the arbitrators may deem just and proper.

Respectfully submitted,

LAW OFFICE OF ROBERT L. KEOGH
Attorneys for Petitioner

DATE: _6/8/04_

By: _____
ROBERT L. KEOGH

## VERIFICATION

I, the undersigned, being first duly sworn, depose and say that I am a party to the above-entitled matter; the foregoing statements are true of my own knowledge, except as to matters which are therein stated on my information or belief; and as to those matters I believe them to be true.

DATE: _8 Jun 04_ _____   _____
                                                    RICHARD A. PIPES

In and For Guam, U.S.A.    )
                                              )    ss.
City of Hagatña               )

SUBSCRIBED AND SWORN TO before me this 8th day of _June_, 2004 by Richard A. Pipes.

_____
Notary Public

TERESA L. KEOGH
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: June 6, 2005
P.O. Box GZ Hagatña, Guam 96932

UROLOGIC SURGEONS, INC.
PO Box 502296
Saint Louis, MO 63150-2296

J. Perry Lovinggood, M.D.
Steven W. Bigg, M.D.    Kent L. Adkins, M.D.    Page 1

| VISA ☐ | MasterCard ☐ | DISCOVER ☐ |

CARD NUMBER

SIGNATURE

AUTHORIZATION CODE: ☐☐☐
verify last 3 digits on back of card in signature line)

EXP. DATE

| STATEMENT DATE | PAY THIS AMOUNT | ACCT. # |
|---|---|---|
| 09/24/04 | 1799.00 | 62645 |

SHOW AMOUNT PAID HERE  $

**ADDRESSEE:**

ADDRESS SERVICE REQUESTED

RICHARD A PIPES          5    2
825 S MARINE DR STE 201
TAMUNING, GU  96913-3416

**REMIT TO:**

UROLOGIC SURGEONS, INC.
PO Box 502296
Saint Louis, MO  63150-2296

☐ Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

| Date | Description | Charge | Medicare Receipts | Insurance Receipts | Patient Receipts | Adjust | Balance | Ins Pend | Message |
|---|---|---|---|---|---|---|---|---|---|
| 08/24/04 | NP OFFICE VISIT LEVEL 2 | 90.00 | .00 | .00 | .00 | .00 | 90.00 | | |
| 08/24/04 | UA DIPSTICK | 11.00 | .00 | .00 | .00 | .00 | 11.00 | | |
| 08/26/04 | OFFICE VISIT EST PT LEVEL 2 | 52.00 | .00 | .00 | 25.00 | .00 | 27.00 | | |
| 08/30/04 | CYSTO URETEROSCOPY LITHOTRIPSY | 2635.00 | .00 | .00 | 1500.00 | .00 | 1135.00 | | |
| 08/30/04 | CYSTO INSERT INDWELLING URET S | 664.00 | .00 | .00 | .00 | .00 | 664.00 | | |
| 09/02/04 | POST-OP VISIT | .00 | .00 | .00 | .00 | .00 | .00 | | |

** PAYMENT DUE UPON RECEIPT **          THANK YOU

| Current | 30 Days | 60 Days | 90 Days | 120 Days | Total Balance | Ins Pending | Now Due |
|---|---|---|---|---|---|---|---|
| 1799.00 | .00 | .00 | .00 | .00 | 1799.00 | .00 | 1799.00 |

| Message |
|---|
| COPAYMENTS ARE DUE AT THE TIME OF SERVICE |

| Account Number |
|---|
| 62645 |

| Statement Date |
|---|
| 09/24/04 |

| Billing Questions |
|---|
| (314) 741-8500 |

Make Checks Payable To:

UROLOGIC SURGEONS, INC.
PO Box 502296
Saint Louis, MO  63150-2296

EXHIBIT **B**



JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF THOMAS A. TARTER SUPPORTING HSBC'S OPPOSITION TO EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE EXPERT WITNESS DISCLOSURES** |

I, THOMAS A. TARTER, do hereby declare as follows:

1.    I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

**EXHIBIT C**

2.     I am the Managing Director of The Andela Consulting Group and I have been retained in this matter to provide litigation consulting, and if necessary, expert witness testimony at deposition and trial in this matter. I have had more than 35 years of experience in the financial institutions industry and my qualifications are outlined in my Report dated July 18, 2004, which I understand has been attached to a Declaration filed by Richard A. Pipes filed with this Court on October 8, 2004. As shown in my Report, I have been retained as a litigation consultant on numerous occasions. I have testified at deposition and trial as an expert witness in almost one hundred cases since 1995. I have also been retained in over 500 cases by clients that have included financial institutions, insurance companies, individuals, business entities and governmental agencies. My litigation consulting has been relatively balanced between plaintiff and defense.

3.     I have been provided with and read a copy of the Plaintiffs' Reply Memorandum in Support of Ex Parte Motion for Extension of Time to Serve Expert Witness Disclosures (the "KSI Memo") that was apparently filed with this Court on October 12, 2004. On page 5 of the KSI Memo Plaintiffs' counsel argues that rebuttal or supplemental reports of experts may not even be required in this case and that, in any event, depositions of experts "are routinely taken just prior to and even during trial".

4.     Based upon my experience as an expert witness in over five hundred cases of which almost 100 involved deposition or trial testimony, I believe such arguments to be without foundation. It is **NOT** routine or customary for expert depositions to be taken just before or during trial. In my experience, this has only happened in rare instances because of emergency circumstances which, to my knowledge, are not present in this case. Expert depositions are normally taken at least 45 - 60 days before trial to allow adequate preparation time for all parties as well as the preparation of supplemental or rebuttal reports by expert witnesses, which may themselves require additional discovery or depositions. Further, in my experience it is common practice for one party's expert to provide a rebuttal or supplemental report following the disclosure of the opposing party's expert and the deposition of such

witness. Additionally, with respect to Plaintiff lender liability litigation, it has been my experience that Plaintiff's counsel routinely engage experts prior to the filing of litigation and certainly early on in the process. It is my opinion that there has been ample discovery for any banking industry expert to render at least preliminary opinions for the Court's consideration. The absence of any such reports is very surprising to me, based upon the numerous documents that have been produced and depositions that have taken place.

5.      It is my firm belief that granting the motion to extend the deadline for disclosure of experts and their reports, as requested by Plaintiffs, is abusive. Based upon my experience, if the Plaintiffs' had a banking industry expert, he/she should have been easily able to produce a report for the Court's consideration rather than waiting to the very eve of trial.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this 12th day of October, 2004.

THOMAS A. TARTER