JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Telephone: (671) 477-9730/33
Facsimile: (671) 477-9734



Counsel for Plaintiffs Alan Sadhwani, et al.

## IN THE UNITED STATES
## DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S AMENDED SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS OR MANAGING DIRECTOR OF DELOITTE & TOUCHE LLP** |

Pursuant to Rule 45(c)(2)(B) of the Rules of Civil Procedure, plaintiffs Alan Sadhwani, et al. hereby objects to the Amended Subpoena Duces Tecum ("Amended Subpoena") issued by defendant Hongkong and Shanghai Banking Corporation, Ltd. ("HSBC") dated October 11, 2004.

### PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

Plaintiffs generally object to the Amended Subpoena on each and every one of the following grounds:

1.  Plaintiffs object that the document requests in Attachment "A" of the Amended Subpoena are overly broad, unduly burdensome, oppressive, and harassing.

2. Plaintiffs object to each and every document request in Attachment "A" of the Amended Subpoena to the extent that they seek information that is not relevant to any claim or defense in the present action and is not relevant to the subject matter involved in the action.

3. Plaintiffs object to each and every document request in Attachment "A" of the Amended Subpoena to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the accountant-taxpayer privilege, or any other applicable privilege. No such privileged information or such documents will be produced. Any inadvertent production of privileged information or documents is not to be deemed a waiver of any applicable privilege or protection, and Plaintiffs reserve the right to object to the introduction or other use of any privileged information or documents that have been produced inadvertently.

4. Plaintiffs object to the time period encompassed by the Amended Subpoena in that such time period is overbroad, unduly burdensome, oppressive, and harassing.

5. Plaintiffs object to the definition of "control", as the definition is vague, ambiguous, overbroad, unduly burdensome, oppressive, and harassing.

The foregoing General Objections apply to each and every respective document request in Attachment "A" of the Amended Subpoena for production of documents and Plaintiffs' additional objections and responses to specific requests are set forth below.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:**

Plaintiffs incorporate by reference its General Objections as though fully set forth herein. Plaintiffs object to this request to the extent it seeks information or documents that are protected

from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the accountant-taxpayer privilege, or any other applicable privilege. Plaintiffs further object to this request in that it seeks materials irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the terms "relating or referring *in any way*", "working papers" and "tax opinions" as such terms are vague, ambiguous and overbroad. Plaintiffs further object on the grounds that financial statements and tax returns for the years 1999 to 2002 have already been provided to defendant and this request is cumulative and duplicative. Plaintiffs object on the grounds that many of the documents requested by defendant have already been requested of plaintiffs and the request is cumulative and duplicative. These same documents sought by defendant are the subject of a motion to compel filed by defendant in this action and the Court has not yet issued an Order on the motion to compel.

**REQUEST NO. 2:**

Plaintiffs incorporate by reference its General Objections as though fully set forth herein. Plaintiffs also object to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the accountant-taxpayer privilege, or any other applicable privilege. Plaintiffs further object to this request in that it seeks materials irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the terms "relating to or referring to or referring *in any way* to or evidence" and "tax advice" as such terms are vague, ambiguous and overbroad.

///

-3-

Case 1:03-cv-00036    Document 367    Filed 10/14/2004    Page 3 of 5

**REQUEST NO. 3**:

Plaintiffs incorporate by reference its General Objections as though fully set forth herein. Plaintiffs also object to this request to the extent it seeks information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, the right to privacy, the accountant-taxpayer privilege, or any other applicable privilege. Plaintiffs further object to this request in that it seeks materials irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs object to the terms "comprising, referring to, containing, or reflecting any" and "communication" as such terms are vague, ambiguous and overbroad.

Dated this 14th day of October, 2004.

        **ARRIOLA, COWAN & ARRIOLA**
        Attorneys for Plaintiffs Alan Sadhwani, et al.

By: _/s/ Anita P. Arriola_
      **ANITA P. ARRIOLA**

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on October 14, 2004, I caused to be served via hand delivery, a **PLAINTIFFS' OBJECTIONS TO DEFENDANT HONGKONG AND SHANGHAI BANKING CORPORATION, LTD.'S AMENDED SUBPOENA DUCES TECUM TO CUSTODIAN OF RECORDS OR MANAGING DIRECTOR OF DELOITTE & TOUCHE LLP** to:

>Jacques G. Bronze, Esq.
>Bronze & Tang, P.C.
>2nd Floor, BankPacific Building
>825 S. Marine Drive
>Tamuning, Guam 96913

Dated this 14th day of October, 2004.

_____
ANITA P. ARRIOLA