JOAQUIN C. ARRIOLA
ANITA P. ARRIOLA
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagåtña, Guam 96910
Tel: (671) 477-9730
Fax: (671) 477-9734

Attorneys for Plaintiffs Alan Sadhwani, et al.

# IN THE UNITED STATES
# DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>          Plaintiffs,<br>vs.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>          Defendants. | CIVIL CASE NO. 03-00036<br><br>**STIPULATION OF CONTENTIONS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (L.R. 37.1)** |

Pursuant to L.R. 37.1, plaintiffs and defendants submit the following Stipulation relating to Plaintiffs' Motion to Compel Responses to Plaintiffs' Fifth Set of Requests for Production of Documents. "Ps" means plaintiffs, "D" means defendant.

**Request Nos. 1-6:**

1. All DOCUMENTS concerning, relating to, or comprising emails, correspondence, or other communications between HSBC and any lawyers or law firms in which HSBC solicited legal services to be performed in this action.

**ORIGINAL**

2. All DOCUMENTS concerning, relating to, or comprising emails, correspondence, or other communications received by HSBC from any lawyers or law firms in response to the communications referenced in Request No. 1, above.

3. All DOCUMENTS concerning, relating to, or comprising fee agreements and amendments thereto between HSBC and the following law firms for services to be performed in this action:

    A. Bronze & Tang, P.C.;

    B. Law Offices of Richard Pipes;

    C. Johnson Stokes & Master;

    D. Abdul Wahid Alulama;

    E. Balgos & Perez;

    F. Any other law firm that has performed and/or is performing services in this action.

4. All DOCUMENTS concerning, relating to, or comprising billings or invoices received from the following law firms for services performed in this action:

    A. Bronze & Tang, P.C.;

    B. Law Offices of Richard Pipes;

    C. Johnson Stokes & Master;

    D. Abdul Wahid Alulama;

    E. Balgos & Perez;

    F. Any other law firm that has performed and/or is performing services in this action.

5. All DOCUMENTS concerning, relating to, or comprising checks, copies of checks, wire transfers, billing receipts and the like evidencing payment for services performed in this action by the following law firms:

    A. Bronze & Tang, P.C.;

    B. Law Offices of Richard Pipes;

    C. Johnson Stokes & Master;

    D. Abdul Wahid Alulama;

    E. Balgos & Perez;

    F. Any other law firm that has performed and/or is performing services in this action.

6. All DOCUMENTS that support, address, refer to, or relate to HSBC's counterclaim for attorneys fees and costs in this action.

**Ps:** Information concerning the identity of the client, amount of the identification of payment by case file, and general purpose of work performed by each of the lawyers is not protected from disclosure by the attorney-client privilege. Clarke v. American Commerce National Bank, 974 f.2d 127, 129 (9th Cir. 1992); In re Michaelson, 511 F.2d 882, 888 (9th Cir.), cert. denied, 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975).

**D:** HSBC incorporates by reference all General Objections set forth in its objections and responses to the Fifth Set of Requests for Production of Documents. HSBC specifically objects to these Requests to the extent that they call for the production of materials protected by the attorney/client privilege or the attorney work-product doctrine because they reveal and show communications from the client, legal advice tendered to client, and mental

-3-

impressions of the attorneys in this litigation and consulted for this litigation. Furthermore, while the entitlement to attorney's fees may be determined by the fact-finder or the court during a trial, the determination and calculation of the amount is an equitable issue for the court to determine upon motion after the entitlement to attorney's fees has been determined. The discovery of these documents is, therefore, premature, and will, at this time, reveal litigation strategy in violation of the work-product doctrine and the attorney-client privilege. Further, such Requests are not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the documents requested reveal the motive of HSBC in seeking representation, litigation strategy, and/or the specific nature of the services provided, such as researching particular areas of the law, and they fall within the attorney-client privilege. *See, e.g., Clarke v. American Commerce Nat. Bank, 974 F. 2d 127, 129 (9th Cir. 1992).*

**Request Nos. 7-26:**

7. All DOCUMENTS comprising or containing financial statements for HSBC from 1999 to 2004, including but not limited to audited or unaudited financial statements, and annual or quarterly financial statements.

8. All DOCUMENTS comprising or containing HSBC's corporate, income and all other tax returns filed with any taxing authority from 1999 to 2004.

9. All DOCUMENTS comprising or containing balance sheets for HSBC from 1999 to 2004.

10. All DOCUMENTS comprising or containing profit and loss statements for HSBC from 1999 to 2004.

11. All DOCUMENTS comprising or containing HSBC's earnings, including but not

-4-

limited to retained or net earnings, from 1999 to 2004.

12. All DOCUMENTS comprising or containing independent accountant's or independent auditor's reports for HSBC from 1999 to 2004.

13. All DOCUMENTS comprising, referring to, or containing HSBC's net worth from 1999 to 2004.

14. All DOCUMENTS comprising or containing HSBC's gross income (i.e., total amount of income from all sources) from 1999 to 2004.

15. All DOCUMENTS comprising or containing HSBC's net income (i.e., the excess of total revenues over expenses and taxes) from 1999 to 2004.

16. All DOCUMENTS comprising or containing HSBC's net worth submitted to any regulatory authority in Guam from 1999 to 2004.

17. All DOCUMENTS comprising or containing HSBC's net worth submitted to any regulatory authority in any jurisdiction other than Guam from 1999 to 2004.

18. All DOCUMENTS comprising or containing HSBC's annual, semi-annual, quarterly or monthly reports to any regulatory authority in Guam from 1999 to 2004.

**D:** HSBC incorporates by reference all General Objections set forth in its objections and responses to the Fifth Set of Requests for Production. HSBC objects to these Requests on the grounds that they request the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of

-5-

Case 1:03-cv-00036  Document 369  Filed 10/15/2004  Page 5 of 9

admissible evidence. *See, e.g., Order Denying Plaintiffs Motion to Compel, Judge J. Unpingco, filed April 30, 2004, Ada v. Shell Guam, Inc., Case No. CV-00012; Order, Judge J. Coughenour, filed July 22, 2004, Ada v. Shell Guam, Inc., Case No. CV00-00012.* Furthermore, the production of me documents sought would be unduly burdensome and oppressive.

19. All DOCUMENTS comprising or containing HSBC's annual, semi-annual, quarterly or monthly reports to any regulatory authority in Guam from 1999 to 2004.

**D:** HSBC incorporates by reference all General Objections set forth in its objections and responses to the Fifth Set of Requests for Production. HSBC objects to this Request on the grounds that it requests the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the production of the documents sought would be unduly burdensome and oppressive.

20. All DOCUMENTS that address, refer to, or relate to the countries, territories and jurisdictions in which HSBC has branches or offices.

21. All DOCUMENTS that address, refer to, or relate to the number of HSBC's employees in all of HSBC's branches and offices.

22. All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on size.

23. All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total number of branches and offices.

24. All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total number of employees.

25. All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on total assets.

26. All DOCUMENTS that address, refer to, or relate to HSBC's rank in comparison to other banks in the world, based on types of and number of financial and banking services provided by HSBC.

**Ps:** HSBC's profits, financial condition, and financial statements are relevant to defendants' business strategies, incentives, and practices, all of which are relevant to plaintiffs' claim for breach of contract and breach of good faith and fair dealing. *See* Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004) (where financial condition relevant to claims of breach of contract and tortious breach of contract bifurcation denied). They are also relevant to HSBC's economic or financial reasons for closing the Guam office. F.R.C.P. 26.

Tax returns are do not enjoy an absolute privilege from discovery, and may be discoverable. Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975). Financial data regarding the net worth of a defendant, including total revenue and financial statements, are discoverable for purposes of punitive damages. Caruso v. Coleman Co., 157 F.R.D. 344, 349 (E.D.Pa.,1994); EEOC v. Klockner H&K Machines, Inc., 168 F.R.D. 233 (D. Wi., 1996); Master Palletizer Systems, Inc., 123 F.R.D. 351 (D. Colo., 1988);

RCS Enterprises, Inc., et al. v. Mariana Acquisition Corp., Civil Case No. 1442-99; Civil Case No. CV1548-99 (Decision and Order dated January 5, 2001); Sand v. Quichocho, Civil Case No. 0818-96, Decision and Order dated June 18, 1997.

D: HSBC incorporates by reference all General Objections set forth in its objections and responses to the Fifth Set of Requests for Production. HSBC objects to these Requests on the grounds that they request the disclosure of privileged documents and that the documents contain proprietary and confidential financial information not subject to disclosure. HSBC further objects on the grounds that the documents sought are not relevant and are beyond the scope of discovery permitted under Rule 26 in that the information sought is not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the production of the documents sought would be unduly burdensome and oppressive. Finally, not waiving such objections, HSBC has advised Plaintiffs that HSBC has no such documents.

DATED this 14th day of October, 2004.

| ARRIOLA, COWAN & ARRIOLA | LAW OFFICE OF RICHARD A. PIPES |
|---|---|
| _____ | _____ |
| ANITA P. ARRIOLA | RICHARD A. PIPES |
| Counsel for Plaintiffs Alan Sadhwani, et al. | Counsel for Defendant HSBC |

-8-

## CERTIFICATE OF SERVICE

I, ANITA P. ARRIOLA, hereby certify that on October 15th, 2004, I caused to be served via hand delivery, a **STIPULATION OF CONTENTIONS AND AUTHORITIES (L.R. 37.1)** to:

> Richard A. Pipes, Esq.
> Law Offices of Richard A. Pipes
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913
>
> Jacques G. Bronze, Esq.
> Bronze & Tang, P.C.
> 2nd Floor, BankPacific Building
> 825 S. Marine Drive
> Tamuning, Guam 96913

Dated this 15th day of October, 2004.

_____
ANITA P. ARRIOLA