FILED
DISTRICT COURT OF GUAM
OCT 15 2004
MARY L. M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>HONGKONG AND SHANGAI BANKING CORPORATION, LTD., a Foreign corporation, JOHN DOE I through JOHN DOE X,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>MEMORANDUM AND ORDER |

Plaintiffs have filed an ex parte motion (Docket No. 299) for an extension of time to disclose their expert witness to the Defendant. Defendant HSBC has responded and has objected to the said extension (Docket No. 329).

Plaintiffs assert that under Federal Rules of Civil Procedure 26(a)(2)(c), expert witness disclosure shall be made at least ninety (90) days prior to trial. Trial is set in this matter for January 25, 2005. The expert witness disclosure would therefore be October 27, 2004. Discovery deadline however, is November 17, 2004. Plaintiffs further assert that they will continue taking depositions between October 27 through the November 17, 2004 discovery deadline. It is therefore "axiomatic that the expert witnesses should have access to all of the depositions and documents produced in this case prior to providing their expert witness reports". Plaintiffs further contend that an extension will benefit both Plaintiffs and Defendant and furthermore that Defendant will not suffer any prejudice as

a result of an extension. Plaintiff thus request an extension from October 27, 2004 to November 30, 2004 to serve and disclose their expert witnesses.

Defendant objects to the extension, claiming that Plaintiffs' deadline for seeking an extension has already passed. On July 19, 2004, Defendant served upon Plaintiffs a "Disclosure of Expert Testimony and report of Thomas Tarter". Plaintiffs did not provide the disclosure of any expert testimony and report within thirty (30) days thereafter as required by Rule 26(a)(2). Thus Plaintiffs are foreclosed from any expert testimony to rebut the testimony of their expert witness. Defendant also argues that granting the motion would be unfair and prejudicial to it.

Plaintiffs point out in their reply that on July 30, the parties stipulated in court to move the trial date to January 25, 2005. According to Plaintiffs, based upon this change in trial date, they then were required to disclose their expert witnesses no later than ninety days before trial or October 27, 2004. Plaintiffs cite to *Dixon v. Certainteed Corp.*, 168 F.R.D. 51 (D. Kan. 1996), which held that the provision of Rule 26(a)(2) which required the disclosure of rebuttal expert witnesses within thirty days of the opposing party's designation was subordinate to the requirement that designation be at least ninety days prior to trial.

Plaintiffs also argue that the prejudice which Defendant alludes to is of its own making. Plaintiffs contend that Defendant HSBC has "refused to produce documents and witnesses for their deposition that are necessary for Plaintiffs' expert witness to give an adequate and complete expert witness report". Plaintiffs also point out that they have been attempting to take the deposition of Christopher Page, Chief Credit Officer, and Magnus Montan, Associate Director since March 1, 2004. These attempts have met various forms resistance from HSBC. Plaintiffs had to obtain two Letter of Request to take a deposition in Hongkong of the aforementioned individuals. The depositions which were supposed to take place in latter July did not proceed as scheduled because HSBC filed motions to vacate or set aside the deposition orders in the Hongkong court. The Hongkong hearing on the said motions is set for November 2, fifteen days before the discovery deadline. Plaintiff alternatively sought to take the deposition of the same individuals in Guam on

Case 1:03-cv-00036   Document 370   Filed 10/15/2004   Page 2 of 4

October 12 and 14. HSBC moved for a protective order - to prevent the taking of the said depositions in Guam. This Court denied the protective order. The said individuals did not appear at the appointed times in Guam for the taking of their deposition.

An extension of the expert witness disclosure deadline rests within the sound discretion of the Court. The Plaintiffs are currently faced with an October 27 deadline to disclose their expert witness and report. A request to extend the disclosure deadline until such time as the expert shall have reviewed all depositions and discovery hereto had by the Plaintiffs, especially the depositions of HSBC's employees, Page and Montan, critical witnesses from Plaintiff's view point, is a sound and reasonable request. Page and Montan have yet to be deposed. They have not been produced at the depositions scheduled in October in Guam and there remains the question whether they eventually will be deposed by Plaintiffs. Furthermore, assuming their depositions move forward, the depositions may very well be close to the discovery deadline, which makes granting of Plaintiff's ex parte motion more sound and reasonable. Had the depositions of these individuals been taken as originally scheduled in mid July, the Court may have found Plaintiffs' motion to extend wanting. That is not the case, however.

The Court thus finds that Plaintiff's request to extend the expert witness disclosure deadline is reasonable and merited. Furthermore, Plaintiffs are not precluded from seeking such an extension by their failure to file a response to the Defendant's disclosure of their expert testimony and report which Plaintiffs received on July 19, 2004. Plaintiffs have not missed the expert testimony disclosure deadline[1]. The primary reason for which Plaintiffs seek the extension has been the delays caused by HSBC in resisting discovery attempts made by the Plaintiffs. The attempts to depose HSBC's corporate officers, Page and Montan serve as a clear example. The delays underscore the need for the experts to have access to all discovery documents and deposition transcripts prior to the

---

[1] The cases the Defendant cites to in opposition to the motion were instances in which a party had missed the disclosure deadline or had named an expert in a pleading in opposition to a summary judgment motion even though that expert was not one of those named in an earlier disclosure.

submission of their report.

In deciding upon a date within which to extend the disclosure deadline, the Court is cognizant that November 30, the requested extension date, is fifty-six (56) days before trial. It is also one day before the deadline for filing dispositive motions. The Court finds that extending the expert witness disclosure deadline to a date sixty days before trial would be more appropriate. Thus the Court will extend the said deadline to November 26, 2004. Furthermore, the Court finds that the Defendant will not suffer any prejudice if the Court extends the expert witness disclosure deadline to November 26, 2004. With the many resources available to Defendant, there is sufficient time after November 26 to take the deposition of Plaintiffs' expert(s) and to file rebuttal reports. If there be any prejudice, however, it is prejudice caused by HSBC in resisting discovery attempts made by the Plaintiffs.

**IT IS SO ORDERED**.

Dated: October 15, 2004

Joaquin V. E. Manibusan, Jr.
U.S. Magistrate Judge

Notice is hereby given that this document was entered on the docket on 10/15/04. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 10/15/04
Deputy Clerk    Date

Page 4 of 4