DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ALAN SADHWANI et al.,

    Plaintiffs,

vs.

HONGKONG AND SHANGHAI
BANKING CORPORATION, LTD., et al.,

    Defendants.

Civil Case No. 03-00036

ORDER

This case came before the Court on September 24, 2004, for a hearing on various pending motions, including a Motion for Order Compelling Discovery on Second Request for Production of Documents (the "Motion to Compel), filed by the defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC") on July 28, 2004. Appearing for the Plaintiffs was Anita P. Arriola, Esq. Attorneys Jacques Bronze and Richard Pipes appeared on behalf of HSBC. At the conclusion of the hearing, the Court indicated that it was inclined to grant the Motion to Compel and stated that it would issue a written decision shortly. For the reasons set forth herein, the Court hereby GRANTS the Motion to Compel.

**BACKGROUND**

On June 9, 2004, HSBC served upon Plaintiffs a Second Request for Production of Documents ("Second Request"). See Decl. R. Pipes (Docket No. 232) at ¶3 and Exhibit A thereto. On July 9, 2004, the Plaintiffs served its Responses and Objections (the "Response") to the Second Request. Id. at ¶6 and Exhibit D thereto. HSBC's belief that the Plaintiffs' Response

was "deficient" set in motion a series of correspondence between counsel that eventually culminated in the filing of the Motion to Compel.

On July 12, 2004, Attorney Pipes sent a letter to Attorney Arriola[1] requesting they meet the following day to discuss their dispute regarding the Second Request. Id. at ¶7 and Exhibit E thereto. Attorney Arriola received the letter via facsimile at approximately 12:10 p.m. See Decl. A. Arriola (Docket No. 259) at ¶4 and Exhibit 3 thereto.

Attorney Arriola faxed Attorney Pipes a letter later that day (approximately 4:35 p.m.) to inform him that she was unavailable to meet with him the following day but was available on July 16, 2004. Id. at ¶5, and Decl. R. Pipes at ¶7 and Exhibit F thereto. Attorney Pipes thereafter wrote back Attorney Arriola to advise her that HSBC could not wait until July 16 to meet and confer and suggested meeting on July 14, 2004 instead. Decl. R. Pipes at ¶7 and Exhibit G thereto. Attorney Arriola's office received the faxed letter at approximately 5:05 p.m. Decl. A. Arriola at ¶5 and Exhibit 5 thereto.

On July 13, 2004, at about 10:31 a.m., Attorney Arriola wrote to Attorney Bronze to inform him the plaintiffs would "provide the documents [in response to the Second Request] . . . on Friday, July 16, 2004. Id. at ¶7, and Decl. R. Pipes at ¶7 and Exhibit H thereto. Attorney Pipes wrote back to Attorney Arriola on the same date to confirm his understanding that her office would produce the documents responsive to the Second Request by July 16, 2004. Id. and Exhibit I thereto. Attorney Pipes further requested that if his understanding was incorrect, then Attorney Arriola should notify him right away so that he could proceed with filing a motion to compel. Id. Attorney Pipes did not receive a response to this letter from Attorney Arriola. Id.

On July 16, 2004, at approximately 4:35 p.m., the Plaintiffs served their First Amended and Supplemental Responses and Objection to HSBC's Second Set of Requests for Production of Documents (the "Supplemental Response"). Id. at ¶8 and Exhibit J thereto.

HSBC believed the Supplemental Response was still inadequate and non-responsive to

---

[1] Attorney Anita Arriola shall be referred to as "Attorney Arriola." References to her father within this Order shall be to "Attorney Joaquin Arriola."

its Second Request. Accordingly, on July 21, 2004,[2] at approximately 3:13 p.m., Attorney Pipes faxed a letter to the Plaintiffs' counsel advising that a conference on their dispute be held immediately the following day. Decl. J. Arriola at ¶3 and Exhibit 1 thereto. On July 22, 2004, at about 8:55 a.m., Attorney Joaquin Arriola responded to Attorney Pipes's letter via facsimile and stated that he would be willing to meet with Attorney Pipes on July 23, 2004 instead. Id. at ¶4 and Exhibit 2 thereto.

On Friday, July 23, 2004, Attorney Joaquin Arriola met with Attorneys Pipes and Bronze to discuss the discovery dispute. The entire "meet and confer" session lasted approximately 15 minutes. Id. at ¶5. The parties were unable to reach a resolution.

Later that day, at approximately 3:24 p.m., Attorney Pipes wrote to Attorney Joaquin Arriola to advise him that pursuant to Local Rule 37.1 of the Local Rules of Practice for the District Court of Guam, he was preparing a Stipulation setting forth the parties contentions regarding those items that were still in dispute. Id. at ¶6 and Exhibit 3 thereto. Attorney Pipes requested that the Plaintiffs provide their respective contentions and points and authorities by 4:00 p.m. on Monday, July 26, 2004, so that it could be included in the required stipulation. Id. Attorney Pipes further stated that if the Plaintiffs "fail[ed] to provide such contentions and points and authorities by such time, [HSBC would] file a declaration referring to the non-cooperation of plaintiffs' counsel." Id.

At approximately 4:52 p.m. on July 26, 2004, Attorney Joaquin Arriola sent a letter via facsimile to Attorneys Bronze and Pipes. Decl. R. Pipes re Non-Cooperation at ¶9 and Exhibit D thereto. The letter stated that the notice provided by Attorney Pipes on July 23, 2004 was "unreasonably short" and thus the Plaintiffs would provide their contentions and points and authorities "on or before Friday, July 31, 2004."[3] Id.

---

[2] Guam annually commemorates its liberation from the Japanese forces by American troops on July 21st. Though not a federal holiday, this Court joins the rest of the island in celebrating and observing Liberation Day as a holiday.

[3] July 31, 2004 falls on a Saturday, not a Friday. At the September 24 hearing, Attorney Pipes stated that he interpreted the letter to mean that the Plaintiffs would provide their contentions and points and authorities on Saturday (July 31) instead of Friday (July 30).

Thus, on July 28, 2004, HSBC filed the present Motion to Compel. On September 8, 2004, the Plaintiffs filed their memorandum in opposition to the Motion to Compel, along with supporting exhibits and declarations. On September 15, 2004, HSBC filed its reply brief and supporting declaration.

## ANALYSIS

At issue here are Request Nos. 13 through 20[4] of the Second Request which relate to the Plaintiffs' response to Interrogatory No. 10.[5]

---

[4] Request Nos. 13 through 20 sought:

13. All documents, records or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, on damages claimed.

14. All documents, records or papers in your possession, custody, or control pertaining or relating to the purchase of real properties identified in your response to Interrogatory No. 10 dated April 30, 2004, including, without limitation, documents relating to the purchase, conveyance, lease, financing, construction, and improvements made by you to such properties.

15. All documents, records or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that HSBC cancelled your Letter of Credit and Trust Receipt facilities.

16. All documents, records or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi, required Letters of Credit.

17. All documents, records or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that you were unable to secure alternate financing from any other banking institution because all of your assets were mortgaged to HSBC.

18. All documents, records or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, you were unable to purchase consumer items to replenish your inventory from vendors/suppliers/manufacturers including, but not limited to, Panasonic and Mitsubishi.

19. All documents, records or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that your inability to replenish inventory resulted in your loss of profits to the present date including, but not limited to, your profit and loss statements, financial statements, balance sheets, and income tax returns from 1994 to the present.

20. All documents, records or papers in your possession, custody, or control pertaining or relating to your response to Interrogatory No. 10 dated April 30, 2004, that you have lost profits including, but not limited to, calculations of the amounts of profits lost to the present date.

[5] Interrogatory No. 10 requested the Plaintiffs to

state in detail the amount of damages which [they] contend [they] are entitled to as a result of each Cause of Action in [their] Complaint for Damages dated October 21, 2003, the manner in which said damages were computed, and state the names, residence and mailing addresses, and work and home

- 4 -

The Plaintiffs assert that because Request Nos. 13 through 20 are vague, ambiguous, and overbroad, they could not and should not be required to respond to the requests. Specifically, the Plaintiffs take issue with the definition of the words "pertaining to" as used in Request Nos. 13 through 20. HSBC's Second Request defines "pertaining to" as "consisting of, relating to, or referring to, reflecting or having any logical or factual connections with, the subject matter dealt with or alluded to in a particular Request." Decl. R. Pipes and Exhibit A thereto at pp. 2-3. The Plaintiffs contend that because the "terms 'having any logical or factual connections' 'with the subject matter' 'dealt with or alluded to' are so overbroad[, the] Plaintiffs are unable to determine what documents are responsive to the requests." Opposition at pp. 4-5.

The Plaintiffs' objection is insincere. As HSBC notes in its reply brief, the very same words and definition were incorporated into HSBC's First Request for Production of Documents to which the Plaintiffs had no problem responding. HSBC's Reply Br. at 4. Thus, to claim that these words are now unintelligible and difficult to comprehend is disingenuous.

Because the Plaintiffs believe that the definition of "pertaining to" is so broad, they contend that out of an abundance of caution they identified all of the loan file documents as "pertaining to" HSBC's propounded requests. Opp'n Mem. at 8. These consist of approximately 6,000 pages of documents. While the Plaintiffs' concerns about overbreadth may be valid, the Plaintiffs are compounding the situation by providing responses which are equally overbroad and lack specificity. For instance, HSBC's Request No. 13 asks for documents relating to the damages claimed in the Plaintiffs' response to Interrogatory No. 10. The Plaintiffs refer HSBC to the documents Bates-stamped Nos. PMC00001 - PMC05931 which were produced by PMC. The Court is skeptical that every single page of the almost 6,000 pages referred to are truly responsive to Request No. 13. This applies to the Plaintiffs' responses and supplemental responses to Request Nos. 14 through 18 as well. While the 6,000 pages may have some marginal relevance to the requests, the Plaintiffs' responses do not comply with the "spirit"

---

telephone numbers of each person having knowledge of the facts supporting each claim for damages.

See Decl. R. Pipes (Docket No. 232) and Exhibit B thereto. The Plaintiffs' Responses and Objections to Interrogatory No. 10 is attached as Exhibit C to Attorney Pipes's Declaration (Docket No. 232).

of the discovery rules. Accordingly, the Plaintiffs are required to provide HSBC with supplemental responses to Request Nos. 13 through 18 which refer HSBC to specific documents;[6] it is insufficient to merely refer to the entire loan file which was transmitted to PMC. While the Court recognizes that preparing a more detailed response will be time-consuming, the Court will hold both parties to the same standard.

Furthermore, HSBC asserts that the Plaintiffs have not produced a single document which they refer to in their responses and supplemental responses. For example, the Plaintiffs refer HSBC to the approximately 6,000 pages "produced by PMC" or to "documents produced by First Hawaiian Bank." Decl. R. Pipes at ¶¶6 and 8, and Exhibits E and J thereto. Additionally, the Plaintiffs advise HSBC to see "documents and pleadings filed in the action *Alan Sadhwani, et al. v. Paradise Marine Corporation*, Civil Action No. CV0739-04." Decl. R. Pipes at ¶ 8 and Exhibit J (Response to Request No. 13) thereto. The Plaintiffs can not and should not expect HSBC to obtain copies of these documents from third parties, whether it be PMC, FHB, or the Superior Court of Guam. Unless the Plaintiffs themselves have previously provided HSBC with a copy of the documents, the Plaintiffs are required to produce and shall produce all documents responsive to HSBC's requests.

HSBC's Request Nos. 19 and 20 seek documents related to the Plaintiffs' claim for lost profits. HSBC specifically requests copies of the Plaintiffs' income tax returns from 1994 to the present based on its expert witness's need to analyze trends or patterns in the Plaintiffs' business practices. The Plaintiffs objected to this 10-year period and stated that the request was "burdensome." Decl. R. Pipes at ¶ 8 and Exhibit J (Response to Request No. 19) thereto. The Court disagrees and orders the Plaintiffs to produce the income tax returns from 1994 to the present, to the extent that they have not already been previously produced by the Plaintiffs.[7]

---

[6] Thus, if the Plaintiffs direct HSBC to an appraisal contained in the PMC loan file, the Plaintiffs must specify the year of the appraisal and the property covered by the appraisal. The same analysis applies to financial statements, balance sheets, cash flow reports, rent rolls, etc. The Plaintiffs must specify what month or year the financial document referred to was prepared. Similarly, it is insufficient to refer HSBC to "documents produced by plaintiffs in their First Amended and Supplemental Responses and Objections to HSBC's First Request for Productions." Decl. R. Pipes at ¶8 and Exhibit J (Response to Request No. 13) thereto. The Plaintiffs must specify, by name, to which document they refer.

[7] At the hearing, Attorney Pipes acknowledged that he likely has the 1998 through 2000 tax returns.

1   Additionally, as soon as the Plaintiffs' accountant has finalized and filed the Plaintiffs' 2003 tax
2   returns, the Plaintiffs shall provide a copy of such to HSBC.
3         Finally, there is the issue of sanctions. HSBC requests the Court to impose sanctions
4   upon the Plaintiffs because of their failure to produce the documents responsive to its requests
5   and based on the Plaintiffs alleged non-cooperation. In response, the Plaintiffs request that the
6   Motion to Compel be denied because HSBC did not act in good faith to resolve the discovery
7   dispute. The Plaintiffs accuse HSBC's counsel of placing unreasonable time frames and
8   demands upon them. HSBC, on the other hand, accuses the Plaintiffs' counsel of dragging their
9   feet in an attempt to delay discovery. HSBC claims that because of an impending discovery cut-
10  off deadline (which was then set at August 17, 2004), it had no choice but to insist on short time
11  frames for the meetings with and responses from the Plaintiffs' or their counsel.
12        The Court finds the Plaintiffs' actions sanctionable. The Plaintiffs should have produced
13  the documents in a timely manner as the discovery deadline was then quickly approaching. The
14  Plaintiffs essentially sent HSBC on a "scavenger hunt" when they failed to produce the
15  documents responsive to the requests or failed to provide specificity in their responses.
16  Accordingly, the Court will sanction the Plaintiffs in an amount equal to the sanctions which the
17  Court will impose upon HSBC in a separate Order covering the Plaintiffs' Motion to Compel
18  Answers to Deposition Questions; to Re-Depose Frederick Granillo; for Production of
19  Documents; and for Sanctions. It is the Court's hope that these sanctions encourage the parties
20  to engage in open, cooperative, meaningful and efficient discovery practices.

## CONCLUSION

22  For the reasons set forth above, the Court hereby GRANTS HSBC's Motion to Compel..
23  The Plaintiffs shall supplement their responses to Request Nos. 13 through 20 and, to the extent
24  they have not already done so, shall produce all documents responsive to said requests. The
25  supplemental responses and documents shall be produced no later than 7 days following the
26  ///
27  ///
28  ///

1  issuance of this Order. Finally, the sanctions imposed upon the Plaintiffs shall be offset by the

2  sanctions the Court will impose upon HSBC in a separate Order.

3  SO ORDERED this 15th day of October, 2004.

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge

Notice is hereby given that this document was entered on the docket on 10/15/04.
No separate notice of entry on the docket will be issued by this Court.

Mary L. M. Moran
Clerk, District Court of Guam

By: _____  10/15/04
Deputy Clerk        Date