JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

FILED
DISTRICT COURT OF GUAM
OCT 2 0 2004
MARY L. M. MORAN
CLERK OF COURT

(359)

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001

Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>      Plaintiffs,<br><br>  v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br>      Defendants. | CIVIL CASE NO. 03-00036<br><br>**ANSWER AND COUNTERCLAIM OF HSBC TO THIRD AMENDED COMPLAINT FOR DAMAGES** |

COMES NOW Defendant The Hongkong and Shanghai Banking Corporation Limited

("HSBC") to file its Answer and Counterclaim to the Third Amended Complaint for Damages

filed herein on August 16, 2004 ("Complaint") by Plaintiffs, pursuant to Rules 12(a) and 15(a)

of the Federal Rules of Civil Procedure, as follows:

  1.  Paragraph 1 of the Complaint is admitted.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 2 of 23 pages

2.  HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 2 of the Complaint related to Plaintiffs and, on that basis, denies each such allegation contained in such sentences. The remainder of paragraph 2 of the Complaint is denied, except it is admitted that HSBC is a foreign corporation licensed to do business in Guam.

3.  HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, on that basis, denies each allegation contained in such paragraph.

4.  HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 4 of the Complaint and, on that basis, denies each allegation contained therein. Each and every remaining allegation in paragraph 4 is denied, except it is admitted that HSBC has been in the business of providing limited banking services in Guam.

5.  HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, on that basis, denies each allegation contained in such paragraph.

6.  In response to paragraph 6 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 3 of 23 pages

7.     In response to paragraph 7 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

8.     In response to paragraph 8 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

9.     In response to paragraph 9 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

10.     In response to the first sentence in paragraph of the Complaint, each allegation is denied, except HSBC admits that one or more representatives may have met with Alan Sadhwani on or about such date. In response to second sentence in paragraph 10 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

11.     Each and every allegation contained in the first two sentences of paragraph 11 of the Complaint is denied, however, HSBC admits that its representatives met with one or

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 4 of 23 pages

more Plaintiffs in 2003. The third sentence of paragraph 11 of the Complaint is denied. In response to the fourth sentence in paragraph 11 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such sentence is denied.

12.     In response to paragraph 12 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

13.     In response to paragraph 13 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

14.     In response to paragraph 14 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

15.     In response to paragraph 15 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 5 of 23 pages

in such paragraph is denied.

16.     Each and every allegation contained in the first two sentences of paragraph 16 of
the Complaint is denied. In response to the third sentence in paragraph 16 of the Complaint,
the writing referred to in such paragraph is a written document which speaks for itself and no
response on the part of HSBC is necessary. To the extent that any response is necessary, each
and every allegation contained in such sentence is denied.

17.     In response to paragraph 17 of the Complaint, the writing referred to in such
paragraph is a written document which speaks for itself and no response on the part of HSBC
is necessary. To the extent that any response is necessary, each and every allegation contained
in such paragraph is denied.

18.     In response to paragraph 18 of the Complaint, the writing referred to in such
paragraph is a written document which speaks for itself and no response on the part of HSBC
is necessary. To the extent that any response is necessary, each and every allegation contained
in such paragraph is denied.

19.     Each and every allegation in paragraph 19 of the Complaint is denied, except
it is admitted that in 2003 HSBC negotiated with and attempted to sell the subject note and loan
and other loans to several prospective buyers.

20.     In response to the first sentence in paragraph 20 of the Complaint, the writing
referred to in such sentence is a written document which speaks for itself and no response on
the part of HSBC is necessary. To the extent that any response is necessary, each and every

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 6 of 23 pages

allegation contained in such sentence is denied. With regard to the second sentence of

paragraph 20, HSBC is without sufficient information or knowledge to form a belief as to the

truth of the allegations contained in such sentence and, on that basis, denies each allegation

contained in such sentence.

21.     HSBC admits the allegations contained in paragraph 21 of the Complaint.

22.     In response to the first sentence in paragraph 22 of the Complaint, the writing

referred to in such sentence is a written document which speaks for itself and no response on

the part of HSBC is necessary. To the extent that any response is necessary, each and every

allegation contained in such sentence is denied. Each and every remaining allegation contained

in paragraph 22 of the Complaint is denied.

23.     With regard to paragraph 23 of the Complaint, HSBC is without sufficient

information or knowledge to form a belief as to the truth of the allegations contained in such

paragraph and, on that basis, denies each allegation contained in such paragraph, except it is

denied that a "workout agreement" existed.

24.     Each and every allegation contained in the first sentence of paragraph 24 of the

Complaint is denied and HSBC specifically denies that the referenced letter from First Hawaiian

Bank contained a commitment to Plaintiffs for a loan or financing. With regard to the second

sentence of paragraph 19 of the Complaint, HSBC admits that sometime in early August, 2003,

one of the Plaintiffs provided HSBC with a copy of the referenced letter from First Hawaiian

Bank.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 7 of 23 pages

25.     In response to paragraph 25 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

26.     HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, on that basis, denies each allegation contained in such paragraph, except it is admitted that HSBC refused to provide Plaintiffs with a copy of the referenced note purchase agreement, refused to divulge the purchase price, and that the purchase price is as specified in the subject loan purchase agreement.

27.     Each and every allegation contained in paragraph 27 of the Complaint is denied.

28.     HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the first five sentences of paragraph 28 of the Complaint and, on that basis, denies each allegation contained in such sentences. Each and every remaining allegation contained in paragraph 28 of the Complaint is denied, except it is admitted that HSBC sold the subject note to PMC in accordance with the terms and conditions in a note purchase agreement.

## ANSWER TO FIRST CAUSE OF ACTION

29.     In response to paragraph 29 of the Complaint, HSBC incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 28 of the Complaint.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 8 of 23 pages

30.     Each and every allegation contained in paragraph 30 of the Complaint is denied, except it is admitted that each party to a contract has an implied duty to act in good faith.

31.     In response to paragraph 31 of the Complaint, the writing referred to in such paragraph is a written document which speaks for itself and no response on the part of HSBC is necessary. To the extent that any response is necessary, each and every allegation contained in such paragraph is denied.

32.     Each and every allegation contained in paragraph 32 of the Complaint is denied, except HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in the last sentence of paragraph 32 of the Complaint and, on that basis, denies each allegation contained in such sentence.

33.     Each and every allegation contained in paragraph 33 of the Complaint is denied.

34.     Each and every allegation contained in paragraph 34 of the Complaint, and each of its subparts, is denied.

35.     Each and every allegation contained in paragraph 35 of the Complaint is denied.

### ANSWER TO SECOND CAUSE OF ACTION

36.     In response to paragraph 36 of the Complaint, HSBC incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 35 of the Complaint.

37.     Each and every allegation contained in paragraphs 37, 38, 39, 40, 41 and 42 of the Complaint is denied.

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 9 of 23 pages

## ANSWER TO THIRD CAUSE OF ACTION

38.     With regard to paragraphs 43, 44, 45 and 46 of the Complaint, the Court's Order
of October 4, 2004, dismissed the Third Cause of Action and these paragraphs and no response
on the part of HSBC is necessary.

## ANSWER TO FOURTH CAUSE OF ACTION

39.     In response to paragraph 47 of the Complaint, HSBC incorporates by reference
as if fully set forth herein its answers to paragraphs 1 through 46 of the Complaint.

40.     In response to paragraph 48 of the Complaint, the writing referred to in such
paragraph is a written document which speaks for itself and no response on the part of HSBC
is necessary. To the extent that any response is necessary, each and every allegation contained
in such paragraph is denied.

41.     Each and every allegation contained in paragraph 49 of the Complaint is denied.

42.     In response to the first sentence of paragraph 50 of the Complaint, the writing
referred to in such sentence is a written document which speaks for itself and no response on
the part of HSBC is necessary. To the extent that any response is necessary, each and every
allegation contained in such sentence is denied. Each and every remaining allegation contained
in paragraph 50 of the Complaint is denied.

43.     Each and every allegation contained in paragraphs 51 and 52 of the Complaint
is denied.

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 10 of 23 pages

## ANSWER TO FIFTH CAUSE OF ACTION

44.     In response to paragraph 53 of the Complaint, HSBC incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 52 of the Complaint.

45.     Each and every allegation contained in paragraphs 54, 55, and 56 of the Complaint is denied.

## ANSWER TO SIXTH CAUSE OF ACTION

46.     In response to paragraph 57 of the Complaint, HSBC incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 56 of the Complaint.

47.     Each and every allegation contained in paragraph 58 of the Complaint is denied.

48.     Each and every allegation contained in paragraph 59 of the Complaint, and each of its subparts, is denied.

49.     Each and every allegation contained in paragraph 60 of the Complaint is denied.

## ANSWER TO SEVENTH CAUSE OF ACTION

50.     In response to paragraph 61 of the Complaint, HSBC incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 60 of the Complaint.

51.     Each and every allegation contained in paragraph 62 of the Complaint is denied, except it is admitted that Plaintiffs were borrowers with HSBC and that HSBC received financial information from the Plaintiffs.

52.     In response to paragraph 63 of the Complaint, HSBC admits that Paradise Marine Corporation purchased the subject note(s) and indebtedness of Plaintiffs, however, with regard

Sadhwani, et al.  v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 11 of 23 pages

to the remaining allegations contained in paragraph 63, HSBC is without sufficient information or knowledge to form a belief as to the truth of such allegations and, on that basis, denies each remaining allegation contained in such paragraph.

53.    HSBC is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and, on that basis, denies each allegation contained in such paragraph.

54.    Each and every allegation contained in paragraph 65 of the Complaint is denied.

55.    Each and every allegation contained in paragraph 66 of the Complaint is denied, except it is admitted that in the course of attempting to sell the subject note and others HSBC provided limited loan information to prospective buyers after they signed an agreement which required, among other things, that such parties keep all such information confidential and not disclose it to other parties.

56.    Each and every allegation contained in paragraph 67 of the Complaint is denied.

### ANSWER TO EIGHTH CAUSE OF ACTION

57.    In response to paragraph 68 of the Complaint, HSBC incorporates by reference as if fully set forth herein its answers to paragraphs 1 through 67 of the Complaint.

58.    Each and every allegation contained in paragraph 69 of the Complaint is denied

59.     Each and every allegation contained in the Complaint not specifically admitted herein is denied.

//

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 12 of 23 pages

## AFFIRMATIVE DEFENSES

60.     By alleging the matters set forth below under this heading "Affirmative

Defenses," HSBC does not thereby allege, admit, concede, or imply that HSBC has the burden

of proof with respect to all or any part of any such matters.

## FIRST AFFIRMATIVE DEFENSE

61.     The Complaint, and each purported cause of action therein, fails to state a cause

of action against HSBC upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

62.     Plaintiffs breached the subject agreements and are, therefore, barred from the

relief requested in the Complaint including, but not limited to, attorneys fees.

## THIRD AFFIRMATIVE DEFENSE

63.     HSBC has fully performed any and all duties and obligations required to be

performed by it and has satisfied any and all conditions required to be satisfied by it pursuant

to the terms of any and all agreements with Plaintiffs, except such duties, obligations, and

conditions the performance or satisfaction of which was waived or excused by Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

64.     Plaintiffs are estopped by their conduct from claiming that HSBC is in any way

at fault as alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

65.     If there has been any event entitling Plaintiffs to relief against HSBC as pleaded

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 13 of 23 pages

in the Complaint, which HSBC denies, Plaintiffs have, by reason of their conduct and/or by

reason of the provisions of the alleged agreements between the parties, waived any claims

against HSBC that they might otherwise have.

## SIXTH AFFIRMATIVE DEFENSE

66.     Plaintiffs are barred from obtaining any relief as pleaded in the Complaint by the

doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

67.     Plaintiffs could not perform their obligations under the various loan agreements

with HSBC and, therefore, were the cause of any damages they suffered.

## EIGHTH AFFIRMATIVE DEFENSE

68.     Plaintiffs are barred from obtaining any relief as pleaded in the Complaint

because of Plaintiffs' failure to take reasonable, necessary, appropriate, and feasible steps to

mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

69.     Plaintiffs are barred from obtaining any relief as pleaded in the Complaint

because of the nonperformance by Plaintiffs of a condition or conditions precedent.

## TENTH AFFIRMATIVE DEFENSE

70.     HSBC did not breach any of the terms and conditions of the alleged agreements

as pleaded in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 14 of 23 pages

71.     No valid and enforceable "workout agreement" existed between Plaintiffs and

HSBC, as pleaded in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

72.     Plaintiffs are not entitled to any damages under the causes of action pled in the

Complaint and, therefore, the Complaint must be dismissed in its entirety.

## THIRTEENTH AFFIRMATIVE DEFENSE

73.     Plaintiffs are barred from obtaining any relief as pleaded in the Complaint

because of the doctrine of preemption under applicable Federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

74.     Any recovery by Plaintiffs by way of the Complaint does not satisfy the standard

for recovery by Plaintiffs of attorneys fees and costs and the same must be denied.

## FIFTEENTH AFFIRMATIVE DEFENSE

75.     Any alleged conduct of HSBC does not satisfy the standard for recovery by

Plaintiffs of punitive or exemplary damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

76.     All or part of any award of punitive or exemplary damages against HSBC would

violate HSBC's rights under the Fourteenth Amendment to the United States Constitution and

Section 5(u) of the Guam Organic Act, codified as amended at 48 U.S.C. § 1421b(u).

## SEVENTEENTH AFFIRMATIVE DEFENSE

77.     If any injury or damage occurred as alleged in the Complaint, which HSBC

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 15 of 23 pages

denies, such injury or damage was caused or contributed to, in whole or in part, by the actions,

omissions, or fault of Plaintiffs or parties other than HSBC.

## EIGHTEENTH AFFIRMATIVE DEFENSE

78. Plaintiffs have failed to state a claim for special damages, pursuant to Rule 9(g)

of the Federal Rules of Civil Procedure, upon which relief can be granted.

## NINETEENTH AFFIRMATIVE DEFENSE

79. Plaintiffs are barred from obtaining any relief on their causes of action in the

Complaint for breach of contract because Plaintiffs have defaulted on their contractual

obligations to HSBC.

## TWENTIETH AFFIRMATIVE DEFENSE

80. HSBC owed no fiduciary duty to Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

81. In its sale of Plaintiffs' note and indebtedness to Paradise Marine Corporation,

HSBC did not breach or violate any banking or "confidentiality" laws or any implied duty of

confidentiality allegedly owed by HSBC to Plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

82. The note and indebtedness of Plaintiffs consisted of negotiable instruments

which may be freely sold or traded.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

83. Plaintiffs are barred from obtaining any relief on their causes of action in the

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 16 of 23 pages

Complaint because Plaintiffs have breached and violated their implied duty of good faith and

fair dealing in the performance of the alleged agreements.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

84.     Plaintiffs' claims as alleged in the Complaint are barred, in whole or in part, by

the doctrine of equitable estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

85.     The damages allegedly suffered by Plaintiffs, if any, were not caused by any action

or inaction on the part of HSBC.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

86.     HSBC's actions with respect to Plaintiffs were at all times taken in the good faith

exercise of HSBC's reasonable business judgment, were motivated by HSBC's asssessment of

its own reasonable business interest, and were taken for valid business reasons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

87.     On or before the dates the causes of action arose, as alleged in the Complaint,

Plaintiffs were in default of the alleged agreements, were insolvent, or were failing to pay their

debts as they became due.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

88.     Plaintiffs' alleged damages, if any, are the result, in whole or in part, of Plaintiffs'

own negligence in the manner in which they conducted their business affairs with others who

are not parties to this action.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 17 of 23 pages

## TWENTY-NINTH AFFIRMATIVE DEFENSE

89.      In the event HSBC is held liable to Plaintiffs for damages, which HSBC specifically denies, those such damages should be reduced by the amount attributable to Plaintiffs' comparative or relative fault.

## THIRTIETH AFFIRMATIVE DEFENSE

90.      To the extent that HSBC is found to have breached any of its contractual obligations to the Plaintiffs, such breach is excused and/or justified by the Plaintiffs' prior material breaches of their contractual obligations to HSBC.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

91.      Plaintiffs have sustained no legally cognizable damage by virtue of any matter alleged in the Complaint, and no damage alleged by Plaintiffs was proximately caused by any conduct of HSBC.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

92.      Plaintiffs have failed to state a claim for tortious breach of the covenant of good faith and fair dealing since no special relationship arose between the parties.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

93.      HSBC made no material factual misrepresentation to Plaintiffs which Plaintiffs justifiably relied upon.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

94.      Plaintiffs have waived any right to a jury trial they may have had and their demand

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 18 of 23 pages

for a jury trial must be stricken.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

95.    HSBC is not liable to Plaintiffs for any alleged breach of fiduciary duty because

HSBC's acts as alleged in the Complaint did not exercise undue influence and/or control over

Plaintiffs nor did Plaintiffs justifiably place any special trust or confidence in HSBC by reason

of the relationship between the parties.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

96.    HSBC is not liable to Plaintiffs for any alleged breach of fiduciary duty because

Plaintiffs had no right to rely upon HSBC to protect their interests.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

97.    Plaintiffs have failed to state a claim for breach of fiduciary duty based on the fact

that HSBC neither accepted nor recognized such fiduciary duty.

## COUNTERCLAIM

98.    This is an action over which the District Court of Guam has original jurisdiction

and, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over this

counterclaim.

99.    This District is the proper venue for this counterclaim pursuant to 28 U.S.C. §

1391.

100.    On information and belief, Plaintiffs Alan Sadhwani and Laju Sadhwani were,

at all times mentioned herein, residents of Guam. On information and belief, Plaintiff K.

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 19 of 23 pages

Sadhwani's Inc., at all times mentioned herein, was a Guam corporation with its principal place

of business in Guam.

101.    At all times mentioned herein, HSBC was and is a foreign corporation duly

authorized to transact business in Guam.

102.    HSBC has previously extended loans and credit facilities to Plaintiffs in various

amounts which were documented in notes, guarantees, security agreements, mortgages, and loan

agreements, among others.  Under the terms of the loans extended to Plaintiffs, in the event of

any dispute or litigation arising out of or related to any such indebtedness, the prevailing party

in such litigation is entitled to its reasonable attorney's fees and costs.

## COUNT ONE - ATTORNEY'S FEES

103.    HSBC realleges and incorporates by reference the allegations contained in

paragraphs 98 through 102 above as if fully set forth herein.

104.    In defending against the Complaint herein, and in bringing this Counterclaim,

HSBC has incurred, and will continue to incur for the duration of this litigation, reasonable

attorney's fees and costs in an amount to be proven at trial.  HSBC is entitled to recover against

Plaintiffs all of its incurred attorney's fees and costs.

## COUNT TWO - DECLARATORY JUDGMENT

105.    HSBC realleges and incorporates by reference the allegations contained in

paragraphs 98 through 102 above as if fully set forth herein.

106.    This is an action for declaratory judgment for the purpose of determining an

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 20 of 23 pages

actual, justiciable controversy between the parties in which HSBC is entitled to have a declaration of its rights and further relief, as more fully appears below.

107.    Plaintiffs have alleged that a "workout agreement" existed between themselves and HSBC which arose by reason of their purported acceptance of certain proposals contained in a certain letter dated March 21, 2003, from HSBC. HSBC has denied the existence of any such "workout agreement".

108.    Plaintiffs were well aware of the form and substance of a "workout agreement" required by HSBC since they were parties to just such an agreement in May, 2001. Attached hereto as Exhibit "1" and incorporated by this reference is a copy of a Workout Agreement entered in between the parties dated May 31, 2001. Accordingly, Plaintiffs knew or reasonably should have known that there was no "workout agreement" between the parties in 2003.

109.    An actual controversy exists between HSBC and Plaintiffs as to the existence of a "workout agreement" and their respective rights and duties, if any, under the same. A judicial declaration is appropriate under the circumstances to determine the inconsistent claims of the parties.

## COUNT THREE - BREACH OF CONTRACT

110.    HSBC realleges and incorporates by reference the allegations contained in paragraphs 98 through 109 above as if fully set forth herein.

111.    On December 29, 1997 Plaintiff K. Sadhwani's Inc. and HSBC executed a "Renewal and Amendment of Credit Facilities" ("Facilities Letter"), a copy of which is attached

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 21 of 23 pages

to the Complaint as Exhibit "A". In accordance with the Facilities Letter, HSBC and Plaintiffs

executed a Business Loan Agreement ("BLA") on December 31, 1997, a copy of which is

attached to the Complaint as Exhibit "B".

112.    HSBC has fulfilled and complied with all its obligation and duties under the

Facilities Letter and the BLA.

113.    Plaintiffs breached the Facilities Letter and the BLA in numerous ways including,

but not limited to, failing to maintain the required net worth, failing to maintain the required net

worth ratio, failing to maintain the required gearing ratio, failing to maintain the required debt-

to-equity ratio, entering into financial commitments without HSBC's prior written consent,

failing to provide HSBC with timely audited financial statements, failing to provide HSBC with

timely interim financial statements, and failing to provide HSBC with timely detailed inventory

reports.

114.    As a proximate result of Plaintiffs' breach of contract, HSBC has suffered

damages in an amount to be proven at trial.

## COUNT FOUR - BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

115.    HSBC realleges and incorporates by reference the allegations contained in

paragraphs 98 through 114 above as if fully set forth herein.

116.    Plaintiffs, as borrowers and signatories to various loan agreements including, but

not limited to, the BLA, the Promissory Note dated December 31, 1997, the November 6, 2002,

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 22 of 23 pages

Amendment to Credit Facility/Lease, and the Promissory Note Modification Agreement dated

March 5, 2003, had a duty to deal fairly and in good faith with HSBC in meeting the contractual

obligations to which they had willingly agreed.

117.     Plaintiffs breached their duty of good faith and fair dealing in a multitude of ways

including, but not limited to, the following acts and omissions:

a.     Plaintiffs failed to maintain their properties which secured their loans so as to

sustain their value and failed to take all steps necessary to preserve their value;

b.     Plaintiffs undertook no serious efforts to obtain refinancing for their properties

or to find buyers for their properties, deliberately demanding exorbitant prices

in light of the commercial real estate market then existing; and

c.     Plaintiffs claimed that there was a "workout agreement" knowing that none

existed.

117.     Plaintiffs' failure and refusal to deal fairly and in good faith with HSBC in

connection with their loan obligations caused HSBC to sell the subject promissory Note at a

loss in excess of Four Million Dollars ($4,000,000.00) and sustain damages in such amount.

WHEREFORE, HSBC prays as follows:

1.     That the Complaint of Plaintiffs be dismissed with prejudice and that Plaintiffs

take nothing thereby;

2.     That, pursuant to Count One of the Counterclaim, HSBC recover from Plaintiffs

its reasonable attorneys fees and costs incurred by HSBC in defending against the Complaint

Sadhwani, et al. v. Hongkong and Shanghai Banking Corporation Ltd., et al.
Civil Case No. 03-00036
Answer and Counterclaim of HSBC to Third Amended Complaint for Damages
Page 23 of 23 pages

and in prosecuting its Counterclaim in this matter in an amount to be proven at trial;

3.    That, pursuant to Count Two of the Counterclaim, that this Court declare that

no "workout agreement" existed between HSBC and the Plaintiffs as alleged in the Complaint;

4.    That, pursuant to Count Three of the Counterclaim, HSBC recover from

Plaintiffs its damages in an amount to be proven at trial;

5.    That, pursuant to Count Four of the Counterclaim, HSBC recover from Plaintiffs

its damages in an amount in excess of $4,000,000.00;

6.    For contractual and statutory pre- and post-judgment interest which shall apply

on any and all unpaid amounts due to HSBC; and

7.    That HSBC recover such other and further relief as this Court deems just and

proper even though not requested herein.

Dated this ___19th___ day of October, 2004.

LAW OFFICES OF RICHARD A. PIPES
Attorneys for Defendant The Hongkong and Shanghai
Banking Corporation Ltd.

By: _____
RICHARD A. PIPES

RAP/nah

Law Offices Of
# Richard A. Pipes
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Phone-(671)646-2001, Fax-(671)647-7671
E-mail: *pipeslaw@guam.net*

**FILED**
DISTRICT COURT OF GUAM

OCT 2 0 2004

MARY L. M. MORAN
CLERK OF COURT

# FAX COVER SHEET

FAX NUMBER TRANSMITTED TO: (671)473-9152

| | |
|---|---|
| To: | Mary L. M. Moran, Clerk of Court |
| Of: | District Court of Guam |
| From: | Richard A. Pipes |
| Client/Matter: | *Sadhwani, et al. v. HSBC, Civil Case No. 03-00036* |
| Date: | October 19, 2004 |

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Answer and Counterclaim of HSBC to Third Amended Complaint | 24 |
| | |
| | |
| | |

COMMENTS: I understand that the Clerk's Office is closed this afternoon because of the approaching typhoon. The enclosed Answer is due to be filed today. We are faxing the Answer to you today and will present the original to the Court tomorrow for filing, if the Clerk's Office is open. Your assistance is most appreciated. Should you have any questions, please contact me.

Richard A. Pipes

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

\* COUNTING COVER SHEET. IF YOU DO NOT RECEIVE **ALL** PAGES, PLEASE TELEPHONE US IMMEDIATELY AT (671)646-2001.