JACQUES G. BRONZE
LAW OFFICES OF BRONZE & TANG, P.C.
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001
Facsimile No.: (671) 647-7671

RICHARD A. PIPES
LAW OFFICES OF RICHARD A. PIPES
BankPacific Building, Suite 201
825 South Marine Drive
Tamuning, Guam 96913
Telephone No.: (671) 646-2001



Attorneys for Defendant The Hongkong and Shanghai Banking Corporation Ltd.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| ALAN SADHWANI, LAJU SADHWANI, and K. SADHWANI'S INC., a Guam corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., et al.,<br><br>Defendants. | CIVIL CASE NO. 03-00036<br><br>**DECLARATION OF THOMAS A. TARTER SUPPORTING HSBC'S OPPOSITION TO EX PARTE MOTION FOR EXTENSION OF TIME TO SERVE EXPERT WITNESS DISCLOSURES** |

I, THOMAS A. TARTER, do hereby declare as follows:

1. I am over the age of eighteen (18) years and competent to make this Declaration. I have personal knowledge of the matters stated herein and would be competent to testify thereto at any proceedings.

**ORIGINAL**

2. I am the Managing Director of The Andela Consulting Group and I have been retained in this matter to provide litigation consulting, and if necessary, expert witness testimony at deposition and trial in this matter. I have had more than 35 years of experience in the financial institutions industry and my qualifications are outlined in my Report dated July 18, 2004, which I understand has been attached to a Declaration filed by Richard A. Pipes filed with this Court on October 8, 2004. As shown in my Report, I have been retained as a litigation consultant on numerous occasions. I have testified at deposition and trial as an expert witness in almost one hundred cases since 1995. I have also been retained in over 500 cases by clients that have included financial institutions, insurance companies, individuals, business entities and governmental agencies. My litigation consulting has been relatively balanced between plaintiff and defense.

3. I have been provided with and read a copy of the Plaintiffs' Reply Memorandum in Support of Ex Parte Motion for Extension of Time to Serve Expert Witness Disclosures (the "KSI Memo") that was apparently filed with this Court on October 12, 2004. On page 5 of the KSI Memo Plaintiffs' counsel argues that rebuttal or supplemental reports of experts may not even be required in this case and that, in any event, depositions of experts "are routinely taken just prior to and even during trial".

4. Based upon my experience as an expert witness in over five hundred cases of which almost 100 involved deposition or trial testimony, I believe such arguments to be without foundation. It is **NOT** routine or customary for expert depositions to be taken just before or during trial. In my experience, this has only happened in rare instances because of emergency circumstances which, to my knowledge, are not present in this case. Expert depositions are normally taken at least 45 - 60 days before trial to allow adequate preparation time for all parties as well as the preparation of supplemental or rebuttal reports by expert witnesses, which may themselves require additional discovery or depositions. Further, in my experience it is common practice for one party's expert to provide a rebuttal or supplemental report following the disclosure of the opposing party's expert and the deposition of such

witness. Additionally, with respect to Plaintiff lender liability litigation, it has been my experience that Plaintiff's counsel routinely engage experts prior to the filing of litigation and certainly early on in the process. It is my opinion that there has been ample discovery for any banking industry expert to render at least preliminary opinions for the Court's consideration. The absence of any such reports is very surprising to me, based upon the numerous documents that have been produced and depositions that have taken place.

5. It is my firm belief that granting the motion to extend the deadline for disclosure of experts and their reports, as requested by Plaintiffs, is abusive. Based upon my experience, if the Plaintiffs' had a banking industry expert, he/she should have been easily able to produce a report for the Court's consideration rather than waiting to the very eve of trial.

I declare under penalty of perjury under the laws of the United States and Guam that the foregoing is true and correct.

Dated this 12th day of October, 2004.

*Thomas A. Tarter*

THOMAS A. TARTER