FILED
DISTRICT COURT OF GUAM
OCT 25 2004
MARY L. M. MORAN
CLERK OF COURT

363

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

ALAN SADHWANI *et al.*,

Plaintiffs,

vs.

HONGKONG AND SHANGHAI BANKING CORPORATION, LTD., *et al.*,

Defendants.

Civil Case No. 03-00036

ORDER

This case came before the Court on September 24, 2004, for a hearing on various pending motions, including a Motion to Compel Answers to Deposition Questions; to Re-Depose Frederick Granillo; for Production of Documents; and for Sanctions (the "Motion"), filed by the Plaintiffs on September 10, 2004. Appearing for the Plaintiffs was Anita P. Arriola, Esq. Attorneys Jacques Bronze and Richard Pipes appeared on behalf of defendant Hongkong and Shanghai Banking Corp., Ltd. ("HSBC"). At the conclusion of the hearing, the Court indicated that it was inclined to partially grant the Motion and stated that it would issue a written decision shortly. For the reasons set forth herein, the Court hereby GRANTS IN PART and DENIES IN PART the Motion.

**BACKGROUND**

Following the Court's Order of June 9, 2004 (see Docket No. 157) requiring HSBC to

///

///

///

produce Frederick Granillo[1] and Chris Underwood[2] for depositions, the Plaintiffs took Mr. Granillo's deposition on June 15, 2004.[3] The deposition lasted approximately 6.5 hours. The Plaintiffs state that during the course of Mr. Granillo's deposition, in response to questions posed by Attorney Arriola he responded "I don't recall" and "I don't remember" a total of 337 times. Decl. A. Arriola at ¶3. At the end of the day, Attorney Arriola recessed the deposition and continued it to a later time. Id. at ¶5. Attorney Arriola stated that she would seek Court approval to re-depose Mr. Granillo because she believed that his answers were "evasive and non-responsive" and because she believed HSBC had not produced certain discovery documents in a timely manner which would have permitted her to question Mr. Granillo about them. Id. and Exhibit 36 thereto at p.212.

On August 31, 2004, the Plaintiffs filed a Memorandum of Points and Authorities in Support of Motion to Compel Answers to Deposition Questions; to Re-Depose Frederick Granillo; for Production of Documents; and for Sanctions, along with supporting declarations and exhibits. See Docket Nos. 253-56.

On September 10, 2004, HSBC filed its Memorandum of Points and Authorities in Opposition to the Plaintiffs' Motion, along with its supporting declarations and exhibits. See Docket Nos. 266-69.

On September 17, 2004, the Plaintiffs filed their reply brief, along with supporting documentation. See Docket Nos. 276-78.

**ANALYSIS**

The Plaintiffs move for an Order compelling further responses to certain questions posed to Mr. Granillo during his deposition. Plaintiffs believe that such relief is warranted because (1) Mr. Granillo's responses were intentionally evasive and non-responsive; (2) Attorney Bronze

---

[1] Mr. Granillo was the Assistant Vice President of Credit Control at HSBC.

[2] Mr. Underwood was the General Manager of HSBC's Guam branch.

[3] Mr. Granillo's deposition transcript is attached as sealed Exhibit 36 to the Declaration of Anita Arriola (Docket No. 255).

asserted attorney-client privilege objections to several questions posed to Mr. Granillo and instructed him not to answer, although the Plaintiffs contend that such privilege had been waived; and (3) HSBC failed to produce documents in response to the Plaintiffs' first and third set of requests for production of documents in a timely manner, thus preventing Attorney Arriola from questioning Mr. Granillo thoroughly about such documents. In addition to compelling further responses by Mr. Granillo, the Plaintiffs believe that Mr. Granillo's re-deposition is warranted. Moreover, the Plaintiffs seek further production of documents based on the waiver of attorney-client privilege, which the Plaintiffs believe constitutes a waiver of the privilege as to all other such communications on the same subject. Finally, the Plaintiffs seek sanctions against HSBC for the filing of this Motion. These requests are further discussed below.

1. Request to Compel Further Responses Based on Mr. Granillo's Evasiveness

Rule 30(d)(2) of the Federal Rules of Civil Procedure limits a deposition to one day of seven hours. The Court, however, must allow additional time "if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P. 30(d)(2). "The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Id., 2000 Advisory Committee Notes.

In this instance, the Plaintiffs contend that Mr. Granillo's evasive responses warrant re-deposition of him and an Order compelling him to provide further responses to certain questions. Specifically, the Plaintiffs believe that Mr. Granillo was intentionally being evasive about HSBC's confidentiality policies or practices. Reply Brief at 1. The Plaintiffs assert that "HSBC's confidentiality policies and procedures, and HSBC employees' knowledge of and understanding of these policies, are . . . relevant to [the P]laintiffs' claim of breach of duty not to divulge [the P]laintiffs' confidential bank information." Reply Brief at 2. The Plaintiffs contend that as the Assistant Vice President for Credit Control, Mr. Granillo is required to know HSBC's confidentiality policies and procedures. Id. The Plaintiff's believe that Mr. Granillo's "I don't

///

///

recall" or "I don't remember" responses to questions regarding such policies and procedures[4] are evasive and non-responsive,[5] and thus warrant further exploration on the matter.

HSBC, on the other hand, asserts that Mr. Granillo was not designated as HSBC's representative pursuant to Fed. R. Civ. P. 30(b)(6).[6] Thus, while the Plaintiffs believe that Mr. Granillo should have known about HSBC's confidentiality policies and procedures, he was not the proper person to be questioned about this. Because Mr. Granillo could not speak on the bank's behalf, questions regarding the policies and procedures of HSBC as an entity were better addressed to HSBC's Rule 30(b)(6) designee.

The Court agrees with HSBC. Mr. Granillo will not be compelled to answer questions regarding HSBC's policies and procedures governing the confidentiality of its customers' financial information, because he was not designated as the individual to testify on HSBC's behalf on such matters. However, the Plaintiffs could ask Mr. Granillo about *his* personal knowledge on this topic. In fact, when questions were posed which directly referred to Mr. Granillo's *personal* knowledge of HSBC policies and procedures, Mr. Granillo stated that he could not recall. Decl. A. Arriola and Exhibit 3 thereto. The Plaintiffs argue that Mr. Granillo should have been able to provide a response, yet, they fail to show that Mr. Granillo *truly* could not remember since his memory could have faded with the passage of time. The Court read the deposition transcript and did not get the impression that Mr. Granillo was being intentionally evasive. While the Plaintiffs asserted that the responses are relevant to their breach of duty claim, they have failed to establish why it is necessary to have Mr. Granillo respond to these

---

[4] The excerpts of Mr. Granillo's deposition relevant to this issue are found in Exhibit 3 to Attorney Arriola's Declaration.

[5] Pursuant to Fed. R. Civ. P. 37(a)(3), "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."

[6] This rule provides that when the deponent is a private corporation or other entity, "the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf a, and may set forth, for each person designated, the matters on which the person will testify." Fed. R. Civ. P. 30(b)(6).

specific questions. Was Mr. Granillo the individual who allegedly breached the confidentiality policy? The Court has not been presented with evidence of such. Thus, Mr. Granillo's answers alone (or non-answers as the Plaintiffs contend) do not warrant an Order compelling additional responses or re-deposition of Mr. Granillo.

2. Re-Deposition of Mr. Granillo Based on Waiver of Attorney-Client Privilege

The Plaintiffs' second argument is that re-deposition is warranted because the attorney-client privilege had been waived and it was incorrect for Mr. Bronze to instruct Mr. Granillo not to respond to questions posed to him regarding communications between himself, HSBC's attorney Tom Moody, and other bank representatives. The Plaintiffs contend that HSBC waived the privilege by (a) providing copies of allegedly privileged documents to a third party, Paradise Marine Corporation ("PMC"); (b) failing to take precautions to avoid disclosure of the subject documents;[7] (c) failing to identify the subject documents in any of the privilege logs; and (d) permitting Mr. Granillo to answer several questions regarding his conversations and dealings with HSBC's counsel Mr. Moody regarding the subject documents. Stip. re Pls.' Mot. Re-Depose Granillo (Docket No. 253) at 5-6.

The attorney-client privilege is strictly and narrowly construed because it restricts free and full discovery. Weil v. Investment/Indicators, Research & Management, 647 F.2d 18, 24 (9th Cir.1981). Whether there indeed has been a waiver of the attorney-client privilege, the Ninth Circuit has stated that

> [i]n determining whether the privilege should be deemed to be waived, the circumstances surrounding the disclosure are to be considered. Transamerica Computer v. International Business Machines, 573 F.2d 646, 652 (9th Cir. 1978); United States v. Zolin, 809 F.2d 1411, 1415 (9th Cir.1987), *aff'd in part and vacated in part,* 491 U.S. 554, 109 S. Ct. 2619 (1989). We have previously held that the attorney-client privilege may be waived by implication, even when the disclosure of the privileged material was "inadvertent" or involuntary. Weil v. Investment/Indicators, Research & Management, 647 F.2d 18, 24 (9th Cir.1981). When the disclosure is involuntary, we will find the privilege preserved if the privilege holder has made efforts "reasonably designed" to protect and preserve the privilege. See Transamerica Computer, 573 F.2d at 650. Conversely, we will deem the privilege to be waived if the privilege holder fails to pursue all

---

[7] The subject documents are Exhibits 21 through 24 to Mr. Granillo's deposition, which are attached as Exhibits 11 through 14, respectively, to Attorney Arriola's Declaration.

reasonable means of preserving the confidentiality of the privileged matter.

U.S. v. de la Jara, 973 F.2d 746, 749-750 (9th Cir. 1992).

At issue here are Exhibits 21-24 used during the deposition of Mr. Granillo. These documents were provided to the Plaintiffs during the course of discovery. Attorney Arriola states that these and other documents which reference attorney-client communications[8] were provided to her after she reviewed the three bankers' boxes of documents comprising the Plaintiffs' loan files, which HSBC turned over to PMC after PMC purchased the Sadhwani Loan. Decl. A. Arriola at ¶¶ 11-14.

HSBC refutes the allegation that the privilege was waived. HSBC asserts that the documents provided were not covered by the attorney-client privilege, and since no privileged communications were divulged in the exhibits, there could not have been a waiver of the privilege. Opp'n at 8-12. Specifically, HSBC argues that Exhibits 21 through 24 could not be privileged because it was everyone's understanding that the documents were to be sent to the Plaintiffs. Moreover, Exhibits 11 through 28 to Attorney Arriola's Declaration "consist[] of nonconfidential factual information between client and counsel in which one party or the other was providing copies of publicly recorded documents such as mortgages, notices of sale and preliminary title reports to each other." Opp'n at 10-11. HSBC argues that the Plaintiffs' attempt to explore attorney thought processes and to further seek other privileged documents by arguing that Exhibits 11 through 28 disclosed privileged communications should not be condoned. Opp'n at 11.

In response to this argument, the Plaintiffs contend that if indeed the exhibits were not privileged, then (1) Mr. Bronze's objections at the deposition were unjustified and Mr. Granillo should be compelled to answer the questions posed; (2) the Plaintiffs should be able to depose Mr. Moody about these documents; and (3) all other documents concerning these exhibits should be produced. Reply Brief at 4-5.

---

[8] These "other documents" which allegedly comprise or reference attorney-client communications are attached as Exhibits 15 through 27 to Attorney Arriola's Declaration.

The Court has reviewed Mr. Granillo's deposition transcript and the exhibits attached to Attorney Arriola's declaration. The Court concludes that none of these documents (*i.e.* Exhibits 11 through 28) are protected by the attorney-client privilege. Specifically, Exhibits 15 through 28 are not privileged because, as HSBC points out, these documents represent the sharing of non-confidential factual information between client and counsel in which one party or the other was providing copies of publicly recorded documents to the other. Non-privileged documents cannot be rendered privileged by merely conveying them to an attorney. The same analysis applies to Exhibits 11 through 14. While these exhibits may have been referred to "TM" (Tom Moody), they do not contain confidential communications between the attorney and the client. Although Exhibit 14 may have been authored by Attorney Moody at the request of HSBC, the document itself is not privileged since HSBC intended to send it to Mr. Sadhwani. The letter which Mr. Sadhwani eventually received was essentially Exhibit 14 with minor modifications written on HSBC stationery. See Exhibit J to Third Amended Complaint (Docket No. 243). Thus, the disclosure of these documents (Exhibits 11 through 28) to PMC or the Plaintiffs did not constitute a waiver of the attorney-client privilege since none of these documents were protected by the privilege in the first place.

Neither does the Court believe that HSBC waived the privilege by permitting Mr. Granillo to answer certain questions related to these documents. The Court finds that Attorney Bronze properly and timely objected to questions regarding the mental impressions or thought processes of its counsel and to questions relating to actual confidential communications between counsel and HSBC representatives. Accordingly, the Court denies the Plaintiffs' request to re-depose Mr. Granillo on the basis that Attorney Bronze incorrectly instructed him not to answer certain questions based on the attorney-client privilege.

3. Re-Deposition of Mr. Granillo Based on Untimely Production of Documents

The Plaintiffs assert that HSBC's late production of documents necessitates further deposition of Mr. Granillo. HSBC refutes this contention and asserts that it provided the documents as requested and was abiding by its continuing duty to provide the required documents. HSBC claims that "[d]ue to the large volume of documents to be reviewed and

copied, some of the Requests 9 through 12 were delivered on the day of the deposition of Mr. Granillo." HSBC argue that had the Plaintiffs delayed Mr. Granillo's deposition for a few days, counsel would not be in a position of having to ask the Court for additional time to depose Mr. Granillo.

According to the Advisory Committee Notes, "[i]f the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred." Fed. R. Civ. P. 30(d)(2), 2000 Advisory Committee Notes. The Plaintiffs assert that the untimely production of documents is "suspicious." Reply Brief at 2-3. Because these documents were only produced after the Plaintiffs successfully brought a Motion to Compel, the Court views HSBC's assertions with skepticism.[9] The Court believes that HSBC had more than ample time to produce these documents prior to Mr. Granillo's deposition. Thus, the Court will grant the Plaintiffs an additional 3 hours to depose Mr. Granillo, however the deposition will be limited to questions regarding the documents produced by HSBC on the morning of Mr. Granillo's previously scheduled deposition or thereafter.

4. Request for Production of Documents

The Plaintiffs believe that because the attorney-client privilege has been waived, HSBC should be compelled to produce all communications on the same topics as those addressed by Exhibits 21 through 24. Mem. Supp. at 17. However, as discussed above, the Court finds that there has been no waiver of the privilege. The Court can not permit HSBC's disclosure of non-privileged documents to evolve into a broad waiver. These limited disclosures do not warrant further discovery into communications that are truly covered by the attorney-client privilege. Thus, the Plaintiffs' request is denied.

///

---

[9] The Court notes that on May 27, 2004, it ordered HSBC to produce documents relating to any discounts, friendly foreclosures, or refinancing on loan balances extended by HSBC to its customers, other than the Plaintiffs. Order (Docket No. 143) at 9. These documents were required to be produced "on June 4, 2004 at 9:00 a.m., and continuing so long as is reasonably required." Id. at 10. The deposition of Mr. Granillo took place on June 15, 2004 – eleven days after the Court's June 4, 2004 deadline.

5. Request for Sanctions

And finally, the Plaintiffs request that HSBC be sanctioned.[10] The Court believes that the imposition of sanctions against HSBC is warranted in this instance. As stated above, when HSBC failed to produce the documents requested by the Plaintiffs, they filed a Motion to Compel, which the Court granted. Nevertheless, HSBC failed to abide by the spirit of the discovery rules and this Court's Order which required it to provide the Plaintiffs with the all the documents in a timely manner. HSBC's delay thus necessitates further deposition of Mr. Granillo. Accordingly, HSBC shall pay for the cost[11] associated with this second deposition.

## CONCLUSION

The Court grants in part and denies in part the Plaintiffs' Motion. Because HSBC did not produce certain documents to the Plaintiff in a timely manner, the Court will permit a limited re-deposition of Mr. Granillo. The deposition is limited to 3 hours in length and confined to an examination of the documents produced at the morning of Mr. Granillo's previously scheduled deposition or thereafter. The deposition shall occur no later than 10 days from the date of this Order, unless the parties agree otherwise. Furthermore, HSBC shall pay for the cost of this second deposition. This sanction, however, shall be offset against the sanction imposed by the Court on the Plaintiffs in a separate Order filed on October 15, 2004 regarding HSBC's Motion for Order Compelling Discovery on Second Request for Production of Documents . All other requests by the Plaintiffs are hereby denied.

SO ORDERED this 22nd day of October, 2004.

JOAQUIN V. E. MANIBUSAN, JR.
U.S. Magistrate Judge

---

[10] It appears that it has become standard practice in this case to request the imposition of sanctions against the opponent whenever either party brings a discovery motion.

[11] See LR 54.1(b)(5) of the Local Rules of Practice for the District Court of Guam. The Court specifically excludes the Plaintiffs' attorneys fees from inclusion in calculation of costs associated with the second deposition of Mr. Granillo.